**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**APPLICATION FOR AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF FTI CONSULTING, INC.
AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS EFFECTIVE AS OF JULY 2, 2025**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby moves the Court for entry of an order under section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") approving this application (the "Application") and authorizing the employment and retention of FTI Consulting, Inc. ("FTI"), as financial advisors for the Committee. In support of this Application, the Committee relies on the Declaration of Liz Hu (the "Hu Declaration"), filed contemporaneously herewith and attached hereto as **Exhibit B**, and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (N/A); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (N/A); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). Case 25-11120-JKS Doc 92 Filed 06/17/25 Page 9 of 11 The location of the Debtors' service address for purposes of these chapter 11 cases is: 9000 Cypress Waters Blvd, Coppell, Texas 75019.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. § 1408.

3. The predicates for the relief sought herein are Bankruptcy Code sections 328(a) and 1103(a), Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2015-1 of the 2016-1 for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Background**

A. **General Background**

4. On June 16, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for appointment of a trustee or examiner has been made in these chapter 11 cases.

5. On June 27, 2025, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") filed the Notice of Appointment of Committee of Unsecured Creditors [Docket No. 197]. The initial Committee members appointed were: (i) CSC Delaware Trust Company, in its capacity as successor Trustee, (ii) Realty Income Corporation, (iii) Brentwood Originals, Inc., (iv) Jordan Manufacturing Co., Inc., (v) Loloi Rugs, (vi) Natco Products Corp., and (vii) Oriental Weavers USA. On July 15, 2025, the U.S. Trustee filed an Amended Notice of Appointment of Committee of Unsecured Creditors [Docket No. 306], indicating that Jordan Manufacturing Co., Inc. resigned

from the Committee and replacing Oriental Weavers USA with CTM International Giftware Inc. On July 17, 2025, the U.S. Trustee filed an Amended Notice of Appointment of Committee of Unsecured Creditors [Docket No. 320] clarifying that Oriental Weavers USA sits on the Committee and not CTM International Giftware Inc. On July 18, 2025, the U.S. Trustee filed an Amended Notice of Appointment of Committee of Unsecured Creditors [Docket No. 335], indicating that Natco Products Corp. resigned from the Committee. The amended Committee members are: (i) CSC Delaware Trust Company, in its capacity as successor Trustee, (ii) Realty Income Corporation, (iii) Brentwood Originals, Inc., (iv) Loloi Rugs, and (v) Oriental Weavers USA.

6. On July 2, 2025, the Committee selected Pachulski Stang Ziehl & Jones as its counsel and FTI as its financial advisor.

**B. FTI's Qualifications**

7. FTI provides services in areas ranging from corporate finance and interim management to economic consulting, forensic and litigation consulting, strategic communications, and technology. FTI's clients include many of the world's largest public companies and majorities of the twenty-five largest banks and one-hundred largest law firms in the world. FTI's expertise includes liquidity and capital structure assessment, debt and equity restructuring advice, and identification of reorganization alternatives.

8. The Committee is familiar with FTI's professional standing and reputation. FTI has considerable experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for the results it has obtained for debtors and creditors in chapter 11 cases throughout the United States. The Committee requires FTI's services to enable it to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Finally, FTI is well qualified

and able to represent the Committee in a cost-effective, efficient, and timely manner.

### C. Services to be Rendered

9. FTI will provide such financial advisory services to the Committee and its legal advisor as they deem appropriate and feasible to advise the Committee in the course of these chapter 11 cases, including, but not limited to, the following:

- Assistance in the review and negotiation of any proposed settlements prescribing treatment for unsecured creditors under a plan of reorganization;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

- Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance in the preparation of analyses required to assess any proposed Debtor-In-Possession ("DIP") financing or use of cash collateral;

- Assistance with the assessment and monitoring of the Debtors' short term cash flow, liquidity, and operating results;

- Assistance with the review of the Debtors' proposed employee compensation and benefits programs;

- Assistance with the review of the Debtors' potential disposition or liquidation of both core and non-core assets;

- Assistance with the review of the Debtors' cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance with the review of the Debtors' identification of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

- Assistance with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

- Assistance in the review of the claims reconciliation and estimation process;

- Assistance in the review of other financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed

transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

- Assistance in the prosecution of Committee responses/objections to the Debtors' motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

### D. FTI's Eligibility for Employment

10. FTI has informed the Committee that, to the best of FTI's knowledge, information, and belief, other than as set forth in the Hu Declaration, FTI: (a) has no connection with the Debtors, their creditors, their equity security holders, or other parties in interest or their respective attorneys or accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any United States district judge or bankruptcy judge in this district in any matter related to the Debtors or their estates; (b) does not hold any interest adverse to the Debtors' estates; and (c) believes that it is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14). FTI has not provided, and will not provide, any professional services to the Debtors, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these chapter 11 cases. If any new material facts or relationships are discovered or arise, FTI will inform the Court as required by Bankruptcy Rule 2014(a).

11. FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

**E. Terms of Retention**

12. FTI is not owed any amounts with respect to pre-petition fees and expenses.

13. The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and guidelines established by the United States Trustee.

14. FTI seeks to be compensated on an hourly-fee basis, plus reimbursement of actual and necessary expenses incurred by FTI. Actual and necessary expenses would include any reasonable legal fees incurred by FTI related to FTI's retention or preparation of fee applications in these cases, subject to Court approval. FTI understands that interim and final fee awards are subject to approval by this Court.

15. The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to this case are as follows:

| United States | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $1,225 - 1,525 |
| Directors / Senior Directors / Managing Directors | 910 - 1,155 |
| Consultants/Senior Consultants | 515 - 820 |
| Administrative / Paraprofessionals | 190 - 385 |

16. FTI will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these chapter 11 cases. In the event FTI seeks reimbursement for attorneys' fees during the term of the Debtors' chapter 11 cases, FTI will include the applicable invoices and supporting time records from such attorneys (in summary form and redacted for privilege and work product). Such attorneys do not need to have been retained under Bankruptcy Code section 327.

17. FTI believes that the foregoing fee structure and terms are reasonable and comparable to those generally charged by financial advisors and consultants of similar stature to

FTI for comparable engagements, both in and out of chapter 11.

**F. Indemnification**

18. In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 cases:

   a. subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court; and

   b. the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

   c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. *See In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000).

**Relief Requested**

19. By this Application, the Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to employ and retain FTI as its financial advisor pursuant to Bankruptcy Code section 1103.

**Basis for Relief Requested**

20. The Committee seeks approval of the Application pursuant to Bankruptcy Code section 1103. Bankruptcy Code section 1103(a) provides, in relevant part, that a creditors' committee, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). The employment of FTI and its professionals by the Committee are reasonable and in line with the terms and conditions typical for engagements of this size and character. Because the Committee will require substantial assistance with these chapter 11 cases, it is reasonable for the Committee to seek to employ and retain FTI to serve as its financial advisor on the terms and conditions in this Application.

21. Bankruptcy Code section 328(a) provides, in relevant part, that the Committee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

22. FTI's fee structure is fair and reasonable in light of the services being provided and commensurate with the fee structures generally offered by firms of similar stature to FTI for comparable engagements. In addition, given the numerous issues FTI may need to address during these chapter 11 cases, FTI's commitment to the variable level of time and effort necessary to

address all such related issues as they arise, and the market prices for FTI's services for engagements of this nature in an out-of-court context, the Committee has determined that the FTI fee arrangement is fair and reasonable.

23. Finally, to the best of the Committee's knowledge, information, and belief, FTI does not have any interest materially adverse to the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. Further, the Committee understands that FTI believes it is disinterested because, to the best of FTI's knowledge, information, and belief, FTI has no connection with the Debtors, their creditors, or any other party-in-interest, except as disclosed in the Hu Declaration.

## No Duplication of Services

24. The services that FTI will provide to the Committee will be appropriately directed by the Committee and its counsel so as to avoid duplication of efforts among the other professionals retained in these chapter 11 cases and performed in accordance with applicable standards of the profession. FTI will work collaboratively with the Committee and other professionals employed by the Committee to avoid duplication of services. The Committee believes that the services to be provided by FTI will complement and will not be duplicative of any services of the Committee's other professionals.

## No Prior Request

25. No prior Application for the relief requested herein has been made to this or any other Court.

## Notice

26. Notice of this Application has been given to (i) the Debtors, (ii) the U.S. Trustee,

(iii) counsel to the Debtors, Kirkland & Ellis and Young Conaway Stargatt & Taylor, LLP, (iv) counsel to the Ad Hoc Group and the DIP Lenders, Dechert LLP and Potter Anderson & Corroon LLP, and (v) counsel to the Prepetition ABL Agent Choate Hall & Steward LLP and Reed Smith, and (vi) any party that is entitled to notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee submits that no further notice is required.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisor for the Committee for the purposes set forth above, effective as of July 2, 2025, and grant such further relief as is just and proper.

Dated: July 31, 2025

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AT HOME GROUP, INC., ET AL.**

_____
By: Co-Chair of the Official Committee of Unsecured Creditors of At Home Group Inc., *et al* [2]

---

[2] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.

11