## EXHIBIT A

**Proposed Order**

4897-8283-2473.1 05563.00002
4897-8283-2473.1 05563.00002

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**ORDER AUTHORIZING RETENTION OF
FTI CONSULTING, INC. AS FINANCIAL ADVISOR
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order under Bankruptcy Code section 1103 authorizing the Committee to retain FTI Consulting, Inc. ("FTI"), as financial advisors; and upon the Hu Declaration in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that FTI is "disinterested," as that term is defined in Bankruptcy Code section 101(14); and it appearing that the relief requested in the Application is in the best interest of the Committee and the Debtors' estates, after due deliberation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (N/A); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (N/A); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). Case 25-11120-JKS Doc 92 Filed 06/17/25 Page 9 of 11 The location of the Debtors' service address for purposes of these chapter 11 cases is: 9000 Cypress Waters Blvd, Coppell, Texas 75019.

and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Application is granted as set forth herein.

2. In accordance with Bankruptcy Code section 1103, the Committee is authorized to employ and retain FTI as its financial advisor as of July 2, 2025, on the terms set forth in the Application.

3. FTI shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and any applicable orders entered by the Court.

4. FTI is entitled to reimbursement of actual and necessary expenses, including legal fees related to the Application and future fee applications as approved by the Court.

5. The following indemnification provisions are approved:

    a. subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with the services to be provided by FTI as specified in the Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court; and

    b. the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Order; and

    c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the

payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

6. FTI shall provide ten (10) days' notice to the Debtors, the U.S. Trustee, and the Committee in connection with any increase in the hourly rates listed in the Application.

7. To the extent that FTI uses the services of independent or third-party contractors or subcontractors (the "Contractors") in these chapter 11 cases and FTI seeks to pass through the fees and costs of the Contractors, FTI shall (i) pass through the fees of such Contractors at the same rate that FTI pays the Contractors and (ii) seek reimbursement for actual costs of the Contractors only. In addition, FTI shall ensure that the Contractors perform the conflicts checks and file such disclosures as required by the Bankruptcy Code and Bankruptcy Rules.

8. FTI shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals.

9. If there is any inconsistency between the terms of the Application, the Hu Declaration, and this Order, this Order shall govern.

10. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.