## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. 355** |

### CERTIFICATION OF COUNSEL REGARDING *REVISED* PROPOSED ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9) REQUESTS, AND (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF

On July 21, 2025, the above-captioned debtors and debtors in possession (collectively, the

"Debtors") filed the *Motion of Debtors Seeking Entry of an Order (I) Setting Bar Dates for Filing*

*Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing*

*Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form and*

*Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). The location of the Debtors' service address for purposes of these chapter 11 cases is: 9000 Cypress Waters Blvd, Coppell, Texas 75019.

*Form and Manner of Notice Thereof* [D.I. 355] (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court").  A proposed form of order approving the Motion was attached to the Motion as Exhibit A (the "Proposed Order").

Pursuant to the *Notice of Motion* [D.I. 355-1], any objections or responses to entry of the Proposed Order were to be filed and served by August 4, 2025, at 4:00 p.m. (ET), (as may have been extended by the Debtors for any party, the "Objection Deadline").

Prior to the Objection Deadline, the Debtors received informal comments from the Office of the United States Trustee for the District of Delaware, the Official Committee of Unsecured Creditors, and counsel to certain landlords (collectively, the "Responding Parties").  Following discussions with the Responding Parties, the Debtors have agreed to a revised form of order (the "Revised Proposed Order"), a copy of which is attached hereto as **Exhibit A**, which resolves the Responding Parties' comments.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**.

As no other objections or responses to the Motion have been received, it is hereby respectfully requested that the Revised Proposed Order be entered at the earliest convenience of the Court.

*[Remainder of Page Intentionally Left Blank]*

Dated:  August 6, 2025
Wilmington, Delaware

/s/ Joseph M. Mulvihill

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (DE Bar No. 2847)
Joseph M. Mulvihill (DE Bar No. 6061)
Timothy R. Powell (DE Bar No. 6894)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 571-6600
Facsimile:      (302) 571-1253
Email:           rbrady@ycst.com
                     jmulvihill@ycst.com
                     tpowell@ycst.com


*Co-Counsel for the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Elizabeth H. Jones (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:           nicole.greenblatt@kirkland.com
                     matthew.fagen@kirkland.com
                     elizabeth.jones@kirkland.com


*Co-Counsel for the Debtors and Debtors in Possession*

## EXHIBIT A

## Revised Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re:  Docket No. 355** |

**ORDER (I) SETTING BAR DATES FOR FILING PROOFS
OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER
SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR
DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF
AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9)
REQUESTS, AND (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"):  (a) establishing deadlines for

filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy

Code, in these chapter 11 cases; (b) establishing the Amended Schedules Bar Date and the

Rejection Damages Bar Date; (c) approving the form of and manner for filing proofs of claim,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). The location of the Debtors' service address for purposes of these chapter 11 cases is:  9000 Cypress Waters Blvd, Coppell, Texas 75019.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

including any section 503(b)(9) requests for payment; and (d) approving the form and manner of notice of the Bar Dates; all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

**I.      The Proof of Claim Form.**

2.      The Proof of Claim Form, substantially in the form attached hereto as **Exhibit 1**, is approved.  The Debtors may accept the Proof of Claim Form or Official Form 410 via either hardcopy or the Online Portal, subject only to limitations set forth in this Bar Date Order.

II.    **The Bar Dates and Procedures for Filing Proofs of Claim.**

3.    Each entity[3] that asserts a claim against the Debtors that arose before the Petition Date shall be required to file an original, proof of claim, substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4]  Specifically, the following bar dates ("Bar Date" or "Bar Dates," as applicable) are established:

    a.    Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code[5] and unsecured priority claims specified herein,[6] must be filed so that the Debtors' notice and claims agent retained in these chapter 11 cases, Omni Agent Solutions, Inc. (the "Notice and Claims Agent") ***actually receives such proofs of claim on or before the date that is 30 days after the date the Debtors file their Schedules, at 11:59 p.m., prevailing Eastern Time (the "General Bar Date")***, at the addresses and in the form set forth herein.  The General Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases, except for claims

---

[3]    Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]    Copies of Official Form 410 may be obtained by:  (a) visiting the Notice and Claims Agent's secure online portal at https://omniagentsolutions.com/AtHome (the "Online Portal"); (b) calling the Debtors' restructuring hotline at:  (888)-818-9346 (U.S. & Canada) or (747)-293-0014 (International); or (c) writing (i) via first class mail, to At Home Group Inc. Claims Processing Center, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367 or (ii) via email to:AtHomeInquiries@OmniAgnt.com with a reference to "At Home Group Inc." in the subject line; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

[5]    Section 503(b)(9) of the Bankruptcy Code permits for a party to request for payment as an administrative expense "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."  11 U.S.C. § 503(b)(9).

[6]    For the avoidance of doubt, the General Bar Date shall not apply to administrative expense claims other than claims arising under section 503(b)(9) of the Bankruptcy Code.  Except as expressly provided herein, a proof of claim shall not be deemed as a request for allowance and/or payment of such other administrative expense claims.

specifically exempt from complying with the applicable Bar Dates as set forth in the Motion or this Bar Date Order.

b.   All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such proofs of claim so that the Notice and Claims Agent ***actually receives such proofs of claim on or before December 15, 2025 at 11:59 p.m., prevailing Eastern Time*** (the "Governmental Bar Date"), at the addresses and in the form set forth herein.

c.   If the Debtors amend or supplement the Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file proofs of claim by the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (ii) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days from the date on which the Debtors provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

d.   Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a proof of claim on account of such rejection by the later of (i) the General Bar Date, and (ii) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date").  For the avoidance of doubt and notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property shall not be required to file a proof of claim with respect to prepetition amounts or claims on account of such rejection unless and until the applicable lease is rejected by the Debtors.  If a landlord counterparty's lease is rejected, the Rejection Damages Bar Date shall be set forth in the applicable rejection order; *provided, however*, that if the applicable rejection order does not establish a Rejection Damages Bar Date, then this paragraph 3.d. shall control.

4.   All proofs of claim must be filed so that the Notice and Claims Agent actually receives such proofs of claim on or before the General Bar Date or the Governmental Bar Date

(or, where applicable, on or before any other bar date as set forth herein).  If proofs of claim are not received by the Notice and Claims Agent on or before the Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

## III.    Parties Required to File Proofs of Claim.

5.    Except as otherwise set forth herein, the following entities holding claims against the Debtors arising before the Petition Date are required to file proofs of claim on or before the applicable Bar Date:

a.    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.    any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c.    any entity who asserts a claim arising from the rejection of an executory contract or unexpired lease of a Debtor and has not previously filed any such claim;

d.    any entity who asserts a claim against a Debtor arising from or relating to the purchase or sale of any security of the Debtors, including, without limitation, any equity security;

e.    any entity who asserts a claim arising from or relating to pending or threatened litigation against a Debtor, including any claim arising for alleged wage and hour violations or unfair business practices;

f.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

g.      any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## IV.     Parties Exempted from the Bar Date.

6.     The following entities whose claims otherwise would be subject to the General Bar

Date need not file proofs of claim:

a.      any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or the Notice and Claims Agent in a form substantially similar to Official Form 410, but only with respect to the particular claim that was properly filed against the correct Debtor(s);

b.      any entity whose claim is listed on the Schedules if: (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any entity whose claim has previously been allowed by order of the Court;

d.      any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtor(s) pursuant to the Bankruptcy Code or pursuant to an order of the Court;

e.      any Debtor having a claim against another Debtor;

f.      any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.      any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[7]

---

[7]    The Debtors reserve all rights regarding any such claims, including to, *inter alia*, assert that such claims are subject to subordination pursuant to section 510 (b) of the Bankruptcy Code.

h.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.      any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.      any entity holding a claim for which a separate deadline is fixed by this Court;

k.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date;

l.      any entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 107] and the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 344] (collectively, the "<u>DIP Orders</u>"), including for the avoidance of doubt, the DIP Agent, the DIP Lenders, the Prepetition Cayman Notes Trustee, the Prepetition Exchange Notes Trustee, the Prepetition 4.875% Notes Trustee, the Prepetition Intercompany Note Agent, the Prepetition Term Loan Agent, the Prepetition ABL Agent, or any other Prepetition Secured Parties (each as defined in the DIP Orders); *provided* that the Prepetition Cayman Notes Trustee, the Prepetition Exchange Notes Trustee, the Prepetition 4.875% Notes Trustee, the Prepetition Intercompany Note Agent, the Prepetition Term Loan Agent, and the Prepetition ABL Agent shall be authorized, but not directed or required, to file a master proof of claim on behalf of the Prepetition Secured Parties on account of any and all claims arising under the applicable Prepetition Credit Documents (as defined in the DIP Orders) against each of the Debtors in which case such master proof of claim shall (i) constitute

7

the filing of a Proof of Claim Form in the chapter 11 cases of all other Debtors against whom a claim may be asserted under the applicable DIP Documents and (ii) have the same effect as if each applicable holder of a claim thereunder had individually filed a Proof of Claim Form against each applicable Debtor on account of such holder's claims; and

m.  any landlord counterparty to an unexpired non-residential real property lease where the lease has not yet been rejected as of the General Bar Date; *provided*, for the avoidance of doubt, that if a landlord counterparty's lease is rejected, the Rejection Damages Bar Date shall be the deadline by which prepetition claims arising under such lease shall be filed, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amounts unless and until such unexpired lease has been rejected; *provided, further*, that if the applicable rejection order does not establish a Rejection Damages Bar Date, then paragraph 3.d. of this Bar Date Order shall control for purposes of determining the Rejection Damages Bar Date.

