## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | **Re:  Docket No. 346** |

## NOTICE OF REJECTION OF CERTAIN
## EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on July 18, 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. 346] (the "Procedures Order"), attached hereto as **Schedule 1**.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). The location of the Debtors' service address for purposes of these chapter 11 cases is:  9000 Cypress Waters Blvd, Coppell, Texas 75019.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.[3]

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts, including to the proposed abandonment of the Abandoned Property, must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases no later than 14 days after the date that the Debtors filed this Notice and promptly serve such objection on the following parties:  (a) the Debtors, At Home Group Inc., 9000 Cypress Waters Blvd, Coppell, Texas 75019, Attn.: Laura Kelly; (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com), Matthew C. Fagen, P.C. (matthew.fagen@kirkland.com), and Elizabeth H. Jones (elizabeth.jones@kirkland.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn.: Robert S. Brady (rbrady@ycst.com); Joseph M. Mulvihill (jmulvihill@ycst.com); and Timothy R. Powell (tpowell@ycst.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35,

---

[3]    The Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord or such landlord's counsel (if known to Debtors' counsel) in writing (email being sufficient) of the Debtors' surrender of the premises as of the date of such writing and, as applicable (a) turning over keys issued by the landlord, key codes, and/or security codes, if any, to the affected landlord or (b) notifying such affected landlord or such landlord's counsel (if known to Debtors' counsel) in writing (email being sufficient) that the property has been surrendered and that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.  Further, the Rejection Date for a lease of non-residential real property rejected pursuant to the Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

Wilmington, Delaware 19801, Attn.: Jon Lipshie (jon.lipshie@usdoj.gov) and Megan Seliber (megan.seliber@usdoj.gov); (d) counsel to the Ad Hoc Group and the DIP Lenders, (i) Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, NY 10036, Attn.: Stephen Zide (stephen.zide@dechert.com) and Eric Hilmo (eric.hilmo@dechert.com); and (ii) Potter Anderson & Corroon LLP, 1313 North Market Street, Wilmington, Delaware 19801, Attn: M. Blake Cleary (bcleary@potteranderson.com) and Brett M. Haywood (bhaywood@potteranderson.com); (e) counsel to the Prepetition ABL Agent, (i) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Mark Silva (msilva@choate.com) and Kevin Simard (ksimard@choate.com), and (ii) Reed Smith LLP, 1201 North Market Street, Suite 1400, Wilmington, DE 19801, Attn: Kurt F. Gwynne (kgwynne@reedsmith.com); and (f) proposed counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Shirley S. Cho (scho@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward A. Corma (ecorma@pszjlaw.com). Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the applicable Rejection Date set forth in **Schedule 2** or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[4]

---

[4] An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice. Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract(s) to which such objection relates and shall provide at least seven days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such objection is overruled by entry of a Court order or withdrawn, such Contract(s) shall be deemed rejected as of the applicable Rejection Date set forth in **Schedule 2** attached hereto or such other date as the Debtors and the applicable counterparty or counterparties to any such Contract agree or as ordered by the Court; *provided*, *however*, that no Contract shall be deemed rejected absent entry of an applicable Rejection Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract(s), you must do so by the later of (a) the claims bar date established in these chapter 11 cases, if any, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (i) the Rejection Date, and (ii) the date of entry of an order rejecting the Contract.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE

FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated: August 6, 2025
Wilmington, Delaware

/s/ Joseph M. Mulvihill

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (DE Bar No. 2847)
Joseph M. Mulvihill (DE Bar No. 6061)
Timothy R. Powell (DE Bar No. 6894)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        rbrady@ycst.com
              jmulvihill @ycst.com
              tpowell@ycst.com

*Co-Counsel for the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Elizabeth H. Jones (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        nicole.greenblatt@kirkland.com
              matthew.fagen@kirkland.com
              elizabeth.jones@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

## **Schedule 1**

**Procedures Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 21** |

### ORDER (I) AUTHORIZING AND APPROVING
### PROCEDURES TO REJECT OR ASSUME EXECUTORY
### CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"), (a) authorizing and approving the Contract Procedures for rejecting, assuming, or assuming and assigning the Contracts; and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). The location of the Debtors' service address for purposes of these chapter 11 cases is: 9000 Cypress Waters Blvd, Coppell, Texas 75019.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is granted as set forth herein.

