**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al* | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I.  316, 323, & 383** |

**DECLARATION OF JEREMY AGUILAR IN SUPPORT OF
DEBTORS' OMNIBUS OBJECTION TO MOTIONS FOR RELIEF FROM
AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

I, Jeremy Aguilar, hereby declare under penalty of perjury that:

1.      I am the Chief Financial Officer of At Home Group, Inc., one of the above-captioned debtors in possession (the "Debtors").

2.      I submit this declaration ("Declaration") in support of the *Debtors' Omnibus Objection to Motions for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code* (the "Objection"),[1] filed contemporaneously herewith.

3.      As the Chief Financial Officer, I am familiar with the Debtors' commercial general liability insurance program.

4.      I am over 18 years of age and am competent to testify. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, my discussions with other members of the Debtors' management team, employees, and advisors, my review of relevant documents—including the Motions (defined below) and the relevant commercial general liability insurance policy—or my opinion based on my experience,

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

knowledge, and information concerning the Debtors' operations and financial condition. Any references to the Bankruptcy Code, the chapter 11 process, and related legal matters herein reflect my understanding of such matters based on the explanations and advice counsel to the Debtors have provided. If called to testify, I would testify competently to the facts set forth in this Declaration.

5.      I have reviewed the motions for relief from the automatic stay (the "Motions") filed by Catheryn Bowersox [D.I. 316], Janice White [D.I. 323], and Dina Terranova Kittoe [D.I. 383] (the "Movants," and each a "Movant"), and I am familiar with the underlying litigation involved.

6.      During these chapter 11 cases, there are significant, conflicting demands on management's time. Management is focused on operating the Debtors' businesses, negotiating with stakeholders, and working toward a comprehensive reorganization. Incurring the defense obligations that would result from modifying the automatic stay to allow each Movant's litigation to commence or continue would distract from the Debtors' efforts to pursue a comprehensive reorganization.

## I.      Insurance Relevant to Catheryn Bowersox

7.      From December 1, 2022, to December 1, 2023, the Debtors maintained a general liability insurance policy with Liberty Mutual (the "Insurance Policy"), applicable to personal injury claims against the Debtors that occurred during that period. I am familiar with the Insurance Policy and the Debtors' arrangements with Liberty Mutual.

8.      The Insurance Policy is the relevant policy for the claim asserted by Catheryn Bowersox as described in her Motion [D.I. 316].

9.      The Insurance Policy includes a $2 million liability limit per occurrence and a $250,000 self-insured retention ("SIR") per occurrence, both of which are unexhausted with respect to the litigation brought by Ms. Bowersox.

33438999.5

10.     As a result of the unexhausted SIR, the Debtors would potentially be obligated to cover up to $250,000 on account of any defense of Ms. Bowersox's claim before Liberty Mutual would incur any defense obligations pursuant to the Insurance Policy.

**II.     Insurance Relevant to Janice White**

11.     The Insurance Policy is the relevant policy for the claim asserted by Janice White as described in her Motion [D.I. 323]. The $250,000 per-occurrence SIR remains unexhausted with respect to Ms. White's claim.

12.     As a result of the unexhausted SIR, the Debtors would potentially be obligated to cover up to $250,000 on account of any defense of Ms. White's claim before Liberty Mutual would incur any defense obligations pursuant to the Insurance Policy.

**III.     Insurance Relevant to Dina Terranova Kittoe**

13.     The Insurance Policy is the relevant policy for the claim asserted by Dina Terranova Kittoe as described in her Motion [D.I. 383] and the accompanying certification of her counsel [D.I. 385]. The $250,000 per-occurrence SIR remains unexhausted with respect to Ms. Kittoe's claim.

14.     As a result of the unexhausted SIR, the Debtors would potentially be obligated to cover up to $250,000 on account of any defense of Ms. Kittoe's claim before Liberty Mutual would incur any defense obligations pursuant to the Insurance Policy.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

33438999.5

Dated: August 7, 2025

/s/ *Jeremy Aguilar*
Jeremy Aguilar
Chief Financial Officer
At Home Group, Inc.

33438999.5