**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AT HOME GROUP INC., *et al.*,[1] | ) ) | Case No. 25-11120 (JKS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION
OF THE JOINT CHAPTER 11 PLAN OF AT HOME GROUP INC.**

**PLEASE TAKE NOTICE THAT** on August 18, 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. 536] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Joint Plan of Reorganization of At Home Group Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 531] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the Joint Plan of Reorganization of At Home Group Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 532] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) granting related relief.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). The location of the Debtors' service address for purposes of these chapter 11 cases is: 9000 Cypress Waters Blvd, Coppell, Texas 75019.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan, the Disclosure Statement Order, or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **September 30, 2025, at 9:00 a.m., prevailing Eastern Time** before the Honorable J. Kate Stickles, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, Third Floor, Courtroom No. 6, Wilmington, DE 19801.

**PLEASE BE ADVISED**: THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

ANY SUCH NOTICES OF ADJOURNMENT ARE AVAILABLE FREE OF CHARGE ON THE DEBTORS' CASE WEBSITE AT HTTPS://OMNIAGENTSOLUTIONS.COM/ATHOME.

### CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**. The voting record date is **August 15, 2025**, which was the date for determining which Holders of Claims in Class 4 (Cayman Notes Claims), Class 5 (Intercompany Note Claims), Class 6 Term Loan Claims), Class 7 (Senior Secured Notes Claims), Class 8 (Exchange Notes Claims), and Class 9 (General Unsecured Claims) are entitled to vote on the Plan.

**Voting Deadline**. The deadline for voting on the Plan is **September 18, 2025, at 4:00 p.m., prevailing Eastern Time** (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you *must*: (a) follow the instructions carefully; (b) complete *all* of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is *actually received* by the Debtors' claims and noticing agent, Omni Agent Solutions, Inc. (the "Claims and Noticing Agent") on or before the Voting Deadline. *Any failure to follow such instructions may disqualify your vote*.

### CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**Plan Objection Deadline**. The deadline for filing objections to the Plan is **September 18, 2025, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline"). All objections to the relief sought at the Confirmation Hearing *must*: (a) be in writing; (b) conform to the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the counsel to the Debtors, the U.S. Trustee, and counsel to the Committee so as to be *actually received* on or before the Plan Objection Deadline.

**Please be advised that Article VIII of the Plan contains the following release, exculpation, and injunction provisions:³**

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

> **Except as otherwise specifically provided in this Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, each Released Party is deemed, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by and on behalf of each and all of the Debtors, their Estates, and the Reorganized Debtors in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, their Estates, and the Reorganized Debtors, whether liquidated or unliquidated, fixed, or contingent, matured, or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or herein-after arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executory, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively), or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Restructuring Transactions, the Chapter 11 Cases, the Debtors' in- or out- of- court restructuring efforts, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements or interaction between or among any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion of enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the RSA, the DIP Facility, the DIP Documents, the Disclosure Statement Order, the Confirmation Order, the First Day Pleadings, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the RSA, the Disclosure Statement, this Plan, the Plan Supplement or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Disclosure Statement, the DIP Facility, this Plan, or the Plan Supplement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consumption, the**

---

³ The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.

**administration and implementation of this Plan, including the issuance or distribution of Securities pursuant to this Plan, or the distribution of property under this Plan or any other related agreement under the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date;** *provided***,** *however***, that, nothing in Article VIII.C of the Plan shall be construed to release the Released Parties from any criminal act or intentional fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under this Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement this Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor Release, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (i) in exchange for the good and valuable consideration provided by the Released Parties, including, the Released Parties' contribution to facilitating the Restructuring Transactions and implementing this Plan; (ii) a good faith settlement and compromise of the Claims and Causes of Action released by the Debtor Release; (iii) in the best interests of the Debtors, their Estates, and all Holders of Claims and Interests; (iv) fair, equitable, and reasonable; (v) given and made after due notice and opportunity for a hearing; and (vi) a bar to any of the Debtors, the Reorganized Debtor, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

**Except as otherwise specifically provided in this Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Reorganized Debtors, and their Estates (as applicable) whether liquidated or unliquidated, fixed, or contingent, matured, or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or herein after arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executory, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have would have been legally entitled to assert in their own right (whether individually or collectively), based on or relating to, or in any manner arising**

4

from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the purchase, sale, or recission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion of enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the RSA, the DIP Facility, the DIP Documents, the Disclosure Statement Order, the Confirmation Order, the First Day Pleadings, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the RSA, the Disclosure Statement, this Plan, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Disclosure Statement, the DIP Facility, this Plan, or the Plan Supplement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of this Plan, including the issuance or distribution of Securities pursuant to this Plan, or the distribution of property under this Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under this Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement this Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (i) consensual; (ii) essential to the Confirmation of this Plan; (iii) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the restructuring and implementing this Plan; (iv) a good faith settlement and compromise of the Claims and Causes of Action released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) given and made after due notice and opportunity for a hearing; and (viii) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.