## V.    Substantive Requirements of Proofs of Claim

7.    The following requirements shall apply with respect to filing and preparing each proof of claim:

a.  <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant, whether such signature is an electronic signature or is in ink.

b.  <u>Section 503(b)(9) Claim</u>.  In addition to the requirements set forth in (a) above, any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices and any other relevant documents for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.  <u>Original Signatures Required</u>.  Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal available at https://omniagentsolutions.com/AtHome) will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of

claim sent by facsimile or electronic mail will not be accepted.  For the avoidance of doubt, signatures may be an electronic signature or in ink.

d.   <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against At Home Group Inc.

e.   <u>Claim Against Multiple Debtor Entities</u>.  Except as otherwise provided in the DIP Orders, each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on a proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.   <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than 10 days from the date of such request.

g.   <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so that the Notice and Claims Agent ***actually receives*** the proof of claim on or before the General Bar Date, the Governmental Bar Date, or, where applicable, on or before any other Bar Date as set forth herein or as otherwise ordered by the Court, either:  (i) electronically through the Online Portal at https://omniagentsolutions.com/AtHome by clicking on "File a Claim"; or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail, Overnight Courier, or Hand Delivery to:**

**At Home Group Inc. Claims Processing Center**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Ave., Suite 100,**
**Woodland Hills, CA 91367**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.   <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that the Notice and Claims Agent received a particular proof of claim must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of

9

Claim Form sent to the Notice and Claims Agent) and (ii) a self-addressed, stamped envelope.

## VI.     Identification of Known Creditors.

8.     The Debtors shall mail or email, as applicable pursuant to the Creditor Matrix Order, notice of the General Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing or email address, as applicable, for each such creditor.

## VII.    Procedures for Providing Notice of the Bar Date.

### A.     Distribution of Bar Date Notices.

9.     The Bar Date Notice, substantially in the form attached hereto as **Exhibit 2** is approved.

10.    No later than five calendar days after the later of (i) the date the Debtors file their Schedules with this Court or (ii) entry of the Bar Date Order, the Debtors shall cause the Bar Date Notice[8] and the Proof of Claim Form (collectively, the "Bar Date Package") to be distributed by email or first class mail, in either case as directed by the *Final Order (I) Authorizing the Debtors to (A) Redact Certain Confidential Information of Customers, (B) Redact Certain Personally Identifiable Information of Individuals, and (C) Service Certain Parties in Interest by Email; (II) Approving the Form and Manner of Service of the Notice of Commencement;(III) Approving the Form and Manner of Notice to Customers; and (IV) Granting Related Relief* [Docket No. 269] (the "Creditor Matrix Order"), to the following entities:

  a.     the Office of the U.S. Trustee for the District of Delaware;

  b.     the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis);

---

[8]    For the avoidance of doubt, the Bar Date Notice shall specify the exact date that is the Bar Date.

c.    counsel to any statutory committee appointed in these chapter 11 cases;

d.    the United States Department of Justice;

e.    the DIP Agent and the Prepetition ABL Agent and counsel thereto;

f.    all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

g.    all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Bar Date Order;

h.    all entities that have filed proofs of claim in these chapter 11 cases as of the date of entry of the Bar Date Order;

i.    all known non-Debtor equity and interest holders of the Debtors as of the date of the entry of the Bar Date Order;

j.    all entities that are party to executory contracts and unexpired leases with the Debtors;

k.    all entities that are party to litigation with the Debtors;

l.    all current employees and former employees who were employed by the Debtors in the 24 months prior to the Petition Date (to the extent that contact information for such former employees is available in the Debtors' records after reasonable inquiry);

m.    the U.S. Attorney's Office for the District of Delaware;

n.    the office of the attorney general for each state in which the Debtors maintain or conduct business;

o.    the Internal Revenue Service;

p.    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

q.    the U.S. Securities and Exchange Commission.

11.    The Debtors shall, to the extent able, provide all known creditors listed in the Debtors' Schedules, including any amended Schedules, with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the creditors' claim in the Schedules,

including, without limitation:  (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete.  Additionally, any creditor may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 410.

12.     After the initial distribution of the Bar Date Packages, the Debtors may, in their discretion and after consultation with the Committee, make supplemental mailings of notices or packages, including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

**B.     Publication of Bar Date Notice.**

13.     The Publication Notice, substantially in the form attached hereto as **Exhibit 3**, is approved.

14.     The Debtors shall cause the Publication Notice to be published on one occasion in *The New York Times* (National Edition) on or before 21 days before the General Bar Date.  The Debtors are also authorized, but not directed, to publish the Bar Date Notice at such times and in such local publications of general circulation in certain areas where the Debtors have conducted operations, as the Debtors shall determine in their sole discretion.  For the avoidance of doubt, the

Debtors are authorized, but not directed, to post the Publication Notice to their official company websites and social media platforms, as the Debtors shall determine in their sole discretion.

15.     Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice to known and unknown creditors of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and constitutional due process.

**VIII.   Consequences of Failure to File a Proof of Claim.**

16.     Pursuant to Bankruptcy Rule 3003(c)(2), and absent further order of the Court, any holder of a prepetition claim who is required to file but fails to file a proof of claim in accordance with the foregoing requirements and procedures before the applicable Bar Date will be barred, estopped, and enjoined from asserting such claim against the Debtors (or submitting a Proof of Claim with respect thereto), and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, or participate in any distribution in these chapter 11 cases on account of such claim, or receive further notices regarding such claim.

**IX.    Miscellaneous.**

17.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

18.     The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Bar Date Order in accordance with the Motion.

19.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

## <u>Exhibit 1</u>

**Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

**Fill in the information to identify the case (Select only one Debtor per form):**

To select a debtor, please see attached Exhibit A.

Official Form 410

# Proof of Claim

04/25

Read the instructions before filling out this form.  This form is for making a claim for payment in a bankruptcy case.  Do not use this form to make a request for payment of an administrative expense.  Make such a request according to 11 U.S.C.  § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents.  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.  **Do not send original documents;** they may be destroyed after scanning.  If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes   From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name _____

Number       Street

City                    State          ZIP Code

Contact Phone _____

Contact email _____

Uniform claim identifier (if you use one)
_____

**Where should payments to the creditor be sent? (if different)**

Name _____

Number       Street

City                    State          ZIP Code

Contact Phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☐ No
☐ Yes   Claim Number on court claims registry (if known) _____   Filed On _____
                                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes   Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6.  Do you have any number you use to identify the debtor?**

☐ No
☐ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7.  How much is the claim?**

$ _____    **Does this amount include interest or other charges?**

☐ No
☐ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

_____

**9.  Is all or part of the claim secured?**

☐ No
☐ Yes    The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*
☐ Motor Vehicle
☐ Other    Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:**    $ _____
**Amount of the claim that is secured:**    $ _____
**Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate:**   (when case was filed)   _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☐ No
☐ Yes    **Amount necessary to cure any default as of the date of the petition.**    $ _____

**11. Is this claim subject to a right of setoff?**

☐ No
☐ Yes    Identify the property: _____

**12.  Is this claim for the value of goods received by the debtor within 20 days before the commencement date of this case (11 U.S.C. §503(b)(9))?** [1]

☐ No
☐ Yes    Amount of 503(b)(9) Claim:  $ _____

[1] Section 503(b)(9) of the Bankruptcy Code permits for a party to request for payment as an administrative expense "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. 503(b)(9).

| | | Amount entitled to priority |
|---|---|---|
| **13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** <br><br> A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No <br> ☐ Yes   *Check all that apply* | |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                                             $ _____

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).               $ _____

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).                                                              $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).         $ _____

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).              $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.            $ _____

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it.**
**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                 MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
        First Name          Middle Name          Last Name

Title _____

Company _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
          Number          Street