2.  The following Rejection Procedures are approved in connection with rejecting Contracts:

    a.  ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 1** (the "Rejection Notice") indicating the Debtors' intent to reject a Contract(s) pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract(s) to be rejected; (ii) the Debtor(s) party to such Contract(s); (iii) the names and addresses of the counterparties to such Contract(s)  (each  a "Rejection  Counterparty"  and,  collectively, the "Rejection Counterparties");[3] (iv) the proposed effective date of

---

[3]  In accordance with any order of the Court approving the relief sought in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Redact Certain Confidential Information of Customers, (B) Redact Certain Personally Identifiable Information of Individuals, and (C) Serve Certain Parties in Interest by Email; (II) Approving the Form and Manner of Service of the Notice of Commencement; (III) Approving the Form and Manner of Notice to Customers, and (IV) Granting Related Relief* [Docket No. 9] (the "Creditor Matrix Motion"), as applicable, the Debtors will redact certain personally identifiable and/or confidential information

rejection for each such Contract(s), as may be modified as set forth in paragraph 1 of the Rejection Order (each, the "Rejection Date"); (v) if any such Contract is a lease, the personal property to be abandoned (the "Abandoned Property"), if any, and a reasonable description of the abandoned property; (vi) with respect to real property, any known third party having a secured interest in any remaining property, including personal property, furniture, fixtures, and equipment, located at the leased premises; (vii) for a real property lease, the store number and physical address of the leased premises; and (viii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts in accordance with Bankruptcy Rule 6006, and the Rejection Counterparties shall be listed in alphabetical order, and the list shall be provided in legible font. Furthermore, the Rejection Notice shall include the proposed form of order (the "Rejection Order") approving the rejection of the Contracts, which shall be subject to negotiation by the Debtors, the Rejection Counterparties, the DIP Lenders, the Prepetition ABL Agent, and the Committee; *provided* that the structure of the order shall be substantially similar to the proposed form of the Rejection Order attached to Exhibit 1 as Schedule 3. No Contract shall be deemed rejected absent entry of an applicable Rejection Order.

b.  ***Service of the Rejection Notice***.  As soon as reasonably practicable following the filing of a Rejection Notice, the Debtors will cause each Rejection Notice to be served, regardless of the manner and means required for delivery of notices stated in the affected Contract(s): (i) by overnight service and electronic mail upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel via email, if known, with email service upon such counsel being sufficient if a notice of appearance from such counsel is on file on the docket) and all known parties who may have any interest in any applicable Abandoned Property, if any; and (ii) by first class mail, email, or fax, upon (a) the Office of the United States Trustee for the District of Delaware, Attn.: Jon Lipshie (jon.lipshie@usdoj.gov) and Megan Seliber (megan.seliber@usdoj.gov); (b) proposed counsel to the Official Committee of Unsecured Creditors (the "Committee"),[4] Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Shirley S. Cho (scho@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward A. Corma (ecorma@pszjlaw.com), (c) counsel to the Ad Hoc Group and the DIP Lenders, (i) Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, NY 10036, Attn.: Stephen Zide

---

related to the Rejection Counterparties. For the avoidance of doubt, the Debtors will serve all Rejection Counterparties with the relevant Rejection Notice.

[4]  The Debtors shall provide a copy of each Rejection Notice to counsel to the Committee and counsel to the DIP Lenders and the Prepetition ABL Agent three business days in advance of the filing of such Rejection Notice.

(stephen.zide@dechert.com) and Eric Hilmo (eric.hilmo@dechert.com); and (ii) Potter Anderson & Corroon LLP, 1313 North Market Street, Wilmington, Delaware 19801, Attn: M. Blake Cleary (bcleary@potteranderson.com) and Brett M. Haywood (bhaywood@potteranderson.com); (d) counsel to the Prepetition ABL Agent, (i) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Mark Silva (msilva@choate.com) and Kevin Simard (ksimard@choate.com), and (ii) Reed Smith LLP, 1201 North Market Street, Suite 1400, Wilmington, DE 19801, Attn: Kurt F. Gwynne (kgwynne@reedsmith.com); and (e) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) (collectively, the "Master Notice Parties").