Without limiting the foregoing, from and after the Effective Date, any Entity that votes to accept this Plan or that is given the opportunity to opt into the releases contained in this Plan and exercises such opportunity to opt into the releases may not assert any claim, Claim, or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors. From and after the Effective Date, any such Entity may not assert any claim or other Cause of Action against any Released Party for which it is asserted or implied that such claim or Cause of Action is not subject to the releases contained in this Plan without first obtaining a Final Order from the Bankruptcy

**Court (a) determining, after notice and a hearing, that such claim or Cause of Action is not subject to the releases contained in this Plan and (b) specifically authorizing such Person or Entity to bring such claim or Cause of Action against any such Released Party. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in this Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying claim or Cause of Action.**

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*RELATED PARTIES*" MEANS, COLLECTIVELY, WITH RESPECT TO ANY PERSON OR ENTITY, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH, SUCH PERSON'S OR SUCH ENTITY'S CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, OBSERVERS, COMMITTEE MEMBERS, MEMBERS OF ANY GOVERNING BODY, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, MANAGED ACCOUNTS OR FUNDS, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS OR MANAGERS, EMPLOYEES, SECONDEES, AGENTS, TRUSTEES, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS (INCLUDING ANY OTHER ATTORNEYS OR PROFESSIONALS RETAINED BY ANY CURRENT OR FORMER DIRECTOR OR MANAGER IN HIS OR HER CAPACITY AS DIRECTOR OR MANAGER OF AN ENTITY), ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS AND ADVISORS AND ANY SUCH PERSON'S OR ENTITY'S RESPECTIVE HEIRS, EXECUTORS, ESTATES, AND NOMINEES.

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH DEBTOR; (B) EACH REORGANIZED DEBTOR; (C) THE AD HOC GROUP AND EACH CONSENTING STAKEHOLDER; (D) THE DIP LENDERS; (E) THE ABL SECURED PARTIES; (F) THE DIP AGENT; (G) THE AGENTS/TRUSTEES; (H) THE CONSENTING SPONSOR; (I) AT HOME CAYMAN; (J) AT HOME CAYMAN HOLDINGS; (K) THE COMMITTEE, EACH OF ITS CURRENT AND FORMER MEMBERS (SOLELY IN THEIR CAPACITY AS SUCH), AND ITS PROFESSIONALS; (L) THE SENIOR UNSECURED NOTES TRUSTEE AND COUNSEL THERETO; (M) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE PRECEDING CLAUSE (L); AND (N) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THE PRECEDING CLAUSE (L); *PROVIDED* THAT, IN EACH CASE, AN ENTITY IN CLAUSES (C) THROUGH (L) SHALL NOT BE A RELEASED PARTY IF IT: (X) WAS PROVIDED WITH AN OPPORTUNITY TO OPT IN TO THE RELEASES DESCRIBED IN ARTICLE VIII.D OF THE PLAN BY RETURNING AN "OPT IN" FORM AND DID NOT DO SO; OR (Y) TIMELY OBJECTS TO

THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH DEBTOR; (B) EACH REORGANIZED DEBTOR; (C) THE AD HOC GROUP AND EACH CONSENTING STAKEHOLDER; (D) THE DIP LENDERS; (E) THE ABL SECURED PARTIES; (F) THE DIP AGENT; (G) THE AGENTS/TRUSTEES; (H) THE CONSENTING SPONSOR; (I) THE COMMITTEE; (J) THE SENIOR UNSECURED NOTES TRUSTEE; (K) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THIS PLAN AND THAT AFFIRMATIVELY OPT INTO THE RELEASES PROVIDED FOR IN THIS PLAN; (L) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THIS PLAN AND THAT AFFIRMATIVELY OPT INTO THE RELEASES PROVIDED FOR IN THIS PLAN; (M) ALL HOLDERS OF CLAIMS THAT ABSTAIN FROM VOTING ON THIS PLAN AND THAT AFFIRMATIVELY OPT INTO THE RELEASES PROVIDED FOR IN THIS PLAN; (N) ALL HOLDERS OF CLAIMS THAT VOTE TO REJECT THIS PLAN AND THAT AFFIRMATIVELY OPT INTO THE RELEASES PROVIDED FOR IN THIS PLAN; (O) ALL HOLDERS OF INTERESTS THAT AFFIRMATIVELY OPT INTO THE RELEASES PROVIDED FOR IN THIS PLAN; (P) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE PRECEDING CLAUSE (O); AND (Q) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THE PRECEDING CLAUSE (O) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED HEREIN UNDER APPLICABLE LAW; *PROVIDED* THAT, IN EACH CASE, AN ENTITY IN CLAUSES (K) THROUGH (O) SHALL NOT BE A RELEASING PARTY IF IT: (X) WAS PROVIDED WITH AN OPPORTUNITY TO OPT IN TO THE RELEASES DESCRIBED IN ARTICLE VIII.D OF THIS PLAN BY RETURNING AN "OPT IN" FORM AND DID NOT DO SO; OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THIS PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise expressly provided in this Plan or the Confirmation Order, to the fullest extent permitted by applicable law, no Exculpated Party shall have or incur, and each Exculpated Party is exculpated from any Claim or Cause of Action arising between the Petition Date and the Effective Date prior to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, this Plan, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement or this Plan, the filing of the Chapter 11 Cases, the negotiation and pursuit of the RSA, the Definitive Document, the Plan Supplement, the Exit ABL Facility Documents, or the filing of the Chapter 11 Cases, the participation in the DIP Facility, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of this Plan, including the issuance of Securities pursuant to this Plan, or the distribution of property under this Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with**