_____
City                  State          ZIP Code

Contact Phone _____      Email _____

## Exhibit A

**Fill in the information to identify the case (Select only one Debtor per form):**

- ☐ At Home Group Inc. - Case No. 25-11120
- ☐ 1000 Turtle Creek Drive LLC - Case No. 25-11125
- ☐ 10460 SW Fellowship Way LLC - Case No. 25-11141
- ☐ 10800 Assembly Park Dr LLC - Case No. 25-11142
- ☐ 11501 Bluegrass Parkway LLC - Case No. 25-11143
- ☐ 12990 West Center Road LLC - Case No. 25-11144
- ☐ 1376 E. 70th Street LLC - Case No. 25-11126
- ☐ 15255 N Northsight Blvd LLC - Case No. 25-11145
- ☐ 1600 East Plano Parkway, LLC - Case No. 25-11127
- ☐ 1720 N Hardin Blvd LLC - Case No. 25-11121
- ☐ 19000 Limestone Commercial Dr, LLC - Case No. 25-11146
- ☐ 1944 South Greenfield Road LLC - Case No. 25-11128
- ☐ 2016 Grand Cypress Dr LLC - Case No. 25-11129
- ☐ 2301 Earl Rudder Frwy S LLC - Case No. 25-11130
- ☐ 300 Tanger Outlet Blvd LLC - Case No. 25-11122
- ☐ 3002 Firewheel Parkway LLC - Case No. 25-11131
- ☐ 3015 W 86th St LLC - Case No. 25-11132
- ☐ 334 Chicago Drive, LLC - Case No. 25-11123
- ☐ 3551 S 27th Street LLC - Case No. 25-11133
- ☐ 361 Newnan Crossing Bypass LLC Store - Case No. 25-11124
- ☐ 4200 Ambassador Caffery Pkwy LLC - Case No. 25-11134
- ☐ 4304 West Loop 289 LLC - Case No. 25-11135
- ☐ 4700 Green Road LLC - Case No. 25-11136
- ☐ 4801 183A Toll Road, LLC - Case No. 25-11137
- ☐ 7050 Watts Rd LLC - Case No. 25-11138
- ☐ 8651 Airport Freeway LLC - Case No. 25-11139
- ☐ 9570 Fields Ertel Road LLC - Case No. 25-11140
- ☐ Ambience Intermediate, Inc. - Case No. 25-11147
- ☐ Ambience Parent, Inc. - Case No. 25-11148
- ☐ At Home Assembly Park Drive Condominium Association - Case No. 25-11149
- ☐ At Home Companies LLC - Case No. 25-11150
- ☐ At Home Gift Card LLC - Case No. 25-11151
- ☐ At Home Holding II Inc. - Case No. 25-11152
- ☐ At Home Holding III Inc. - Case No. 25-11153
- ☐ At Home Procurement Inc. - Case No. 25-11154
- ☐ At Home Properties LLC - Case No. 25-11155
- ☐ At Home RMS Inc. - Case No. 25-11156
- ☐ At Home Stores LLC - Case No. 25-11157
- ☐ Compass Creek Parkway LLC - Case No. 25-11158
- ☐ Nodal Acquisitions, LLC - Case No. 25-11159
- ☐ Rhombus Dev, LLC - Case No. 25-11160
- ☐ Transverse II Development LLC - Case No. 25-11161

**<u>Exhibit 2</u>**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING OF**
**PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT**
**PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

**TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| At Home Group Inc. | 25-11120 |
| 1000 Turtle Creek Drive LLC | 25-11125 |
| 10460 SW Fellowship Way LLC | 25-11141 |
| 10800 Assembly Park Dr LLC | 25-11142 |
| 11501 Bluegrass Parkway LLC | 25-11143 |
| 12990 West Center Road LLC | 25-11144 |
| 1376 E. 70th Street LLC | 25-11126 |
| 15255 N Northsight Blvd LLC | 25-11145 |
| 1600 East Plano Parkway, LLC | 25-11127 |
| 1720 N Hardin Blvd LLC | 25-11121 |
| 19000 Limestone Commercial Dr, LLC | 25-11146 |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). The location of the Debtors' service address for purposes of these chapter 11 cases is:  9000 Cypress Waters Blvd, Coppell, Texas 75019.

| 1944 South Greenfield Road LLC | 25-11128 |
|---|---|
| 2016 Grand Cypress Dr LLC | 25-11129 |
| 2301 Earl Rudder Frwy S LLC | 25-11130 |
| 300 Tanger Outlet Blvd LLC | 25-11122 |
| 3002 Firewheel Parkway LLC | 25-11131 |
| 3015 W 86th St LLC | 25-11132 |
| 334 Chicago Drive, LLC | 25-11123 |
| 3551 S 27th Street LLC | 25-11133 |
| 361 Newman Crossing Bypass LLC | 25-11124 |
| 4200 Ambassador Caffery Pkwy LLC | 25-11134 |
| 4304 West Loop 289 LLC | 25-11135 |
| 4700 Green Road LLC | 25-11136 |
| 4801 183a Toll Road, LLC | 25-11137 |
| 7050 Watts Rd LLC | 25-11138 |
| 8651 Airport Freeway LLC | 25-11139 |
| 9570 Fields Ertel Road LLC | 25-11140 |
| Ambience Intermediate, Inc. | 25-11147 |
| Ambience Parent, Inc. | 25-11148 |
| At Home Companies LLC | 25-11150 |
| At Home Gift Card LLC | 25-11151 |
| At Home Holding II Inc. | 25-11152 |
| At Home Holding III Inc. | 25-11153 |
| At Home Procurement Inc. | 25-11154 |
| At Home Properties LLC | 25-11155 |
| At Home RMS Inc. | 25-11156 |
| At Home Stores LLC | 25-11157 |
| Compass Creek Parkway LLC | 25-11158 |
| Nodal Acquisitions, LLC | 25-11159 |
| Rhombus Dev, LLC | 25-11160 |
| Transverse II Development LLC | 25-11161 |

**PLEASE TAKE NOTICE THAT:**

On June 16, 2025 (the "Petition Date"), At Home Group Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").[2]

On [●], 2025 the Court entered an order [Docket No. [●]] (the "Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtors must file

---

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Jeremy Aguilar, Chief Financial Officer of At Home Group Inc. and Certain of Its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 4] (the "First Day Declaration"), incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code.

For your convenience, enclosed with this notice (this "Bar Date Notice") is a proof of claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and pursuant to section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in these chapter 11 cases.

a.    ***The General Bar Date***. Pursuant to the Bar Date Order, except as described below, **all entities holding claims against the Debtors that arose or are deemed to have arisen before the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9), are required to file proofs of claim so that the Debtors' notice and claims agent retained in these chapter 11 cases, Omni Agent Solutions, Inc. (the "Notice and Claims Agent"),** ***actually receives such proofs of claim*** **by the General Bar Date (*i.e.*, [●], 2025, at 11:59 p.m., prevailing Eastern Time, which is the date that is 30 days after the Debtors filed their Schedules)**. The General Bar Date applies to all types of claims against the Debtors that arose before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases.

b.    ***The Governmental Bar Date***. Pursuant to the Bar Date Order, **all governmental units holding claims against the Debtors that arose or are**

**deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim so that the Notice and Claims Agent *actually receives such proofs of claim by* the Governmental Bar Date (*i.e.*, by 11:59 p.m., prevailing Eastern Time on December 15, 2025)**. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.    ***Amended Schedules Bar Date***.  If the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if such creditor so chooses, is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (ii) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days from the date on which the Debtors provide notice of the amendment to the Schedules.

d.    ***Rejection Damages Bar Date***.  In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the bar date for filing a Proof of Claim based on the Debtors' rejection of such contract or lease shall be the later of (i) the General Bar Date, and (ii) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.  All entities holding such claims against the Debtors are required to file proofs of claim so that the Notice and Claims Agent actually receives such proofs of claim by the applicable Rejection Damages Bar Date.  For the avoidance of doubt and notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property shall not be required to file a proof of claim with respect to prepetition amounts or claims on account of such rejection unless and until the applicable lease is rejected by the Debtors.  If a landlord counterparty's lease is rejected, the Rejection Damages Bar Date shall be set forth in the applicable rejection order; *provided, however*, that if the applicable rejection order does not establish a Rejection Damages Bar Date, then this paragraph 3.d. shall control.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) before the Petition Date *must* file proofs of claim on or before the General Bar Date, Governmental Bar Date, or any other Bar Date set forth in the Bar Date Order, as applicable:

   a.    any entity whose claim against a Debtor is *not* listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

   b.    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

   c.    any entity who asserts a claim arising from the rejection of an executory contract or unexpired lease of a Debtor and has not previously filed any such claim;

   d.    any entity who asserts a claim against a Debtor arising from or relating to the purchase or sale of any security of the Debtors, including, without limitation, any equity security;

   e.    any entity who asserts a claim arising from or relating to pending or threatened litigation against a Debtor, including any claim arising for alleged wage and hour violations or unfair business practices;

   f.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

   g.    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file proofs of claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates need *not* file proofs of claims:

   a.    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with the Notice and

Claims Agent in a form substantially similar to Official Form 410, but only with respect to the particular claim that was properly filed against the correct Debtor(s);

b.  any entity whose claim is listed on the Schedules if:  (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.  any entity whose claim has previously been allowed by order of the Court;

d.  any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtor(s) pursuant to the Bankruptcy Code or pursuant to an order of the Court;

e.  any Debtor having a claim against another Debtor;

f.  any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.  any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[3]

h.  a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.  any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

---

[3] The Debtors reserve all rights regarding any such claims, including to, *inter alia*, assert that such claims are subject to subordination pursuant to section 510 (b) of the Bankruptcy Code.