c.      ***Objection Procedures***.  Parties objecting to a proposed rejection, including the proposed abandonment of any Abandoned Property, must file and serve a written objection[5] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties (collectively, the "Objection Service Parties") no later than 14 calendar days after the date the Debtors file the relevant Rejection Notice and promptly serve such objection on the following parties:  (i) the Debtors, At Home Group Inc., 9000 Cypress Waters Blvd, Coppell, Texas 75019, Attn.: Laura Kelly; (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com), Matthew C. Fagen, P.C. (matthew.fagen@kirkland.com), and Elizabeth H. Jones (elizabeth.jones@kirkland.com), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn.:  Robert S. Brady (rbrady@ycst.com); Edwin J. Harron (eharron@ycst.com); and Joseph M. Mulvihill (jmulvihill@ycst.com); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jon Lipshie (jon.lipshie@usdoj.gov) and Megan Seliber (megan.seliber@usdoj.gov); (iv) counsel to the Ad Hoc Group and the DIP Lenders, (a) Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, NY 10036, Attn.: Stephen Zide (stephen.zide@dechert.com) and Eric Hilmo (eric.hilmo@dechert.com); and (b) Potter Anderson & Corroon LLP, 1313 North Market Street, Wilmington, Delaware 19801, Attn: M. Blake Cleary (bcleary@potteranderson.com) and Brett M. Haywood (bhaywood@potteranderson.com); (v) counsel to the Prepetition ABL Agent, (a) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Mark Silva (msilva@choate.com) and Kevin Simard (ksimard@choate.com), and (b) Reed Smith LLP, 1201 North Market Street, Suite 1400, Wilmington, DE 19801, Attn: Kurt F. Gwynne

---

[5]    An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

(kgwynne@reedsmith.com); and (vi) proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Shirley S. Cho (scho@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward A. Corma (ecorma@pszjlaw.com).

d.  ***No Objection Timely Filed***.  If no objection or response to the rejection of any Contract is timely filed, including the proposed abandonment of any Abandoned Property, the Debtors shall file a Rejection Order under a certificate of no objection.  Each Contract listed in the applicable Rejection Notice shall be deemed rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided*, *however*, that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord or such landlord's counsel (if known to Debtors' counsel) in writing (email being sufficient) of the Debtors' surrender of the premises as of the date of such writing and, as applicable (a) turning over keys issued by the landlord, key codes, and/or security codes, if any, to the affected landlord or (b) notifying such affected landlord or such landlord's counsel (if known to Debtors' counsel) in writing (email being sufficient) that the property has been surrendered and that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.  ***Unresolved Timely Objections***.  If, following a good-faith attempt to reach a resolution with the Debtors, an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven calendar days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  Such Contract will only be deemed rejected upon entry of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors, or if resolution is not reached and/or if such objection is overruled by entry of a Court order or withdrawn, such Contract(s) shall be deemed rejected as of (i) the applicable Rejection Date set forth in the Rejection Notice, (ii) such other date to which the Debtors and the applicable Rejection Counterparty agree, or (iii) as ordered by the Court.

f.  ***Consent Orders***.  Any objection may be resolved without a hearing by the filing of a notice of such resolution signed by counsel to the Debtors, counsel to the objecting party, and counsel to the Rejection Counterparty.

g.  ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the applicable Rejection Date but shall provide any affected Rejection Counterparty and the Master Notice Parties with notice of the removal of any Contract from the Rejection Notice (email being sufficient) as soon as reasonably practicable after such removal, but in any event, no more than two business days after such removal.  Notwithstanding anything to the contrary herein, nothing shall prejudice the rights of any Rejection Counterparties to object the removal of their Contracts from the schedule to any Rejection Notice.