**respect to their duties and responsibilities pursuant to this Plan. The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of Securities pursuant to this Plan and, therefore, are not, and on account of such distributions will not be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder. The exculpation will be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable Law or rules protecting such Exculpated Parties from liability.**

**The Exculpated Parties have, and upon consummation of this Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan.**

Definition Related to Exculpation:

UNDER THE PLAN, "*EXCULPATED PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE SOLELY IN ITS CAPACITY AS SUCH (AND TO THE EXTENT PERMITTED BY LAW): (A) EACH OF THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) WITH RESPECT TO THE DEBTORS, EACH OF THEIR RESPECTIVE FORMER AND CURRENT DIRECTORS, MANAGERS, OFFICERS, ATTORNEYS, FINANCIAL ADVISORS, CONSULTANTS, OR OTHER PROFESSIONALS OR ADVISORS THAT SERVED IN SUCH CAPACITY BETWEEN THE PETITION DATE AND EFFECTIVE DATE; (D) THE PROFESSIONALS RETAINED DURING THE CHAPTER 11 CASES; AND (E) THE COMMITTEE AND EACH OF ITS PRESENT AND FORMER MEMBERS, SOLELY IN THEIR CAPACITY AS MEMBERS OF THE COMMITTEE.

Article VIII.F of the Plan establishes an injunction (the "**Injunction**"):

**Except as otherwise specifically provided in this Plan or for obligations issued or required to be paid pursuant to this Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released, discharged, settled, or are subject to exculpation under this Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtor, the Exculpated Parties, or the Released Parties: (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (iii) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (iv) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities, in each**

**case, on account of or in connection with or with respect to any such Causes of Action, Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests released, discharged, subject to exculpation, or settled pursuant to this Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of this Plan. Each Holder of an Allowed Claim by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to this Plan, shall be deemed to have consented to the injunction provisions set forth in this Plan.**

**No Person or Entity may commence or pursue a Claim or Cause of Action of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action released, discharged, settled, or that is subject to exculpation pursuant to this Plan, without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action represents a colorable Claim of any kind, and (ii) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party.**

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials), please feel free to contact the Claims and Noticing Agent, by: (a) writing via first class mail, to At Home Group Inc. Ballot Processing, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Ste 100, Woodland Hills, CA 91367 (b) writing via electronic mail to AtHomeInquiries@OmniAgnt.com, referencing "At Home Group Inc. – Solicitation Inquiry" in the subject line; or (c) calling the Debtors' restructuring hotline at 1 (888) 818-9346 (Toll Free/Domestic) or +1 (747) 293-0014 (International). You may also obtain copies of any pleadings filed in these chapter 11 cases (a) for a fee via PACER at: http://www.deb.uscourts.gov; or (b) at no charge from Omni Agent Solutions, Inc. by accessing the Debtors' restructuring website at https://omniagentsolutions.com/AtHome.

Please be advised that the Claims and Noticing Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may *not* advise you as to whether you should vote to accept or reject the Plan.

**The Plan Supplement**. The Debtors will file documents constituting the Plan Supplement (as defined in the Plan) on or prior to **September 11, 2025**, and will serve notice on all Holders of

Claims and Interests entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement. For the avoidance of doubt, the Debtors will file the initial Plan Supplement Schedules on or prior to **September 5, 2025**.

---

**BINDING NATURE OF THE PLAN**:

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS OR INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR INTEREST IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

---

Dated: August 18, 2025
Wilmington, Delaware

*/s/ Joseph M. Mulvihill*

| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** |
| --- | --- |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Robert S. Brady (DE Bar No. 2847) | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| Joseph M. Mulvihill (DE Bar No. 6061) | Matthew C. Fagen, P.C. (admitted *pro hac vice*) |
| Timothy R. Powell (DE Bar No. 6894) | Elizabeth H. Jones (admitted *pro hac vice*) |
| Rodney Square | 601 Lexington Avenue |
| 1000 North King Street | New York, New York 10022 |
| Wilmington, Delaware 19801 | |
| Telephone: (302) 571-6600 | Telephone: (212) 446-4800 |
| Facsimile: (302) 571-1253 | Facsimile: (212) 446-4900 |
| Email: rbrady@ycst.com | Email: nicole.greenblatt@kirkland.com |
| jmulvihill@ycst.com | matthew.fagen@kirkland.com |
| tpowell@ycst.com | elizabeth.jones@kirkland.com |

*Co-Counsel for the Debtors and Debtors in Possession*          *Co-Counsel for the Debtors and Debtors in Possession*