j.      any entity holding a claim for which a separate deadline is fixed by this Court;

k.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date;

l.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 107] and the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 344] (collectively, the "<u>DIP Orders</u>"), including for the avoidance of doubt, the DIP Agent, the DIP Lenders, the Prepetition Cayman Notes Trustee, the Prepetition Exchange Notes Trustee, the Prepetition 4.875% Notes Trustee, the Prepetition Intercompany Note Agent, the Prepetition Term Loan Agent, the Prepetition ABL Agent, or any other Prepetition Secured Parties (each as defined in the DIP Orders); *provided* that the Prepetition Cayman Notes Trustee, the Prepetition Exchange Notes Trustee, the Prepetition 4.875% Notes Trustee, the Prepetition Intercompany Note Agent, the Prepetition Term Loan Agent, and the Prepetition ABL Agent shall be authorized, but not directed or required, to file a master proof of claim on behalf of the Prepetition Secured Parties on account of any and all claims arising under the applicable Prepetition Credit Documents (as defined in the DIP Orders) against each of the Debtors in which case such master proof of claim shall (i) constitute the filing of a Proof of Claim Form in the chapter 11 cases of all other Debtors against whom a claim may be asserted under the applicable DIP Documents and (ii) have the same effect as if each applicable holder of a claim thereunder had individually filed a Proof of Claim Form against each applicable Debtor on account of such holder's claims; and

m.      any landlord counterparty to an unexpired non-residential real property lease where the lease has not yet been rejected as of the General Bar Date; *provided*, for the avoidance of doubt, that if a landlord counterparty's lease is rejected, the Rejection Damages Bar Date shall be the deadline by which prepetition claims arising under such lease shall be filed, and entities

holding such claims shall not be required to file a Proof of Claim with respect to prepetition amounts unless and until such unexpired lease has been rejected; *provided, further*, that if the applicable rejection order does not establish a Rejection Damages Bar Date, then paragraph 3.d. of this Bar Date Notice shall control for purposes of determining the Rejection Damages Bar Date.

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each proof of claim:

a.    <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.    <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; (iii) attach documentation of the date  on which the goods were delivered to and received by the Debtors; (iv) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

c.    <u>Original Signatures Required</u>.  Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal available at https://omniagentsolutions.com/AtHome) will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.    <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against At Home Group Inc.

e.    <u>Claim Against Multiple Debtor Entities</u>.  Except as otherwise provided in the DIP Orders, each proof of claim must state a claim against ***only one***

Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.   <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than 10 days from the date of such request.

g.   <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so that the Notice and Claims Agent ***actually receives*** the proof of claim on or before the General Bar Date, the Governmental Bar Date, or, where applicable, on or before any other Bar Date as set forth herein or as otherwise ordered by the Court, either:   (i) electronically through the Online Portal by clicking on "File a Claim"; or (ii) by U.S. Mail, overnight mail, or other hand delivery system at the following address:

**By First Class Mail, Overnight Courier, or Hand Delivery to:**

**At Home Group Inc. Claims Processing Center**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Ave., Suite 100,**
**Woodland Hills, CA 91367**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.   <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that the Notice and Claims Agent received a particular proof of claim must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Notice and Claims Agent) and (ii) a self-addressed, stamped envelope.

## V.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and pursuant to Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a.   YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

b.   YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THAT

BARRED CLAIM OR RECEIVE FURTHER NOTICES REGARDING
SUCH CLAIM.

## VI.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the
Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim
listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof;
(b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and
(c) otherwise amend or supplement the Schedules.

## VII.   THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the
Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the
descriptions set forth on the enclosed Proof of Claim Forms regarding the nature, amount, and
status of your claim(s).  If the Debtors believe that you may hold claims against more than one
Debtor entity, you will receive multiple Proof of Claim Forms, each of which will reflect the nature
and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim
is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets
forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it
is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or
unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or
unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed
in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor
entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or
"unliquidated," you need ***not*** file a proof of claim.  Otherwise, or if you decide to file a proof of
claim, you must do so before the applicable Bar Date in accordance with the procedures set forth
in this Notice.

## VIII.  ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding
these chapter 11 cases are available for inspection free of charge on the Notice and Claims Agent's
website at https://omniagentsolutions.com/AtHome.  The Schedules and other filings in these
chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov.
A login identification and password to the Court's Public Access to Court Electronic Records
("PACER") are required to access this information and can be obtained through the PACER
Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other
documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30
p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy
Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor,
Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' Notice and Claims Agent, by calling the Debtors' restructuring hotline at: (888)-818-9346 (U.S. & Canada) or (747)-293-0014 (International), or writing (i) via first class mail, to At Home Group Inc. Claims Processing Center, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or (ii) via email to: AtHomeInquiries@OmniAgnt.com with a reference to "At Home Group Inc." in the subject line.

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

[*Remainder of page intentionally left blank*]

**<u>Exhibit 3</u>**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING OF**
**PROOFS OF CLAIM, INCLUDING REQUESTS FOR**
**PAYMENTS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

---

**THE GENERAL BAR DATE IS [●], 2025, AT 11:59 P.M. (PREVAILING EASTERN TIME), WHICH IS THE DATE THAT IS 30 DAYS AFTER THE DEBTORS FILED THEIR SCHEDULES**

**THE GOVERNMENTAL BAR DATE IS DECEMBER 15, 2025, AT 11:59 P.M. (PREVAILING EASTERN TIME)**

**THE AMENDED SCHEDULES BAR DATE IS AS DEFINED HEREIN**

**THE REJECTION DAMAGES BAR DATE IS AS DEFINED HEREIN**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Deadlines for Filing Proofs of Claim**.  On [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). The location of the Debtors' service address for purposes of these chapter 11 cases is:  9000 Cypress Waters Blvd, Coppell, Texas 75019.

| DEBTOR | CASE NO. |
|---|---|
| At Home Group Inc. | 25-11120 |
| 1000 Turtle Creek Drive LLC | 25-11125 |
| 10460 SW Fellowship Way LLC | 25-11141 |
| 10800 Assembly Park Dr LLC | 25-11142 |
| 11501 Bluegrass Parkway LLC | 25-11143 |
| 12990 West Center Road LLC | 25-11144 |
| 1376 E. 70th Street LLC | 25-11126 |
| 15255 N Northsight Blvd LLC | 25-11145 |
| 1600 East Plano Parkway, LLC | 25-11127 |
| 1720 N Hardin Blvd LLC | 25-11121 |
| 19000 Limestone Commercial Dr, LLC | 25-11146 |
| 1944 South Greenfield Road LLC | 25-11128 |
| 2016 Grand Cypress Dr LLC | 25-11129 |
| 2301 Earl Rudder Frwy S LLC | 25-11130 |
| 300 Tanger Outlet Blvd LLC | 25-11122 |
| 3002 Firewheel Parkway LLC | 25-11131 |
| 3015 W 86th St LLC | 25-11132 |
| 334 Chicago Drive, LLC | 25-11123 |
| 3551 S 27th Street LLC | 25-11133 |
| 361 Newman Crossing Bypass LLC | 25-11124 |
| 4200 Ambassador Caffery Pkwy LLC | 25-11134 |
| 4304 West Loop 289 LLC | 25-11135 |
| 4700 Green Road LLC | 25-11136 |
| 4801 183a Toll Road, LLC | 25-11137 |
| 535 Pleasant Grove Rd LLC | 25-11138 |
| 7050 Watts Rd LLC | 25-11139 |
| 8651 Airport Freeway LLC | 25-11140 |
| 9570 Fields Ertel Road LLC | 25-11147 |
| Ambience Intermediate, Inc. | 25-11148 |
| Ambience Parent, Inc. | 25-11150 |
| At Home Companies LLC | 25-11151 |
| At Home Gift Card LLC | 25-11152 |
| At Home Holding II Inc. | 25-11153 |
| At Home Holding III Inc. | 25-11154 |
| At Home Procurement Inc. | 25-11155 |
| At Home Properties LLC | 25-11156 |
| At Home RMS Inc. | 25-11157 |
| At Home Stores LLC | 25-11158 |
| Compass Creek Parkway LLC | 25-11159 |
| Nodal Acquisitions, LLC | 25-11160 |
| Rhombus Dev, LLC | 25-11161 |
| Transverse II Development LLC | 25-11128 |

**The Bar Dates**.  Pursuant to the Bar Date Order, ***all*** entities (except governmental units), including individuals, partnerships, estates, and trusts who have a claim or potential claim against the Debtors that arose before June 16, 2025 (the "Petition Date"), no matter how remote or

2

contingent such right to payment or equitable remedy may be, ***including*** requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM by *[●], 2025, at 11:59 p.m., prevailing Eastern Time, which is the date that is 30 days after the Debtors filed their Schedules (the "__General Bar Date__")*.  Governmental entities who have a claim or potential claim against the Debtors that arose before the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before ***December 15, 2025, at 11:59 p.m., prevailing Eastern Time (the "__Governmental Bar Date__")***.  All entities who have a claim or potential claim against the Debtors based on any amendment by the Debtors of their Schedules, no matter how remote or contingent such right to payment or equitable remedy may be, if they so choose, MUST FILE A PROOF OF CLAIM on ***the later of (a) the General Bar Date or the Governmental Bar Date, as applicable to such claim, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days from the date on which the Debtors provide notice of the amendment (the "__Amended Schedules Bar Date__")***.  All entities who have a claim or potential claim against the Debtors based on the Debtors' rejection of an executory contract or unexpired lease, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on ***the later of (i) the General Bar Date, and (ii) 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "__Rejection Claim Bar Date__")***.