h.  ***No Application of Security Deposits***.  To the extent applicable, if the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off, recoup, draw on, apply or otherwise use such security deposit or other arrangement without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

i.  ***Abandoned Property***.  The Debtors, in consultation with the Prepetition ABL Agent, are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property; *provided, however*, that Abandoned Property shall not include any hazardous materials or personally identifiable information.  Absent a timely objection, any and all of the Debtors' personal property located on the Debtors' leased premises on the Rejection Date of the applicable lease of non-residential real property, unless otherwise specified by the Debtors (and other than any leased property not owned by the Debtors), shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  After the Abandoned Property is deemed abandoned pursuant to section 554 of the Bankruptcy Code, the applicable Contract counterparty or counterparties may, in their sole discretion and without further notice to any third party or the Debtors or any order of this Court, utilize and/or dispose of such property without liability to the Debtors or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.  The Contract counterparty's right, if any, to file a claim for the disposal of such property are reserved, as are the rights of any party in interest to object to such claims. To the extent requested by Contract counterparty, the Debtors shall be permitted to abandon the Abandoned Property to such Contract counterparty to facilitate such party's use or disposal of such Abandoned Property.  For the avoidance of doubt, nothing in this Order is intended to affect the rights of any party other than the Debtors in such Abandoned Property. The rights of any other party in Abandoned Property, and the rights of the landlord regarding such Abandoned Property, will be governed by applicable non-bankruptcy law.

j. ***Proofs of Claim***. Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (a) the Rejection Date, and (b) the date of entry of an order rejecting the contract. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases or otherwise.

3. The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts:

a. ***Assumption Notice***. The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to assume a Contract(s) pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things:   (i) the Contract(s) to be assumed; (ii) the Debtor(s) party to such Contract(s); (iii) the names and addresses of the counterparties to such Contracts (each an "Assumption Counterparty"); (iv) the identity of any proposed assignee of such Contracts (the "Assignee"), if applicable; (v) the effective date of the assumption for each such Contract (the "Assumption Date"); (vi) the proposed cure amount, if any for each such Contract; (vii) a description of any material amendments to the Contract made outside of the ordinary course of business, either by mutual agreement by the parties or otherwise; (viii) for a real property lease, the store number and physical address of the leased premises; and (ix) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts in accordance with Bankruptcy Rule 6006; *provided* that the Assumption Counterparties shall be listed in alphabetical order, and the list shall be provided in legible font.   Furthermore, the Assumption Notice shall include the proposed form of order (the "Assumption Order") approving the assumption of the Contracts which shall be subject to negotiation by the Debtors, the Assumption Counterparties, the DIP Lenders, the Prepetition ABL Agent, and the Committee. No Contract shall be deemed assumed absent entry of an applicable Assumption Order.

b. ***Service of the Assumption Notice and Evidence of Adequate Assurance***. The Debtors will cause such Assumption Notice to be served, regardless of the manner and means required for delivery of notices stated in the affected Contract(s) (i) by first class mail upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, with email service upon such counsel ***being*** sufficient if a notice of appearance or request for service of notices from such counsel is on file on the docket) and (ii) by overnight

7

service and electronic mail, email, or fax upon the Master Notice Parties.[6] To the extent the Debtors seek to assume and assign a lease of non-residential real property to a third-party, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by ***overnight*** delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, by electronic mail).   For the avoidance of doubt, as adequate assurance, the Assignee(s) may be required to, among other things:  (a) pay year-end adjustment and reconciliation amounts that become due or accrue after the closing date (and shall be entitled to receive any credits therefor); (b) pay all amounts that become due after the closing date under the applicable lease, including, but not limited to, royalties, rents, utilities, taxes, insurance, fees, common area or other maintenance charges, promotion funds, percentage rent or any other remaining obligations that may have accrued prior to the closing date that are unbilled, not yet due or subject to further adjustment as of the closing date (if any) pursuant to, and in accordance with, the terms of the applicable leases; and (c) comply with all terms of the applicable leases, including, but not limited to, maintenance, repair obligations, and indemnification obligations pursuant to, and if applicable under, the applicable leases.  The Assignee may also be required by the Debtors and/or the Assumption Counterparty to provide additional adequate assurance information, including, but not limited to: (i) the exact name of the entity that will be designated as the proposed assignee of the applicable lease and any guarantor; (ii) the proposed name under which the proposed assignee intends to operate the store pursuant to the unexpired lease if not the current trade-name of the Debtors; (iii) audited (or un-audited, if audited is not available) financial statements and any supplemental schedules for the calendar or fiscal years ended 2022, 2023, and 2024 and Q1 of 2025 for both the proposed assignee and any guarantors, tax returns, and bank account statements; (iv) a corporate organization chart or similar disclosure identifying ownership and control of the proposed assignee of the applicable executory contracts and unexpired leases; (v) a description of the business to be conducted at the premises; (vi) a contact person for the proposed assignee; and (vii) proof of tail liability insurance coverage to the extent insurance coverage is required under the applicable lease.