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE THE APPLICABLE BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

**Filing a Proof of Claim**.  Each proof of claim must be filed, including supporting documentation, so that the Debtors' notice and claims agent retained in these chapter 11 cases (the "Notice and Claims Agent") ***actually receives*** such proof of claim on or before the applicable Bar Date, either: (i) electronically through the Online Portal available at https://omniagentsolutions.com/AtHome by clicking on "File a Claim"; or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail, Overnight Courier, or Hand Delivery to:**

**At Home Group Inc. Claims Processing Center**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Ave., Suite 100,**
**Woodland Hills, CA 91367**

**Contents of Proofs of Claim**.  Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) clearly identify the Debtor against which the claim is asserted (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (vi) include as attachments any and all supporting documentation on which the claim is based.  ***Please note*** that each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is

asserted.  To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against At Home Group Inc.

**Section 503(b)(9) Requests for Payment**.  Any proof of claim asserting a claim arising under section 503(b)(9) of the Bankruptcy Code must also (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; (iii) attach documentation on which the goods were delivered to and received by the Debtors; (iv) documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

**Additional Information**.  If you require additional information regarding the filing of a proof of claim, you may contact the Notice and Claims Agent, by calling the Debtors' restructuring hotline at: (888)-818-9346 (U.S. & Canada) or (747)-293-0014 (International), or writing (i) via first class mail, to At Home Group Inc. Claims Processing Center, c/o Omni Agent Solutions Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or (ii) via email to: AtHomeInquiries@OmniAgnt.com with a reference to "At Home Group Inc." in the subject line. ***Please note*** that the Notice and Claims Agent ***cannot*** offer legal advice or advise whether you should file a proof of claim.

[*Remainder of page intentionally left blank*]

# EXHIBIT B

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. ~~355~~** |

### ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9) REQUESTS, AND (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these chapter 11 cases; (b) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date; (c) approving the form of and manner for filing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). The location of the Debtors' service address for purposes of these chapter 11 cases is: 9000 Cypress Waters Blvd, Coppell, Texas 75019.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

proofs of claim, including any section 503(b)(9) requests for payment; and (d) approving the form and manner of notice of the Bar Dates; all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

I.        **The Proof of Claim Form.**

2.        The Proof of Claim Form, substantially in the form attached hereto as **Exhibit 1**, is approved.  The Debtors may accept the Proof of Claim Form or Official Form 410 via either hardcopy or the Online Portal, subject only to limitations set forth in this Bar Date Order.

II.       **The Bar Dates and Procedures for Filing Proofs of Claim.**

3.        Each entity[3] that asserts a claim against the Debtors that arose before the Petition Date shall be required to file an original, proof of claim, substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4]  Specifically, the following bar dates ("Bar Date" or "Bar Dates," as applicable) are established:

   a.     Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code[5] and unsecured priority claims specified herein,[46] must be filed so that the Debtors' notice and claims agent retained in these chapter 11 cases, Omni Agent Solutions, Inc. (the "Notice and Claims Agent") ***actually receives such***

---

[3]     Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]     Copies of Official Form 410 may be obtained by:  (a) visiting the Notice and Claims Agent's secure online portal at https://omniagentsolutions.com/AtHome (the "Online Portal"); (b) calling the Debtors' restructuring hotline at:  (888)-818-9346 (U.S. & Canada) or (747)-293-0014 (International); or (c) writing (i) via first class mail, to At Home Group Inc. Claims Processing Center, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367 or (ii) via email to:AtHomeInquiries@OmniAgnt.com with a reference to "At Home Group Inc." in the subject line; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

[5]     Section 503(b)(9) of the Bankruptcy Code permits for a party to request for payment as an administrative expense "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."  11 U.S.C. § 503(b)(9).

[46]    For the avoidance of doubt, the General Bar Date shall not apply to administrative expense claims other than claims arising under section 503(b)(9) of the Bankruptcy Code.  Except as expressly provided herein, a proof of claim shall not be deemed as a request for allowance and/or payment of such other administrative expense claims.

*proofs of claim on or before the date that is 30 days after the date the* *Debtors file their Schedules, at 11:59 p.m., prevailing Eastern Time* *(the "General Bar Date")*, at the addresses and in the form set forth herein. The General Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases, except for claims specifically exempt from complying with the applicable Bar Dates as set forth in the Motion or this Bar Date Order.

b.    All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such proofs of claim so that the Notice and Claims Agent *actually receives such proofs of claim on or before* *December 15, 2025 at 11:59 p.m., prevailing Eastern Time* (the "Governmental Bar Date"), at the addresses and in the form set forth herein.

c.    If the Debtors amend or supplement the Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file proofs of claim by the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (ii) 11:59 p.m., prevailing Eastern Time, on the date that is ~~21~~30 days from the date on which the Debtors provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

d.    Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a proof of claim on account of such rejection by the later of (i) the General Bar Date, and (ii) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date"). For the avoidance of doubt and notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property shall not be required to file a proof of claim with respect to prepetition amounts or claims on

4

account of such rejection unless and until the applicable lease is rejected by the Debtors.  If a landlord counterparty's lease is rejected, the Rejection Damages Bar Date shall be set forth in the applicable rejection order; *provided, however*, that if the applicable rejection order does not establish a Rejection Damages Bar Date, then this paragraph 3.d. shall control.

4.      All proofs of claim must be filed so that the Notice and Claims Agent actually receives such proofs of claim on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein).  If proofs of claim are not received by the Notice and Claims Agent on or before the Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

**III.    Parties Required to File Proofs of Claim.**

5.      Except as otherwise set forth herein, the following entities holding claims against the Debtors arising before the Petition Date are required to file proofs of claim on or before the applicable Bar Date:

a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.      any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c.      any entity who asserts a claim arising from the rejection of an executory contract or unexpired lease of a Debtor and has not previously filed any such claim;

d.      any entity who asserts a claim against a Debtor arising from or relating to the purchase or sale of any security of the Debtors, including, without limitation, any equity security;

5

e.      any entity who asserts a claim arising from or relating to pending or threatened litigation against a Debtor, including any claim arising for alleged wage and hour violations or unfair business practices;

f.      any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

g.      any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## IV.    Parties Exempted from the Bar Date.

6.      The following entities whose claims otherwise would be subject to the General

Bar Date need not file proofs of claim:

a.      any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or the Notice and Claims Agent in a form substantially similar to Official Form 410, but only with respect to the particular claim that was properly filed against the correct Debtor(s);

b.      any entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any entity whose claim has previously been allowed by order of the Court;

d.      any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtor(s) pursuant to the Bankruptcy Code or pursuant to an order of the Court;

e.      any Debtor having a claim against another Debtor;

f.      any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.      any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the

Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;57

h.    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.    any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.    any entity holding a claim for which a separate deadline is fixed by this Court;

k.    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date; and

l.    any entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 107] and the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 344] (collectively, the "DIP Orders"), including for the avoidance of doubt, the DIP Agent, the DIP Lenders, the Prepetition Cayman Notes Trustee, the Prepetition Exchange Notes Trustee, the Prepetition 4.875% Notes Trustee, the Prepetition Intercompany Note Agent, the Prepetition Term Loan Agent, the Prepetition ABL Agent, or any other Prepetition Secured Parties (each as defined in the DIP Orders);

---

57    The Debtors reserve all rights regarding any such claims, including to, *inter alia*, assert that such claims are subject to subordination pursuant to section 510 (b) of the Bankruptcy Code.

*provided* that the Prepetition Cayman Notes Trustee, the Prepetition Exchange Notes Trustee, the Prepetition 4.875% Notes Trustee, the Prepetition Intercompany Note Agent, the Prepetition Term Loan Agent, and the Prepetition ABL Agent shall be authorized, but not directed or required, to file a master proof of claim on behalf of the Prepetition Secured Parties on account of any and all claims arising under the applicable Prepetition Credit Documents (as defined in the DIP Orders) against each of the Debtors in which case such master proof of claim shall (i) constitute the filing of a Proof of Claim Form in the chapter 11 cases of all other Debtors against whom a claim may be asserted under the applicable DIP Documents and (ii) have the same effect as if each applicable holder of a claim thereunder had individually filed a Proof of Claim Form against each applicable Debtor on account of such holder's claims.; and

m.   any landlord counterparty to an unexpired non-residential real property lease where the lease has not yet been rejected as of the General Bar Date; *provided*, for the avoidance of doubt, that if a landlord counterparty's lease is rejected, the Rejection Damages Bar Date shall be the deadline by which prepetition claims arising under such lease shall be filed, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amounts unless and until such unexpired lease has been rejected; *provided, further*, that if the applicable rejection order does not establish a Rejection Damages Bar Date, then paragraph 3.d. of this Bar Date Order shall control for purposes of determining the Rejection Damages Bar Date.