c.     ***Objection Procedures***.   Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[7]  so that such objection

---

[6]   The Debtors shall serve (electronic mail being sufficient) a counterparty to a Contract to be assumed under the Contract Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

[7]   An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

is filed with this Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the Objection Service Parties no later than 14 calendar days after the date the Debtors file the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties. Notwithstanding anything to the contrary herein, the rights of the Assumption Counterparties to object to an Assumption Notice on the time period set forth herein are preserved.

d.  ***No Objection Timely Filed***.  If no objection or response to the assumption of any Contract is timely filed, the Debtors shall file an Assumption Order under a certificate of no objection.  Each Contract shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparties agree, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided, however,* that the Assumption Date for a Lease shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.  ***Unresolved Timely Objections***.  If, following a good-faith attempt to reach a resolution with the Debtors, an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least 10 calendar days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  Such Contract will only be assumed upon entry of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or if resolution is not reached and/or the objection is overruled by entry of a Court order or withdrawn, such Contract shall be assumed as of (i) the Assumption Date set forth in the Assumption Notice, (ii) such other date to which the Debtors and the counterparty to such Contract have agreed, or (iii) as ordered by this Court.

f.  ***Consent Orders***.  Any objection may be resolved without a hearing by the filing of a notice of such resolution signed by counsel to the Debtors, counsel to the objecting party, and counsel to the Assumption Counterparty.

g.  ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close) but shall provide any affected Assumption Counterparty and the Master Notice Parties with notice of the removal of any Contract from the Assumption Notice (email being sufficient) as soon as reasonably practicable after such removal, but in any event, no more than two business days after such removal.

4.      The rights of the counterparties to each Contract to assert claims for the disposition of the Abandoned Property are reserved, as are all parties' rights to object to such claims. Notwithstanding any other provision of this Order, (a) the Debtors are not authorized to abandon, and are directed to remove, any hazardous materials as defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law, and (b) to the extent the Debtors seek to abandon personal property that contains any "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal or confidential information about the Debtors' employees or customers, or any other individual (the "<u>Confidential Information</u>"), the Debtors shall remove the Confidential Information from such property before abandonment.

5.      With regard to Contracts to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances (x) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee) or (y) in respect of any taxes); *provided* that the assignment of any Contract(s) shall be in accordance with the requirements of section 365(b)(3) of the Bankruptcy Code, including, but not limited to, the obligation of Assignee to not breach any such provision contained in any other

lease, financing agreement, or master agreement relating to the Contract(s); *provided, further* that the assignment of any Contract(s) shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property including, but not limited to, year-end adjustment and reconciliation amounts such as tax and common area or other maintenance charges, royalties, rents, utilities, taxes, insurance, fees, promotion funds, percentage rent or any other remaining obligations that may have accrued prior to the closing date but are subject to further adjustment as of the closing date and the Assignee shall be entitled to receive any credits arising out of such post-closing reconciliations, if any; and (b) constitute a legal, valid, and effective transfer of such Contract(s) and vest the applicable Assignee with all rights, titles, and interests to the applicable Contracts.[8]    For the avoidance of doubt, the Assignment of the Contract(s) shall not be free and clear of easements, rights-of-way, and restrictive covenants, as well as any reciprocal easement agreement or declaration of covenants and restrictions or other similar land use agreement (each an "REA" and collectively the "REAs") or any ground or master lease (each a "Master Lease" and collectively the "Master Leases") and any local law related to the shopping center (collectively, the "Local Laws," together with the REAs and the Master Leases, the "Permitted Encumbrances") to which the Debtors were subject as of the closing date; *provided*, *however*, that, in all respects, Assignee shall assume all of the terms, conditions and covenants of the Lease as tenant under the applicable Lease, and agrees to assume, pay, perform and discharge all obligations and duties with respect to the Lease that accrue and become due on or after the closing date (the "Lease Obligations") except as set forth in this Order.