## V.    Substantive Requirements of Proofs of Claim

7.    The following requirements shall apply with respect to filing and preparing each proof of claim:

a.   <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant, whether such signature is an electronic signature or is in ink.

b.   <u>Section 503(b)(9) Claim</u>.  In addition to the requirements set forth in (a) above, any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date;

(ii) attach any documentation identifying the particular invoices and any other relevant documents for which thea claim under section 503(b)(9) claimof the Bankruptcy Code is being asserted; and (iii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iv) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

c.    Original Signatures Required.  Only *original* proofs of claim (whether submitted by hard copy or through the Online Portal available at https://omniagentsolutions.com/AtHome) will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.  For the avoidance of doubt, signatures may be an electronic signature or in ink.

d.    Identification of the Debtor Entity.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against At Home Group Inc.

e.    Claim Against Multiple Debtor Entities.  Except as otherwise provided in the DIP Orders, each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on a proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.    Supporting Documentation.  Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than 10 days from the date of such request.

g.    Timely Service.  Each proof of claim must be filed, including supporting documentation, so that the Notice and Claims Agent *actually receives* the proof of claim on or before the General Bar Date, the Governmental Bar Date, or, where applicable, on or before any other Bar Date as set forth herein or as otherwise ordered by the Court, either:  (i) electronically through the Online Portal at https://omniagentsolutions.com/AtHome by clicking on "File a Claim"; or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail, Overnight Courier, or Hand Delivery to:**

**At Home Group Inc. Claims Processing Center**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Ave., Suite 100,**
**Woodland Hills, CA 91367**

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

      h.    <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that the Notice and Claims Agent received a particular proof of claim must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Notice and Claims Agent) and (ii) a self-addressed, stamped envelope.

**VI.**    **Identification of Known Creditors.**

      8.    The Debtors shall mail or email, as applicable pursuant to the Creditor Matrix Order, notice of the General Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing or email address, as applicable, for each such creditor.

**VII.**    **Procedures for Providing Notice of the Bar Date.**

      **A.**    **Distribution of Bar Date Notices.**

      9.    The Bar Date Notice, substantially in the form attached hereto as **Exhibit 2** is approved.

      10.    No later than five ~~business~~<u>calendar</u> days after the later of (i) the date the Debtors file their Schedules with this Court or (ii) entry of the Bar Date Order, the Debtors shall cause the Bar Date Notice[68] and the Proof of Claim Form (collectively, the "<u>Bar Date Package</u>") to be distributed by email or first class mail, in either case as directed by the *Final Order (I) Authorizing the Debtors to (A) Redact Certain Confidential Information of Customers, (B)*

---

[68]    For the avoidance of doubt, the Bar Date Notice shall specify the exact date that is the Bar Date.

*Redact Certain Personally Identifiable Information of Individuals, and (C) Service Certain Parties in Interest by Email; (II) Approving the Form and Manner of Service of the Notice of Commencement;(III) Approving the Form and Manner of Notice to Customers; and (IV) Granting Related Relief* [Docket No. 269] (the "<u>Creditor Matrix Order</u>"), to the following entities:

a.      the Office of the U.S. Trustee for the District of Delaware;

b.      the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis);

c.      counsel to any statutory committee appointed in these chapter 11 cases;

d.      the United States Department of Justice;

e.      the DIP Agent and the Prepetition ABL Agent and counsel thereto;

f.      all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

g.      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Bar Date Order;

h.      all entities that have filed proofs of claim in these chapter 11 cases as of the date of entry of the Bar Date Order;

i.      all known non-Debtor equity and interest holders of the Debtors as of the date of the entry of the Bar Date Order;

j.      all entities that are party to executory contracts and unexpired leases with the Debtors;

k.      all entities that are party to litigation with the Debtors;

l.      all current employees and former employees who were employed by the Debtors in the 24 months prior to the Petition Date (to the extent that contact information for such former employees is available in the Debtors' records after reasonable inquiry);

m.      the U.S. Attorney's Office for the District of Delaware;

n.      the office of the attorney general for each state in which the Debtors maintain or conduct business;

o.      the Internal Revenue Service;

p.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

q.      the U.S. Securities and Exchange Commission.

11.      The Debtors shall, to the extent able, provide all known creditors listed in the Debtors' Schedules, including any amended Schedules, with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the creditors' claim in the Schedules, including, without limitation:  (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete.  Additionally, any creditor may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 410.

12.      After the initial distribution of the Bar Date Packages, the Debtors may, in their discretion and after consultation with the Committee, make supplemental mailings of notices or packages, including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in

these and similar circumstances at any time up to 21 days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

        **B.**      **Publication of Bar Date Notice.**

      13.     The Publication Notice, substantially in the form attached hereto as **Exhibit 3**, is approved.

      14.     The Debtors shall cause the Publication Notice to be published on one occasion in *The New York Times* (National Edition) on or before 21 days before the General Bar Date.  The Debtors are also authorized, but not directed, to publish the Bar Date Notice at such times and in such local publications of general circulation in certain areas where the Debtors have conducted operations, as the Debtors shall determine in their sole discretion.  For the avoidance of doubt, the Debtors are authorized, but not directed, to post the Publication Notice to their official company websites and social media platforms, as the Debtors shall determine in their sole discretion.

      15.     Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice to known and unknown creditors of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and constitutional due process.

**VIII.**   **Consequences of Failure to File a Proof of Claim.**

      16.     ~~Any entity~~Pursuant to Bankruptcy Rule 3003(c)(2), and absent further order of the Court, any holder of a prepetition claim who is required~~,~~ to file but fails~~,~~ to file a proof of claim ~~pursuant to the Bar Date Order on or~~in accordance with the foregoing requirements and

procedures before the applicable Bar Date ~~shall be prohibited from voting~~will be barred, estopped, and enjoined from asserting such claim against the Debtors (or submitting a Proof of Claim with respect thereto), and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, or participat~~ing~~e in any distribution in these chapter 11 cases on account of such claim, ~~and will not~~or receive further notices regarding such claim.

**IX.    Miscellaneous.**

17.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

18.    The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Bar Date Order in accordance with the Motion.

19.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

**<u>Exhibit 1</u>**

**Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

**Fill in the information to identify the case (Select only one Debtor per form):**

To select a debtor, please see attached Exhibit A.

Official Form 410

# Proof of Claim

04/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes    From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name

Number    Street

City    State    ZIP Code

Contact Phone

Contact email

Uniform claim identifier (if you use one)

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City    State    ZIP Code

Contact Phone

Contact email

**4. Does this claim amend one already filed?**

☐ No
☐ Yes    Claim Number on court claims registry (if known) _____    Filed On _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes    Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☐ No
☐ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**    $ _____    **Does this amount include interest or other charges?**
☐ No
☐ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

**9. Is all or part of the claim secured?**
☐ No
☐ Yes    The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*

☐ Motor Vehicle

☐ Other   Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded).

**Value of Property:**    $ _____
**Amount of the claim that is secured:**    $ _____
**Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate:**   (when case was filed)   _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☐ No
☐ Yes    **Amount necessary to cure any default as of the date of the petition.**    $ _____

**11. Is this claim subject to a right of setoff?**
☐ No
☐ Yes    Identify the property: _____

**12. Is this claim for the value of goods received by the debtor within 20 days before the commencement date of this case (11 U.S.C. §503(b)(9))?** [1]
☐ No
☐ Yes    Amount of 503(b)(9) Claim:   $ _____

[1] Section 503(b)(9) of the Bankruptcy Code permits for a party to request for payment as an administrative expense "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. 503(b)(9).

| | | Amount entitled to priority |
|---|---|---|
| **13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
| | ☐ Yes   *Check all that apply* | |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it.**
**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                       MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name    _____
            First Name          Middle Name          Last Name

Title    _____

Company  _____
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
            Number        Street

         _____
            City                    State        ZIP Code

Contact Phone  _____    Email  _____

**Exhibit A**

## Fill in the information to identify the case (Select only one Debtor per form):

- ☐ At Home Group Inc. - Case No. 25-11120
- ☐ 1000 Turtle Creek Drive LLC - Case No. 25-11125
- ☐ 10460 SW Fellowship Way LLC - Case No. 25-11141
- ☐ 10800 Assembly Park Dr LLC - Case No. 25-11142
- ☐ 11501 Bluegrass Parkway LLC - Case No. 25-11143
- ☐ 12990 West Center Road LLC - Case No. 25-11144
- ☐ 1376 E. 70th Street LLC - Case No. 25-11126
- ☐ 15255 N Northsight Blvd LLC - Case No. 25-11145
- ☐ 1600 East Plano Parkway, LLC - Case No. 25-11127
- ☐ 1720 N Hardin Blvd LLC - Case No. 25-11121
- ☐ 19000 Limestone Commercial Dr, LLC - Case No. 25-11146
- ☐ 1944 South Greenfield Road LLC - Case No. 25-11128
- ☐ 2016 Grand Cypress Dr LLC - Case No. 25-11129
- ☐ 2301 Earl Rudder Frwy S LLC - Case No. 25-11130
- ☐ 300 Tanger Outlet Blvd LLC - Case No. 25-11122
- ☐ 3002 Firewheel Parkway LLC - Case No. 25-11131
- ☐ 3015 W 86th St LLC - Case No. 25-11132
- ☐ 334 Chicago Drive, LLC - Case No. 25-11123
- ☐ 3551 S 27th Street LLC - Case No. 25-11133
- ☐ 361 Newnan Crossing Bypass LLC Store - Case No. 25-11124
- ☐ 4200 Ambassador Caffery Pkwy LLC - Case No. 25-11134
- ☐ 4304 West Loop 289 LLC - Case No. 25-11135
- ☐ 4700 Green Road LLC - Case No. 25-11136
- ☐ 4801 183A Toll Road, LLC - Case No. 25-11137
- ☐ 7050 Watts Rd LLC - Case No. 25-11138
- ☐ 8651 Airport Freeway LLC - Case No. 25-11139
- ☐ 9570 Fields Ertel Road LLC - Case No. 25-11140
- ☐ Ambience Intermediate, Inc. - Case No. 25-11147
- ☐ Ambience Parent, Inc. - Case No. 25-11148
- ☐ At Home Assembly Park Drive Condominium Association - Case No. 25-11149
- ☐ At Home Companies LLC - Case No. 25-11150
- ☐ At Home Gift Card LLC - Case No. 25-11151
- ☐ At Home Holding II Inc. - Case No. 25-11152
- ☐ At Home Holding III Inc. - Case No. 25-11153
- ☐ At Home Procurement Inc. - Case No. 25-11154
- ☐ At Home Properties LLC - Case No. 25-11155
- ☐ At Home RMS Inc. - Case No. 25-11156
- ☐ At Home Stores LLC - Case No. 25-11157
- ☐ Compass Creek Parkway LLC - Case No. 25-11158
- ☐ Nodal Acquisitions, LLC - Case No. 25-11159
- ☐ Rhombus Dev, LLC - Case No. 25-11160
- ☐ Transverse II Development LLC - Case No. 25-11161