---

[8]    Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract.  The Debtors reserve all rights with respect to the enforceability of such provisions, including the right to argue such clauses are unenforceable and such counterparties' defenses are similarly reserved.

6.      Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), and the Debtors are hereby authorized in accordance with sections 365(b) and 365(f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contracts, with any applicable Assignees being responsible only for the post-assignment liabilities or defaults under the applicable Contracts, except as otherwise provided for in this Order, and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.  To the extent that the Assignee and Landlord enter into a separate written agreement with respect to the rights governed herein, such agreement shall govern with respect to the rights and obligations of the Assignee and Landlord; *provided*, *however*, that such agreement shall not impair or affect any rights of the Debtors or their estates.

7.      The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved, as are counterparties' defenses to such assertions.

8.      Unless otherwise agreed, the Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

9.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into consensual amendments with the written consent of the applicable Assumption Counterparty as set forth in an Assumption Notice.

10.     Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion.

11.     Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of cash collateral, and any budgets in connection therewith governing any such use of cash collateral.

12.     Unless explicitly authorized by this Order, nothing in this Order is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Any payment made pursuant

to this Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

13.     All rights and defenses of the Debtors and counterparties to the Contracts are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction, as are counterparties' defenses to such assertions.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

14.     Notice of the Rejection as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16.     The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

17.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: July 18th, 2025**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibits to Procedures Order</u>**

[Filed at Docket No. 346]

All exhibits may be found at https://cases.omniagentsolutions.com/AtHome

**Schedule 2**

**Rejected Contracts**

| Rejection Counterparty | Description of Contract[1] | Abandoned Property[2] | Rejection Date | Store Number | Physical Address |
|---|---|---|---|---|---|
| Kohl's Department Stores, Inc. | Sublease dated January 21, 2020 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 276 | 6135 Junction Blvd, Rego Park, NY 11374 |
| Transform Operating Stores LLC | Sublease dated September 7, 2021 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 295 | 300 Baychester Ave, Bronx, NY 10475 |
| Lowe's Home Centers, LLC | Sublease dated March 1, 2020 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 296 | 750 Newhall Dr., San Jose, CA 95110-1106 |
| Transform Leaseco LLC | Sublease dated March 15, 2021 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 318 | 2505 El Camino Real Tustin, CA 92782 |

---

[1]   The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

[2]   For the avoidance of doubt, the Debtors may in certain instance abandon owned property including the following categories: machinery, material handling, display, storage, processing, IT and electronics, service area, supplies and electronics, and leasehold improvement fixtures, furniture, and equipment.

| Rejection Counterparty | Description of Contract[1] | Abandoned Property[2] | Rejection Date | Store Number | Physical Address |
|---|---|---|---|---|---|
| Transform Operating Stores LLC | Sublease dated February 8, 2021 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 265 | 2200 Harbor Blvd Costa Mesa, CA 92627 |
| Transform Lease OPCO LLC | Sublease dated January 29, 2022 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 330 | 3795 E Foothills Blvd Pasadena, CA 91107 |
| ECP / TPB1, LLC | Lease dated September 2, 2022 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 338 | 1982 E 20th St Chico, CA 95928 |
| Pergola LLC and Abraham Properties LLC | Lease dated May 27, 2021 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 324 | 2820 Hwy 63 South Rochester, MN 55904-5571 |
| Che Chen Liu & Shu Fen Liu Revocable Trust | Lease dated November 30, 2018 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 223 | 26532 Towne Center Drive Suites A-B Foothill Ranch, CA 92610 |
| BLI Sunset Square LLC | Lease dated January 25, 2019 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 234 | 1001 E Sunset Drive Bellingham, WA 98226 |

| Rejection Counterparty | Description of Contract[1] | Abandoned Property[2] | Rejection Date | Store Number | Physical Address |
|---|---|---|---|---|---|
| Spirit Realty LP | Lease dated July 8, 2019 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 257 | 8320 Delta Shores Circle S. Sacramento, CA 95832 |
| Brixmor Middletown Plaza Owner, LLC | Lease dated August 31, 2022 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 342 | 1361 NJ-35 Middletown Township, NJ 07748 |
| Transform Lease OPCO LLC | Sublease dated November 2, 2021 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 229 | 2900 N Bellflower Blvd Long Beach, CA 90815 |
| BT Pleasant Hills LP | Lease dated January 20, 2022 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 331 | 720 Clairton Blvd Pittsburgh, PA 15236 |
| YAKIMA THEATRES, INC. | Lease dated September 18, 2019 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 290 | 2530 Rudkin Road Yakima, WA 98903 |
| Shrewsbury Crossing II, LLC | Lease dated November 10, 2021 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 325 | 571 Boston Turnpike Shrewsbury, MA 1545 |