## Exhibit 2

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

**TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF
THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| At Home Group Inc. | 25-11120 |
| 1000 Turtle Creek Drive LLC | 25-11125 |
| 10460 SW Fellowship Way LLC | 25-11141 |
| 10800 Assembly Park Dr LLC | 25-11142 |
| 11501 Bluegrass Parkway LLC | 25-11143 |
| 12990 West Center Road LLC | 25-11144 |
| 1376 E. 70th Street LLC | 25-11126 |
| 15255 N Northsight Blvd LLC | 25-11145 |
| 1600 East Plano Parkway, LLC | 25-11127 |
| 1720 N Hardin Blvd LLC | 25-11121 |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:   At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119).   The location of the Debtors' service address for purposes of these chapter 11 cases is:  9000 Cypress Waters Blvd, Coppell, Texas 75019.

| | |
|---|---|
| 19000 Limestone Commercial Dr, LLC | 25-11146 |
| 1944 South Greenfield Road LLC | 25-11128 |
| 2016 Grand Cypress Dr LLC | 25-11129 |
| 2301 Earl Rudder Frwy S LLC | 25-11130 |
| 300 Tanger Outlet Blvd LLC | 25-11122 |
| 3002 Firewheel Parkway LLC | 25-11131 |
| 3015 W 86th St LLC | 25-11132 |
| 334 Chicago Drive, LLC | 25-11123 |
| 3551 S 27th Street LLC | 25-11133 |
| 361 Newman Crossing Bypass LLC | 25-11124 |
| 4200 Ambassador Caffery Pkwy LLC | 25-11134 |
| 4304 West Loop 289 LLC | 25-11135 |
| 4700 Green Road LLC | 25-11136 |
| 4801 183a Toll Road, LLC | 25-11137 |
| 7050 Watts Rd LLC | 25-11138 |
| 8651 Airport Freeway LLC | 25-11139 |
| 9570 Fields Ertel Road LLC | 25-11140 |
| Ambience Intermediate, Inc. | 25-11147 |
| Ambience Parent, Inc. | 25-11148 |
| At Home Companies LLC | 25-11150 |
| At Home Gift Card LLC | 25-11151 |
| At Home Holding II Inc. | 25-11152 |
| At Home Holding III Inc. | 25-11153 |
| At Home Procurement Inc. | 25-11154 |
| At Home Properties LLC | 25-11155 |
| At Home RMS Inc. | 25-11156 |
| At Home Stores LLC | 25-11157 |
| Compass Creek Parkway LLC | 25-11158 |
| Nodal Acquisitions, LLC | 25-11159 |
| Rhombus Dev, LLC | 25-11160 |
| Transverse II Development LLC | 25-11161 |

**PLEASE TAKE NOTICE THAT:**

On June 16, 2025 (the "Petition Date"), At Home Group Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").[2]

---

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Jeremy Aguilar, Chief Financial Officer of At Home Group Inc. and Certain of Its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 4] (the "First Day Declaration"), incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

On [●], 2025 the Court entered an order [Docket No. [●]] (the "<u>Bar Date Order</u>") establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code.

For your convenience, enclosed with this notice (this "<u>Bar Date Notice</u>") is a proof of claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "<u>Schedules</u>").  If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and pursuant to section 101(5) of the Bankruptcy Code:  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.      THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in these chapter 11 cases.

     a.      ***The General Bar Date***.  Pursuant to the Bar Date Order, except as described below, **all entities holding claims against the Debtors that arose or are deemed to have arisen before the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9), are required to file proofs of claim so that the Debtors' notice and claims agent retained in these chapter 11 cases, Omni Agent Solutions, Inc. (the "<u>Notice and Claims Agent</u>"), *actually receives such proofs of claim* by the General Bar Date (*i.e.*, [●], 2025, at 11:59 p.m., prevailing Eastern Time, which is the date that is 30 days after the Debtors filed their Schedules)**.  The General Bar Date applies to all types of claims against the Debtors that arose before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and

unexpired leases that have already been rejected by order of the Court in these chapter 11 cases.

b.     ***The Governmental Bar Date***.   Pursuant to the Bar Date Order, **all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim so that the Notice and Claims Agent *actually receives such proofs of claim by* the Governmental Bar Date (*i.e.*, by 11:59 p.m., prevailing Eastern Time on December 15, 2025)**.   The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.     ***Amended Schedules Bar Date***.   If the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if such creditor so chooses, is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (ii) 11:59 p.m., prevailing Eastern Time, on the date that is ~~21~~30 days from the date on which the Debtors provide notice of the amendment to the Schedules.

d.     ***Rejection Damages Bar Date***.   In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the bar date for filing a Proof of Claim based on the Debtors' rejection of such contract or lease shall be the later of (i) the General Bar Date, and (ii) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order. All entities holding such claims against the Debtors are required to file proofs of claim so that the Notice and Claims Agent actually receives such proofs of claim by the applicable Rejection Damages Bar Date.  For the avoidance of doubt and notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property shall not be required to file a proof of claim with respect to prepetition amounts or claims on account of such rejection unless and until the applicable lease is rejected by the Debtors.  If a landlord counterparty's lease is rejected, the Rejection Damages Bar Date shall be set forth in the applicable rejection

4

order; *provided, however,* that if the applicable rejection order does not establish a Rejection Damages Bar Date, then this paragraph 3.d. shall control.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) before the Petition Date **must** file proofs of claim on or before the General Bar Date, Governmental Bar Date, or any other Bar Date set forth in the Bar Date Order, as applicable:

    a.    any entity whose claim against a Debtor is **not** listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

    b.    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

    c.    any entity who asserts a claim arising from the rejection of an executory contract or unexpired lease of a Debtor and has not previously filed any such claim;

    d.    any entity who asserts a claim against a Debtor arising from or relating to the purchase or sale of any security of the Debtors, including, without limitation, any equity security;

    e.    any entity who asserts a claim arising from or relating to pending or threatened litigation against a Debtor, including any claim arising for alleged wage and hour violations or unfair business practices;

    f.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

    g.    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file proofs of claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order,

you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates need ***not*** file proofs of claims:

    a.    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with the Notice and Claims Agent in a form substantially similar to Official Form 410, but only with respect to the particular claim that was properly filed against the correct Debtor(s);

    b.    any entity whose claim is listed on the Schedules if:  (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

    c.    any entity whose claim has previously been allowed by order of the Court;

    d.    any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtor(s) pursuant to the Bankruptcy Code or pursuant to an order of the Court;

    e.    any Debtor having a claim against another Debtor;

    f.    any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

    g.    any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[3]

    h.    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

---

[3]    The Debtors reserve all rights regarding any such claims, including to, *inter alia*, assert that such claims are subject to subordination pursuant to section 510 (b) of the Bankruptcy Code.

i.      any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.      any entity holding a claim for which a separate deadline is fixed by this Court;

k.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date; ~~and~~

l.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 107] and the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 344] (collectively, the "<u>DIP Orders</u>"), including for the avoidance of doubt, the DIP Agent, the DIP Lenders, the Prepetition Cayman Notes Trustee, the Prepetition Exchange Notes Trustee, the Prepetition 4.875% Notes Trustee, the Prepetition Intercompany Note Agent, the Prepetition Term Loan Agent, the Prepetition ABL Agent, or any other Prepetition Secured Parties (each as defined in the DIP Orders); *provided* that the Prepetition Cayman Notes Trustee, the Prepetition Exchange Notes Trustee, the Prepetition 4.875% Notes Trustee, the Prepetition Intercompany Note Agent, the Prepetition Term Loan Agent, and the Prepetition ABL Agent shall be authorized, but not directed or required, to file a master proof of claim on behalf of the Prepetition Secured Parties on account of any and all claims arising under the applicable Prepetition Credit Documents (as defined in the DIP Orders) against each of the Debtors in which case such master proof of claim shall (i) constitute the filing of a Proof of Claim Form in the chapter 11 cases of all other Debtors against whom a claim may be asserted under the applicable DIP Documents and (ii) have the same effect as if each applicable holder of a claim thereunder had individually filed a Proof of Claim Form against each applicable Debtor on account of such holder's claims<u>; and</u>

m.   any landlord counterparty to an unexpired non-residential real property lease where the lease has not yet been rejected as of the General Bar Date; *provided*, for the avoidance of doubt, that if a landlord counterparty's lease is rejected, the Rejection Damages Bar Date shall be the deadline by which prepetition claims arising under such lease shall be filed, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amounts unless and until such unexpired lease has been rejected; *provided, further*, that if the applicable rejection order does not establish a Rejection Damages Bar Date, then paragraph 3.d. of this Bar Date Notice shall control for purposes of determining the Rejection Damages Bar Date.