| Rejection Counterparty | Description of Contract[1] | Abandoned Property[2] | Rejection Date | Store Number | Physical Address |
|---|---|---|---|---|---|
| Peoria New Mall LLC | Lease dated February 21, 2022 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 370 | 5203 W War Memorial Dr Peoria, IL 61615 |
| Manassas Real Estate Ventures, LLC | Lease dated May 12, 2015 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 127 | 8300 Sudley Rd. Manassas, VA 20109 |
| UE Ledgewood LLC | Lease dated June 9, 2021 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 322 | 461 Route 10 East Ledgewood, NJ 07852 |
| 905 South 24th Street West Owner LLC | Lease dated December 11, 2019 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 281 | 905 S 24th Street W. Billings, MT 59102 |
| Brixmor SPE 3 LLC | Lease dated April 30, 2019 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 266 | 13180 S Cicero Avenue Crestwood, IL 60445 |
| Oleta Partners Biscayne Parcel LLC | Lease dated December 02, 2020 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 274 | 14585 Biscayne Blvd North Miami, FL 33181 |

**<u>Schedule 3</u>**

**Proposed Rejection Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | **Re:  Docket No. 346** |

**ORDER APPROVING THE REJECTION**
**OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED**
**LEASES AND THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY**

Upon the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 346] (the "Procedures Order")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). The location of the Debtors' service address for purposes of these chapter 11 cases is:  9000 Cypress Waters Blvd, Coppell, Texas 75019.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Procedures Order.

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having properly filed and served a Rejection Notice on each applicable party as set forth in the schedule attached hereto as **Exhibit 1** (the "Rejection Schedule"), in accordance with the terms of the Procedures Order; and no timely objections have been filed to the rejection of such Contracts; and due and proper notice of the Procedures Order and the Rejection Notice having been provided to each applicable Rejection Counterparty as set forth in the Rejection Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Contracts listed on the Rejection Schedule attached hereto as **Exhibit 1** are rejected under section 365 of the Bankruptcy Code effective as of the later of the applicable Rejection Date or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided* that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth on **Exhibit 1** and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord or such landlord's counsel (if known to Debtors' counsel) in writing (email being sufficient) of the Debtors' surrender of the premises as of the date of such writing and, as applicable, (a) turning over keys issued by the landlord, key codes, and/or security codes, if any, to the affected landlord or (b) notifying such affected landlord or such landlord's counsel (if known to Debtors' counsel) in writing (email being sufficient) that the property has been surrendered and that the keys, key codes, and security codes,

if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a lease of non-residential real property rejected pursuant to the Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

2.      The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The personal property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such personal property without notice or liability to the Debtors or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

3.      The rights of the counterparties to each Contract to assert claims for the disposition of the Abandoned Property are reserved, as are all parties' rights to object to such claims. Notwithstanding any other provision of this Order, (a) the Debtors are not authorized to abandon, and are directed to remove, any hazardous materials as defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law, and (b) to the extent the Debtors seek to abandon personal property that contains any "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal or confidential information about the Debtors' employees or customers, or any other individual (the "Confidential Information"), the Debtors shall remove the Confidential Information from such property before abandonment.

4.      Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (i) the Rejection Date, and (ii) the date of entry of an order rejecting the Contract.  If no proof of claim is timely filed, such claimant may be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.  Within two business days, or as soon as reasonably practicable thereafter, after entry of this Order, the Debtors will serve this Order on the counterparties to each of the rejected Contracts.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and the rejection without further order from this Court.