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each proof of claim:

a.   <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.   <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; (iii) attach documentation of the date  on which the goods were delivered to and received by the Debtors; (iv) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

c.   <u>Original Signatures Required</u>.  Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal available at https://omniagentsolutions.com/AtHome) will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.   <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint

administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against At Home Group Inc.

e.  <u>Claim Against Multiple Debtor Entities</u>.  Except as otherwise provided in the DIP Orders, each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.  <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than 10 days from the date of such request.

g.  <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so that the Notice and Claims Agent ***actually receives*** the proof of claim on or before the General Bar Date, the Governmental Bar Date, or, where applicable, on or before any other Bar Date as set forth herein or as otherwise ordered by the Court, either:  (i) electronically through the Online Portal by clicking on "File a Claim"; or (ii) by U.S. Mail, overnight mail, or other hand delivery system at the following address:

**By First Class Mail, Overnight Courier, or Hand Delivery to:**

**At Home Group Inc. Claims Processing Center**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Ave., Suite 100,**
**Woodland Hills, CA 91367**

| |
|---|
| **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.** |

h.  <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that the Notice and Claims Agent received a particular proof of claim must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Notice and Claims Agent) and (ii) a self-addressed, stamped envelope.

## V.       CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and pursuant to Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

   a.       YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

   b.       YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THAT BARRED CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.      RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.     THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Forms regarding the nature, amount, and status of your claim(s).  If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need ***not*** file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.   ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Notice and Claims Agent's website at https://omniagentsolutions.com/AtHome.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' Notice and Claims Agent, by calling the Debtors' restructuring hotline at: (888)-818-9346 (U.S. & Canada) or (747)-293-0014 (International), or writing (i) via first class mail, to At Home Group Inc. Claims Processing Center, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or (ii) via email to: AtHomeInquiries@OmniAgnt.com with a reference to "At Home Group Inc." in the subject line.

| |
|---|
| **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.** |

*[Remainder of page intentionally left blank]*

<u>**Exhibit 3**</u>

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING OF**
**PROOFS OF CLAIM, INCLUDING REQUESTS FOR**
**PAYMENTS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

---

**THE GENERAL BAR DATE IS [●], 2025, AT 11:59 P.M. (PREVAILING EASTERN TIME), WHICH IS THE DATE THAT IS 30 DAYS AFTER THE DEBTORS FILED THEIR SCHEDULES**

**THE GOVERNMENTAL BAR DATE IS DECEMBER 15, 2025, AT 11:59 P.M. (PREVAILING EASTERN TIME)**

**THE AMENDED SCHEDULES BAR DATE IS AS DEFINED HEREIN**

**THE REJECTION DAMAGES BAR DATE IS AS DEFINED HEREIN**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Deadlines for Filing Proofs of Claim**.  On [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  9000 Cypress Waters Blvd, Coppell, Texas 75019.

for payment under section 503(b)(9) of the Bankruptcy Code, in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| DEBTOR | CASE NO. |
|---|---|
| At Home Group Inc. | 25-11120 |
| 1000 Turtle Creek Drive LLC | 25-11125 |
| 10460 SW Fellowship Way LLC | 25-11141 |
| 10800 Assembly Park Dr LLC | 25-11142 |
| 11501 Bluegrass Parkway LLC | 25-11143 |
| 12990 West Center Road LLC | 25-11144 |
| 1376 E. 70th Street LLC | 25-11126 |
| 15255 N Northsight Blvd LLC | 25-11145 |
| 1600 East Plano Parkway, LLC | 25-11127 |
| 1720 N Hardin Blvd LLC | 25-11121 |
| 19000 Limestone Commercial Dr, LLC | 25-11146 |
| 1944 South Greenfield Road LLC | 25-11128 |
| 2016 Grand Cypress Dr LLC | 25-11129 |
| 2301 Earl Rudder Frwy S LLC | 25-11130 |
| 300 Tanger Outlet Blvd LLC | 25-11122 |
| 3002 Firewheel Parkway LLC | 25-11131 |
| 3015 W 86th St LLC | 25-11132 |
| 334 Chicago Drive, LLC | 25-11123 |
| 3551 S 27th Street LLC | 25-11133 |
| 361 Newman Crossing Bypass LLC | 25-11124 |
| 4200 Ambassador Caffery Pkwy LLC | 25-11134 |
| 4304 West Loop 289 LLC | 25-11135 |
| 4700 Green Road LLC | 25-11136 |
| 4801 183a Toll Road, LLC | 25-11137 |
| 535 Pleasant Grove Rd LLC | 25-11138 |
| 7050 Watts Rd LLC | 25-11139 |
| 8651 Airport Freeway LLC | 25-11140 |
| 9570 Fields Ertel Road LLC | 25-11147 |
| Ambience Intermediate, Inc. | 25-11148 |
| Ambience Parent, Inc. | 25-11150 |
| At Home Companies LLC | 25-11151 |
| At Home Gift Card LLC | 25-11152 |
| At Home Holding II Inc. | 25-11153 |
| At Home Holding III Inc. | 25-11154 |
| At Home Procurement Inc. | 25-11155 |
| At Home Properties LLC | 25-11156 |
| At Home RMS Inc. | 25-11157 |
| At Home Stores LLC | 25-11158 |
| Compass Creek Parkway LLC | 25-11159 |
| Nodal Acquisitions, LLC | 25-11160 |
| Rhombus Dev, LLC | 25-11161 |
| Transverse II Development LLC | 25-11128 |

**The Bar Dates**.  Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, estates, and trusts who have a claim or potential claim against the Debtors that arose before June 16, 2025 (the "Petition Date"), no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM by *[●],* ***2025, at 11:59 p.m., prevailing Eastern Time, which is the date that is 30 days after the Debtors filed their Schedules (the "General Bar Date")***.  Governmental entities who have a claim or potential claim against the Debtors that arose before the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before ***December 15, 2025, at 11:59 p.m., prevailing Eastern Time (the "Governmental Bar Date")***.  All entities who have a claim or potential claim against the Debtors based on any amendment by the Debtors of their Schedules, no matter how remote or contingent such right to payment or equitable remedy may be, if they so choose, MUST FILE A PROOF OF CLAIM on ***the later of (a) the General Bar Date or the Governmental Bar Date, as applicable to such claim, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is*** ~~***21***~~***30 days from the date on which the Debtors provide notice of the amendment (the "Amended Schedules Bar Date")***.  All entities who have a claim or potential claim against the Debtors based on the Debtors' rejection of an executory contract or unexpired lease, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on ***the later of (i) the General Bar Date, and (ii) 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Claim Bar Date")***.

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE THE APPLICABLE BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

**Filing a Proof of Claim**.  Each proof of claim must be filed, including supporting documentation, so that the Debtors' notice and claims agent retained in these chapter 11 cases (the "Notice and Claims Agent") ***actually receives*** such proof of claim on or before the applicable Bar Date, either:  (i) electronically through the Online Portal available at https://omniagentsolutions.com/AtHome by clicking on "File a Claim"; or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail, Overnight Courier, or Hand Delivery to:**

**At Home Group Inc. Claims Processing Center**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Ave., Suite 100,**
**Woodland Hills, CA 91367**

**Contents of Proofs of Claim**.  Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion);

3

(iii) clearly identify the Debtor against which the claim is asserted (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (vi) include as attachments any and all supporting documentation on which the claim is based.  ***Please note*** that each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against At Home Group Inc.

**Section 503(b)(9) Requests for Payment**.  Any proof of claim asserting a claim arising under section 503(b)(9) of the Bankruptcy Code must also (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; (iii) attach documentation on which the goods were delivered to and received by the Debtors; (iv) documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

**Additional Information**.  If you require additional information regarding the filing of a proof of claim, you may contact the Notice and Claims Agent, by calling the Debtors' restructuring hotline at: (888)-818-9346 (U.S. & Canada) or (747)-293-0014 (International), or writing (i) via first class mail, to At Home Group Inc. Claims Processing Center, c/o Omni Agent Solutions Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or (ii) via email to: AtHomeInquiries@OmniAgnt.com with a reference to "At Home Group Inc." in the subject line. ***Please note*** that the Notice and Claims Agent ***cannot*** offer legal advice or advise whether you should file a proof of claim.

*[Remainder of page intentionally left blank]*