6.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit 1**

**Rejection Schedule**

| Rejection Counterparty | Description of Contract[1] | Abandoned Property[2] | Rejection Date | Store Number | Physical Address |
|---|---|---|---|---|---|
| Kohl's Department Stores, Inc. | Sublease dated January 21, 2020 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 276 | 6135 Junction Blvd, Rego Park, NY 11374 |
| Transform Operating Stores LLC | Sublease dated September 7, 2021 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 295 | 300 Baychester Ave, Bronx, NY 10475 |
| Lowe's Home Centers, LLC | Sublease dated March 1, 2020 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 296 | 750 Newhall Dr., San Jose, CA 95110-1106 |
| Transform Leaseco LLC | Sublease dated March 15, 2021 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 318 | 2505 El Camino Real Tustin, CA 92782 |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

[2] For the avoidance of doubt, the Debtors may in certain instance abandon owned property including the following categories: machinery, material handling, display, storage, processing, IT and electronics, service area, supplies and electronics, and leasehold improvement fixtures, furniture, and equipment.

| Rejection Counterparty | Description of Contract[1] | Abandoned Property[2] | Rejection Date | Store Number | Physical Address |
|---|---|---|---|---|---|
| Transform Operating Stores LLC | Sublease dated February 8, 2021 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 265 | 2200 Harbor Blvd Costa Mesa, CA 92627 |
| Transform Lease OPCO LLC | Sublease dated January 29, 2022 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 330 | 3795 E Foothills Blvd Pasadena, CA 91107 |
| ECP / TPB1, LLC | Lease dated September 2, 2022 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 338 | 1982 E 20th St Chico, CA 95928 |
| Pergola LLC and Abraham Properties LLC | Lease dated May 27, 2021 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 324 | 2820 Hwy 63 South Rochester, MN 55904-5571 |
| Che Chen Liu & Shu Fen Liu Revocable Trust | Lease dated November 30, 2018 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 223 | 26532 Towne Center Drive Suites A-B Foothill Ranch, CA 92610 |
| BLI Sunset Square LLC | Lease dated January 25, 2019 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 234 | 1001 E Sunset Drive Bellingham, WA 98226 |

| Rejection Counterparty | Description of Contract[1] | Abandoned Property[2] | Rejection Date | Store Number | Physical Address |
|---|---|---|---|---|---|
| Spirit Realty LP | Lease dated July 8, 2019 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 257 | 8320 Delta Shores Circle S. Sacramento, CA 95832 |
| Brixmor Middletown Plaza Owner, LLC | Lease dated August 31, 2022 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 342 | 1361 NJ-35 Middletown Township, NJ 07748 |
| Transform Lease OPCO LLC | Sublease dated November 2, 2021 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 229 | 2900 N Bellflower Blvd Long Beach, CA 90815 |
| BT Pleasant Hills LP | Lease dated January 20, 2022 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 331 | 720 Clairton Blvd Pittsburgh, PA 15236 |
| YAKIMA THEATRES, INC. | Lease dated September 18, 2019 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 290 | 2530 Rudkin Road Yakima, WA 98903 |
| Shrewsbury Crossing II, LLC | Lease dated November 10, 2021 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 325 | 571 Boston Turnpike Shrewsbury, MA 1545 |

| Rejection Counterparty | Description of Contract[1] | Abandoned Property[2] | Rejection Date | Store Number | Physical Address |
|---|---|---|---|---|---|
| Peoria New Mall LLC | Lease dated February 21, 2022 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 370 | 5203 W War Memorial Dr Peoria, IL 61615 |
| Manassas Real Estate Ventures, LLC | Lease dated May 12, 2015 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 127 | 8300 Sudley Rd. Manassas, VA 20109 |
| UE Ledgewood LLC | Lease dated June 9, 2021 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 322 | 461 Route 10 East Ledgewood, NJ 07852 |
| 905 South 24th Street West Owner LLC | Lease dated December 11, 2019 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 281 | 905 S 24th Street W. Billings, MT 59102 |
| Brixmor SPE 3 LLC | Lease dated April 30, 2019 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 266 | 13180 S Cicero Avenue Crestwood, IL 60445 |
| Oleta Partners Biscayne Parcel LLC | Lease dated December 02, 2020 | Any miscellaneous furniture, fixtures, and equipment, as well as de minimis property that was unsold and remain on the premises following store closure | August 30, 2025 | 274 | 14585 Biscayne Blvd North Miami, FL 33181 |