## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## FIRST AMENDED PLAN SUPPLEMENT FOR THE JOINT PLAN
## OF REORGANIZATION OF AT HOME GROUP INC. AND ITS
## DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

This Plan Supplement contains drafts of the following documents, each of which remains subject to ongoing review and negotiations pursuant to the terms of the Plan.[2]

| Exhibit | Description |
|---|---|
| A | Schedules of Rejected Executory Contracts and Unexpired Leases |
| A-1 | Schedule of Rejected Executory Contracts and Unexpired Leases (Initial Schedule) |
| A-2 | Schedule of Rejected Executory Contracts and Unexpired Leases that Remain Subject to Change Pursuant to Ongoing Negotiations Among the Debtors and Respective Counterparties |
| A-3 | Redline to Previously Filed Schedule of Rejected Executory Contracts and Unexpired Leases |
| B | Schedules of Assumed Executory Contracts and Unexpired Leases |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). The location of the Debtors' service address for purposes of these chapter 11 cases is:  9000 Cypress Waters Blvd, Coppell, Texas 75019.

[2] Capitalized terms used but not defined herein have the same meaning as set forth in the Plan.

| B-1 | Schedule of Assumed Executory Contracts and Unexpired Leases (Initial Schedule) |
| B-2 | Schedule of Assumed Executory Contracts and Unexpired Leases that Remain Subject to Finalization and Execution of Certain Documentation Among the Debtors and Respective Counterparties |
| B-3 | Redline to Previously Filed Schedule of Assumed Executory Contracts and Unexpired Leases |
| C | Schedule of Retained Causes of Action |
| D | Restructuring Transactions Memorandum |
| E | Identity of New Board |
| F | New Organizational Documents |
| G | Exit ABL Facility Documents |
| H | Unsecured Claims Distribution Trust Agreement |
| I | Identity of the Unsecured Claims Distribution Trustee |

The Debtors reserve all rights, with the consent of any applicable counterparties (to the extent required under the Plan) to amend, revise, or supplement all of the documents included herein as provided in the Plan.

Dated:  September 12, 2025
Wilmington, Delaware

*/s/ Joseph M. Mulvihill*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (DE Bar No. 2847)
Joseph M. Mulvihill (DE Bar No. 6061)
Timothy R. Powell (DE Bar No. 6894)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 571-6600
Facsimile:       (302) 571-1253
Email:            rbrady@ycst.com
                     jmulvihill@ycst.com
                     tpowell@ycst.com

*Co-Counsel for the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Elizabeth H. Jones (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            nicole.greenblatt@kirkland.com
                     matthew.fagen@kirkland.com
                     elizabeth.jones@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

## Exhibit A

### Schedules of Rejected Executory Contracts and Unexpired Leases

**Exhibit A** includes the following Schedules of Rejected Executory Contracts and Unexpired Leases:

**Exhibit A-1**:  Schedule of Rejected Executory Contracts and Unexpired Leases (Initial Schedule).

**Exhibit A-2**:  Schedule of Rejected Executory Contracts and Unexpired Leases that Remain Subject to Change Pursuant to Ongoing Negotiations Among the Debtors and Respective Counterparties.[1]

Article V.A of the Plan, in pertinent part, provides for the following:  On the Effective Date, except as otherwise provided in the Plan, pursuant to sections 365 and 1123 of the Bankruptcy Code, each Executory Contract or Unexpired Lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically assumed *unless* such Executory Contract or Unexpired Lease:  (i) is identified on this Schedule of Rejected Executory Contracts and Unexpired Leases; (ii) previously expired or terminated pursuant to its own terms; (iii) is the subject of a motion to reject Filed on or before the Effective Date; or (iv) is an insurance policy (which shall be treated in accordance with Article V.E of the Plan); *provided* that the assumption, assumption and assignment, or rejection of all Executory Contracts and Unexpired Leases shall be subject to the consent of the Required Consenting Stakeholders (not to be unreasonably withheld, conditioned, or delayed).   Entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of all assumptions, assumptions and assignments, and rejections, including the assumption of the Executory Contracts or Unexpired Leases as provided for in the Plan, this Plan Supplement, and the Confirmation Order, pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

Except as otherwise specifically set forth in the Plan, assumptions or rejections of Executory Contracts and Unexpired Leases pursuant to the Plan are effective as of the Effective Date.   Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or by Bankruptcy Court order but not assigned to a third party before the Effective Date shall revest in and be fully enforceable by the applicable contracting Reorganized Debtor in accordance with its terms, except as such terms may have been modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption. Any motions to assume Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by a Final Order on or after the Effective Date but may be withdrawn, settled, or otherwise prosecuted by the Reorganized Debtors.

---

[1]    The Executory Contracts and Unexpired Leases contained in **Exhibit A-2** are currently proposed to be rejected; *provided*, *however*, the Debtors reserve the right to assume any Executory Contracts and/or Unexpired Leases included herein pending further negotiations with respective counterparties to the Executory Contracts and/or Unexpired Leases.

Notwithstanding anything to the contrary in the Plan, the Debtors or the Reorganized Debtors, as applicable, reserve the right to alter, amend, modify, or supplement the Schedule of Rejected Executory Contracts and Unexpired Leases at any time through and including 45 days after the Effective Date; *provided* that such alteration, amendment, modification, or supplement shall be subject to the consent rights set forth herein.

To the extent any provision of the Bankruptcy Code or the Bankruptcy Rules requires the Debtors to assume or reject an Executory Contract or Unexpired Lease, such requirement shall be satisfied if the Debtors make an election to assume or reject such Executory Contract or Unexpired Lease prior to the deadline set forth by the Bankruptcy Code or the Bankruptcy Rules, as applicable, regardless of whether or not the Bankruptcy Court has actually ruled on such proposed assumption or rejection prior to such deadline.

Article V.C of the Plan, in pertinent part, provides for the following:  Unless otherwise provided by a Final Order of the Bankruptcy Court, all Proofs of Claim based on the rejection of Executory Contracts or Unexpired Leases, pursuant to the Plan or the Confirmation Order, if any, must be Filed with the Bankruptcy Court and served on the Debtors or, after the Effective Date, the Reorganized Debtors, as applicable, no later than 30 days after the later of (i) the date of entry of an order of the Bankruptcy Court (including the Confirmation order) approving such rejection, and (ii) the effective date of the rejection of such Executory Contract or Unexpired Lease.  The notice of the Plan Supplement shall be deemed appropriate notice of rejection when served on applicable parties.

**Any Claim arising from the rejection of an Executory Contract or Unexpired Lease with respect to which a Proof of Claim is not Filed with the Bankruptcy Court within such time will be automatically disallowed and forever barred from assertion and shall not be enforceable against the Debtors, the Reorganized Debtors, the Estates, the Unsecured Claims Distribution Trust, or their property without the need for any objection by the Debtors, the Reorganized Debtors, or the Unsecured Claims Distribution Trust, as applicable, or further notice to, action, order, or approval of the Bankruptcy Court or any other Entity, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied, released, and discharged and shall be subject to the permanent injunction set forth in Article VIII.F of the Plan, notwithstanding anything in a Proof of Claim to the contrary**.

All Allowed Claims arising from the rejection by any Debtor of any Executory Contract or Unexpired Lease pursuant to section 365 of the Bankruptcy Code shall be treated as a General Unsecured Claim as set forth in Article III.B of the Plan and may be objected to in accordance with the provisions of Article VII of the Plan and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, nothing provided herein shall extend or modify any previously established deadline to File a claim arising from the rejection of an Executory Contract or Unexpired Lease previously rejected by the Debtors.

*        *        *        *        *

Certain documents, or portions thereof, contained in this **Exhibit A** and the Plan Supplement remain subject to continuing review and discussions among the Debtors and interested

2

parties with respect thereto.  The rights of the Debtors are expressly reserved, subject to the terms and conditions set forth in the Plan (including all applicable consultation, consent, and/or approval rights contained or contemplated therein), to alter, amend, modify, or supplement the Plan Supplement and any of the documents contained therein in accordance with the terms of the Plan, or by order of the Bankruptcy Court.

## **Exhibit A-1**

**Schedule of Rejected Executory Contracts and Unexpired Leases (Initial Schedule)**

| | Non-Real Property Contracts - Reject | | | | | | |
|---|---|---|---|---|---|---|---|
| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Rejection Date |
| 1 | Alphasense, Inc. | 24 Union Square East, 6th Floor, New York, NY 10003 | At Home Stores LLC | L-00204 | Order Form (Wall Street Insights) made by and between At Home and AlphaSense, Inc. | 8/1/2024 | Plan Effective Date |
| 2 | Alteryx Inc | 3347 Michelson Drive, Ste. 400, Irvine, CA 92612 | At Home Stores LLC | L-00222 | Order Form Agreement made by and between At Home Stores LLC and Alteryx Inc | 8/27/2024 | Plan Effective Date |
| 3 | AMS Audit Services LLC | 6920 Cannon Falls Dr, Plano, TX 75024 | At Home Stores LLC | D-00018 | Service Agreement made by and between At Home and AMS Audit Services LLC | | Plan Effective Date |
| 4 | Balkan Express LLC | 7333 Jack Newell Blvd. N, Ste 200, Fort Worth, TX 76118 | At Home Procurement Inc. | L-00013 | Master Transportation Agreement made by and between At Home Procurement Inc. and Balkan Express LLC. | 11/1/2023 | Plan Effective Date |
| 5 | Barkley, Inc. | 79 Fifth Avenue, 3rd Floor, New York, NY 10003 | At Home Stores LLC | L-00014 | Master Service Agreement made by and between At Home Stores LLC and BARKLEY, INC. | 10/1/2017 | Plan Effective Date |
| 6 | Barkley, LLC | 79 Fifth Avenue, 3rd Floor, New York, NY 10003 | At Home Stores LLC | SOW-00144 | Statement of Work made by and between At Home Stores LLC and Barkley, LLC. | 2/3/2025 | Plan Effective Date |
| 7 | Bazaarvoice, Inc. | 10901 Stonelake Blvd, Austin, TX 78759 | At Home Stores LLC | L-00205 | Renewal Service Order made by and between At Home Stores LLC and Bazaarvoice, Inc. | 7/29/2024 | Plan Effective Date |
| 8 | BPO Worx Consulting | 1275 Susek Dr., Pineville, LA 71360 | At Home Stores LLC | SOW-00094 | Statement of Work made by and between At Home Stores LLC and BPO Worx Consulting. | 1/13/2025 | Plan Effective Date |
| 9 | Brandpoint Services | 820 Adams Avenue, Suite 130, Trooper, PA 19403 | At Home Stores LLC | FAC-31 | Service Agreement made by and between AT HOME STORES LLC and Brandpoint Services. | 2/27/2023 | Plan Effective Date |
| 10 | Champion Elevator Corp. | 1450 Broadway, 5th Floor, New York, NY 10018 | At Home Stores LLC | FAC-14 | Service Agreement made by and between AT HOME STORES LLC and CHAMPION ELEVATOR CORP. | 4/15/2025 | Plan Effective Date |
| 11 | Cosco Shipping Lines Inc | 100 Lighting Way, Secaucus, NJ 07094 | At Home Procurement Inc. | L-00048 | Ocean Transportation Services Agreement made by and between At Home Procurement Inc. and COSCO SHIPPING LINES INC. | 5/15/2024 | Plan Effective Date |
| 12 | Cosco Shipping Lines Inc | 100 Lighting Way, Secaucus, NJ 07094 | At Home Procurement Inc. | SOW-00024 | Ocean Transportation Services Agreement (Amendment 1) made by and between At Home Procurement Inc. and COSCO SHIPPING LINES INC. | 10/30/2024 | Plan Effective Date |
| 13 | CS Business Solutions, LLC d/b/a PriceManager | 300 Frank W. Burr Boulevard, Teaneck, NJ 07666 | At Home Stores LLC | L-00207 | Master Subscription Agreement made by and between At Home Stores LLC and CS Business Solutions, LLC d/b/a PriceManager | 9/29/2023 | Plan Effective Date |
| 14 | Datasite LLC | Baker Center, Suite 600, Minneapolis, MN 55402 | At Home Stores LLC | D-00010 | Service Agreement made by and between At Home Stores LLC and Datasite LLC | | Plan Effective Date |
| 15 | Datavail Corp | 11800 Ridge Parkway, Suite 125, Broomfield, CO 80021 | At Home Stores LLC | NJ-0035 | Service Agreement and all Statement of Work made by and between At Home Stores LLC and DATAVAIL CORP. | 10/5/2015 | Plan Effective Date |
| 16 | FAF, Inc. | 1915 Snapps Ferry Road, Greeneville, TN 37745 | At Home Procurement Inc. | NJ-001 | Master Transportation Agreement made by and between At Home Procurement, Inc. and FAF, Inc | 11/1/2023 | Plan Effective Date |
| 17 | Freightwaves, Inc. | 405 Cherry Street, Chattanooga, TN 37402 | At Home Stores LLC | L-00203 | SONAR Master Service Agreement made by and between At Home Stores LLC and FreightWaves, Inc. | | Plan Effective Date |
| 18 | Hub Group, Inc. | 2001 Hub Group Way, Oak Brook, IL 60523 | At Home Procurement Inc. | L-00192 | Master Transport Agreement made by and between At Home Procurement Inc. and Hub Group, Inc. Dated 11/1/2023 | 11/1/2023 | Plan Effective Date |
| 19 | Hughes-Nelson Painting., Inc. | 720 Indigo Court, Pomona, CA 91767 | At Home Stores LLC | MSA-00088 | Master Service Agreement made by and between At Home Stores LLC and HUGHES-NELSON PAINTING., INC.. | 1/13/2025 | Plan Effective Date |
| 20 | Ignitepost, Inc. | 2285 Massachusetts Ave, Suite 205 Cambridge MA 02140 | At Home Stores LLC | L-00078 | Professional Services Agreement made by and between At Home Stores LLC and IgnitePost, Inc. | 1/1/2023 | Plan Effective Date |
| 21 | iT Services 2 (iT2) | P.O. Box 25415, Dallas, TX 75225 | At Home Stores LLC | NJ-0054 | Service and Software License Agreement made by and between At Home Stores LLC and iT SERVICES 2 (iT2). | 1/6/2022 | Plan Effective Date |
| 22 | IWD LLC | 77 Sands Street, Brooklyn, NY 11201 | At Home Stores LLC | L-00206 | Service and Software License Agreement made by and between At Home Stores LLC and IWD LLC | 10/19/2022 | Plan Effective Date |
| 23 | Kintetsu World Express (U.S.A.) Inc. | 1 Jericho Plaza, Jericho, NY 11753 | At Home Procurement Inc. | L-00235 | Service/Repayment Agreement made by and between At Home and Kintetsu World Express (U.S.A.) Inc. | 6/24/2024 | Plan Effective Date |
| 24 | Maersk A/S | 9300 Arrowpoint Blvd, Charlotte, NC 28273 | At Home Procurement Inc. | D-00016 | Service Agreement made by and between At Home Procurement Inc. and Maersk A/S | | Plan Effective Date |
| 25 | Midwest Retail Services, Inc. | 7920 Industrial Pkwy, Plain City, OH 43064 | At Home Stores LLC | L-00198 | Purchase Agreement made by and between At Home Stores LLC and Midwest Retail Services, Inc. | 10/1/2019 | Plan Effective Date |
| 26 | Miller Zell, Inc. | 6100 Fulton Industrial Boulevard, Atlanta, GA 30336 | At Home Stores LLC | MSA-00071 | Master Service Agreement made by and between At Home Stores LLC and Miller Zell, Inc. | 2/11/2025 | Plan Effective Date |
| 27 | Miller Zell, Inc. | 6100 Fulton Industrial Boulevard, Atlanta, GA 30336 | At Home Stores LLC | SOW-00149 | Statement of Work (On-Site Project Management) made by and between At Home Stores LLC and Miller Zell, Inc. | 2/27/2025 | Plan Effective Date |
| 28 | Miller Zell, Inc. | 6100 Fulton Industrial Boulevard, Atlanta, GA 30336 | At Home Stores LLC | SOW-00172 | Statement of Work (On-Site Signage Manager) made by and between At Home Stores LLC and Miller Zell, Inc. | 3/24/2025 | Plan Effective Date |
| 29 | Myregistry LLC | 2050 Center Ave, Suite 100, Fort Lee, NJ 07024 | At Home Stores LLC | L-00111 | Master Service Agreement made by and between At Home Stores LLC and MYREGISTRY LLC. | 11/1/2023 | Plan Effective Date |
| 30 | Nantaka Joy, Inc. | 3108 Glendale Blvd. #504, Los Angeles, CA 90039 | At Home Procurement Inc. | L-00113 | License and Endorsement Agreement made by and between At Home Procurement Inc. and Nantaka Joy, Inc. | 7/7/2023 | Plan Effective Date |
| 31 | New Tech Mechanical Systems | 25A Moffit Blvd, Bay Shore, NY 11706 | At Home Stores LLC | FAC-45 | Service Agreement made by and between AT HOME STORES LLC and New Tech Mechanical Systems. | 4/23/2025 | Plan Effective Date |
| 32 | Ocean Audit Inc | 11957 SW 14th Place, Davie, FL 33325 | At Home Stores LLC | L-00234 | Service Agreement made by and between At Home Stores LLC and Ocean Audit Inc. | 8/26/2024 | Plan Effective Date |
| 33 | Ocean Network Express Pte. Ltd. | 8730 Stony Point Parkway, Richmond, VA 23235 | At Home Procurement Inc. | L-00116 | Service Contract Agreement made by and between At Home Procurement Inc. and Ocean Network Express Pte. Ltd. | 5/1/2023 | Plan Effective Date |
| 34 | Ocean Network Express Pte. Ltd. | 8730 Stony Point Parkway, Richmond, VA 23235 | At Home Procurement Inc. | L-00117 | Service Contract Agreement (Amendment #1) made by and between At Home Procurement Inc. and Ocean Network Express Pte. Ltd. | 6/12/2023 | Plan Effective Date |
| 35 | Onetrust Aka Convercent Inc | 119 W 24th St, 4th Floor, Suite 302, New York, NY 10011 | At Home Stores LLC | L-00233 | Professional Services Agreement and SOW made by and between At Home Stores LLC and OneTrust aka Convercent Inc. | 3/19/2025 | Plan Effective Date |
| 36 | Point B, LLC | 1420 5th Ave. Suite #2200, Seattle, WA 98101 | At Home Stores LLC | L-00124 | Master Service Agreement made by and between At Home Stores LLC and Point B, LLC. | 11/6/2023 | Plan Effective Date |
| 37 | Prolift | 1835 Dale Road, Buffalo, NY 14225-0256 | At Home Stores LLC | FAC-47 | Service Agreement made by and between At Home Stores LLC and Prolift (5/28/2025) | 5/28/2025 | Plan Effective Date |
| 38 | Prolift | 1835 Dale Road, Buffalo, NY 14225-0256 | At Home Stores LLC | FAC-48 | Service Agreement made by and between AT HOME STORES LLC and Prolift (8/1/2023) | 8/1/2023 | Plan Effective Date |
| 39 | Retail Security Services Inc. | 5 Orville Drive, Suite 100, Bohemia, NY 11716 | At Home Stores LLC | L-00209 | Master Service Agreement made by and between At Home Stores LLC and Retail Security Services Inc. | | Plan Effective Date |
| 40 | RKB Handyman Svc, Inc | 350 Motor Parkway, Suite 412, Hauppauge, NY 11788 | At Home Stores LLC | FAC-51 | Service Agreement made by and between AT HOME STORES LLC and Josephine Franzese. | 8/8/2025 | Plan Effective Date |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|---|---|
| 41 | Saperia Consulting | 43 Cohawney Rd, Scarsdale, NY 10583 | At Home Stores LLC | L-00225 | Statement of Work made by and between At Home Stores, LLC and Saperia Consulting LLC | 1/28/2025 | Plan Effective Date |
| 42 | Schneider Logistics Transport, A Division Of Schneider National Carriers, Inc. | 233 South Wacker, Suite 4100, Chicago, IL 60606 | At Home Procurement Inc. | L-00141 | Master Transportation Agreement made by and between At Home Procurement Inc. and Schneider Logistics Transport, a division of Schneider National Carriers, Inc. | 7/1/2023 | Plan Effective Date |
| 43 | Sooter Plumbing And Mechanical LLC | 204 E 5th Ave, Augusta, KS 67010 | At Home Stores LLC | FAC-21 | Service Agreement made by and between At Home Stores LLC and Sooter Plumbing and Mechanical LLC. | 3/18/2025 | Plan Effective Date |
| 44 | Sprinklr, Inc. | 29 West 35th Street, 7th Floor, Staten Island, NY 10304 | At Home Stores LLC | L-00148 | Master Service Agreement made by and between At Home Stores LLC and Sprinklr, Inc. | 1/13/2023 | Plan Effective Date |
| 45 | Sprinklr, Inc. | 29 West 35th Street, 7th Floor, Staten Island, NY 10304 | At Home Stores LLC | L-00149 | Order Form made by and between At Home Stores LLC and Sprinklr Inc., a Delaware corporation. | 2/1/2023 | Plan Effective Date |
| 46 | STI Global, Inc | 1001 W Euless Drive, Suite 340, Euless, TX 76040 | At Home Stores LLC | MTA-00193 | Master Transportation Agreement made by and between At Home Stores LLC and STI Global, Inc. | 4/1/2025 | Plan Effective Date |
| 47 | The Workforce Pro, Inc | 8939 S. Sepulveda Blvd, Suite 100, #273, Los Angeles, CA 90045 | At Home Stores LLC | L-00236 | Consulting Agreement made by and between At Home Stores LLC and The Workforce Pro, Inc | 3/22/2022 | Plan Effective Date |
| 48 | Tilton Pacific Construction, Inc. | 595 Menlo Drive, Rocklin, CA 95765 | At Home Stores LLC | L-00208 | Standard Form of Agreement Between At Home Stores LLC and Tilton Pacific Construction, Inc. related to 1300 Dana Drive, Redding, CA 96003 | 5/20/2024 | Plan Effective Date |
| 49 | Truno Retail Technology Solutions | 13912 FM 1730, Lubbock, TX 79424 | At Home Stores LLC | NJ-0117 | Customer Service Agreement and all Statement of Work made by and between At Home Stores LLC and TRUNO Retail Technology Solutions (1/13/2017) | 1/13/2017 | Plan Effective Date |
| 50 | Truno Retail Technology Solutions | 13912 FM 1730, Lubbock, TX 79424 | At Home Stores LLC | NJ-0118 | Customer Service Agreement and all Statement of Work made by and between At Home Stores LLC and TRUNO Retail Technology Solutions (7/23/2019) | 7/23/2019 | Plan Effective Date |
| 51 | VSS Transportation Group, Inc. | 1 Rich Hill Rd, Cheswick, PA 15024 | At Home Procurement Inc. | L-00174 | Master Transportation Agreement made by and between At Home Procurement Inc. and VSS Transportation Group, Inc. | 11/1/2023 | Plan Effective Date |
| 52 | West Techs Chill Water Specialist | 142 N Clack, Abilene, TX 79603 | At Home Stores LLC | FAC-58 | Service Agreement made by and between AT HOME STORES LLC and Johnny Upchurch. | 3/3/2023 | Plan Effective Date |
| 53 | Western Express Inc. | 7135 Centennial Plac, Nashville, TN 37209 | At Home Procurement Inc. | L-00193 | Master Transport Agreement made by and between At Home Procurement Inc. and Western Express Inc. | 11/1/2023 | Plan Effective Date |
| 54 | William E. Connor & Associates Ltd. | 6/F, The Harbourfront, Tower II, 18-22 Tak Fung Street, Hunghom, Kowloon, Hong Kong | At Home Stores LLC | L-00228 | Guaranty Agreement made by and between At Home Stores LLC and William E. Connor & Associates Ltd. | 8/3/2017 | Plan Effective Date |
| 55 | William E. Connor & Associates Ltd. | 6/F, The Harbourfront, Tower II, 18-22 Tak Fung StreetHunghom, Kowloon, Hong Kong | At Home Procurement Inc. | L-00229 | Sourcing Services Agreement made by and between At Home Procurement Inc and William E. Connor & Associates Ltd. | | Plan Effective Date |
| 56 | Winmill Software, Inc | 420 Lexington Avenue, Suite 455, New York, NY 10170 | At Home Stores LLC | L-00218 | Master Service Agreement made by and between At Home Stores LLC and Winmill Software Inc | | Plan Effective Date |
| 57 | Winmill Software, Inc | 420 Lexington Avenue, Suite 455, New York, NY 10170 | At Home Stores LLC | L-00226 | Planview PPM Renewal Agreement made by and between At Home Stores LLC and WinMill Software, Inc | 7/31/2024 | Plan Effective Date |
| 58 | Winmill Software, Inc | 420 Lexington Avenue, Suite 455, New York, NY 10170 | At Home Stores LLC | L-00227 | Subscription Services Terms made by and between At Home Stores LLC and WinMill Software (Reseller) / Planview International AB | | Plan Effective Date |
| 59 | Yelp Inc. | 350 Mission Street, 10th Floor, San Francisco, CA 94105 | At Home Stores LLC | L-00200 | Advertising Agreement made by and between At Home and Yelp Inc. | 2/27/2025 | Plan Effective Date |
| 60 | Yipit, Llc | 22 W 19th Street, 7th Floor, New York, NY 10011 | At Home Stores LLC | L-00213 | Master Product and Services Agreement & Business Terms made by and between At Home Stores, LLC and Yipit, LLC | 12/20/2022 | Plan Effective Date |

## <u>Exhibit A-2</u>

**Schedule of Rejected Executory Contracts and Unexpired Leases that Remain Subject to Change Pursuant to Ongoing Negotiations Among the Debtors and Respective Counterparties**

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Rejection Date |
|-----|-------------------|---------------------|---------------|-------------|---------------------|----------------|
| | | | **Real Property Contracts - Reject Subject to Deal Completion** | | | |
| 1 | 1100 Jefferson Partners LLC | 2213 Brighton Henrietta Town Line Rd, Rochester, NY 14623 | At Home Stores LLC | Lease_164 | Lease Agreement for the property located at 1160 Jefferson Rd, Rochester, NY, 14623, Dated 04/19/2017 | Plan Effective Date |
| 2 | 4833 Waterview Meadow LLC | 575 Julie Rivers Dr, Sugar Land, TX 77478 | At Home Stores LLC | Lease_174 | Lease Agreement for the property located at 4833 Waterview Meadow Dr, Richmond, TX, 77407, Dated 06/06/2017 | Plan Effective Date |
| 3 | Airport Holdings LLC | 9101 Varina Road, Henrico, VA 23231 | At Home Stores LLC | Lease_67 | Lease Agreement for the property located at 401 International Center Dr, Sandston, VA, 23150, Dated 08/01/2011 | Plan Effective Date |
| 4 | ARC NPHUBOBO001, LLC | 405 Park Ave, New York, NY 10022 | At Home Stores LLC | Lease_246 | Lease Agreement for the property located at 8221 Troy Pike, Huber Heights, OH, 45424, Dated 11/14/2018 | Plan Effective Date |
| 5 | CJ Northsight, LLC | 15821 N 79th St, Scottsdale, AZ 85260 | At Home Stores LLC | Lease_239 | Lease Agreement for the property located at 15255 N Northsight Blvd, Scottsdale, AZ, 85260, Dated 10/16/2018 | Plan Effective Date |
| 6 | Cottonwood Square, LLC | 11030 Santa Monica Blvd, #300, Los Angeles, CA 90025 | At Home Stores LLC | Lease_288 | Lease Agreement for the property located at 3400 Calle Cuervo NW, Albuquerque, NM, 87114, Dated 02/21/2022 | Plan Effective Date |
| 7 | Crown Ventures I LLC | 1505 Lakes Pkwy, Lawrenceville, GA 30043 | At Home Stores LLC | Lease_252 | Lease Agreement for the property located at 2656 Atlanta Hwy, Athens, GA, 30606, Dated 03/18/2019 | Plan Effective Date |
| 8 | DTS Properties, LLC | 1111 N Plaza Dr, Suite 20, Schaumburg, IL 60173 | At Home Stores LLC | Lease_365 | Lease Agreement for the property located at 1212 75th St, Downers Grove, IL, 60516, Dated 02/14/2022 | Plan Effective Date |
| 9 | EBR Lake Mary LLC | 200 S. Broad Street, Ste 415, Philadelphia, PA 19102 | At Home Stores LLC | Lease_192 | Lease Agreement for the property located at 3750 Flagg Ln, Lake Mary, FL, 32746, Dated 11/27/2017 | Plan Effective Date |
| 10 | Glade Inline 3, LLC | 4001 N Perryville Rd, Suite D201, Loves Park, IL 61111 | At Home Stores LLC | Lease_347 | Lease Agreement for the property located at 2301 Rio Grande Blvd, Euless, TX, 76039, Dated 02/27/2024 | Plan Effective Date |
| 11 | Goodrich New Hartford LLC | 560 Sylvan Ave, Suite 2100, Englewood Cliffs, NJ 07632 | At Home Stores LLC | Lease_183 | Lease Agreement for the property located at 4645 Commercial Dr, New Hartford, NY, 13413, Dated 04/26/2018 | Plan Effective Date |
| 12 | Kentlands Square LLC | 7501 Wisconsin Ave , Ste 1500E, Bethesda, MD 20814 | At Home Stores LLC | Lease_201 | Lease Agreement for the property located at 209 Kentlands Blvd, Gaithersburg, MD, 20878, Dated 08/27/2018 | Plan Effective Date |
| 13 | Main-Culver Associates, LLC | 7978 Cooper Creek Blvd, University Park, FL 34201 | At Home Stores LLC | Lease_267 | Lease Agreement for the property located at 1075 Shaw Ave, Clovis, CA, 93612, Dated 10/07/2019 | Plan Effective Date |
| 14 | RCC Windsor Square, LLC | 66806 Paragon Pl, Suite 120, Richmond, VA 23230 | At Home Stores LLC | Lease_323 | Lease Agreement for the property located at 10101 E Independence Blvd, Charlotte, NC, 28204, Dated 09/13/2021 | Plan Effective Date |
| 15 | Realty Income Properties 18, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_240 | Lease Agreement for the property located at 9750 Fields Ertel Rd, Loveland, OH, 45140, Dated 11/13/2018 | Plan Effective Date |
| 16 | South Hills Owner LLC | 565 Taxter Rd, Elmsford, NY 10523 | At Home Stores LLC | Lease_311 | Lease Agreement for the property located at 1895 South Rd, Poughkeepsie, NY, 12601, Dated 04/01/2021 | Plan Effective Date |
| 17 | SUNBELT STORES CO., L.P. | 8095 Othello Ave, San Diego, CA 92111 | At Home Stores LLC | Lease_292 | Lease Agreement for the property located at 5255 E Broadway Blvd, Tucson, AZ, 85711, Dated 09/16/2019 | Plan Effective Date |
| 18 | Walmart Inc. | 2608 SE J Street, Bentonville, AR 72716 | At Home Stores LLC | Lease_193 | Lease Agreement for the property located at 100-300 N Galleria Dr, Middletown, NY, 10941, Dated 04/19/2018 | Plan Effective Date |
| 19 | Wayne West Realty LLC | 10689 N Pennsylvania St, Suite 100, Indianapolis, IN 46280 | At Home Stores LLC | Lease_341 | Lease Agreement for the property located at 3830 Illinois Rd, Fort Wayne, IN, 46804, Dated 10/14/2022 | Plan Effective Date |
| 20 | West Jordan Collection, LLC | PO Box 209420, Austin, TX 78720 | At Home Stores LLC | Lease_236 | Lease Agreement for the property located at 7453 Plaza Center Dr, West Jordan, UT, 84084, Dated 01/14/2020 | Plan Effective Date |
| 21 | West Ridge K Center LLC | 550 Latona Rd Bldg. E, Ste 501, Rochester, NY 14626 | At Home Stores LLC | Lease_191 | Lease Agreement for the property located at 3049 W Ridge Rd, Rochester, NY, 14626, Dated 10/26/2017 | Plan Effective Date |

## **Exhibit A-3**

**Redline to Previously Filed Schedule of Rejected Executory Contracts and Unexpired Leases**

## Exhibit A

### Schedules of Rejected Executory Contracts and Unexpired Leases

**Exhibit A** includes the following Schedules of Rejected Executory Contracts and Unexpired Leases:

**Exhibit A-1**:  Schedule of Rejected Executory Contracts and Unexpired Leases (Initial Schedule).

**Exhibit A-2**:  Schedule of Rejected Executory Contracts and Unexpired Leases that Remain Subject to Change Pursuant to Ongoing Negotiations Among the Debtors and Respective Counterparties.[1]

Article V.A of the Plan, in pertinent part, provides for the following:  On the Effective Date, except as otherwise provided in the Plan, pursuant to sections 365 and 1123 of the Bankruptcy Code, each Executory Contract or Unexpired Lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically assumed *unless* such Executory Contract or Unexpired Lease:  (i) is identified on this Schedule of Rejected Executory Contracts and Unexpired Leases; (ii) previously expired or terminated pursuant to its own terms; (iii) is the subject of a motion to reject Filed on or before the Effective Date; or (iv) is an insurance policy (which shall be treated in accordance with Article V.E of the Plan); *provided* that the assumption, assumption and assignment, or rejection of all Executory Contracts and Unexpired Leases shall be subject to the consent of the Required Consenting Stakeholders (not to be unreasonably withheld, conditioned, or delayed).  Entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of all assumptions, assumptions and assignments, and rejections, including the assumption of the Executory Contracts or Unexpired Leases as provided for in the Plan, this Plan Supplement, and the Confirmation Order, pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

Except as otherwise specifically set forth in the Plan, assumptions or rejections of Executory Contracts and Unexpired Leases pursuant to the Plan are effective as of the Effective Date.  Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or by Bankruptcy Court order but not assigned to a third party before the Effective Date shall revest in and be fully enforceable by the applicable contracting Reorganized Debtor in accordance with its terms, except as such terms may have been modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption. Any motions to assume Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by a Final Order on or after the Effective Date but may be withdrawn, settled, or otherwise prosecuted by the Reorganized Debtors.

---

[1]    The Executory Contracts and Unexpired Leases contained in **Exhibit A-2** are currently proposed to be rejected; *provided*, *however*, the Debtors reserve the right to assume any Executory Contracts and/or Unexpired Leases included herein pending further negotiations with respective counterparties to the Executory Contracts and/or Unexpired Leases.

Notwithstanding anything to the contrary in the Plan, the Debtors or the Reorganized Debtors, as applicable, reserve the right to alter, amend, modify, or supplement the Schedule of Rejected Executory Contracts and Unexpired Leases at any time through and including 45 days after the Effective Date; *provided* that such alteration, amendment, modification, or supplement shall be subject to the consent rights set forth herein.

To the extent any provision of the Bankruptcy Code or the Bankruptcy Rules requires the Debtors to assume or reject an Executory Contract or Unexpired Lease, such requirement shall be satisfied if the Debtors make an election to assume or reject such Executory Contract or Unexpired Lease prior to the deadline set forth by the Bankruptcy Code or the Bankruptcy Rules, as applicable, regardless of whether or not the Bankruptcy Court has actually ruled on such proposed assumption or rejection prior to such deadline.

Article V.C of the Plan, in pertinent part, provides for the following: Unless otherwise provided by a Final Order of the Bankruptcy Court, all Proofs of Claim based on the rejection of Executory Contracts or Unexpired Leases, pursuant to the Plan or the Confirmation Order, if any, must be Filed with the Bankruptcy Court and served on the Debtors or, after the Effective Date, the Reorganized Debtors, as applicable, no later than 30 days after the later of (i) the date of entry of an order of the Bankruptcy Court (including the Confirmation order) approving such rejection, and (ii) the effective date of the rejection of such Executory Contract or Unexpired Lease. The notice of the Plan Supplement shall be deemed appropriate notice of rejection when served on applicable parties.

**Any Claim arising from the rejection of an Executory Contract or Unexpired Lease with respect to which a Proof of Claim is not Filed with the Bankruptcy Court within such time will be automatically disallowed and forever barred from assertion and shall not be enforceable against the Debtors, the Reorganized Debtors, the Estates, the Unsecured Claims Distribution Trust, or their property without the need for any objection by the Debtors, the Reorganized Debtors, or the Unsecured Claims Distribution Trust, as applicable, or further notice to, action, order, or approval of the Bankruptcy Court or any other Entity, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied, released, and discharged and shall be subject to the permanent injunction set forth in Article VIII.F of the Plan, notwithstanding anything in a Proof of Claim to the contrary**.

All Allowed Claims arising from the rejection by any Debtor of any Executory Contract or Unexpired Lease pursuant to section 365 of the Bankruptcy Code shall be treated as a General Unsecured Claim as set forth in Article III.B of the Plan and may be objected to in accordance with the provisions of Article VII of the Plan and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, nothing provided herein shall extend or modify any previously established deadline to File a claim arising from the rejection of an Executory Contract or Unexpired Lease previously rejected by the Debtors.

*     *     *     *     *

Certain documents, or portions thereof, contained in this **Exhibit A** and the Plan Supplement remain subject to continuing review and discussions among the Debtors and interested

parties with respect thereto.  The rights of the Debtors are expressly reserved, subject to the terms and conditions set forth in the Plan (including all applicable consultation, consent, and/or approval rights contained or contemplated therein), to alter, amend, modify, or supplement the Plan Supplement and any of the documents contained therein in accordance with the terms of the Plan, or by order of the Bankruptcy Court.

<u>**Exhibit A-1**</u>

**Schedule of Rejected Executory Contracts and Unexpired Leases (Initial Schedule)**

| | | | | | | Non-Real Property Contracts - Reject | |
|---|---|---|---|---|---|---|---|
| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Rejection Date |
| 1 | Alphasense, Inc. | 24 Union Square East, 6th Floor, New York, NY 10003 | At Home Stores LLC | L-00204 | Order Form (Wall Street Insights) made by and between At Home and AlphaSense, Inc. | 8/1/2024 | Plan Effective Date |
| 2 | Alteryx Inc | 3347 Michelson Drive, Ste. 400, Irvine, CA 92612 | At Home Stores LLC | L-00222 | Order Form Agreement made by and between At Home Stores LLC and Alteryx Inc | 8/27/2024 | Plan Effective Date |
| 3 | AMS Audit Services LLC | 6920 Cannon Falls Dr, Plano, TX 75024 | At Home Stores LLC | D-00018 | Service Agreement made by and between At Home and AMS Audit Services LLC | | Plan Effective Date |
| 4 | Balkan Express LLC | 7333 Jack Newell Blvd. N, Ste 200, Fort Worth, TX 76118 | At Home Procurement Inc. | L-00013 | Master Transportation Agreement made by and between At Home Procurement Inc. and Balkan Express LLC. | 11/1/2023 | Plan Effective Date |
| 5 | Barkley, Inc. | 79 Fifth Avenue, 3rd Floor, New York, NY 10003 | At Home Stores LLC | L-00014 | Master Service Agreement made by and between At Home Stores LLC and BARKLEY, INC. | 10/1/2017 | Plan Effective Date |
| 6 | Barkley, LLC | 79 Fifth Avenue, 3rd Floor, New York, NY 10003 | At Home Stores LLC | SOW-00144 | Statement of Work made by and between At Home Stores LLC and Barkley, LLC. | 2/3/2025 | Plan Effective Date |
| 7 | Bazaarvoice, Inc. | 10901 Stonelake Blvd, Austin, TX 78759 | At Home Stores LLC | L-00205 | Renewal Service Order made by and between At Home Stores LLC and Bazaarvoice, Inc. | 7/29/2024 | Plan Effective Date |
| 8 | BPO Worx Consulting | 1275 Susek Dr., Pineville, LA 71360 | At Home Stores LLC | SOW-00094 | Statement of Work made by and between At Home Stores LLC and BPO Worx Consulting. | 1/13/2025 | Plan Effective Date |
| 9 | Brandpoint Services | 820 Adams Avenue, Suite 130, Trooper, PA 19403 | At Home Stores LLC | FAC-31 | Service Agreement made by and between AT HOME STORES LLC and Brandpoint Services. | 2/27/2023 | Plan Effective Date |
| 10 | Champion Elevator Corp. | 1450 Broadway, 5th Floor, New York, NY 10018 | At Home Stores LLC | FAC-14 | Service Agreement made by and between AT HOME STORES LLC and CHAMPION ELEVATOR CORP. | 4/15/2025 | Plan Effective Date |
| 11 | Cosco Shipping Lines Inc | 100 Lighting Way, Secaucus, NJ 07094 | At Home Procurement Inc. | L-00048 | Ocean Transportation Services Agreement made by and between At Home Procurement Inc. and COSCO SHIPPING LINES INC. | 5/15/2024 | Plan Effective Date |
| 12 | Cosco Shipping Lines Inc | 100 Lighting Way, Secaucus, NJ 07094 | At Home Procurement Inc. | SOW-00024 | Ocean Transportation Services Agreement (Amendment 1) made by and between At Home Procurement Inc. and COSCO SHIPPING LINES INC. | 10/30/2024 | Plan Effective Date |
| 13 | CS Business Solutions, LLC d/b/a PriceManager | 300 Frank W. Burr Boulevard, Teaneck, NJ 07666 | At Home Stores LLC | L-00207 | Master Subscription Agreement made by and between At Home Stores LLC and CS Business Solutions, LLC d/b/a PriceManager | 9/29/2023 | Plan Effective Date |
| 14 | Datasite LLC | Baker Center, Suite 600, Minneapolis, MN 55402 | At Home Stores LLC | D-00010 | Service Agreement made by and between At Home Stores LLC and Datasite LLC | | Plan Effective Date |
| 15 | Datavail Corp | 11800 Ridge Parkway, Suite 125, Broomfield, CO 80021 | At Home Stores LLC | NJ-0035 | Service Agreement and all Statement of Work made by and between At Home Stores LLC and DATAVAIL CORP. | 10/5/2015 | Plan Effective Date |
| 16 | FAF, Inc. | 1915 Snapps Ferry Road, Greeneville, TN 37745 | At Home Procurement Inc. | NJ-001 | Master Transportation Agreement made by and between At Home Procurement Inc. and FAF, Inc | 11/1/2023 | Plan Effective Date |
| 17 | Freightwaves, Inc. | 405 Cherry Street, Chattanooga, TN 37402 | At Home Stores LLC | L-00203 | SONAR Master Service Agreement made by and between At Home Stores LLC and FreightWaves, Inc. | | Plan Effective Date |
| 17 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA  02171 | At Home Stores LLC | NJ-0136 | Service Agreement (Store 265) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 6/4/2025 | Plan Effective Date |
| 18 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA  02171 | At Home Stores LLC | NJ-0141 | Service Agreement (Store 318) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 6/4/2025 | Plan Effective Date |
| 19 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA  02171 | At Home Stores LLC | NJ-0144 | Service Agreement (Store 370) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 5/15/2025 | Plan Effective Date |
| 18 | Hub Group, Inc. | 2001 Hub Group Way, Oak Brook, IL 60523 | At Home Procurement Inc. | L-00192 | Master Transport Agreement made by and between At Home Procurement Inc. and Hub Group, Inc. Dated 11/1/2023 | 11/1/2023 | Plan Effective Date |
| 19 | Hughes-Nelson Painting., Inc. | 720 Indigo Court, Pomona, CA 91767 | At Home Stores LLC | MSA-00088 | Master Service Agreement made by and between At Home Stores LLC and HUGHES-NELSON PAINTING., INC.. | 1/13/2025 | Plan Effective Date |
| 20 | Ignitepost, Inc. | 3020 Carrington Mill Blvd., Suite 100, Morrisville, NC 27560<br>2285 Massachusetts Ave, Suite 205 Cambridge MA 02140 | At Home Stores LLC | L-00078 | Professional Services Agreement made by and between At Home Stores LLC and IgnitePost, Inc. | 1/1/2023 | Plan Effective Date |
| 21 | iT Services 2 (iT2) | P.O. Box 25415, Dallas, TX 75225 | At Home Stores LLC | NJ-0054 | Service Agreement made by and between At Home Stores LLC and iT SERVICES 2 (iT2). | 1/6/2022 | Plan Effective Date |
| 22 | IWD LLC | 77 Sands Street, Brooklyn, NY 11201 | At Home Stores LLC | L-00206 | Service and Software License Agreement made by and between At Home Stores LLC and IWD LLC | 10/19/2022 | Plan Effective Date |
| 23 | Kinetsu World Express (U.S.A.) Inc. | 1 Jericho Plaza, Jericho, NY 11753 | At Home Procurement Inc. | L-00235 | Service/Repayment Agreement made by and between At Home and Kintetsu World Express (U.S.A.) Inc. | 6/24/2024 | Plan Effective Date |
| 24 | Maersk A/S | 9300 Arrowpoint Blvd, Charlotte, NC 28273 | At Home Procurement Inc. | D-00016 | Service Agreement made by and between At Home Procurement Inc. and Maersk A/S | | Plan Effective Date |
| 25 | Midwest Retail Services, Inc. | 7920 Industrial Pkwy, Plain City, OH 43064 | At Home Stores LLC | L-00198 | Purchase Agreement made by and between At Home Stores LLC and Midwest Retail Services, Inc. | 10/1/2019 | Plan Effective Date |
| 26 | Miller Zell, Inc. | 6100 Fulton Industrial Boulevard, Atlanta, GA 30336 | At Home Stores LLC | MSA-00071 | Master Service Agreement made by and between At Home Stores LLC and Miller Zell, Inc. | 2/11/2025 | Plan Effective Date |
| 27 | Miller Zell, Inc. | 6100 Fulton Industrial Boulevard, Atlanta, GA 30336 | At Home Stores LLC | SOW-00149 | Statement of Work (On-Site Project Management) made by and between At Home Stores LLC and Miller Zell, Inc. | 2/27/2025 | Plan Effective Date |
| 28 | Miller Zell, Inc. | 6100 Fulton Industrial Boulevard, Atlanta, GA 30336 | At Home Stores LLC | SOW-00172 | Statement of Work (On-Site Signage Manager) made by and between At Home Stores LLC and Miller Zell, Inc. | 3/24/2025 | Plan Effective Date |
| 29 | Myregistry LLC | 2050 Center Ave, Suite 100, Fort Lee, NJ 07024 | At Home Stores LLC | L-00111 | Master Service Agreement made by and between At Home Stores LLC and MYREGISTRY LLC. | 11/1/2023 | Plan Effective Date |
| 30 | Nantaka Joy, Inc. | 3108 Glendale Blvd. #504, Los Angeles, CA 90039 | At Home Procurement Inc. | L-00113 | License and Endorsement Agreement made by and between At Home Procurement Inc. and Nantaka Joy, Inc. | 7/7/2023 | Plan Effective Date |
| 31 | New Tech Mechanical Systems | 25A Moffit Blvd, Bay Shore, NY 11706 | At Home Stores LLC | FAC-45 | Service Agreement made by and between AT HOME STORES LLC and New Tech Mechanical Systems. | 4/23/2025 | Plan Effective Date |
| 32 | Ocean Audit Inc | 11957 SW 14th Place, Davie, FL 33325 | At Home Stores LLC | L-00234 | Service Agreement made by and between At Home Stores LLC and Ocean Audit Inc. | 8/26/2024 | Plan Effective Date |
| 33 | Ocean Network Express Pte. Ltd. | 8730 Stony Point Parkway, Richmond, VA 23235 | At Home Procurement Inc. | L-00116 | Service Contract Agreement made by and between At Home Procurement Inc. and Ocean Network Express Pte. Ltd. | 5/1/2023 | Plan Effective Date |
| 34 | Ocean Network Express Pte. Ltd. | 8730 Stony Point Parkway, Richmond, VA 23235 | At Home Procurement Inc. | L-00117 | Service Contract Agreement (Amendment #1) made by and between At Home Procurement Inc. and Ocean Network Express Pte. Ltd. | 6/12/2023 | Plan Effective Date |
| 35 | Onetrust Aka Convercent Inc | 119 W 24th St, 4th Floor, Suite 302, New York, NY 10011 | At Home Stores LLC | L-00233 | Professional Services Agreement and SOW made by and between At Home Stores LLC and OneTrust aka Convercent Inc. | 3/19/2025 | Plan Effective Date |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Rejection Date |
|---|---|---|---|---|---|---|---|
| 36 | Point B, LLC | ~~290 Davidson Avenue, Somerset, NJ 08873~~<br><br>1420 5th Ave. Suite #2200, Seattle, WA 98101 | At Home Stores LLC | L-00124 | Master Service Agreement made by and between At Home Stores LLC and Point B, LLC. | 11/6/2023 | Plan Effective Date |
| 37 | Prolift | 1835 Dale Road, Buffalo, NY 14225-0256 | At Home Stores LLC | FAC-47 | Service Agreement made by and between At Home Stores LLC and Prolift (5/28/2025) | 5/28/2025 | Plan Effective Date |
| 38 | Prolift | 1835 Dale Road, Buffalo, NY 14225-0256 | At Home Stores LLC | FAC-48 | Service Agreement made by and between AT HOME STORES LLC and Prolift (8/1/2023) | 8/1/2023 | Plan Effective Date |
| 39 | Retail Security Services Inc. | 5 Orville Drive, Suite 100, Bohemia, NY 11716 | At Home Stores LLC | L-00209 | Master Service Agreement made by and between At Home Stores LLC and Retail Security Services Inc. | | Plan Effective Date |
| 40 | RKB Handyman Svc, Inc | 350 Motor Parkway, Suite 412, Hauppauge, NY 11788 | At Home Stores LLC | FAC-51 | Service Agreement made by and between AT HOME STORES LLC and Josephine Franzese. | 8/8/2023 | Plan Effective Date |
| 41 | Saperia Consulting | 43 Cohawney Rd, Scarsdale, NY 10583 | At Home Stores LLC | L-00225 | Statement of Work made by and between At Home Stores, LLC and Saperia Consulting LLC | 1/28/2025 | Plan Effective Date |
| 42 | Schneider Logistics Transport, A Division Of Schneider National Carriers, Inc. | 233 South Wacker, Suite 4100, Chicago, IL 60606 | At Home Procurement Inc. | L-00141 | Master Transportation Agreement made by and between At Home Procurement Inc. and Schneider Logistics Transport, a division of Schneider National Carriers, Inc. | 7/1/2023 | Plan Effective Date |
| 43 | Sooter Plumbing And Mechanical LLC | 204 E 5th Ave, Augusta, KS 67010 | At Home Stores LLC | FAC-21 | Service Agreement made by and between At Home Stores LLC and Sooter Plumbing and Mechanical LLC. | 3/18/2025 | Plan Effective Date |
| 44 | Sprinklr, Inc. | 29 West 35th Street, 7th Floor, Staten Island, NY 10304 | At Home Stores LLC | L-00148 | Master Service Agreement made by and between At Home Stores LLC and Sprinklr, Inc. | 1/13/2023 | Plan Effective Date |
| 45 | Sprinklr, Inc. | 29 West 35th Street, 7th Floor, Staten Island, NY 10304 | At Home Stores LLC | L-00149 | Order Form made by and between At Home Stores LLC and Sprinklr Inc., a Delaware corporation. | 2/1/2023 | Plan Effective Date |
| 46 | STI Global, Inc | 1001 W Euless Drive, Suite 340, Euless, TX 76040 | At Home Stores LLC | MTA-00193 | Master Transportation Agreement made by and between At Home Stores LLC and STI Global, Inc. | 4/1/2025 | Plan Effective Date |
| 47 | The Workforce Pro, Inc | 8939 S. Sepulveda Blvd, Suite 100, #273, Los Angeles, CA 90045 | At Home Stores LLC | L-00236 | Consulting Agreement made by and between At Home Stores LLC and The Workforce Pro, Inc | 3/22/2022 | Plan Effective Date |
| 48 | Tilton Pacific Construction, Inc. | 595 Menlo Drive, Rocklin, CA 95765 | At Home Stores LLC | L-00208 | Standard Form of Agreement Between At Home Stores LLC and Tilton Pacific Construction, Inc. related to 1300 Dana Drive, Redding, CA 96003 | 5/20/2024 | Plan Effective Date |
| 49 | Truno Retail Technology Solutions | 13912 FM 1730, Lubbock, TX 79424 | At Home Stores LLC | NJ-0117 | Customer Service Agreement and all Statement of Work made by and between At Home Stores LLC and TRUNO Retail Technology Solutions (1/13/2017) | 1/13/2017 | Plan Effective Date |
| 50 | Truno Retail Technology Solutions | 13912 FM 1730, Lubbock, TX 79424 | At Home Stores LLC | NJ-0118 | Customer Service Agreement and all Statement of Work made by and between At Home Stores LLC and TRUNO Retail Technology Solutions (7/23/2019) | 7/23/2019 | Plan Effective Date |
| 51 | VSS Transportation Group, Inc. | 1 Rich Hill Rd, Cheswick, PA 15024 | At Home Procurement Inc. | L-00174 | Master Transportation Agreement made by and between At Home Procurement Inc. and VSS Transportation Group, Inc. | 11/1/2023 | Plan Effective Date |
| 52 | West Techs Chill Water Specialist | 142 N Clack, Abilene, TX 79603 | At Home Stores LLC | FAC-58 | Service Agreement made by and between AT HOME STORES LLC and Johnny Upchurch. | 3/3/2023 | Plan Effective Date |
| 53 | Western Express Inc. | 7135 Centennial Plac, Nashville, TN 37209 | At Home Procurement Inc. | L-00193 | Master Transport Agreement made by and between At Home Procurement Inc. and Western Express Inc. | 11/1/2023 | Plan Effective Date |
| 54 | William E. Connor & Associates Ltd. | 6/F, The Harbourfront, Tower II, 18-22 Tak Fung Street, Hunghom, Kowloon, Hong Kong | At Home Stores LLC | L-00228 | Guaranty Agreement made by and between At Home Stores LLC and William E. Connor & Associates Ltd. | 8/3/2017 | Plan Effective Date |
| 55 | William E. Connor & Associates Ltd. | 6/F, The Harbourfront, Tower II, 18-22 Tak Fung StreetHunghom, Kowloon, Hong Kong | At Home Procurement Inc. | L-00229 | Sourcing Services Agreement made by and between At Home Procurement Inc and William E. Connor & Associates Ltd. | | Plan Effective Date |
| 56 | Winmill Software, Inc | 420 Lexington Avenue, Suite 455, New York, NY 10170 | At Home Stores LLC | L-00218 | Master Service Agreement made by and between At Home Stores LLC and Winmill Software Inc | | Plan Effective Date |
| 57 | Winmill Software, Inc | 420 Lexington Avenue, Suite 455, New York, NY 10170 | At Home Stores LLC | L-00226 | Planview PPM Renewal Agreement made by and between At Home Stores LLC and WinMill Software, Inc | 7/31/2024 | Plan Effective Date |
| 58 | Winmill Software, Inc | 420 Lexington Avenue, Suite 455, New York, NY 10170 | At Home Stores LLC | L-00227 | Subscription Services Terms made by and between At Home Stores LLC and WinMill Software (Reseller) / Planview International AB | | Plan Effective Date |
| 59 | Yelp Inc. | 350 Mission Street, 10th Floor, San Francisco, CA 94105 | At Home Stores LLC | L-00200 | Advertising Agreement made by and between At Home and Yelp Inc. | 2/27/2025 | Plan Effective Date |
| 60 | Yipit, Llc | 22 W 19th Street, 7th Floor, New York, NY 10011 | At Home Stores LLC | L-00213 | Master Product and Services Agreement & Business Terms made by and between At Home Stores, LLC and Yipit, LLC | 12/20/2022 | Plan Effective Date |

## **Exhibit A-2**

**Schedule of Rejected Executory Contracts and Unexpired Leases that Remain Subject to Change Pursuant to Ongoing Negotiations Among the Debtors and Respective Counterparties**

| | | | | | Real Property Contracts - Reject Subject to Deal Completion | |
|---|---|---|---|---|---|---|
| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Rejection Date |
| 1 | 1100 Jefferson Partners LLC | 2213 Brighton Henrietta Town Line Rd, Rochester, NY 14623 | At Home Stores LLC | Lease_164 | Lease Agreement for the property located at 1160 Jefferson Rd, Rochester, NY, 14623, Dated 04/19/2017 | Plan Effective Date |
| 2 | 4833 Waterview Meadow LLC | 575 Julie Rivers Dr, Sugar Land, TX 77478 | At Home Stores LLC | Lease_174 | Lease Agreement for the property located at 4833 Waterview Meadow Dr, Richmond, TX, 77407, Dated 06/06/2017 | Plan Effective Date |
| 3 | Airport Holdings LLC | 9101 Varina Road, Henrico, VA 23231 | At Home Stores LLC | Lease_67 | Lease Agreement for the property located at 401 International Center Dr, Sandston, VA, 23150, Dated 08/01/2011 | Plan Effective Date |
| 4 | ARC NPHUBOBO001, LLC | 405 Park Ave, New York, NY 10022 | At Home Stores LLC | Lease_246 | Lease Agreement for the property located at 8221 Troy Pike, Huber Heights, OH, 45424, Dated 11/14/2018 | Plan Effective Date |
| 5 | August America, LLC. | 734 Hebron Ave, Glastonbury, CT 06033 | At Home Stores LLC | Lease_291 | Lease Agreement for the property located at 376 Universal Dr, North Haven, CT, 06473, Dated 06/02/2022 | Plan Effective Date |
| 5 | CJ Northsight, LLC | 15821 N 79th St, Scottsdale, AZ 85260 | At Home Stores LLC | Lease_239 | Lease Agreement for the property located at 15255 N Northsight Blvd, Scottsdale, AZ, 85260, Dated 10/16/2018 | Plan Effective Date |
| 6 | Cottonwood Square, LLC | 11030 Santa Monica Blvd, #300, Los Angeles, CA 90025 | At Home Stores LLC | Lease_288 | Lease Agreement for the property located at 3400 Calle Cuervo NW, Albuquerque, NM, 87114, Dated 02/21/2022 | Plan Effective Date |
| 7 | Crown Ventures I LLC | 1505 Lakes Pkwy, Lawrenceville, GA 30043 | At Home Stores LLC | Lease_252 | Lease Agreement for the property located at 2656 Atlanta Hwy, Athens, GA, 30606, Dated 03/18/2019 | Plan Effective Date |
| 8 | DTS Properties, LLC | 1111 N Plaza Dr, Suite 20, Schaumburg, IL 60173 | At Home Stores LLC | Lease_365 | Lease Agreement for the property located at 1212 75th St, Downers Grove, IL, 60516, Dated 02/14/2022 | Plan Effective Date |
| 9 | EBR Lake Mary LLC | 200 S. Broad Street, Ste 415, Philadelphia, PA 19102 | At Home Stores LLC | Lease_192 | Lease Agreement for the property located at 3750 Flagg Ln, Lake Mary, FL, 32746, Dated 11/27/2017 | Plan Effective Date |
| 10 | Glade Inline 3, LLC | 4001 N Perryville Rd, Suite D201, Loves Park, IL 61111 | At Home Stores LLC | Lease_347 | Lease Agreement for the property located at 2301 Rio Grande Blvd, Euless, TX, 76039, Dated 02/27/2024 | Plan Effective Date |
| 11 | Goodrich New Hartford LLC | 560 Sylvan Ave, Suite 2100, Englewood Cliffs, NJ 07632 | At Home Stores LLC | Lease_183 | Lease Agreement for the property located at 4645 Commercial Dr, New Hartford, NY, 13413, Dated 04/26/2018 | Plan Effective Date |
| 12 | Kentlands Square LLC | 7501 Wisconsin Ave , Ste 1500E, Bethesda, MD 20814 | At Home Stores LLC | Lease_201 | Lease Agreement for the property located at 209 Kentlands Blvd, Gaithersburg, MD, 20878, Dated 08/27/2018 | Plan Effective Date |
| 13 | Main-Culver Associates, LLC | 7978 Cooper Creek Blvd, University Park, FL 34201 | At Home Stores LLC | Lease_267 | Lease Agreement for the property located at 1075 Shaw Ave, Clovis, CA, 93612, Dated 10/07/2019 | Plan Effective Date |
| 15 | R51PD-120, LLC | 761 Osage Road, Pittsburgh, PA 15243 | At Home Stores LLC | Lease_170 | Lease Agreement for the property located at 120 Mall Plaza Blvd, Monroeville, PA, 15146, Dated 04/04/2017 | Plan Effective Date |
| 14 | RCC Windsor Square, LLC | 66806 Paragon Pl, Suite 120, Richmond, VA 23230 | At Home Stores LLC | Lease_323 | Lease Agreement for the property located at 10101 E Independence Blvd, Charlotte, NC, 28204, Dated 09/13/2021 | Plan Effective Date |
| 15 | Realty Income Properties 18, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_240 | Lease Agreement for the property located at 9750 Fields Ertel Rd, Loveland, OH, 45140, Dated 11/13/2018 | Plan Effective Date |
| 16 | South Hills Owner LLC | 565 Taxter Rd, Elmsford, NY 10523 | At Home Stores LLC | Lease_311 | Lease Agreement for the property located at 1895 South Rd, Poughkeepsie, NY, 12601, Dated 04/01/2021 | Plan Effective Date |
| 17 | SUNBELT STORES CO., L.P. | 8095 Othello Ave, San Diego, CA 92111 | At Home Stores LLC | Lease_292 | Lease Agreement for the property located at 5255 E Broadway Blvd, Tucson, AZ, 85711, Dated 09/16/2019 | Plan Effective Date |
| 20 | Wakefern Food Corp. | 10096 Red Run Blvd , Ste 300, Owings Mills, MD 21117 | At Home Stores LLC | Lease_299 | Lease Agreement for the property located at 6716 Governor Ritchie Hwy, Glen Burnie, MD, 21061, Dated 06/04/2019 | Plan Effective Date |
| 18 | Walmart Inc. | 2608 SE J Street, Bentonville, AR 72716 | At Home Stores LLC | Lease_193 | Lease Agreement for the property located at 100-300 N Galleria Dr, Middletown, NY, 10941, Dated 04/19/2018 | Plan Effective Date |
| 19 | Wayne West Realty LLC | 10689 N Pennsylvania St, Suite 100, Indianapolis, IN 46280 | At Home Stores LLC | Lease_341 | Lease Agreement for the property located at 3830 Illinois Rd, Fort Wayne, IN, 46804, Dated 10/14/2022 | Plan Effective Date |
| 20 | West Jordan Collection, LLC | PO Box 209420, Austin, TX 78720 | At Home Stores LLC | Lease_236 | Lease Agreement for the property located at 7453 Plaza Center Dr, West Jordan, UT, 84084, Dated 01/14/2020 | Plan Effective Date |
| 21 | West Ridge K Center LLC | 550 Latona Rd Bldg. E, Ste 501, Rochester, NY 14626 | At Home Stores LLC | Lease_191 | Lease Agreement for the property located at 3049 W Ridge Rd, Rochester, NY, 14626, Dated 10/26/2017 | Plan Effective Date |

**Exhibit B**

**Schedules of Assumed Executory Contracts and Unexpired Leases**

**Exhibit B** includes the following Schedules of Assumed Executory Contracts and Unexpired Leases:

**Exhibit B-1**:  Schedule of Assumed Executory Contracts and Unexpired Leases (Initial Schedule).[1]

**Exhibit B-2**:  Schedule of Assumed Executory Contracts and Unexpired Leases that Remain Subject to Finalization and Execution of Certain Documentation Among the Debtors and Respective Counterparties.[2]

Article V.A of the Plan, in pertinent part, provides for the following:  On the Effective Date, except as otherwise provided in the Plan, pursuant to sections 365 and 1123 of the Bankruptcy Code, each Executory Contract or Unexpired Lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically assumed *unless* such Executory Contract or Unexpired Lease:  (i) is identified on this Schedule of Rejected Executory Contracts and Unexpired Leases; (ii) previously expired or terminated pursuant to its own terms; (iii) is the subject of a motion to reject Filed on or before the Effective Date; or (iv) is an insurance policy (which shall be treated in accordance with Article V.E of the Plan); *provided* that the assumption, assumption and assignment, or rejection of all Executory Contracts and Unexpired Leases shall be subject to the consent of the Required Consenting Stakeholders (not to be unreasonably withheld, conditioned, or delayed).  Entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of all assumptions, assumptions and assignments, and rejections, including the assumption of the Executory Contracts or Unexpired Leases as provided for in the Plan, this Plan Supplement, and the Confirmation Order, pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

Except as otherwise specifically set forth in the Plan, assumptions or rejections of Executory Contracts and Unexpired Leases pursuant to the Plan are effective as of the Effective Date.  Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or by Bankruptcy Court order but not assigned to a third party before the Effective Date shall revest in and be fully enforceable by the applicable contracting Reorganized Debtor in accordance with its terms, except as such terms may have been modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption.  Any motions to assume Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by a Final Order on or after the Effective Date but may be withdrawn, settled, or otherwise prosecuted by the Reorganized Debtors.

---

[1]    The individual employment agreements with the senior management team of the Debtors will be listed on subsequent Plan Supplement Schedules.  *See* Plan, Art. IV.R.

[2]    The Executory Contracts and Unexpired Leases contained in **Exhibit B-2** are currently proposed to be assumed; *provided*, *however*, that the Debtors reserve the right to reject any Executory Contracts and/or Unexpired Leases included herein absent finalization and/or execution of certain documentation.

Except as otherwise provided in the Plan or agreed to by the Debtors and the applicable counterparty, each assumed (or assumed and assigned) Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests. Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtors during the Chapter 11 Cases shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith.

To the maximum extent permitted by Law, to the extent any provision in any Executory Contract or Unexpired Lease assumed or assumed and assigned pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption or assumption and assignment of such Executory Contract or Unexpired Lease (including any "change of control" provision), then such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto. Notwithstanding anything to the contrary in the Plan, the Debtors or the Reorganized Debtors, as applicable, reserve the right to alter, amend, modify, or supplement the Schedule of Rejected Executory Contracts and Unexpired Leases at any time through and including 45 days after the Effective Date; *provided* that such alteration, amendment, modification, or supplement shall be subject to the consent rights set forth herein.

To the extent any provision of the Bankruptcy Code or the Bankruptcy Rules requires the Debtors to assume or reject an Executory Contract or Unexpired Lease, such requirement shall be satisfied if the Debtors make an election to assume or reject such Executory Contract or Unexpired Lease prior to the deadline set forth by the Bankruptcy Code or the Bankruptcy Rules, as applicable, regardless of whether or not the Bankruptcy Court has actually ruled on such proposed assumption or rejection prior to such deadline.

Article V.D of the Plan, in pertinent part, provides for the following:  The Debtors or the Reorganized Debtors, as applicable, shall pay Cures, if any, on the Effective Date or as soon as reasonably practicable thereafter in the ordinary course of business. Unless otherwise agreed upon in writing by the parties to the applicable Executory Contract or Unexpired Lease, any objection by a counterparty to a proposed assumption, including pursuant to the Plan, or related Cure amount must be Filed, served, and actually received by counsel to the Debtors and the U.S. Trustee no later than the deadline to object to Confirmation of the Plan or any other deadline that may be set by the Bankruptcy Court. Any such request that is not timely Filed shall be disallowed and forever barred, estopped, and enjoined from assertion, and shall not be enforceable against any Debtor or Reorganized Debtor, as applicable, without the need for any objection by the Debtors or Reorganized Debtors or any other party in interest or any further notice to or action, order, or approval of the Bankruptcy Court.  Any Cure costs shall be deemed fully satisfied, released, and discharged upon payment by the Debtors or the Reorganized Debtors, as applicable, of the applicable Cure costs; provided, however, that nothing herein shall prevent the Reorganized Debtors from paying any Cure costs despite the failure of the relevant counterparty to File such request for payment of such Cure costs.  The Reorganized Debtors also may settle any Cure costs without any further notice to or action, order, or approval of the Bankruptcy Court.  Any such

objection will be scheduled to be heard by the Bankruptcy Court at the Confirmation Hearing or such other setting as requested by the Debtors for which such objection is timely Filed. Any counterparty to an Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption of any Executory Contract or Unexpired Lease will be deemed to have consented to such assumption.

If there is any dispute regarding any Cure costs, the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" within the meaning of section 365 of the Bankruptcy Code, or any other matter pertaining to assumption, then payment of any Cure costs shall occur as soon as reasonably practicable after (i) entry of a Final Order resolving such dispute, approving such assumption (and, if applicable, assignment) or (ii) as may be agreed upon by the Debtors or the Reorganized Debtors, as applicable, and the counterparty to the Executory Contract or Unexpired Lease. The Debtors and the Reorganized Debtors, as applicable, reserve the right at any time to move to reject any Executory Contract or Unexpired Lease based upon the existence of any such unresolved dispute. If a Cure Claim, as ruled by the Bankruptcy Court, is more than what was proposed by the Debtors, the Debtors and the Reorganized Debtors reserve the right to reject such Executory Contract or Unexpired Lease. The Debtors shall include a non-exhaustive Schedule of Assumed Executory Contracts and Unexpired Leases that will include proposed Cure costs in the Plan Supplement.

Assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise and payment of any applicable Cure cost pursuant to the Plan shall result in the full release and satisfaction of any Cures, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time prior to the effective date of assumption. **Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed in the Chapter 11 Cases, including pursuant to the Confirmation Order, and for which any Cure has been fully paid pursuant to this Article V.D, shall be deemed disallowed and expunged as of the Effective Date without the need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court.**

*        *        *        *        *

For the avoidance of doubt, the inclusion of an Executory Contract and/or Unexpired Lease on this **<u>Exhibit B</u>** does not constitute an admission as to the executory or non-executory nature of such Executory Contract or Unexpired Lease or as to the existence or validity of any Claims held by the counterparty or counterparties to such Executory Contract or Unexpired Lease.

Certain documents, or portions thereof, contained in this **<u>Exhibit B</u>** and the Plan Supplement remain subject to continuing review and discussions among the Debtors and interested parties with respect thereto. The rights of the Debtors are expressly reserved, subject to the terms and conditions set forth in the Plan (including all applicable consultation, consent, and/or approval rights contained or contemplated therein), to alter, amend, modify, or supplement the Plan Supplement and any of the documents contained therein in accordance with the terms of the Plan, or by order of the Bankruptcy Court.

**<u>Exhibit B-1</u>**

**Schedule of Assumed Executory Contracts and Unexpired Leases (Initial Schedule)**

| | | | | Non-Real Property Contracts - Assume | | |
|---|---|---|---|---|---|---|
| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
| 1 | 1-800-Got-Junk? LLC | 301-887 Great Northern Way, Vancouver, BC V5T 4T5, Canada | At Home Stores LLC | FAC-22 | Service Agreement made by and between AT HOME STORES LLC and 1-800-GOT-JUNK? LLC. | 4/30/2025 | $8,707.50 |
| 2 | 1X Plastics | 4610 Milton Street, Shoreview, MN 55126 | At Home Stores LLC | L-00001 | Master Service Agreement made by and between At Home Stores LLC and Show-Me Plastics (dba 1X Plastics). | 9/25/2023 | $9,130.22 |
| 3 | A2B Cargo Logistics Inc | 636 S River Rd, Ste. 100E, Des Plaines, IL 60016 | At Home Procurement Inc. | MSA-00281 | Master Service Agreement made by and between At Home Procurement Inc. and A2B CARGO LOGISTICS INC. | 2/20/2025 | $0.00 |
| 4 | Accent Graphics Inc | 523 Rock Island Road, Grand Prairie, TX 75050 | At Home Stores LLC | FAC-18 | Service Agreement made by and between AT HOME STORES LLC and Accent Graphics Inc. | 5/2/2025 | $0.00 |
| 5 | Accruent, LLC | 2050 Center Avenue Suite 100, Fort Lee, NJ 07024 | At Home Stores LLC | L-00098 | Software as a Service made by and between At Home Stores LLC and Accruent, LLC. | 5/29/2018 | $0.00 |
| 6 | Accruent, LLC | 2050 Center Avenue Suite 100, Fort Lee, NJ 07024 | At Home Stores LLC | L-00214 | Sales Order Document made by and between At Home Stores LLC and Accruent, LLC (Q-208994-1) | 5/19/2021 | $0.00 |
| 7 | Accruent, LLC | 2050 Center Avenue Suite 100, Fort Lee, NJ 07024 | At Home Stores LLC | L-00215 | Master Service Agreement made by and between At Home Stores LLC and Accruent, LLC | 5/25/2018 | $0.00 |
| 8 | Accruent, LLC | 2050 Center Avenue Suite 100, Fort Lee, NJ 07024 | At Home Stores LLC | L-00216 | Sales Order Document made by and between At Home Stores LLC and Accruent, LLC (Q-235467-1) | 4/7/2022 | $0.00 |
| 9 | Accruent, LLC | 2050 Center Avenue Suite 100, Fort Lee, NJ 07024 | At Home Stores LLC | L-00217 | Lx Subscription Service Agreement made by and between At Home Stores LLC and Accruent, LLC | 7/25/2024 | $78,128.62 |
| 10 | Accudata System, Inc. | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | L-00002 | Master Service Agreement made by and between At Home Stores LLC and Accudata Systems, LLC. | 2/3/2023 | $0.00 |
| 11 | Action Services Group Inc. | 525 Turner Industrial Way, Aston, PA 19014 | At Home Stores LLC | FAC-24 | Service Agreement made by and between AT HOME STORES LLC and Action Services Group Inc. | 5/1/2025 | $0.00 |
| 12 | Activate, Inc. | 1395 Jarvis Street, Ferndale, MI 48220 | At Home Stores LLC | SOW-00091 | Statement of Work made by and between At Home Stores LLC and ACTIVATE, INC. | 1/13/2025 | $0.00 |
| 13 | Adobe Inc. | 345 Park Avenue, San Jose, CA 95110 | At Home Stores LLC | OF-00202 | Order Form made by and between At Home Stores LLC and Adobe Inc. | 4/30/2025 | $945.21 |
| 14 | Agilence Inc. | PO Box 23677, New York, NY 10087-3677 | At Home Stores LLC | L-00003 | Statement of Work made by and between At Home Stores LLC and Agilence Inc. | 7/1/2021 | $7,248.80 |
| 15 | Airgas USA, LLC | 79 Fifth Avenue, 3rd Floor, New York, NY 10003 | At Home Stores LLC | L-00004 | Master Service Agreement made by and between At Home Stores LLC and Airgas USA, LLC. | 5/31/2024 | $1,236.45 |
| 16 | Airwavz Solutions, Inc. | 79 Fifth Avenue, 3rd Floor, New York, NY 10003 | At Home Stores LLC | L-00005 | Software License Agreement made by and between At Home Stores LLC and Airwavz Solutions, Inc. | 6/2/2023 | $0.00 |
| 17 | Akamai Technolgies, Inc. | 145 Broadway Cambridge, Cambridge, MA 02142 | At Home Stores LLC | OF-00074 | Order Form made by and between At Home Stores LLC and AKAMAI TECHNOLGIES, INC. | 12/1/2024 | $54,503.23 |
| 18 | Alexia Ellesse Creative | 1010 Clove Glen, Allen, TX 75025 | At Home Stores LLC | MKTG-31 | This Service Agreement is made by and between AT HOME STORES LLC and Alexia Ellesse Creative. | 6/9/2023 | $0.00 |
| 19 | All Pro Electrical Services LLC | 13945 Overlook Lane, Forney, TX 75126 | At Home Stores LLC | FAC-25 | Service Agreement made by and between AT HOME STORES LLC and All Pro Electrical Services LLC. | 4/8/2025 | $0.00 |
| 20 | All Pump & Equipment Co | 610 N MILBY ST, Houston, TX 77003 | At Home Stores LLC | FAC-68 | Service Agreement made by and between AT HOME STORES LLC and ALL PUMP & EQUIPMENT CO. | 9/11/2024 | $0.00 |
| 21 | Amanda Brefach | Address Redacted | At Home Stores LLC | PSA-00261 | Professional Services Agreement made by and between At Home Stores LLC and Amanda Brefach. | 5/7/2025 | $0.00 |
| 22 | Amazon Logistics, Inc. | P.O. Box 81226, Seattle, WA 98108 | At Home Stores LLC | MTA-00196 | Master Transportation Agreement made by and between At Home Stores LLC and Amazon Logistics, Inc. | 4/1/2025 | $396,863.61 |
| 23 | Amigo Mobility International, Inc. | 6693 Dixie Highway, Bridgeport, MI 48722 | At Home Stores LLC | FAC-8 | Service Agreement made by and between AT HOME STORES LLC and Amigo Mobility International, Inc. | 5/1/2025 | $0.00 |
| 24 | Amx Logistics Inc. | 10720 E US HWY 84, Ashford, AL 36312 | At Home Stores LLC | MSA-00223 | Master Service Agreement made by and between At Home Stores LLC and AMX Logistics Inc. | 5/16/2025 | $0.00 |
| 25 | Anderson Oxford Inc dba ThinkLP | 219 Labrador Drive, Unit 100, Waterloo, ON N2K 4M8, Canada | At Home Stores LLC | L-00160 | Order Form made by and between At Home Stores LLC and ThinkLP (Additional Salesforce Storage) | 6/27/2024 | $0.00 |
| 26 | Anderson Oxford Inc dba ThinkLP | 219 Labrador Drive, Unit 100, Waterloo, ON N2K 4M8, Canada | At Home Stores LLC | OF-00167 | Order Form made by and between At Home Stores LLC and ThinkLP (02/21/2025 - 02/20/2028) | 3/10/2025 | $0.00 |
| 27 | Andrea Morris | Address Redacted | At Home Stores LLC | MKTG-34 | This Service Agreement is made by and between AT HOME STORES LLC and Andrea Morris. | 2/7/2023 | $0.00 |
| 28 | Apollo Mechanical Contractors | 1201 W Columbia Drive, Kennewick, WA 99336 | At Home Stores LLC | FAC-27 | Service Agreement made by and between AT HOME STORES LLC and Apollo Mechanical Contractors. | 5/1/2025 | $3,450.50 |
| 29 | Applied Predictive Technologies, Inc. | 4250 North Fairfax Drive, Suite 1100, Arlington, VA 22203 | At Home Stores LLC | L-00007 | Order Form made by and between At Home Stores LLC and Applied Predictive Technologies, Inc. | 7/15/2018 | $0.00 |
| 30 | Applied Predictive Technologies, Inc. | 4250 North Fairfax Drive, Suite 1100, Arlington, VA 22203 | At Home Stores LLC | NJ-013 | Master Service Agreement made by and between At Home Stores LLC and Applied Predictive Technologies, Inc. | 7/15/2018 | $0.00 |
| 31 | Appriss Retail | 220 Progress, Suite 175, Irvine, CA 92616 | At Home Stores LLC | L-00006 | Non-Disclosure Agreements made by and between At Home Stores LLC and Appriss Retail. | 6/20/2023 | $0.00 |
| 32 | Appriss Retail | Po Box 639032, Cincinnati, OH 45263 | At Home Stores LLC | NJ-0022 | Data Processing Addendum to Master License and Service Agreement made by and between At Home Stores LLC and APPRISS RETAIL. | 1/29/2024 | $0.00 |
| 33 | Appriss Retail | 220 Progress, Ste. 175, Irvine, CA 92618 | At Home Stores LLC | NJ-0023 | Master License and Service Agreement made by and between At Home Stores LLC and APPRISS RETAIL. | 1/29/2024 | $0.00 |
| 34 | APTO Solutions Inc | 1910 MacArthur Blvd., Atlanta, GA 30318 | At Home Stores LLC | NJ-0024 | Service Agreement made by and between At Home Stores LLC and APTO SOLUTIONS INC. | 6/30/2023 | $0.00 |
| 35 | Arag Insurance Company | 500 Grand Avenue, Suite 100, Des Moines, IA 50309 | At Home Stores LLC | HR-2 | Benefits Agreement made by and between At Home Stores LLC and Arag Insurance Company. | 1/1/2025 | $0.00 |
| 36 | Arin - American | PO Box 232290, Centreville, VA 20120 | At Home Stores LLC | NJ-0025 | Service Agreement made by and between At Home Stores LLC and ARIN - AMERICAN. | 6/22/2022 | $0.00 |
| 37 | Articulate Global, LLC | 244 5th Avenue, Suite 2960, New York, NY 10001 | At Home Stores LLC | SAAS-00263 | Software as a Service made by and between At Home Stores LLC and Articulate Global, LLC. | 7/10/2025 | $0.00 |
| 38 | Artifacts Lux Photography | 8550 Sweetwood, Dallas, TX 75228 | At Home Stores LLC | CA-00289 | Consulting Agreement made by and between At Home Stores LLC and ARTIFACTS LUX PHOTOGRAPHY. | 5/7/2025 | $0.00 |
| 39 | Ashley Cole | Address Redacted | At Home Stores LLC | WA-00113 | Waivers - Financial made by and between At Home Stores LLC and Ashley Cole. | 1/24/2025 | $0.00 |
| 40 | Astound Commerce Corporation | Floor 33 30 Broad St, New York, NY 10004 | At Home Stores LLC | MSA-00179 | Master Service Agreement made by and between At Home Stores LLC and ASTOUND COMMERCE CORPORATION. | 4/22/2025 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 41 | At Home Procurement Inc. | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Stores LLC | InterCo_3 | License Agreement made by and between At Home Stores LLC and At Home Procurement Inc. | 4/30/2017 | $0.00 |
| 42 | At Home Procurement Inc. | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Stores LLC | InterCo_5 | Product Reseller Agreement made by and between At Home Stores LLC and At Home Procurement Inc. | 4/30/2017 | $0.00 |
| 43 | At Home Procurement Inc. and At Home Stores LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home RMS Inc. | InterCo_1 | Agreement for Strategic Management, Accounting and Administrative Services made by and among At Home RMS Inc. and At Home Stores LLC and At Home Procurement Inc. | 4/30/2017 | $0.00 |
| 44 | At Home RMS Inc. | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Stores LLC | InterCo_4 | License Agreement made by and between At Home Stores LLC and At Home RMS Inc. | 4/30/2017 | $0.00 |
| 45 | At Home RMS Inc. and At Home Procurement Inc. | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Stores LLC | InterCo_1 | Agreement for Strategic Management, Accounting and Administrative Services made by and among At Home RMS Inc. and At Home Stores LLC and At Home Procurement Inc. | 4/30/2017 | $0.00 |
| 46 | At Home RMS Inc. and At Home Stores LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Procurement Inc. | InterCo_1 | Agreement for Strategic Management, Accounting and Administrative Services made by and among At Home RMS Inc. and At Home Stores LLC and At Home Procurement Inc. | 4/30/2017 | $0.00 |
| 47 | At Home RMS Inc., At Home Procurement Inc., and At Home Gift Card LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Stores LLC | InterCo_2 | Cash Management Agreement made between At Home Stores LLC, At Home RMS Inc., At Home Procurement Inc., and At Home Gift Card LLC | 4/30/2017 | $0.00 |
| 48 | At Home Stores LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Procurement Inc. | InterCo_3 | License Agreement made by and between At Home Stores LLC and At Home Procurement Inc. | 4/30/2017 | $0.00 |
| 49 | At Home Stores LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Procurement Inc. | InterCo_5 | Product Reseller Agreement made by and between At Home Stores LLC and At Home Procurement Inc. | 4/30/2017 | $0.00 |
| 50 | At Home Stores LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home RMS Inc. | InterCo_4 | License Agreement made by and between At Home Stores LLC and At Home RMS Inc. | 4/30/2017 | $0.00 |
| 51 | At Home Stores LLC, At Home Procurement Inc., and At Home Gift Card LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home RMS Inc. | InterCo_2 | Cash Management Agreement made between At Home Stores LLC, At Home RMS Inc., At Home Procurement Inc., and At Home Gift Card LLC | 4/30/2017 | $0.00 |
| 52 | At Home Stores LLC, At Home RMS Inc., and At Home Gift Card LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Procurement Inc. | InterCo_2 | Cash Management Agreement made between At Home Stores LLC, At Home RMS Inc., At Home Procurement Inc., and At Home Gift Card LLC | 4/30/2017 | $0.00 |
| 53 | At Home Stores LLC, At Home RMS Inc., and At Home Procurement Inc. | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Gift Card LLC | InterCo_2 | Cash Management Agreement made between At Home Stores LLC, At Home RMS Inc., At Home Procurement Inc., and At Home Gift Card LLC | 4/30/2017 | $0.00 |
| 54 | AT&T | 208 S Akard St., Dallas, TX 75202 | At Home Stores LLC | NJ-0026 | Master Agreement made by and between At Home Stores LLC and AT&T. | 12/21/2018 | $25,561.30 |
| 55 | AT&T | 208 S Akard St., Dallas, TX 75202 | At Home Stores LLC | NJ-0027 | Service Agreement (ADI & Bandwidth) made by and between At Home Stores LLC and AT&T (ID: 2489670) | 7/8/2022 | $0.00 |
| 56 | AT&T | 208 S Akard St., Dallas, TX 75202 | At Home Stores LLC | NJ-0028 | Service Agreement (Bandwidth) made by and between At Home Stores LLC and AT&T (ID: 2573470) | 7/6/2022 | $0.00 |
| 57 | Ativion | 10300 SW Greenburg Rd, Suite 303, Portland, OR 97223 | At Home Stores LLC | NJ-0018 | Order Form made by and between At Home Stores LLC and Ativion. | 7/1/2025 | $0.00 |
| 58 | Aurus, Inc. | One Edgewater Drive, Suite 200, Norwood, MA 02602 | At Home Stores LLC | L-00008 | Service Agreement (Auruspay E-commerce) made by and between At Home Stores LLC and Aurus, Inc. | 10/31/2020 | $0.00 |
| 59 | Aurus, Inc. | 1 Edgewater Drive, Suite 200, Norwood, MA 02062 | At Home Stores LLC | MSA-00123 | Statement of Work (AurusPay In-store Change Request) made by and between At Home Stores LLC and Aurus, Inc. | 3/11/2025 | $0.00 |
| 60 | Aurus, Inc. | 1 Edgewater Drive, Suite 200, Norwood, MA 02062 | At Home Stores LLC | SOW-00013 | Statement of Work (Synchrony Apply & Buy) made by and between At Home Stores LLC and Aurus, Inc. | 10/22/2024 | $0.00 |
| 61 | Aurus, Inc. | 1 Edgewater Drive, Suite 200, Norwood, MA 02062 | At Home Stores LLC | SOW-00085 | Statement of Work (Aurus iFrame/JSSDK) made by and between At Home Stores LLC and Aurus, Inc. | 1/1/2025 | $0.00 |
| 62 | Aurus, Inc. | 1 Edgewater Drive, Suite 200, Norwood, MA 02062 | At Home Stores LLC | SOW-00126 | Statement of Work (Paypage URL) made by and between At Home Stores LLC and Aurus, Inc. | 2/6/2025 | $0.00 |
| 63 | Aurus, Inc. | 1 Edgewater Drive, Suite 200, Norwood, MA 02062 | At Home Stores LLC | SOW-00171 | Statement of Work (Klarna BNPL) made by and between At Home Stores LLC and Aurus, Inc. | 3/11/2025 | $0.00 |
| 64 | Aurus, Inc. | 1 Edgewater Drive, Suite 200, Norwood, MA 02062 | At Home Stores LLC | SOW-00297 | Statement of Work (Synchrony Apply & Buy with Updated Scope Items) made by and between At Home Stores LLC and Aurus, Inc. | 6/18/2025 | $0.00 |
| 65 | Autodesk Inc. | One Market Ste 400, San Francisco, CA 94105 | At Home Stores LLC | NJ-0145 | Service Agreement made by and between At Home Stores LLC and Autodesk Inc.. | 4/7/2025 | $0.00 |
| 66 | Avalara, Inc. | 255 S. King St., Suite 1800, Seattle, WA 98104 | At Home Stores LLC | L-00009 | Master Service Agreement made by and between At Home Stores LLC and Avalara, Inc. | 6/5/2020 | $0.00 |
| 67 | Avalara, Inc. | 255 S. King St., Suite 1800, Seattle, WA 98104 | At Home Stores LLC | L-00180 | Sales Order made by and between At Home Stores LLC and Avalara, Inc. Dated 10/15/2024 ECM Premium 2024-2025 | 10/15/2024 | $0.00 |
| 68 | Avalara, Inc. | 255 S. King St., Suite 1800, Seattle, WA 98104 | At Home Stores LLC | L-00181 | Sales Order made by and between At Home Stores LLC and Avalara, Inc. Dated 10/5/2024 AvaTax 2024-2025 | 10/5/2024 | $0.00 |
| 69 | Avalara, Inc. | 255 S. King St., Suite 1800, Seattle, WA 98104 | At Home Stores LLC | L-00182 | Sales Order made by and between At Home Stores LLC and Avalara, Inc. ECM Premium 2025-2026 | | $0.00 |
| 70 | Avalara, Inc. | 255 S. King St., Suite 1800, Seattle, WA 98104 | At Home Stores LLC | L-00183 | Sales Order made by and between At Home Stores LLC and Avalara, Inc. AvaTax 2025-2026 | | $0.00 |
| 71 | Axonify Inc. | 180 King Street, Suite 505, Waterloo, ON N2J 1P8 | At Home Stores LLC | L-00011 | Master Subscription Agreement made by and between At Home Stores LLC and Axonify Inc. | 6/1/2014 | $0.00 |
| 72 | Axonify Inc. | 450 Phillip St, Waterloo, ON N2L 5J2, Canada | At Home Stores LLC | OF-00108 | Order Form made by and between At Home Stores LLC and Axonify Inc. | 1/31/2025 | $0.00 |
| 73 | Baker Tilly Virchow Krause, LLP | PO Box 7398, Madison, WI 53707 | At Home Stores LLC | L-00223 | State and Local Tax Compliance and Consulting Services Agreement made by and between At Home Stores LLC and BAKER TILLY VIRCHOW KRAUSE, LLP | 5/30/2025 | $103,186.22 |
| 74 | Baker Tilly Virchow Krause, LLP | PO Box 7398, Madison, WI 53707 | At Home Stores LLC | L-00224 | State and Local Tax Consulting Services Agreement (Texas SUT Managed Audit) made by and between At Home Stores LLC and BAKER TILLY VIRCHOW KRAUSE, LLP | 5/30/2025 | $0.00 |
| 75 | Belwave Communications, Inc. | P.O. Box 121729, Fort Worth, TX 76121 | At Home Stores LLC | L-00017 | Professional Services Agreement made by and between At Home Stores LLC and BelWave Communications, Inc. | 7/18/2023 | $511.24 |
| 76 | Ben Segal | Address Redacted | At Home Stores LLC | CA-00121 | Consulting Agreement made by and between At Home Stores LLC and Ben Segal. | 1/31/2025 | $0.00 |
| 77 | Blake Cannady | Address Redacted | At Home Stores LLC | MKTG-23 | This Service Agreement is made by and between AT HOME STORES LLC and Blake Cannady. | 4/30/2017 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 78 | Blue Cross And Blue Shield Of Texas | 1001 East Lookout Drive, Richardson, TX 75082 | At Home Stores LLC | L-00016 | Professional Services Agreement made by and between At Home Stores LLC and BLUE CROSS AND BLUE SHIELD OF TEXAS. | 1/1/2022 | $0.00 |
| 79 | Blue Yonder Inc | 15059 North Scottsdale Rd., Scottsdale, AZ 85254 | At Home Stores LLC | NJ-0055 | Cloud Services Subscription and Professional Services Agreement (Schedule 2) made by and between At Home Stores LLC and BLUE YONDER INC. | 6/28/2024 | $0.00 |
| 80 | Bluecore, Inc. | 222 Broadway, 16th Fl, New York, NY 10038 | At Home Stores LLC | MSA-00220 | Master Service Agreement made by and between At Home Stores LLC and Bluecore, Inc. | 1/17/2025 | $0.00 |
| 81 | Bluewater Advisory | 909 Hallford Street, Sykesville, MD 21784 | At Home Stores LLC | SOW-00033 | Statement of Work made by and between At Home Stores LLC and Bluewater Advisory. | 1/17/2025 | $0.00 |
| 82 | Bond Brand Loyalty ULC | 25 King Street West, Commerce Court North, 20th Floor, Toronto, Ontario M5L 2A1, Canada | At Home Stores LLC | MSA-00151 | Master Service Agreement made by and between At Home Stores LLC and Bond Brand Loyalty ULC. | 2/21/2025 | $0.00 |
| 83 | Bonded Filter Co. LLC | 545 Mainstream Drive, Suite 250, Nashville, TN 37228 | At Home Stores LLC | FAC-4 | Service Agreement made by and between At Home Stores LLC and BONDED FILTER CO. LLC. | 9/30/2024 | $0.00 |
| 84 | Boomi, LP | 1400 Liberty Ridge Drive, Chesterbrook, PA 19087 | At Home Stores LLC | L-00018 | Order Form made by and between At Home Stores LLC and Boomi, LP (Q-65764) | 8/20/2022 | $0.00 |
| 85 | Boomi, LP | 1400 Liberty Ridge Drive, Chesterbrook, PA 19087 | At Home Stores LLC | L-00019 | Order Form (Premier Support & Standard Connection) made by and between At Home Stores LLC and Boomi, LP. | 4/21/2023 | $0.00 |
| 86 | Bortner Bros Inc | 160 Crossway Drive, York, PA 17402 | At Home Stores LLC | FAC-5 | Service Agreement made by and between AT HOME STORES LLC and Bortner Bros Inc. | 3/28/2023 | $0.00 |
| 87 | Bortner Bros Inc | 160 Crossway Drive, York, PA 17402 | At Home Stores LLC | FAC-30 | Service Agreement made by and between AT HOME STORES LLC and Bortner Bros Inc. | 5/21/2025 | $0.00 |
| 88 | BP Energy Retail Company LLC | 501 Westlake Park Blvd., Houston, TX 77079 | At Home Stores LLC | UTILITY-5 | Utility Agreement made by and between At Home Stores LLC and BP Energy Retail Company LLC. | 9/19/2023 | $62,425.30 |
| 89 | Bravo Technical Resources, Inc. | 4835 LBJ Freeway, Suite 1000, Dallas, TX 75244 | At Home Stores LLC | L-00020 | Professional Services Agreement (Amendment 2) made by and between At Home Stores LLC and Bravo Technical Resources, Inc. | 5/21/2020 | $0.00 |
| 90 | Bravo Technical Resources, Inc. | 4835 LBJ Freeway, Suite 1000, Dallas, TX 75244 | At Home Stores LLC | L-00021 | Service Agreement made by and between At Home Stores LLC and Bravo Technical Resources, Inc. | 11/14/2013 | $0.00 |
| 91 | Bravo Technical Resources, Inc. | 4835 LBJ Freeway, Suite 1000, Dallas, TX 75244 | At Home Stores LLC | NJ-005 | Professional Services Agreement (Addendum A) made by and between At Home Stores LLC and Bravo Technical Resources, Inc. | 2/10/2021 | $0.00 |
| 92 | Breakthroughfuel LLC | 1175 Lombardi Avenue, Green Bay, WI 54304 | At Home Stores LLC | MSA-00078 | Master Service Agreement made by and between At Home Stores LLC and BreakthroughFuel LLC. | 1/2/2025 | $0.00 |
| 93 | Breakthroughfuel LLC | 1175 Lombardi Avenue, Green Bay, WI 54304 | At Home Stores LLC | SOW-00080 | Statement of Work made by and between At Home Stores LLC and BreakthroughFuel LLC. | 2/1/2025 | $0.00 |
| 94 | Brendan Maloney | Address Redacted | At Home Stores LLC | MKTG-21 | This Service Agreement is made by and between AT HOME STORES LLC and Brendan Maloney. | 9/20/2024 | $0.00 |
| 95 | Brielle Imana | Address Redacted | At Home Stores LLC | CA-00162 | Consulting Agreement made by and between At Home Stores LLC and Brielle Imana. | 2/24/2025 | $0.00 |
| 96 | Brightedge Technologies, Inc. | 989 E. Hillsdale Blvd, Suite 300, Foster City, CA 94404 | At Home Stores LLC | L-00022 | Master Service Agreement made by and between At Home Stores LLC and BrightEdge Technologies, Inc. | 3/1/2022 | $0.00 |
| 97 | Brightedge Technologies, Inc. | 3 East Third Avenue, Suite 200, San Mateo, CA 94401 | At Home Stores LLC | OF-00014 | Order Form made by and between At Home Stores LLC and BrightEdge Technologies, Inc. | 1/17/2025 | $0.00 |
| 98 | Brink's U.S., A Division of Brink's, Incorporated | 555 Dividend Drive, Suite 100, Coppell, TX 75019 | At Home Stores LLC | L-00191 | Master Service Agreement and Statement of Work made by and between At Home Stores LLC and Brink's U.S., a Division of Brink's, Incorporated Dated 10/5/2015 | 10/5/2015 | $18,615.79 |
| 99 | Bruce Baker | Address Redacted | At Home Stores LLC | FAC-60 | Service Agreement made by and between AT HOME STORES LLC and Bruce Baker. | 6/3/2025 | $0.00 |
| 100 | Bryghtpath LLC | 79 Fifth Avenue, 3rd Floor, New York, NY 10003 | At Home Stores LLC | L-00023 | Master Service Agreement made by and between At Home Stores LLC and Bryghtpath LLC. | 11/19/2020 | $0.00 |
| 101 | BTM Global Retail Services LLC | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | L-00028 | Statement of Work #1 made by and between At Home Stores LLC and BTM Global Retail Services LLC. | 5/14/2024 | $0.00 |
| 102 | BTM Global Retail Services LLC | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | MSA-00135 | Amendment 1 to Statement of Work #2 made by and between At Home Stores LLC and BTM Global Retail Services LLC. | 2/14/2025 | $0.00 |
| 103 | BTM Global Retail Services LLC | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | SOW-00211 | Amendment 2 to Statement of Work #2 made by and between At Home Stores LLC and BTM Global Retail Services LLC. | 2/14/2025 | $0.00 |
| 104 | BTM Global Retail Services LLC | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | SOW-00226 | Statement of Work #4 made by and between At Home Stores LLC and BTM Global Retail Services LLC. | 7/9/2025 | $0.00 |
| 105 | BTM Global Retail Services LLC | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | SOW-00012 | Statement of Work #2 made by and between At Home Stores LLC and BTM Global Retail Services LLC. | 7/9/2025 | $0.00 |
| 106 | BTM Global Retail Services LLC | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | SOW-00096 | Statement of Work #3 made by and between At Home Stores LLC and BTM Global Retail Services LLC. | 12/31/2024 | $0.00 |
| 107 | BTM Global Retail Services LLC | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | L-00026 | Master Service Agreement made by and between At Home Stores LLC and BTM Global Retail Services, LLC. | 5/10/2024 | $0.00 |
| 108 | Buxton Company, LLC | 2651 South Polaris Drive, Fort Worth, TX 76137 | At Home Stores LLC | MSA-00136 | Master Service Agreement made by and between At Home Stores LLC and Buxton Company, LLC. | 12/3/2024 | $0.00 |
| 109 | Caine Krieger | Address Redacted | At Home Stores LLC | MKTG-22 | This Service Agreement is made by and between AT HOME STORES LLC and Caine Krieger. | 2/5/2023 | $0.00 |
| 110 | Calm.com, Inc. | 77 Geary Street, Third Floor, San Francisco, CA 94108 | At Home Stores LLC | L-00029 | Order Form made by and between At Home Stores LLC and Calm.com, Inc. | 12/29/2022 | $0.00 |
| 111 | Canteen One, LLC | PO Box 417632, Boston, MA 10003 | At Home Stores LLC | MSA-00243 | Master Service Agreement made by and between At Home Stores LLC and Canteen One, LLC. | 5/1/2025 | $7,449.40 |
| 112 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | L-00030 | Statement of Work 4 (Network Management POD) Order Form made by and between At Home Stores LLC and Capgemini America, Inc. | 10/6/2023 | $104,670.97 |
| 113 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | L-00031 | Master Service Agreement made by and between At Home Stores LLC and Capgemini America, Inc. | 5/11/2023 | $0.00 |
| 114 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | L-00033 | Resale Agreement made by and between At Home Stores LLC and Capgemini Technologies LLC. | 4/24/2024 | $0.00 |
| 115 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | L-00039 | Statement of Work #6 (Network Transformation & Modernization) made by and between At Home Stores LLC and Capgemini America, Inc. | 4/29/2024 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 116 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | L-00036 | Statement of Work #3 (Network Assessment) made by and between At Home Stores LLC and Capgemini America, Inc. | 5/31/2023 | $0.00 |
| 117 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | L-00034 | Statement of Work (Network Segmentation) made by and between At Home Stores LLC and Capgemini America, Inc. | 5/31/2023 | $0.00 |
| 118 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | OF-00249 | Order Form (Ingram_Palo_3 Year) made by and between At Home Stores LLC and Capgemini Technologies LLC. | 5/28/2025 | $0.00 |
| 119 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | OF-00248 | Order Form (Cisco Cloud Mgt) made by and between At Home Stores LLC and Capgemini Technologies LLC. | 5/29/2025 | $0.00 |
| 120 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | SOW-00262 | Statement of Work #7 (Firewall Modernization) made by and between At Home Stores LLC and Capgemini Technologies LLC. | 6/1/2025 | $0.00 |
| 121 | Caron & Bletzer, PLLC | 1 Librart Lane, Kingston, NH 03848 | At Home Stores LLC | SOW-00219 | Statement of Work made by and between At Home Stores LLC and Caron & Bletzer, PLLC. | 5/13/2025 | $0.00 |
| 122 | Carstens, Allen & Gourley, LLP | 111 Broadway, Suite 603, New York, NY 10006 | At Home Stores LLC | L-00040 | Master Service Agreement made by and between At Home Stores LLC and Carstens, Allen & Gourley, LLP. | 9/19/2023 | $0.00 |
| 123 | Carts And Parts, Inc. | 8525 Sw 2Nd Street, Oklahoma City, OK 73128 | At Home Stores LLC | FAC-32 | Service Agreement made by and between AT HOME STORES LLC and Carts and Parts, Inc. | 4/28/2025 | $285.54 |
| 124 | Case FMS, LLC | 356 John L Dietsch Blvd, North Attleboro, MA 02763 | At Home Stores LLC | L-00041 | Master Service Agreement made by and between At Home Stores LLC and Case FMS, LLC. | 5/16/2024 | $157,126.64 |
| 125 | Cbx Software Limited | 909 Cheung Sha Wan Road, Lai Chi Kok, Kowloon, Unit 1601-1604, Hong Kong | At Home Stores LLC | NJ-0116 | Service Agreement made by and between At Home Stores LLC and CBX Software Limited. | 6/23/2025 | $0.00 |
| 126 | CCA and B, LLC | 3350 Riverwood Parkway SE, Suite 300, Atlanta, GA 30339 | At Home Procurement Inc. | NJ-155 | License Agreement made by and between At Home Procurement and CCA and B, LLC. Dated 5/26/2022 | 5/26/2022 | $0.00 |
| 127 | Central Alert, Inc. | PO Box 810453, Dallas, TX 75381 | At Home Stores LLC | FAC-6 | Service Agreement made by and between At Home Stores LLC and Central Alert, Inc. | 1/16/2025 | $0.00 |
| 128 | Century Distribution Systems, Inc. | 303 2nd Street, South Tower, Suite 800, San Francisco, CA 94107 | At Home Procurement Inc. | L-00043 | Schedule A made by and between At Home Procurement Inc. and Century Distribution Systems, Inc. | 5/3/2023 | $0.00 |
| 129 | Century Distribution Systems, Inc. | 303 2nd Street, South Tower, Suite 800, San Francisco, CA 94107 | At Home Procurement Inc. | L-00044 | Logistics Agreement made by and between At Home Procurement Inc. and Century Distribution Systems, Inc. | 5/2/2023 | $0.00 |
| 130 | Century Distribution Systems, Inc. | 303 2nd Street, South Tower, Suite 800, San Francisco, CA 94107 | At Home Procurement Inc. | L-00045 | Logistics Agreement (Amendment 1) made by and between At Home Procurement Inc. and Century Distribution Systems, Inc. | 6/22/2023 | $0.00 |
| 131 | Century Distribution Systems, Inc. | 4860 Cox Road, Suite 210, Glen Allen, VA 23060 | At Home Procurement Inc. | SC-00075 | Addendum 1 to Logistics Agreement made by and between At Home Procurement Inc. and Century Distribution Systems, Inc. | 11/4/2024 | $0.00 |
| 132 | CenturyLink | 100 CenturyLink Drive, Monroe, LA 71201 | At Home Stores LLC | NJ-0058 | Total Advantage Agreement made by and between At Home Stores LLC and CenturyLink. | 6/29/2017 | $9,729.98 |
| 133 | CenturyLink | 100 CenturyLink Drive, Monroe, LA 71201 | At Home Stores LLC | NJ-0059 | Total Advantage Agreement (Amendment 1) made by and between At Home Stores LLC and CenturyLink. | 8/3/2018 | $0.00 |
| 134 | CenturyLink | 100 CenturyLink Drive, Monroe, LA 71201 | At Home Stores LLC | NJ-0060 | Order Form made by and between At Home Stores LLC and CenturyLink (DOC-0001053693). | 4/7/2022 | $0.00 |
| 135 | CenturyLink | 100 CenturyLink Drive, Monroe, LA 71201 | At Home Stores LLC | NJ-0061 | Order Form made by and between At Home Stores LLC and CenturyLink (DOC-0001060241). | 4/13/2022 | $0.00 |
| 136 | CenturyLink | 100 CenturyLink Drive, Monroe, LA 71201 | At Home Stores LLC | NJ-0062 | Order Form made by and between At Home Stores LLC and CenturyLink (DOC-0001086457). | 7/8/2022 | $0.00 |
| 137 | CenturyLink | 100 CenturyLink Drive, Monroe, LA 71201 | At Home Stores LLC | NJ-0063 | Order Form made by and between At Home Stores LLC and CenturyLink (DOC-0001086500). | 7/8/2022 | $0.00 |
| 138 | CenturyLink | 100 CenturyLink Drive, Monroe, LA 71201 | At Home Stores LLC | NJ-0064 | Order Form made by and between At Home Stores LLC and CenturyLink (DOC-0001087185) | 7/13/2022 | $0.00 |
| 139 | Cesar Del Rio | Address Redacted | At Home Stores LLC | MKTG-27 | This Service Agreement is made by and between AT HOME STORES LLC and Cesar Del Rio. | 3/5/2025 | $0.00 |
| 140 | Charles Grant | Address Redacted | At Home Stores LLC | MKTG-24 | This Service Agreement is made by and between AT HOME STORES LLC and Charles Grant. | 3/25/2025 | $0.00 |
| 141 | Chris Taylor | Address Redacted | At Home Stores LLC | MKTG-43 | This Service Agreement is made by and between AT HOME STORES LLC and Chris Taylor. | 5/7/2025 | $0.00 |
| 142 | Cintas Corporation No 2 | 4310 Metro Parkway, Fort Myers, FL 33916 | At Home Group Inc. | FAC-35 | Service Agreement made by and between At Home Group Inc. and Cintas Corporation No 2. | 7/19/2023 | $111,783.00 |
| 143 | Cisco Systems, Inc. | 170 West Tasman Drive, San Jose, CA 95134 | At Home Stores LLC | NJ-0030 | Enterprise Agreement made by and between At Home Stores LLC and Cisco Systems, Inc. | 5/1/2022 | $0.00 |
| 144 | City Electric Supply | P.O. Box 1006, Wilbraham, MA 01095 | At Home Stores LLC | FAC-11 | Service Agreement made by and between AT HOME STORES LLC and CITY ELECTRIC SUPPLY. | 5/15/2025 | $0.00 |
| 145 | CMA CGM S.A. | 5701 Lake Wright Drive, Norfolk, VA 23502 | At Home Procurement Inc. | MSA-00266 | Service Contract (25-0874) and Amendment 1 to Service Contract made by and between At Home Procurement Inc. and CMA CGM S.A. | 5/1/2025 | $0.00 |
| 146 | CMA CGM S.A. | 5701 Lake Wright Drive, Norfolk, VA 23502 | At Home Procurement Inc. | MSA-00267 | Amendment 2 to Service Contract (25-0874) made by and between At Home Procurement Inc. and CMA CGM S.A. | 5/30/2025 | $0.00 |
| 147 | CMA CGM S.A. | 5701 Lake Wright Drive, Norfolk, VA 23502 | At Home Procurement Inc. | MSA-00282 | Amendment 3 to Service Contract (25-0874) made by and between At Home Procurement Inc. and CMA CGM S.A. | 6/3/2025 | $0.00 |
| 148 | Codi Putnam | Address Redacted | At Home Stores LLC | WA-00153 | Waivers - Financial made by and between At Home Stores LLC and Codi Putnam. | 2/25/2025 | $0.00 |
| 149 | Cognira, LLC | P.O. Box 13415, Atlanta, GA 30324 | At Home Stores LLC | NJ-0089 | Terms and Conditions Agreement made by and between At Home Stores LLC and COGNIRA, LLC. | 8/19/2022 | $0.00 |
| 150 | Cognira, LLC | P.O. Box 13415, Atlanta, GA 30324 | At Home Stores LLC | NJ-0090 | Statement of Work made by and between At Home Stores LLC and COGNIRA, LLC. | 8/22/2022 | $0.00 |
| 151 | Comnet Communications, LLC | 1420 Lakeside Parkway, Suite 110, Flower Mound, TX 75028 | At Home Stores LLC | NJ-0031 | Service Agreement made by and between At Home Stores LLC and COMNET COMMUNICATIONS, LLC. | 1/19/2024 | $0.00 |
| 152 | Concord USA, LLC | 509 Second Avenue South, Hopkins, MN 55343 | At Home Stores LLC | MSA-00142 | Master Service Agreement made by and between At Home Stores LLC and Concord USA, LLC. | 2/3/2025 | $67,616.00 |
| 153 | Concord USA, LLC | 509 Second Avenue South, Hopkins, MN 55343 | At Home Stores LLC | SOW-00216 | Statement of Work made by and between At Home Stores LLC and Concord USA, LLC. | 5/1/2025 | $0.00 |
| 154 | Concur Technologies, Inc. | 62157 Collections Center Drive, Chicago, IL 60693 | At Home Stores LLC | L-00046 | Order Form made by and between At Home Stores LLC and Concur Technologies, Inc (3/29/2024) | 3/29/2024 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 155 | Concur Technologies, Inc. | 62157 Collections Center Drive, Chicago, IL 60693 | At Home Stores LLC | OF-00177 | Order Form made by and between At Home Stores LLC and Concur Technologies, Inc. (3/3/2025) | 3/3/2025 | $0.00 |
| 156 | Constellation Newenergy, Inc. | 1001 Louisiana St., Constellation Suite 2300, Houston, TX 77002 | At Home Stores LLC | UTILITY-2 | Utility Agreement made by and between At Home Stores LLC and Constellation NewEnergy, Inc.. | 2/8/2023 | $0.00 |
| 157 | Constellation Newenergy, Inc. | 1001 Louisiana St., Constellation Suite 2300, Houston, TX 77002 | At Home Stores LLC | UTILITY-9 | Utility Agreement made by and between At Home Stores LLC and Constellation NewEnergy, Inc.. | 4/28/2023 | $0.00 |
| 158 | Constellation Newenergy, Inc. | 1001 Louisiana St., Constellation Suite 2300, Houston, TX 77002 | At Home Stores LLC | UTILITY-11 | Utility Agreement made by and between At Home Stores LLC and Constellation NewEnergy, Inc.. | 3/31/2023 | $0.00 |
| 159 | Constellation Newenergy, Inc. | 1001 Louisiana St., Suite 2300, Houston, TX 77002 | At Home Stores LLC | UTILITY-22 | Utility Agreement (UDC Account Number 8178095039) made by and between At Home Stores LLC and Constellation NewEnergy, Inc. | 3/17/2023 | $0.00 |
| 160 | Constellation Newenergy, Inc. | 1001 Louisiana St., Suite 2300, Houston, TX 77002 | At Home Stores LLC | UTILITY-23 | Utility Agreement made by and between At Home Stores LLC and Constellation NewEnergy, Inc.. | 3/17/2023 | $0.00 |
| 161 | Constellation Newenergy, Inc. | 1001 Louisiana St., Suite 2300, Houston, TX 77002 | At Home Stores LLC | UTILITY-24 | Utility Agreement (UDC Account Number 4436012023) made by and between At Home Stores LLC and Constellation NewEnergy, Inc. | 3/17/2023 | $0.00 |
| 162 | Consumer Insights Inc. d/b/a Emicity | 5455 Corporate Dr, Troy, MI 48098 | At Home Stores LLC | MSA-00055 | Master Service Agreement made by and between At Home Stores LLC and Consumer Insights Inc. d/b/a Emicity. | 1/6/2025 | $0.00 |
| 163 | Conversant Group, LLC | 1513 Cowart Street, Chattanooga, TN 37408 | At Home Stores LLC | SOW-00056 | Statement of Work made by and between At Home Stores LLC and Conversant Group, LLC. | 1/13/2025 | $40,000.00 |
| 164 | Corsearch, Inc. | 303 2nd Street, South Tower, Suite 800, San Francisco, CA 94107 | At Home Stores LLC | L-00047 | Master Service Agreement made by and between At Home Stores LLC and Corsearch, Inc. | 3/28/2024 | $0.00 |
| 165 | CPV Retail Energy LLC | 2245 Texas Drive, Suite 400, Sugar Land, TX 77479 | At Home Stores LLC | UTILITY-6 | Utility Agreement made by and between At Home Stores LLC and CPV Retail Energy LLC. | 4/29/2024 | $0.00 |
| 166 | CPV Retail Energy LLC | 2245 Texas Drive, Suite 400, Sugar Land, TX 77479 | At Home Stores LLC | UTILITY-12 | Utility Agreement (295 N Hubbards Lane Suite 102) made by and between At Home Stores LLC and CPV Retail Energy LLC. | 3/2/2023 | $0.00 |
| 167 | CPV Retail Energy LLC | 2245 Texas Drive, Suite 400, Sugar Land, TX 77479 | At Home Stores LLC | UTILITY-14 | Utility Agreement b (4932 Portage Street NW) made by and between At Home Stores LLC and CPV Retail Energy LLC. | 3/2/2023 | $0.00 |
| 168 | CRA International, Inc. | 200 Clarendon St, Boston, MA 02116 | At Home Stores LLC | MSA-00082 | Professional Services Agreement made by and between At Home Stores LLC and Charles River Associates. | 12/20/2024 | $137,387.38 |
| 169 | CRA International, Inc. | 200 Clarendon St, Boston, MA 02116 | At Home Stores LLC | SOW-00083 | Statement of Work made by and between At Home Stores LLC and Charles River Associates | 12/20/2024 | $0.00 |
| 170 | CRA International, Inc. | 200 Clarendon St, Boston, MA 02116 | At Home Stores LLC | SOW-00118 | Amendment to SOW made by and between At Home Stores LLC and Charles River Associates. | 1/31/2024 | $0.00 |
| 171 | Crosscom | 900 N Deerfield Parkway, Buffalo Grove, IL 60089 | At Home Stores LLC | L-00049 | Master Service Agreement made by and between At Home Stores LLC and CROSSCOM NATIONAL, LLC. | 3/25/2021 | $13,472.09 |
| 172 | Crosscom | 900 N Deerfield Parkway, Buffalo Grove, IL 60089 | At Home Stores LLC | L-00050 | Statement of Work made by and between At Home Stores LLC and CROSSCOM NATIONAL, LLC. | 3/25/2021 | $0.00 |
| 173 | Crst Expedited, Inc. | 3930 16th Avenue SW, Cedar Rapids, IA 52404 | At Home Stores LLC | MTA-00198 | Master Transportation Agreement made by and between At Home Stores LLC and CRST Expedited, Inc. | 5/1/2025 | $0.00 |
| 174 | Cyrusone LLC | 7301 Metropolis, Bldg 6, Austin, TX 78744 | At Home Stores LLC | NJ-0032 | Master Service Agreement made by and between At Home Stores LLC and CYRUSONE LLC. | 4/16/2015 | $25.26 |
| 175 | Cyrusone LLC | 7301 Metropolis, Bldg 6, Austin, TX 78744 | At Home Stores LLC | NJ-0033 | Order Form Renewal (O-50981) made by and between At Home Stores LLC and CYRUSONE LLC. | 11/28/2023 | $0.00 |
| 176 | Cyrusone LLC | 7301 Metropolis, Bldg 6, Austin, TX 78744 | At Home Stores LLC | NJ-0034 | Order Form Renewal (O-50983) made by and between At Home Stores LLC and CYRUSONE LLC. | 11/16/2023 | $0.00 |
| 177 | Cyrusone LLC | 7301 Metropolis, Austin, TX 78744 | At Home Stores LLC | NJ-0125 | Order Form (O-53203) made by and between At Home Stores LLC and CYRUSONE LLC. | 2/20/2024 | $0.00 |
| 178 | Daniel Mendenhall | Address Redacted | At Home Stores LLC | CA-00284 | Consulting Agreement made by and between At Home Stores LLC and Daniel Mendenhall. | 6/14/2025 | $0.00 |
| 179 | David Zambeck | Address Redacted | At Home Stores LLC | MKTG-28 | This Service Agreement is made by and between AT HOME STORES LLC and David Zambeck. | 4/24/2024 | $0.00 |
| 180 | Dbk Concepts Inc. | 12905 S.W. 129 AVE., Miami, FL 33186 | At Home Stores LLC | NJ-0122 | Order Form (Zebra - 4500018233) made by and between At Home Stores LLC and DBK CONCEPTS INC.. | 12/6/2023 | $58,310.60 |
| 181 | Dbk Concepts Inc. | 12905 S.W. 129 AVE., Miami, FL 33186 | At Home Stores LLC | NJ-0147 | Order Form (Ivanti - P000006253) made by and between At Home Stores LLC and DBK CONCEPTS INC.. | 3/28/2025 | $0.00 |
| 182 | Delta Dental Insurance Company | 1130 Sanctuary Parkway, Alpharetta, GA 30009 | At Home Stores LLC | HR-5 | Benefits Agreement made by and between At Home Stores LLC and Delta Dental Insurance Company. | 1/1/2023 | $0.00 |
| 183 | Dematic Corp. | 507 Plymouth Avenue NE, Grand Rapids, MI 49505 | At Home Stores LLC | NJ-0038 | Director IT Upgrade Proposal made by and between At Home Stores LLC and Dematic Corp. | 9/12/2023 | $0.00 |
| 184 | Dematic Corp. | 507 Plymouth Avenue NE, Grand Rapids, MI 49505 | At Home Stores LLC | NJ-0040 | Remote Support Program (Project 136332) and Amendment to Remote Support Program made by and between At Home Stores LLC and DEMATIC CORP. | 8/25/2023 | $0.00 |
| 185 | Denise Morales | Address Redacted | At Home Stores LLC | MKTG-37 | This Service Agreement is made by and between AT HOME STORES LLC and Denise Morales (Contractor). | 12/5/2024 | $0.00 |
| 186 | Dex Imaging, LLC | 5109 W Lemon Street, Tampa, FL 33609 | At Home Stores LLC | SC-00064 | Schedule made by and between At Home Stores LLC and DEX IMAGING, LLC. | 4/1/2025 | $0.00 |
| 187 | Dex Imaging, LLC | 5109 W Lemon Street, Tampa, FL 33609 | At Home Stores LLC | MSA-00298 | Master Service Agreement made by and between At Home Stores LLC and DEX IMAGING, LLC. | 7/1/2025 | $79,948.82 |
| 188 | Dex Imaging, LLC | 5109 W Lemon Street, Tampa, FL 33609 | At Home Stores LLC | NJ-0041 | Addendum made by and between At Home Stores LLC and DEX IMAGING, LLC. | 2/17/2023 | $0.00 |
| 189 | Dex Imaging, LLC | 5109 W Lemon Street, Tampa, FL 33609 | At Home Stores LLC | NJ-0042 | Service Agreement made by and between At Home Stores LLC and DEX IMAGING, LLC. | 2/17/2023 | $0.00 |
| 190 | Direct Energy Business, LLC | 1001 Liberty Avenue, Pittsburgh, PA 15222 | At Home Stores LLC | OF-00164 | Order Form made by and between At Home Stores LLC and Direct Energy Business, LLC. | 2/27/2025 | $0.00 |
| 191 | Direct Energy Business, LLC | 1001 Liberty Avenue, Pittsburgh, PA 15222 | At Home Stores LLC | OF-00122 | Order Form made by and between At Home Stores LLC and Direct Energy Business, LLC. | 2/5/2025 | $0.00 |
| 192 | Direct Energy Business, LLC | 1001 Liberty Ave, Pittsburgh, PA 15222 | At Home Stores LLC | UTILITY-3 | Utility Agreement made by and between At Home Stores LLC and Direct Energy Business, LLC. | 5/9/2024 | $56,496.08 |
| 193 | Direct Energy Business, LLC | 910 Louisiana Street, Houston, TX 77002 | At Home Stores LLC | UTILITY-27 | Utility Agreement made by and between At Home Stores LLC and Direct Energy Business, LLC. | 2/16/2024 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 194 | Discount Waste | 250 Scientific Dr, Peachtree Corners, GA 30092 | At Home Stores LLC | FAC-62 | Service Agreement made by and between AT HOME STORES LLC and Discount Waste. | 6/18/2025 | $1,149.00 |
| 195 | Discovery Benefits, LlLC | 4321 20th Avenue South, Fargo, ND 58103 | At Home Stores LLC | HR-4 | Benefits Agreement made by and between At Home Stores LLC and Discovery Benefits, LLC. | 1/1/2020 | $0.00 |
| 196 | DM Trans, LLC | 7701 Metropolis Drive, Building 1, Austin, TX 78744 | At Home Procurement Inc. | L-00052 | Master Transportation Agreement made by and between At Home Procurement Inc. and DM Trans, LLC dba Arrive Logistics (11/1/2023) | 11/1/2023 | $0.00 |
| 197 | DM Trans, LLC | 7701 Metropolis Drive, Building 1, Austin, TX 78744 | At Home Procurement Inc. | MTA-00197 | Master Transportation Agreement made by and between At Home Procurement Inc. and DM Trans, LLC dba Arrive Logistics (5/1/2025) | 5/1/2025 | $0.00 |
| 198 | Drafthorse Solutions, LLC | PO Box 505, Richmond, VT 05477 | At Home Stores LLC | MSA-00116 | Statement of Work (SSO Implementation) made by and between At Home Stores LLC and Drafthorse Solutions, LLC. | 1/28/2025 | $0.00 |
| 199 | Drafthorse Solutions, LLC | PO Box 505, Richmond, VT 05477 | At Home Stores LLC | SOW-00006 | Statement of Work #1140 made by and between At Home Stores LLC and Drafthorse Solutions, LLC. | 9/27/2024 | $0.00 |
| 200 | Drafthorse Solutions, LLC | PO Box 505, Richmond, VT 05477 | At Home Stores LLC | OF-00011 | Statement of Work (Workhouse Subscriptions) made by and between At Home Stores LLC and Drafthorse Solutions, LLC. | 10/18/2024 | $0.00 |
| 201 | Drafthorse Solutions, LLC | P.O. Box 505, Richmond, VT 05477 | At Home Stores LLC | MKTG-50 | Statement of Work #1096 made by and between At Home Stores LLC and DRAFTHORSE SOLUTIONS. LLC. | 10/24/2022 | $0.00 |
| 202 | Drafthorse Solutions, LLC | P.O. Box 505, Richmond, VT 05477 | At Home Stores LLC | MKTG-51 | Statement of Work #1101 made by and between At Home Stores LLC and DRAFTHORSE SOLUTIONS. LLC | 10/17/2022 | $0.00 |
| 203 | Drafthorse Solutions, LLC | P.O. Box 505, Richmond, VT 05477 | At Home Stores LLC | MKTG-52 | Master Service Agreement made by and between At Home Stores LLC and DRAFTHORSE SOLUTIONS. LLC. | 10/17/2022 | $0.00 |
| 204 | Drewry Shipping Consultants Ltd | 35-41 Folgate Street, London, LON E1 6BX | At Home Stores LLC | MSA-00213 | Master Service Agreement made by and between At Home Stores LLC and DREWRY SHIPPING CONSULTANTS LTD. | 5/6/2025 | $0.00 |
| 205 | DVClean Indy, Llc | Suite 200 11 Municipal Drive, Fishers, IN 46038 | At Home Stores LLC | FAC-38 | Service Agreement made by and between AT HOME STORES LLC and DVClean Indy, Llc. | 3/6/2023 | $0.00 |
| 206 | Dynegy Energy Services East, LLC | 6555 Sierra Drive, Irving, TX 75039 | At Home Stores LLC | UTILITY-15 | Utility Agreement (Q-02475595) made by and between At Home Stores LLC and Dynegy Energy Services East, LLC. | 9/7/2023 | $0.00 |
| 207 | Dynegy Energy Services East, LLC | 6555 Sierra Drive, Irving, TX 75039 | At Home Stores LLC | UTILITY-16 | Utility Agreement (Q-02474498) made by and between At Home Stores LLC and Dynegy Energy Services East, LLC. | 9/7/2023 | $0.00 |
| 208 | Dynegy Energy Services East, LLC | 6555 Sierra Drive, Irving, TX 75039 | At Home Stores LLC | UTILITY-17 | Utility Agreement (Q-02474502) made by and between At Home Stores LLC and Dynegy Energy Services East, LLC. | 9/7/2023 | $0.00 |
| 209 | Dynegy Energy Services East, LLC | 6555 Sierra Drive, Irving, TX 75039 | At Home Stores LLC | UTILITY-18 | Utility Agreement (Q-02259167) made by and between At Home Stores LLC and Dynegy Energy Services East, LLC. | 9/7/2023 | $0.00 |
| 210 | Dynegy Energy Services East, LLC | 6555 Sierra Drive, Irving, TX 75039 | At Home Stores LLC | UTILITY-19 | Utility Agreement (Q-02474506) made by and between At Home Stores LLC and Dynegy Energy Services East, LLC. | 9/7/2023 | $0.00 |
| 211 | E2Open, LLC | 5900 Balcones Drive Suite 4306, Austin, TX 78731 | At Home Procurement Inc. | L-00057 | Master Service Agreement made by and between At Home Procurement Inc. and E2open, LLC. | 8/11/2023 | $0.00 |
| 212 | E2Open, LLC | 5900 Balcones Drive Suite 4306, Austin, TX 78731 | At Home Procurement Inc. | L-00058 | Order Form made by and between At Home Procurement Inc. and E2open, LLC. | 8/11/2023 | $0.00 |
| 213 | ECM Transport LLC | 14507 Frontier Road, Omaha, NE 68138 | At Home Procurement Inc. | L-00059 | Master Transportation Agreement made by and between At Home Procurement Inc. and ECM TRANSPORT. | 11/1/2023 | $0.00 |
| 214 | ECM Transport LLC | 14507 Frontier Road, Omaha, NE 68138 | At Home Procurement Inc. | MTA-00205 | Master Transportation Agreement (Appendix F) made by and between At Home Procurement Inc. and ECM TRANSPORT LLC. | 5/1/2025 | $0.00 |
| 215 | ECM Transport LLC & Werner Enterprises, Inc. | 14507 Frontier Road, Omaha, NE 68138 | At Home Stores LLC | MTA-00206 | Master Transportation Agreement made by and between At Home Procurement Inc., ECM TRANSPORT LLC, and Werner Enterprises, Inc. | 5/1/2025 | $0.00 |
| 216 | ECM Transport LLC & Werner Enterprises, Inc. | 14507 Frontier Road, Omaha, NE 68138 | At Home Stores LLC | MSA-00276 | First Amendment to Master Transport Agreement made by and between At Home Procurement Inc., ECM Transport LLC, and Werner Enterprises, Inc. | 6/3/2025 | $0.00 |
| 217 | Elite Entrances | 30225 Tudor Way, Suite B, Magnolia, TX 77355 | At Home Stores LLC | FAC-63 | Service Agreement made by and between AT HOME STORES LLC and Elite Entrances. | 5/1/2025 | $0.00 |
| 218 | Elwood Staffing Services, Inc. | 4111 Central Ave, Columbus, IN 47203 | At Home Stores LLC | STFA-00242 | Staffing Agreement made by and between At Home Stores LLC and ELWOOD STAFFING SERVICES, INC. | 6/17/2025 | $0.00 |
| 219 | Emplifi, Inc. | 4200 Regent Street, Suite 200, Columbus, OH 43219 | At Home Stores LLC | MSA-00053 | Master Service Agreement made by and between At Home Stores LLC and Emplifi, Inc. | 12/20/2024 | $0.00 |
| 220 | Engie Resources LLC | 1360 Post Oak Blvd., Suite 400, Houston, TX 77056 | At Home Stores LLC | UTILITY-25 | Utility Agreement (Agreement #: E221RG65) made by and between At Home Stores LLC and ENGIE RESOURCES LLC. | 3/16/2023 | $0.00 |
| 221 | Engie Resources LLC | 1360 Post Oak Blvd., Suite 400, Houston, TX 77056 | At Home Stores LLC | UTILITY-26 | Utility Agreement (Agreement #: E221RG3Z) made by and between At Home Stores LLC and ENGIE RESOURCES LLC. | 3/16/2023 | $0.00 |
| 222 | Epsilon Data Management, LLC | 11030 Circle Point Dr, Westminster, CO 80020 | At Home Stores LLC | SOW-00300 | Service Agreement made by and between At Home Stores LLC and EPSILON DATA MANAGEMENT, LLC. | 1/7/2019 | $10,039.51 |
| 223 | Eric Holman | Address Redacted | At Home Stores LLC | SOW-00182 | Statement of Work made by and between At Home Stores LLC and ERIC HOLMAN. | 4/1/2025 | $0.00 |
| 224 | Eric Montes | Address Redacted | At Home Stores LLC | MKTG-3 | This Service Agreement is made by and between AT HOME STORES LLC and Eric Montes. | 5/8/2025 | $0.00 |
| 225 | Ernst & Young LLP | 3712 Solutions Center, Chicago, IL 60677-3007 | At Home Stores LLC | SOW-00170 | Statement of Work made by and between At Home Stores LLC and Ernst & Young LLP. | 3/10/2025 | $0.00 |
| 226 | Ethico | 8615 Cliff Cameron Dr, Ste 290, Charlotte, NC 28269 | At Home Stores LLC | MSA-00119 | Master Service Agreement made by and between At Home Stores LLC and Ethico. | 2/12/2025 | $0.00 |
| 227 | Etron Digital LLC | 1560 E Southlake Blvd, Suite 100, Southlake, TX 76092 | At Home Stores LLC | L-00060 | Master Service Agreement made by and between At Home Stores LLC and eTron Digital LLC. | 8/11/2023 | $0.00 |
| 228 | Etron Digital LLC | 1560 E Southlake Blvd, Suite 100, Southlake, TX 76092 | At Home Stores LLC | L-00062 | Statement of Work (2023 - 02) made by and between At Home Stores LLC and eTron Digital LLC. | 12/1/2023 | $0.00 |
| 229 | Etron Digital LLC | 1560 E Southlake Blvd, Suite 100, Southlake, TX 76092 | At Home Stores LLC | NJ-0043 | Statement of Work (2024 - 03) made by and between At Home Stores LLC and ETRON DIGITAL LLC. | 8/1/2024 | $0.00 |
| 230 | Etron Digital LLC | 1560 E Southlake Blvd, Suite 100, Southlake, TX 76092 | At Home Stores LLC | NJ-0044 | Statement of Work (2024 - 04) made by and between At Home Stores LLC and ETRON DIGITAL LLC. | 8/16/2024 | $0.00 |
| 231 | Etron Digital LLC | 1560 E Southlake Blvd, Suite 100, Southlake, TX 76092 | At Home Stores LLC | NJ-0045 | Statement of Work (MDxM360) made by and between At Home Stores LLC and ETRON DIGITAL LLC. | 8/14/2023 | $0.00 |
| 232 | Evergreen Air Solutions | 11414 West Park Place, Suite 202, Milwaukee, WI 53224 | At Home Stores LLC | SOW-00225 | Statement of Work made by and between At Home Stores LLC and Evergreen Air Solutions. | 4/21/2025 | $14,329.37 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 233 | Evergreen Shopping Agency (America) Corporation | One Evertrust Plaza, Jersey City, NJ 07302 | At Home Stores LLC | MSA-00228 | Master Service Agreement (Carlisle) made by and between At Home Stores LLC and Evergreen Shopping Agency (America) Corporation. | 5/14/2025 | $0.00 |
| 234 | Evergreen Shopping Agency (America) Corporation | One Evertrust Plaza, Jersey City, NJ 07302 | At Home Stores LLC | MSA-00227 | Master Service Agreement (Plano) made by and between At Home Stores LLC and Evergreen Shopping Agency (America) Corporation. | 5/14/2025 | $0.00 |
| 235 | Evergreen Site Solutions | Suite 300 141 New Shackle Island Rd, Hendersonville, TN 37075 | At Home Stores LLC | FAC-39 | Service Agreement made by and between AT HOME STORES LLC and EverGreen Site Solutions. | 8/9/2023 | $0.00 |
| 236 | Exactera LLC | 520 White Plains Rd, 2nd Floor, Terrytown, NY 10591 | At Home Stores LLC | L-00232 | SaaS Agreement & Addendum made by and between At Home Stores LLC and EXACTERA LLC (formerly CrossBorder Solutions) | 9/5/2023 | $30,000.00 |
| 237 | Expeditors International Of Washington, Inc. | 5300 Hwy 146, Seabrook, TX 77586 | At Home Procurement Inc. | L-00063 | Services Agreement made by and between At Home Procurement Inc. and Expeditors International of Washington, Inc. | 5/1/2023 | $0.00 |
| 238 | Expeditors Tradewin, LLC | 1015 Third Avenue, Seattle, WA 98104 | At Home Procurement Inc. | L-00166 | Master Service Agreement made by and between At Home Procurement Inc. and Expeditors Tradewin, LLC. | 7/1/2023 | $0.00 |
| 239 | Expeditors Tradewin, LLC | 1015 Third Avenue, Seattle, WA 98104 | At Home Procurement Inc. | L-00169 | Statement of Work made by and between At Home Procurement Inc. and Expeditors Tradewin, LLC. | 7/7/2023 | $0.00 |
| 240 | Fidelity Life Insurance Company | 3130 Broadway, Kansas City, MO 64111-2406 | At Home Stores LLC | HR-8 | Benefits Agreement made by and between At Home Stores LLC and Fidelity Life Insurance Company. | 1/1/2023 | $0.00 |
| 241 | First Data Merchant Services, LLC | 9444 Waples Street, San Diego, CA 92121 | At Home Stores LLC | NJ-0047 | Payeezy Addendum to the Master Service Agreement made by and between At Home Stores LLC and First Data Merchant Services, LLC. | 5/22/2019 | $0.00 |
| 242 | First Data Merchant Services, LLC | 9444 Waples Street, San Diego, CA 92121 | At Home Stores LLC | NJ-0048 | Service Agreement made by and between At Home Stores LLC and First Data Merchant Services, LLC. | 1/11/2024 | $0.00 |
| 243 | Flexengage LLC | 7803 Blue Quail Ln, Orlando, FL 32835 | At Home Stores LLC | MKTG-49 | Master Service Agreement made by and between At Home Stores LLC and FLEXENGAGE LLC. Dated 5/22/2020 | 5/22/2020 | $0.00 |
| 244 | Flexential | 600 Forest Point Circle, Suite 100, Charlotte, NC 28273 | At Home Stores LLC | L-00064 | Amendment to Master Services Agreement Extension (Q-55150) made by and between At Home Stores LLC and Flexential Corp. | 12/12/2019 | $0.00 |
| 245 | Flexential | 600 Forest Point Circle, Suite 100, Charlotte, NC 28273 | At Home Stores LLC | L-00065 | Order Form (Renewal Quote Q-133539) made by and between At Home Stores LLC and FLEXENTIAL. | 1/31/2024 | $0.00 |
| 246 | Flexential | 600 Forest Point Circle, Suite 100, Charlotte, NC 28273 | At Home Stores LLC | NJ-0050 | Master Services Agreement Extension (Q-55150) made by and between At Home Stores LLC and Flexential Corp. | 11/26/2019 | $0.00 |
| 247 | Flock Freight, Inc. | 701 S Coast Hwy 101, Encinitas, CA 92024 | At Home Stores LLC | MSA-00232 | Master Service Agreement made by and between At Home Stores LLC and Flock Freight, Inc. | 5/19/2025 | $0.00 |
| 248 | Foley & Lardner LLP | 777 E Wisconsin Ave, Milwaukee, WI 53202 | At Home Stores LLC | D-00009 | Service Agreement made by and between At Home Stores LLC and FOLEY & LARDNER LLP | | $10,000.00 |
| 249 | Freepoint Energy Solutions LLC | 3050 Post Oak Blvd, Suite 1330, Houston, TX 77056 | At Home Stores LLC | UTILITY-7 | Utility Agreement made by and between At Home Stores LLC and Freepoint Energy Solutions LLC. | 3/1/2023 | $4,443.30 |
| 250 | Gabe Ortiz | Address Redacted | At Home Stores LLC | MKTG-19 | This Service Agreement is made by and between AT HOME STORES LLC and Gabriel Ortiz. | 2/8/2023 | $0.00 |
| 251 | General Datatech LP | 999 Metromedia Place, Dallas, TX 75247 | At Home Stores LLC | SOW-00051 | Statement of Work made by and between At Home Stores LLC and General Datatech, L.P. | 12/12/2024 | $0.00 |
| 252 | Geodis Transportation Solutions LLC | 1000 Abernathy Road, Suite 1400, Atlanta, GA 30328 | At Home Procurement Inc. | L-00066 | Master Transportation Agreement made by and between At Home Procurement Inc. and GeodTransportation Solutions LLC. | 7/1/2023 | $0.00 |
| 253 | Glide Rite Corporation | 21115 Oxnard Street, Woodland Hills, CA 91367 | At Home Stores LLC | FAC-19 | Service Agreement made by and between At Home Stores LLC and GLIDE RITE CORPORATION. | 1/29/2025 | $499.58 |
| 254 | Gnosis Companies, Inc. | 997 Morrison Drive, Suite 304, Charleston, SC 29403 | At Home Stores LLC | MSA-00114 | Master Service Agreement made by and between At Home Stores LLC and Gnosis Companies, Inc. | 1/31/2025 | $0.00 |
| 255 | Gnosis Companies, Inc. | 997 Morrison Drive, Suite 304, Charleston, SC 29403 | At Home Stores LLC | OF-00115 | Order Form (CLM Platform) made by and between At Home Stores LLC and Gnosis Companies, Inc. | 1/31/2025 | $0.00 |
| 256 | Gnosis Companies, Inc. | 3812 Springhill Ave, Mobile, AL 36608 | At Home Stores LLC | SOW-00117 | Scope of Services Agreement made by and between At Home Stores LLC and Gnosis Companies, Inc. | 1/31/2025 | $0.00 |
| 257 | Grace Steagall | Address Redacted | At Home Stores LLC | MKTG-5 | This Service Agreement is made by and between AT HOME STORES LLC and Grace Steagall. | 6/5/2025 | $0.00 |
| 258 | Gracie Chavez | Address Redacted | At Home Stores LLC | MKTG-1 | This Service Agreement is made by and between AT HOME STORES LLC and Gracie Chavez. | 3/10/2025 | $0.00 |
| 259 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | L-00068 | Master Service Agreement made by and between At Home Stores LLC and Granite Telecommunications, LLC. | 10/11/2019 | $81,493.68 |
| 260 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | L-00069 | Order Form made by and between At Home Stores LLC and Granite Telecommunications, LLC. | 10/7/2019 | $0.00 |
| 261 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | SC-00050 | Schedule made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 12/9/2024 | $0.00 |
| 262 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | MSA-00148 | Third Amendment to Master Service Agreement made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 3/20/2025 | $0.00 |
| 263 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | NJ-0123 | First Amendment to Master Service Agreement made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 5/26/2022 | $0.00 |
| 264 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | NJ-0137 | Service Agreement (Store 278) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 6/4/2025 | $0.00 |
| 265 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | NJ-0138 | Service Agreement (Store 288) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 6/4/2025 | $0.00 |
| 266 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | NJ-0139 | Service Agreement (Store 291) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 6/4/2025 | $0.00 |
| 267 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | NJ-0140 | Service Agreement (Store 305) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 6/4/2025 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 268 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | NJ-0142 | Service Agreement (Store 331) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 6/4/2025 | $0.00 |
| 269 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | NJ-0143 | Service Agreement (Store 365) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 6/4/2025 | $0.00 |
| 270 | Groves & Company LLC | 222 West Las Colinas Blvd, Irving, TX 75039 | At Home Stores LLC | L-00070 | Master Service Agreement made by and between At Home Stores LLC and Groves & Company LLC. | 12/18/2023 | $0.00 |
| 271 | Groves & Company LLC | 222 West Las Colinas Blvd, Irving, TX 75039 | At Home Stores LLC | L-00071 | Statement of Work (Jaggaer One Implementation) made by and between At Home Stores LLC and Groves & Company LLC. | 12/19/2023 | $0.00 |
| 272 | Groves & Company LLC | Pmb902 9901 Brodie Lane Suite 160, Austin, TX 78748 | At Home Stores LLC | SOW-00199 | Statement of Work (Jaggaer Optimization) made by and between At Home Stores LLC and GROVES & COMPANY LLC. | 4/3/2025 | $0.00 |
| 273 | Gulf Winds International Inc | 222 West Las Colinas Blvd, Irving, TX 75039 | At Home Procurement Inc. | L-00072 | Master Transportation Agreement made by and between At Home Procurement Inc. and GULF WINDS INTERNATIONAL INC. | 7/1/2023 | $0.00 |
| 274 | Habitat For Humanity International | 270 Peachtree St, Ste 1300, Atlanta, GA 30265 | At Home Stores LLC | MSA-00217 | Master Service Agreement made by and between At Home Stores LLC and HABITAT FOR HUMANITY INTERNATIONAL. | 1/1/2025 | $0.00 |
| 275 | Health Care Service Corporation | 1001 E. Lookout Drive, Richardson, TX 75082 | At Home Stores LLC | HR-1 | Benefits Program Application (ASO BPA) made by and between At Home Stores LLC and Health Care Service Corporation. | 1/1/2025 | $0.00 |
| 276 | Health Care Service Corporation | 1001 E. Lookout Drive, Richardson, TX 75082 | At Home Stores LLC | HR-6 | Administrative Services Agreement made by and between At Home Stores LLC and Health Care Service Corporation. | 12/3/2019 | $0.00 |
| 277 | Heidi Adams | Address Redacted | At Home Stores LLC | MKTG-4 | This Service Agreement is made by and between AT HOME STORES LLC and Heidi Adams. | 10/21/2023 | $0.00 |
| 278 | Hilco Real Estate, LLC | 5 Revere Drive, Suite 320, Northbrook, IL 60062 | At Home Stores LLC | L-00202 | Consulting and Advisory Services Agreement made by and between At Home Stores LLC and Hilco Real Estate, LLC | 11/4/2019 | $0.00 |
| 279 | Hireright LLC | 3349 Michaelson Dr, Suite 150, Irvine, CA 92612 | At Home Stores LLC | L-00230 | Service Agreement made by and between At Home Stores LLC and HIRERIGHT LLC | 11/30/2020 | $21,859.14 |
| 280 | Hmm Co., Ltd | 50 Beale Street, Suite 600, San Francisco, CA 94105 | At Home Procurement Inc. | L-00075 | Master Transportation Agreement (US2322007 AMD0) made by and between At Home Procurement Inc. and HMM CO., LTD. | 4/20/2023 | $0.00 |
| 281 | Hmm Co., Ltd. | 50 Beale Street, Suite 600, San Francisco, CA 94105 | At Home Procurement Inc. | L-00076 | Master Transportation Agreement (US2422007 AMD0) made by and between At Home Procurement Inc. and HMM Co., Ltd. | 5/1/2024 | $0.00 |
| 282 | HO Wolding dba Bison Transport USA | 365 West Passaic Street, Suite 455, Rochelle Park, NJ 07662 | At Home Procurement Inc. | L-00077 | Master Transportation Agreement made by and between At Home Procurement Inc. and HO Wolding DBA Bison Transport USA. | 11/20/2023 | $0.00 |
| 283 | Hudson Energy Services, LLC | 5251 Westheimer Road, Suite 1000, Houston, TX 77056 | At Home Stores LLC | UTILITY-10 | Utility Agreement made by and between At Home Stores LLC and Hudson Energy Services, LLC. | 7/13/2022 | $996.50 |
| 284 | IBM Corporation | PO Box 643600, Pittsburgh, PA 15264 | At Home Stores LLC | NJ-0051 | Software as a Service Agreement made by and between At Home Stores LLC and IBM CORPORATION. | 9/29/2021 | $3,939.94 |
| 285 | IBM Corporation | PO Box 643600, Pittsburgh, PA 15264 | At Home Stores LLC | NJ-0150 | Master Service Agreement made by and between At Home Stores LLC and IBM CORPORATION. | 1/23/2012 | $0.00 |
| 286 | Imperial Paving, LLC | 1058 Us Hwy 92 W, Auburndale, FL 33823 | At Home Stores LLC | FAC-40 | Service Agreement made by and between AT HOME STORES LLC and Imperial Paving, LLC (5/28/2025) | 5/28/2025 | $0.00 |
| 287 | Imperial Paving, LLC | 1058 Us Hwy 92 W, Auburndale, FL 33823 | At Home Stores LLC | FAC-41 | Service Agreement made by and between AT HOME STORES LLC and Imperial Paving, LLC (3/6/2023) | 3/6/2023 | $0.00 |
| 288 | Indeed Inc | 200 West 6th Street, Floor 36, Austin, TX 78701 | At Home Stores LLC | L-00219 | Master Service Agreement made by and between At Home Stores LLC and Indeed Inc | | $36,744.89 |
| 289 | Infovision Inc | 800 East Campbell Road, Suite 388, Richardson, TX 75081 | At Home Stores LLC | NJ-0052 | Service Agreement made by and between At Home Stores LLC and INFOVISION INC. | 4/14/2025 | $0.00 |
| 290 | Insight Global | 1224 Hammond Drive, Suite 1500, Atlanta, GA 30346 | At Home Stores LLC | SOW-00019 | Exhibit A to Master Services Agreement made by and between At Home Stores LLC and Insight Global. | 10/23/2024 | $0.00 |
| 291 | Insight Global | 1224 Hammond Drive, Suite 1500, Atlanta, GA 30346 | At Home Stores LLC | NJ-0146 | Master Service Agreement made by and between At Home Stores LLC and Insight Global. | 10/2/2017 | $0.00 |
| 292 | Intelligize | 1920 Association Drive, Suite 200, Reston, VA 20191 | At Home Stores LLC | OF-00009 | Order Form made by and between At Home Stores LLC and Intelligize. | 10/20/2024 | $0.00 |
| 293 | Intelligrated Systems, LLC | 7901 Innovation Way, Mason, OH 45040 | At Home Stores LLC | NJ-0053 | Amendment to Service and Maintenance Agreement made by and between At Home Stores LLC and INTELLIGRATED SYSTEMS, LLC. | 4/1/2024 | $0.00 |
| 294 | Intelligrated Systems, LLC | 7901 Innovation Way, Mason, Ohio 45040 | At Home Stores LLC | SC-00016 | Service and Maintenance Agreement made by and between At Home Stores LLC and Intelligrated Systems, LLC. | 12/9/2024 | $0.00 |
| 295 | Intralinks, Inc. | 622 3rd Avenue, 10th Floor, New York, NY 10017 | At Home Stores LLC | SC-00010 | Schedule made by and between At Home Stores LLC and INTRALINKS, INC. | 9/2/2024 | $0.00 |
| 296 | Jaggaer, LLC | 3020 Carrington Mill Blvd, Suite 100, Morrisville, NC 27560 | At Home Stores LLC | L-00082 | Main Subscription Agreement made by and between At Home Stores LLC and JAGGAER, LLC. | 12/20/2022 | $0.00 |
| 297 | Jaggaer, LLC | 3020 Carrington Mill Blvd, Suite 100, Morrisville, NC 27560 | At Home Stores LLC | L-00083 | Order Form (Q-113854) made by and between At Home Stores LLC and JAGGAER, LLC. | 2/1/2024 | $0.00 |
| 298 | Jaggaer, LLC | 3020 Carrington Mill Blvd, Suite 100, Morrisville, NC 27560 | At Home Stores LLC | OF-00097 | Order Form (Q-151712) made by and between At Home Stores LLC and JAGGAER, LLC. | 1/14/2025 | $0.00 |
| 299 | James Edwards | Address Redacted | At Home Stores LLC | PSA-00260 | Professional Services Agreement made by and between At Home Stores LLC and James Edwards. | 6/8/2025 | $0.00 |
| 300 | Jason Janik | Address Redacted | At Home Stores LLC | WA-00109 | Waivers - Financial made by and between At Home Stores LLC and Jason Janik. | 4/9/2025 | $0.00 |
| 301 | Jay Sims | Address Redacted | At Home Stores LLC | MKTG-33 | This Service Agreement is made by and between AT HOME STORES LLC and Jerry Sims. | 4/11/2025 | $0.00 |
| 302 | Jennifer Hiemke | Address Redacted | At Home Stores LLC | WA-00127 | Waivers - Financial made by and between At Home Stores LLC and Jennifer Hiemke. | 2/10/2025 | $0.00 |
| 303 | Jennifer Spurlock | Address Redacted | At Home Stores LLC | MKTG-9 | This Service Agreement is made by and between AT HOME STORES LLC and Jennifer Spurlock. | 8/27/2024 | $0.00 |
| 304 | JFDB, Ltd | 10036 Springfield Pike, Cincinnati, OH 45215-1452 | At Home Stores LLC | FAC-2 | Service Agreement made by and between At Home Stores LLC and JFDB, LTD. | 4/15/2025 | $0.00 |
| 305 | JKB & Associates, Inc. | PO Box 99, Benton, KS 67017 | At Home Stores LLC | MSA-00101 | Master Service Agreement made by and between At Home Stores LLC and JKB & Associates, Inc. | 1/15/2025 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|-----|-------------------|----------------------|---------------|-------------|----------------------|---------------|-------------|
| 306 | Jo Mondo | Address Redacted | At Home Stores LLC | MKTG-38 | This Service Agreement is made by and between AT HOME STORES LLC and Jo Mondo. | 2/27/2023 | $0.00 |
| 307 | John Sizer | Address Redacted | At Home Stores LLC | WA-00065 | Waivers - Financial made by and between At Home Stores LLC and John Sizer. | 12/6/2024 | $0.00 |
| 308 | Jonathan Chancy Felan | Address Redacted | At Home Stores LLC | WA-00090 | Waivers - Financial made by and between At Home Stores LLC and JONATHAN CHANCY FELAN. | 1/7/2025 | $0.00 |
| 309 | Jordan Stitt | Address Redacted | At Home Stores LLC | MKTG-39 | This Service Agreement is made by and between AT HOME STORES LLC and Jordan Stitt. | 5/12/2025 | $0.00 |
| 310 | Joseph Augustine | Address Redacted | At Home Stores LLC | WA-00032 | Waivers - Financial made by and between At Home Stores LLC and Joseph Augustine. | 11/7/2024 | $0.00 |
| 311 | Juan Romero | Address Redacted | At Home Stores LLC | MSA-00278 | Master Service Agreement made by and between At Home Stores LLC and Juan Romero. | 6/14/2025 | $0.00 |
| 312 | Kara Keith | Address Redacted | At Home Stores LLC | MKTG-29 | This Service Agreement is made by and between AT HOME STORES LLC and Kara Keith. | 4/30/2025 | $0.00 |
| 313 | Katrina Parker | Address Redacted | At Home Stores LLC | MKTG-26 | This Service Agreement is made by and between AT HOME STORES LLC and Katrina Parker. | 5/5/2025 | $0.00 |
| 314 | Kaya Houston | Address Redacted | At Home Stores LLC | MKTG-11 | This Service Agreement is made by and between AT HOME STORES LLC and Kaya Houston. | 5/29/2025 | $0.00 |
| 315 | Kelly Services | PO BOX 820405, Suite 340, Philadephia, PA 19182-0405 | At Home Stores LLC | L-00085 | Master Staffing Agreement made by and between At Home Stores LLC and Kelly Services | 2/4/2021 | $0.00 |
| 316 | Kelly Services, Inc. | PO Box 820405, Philadephia, PA 19182-0405 | At Home Stores LLC | L-00086 | Customer Services Agreement made by and between At Home Stores LLC and Kelly Services, Inc. | 2/6/2020 | $0.00 |
| 317 | Kim Dawson Agency | 1645 N Stemmons Fray HB, Dallas, TX 75207 | At Home Stores LLC | MKTG-8 | This Service Agreement is made by and between AT HOME STORES LLC and Kim Dawson Agency. | 5/16/2023 | $0.00 |
| 318 | Klarna Inc. | 800 N High St, Suite #04121, Columbus, OH 43215 | At Home Stores LLC | PSA-00026 | Cooperation Agreement made by and between At Home Stores LLC and Klarna Inc (1/13/2025) | 1/13/2025 | $0.00 |
| 319 | Klarna Inc. | 800 N High St, Suite #04121, Columbus, OH 43215 | At Home Stores LLC | OF-00159 | Cooperation Agreement made by and between At Home Stores LLC and Klarna Inc. (3/11/2025) | 3/11/2025 | $0.00 |
| 320 | KPMG LLP | 150 John F. Kennedy Parkway, Short Hills, TX 07078 | At Home Stores LLC | SOW-00008 | Statement of Work (Goodwill and Other Intangibles Valuation Services) made by and between At Home Stores LLC and KPMG LLP. | 9/26/2024 | $0.00 |
| 321 | KPMG LLP | 150 John F. Kennedy Parkway, Short Hills, NY 07078 | At Home Stores LLC | SOW-00018 | Statement of Work (Stock Compensation Valuation Services) made by and between At Home Stores LLC and KPMG LLP. | 11/1/2024 | $0.00 |
| 322 | Kristin Green Meyer | Address Redacted | At Home Stores LLC | NFWA-00301 | Waiver - Non Financial made by and between At Home Stores LLC and Kristin Green Meyer. | 6/29/2025 | $0.00 |
| 323 | Kronos Incorporated | 297 Billerica Road, Chelmsford, MA 01824 | At Home Stores LLC | NJ-011 | Software as a Service made by and between At Home Stores LLC and Kronos Incorporated. | 12/30/2016 | $0.00 |
| 324 | Kyriba Corp. | 4435 Eastgate Mall, Suite 200, San Diego, CA 92121 | At Home Stores LLC | SAAS-00154 | Software as a Service made by and between At Home Stores LLC and Kyriba Corp. | 2/5/2025 | $0.00 |
| 325 | Last Mile Ventures, LLC | 6009 W Parker Rd, #149-370, Plano, TX 75093 | At Home Stores LLC | MSA-00143 | Master Service Agreement made by and between At Home Stores LLC and Last Mile Ventures, LLC. | 2/5/2025 | $0.00 |
| 326 | Lee Dirksen | Address Redacted | At Home Stores LLC | MKTG-20 | This Service Agreement is made by and between AT HOME STORES LLC and Lee Dirksen. | 8/24/2023 | $0.00 |
| 327 | Life Safety Engineered Systems | 60 Sonwil Drive, Buffalo, NY 14225 | At Home Stores LLC | FAC-64 | Service Agreement made by and between AT HOME STORES LLC and Life Safety. | 6/18/2025 | $53,043.51 |
| 328 | Lindsay Weatherread | Address Redacted | At Home Stores LLC | MKTG-12 | This Service Agreement is made by and between AT HOME STORES LLC and Lindsay Weatherread. | 5/29/2025 | $0.00 |
| 329 | Linkedin Corporation | 1000 W. Maude Avenue, Sunnyvale, CA 94085 | At Home Stores LLC | L-00097 | Order Form (FLD10093042554) made by and between At Home Stores LLC and LinkedIn Corporation. | 4/12/2024 | $0.00 |
| 330 | Linkedin Corporation | 1000 W. Maude Avenue, Sunnyvale, CA 94085 | At Home Stores LLC | OF-00175 | Order Form (FLD10920561884) made by and between At Home Stores LLC and LinkedIn Corporation. | 3/21/2025 | $0.00 |
| 331 | Lipsey Logistics Worldwide LLC | 5600 Brainerd Rd, Suite E-2, Chattanooga, TN 37411 | At Home Stores LLC | MSA-00222 | Master Service Agreement made by and between At Home Stores LLC and Lipsey Logistics Worldwide LLC. | 5/16/2025 | $0.00 |
| 332 | Litmus Software, Inc. | 675 Massachusetts Avenue, 10th Floor, Cambridge, MA 02139 | At Home Stores LLC | MKTG-48 | Master Subscription Agreement made by and between At Home Stores LLC and LITMUS SOFTWARE, INC. Dated 4/30/2021 | 4/30/2021 | $0.00 |
| 333 | Liveramp, Inc. | 225 Bush St., Floor 17, San Francisco, CA 94104 | At Home Stores LLC | MSA-00210 | Master Service Agreement made by and between At Home Stores LLC and LiveRamp, Inc. | 5/30/2024 | $0.00 |
| 334 | Madison "Claire" Dick | Address Redacted | At Home Stores LLC | MKTG-30 | This Service Agreement is made by and between AT HOME STORES LLC and Madison "Claire" Dick. | 9/7/2022 | $0.00 |
| 335 | Manhattan Associates | 2300 Windy Ridge Parkway, 10th Floor, Atlanta, GA 30339 | At Home Stores LLC | NJ-0065 | Order Form (Saas Subscription) made by and between At Home Stores LLC and MANHATTAN ASSOCIATES. | 8/29/2023 | $5,863.00 |
| 336 | Manhattan Associates | P O Box 405696, Atlanta, GA 30384-5696 | At Home Stores LLC | NJ-0066 | Statement of Work (Premier Support Program) made by and between At Home Stores LLC and MANHATTAN ASSOCIATES. | 3/1/2023 | $0.00 |
| 337 | Manhattan Associates | 2300 Windy Ridge Parkway, Atlanta, GA 30339 | At Home Stores LLC | L-00100 | Security Agreement made by and between At Home Stores LLC and Manhattan Associates, Inc. | 12/16/2002 | $0.00 |
| 338 | Manhattan Associates | 2300 Windy Ridge Parkway, Atlanta, GA 30339 | At Home Stores LLC | L-00101 | Addendum to Software License Agreement made by and between At Home Stores LLC and Manhattan Associates, Inc. (12/23/2002) | 12/23/2002 | $0.00 |
| 339 | Manhattan Associates | 2300 Windy Ridge Parkway, Atlanta, GA 30339 | At Home Stores LLC | L-00102 | Addendum to Software License Agreement made by and between At Home Stores LLC and Manhattan Associates, Inc (4/14/2006) | 4/14/2006 | $0.00 |
| 340 | Manhattan Associates | 2300 Windy Ridge Parkway, Atlanta, GA 30339 | At Home Stores LLC | L-00103 | Software License Agreement made by and between At Home Stores LLC and Manhattan Associates, Inc. | 11/22/2002 | $0.00 |
| 341 | Manhattan Associates | 2300 Windy Ridge Parkway, Atlanta, GA 30339 | At Home Stores LLC | L-00104 | Amendment to Statement of Work (Premier Support) made by and between At Home Stores LLC and Manhattan Associates, Inc. | 5/18/2022 | $0.00 |
| 342 | Manhattan Associates | 2300 Windy Ridge Parkway, Atlanta, GA 30339 | At Home Stores LLC | NJ-012 | Amendment to Software as a Service Agreement made by and between At Home Stores LLC and Manhattan Associates, Inc. | 5/7/2019 | $0.00 |
| 343 | Maplebear Inc. d/b/a Instacart | 3020 Carrington Mill Blvd, Suite 100, Morrisville, NC 27560 | At Home Stores LLC | L-00079 | Professional Services Agreement made by and between At Home Stores LLC and Maplebear Inc. d/b/a Instacart. | 4/19/2023 | $0.00 |
| 344 | Marcus Stitt | Address Redacted | At Home Stores LLC | CA-00279 | Consulting Agreement made by and between At Home Stores LLC and Marcus Stitt. | 6/12/2025 | $0.00 |
| 345 | Mark Herrmann | Address Redacted | At Home Stores LLC | MKTG-40 | This Service Agreement is made by and between AT HOME STORES LLC and MARK HERRMANN. | 5/10/2025 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 346 | Mark Nelson | Address Redacted | At Home Stores LLC | MKTG-14 | This Service Agreement is made by and between AT HOME STORES LLC and Mark Nelson (Contractor). | 9/17/2024 | $0.00 |
| 347 | Marten Transport, Ltd. | 129 Marten Street, Mondovi, WI 54755 | At Home Stores LLC | MTA-00189 | Master Transportation Agreement made by and between At Home Stores LLC and Marten Transport, Ltd. | 5/1/2025 | $0.00 |
| 348 | Maruthi Technologies Inc, dba Anblicks | 14911 Quorum Drive, Suite 390, Dallas, TX 75254 | At Home Stores LLC | MSA-00020 | Master Service Agreement made by and between At Home Stores LLC and Maruthi Technologies Inc, dba Anblicks. | 11/11/2024 | $0.00 |
| 349 | Maruthi Technologies Inc, dba Anblicks | 14911 Quorum Drive, Suite 390, Dallas, TX 75254 | At Home Stores LLC | SOW-00021 | Statement of Work made by and between At Home Stores LLC and Maruthi Technologies Inc, dba Anblicks. | 11/11/2024 | $0.00 |
| 350 | Mavrck LLC dba Later Influence | 53 State Street, Suite 2105, Boston, MA 02109 | At Home Stores LLC | MSA-00247 | Master Service Agreement made by and between At Home Stores LLC and Mavrck LLC dba Later Influence. | 6/3/2025 | $0.00 |
| 351 | Mcdonald Hopkins LLC | 2100 600 Superior Avenue East Suite, Cleveland, OH 44114 | At Home Stores LLC | L-00107 | Master Service Agreement made by and between At Home Stores LLC and McDonald Hopkins LLC. | 11/21/2023 | $0.00 |
| 352 | Melissa Cherry | Address Redacted | At Home Stores LLC | MKTG-10 | This Service Agreement is made by and between AT HOME STORES LLC and Melissa Cherry. | 5/15/2025 | $0.00 |
| 353 | Meredith Jensen | Address Redacted | At Home Stores LLC | Artist_4 | Artist agreement made by and between At Home Stores LLC and Meredith Jensen. | 6/30/2025 | $0.00 |
| 354 | Merit Roofing Systems, Inc. | 500 Industry Way Suite #40, Prosper, TX 75078 | At Home Stores LLC | FAC-61 | Service Agreement made by and between AT HOME STORES LLC and MERIT ROOFING SYSTEMS, INC. | 5/8/2025 | $1,581.00 |
| 355 | Micah Smith | Address Redacted | At Home Stores LLC | MKTG-15 | This Service Agreement is made by and between AT HOME STORES LLC and Micah Smith. | 5/8/2025 | $0.00 |
| 356 | Michael Quevedo | Address Redacted | At Home Stores LLC | MKTG-2 | This Service Agreement is made by and between AT HOME STORES LLC and MICHAEL QUEVEDO. | 9/18/2024 | $0.00 |
| 357 | Microsoft Corporation | 1950 N Stemmons Fwy, Suite 5010, Dallas, TX 75207 | At Home Stores LLC | NJ-0067 | Service Agreement made by and between At Home Stores LLC and Microsoft Corporation. | 5/30/2024 | $0.00 |
| 358 | Mimecast North America, Inc. | 5505 N Cumberland Ave, Suite 307, Chicago, IL 60656 | At Home Stores LLC | NJ-0131 | Service Agreement made by and between At Home Stores LLC and Mimecast North America, Inc.. | 11/8/2024 | $0.00 |
| 359 | Mood Media | 2100 S. IH-35, Frontage Rd., Suite 201, Austin, TX 78704 | At Home Stores LLC | MSA-00132 | Master Service Agreement made by and between At Home Stores LLC and Mood Media. | 2/24/2025 | $31,433.66 |
| 360 | Motion Industries, Inc. | PO Box 1477, Birmingham, AL 35201 | At Home Stores LLC | OF-00185 | Order Form made by and between At Home Stores LLC and MOTION INDUSTRIES, INC. | 3/14/2025 | $0.00 |
| 361 | Movable Inc Dba Movable Ink | 1065 6th Ave, 9th Floor, New York, NY 10018 | At Home Stores LLC | MKTG-53 | Order Form made by and between At Home Stores LLC and MOVABLE INC DBA MOVABLE INK. Dated 1/1/2021 | 1/1/2021 | $0.00 |
| 362 | MP2 Energy LLC | 909 Fannin Street, Suite 3500, Houston, TX 77010 | At Home Stores LLC | UTILITY-1 | Utility Agreement made by and between At Home Stores LLC and MP2 Energy LLC. | 5/6/2024 | $5,389.61 |
| 363 | Mullenlowe U.S., Inc | 8730 Stony Point Parkway, Richmond, VA 23235 | At Home Stores LLC | L-00108 | Master Service Agreement made by and between At Home Stores LLC and MULLENLOWE U.S., INC. | 1/27/2019 | $0.00 |
| 364 | Mw Electric | 3621 Campbell St., Plainfield, IN 46168 | At Home Stores LLC | FAC-43 | Service Agreement made by and between At Home Stores LLC and MW Electric. | | $0.00 |
| 365 | Myriad360, LLC | 150 Mid-Atlantic Pkwy, West Deptford, NJ 08066 | At Home Stores LLC | MSA-00062 | Master Service Agreement made by and between At Home Stores LLC and Myriad360, LLC. | 12/10/2024 | $0.00 |
| 366 | Nanoia Baling | 200 Frank Rd, Hicksville, NY 11801 | At Home Stores LLC | FAC-44 | Service Agreement made by and between AT HOME STORES LLC and Nanoia Baling. | 7/25/2023 | $0.00 |
| 367 | Netop Tech Inc (USA) | 10300 SW Greenburg Rd, Suite 303, Portland, OR 97223 | At Home Stores LLC | MSA-00039 | Master Service Agreement made by and between At Home Stores LLC and Netop Tech Inc (USA). | 3/31/2025 | $0.00 |
| 368 | New Legend Inc | 2050 Center Ave, Suite 100, Phoenix, AZ 85043 | At Home Procurement Inc. | L-00114 | Master Transportation Agreement made by and between At Home Procurement Inc. and NEW LEGEND INC (11/1/2023) | 11/1/2023 | $0.00 |
| 369 | New Legend Inc | 811 S. 59th Ave., Phoenix, AZ 85043 | At Home Procurement Inc. | MTA-00192 | Master Transportation Agreement made by and between At Home Procurement Inc. and New Legend Inc (5/1/2025) | 5/1/2025 | $0.00 |
| 370 | Nexrev, Inc. | 601 Development Drive, Plano, TX 75074 | At Home Stores LLC | MSA-00265 | Master Service Agreement made by and between At Home Stores LLC and NEXREV, INC. | 7/11/2025 | $0.00 |
| 371 | Nexrev, Inc. | 601 Development Drive, Plano, TX 75074 | At Home Stores LLC | SOW-00168 | Statement of Work (License Renewal) made by and between At Home Stores LLC and NEXREV, INC. | 2/28/2025 | $0.00 |
| 372 | Nfi Interactive Logistics, LLC | 2 Cooper Street, Camden, NJ 08102 | At Home Procurement Inc. | MSA-00221 | Trailer Lease Agreement made by and between At Home Procurement Inc. and NFI Interactive Logistics, LLC. | 5/20/2025 | $0.00 |
| 373 | Nick Halfhill | Address Redacted | At Home Stores LLC | CA-00120 | Consulting Agreement made by and between At Home Stores LLC and Nick Halfhill. | 2/4/2025 | $0.00 |
| 374 | Nick Nicholson | Address Redacted | At Home Stores LLC | MKTG-17 | This Service Agreement is made by and between AT HOME STORES LLC and Nick Nicholson. | 4/16/2024 | $0.00 |
| 375 | Norr LLC | 150 West Jefferson Avenue, Suite 1300, Detroit, MI 48226 | At Home Stores LLC | MSA-00112 | Master Service Agreement made by and between At Home Stores LLC and NORR LLC. | 1/22/2025 | $4,003.61 |
| 376 | Northfield Telecommunications, Inc. | 20809 Kensington Boulevard, Lakeville, MN 55044 | At Home Stores LLC | MSA-00245 | Master Service Agreement made by and between At Home Stores LLC and Northfield Telecommunications, Inc. | 6/1/2025 | $8,237.61 |
| 377 | NRG Business Marketing LLC | 804 Carnegie Center, Princeton, NJ 08540 | At Home Stores LLC | OF-00166 | Order Form (Proposal Id: 68733619) made by and between At Home Stores LLC and NRG Business Marketing LLC. | 2/28/2025 | $0.00 |
| 378 | NRG Business Marketing LLC | 804 Carnegie Center, Princeton, NJ 08540 | At Home Stores LLC | OF-00165 | Order Form (Proposal Id: 68744424) made by and between At Home Stores LLC and NRG Business Marketing LLC. | 2/28/2025 | $0.00 |
| 379 | NRG Business Marketing LLC | 804 Carnegie Center, Princeton, NJ 08540 | At Home Stores LLC | UTILITY-20 | Utility Agreement (Utility Account #: 196431650015) made by and between At Home Stores LLC and NRG Business Marketing LLC. | 5/9/2024 | $1,424.29 |
| 380 | NRG Business Marketing LLC | 804 Carnegie Center, Princeton, NJ 08540 | At Home Stores LLC | UTILITY-21 | Utility Agreement (Utility Account #: 910121728953211011540) made by and between At Home Stores LLC and NRG Business Marketing LLC. | 5/9/2024 | $0.00 |
| 381 | Ohio Heating | P.O. BOX 91203, Colombus, OH 43209 | At Home Stores LLC | FAC-75 | Service Agreement made by and between AT HOME STORES LLC and Ohio Heating. | 4/9/2025 | $0.00 |
| 382 | Oksana Kaiser | Address Redacted | At Home Stores LLC | MKTG-36 | This Service Agreement is made by and between AT HOME STORES LLC and Oksana Kaiser. | 6/28/2025 | $0.00 |
| 383 | Omni Logistics, LLC | 3200 Olympus Blvd., Dallas, TX 75019 | At Home Procurement Inc. | L-00118 | Master Transportation Agreement made by and between At Home Procurement Inc. and Omni Logistics, LLC (11/1/2023) | 11/1/2023 | $0.00 |
| 384 | Omni Logistics, LLC | 3200 Olympus Blvd., Suite 300, Coppell, TX 75019 | At Home Procurement Inc. | MTA-00191 | Master Transportation Agreement made by and between At Home Procurement Inc. and Omni Logistics, LLC (5/1/2025) | 5/1/2025 | $0.00 |
| 385 | On Set Management | 5700 Llano Avenue #2, Dallas, TX 75206 | At Home Stores LLC | MKTG-16 | This Service Agreement is made by and between AT HOME STORES LLC and On Set Management. | 2/9/2023 | $0.00 |
| 386 | Opsgenie Inc | 239 Causeway Street, Suite 300, Boston, MA 02114 | At Home Stores LLC | OF-00093 | Order Form made by and between At Home Stores LLC and OPSGENIE INC. | 12/27/2016 | $0.00 |
| 387 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | OF-00134 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-3210685 - 1) | 2/15/2025 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 388 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | OF-00212 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC (CPQ-3769197 - 1) | 4/29/2025 | $0.00 |
| 389 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | OF-00234 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-3801238 - 1) | 5/30/2025 | $0.00 |
| 390 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | OF-00160 | Amendment to Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-3210685-1) | 2/24/2025 | $0.00 |
| 391 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | OF-00017 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (US-17678430) | 10/30/2024 | $0.00 |
| 392 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0072 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-2987885 - 1) | 8/23/2023 | $42,015.72 |
| 393 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0073 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-2602743 - 1) | 8/12/2022 | $0.00 |
| 394 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0074 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-3435079 - 1) | 5/28/2024 | $64,432.84 |
| 395 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0076 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-2723965 - 1) | 10/28/2022 | $34,497.37 |
| 396 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0077 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-2762176 - 1) | 5/31/2023 | $0.00 |
| 397 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0078 | Order Form (Time & Materials Services) made by and between At Home Stores LLC and ORACLE AMERICA INC. | 11/1/2022 | $0.00 |
| 398 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0079 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (US-14567158) | 2/27/2023 | $0.00 |
| 399 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0080 | General Terms Agreement made by and between At Home Stores LLC and ORACLE AMERICA INC. | 10/31/2022 | $0.00 |
| 400 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0081 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-2630073 - 1) | 10/26/2022 | $112,090.39 |
| 401 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0083 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-3313883 - 1) | 4/30/2024 | $0.00 |
| 402 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0084 | Retail Xstore Extensions Source Code Agreement made by and between At Home Stores LLC and ORACLE AMERICA INC. | 7/12/2024 | $0.00 |
| 403 | Oscar Vasquez Torres | Address Redacted | At Home Stores LLC | MKTG-25 | This Service Agreement is made by and between AT HOME STORES LLC and Oscar Vasquez Torres. | 8/4/2023 | $0.00 |
| 404 | Ovative Group, LLC | 729 Washington Ave N, Suite 1000, Minneapolis, MN 55401 | At Home Stores LLC | L-00119 | Master Service Agreement made by and between At Home Stores LLC and Ovative Group, LLC. | 1/9/2023 | $0.00 |
| 405 | Ovative Group, LLC | 729 Washington Ave N, Suite 1000, Minneapolis, MN 55401 | At Home Stores LLC | L-00120 | Statement of Work (and amendments) made by and between At Home Stores LLC and Ovative Group, LLC. | 1/1/2024 | $0.00 |
| 406 | Ovative Group, LLC | 729 Washington Avenue North,, Minneapolis, MN 55401 | At Home Stores LLC | SC-00043 | Schedule made by and between At Home Stores LLC and OVATIVE GROUP, LLC. | 12/21/2024 | $0.00 |
| 407 | P&H Low Voltage, LLC | 78 Hillsborough Dr, Collinsville, IL 62234 | At Home Stores LLC | MSA-00073 | Master Service Agreement made by and between At Home Stores LLC and P&H Low Voltage, LLC. | 12/7/2024 | $2,525.00 |
| 408 | P&H Low Voltage, LLC | 13307 Midway Rd, Farmers Branch, TX 75244 | At Home Stores LLC | SOW-00072 | Statement of Work made by and between At Home Stores LLC and P&H Low Voltage, LLC. - Farmers Branch, TX | 3/7/2025 | $0.00 |
| 409 | P&H Low Voltage, LLC | 17 Susan Court, Fairview Heights, IL 62208 | At Home Stores LLC | SOW-00087 | Statement of Work (Columbus) made by and between At Home Stores LLC and P&H Low Voltage LLC. | 12/7/2024 | $0.00 |
| 410 | P&H Low Voltage, LLC | 17 Susan Court, Fairview Heights, IL 62208 | At Home Stores LLC | SOW-00086 | Statement of Work made by and between At Home Stores LLC and P&H Low Voltage LLC. - Montgomery, AL | 12/7/2024 | $0.00 |
| 411 | Paint Folks | 105 Main Street, Hackensack, NJ 07601 | At Home Stores LLC | FAC-15 | Service Agreement made by and between AT HOME STORES LLC and PAINT FOLKS. | 5/6/2025 | $0.00 |
| 412 | Patricia A. Mccarthy | Address Redacted | At Home Stores LLC | Artist_1 | Artist agreement made by and between At Home Stores LLC and Patricia A. McCarthy. | 6/30/2025 | $0.00 |
| 413 | Paypal, Inc. | 2211 North First Street, San Jose, CA 95131 | At Home Stores LLC | MSA-00215 | Master Service Agreement made by and between At Home Stores LLC and PayPal, Inc. | 4/1/2025 | $0.00 |
| 414 | Peak Technologies, LLC | 265 Foster St, Littleton, MA 01460 | At Home Stores LLC | OF-00174 | Order Form made by and between At Home Stores LLC and Peak Technologies, LLC. (QTE200140729) | 3/28/2025 | $0.00 |
| 415 | Peak Technologies, LLC | 265 Foster Street, Littleton, MA 01460 | At Home Stores LLC | MSA-00250 | Master Service Agreement made by and between At Home Stores LLC and Peak Technologies, LLC. | 5/23/2025 | $0.00 |
| 416 | Penny Plavidal | Address Redacted | At Home Stores LLC | WA-00111 | Waivers - Financial made by and between At Home Stores LLC and PENNY PLAVIDAL. | 1/21/2025 | $0.00 |
| 417 | Perry Roofing Company Inc | 3428 Burr Road, Springfield, TN 37172 | At Home Stores LLC | FAC-69 | Service Agreement made by and between At Home Stores LLC and Perry Roofing Company Inc. | 11/25/2024 | $0.00 |
| 418 | Peter Kao | Address Redacted | At Home Stores LLC | MKTG-6 | This Service Agreement is made by and between AT HOME STORES LLC and Peter Kao. | 2/6/2023 | $0.00 |
| 419 | Peter Sanjur | Address Redacted | At Home Stores LLC | WA-00129 | Waivers - Financial made by and between At Home Stores LLC and Peter Sanjur. | 2/5/2025 | $0.00 |
| 420 | Planet Equity Group, LLC | 800 Hillgrove Ave, #201, Western Springs, IL 60558 | At Home Stores LLC | STFA-00181 | Staffing Agreement made by and between At Home Stores LLC and Planet Equity Group, LLC. | 3/27/2025 | $0.00 |
| 421 | Pluralsight, LLC | 182 N. Union Avenue, Farmington, UT 84025 | At Home Stores LLC | NJ-0085 | Master Subscription Agreement made by and between At Home Stores LLC and Pluralsight, LLC. | 9/24/2019 | $0.00 |
| 422 | PNC Bank | 300 Fifth Avenue, Pittsburgh, PA 15222 | At Home Group Inc. | L-00122 | Assignment Agreement made by and between At Home Group Inc. and PNC Bank. | 6/4/2024 | $0.00 |
| 423 | PNC Bank | 300 Fifth Avenue, Pittsburgh, PA 15222 | At Home Group Inc. | L-00123 | Master Service Agreement made by and between At Home Group Inc. and PNC Bank. | 6/4/2024 | $0.00 |
| 424 | Powerhouse Retail Services, LLC | 812 S Crowley RD, Crowley, TX 76036 | At Home Stores LLC | L-00126 | Professional Services Agreement made by and between At Home Stores LLC and Powerhouse Retail Services, LLC. | 6/1/2024 | $0.00 |
| 425 | Powerreviews, Inc. | 290 Davidson Avenue, Somerset, NJ 08873 | At Home Stores LLC | L-00125 | Master Service Agreement made by and between At Home Stores LLC and PowerReviews, Inc. | 12/23/2019 | $0.00 |
| 426 | Premium Blend Consulting, LLC | 1716 N Clybourn Ave, Burbank, CA 91505 | At Home Stores LLC | L-00127 | Master Service Agreement made by and between At Home Stores LLC and Premium Blend Consulting, LLC. | 2/14/2023 | $0.00 |
| 427 | Preston Taylor Collins | Address Redacted | At Home Stores LLC | CA-00292 | Consulting Agreement made by and between At Home Stores LLC and PRESTON TAYLOR COLLINS. | 5/9/2025 | $0.00 |
| 428 | Priority1 Media, Inc. | 9005 Saddlehorn Dr, Irving, TX 75063 | At Home Stores LLC | SOW-00180 | Statement of Work made by and between At Home Stores LLC and Priority1 Media, inc. | 4/1/2025 | $0.00 |
| 429 | Prodege, LLC | 2030 E Maple Avenue Suite 200, El Segundo, CA 90245 | At Home Stores LLC | MSA-00286 | Master Service Agreement made by and between At Home Stores LLC and Prodege, LLC. | 4/30/2025 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 430 | Protection One dba as Everon | 800 E. Waterman, Wichita, KS 67202 | At Home Stores LLC | L-00187 | Master Service Agreement Renewal made by and between AT Home Stores LLC and Everon Dated 2021 - Exhibit A | 5/4/2021 | $19,974.68 |
| 431 | Protection One dba as Everon | 800 E. Waterman, Wichita, KS 67202 | At Home Stores LLC | L-00188 | Addendum to Master Service Agreement made by and between At Home and Protection One Dated 8/7/2019 | 8/7/2019 | $0.00 |
| 432 | Protection One dba as Everon | 800 E. Waterman, Wichita, KS 67202 | At Home Stores LLC | L-00189 | Master Security Services Agreement made by and between At Home Stores, LLC and Protection Once Dated 7/29/2014 | 7/29/2014 | $0.00 |
| 433 | Protection One dba as Everon | 800 E. Waterman, Wichita, KS 67202 | At Home Stores LLC | L-00190 | Master Service Agreement Renewal made by and between AT HOME and Everon Dated 5/4/2021 | 5/4/2021 | $0.00 |
| 434 | Quattro Business Support Services, Inc. | 1850 Parkway Place, Suite 1100, Marietta, GA 30067 | At Home Stores LLC | PSA-00296 | Professional Services Agreement made by and between At Home Stores LLC and Quattro Business Support Services, Inc. | 6/18/2025 | $0.00 |
| 435 | Rebecca Koehn | Address Redacted | At Home Stores LLC | CA-00294 | Consulting Agreement made by and between At Home Stores LLC and REBECCA KOEHN. | 5/9/2025 | $0.00 |
| 436 | Reliable Electric And Lighting | 6459 Nash Highway, Saranac, MI 48881 | At Home Stores LLC | FAC-16 | Service Agreement made by and between AT HOME STORES LLC and Reliable Electric And Lighting. | 5/14/2025 | $0.00 |
| 437 | Reliant Energy Retail Srevices LLC | 910 Louisiana Street, Houston, TX 77002 | At Home Stores LLC | UTILITY-28 | Utility Agreement made by and between At Home Stores LLC and Reliant Energy Retail Srevices LLC. | 3/28/2019 | $104,557.28 |
| 438 | Reliastar Insurance Company | 250 Marquette Avenue, Suite 900, Minneapolis, MN 55401 | At Home Stores LLC | HR-7 | Benefits Agreement made by and between At Home Stores LLC and ReliaStar Insurance Company. | 1/1/2025 | $0.00 |
| 439 | Retail and Hospitality Information Sharing and Analysis Center (Rh-Isac) | 8300 Boone Blvd, Suite 500, Vienna, VA 22182 | At Home Stores LLC | PSA-00203 | Professional Services Agreement made by and between At Home Stores LLC and Retail and Hospitality Information Sharing and AnalysCenter (RH-ISAC). | 5/1/2025 | $0.00 |
| 440 | Retail Consulting Partners, LLC | 100 Cambridge Street, 14th Floor, Boston, MA 02114 | At Home Stores LLC | NJ-0087 | Consulting Services Agreement and all Statement of Work made by and between At Home Stores LLC and RETAIL CONSULTING PARTNERS, LLC. | 10/13/2022 | $0.00 |
| 441 | Retail Process Engineering, LLC | 20547 Amberfield Drive, Land O' Lakes, FL 34638 | At Home Stores LLC | L-00139 | Statement of Work (Allocation Technical Upgrade) made by and between At Home Stores LLC and Retail Process Engineering, LLC. | 1/8/2024 | $0.00 |
| 442 | Retail Process Engineering, LLC | 20537 Amberfield Drive, Land O' Lakes, FL 34638 | At Home Stores LLC | NJ-0093 | Master Service Agreement made by and between At Home Stores LLC and RETAIL PROCESS ENGINEERING, LLC. | 12/27/2019 | $0.00 |
| 443 | Retail Process Engineering, LLC | 20537 Amberfield Drive, Land O' Lakes, FL 34638 | At Home Stores LLC | NJ-0095 | Statement of Work (MMS Support) made by and between At Home Stores LLC and RETAIL PROCESS ENGINEERING, LLC. | 6/24/2022 | $0.00 |
| 444 | Retail Process Engineering, LLC | 20537 Amberfield Drive, Land O' Lakes, FL 34638 | At Home Stores LLC | NJ-0096 | Statement of Work (MMS Support & Staff Augmentation) made by and between At Home Stores LLC and RETAIL PROCESS ENGINEERING, LLC. | 8/8/2023 | $0.00 |
| 445 | Retail Process Engineering, LLC | 20537 Amberfield Drive, Land O' Lakes, FL 34638 | At Home Stores LLC | NJ-0097 | Statement of Work (Schedule A) made by and between At Home Stores LLC and RETAIL PROCESS ENGINEERING, LLC. | 7/7/2021 | $0.00 |
| 446 | Retail Process Engineering, LLC | 20537 Amberfield Drive, Land O' Lakes, FL 34638 | At Home Stores LLC | NJ-0098 | Renewal SOW (MMS Support and Staff Augmentation) made by and between At Home Stores LLC and RETAIL PROCESS ENGINEERING, LLC. | 7/18/2024 | $0.00 |
| 447 | Retail Services WIS Corporation | 1921 State Highway 121, Suite 100, Lewisville, TX 75056 | At Home Stores LLC | L-00128 | Master Inventory Services Agreement made by and between At Home Stores LLC and Retail Services WIS Corporation. | 8/1/2023 | $0.00 |
| 448 | Retail Services WIS Corporation | 1921 State Highway 121, Suite 100, Lewisville, TX 75056 | At Home Stores LLC | L-00129 | Statement of Work made by and between At Home Stores LLC and Retail Services WIS Corporation. | 8/1/2023 | $0.00 |
| 449 | Retail Tech Inc | 8600 Shelby Court, Suite 200, Chanhassen, MN 55317 | At Home Stores LLC | NJ-0099 | General Field Services Agreement made by and between At Home Stores LLC and RETAIL TECH INC. | 5/20/2024 | $0.00 |
| 450 | Retail Tech Inc | 8600 Shelby Court, Suite 200, Chanhassen, MN 55317 | At Home Stores LLC | NJ-0100 | Master Service Agreement made by and between At Home Stores LLC and RETAIL TECH INC. | 5/16/2024 | $0.00 |
| 451 | Retail Tech Inc | 8600 Shelby Court, Suite 200, Chanhassen, MN 55317 | At Home Stores LLC | NJ-0101 | Statement of Work (POS XStore Migration Project) made by and between At Home Stores LLC and RETAIL TECH INC. | 5/16/2024 | $0.00 |
| 452 | Rhonda D. Adams | Address Redacted | At Home Stores LLC | MKTG-13 | This Service Agreement is made by and between AT HOME STORES LLC and Rhonda D. Adams. | 6/2/2025 | $0.00 |
| 453 | Richard Robinson | Address Redacted | At Home Stores LLC | MKTG-45 | Service Agreement made by and between AT HOME STORES LLC and Richard Robinson.  Dated 5/14/2025 | 5/14/2025 | $0.00 |
| 454 | Ricky Pearson | Address Redacted | At Home Stores LLC | WA-00128 | Waivers - Financial made by and between At Home Stores LLC and Ricky Pearson. | 2/10/2025 | $0.00 |
| 455 | Rimini Street, Inc. | 7251 West Lake Mead Boulevard, Suite 300, Las Vegas, NV 89128 | At Home Stores LLC | NJ-0091 | Statement of Work #3 made by and between At Home Stores LLC and RIMINI STREET INC. | 2/2/2024 | $0.00 |
| 456 | Rimini Street, Inc. | 7251 West Lake Mead Boulevard, Suite 300, Las Vegas, NV 89128 | At Home Stores LLC | NJ-0092 | Statement of Work #5 made by and between At Home Stores LLC and RIMINI STREET INC. | 6/21/2024 | $0.00 |
| 457 | Rimini Street, Inc. | 7251 West Lake Mead Boulevard, Suite 300, Las Vegas, NV 89128 | At Home Stores LLC | L-00130 | Master Service Agreement made by and between At Home Stores LLC and Rimini Street, Inc. | 11/17/2023 | $103,564.00 |
| 458 | Rimini Street, Inc. | 7251 West Lake Mead Boulevard, Suite 300, Las Vegas, NV 89128 | At Home Stores LLC | L-00131 | Statement of Work #1 made by and between At Home Stores LLC and Rimini Street, Inc. | 11/17/2023 | $0.00 |
| 459 | Rimini Street, Inc. | 7251 West Lake Mead Boulevard, Suite 300, Las Vegas, NV 89128 | At Home Stores LLC | L-00132 | Statement of Work #2 made by and between At Home Stores LLC and Rimini Street, Inc. | 12/28/2023 | $0.00 |
| 460 | Riskified Inc. | 220 5th Avenue, 2nd Floor, New York, NY 10001 | At Home Stores LLC | OF-00250 | Order Form made by and between At Home Stores LLC and Riskified Dated 6/13/2024 | 6/13/2024 | $0.00 |
| 461 | Riskified Inc. | 220 5th Avenue, 2nd Floor, New York, NY 10001 | At Home Stores LLC | L-00196 | SaaS Agreement and Prevention Order Form made by and between At Home Stores LLC and Riskified Inc. | 2/23/2021 | $58,005.27 |
| 462 | Rite-Hite Co. LLC | 195 S Rite-Hite Way, Milwaukee, WI 53204 | At Home Stores LLC | FAC-20 | Service Agreement made by and between At Home Stores LLC and RITE-HITE CO. LLC. | 2/17/2025 | $0.00 |
| 463 | Robert Half Finance & Accounting | PO Box 743295, Los Angeles, CA 90074-3295 | At Home Stores LLC | D-00013 | Service Agreement made by and between At Home Stores LLC and Robert Half Finance & Accounting | | $0.00 |
| 464 | Robert Lindblom | Address Redacted | At Home Stores LLC | FAC-12 | Service Agreement made by and between AT HOME STORES LLC and Robert Lindblom. | 5/1/2025 | $0.00 |
| 465 | Robust Promotions LLC | 164 S Myrtle Avenue, Suite 1, Villa Park, IL 60181 | At Home Stores LLC | MSA-00285 | Master Service Agreement made by and between At Home Stores LLC and ROBUST PROMOTIONS LLC. | 5/16/2025 | $0.00 |
| 466 | Rokt Us Corp. | 175 Varick Street, Floor 10, New York, NY 10014 | At Home Stores LLC | MSA-00231 | Master Service Agreement made by and between At Home Stores LLC and Rokt US Corp. | 5/6/2025 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 467 | Salesforce, Inc. | 415 Mission Street, 3rd Floor, San Francisco, CA 94105 | At Home Stores LLC | MKTG-54 | Order Form made by and between At Home Stores LLC and Salesforce, Inc. (Q-09037331) | 8/15/2024 | $0.00 |
| 468 | Salesforce, Inc. | 415 Mission Street, 3rd Floor, San Francisco, CA 94105 | At Home Stores LLC | MKTG-55 | Order Form made by and between At Home Stores LLC and Salesforce, Inc. (Q-10371770) | 7/22/2025 | $0.00 |
| 469 | Samantha Slone | Address Redacted | At Home Stores LLC | MKTG-7 | This Service Agreement is made by and between AT HOME STORES LLC and Samantha Slone. | 9/28/2023 | $0.00 |
| 470 | Schmidt Direct Marketing & Ecommerce Solutions LLC | 3646 Crooked Tree DR, Mason, OH 45040 | At Home Group Inc. | MKTG-44 | Service Agreement made by and between At Home Group, Inc and Schmidt Direct Marketing & Ecommerce Solutions LLC. Dated 3/7/2025 | 3/7/2025 | $0.00 |
| 471 | Seaminx Artist Managment | 9234 Peninsula Dr, Dallas, TX 75218 | At Home Stores LLC | MKTG-35 | This Service Agreement is made by and between AT HOME STORES LLC and Seaminx Artist Managment. | 2/6/2023 | $0.00 |
| 472 | Select Actuarial Services | 4400 Harding Pike, Suite 401, Nashville, TN 37205 | At Home Stores LLC | SOW-00150 | Statement of Work made by and between At Home Stores LLC and Select Actuarial Services. | 3/7/2025 | $0.00 |
| 473 | Serengeti Hotels, LLC | 3550 W. IH 635, Irving, TX 75063 | At Home Stores LLC | MSA-00102 | Master Service Agreement made by and between At Home Stores LLC and Serengeti Hotels, LLC. | 2/11/2025 | $0.00 |
| 474 | Servicechannel.Com, Inc. | 9 Albertson Ave, Suite #1, Albertson, NY 11507 | At Home Stores LLC | FAC-3 | Service Agreement made by and between At Home Stores LLC and ServiceChannel.com, Inc. | 7/19/2023 | $3,453.84 |
| 475 | Servicenow, Inc. | 2225 Lawson Lane, Santa Clara, CA 95054 | At Home Stores LLC | SLA-00069 | Software License Agreement made by and between At Home Stores LLC and ServiceNow, Inc. | 12/11/2024 | $0.00 |
| 476 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | OF-00107 | Order Form made by and between At Home Stores LLC and SHI International Corp. (#25461845) | 10/24/2024 | $0.00 |
| 477 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | OF-00161 | Order Form made by and between At Home Stores LLC and SHI International Corp. (25764516) | 1/24/2025 | $0.00 |
| 478 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | OF-00163 | Order Form made by and between At Home Stores LLC and SHI International Corp. (#25814783) | 2/28/2025 | $0.00 |
| 479 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | OF-00229 | Order Form (AD Audit Renewal) made by and between At Home Stores LLC and SHI International Corp. - 26094204 | 5/23/2025 | $0.00 |
| 480 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | OF-00184 | Order Form made by and between At Home Stores LLC and SHI International Corp. (#25989303) | 3/24/2025 | $0.00 |
| 481 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | SAAS-00244 | Order Form made by and between At Home Stores LLC and SHI International Corp. (#26130727) | 4/29/2025 | $0.00 |
| 482 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | SOW-00001 | Statement of Work made by and between At Home Stores LLC and SHI International Corp. (#25358) | 9/12/2024 | $0.00 |
| 483 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0019 | Order Form made by and between At Home Stores LLC and SHI INTERNATIONAL CORP - 4500018008 | 7/25/2023 | $0.00 |
| 484 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0020 | Order Form made by and between At Home Stores LLC and SHI INTERNATIONAL CORP. - 4500018038 | 8/9/2023 | $0.00 |
| 485 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | L-00143 | Master Professional Services Agreement made by and between At Home Stores LLC and SHI International Corp. | 7/11/2019 | $13,981.06 |
| 486 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | L-00144 | Amendment 1 to Professional Services Agreement made by and between At Home Stores LLC and SHI International Corp. | 11/15/2021 | $0.00 |
| 487 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0128 | Order Form Agreement made by and between At Home Stores LLC and SHI International Corp. (#S60326720) | 10/31/2024 | $0.00 |
| 488 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0130 | Order Form made by and between At Home Stores LLC and SHI International Corp. (#S59865129) | 7/24/2024 | $0.00 |
| 489 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0132 | Order Form made by and between At Home Stores LLC and SHI International Corp. - 4500018548 | 7/22/2024 | $0.00 |
| 490 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0133 | Order Form made by and between At Home Stores LLC and SHI International Corp. (#S59861432) | 7/24/2024 | $0.00 |
| 491 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0134 | Order Form made by and between At Home Stores LLC and SHI International Corp. - 4500018543 | 7/17/2024 | $0.00 |
| 492 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0135 | Order Form made by and between At Home Stores LLC and SHI International Corp. (#S60759762) | 2/12/2025 | $0.00 |
| 493 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0149 | Order Form made by and between At Home Stores LLC and SHI International Corp. - P000005875 | 3/18/2025 | $0.00 |
| 494 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0152 | Order Form made by and between At Home Stores LLC and SHI International Corp. - P000004384 | 1/31/2025 | $0.00 |
| 495 | Shoppertrak RCT Corporation | 236 5th Avenue, 6th Floor, New York, NY 10001 | At Home Stores LLC | L-00145 | Purchase & Services Agreement made by and between At Home Stores LLC and ShopperTrak RCT Corporation. | 4/16/2021 | $62,295.20 |
| 496 | Shoppertrak RCT Corporation | 236 5th Avenue, 6th Floor, New York, NY 10001 | At Home Stores LLC | NJ-0129 | Addendum 1 to Purchase & Services Agreement made by and between At Home Stores LLC and ShopperTrak RCT Corporation. | 4/1/2024 | $0.00 |
| 497 | Shreenie Vasan | Address Redacted | At Home Stores LLC | Artist_2 | Artist agreement made by and between At Home Stores LLC and Shreenie Vasan. | 6/30/2025 | $0.00 |
| 498 | Sierra Wireless America Inc | 400 Interstate North Parkway SE, Suite 900, Atlanta, GA 30339 | At Home Stores LLC | NJ-0102 | Service Agreement made by and between At Home Stores LLC and SIERRA WIRELESS AMERICA INC. | 4/1/2020 | $59,951.61 |
| 499 | Sirius Computer Solutions, Inc. | PO BOX 202289, Dallas, TX 75320-2289 | At Home Stores LLC | L-00042 | Managed Services Agreement made by and between At Home Stores LLC and Sirius Computer Solutions, Inc. | 3/23/2018 | $13,111.80 |
| 500 | Sirius Computer Solutions, Inc. | PO BOX 202289, Suite 500, Dallas, TX 75320-2289 | At Home Stores LLC | NJ-0056 | Order Form made by and between At Home Stores LLC and Sirius Computer Solutions, Inc. (Q-00284859) | 8/16/2022 | $0.00 |
| 501 | Sirius Computer Solutions, Inc. | PO BOX 202289, Dallas, TX 75320-2289 | At Home Stores LLC | NJ-0148 | Order Form made by and between At Home Stores LLC and Sirius Computer Solutions, Inc. (Q-00297057) | 10/5/2022 | $0.00 |
| 502 | Sirius Computer Solutions, Inc. | PO BOX 202289, Dallas, TX 75320-2289 | At Home Stores LLC | NJ-0151 | Order Form made by and between At Home Stores LLC and Sirius Computer Solutions, Inc. (Q-00292060) | 9/14/2022 | $0.00 |
| 503 | Sirius Computer Solutions, Inc. | PO BOX 202289, Suite 500, Dallas, TX 75320-2289 | At Home Stores LLC | MSA-00133 | Order Form made by and between At Home Stores LLC and Sirius Computer Solutions, LLC (Q-00454172) | 2/28/2025 | $0.00 |
| 504 | Sirius Computer Solutions, Inc. | PO BOX 202289, Suite 500, Dallas, TX 75320-2289 | At Home Stores LLC | OF-00079 | Order Form made by and between At Home Stores LLC and Sirius Computer Solutions, LLC (Q-00453698) | 12/18/2024 | $0.00 |
| 505 | Sloan Churman | Address Redacted | At Home Stores LLC | MSA-00277 | Master Service Agreement made by and between At Home Stores LLC and SLOAN CHURMAN. | 5/26/2025 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 506 | Smartestenergy US LLC | 265 S RT 83, Elmhurst, IL 60126 | At Home Stores LLC | UTILITY-4 | Utility Agreement made by and between At Home Stores LLC and SmartestEnergy US LLC. | 5/1/2024 | $0.00 |
| 507 | Snowflake Computing, Inc. | 100 South Ellsworth Avenue #100, San Mateo, CA 94401 | At Home Stores LLC | L-00146 | Order Form made by and between At Home Stores LLC and Snowflake Computing, Inc. (Q-22415) | 8/17/2018 | $0.00 |
| 508 | Snowflake Computing, Inc. | 100 South Ellsworth Avenue #100, San Mateo, CA 94401 | At Home Stores LLC | L-00147 | Master Software as a Service made by and between At Home Stores LLC and Snowflake Computing, Inc. | 8/22/2018 | $0.00 |
| 509 | Southern Botanical | 3151 Halifax St, Suite 100, Dallas, TX 75247 | At Home Stores LLC | FAC-65 | Service Agreement made by and between AT HOME STORES LLC and Southern Botanical. | 5/1/2025 | $0.00 |
| 510 | Southern Motor Carriers Association, Inc. d/b/a "SMC3" | 653 Lexington Circle, Peachtree, City, GA 30269 | At Home Stores LLC | MSA-00029 | Master Service Agreement made by and between At Home Stores LLC and Southern Motor Carriers Association, Inc. d/b/a "SMC3". | 10/15/2024 | $0.00 |
| 511 | Stach & Liu, LLC d/b/a Bishop Fox | 3409 N. 7th Ave. Unit 2048, Phoenix, AZ 85013 | At Home Stores LLC | SOW-00084 | Statement of Work made by and between At Home Stores LLC and Stach & Liu, LLC d/b/a Bishop Fox. | 1/17/2025 | $0.00 |
| 512 | Standard Insurance Company | 900 SW Fifth Avenue, Portland, OR 97204 | At Home Stores LLC | L-00150 | Master Service Agreement made by and between At Home Stores LLC and Standard Insurance Company. | 10/1/2016 | $0.00 |
| 513 | Staples Promotional Products, a Division of Staples Contract & Commercial LLC | PO Box 88003, Milwaukee, WI 53288 | At Home Stores LLC | OF-00061 | Order Form made by and between At Home Stores LLC and Staples Promotional Products, a division of Staples Contract & Commercial LLC. | 12/3/2024 | $0.00 |
| 514 | Stephanie Jo Greenwood | Address Redacted | At Home Stores LLC | CA-00293 | Consulting Agreement made by and between At Home Stores LLC and STEPHANIE JO GREENWOOD. | 5/9/2025 | $0.00 |
| 515 | Steve Cuthbertson | Address Redacted | At Home Stores LLC | WA-00110 | Waivers - Financial made by and between At Home Stores LLC and STEVE CUTHBERTSON. | 1/21/2025 | $0.00 |
| 516 | Storm Water Innovative | Suite A 146 E Emerson Avenue, Orange, CA 92865 | At Home Stores LLC | FAC-52 | Service Agreement made by and between AT HOME STORES LLC and Storm Water Innovative. | 4/8/2025 | $0.00 |
| 517 | Stott and May Inc. | 9Th Floor 10 W 18Th Street, New York, NY 10011 | At Home Stores LLC | NJ-0105 | Master Service Agreement made by and between At Home Stores LLC and STOTT AND MAY INC. | 2/28/2020 | $0.00 |
| 518 | Stratus Unlimited LLC | 8959 Tyler Blvd., Mentor, OH 44060 | At Home Stores LLC | FAC-17 | Service Agreement made by and between At Home Stores LLC and Stratus. | 5/2/2025 | $1,428.99 |
| 519 | Stylitics, Inc. | PO Box 799, Milford, OH 45150 | At Home Stores LLC | L-00152 | Amendment 1 to Master Subscription Service Agreement made by and between At Home Stores LLC and Stylitics Inc. | 11/30/2023 | $0.00 |
| 520 | Stylitics, Inc. | 197 Ovilla Rd., Waxahachie, TX 75167 | At Home Stores LLC | L-00151 | Master Subscription Service Agreement made by and between At Home Stores LLC and Stylitics, Inc. | 6/21/2023 | $0.00 |
| 521 | Summit Energy Services, Inc. | 10350 Ormsby Park Place, Suite 400, Louisville, KY 40223 | At Home Stores LLC | MSA-00058 | Master Service Agreement made by and between At Home Stores LLC and Summit Energy Services, Inc. | 2/14/2025 | $0.00 |
| 522 | Summit Energy Services, Inc. | 10350 Ormsby Park Place, Suite 400, Louisville, KY 40223 | At Home Stores LLC | SOW-00081 | Statement of Work made by and between At Home Stores LLC and Summit Energy Services, Inc. | 10/1/2024 | $0.00 |
| 523 | Summit Fire National Consulting (SFNC) | 2500 Lexington Avenue S., Mendota Heights, MN 55120 | At Home Stores LLC | NJ-002 | Professional Services Agreement made by and between At Home Stores LLC and Summit Fire National Consulting (SFNC). | 7/27/2023 | $94,806.99 |
| 524 | Superclean Service Co Anc | Po Box 551802, Dallas, TX 75355 | At Home Stores LLC | FAC-54 | Service Agreement made by and between AT HOME STORES LLC and Superclean Service Co Anc. (5/28/2025) | 5/28/2025 | $8,288.05 |
| 525 | Superclean Service Co Anc | Po Box 551802, Dallas, TX 75355 | At Home Stores LLC | FAC-55 | Service Agreement made by and between AT HOME STORES LLC and Superclean Service Co Anc. (4/28/2025) | 4/28/2025 | $0.00 |
| 526 | Sutter Roofing | 8284 Vico Court, Sarasota, FL 34240 | At Home Stores LLC | FAC-7 | Service Agreement made by and between AT HOME STORES LLC and Sutter Roofing. | 5/18/2025 | $0.00 |
| 527 | Swift Transportation Services Inc | 2200 South 75th Avenue, Phoenix, AZ 85043 | At Home Procurement Inc. | L-00153 | Master Transportation Agreement made by and between At Home Procurement Inc. and SWIFT TRANSPORTATION SERVICES INC. (11/1/2023) | 11/1/2023 | $0.00 |
| 528 | Swift Transportation Services Inc | 2200 South 75th Avenue, Phoenix, AZ 85043 | At Home Procurement Inc. | MTA-00194 | Master Transportation Agreement made by and between At Home Stores LLC and SWIFT TRANSPORTATION SERVICES INC. | 4/1/2025 | $0.00 |
| 529 | Synchrony Bank | 170 Election Road, Suite 125, Draper, UT 84020 | At Home Stores LLC | NJ-017 | Master Service Agreement made by and between At Home Stores LLC and Synchrony Bank. | 9/7/2016 | $0.00 |
| 530 | Syndigo LLC | 141 W. Jackson Blvd., Suite 1220, Chicago, IL 60604 | At Home Stores LLC | NJ-0107 | Master Client Agreement and Service Agreement #1 made by and between At Home Stores LLC and SYNDIGO LLC. | 8/15/2023 | $0.00 |
| 531 | Syndigo LLC | 141 W. Jackson Blvd., Suite 1220, Chicago, IL 60604 | At Home Stores LLC | NJ-0108 | Amendment to Service Agreement #1 made by and between At Home Stores LLC and SYNDIGO LLC. | 8/17/2023 | $0.00 |
| 532 | Syndigo LLC | 141 W. Jackson Blvd., Suite 1220, Chicago, IL 60604 | At Home Stores LLC | NJ-0109 | Amendment 2 to Service Agreement #1 made by and between At Home Stores LLC and SYNDIGO LLC. | 1/1/2024 | $0.00 |
| 533 | T Merchandising Private Limited | W - 143, 3rd Floor, Greater Kailash, Part - 2, New Delhi, 110048 India | At Home Procurement Inc. | L-00210 | Sourcing Services Agreement made by and between At Home Procurement Inc. and T Merchandising Private Limited | 3/7/2019 | $0.00 |
| 534 | Talx Corporation | 4076 Paysphere Circle, Chicago, IL 60674 | At Home Stores LLC | L-00231 | Employment Verification Service Agreement made by and between At Home Stores LLC and TALX CORPORATION | 2/1/2013 | $16,488.35 |
| 535 | Tata Consultancy Services Ltd | TCS House, Raveline Street, Mumbai, Maharashtra 400001, India | At Home Stores LLC | L-00154 | Amendment to Master Service Agreement made by and between At Home Stores LLC and Tata Consultancy Services Limited. | 1/14/2022 | $0.00 |
| 536 | Tata Consultancy Services Ltd | TCS House, Raveline Street, Mumbai, Maharashtra 400001, India | At Home Stores LLC | L-00155 | Master Service Agreement made by and between At Home Stores LLC and Tata Consultancy Services Limited. | 1/28/2019 | $0.00 |
| 537 | Tata Consultancy Services Ltd | TCS House, Raveline Street, Mumbai, Maharashtra 400001, India | At Home Stores LLC | L-00156 | Statement of Work made by and between At Home Stores LLC and Tata Consultancy Services Limited. | 10/11/2021 | $0.00 |
| 538 | Tata Consultancy Services Ltd | TCS House, Raveline Street, Mumbai, Maharashtra 400001, India | At Home Stores LLC | SOW-00005 | Amendment 5 to Statement of Work made by and between At Home Stores LLC and Tata Consultancy Services Limited. | 9/1/2024 | $0.00 |
| 539 | Tata Consultancy Services Ltd | TCS House, Raveline Street, Mumbai, Maharashtra 400001, India | At Home Stores LLC | SAAS-00241 | Software Addendum to SOW made by and between At Home Stores LLC and Tata Consultancy Services Limited. | 9/1/2024 | $0.00 |
| 540 | Tata Consultancy Services Ltd | Tcs House, Raveline Street, Mumbai, Maharashtra 400001, India | At Home Stores LLC | NJ-0037 | Amendment 3 to Statement of Work made by and between At Home Stores LLC and TATA CONSULTANCY SERVICES LTD. | 4/19/2023 | $0.00 |
| 541 | Tata Consultancy Services Ltd | Tcs House, Raveline Street, Mumbai, Maharashtra 400001, India | At Home Stores LLC | NJ-0110 | Amendment 1 to Statement of Work made by and between At Home Stores LLC and TATA CONSULTANCY SERVICES LTD. | 10/21/2022 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 542 | Tek Leaders | 4975 Preston Park Blvd, Suite 500, Plano, TX 75093 | At Home Stores LLC | NJ-0112 | Service Agreement made by and between At Home Stores LLC and Tek Leaders. | 6/21/2018 | $0.00 |
| 543 | Test Rite International Co., Ltd | 6F., No. 23, Hsin Hu 3rd Rd, Neihu District 114, Taipei City, Taiwan | At Home Procurement Inc. | L-00211 | Master Service Agreement made by and between At Home Procurement Inc. and Test Rite International Co., Ltd | 5/1/2023 | $0.00 |
| 544 | Test Rite International Co., Ltd | 6F., No. 23, Hsin Hu 3rd Rd, Neihu District 114, Taipei City, Taiwan | At Home Procurement Inc. | L-00212 | Statement of Work made by and between At Home Procurement Inc. and Test Rite International Co., Ltd. | 5/1/2023 | $202,382.14 |
| 545 | TH Styling Inc. | Address Redacted | At Home Stores LLC | MKTG-46 | Service Agreement made by and between At HOME STORES LLC and TH Styling Inc.  Dated 2/9/2023 | 3/7/2025 | $0.00 |
| 546 | The Hackett Group, Inc. | 1001 Brickell Bay DR, Suite 3000, Miami, FL 33131 | At Home Stores LLC | L-00073 | General Terms Agreement made by and between At Home Stores LLC and The Hackett Group, Inc. | 2/24/2020 | $0.00 |
| 547 | The Hackett Group, Inc. | 1001 Brickell Bay DR, Suite 3000, Miami, FL 33131 | At Home Stores LLC | L-00074 | Statement of Work (Payroll Frequency) made by and between At Home Stores LLC and The Hackett Group, Inc. | 8/21/2023 | $0.00 |
| 548 | The Hackett Group, Inc. | 1001 Brickell Bay DR, Suite 3000, Miami, FL 33131 | At Home Stores LLC | SOW-00233 | Statement of Work (Payroll Support Services) made by and between At Home Stores LLC and THE HACKETT GROUP, INC. | 6/2/2025 | $0.00 |
| 549 | The Occupancy Audit Group, Inc | 27442 Portola Parkway, Suite 170, Foothill Ranch, CA 92610 | At Home Stores LLC | NJ-154 | Service Agreement made by and between At Home Stores LLC and The Occupancy Audit Group, Inc. | 6/10/2019 | $162,998.29 |
| 550 | The Savannah College Of Art And Design, Inc. | 115 E. York St., Savannah, GA 31402 | At Home Procurement Inc. | L-00140 | Master Service Agreement made by and between At Home Procurement Inc. and The Savannah College of Art and Design, Inc. | 10/18/2023 | $0.00 |
| 551 | Thomas Tate | Address Redacted | At Home Stores LLC | MKTG-18 | This Service Agreement is made by and between AT HOME STORES LLC and Thomas Tate. | 8/27/2024 | $0.00 |
| 552 | Thomson Reuters (Tax & Accounting) | P.O. Box 71687, Chicago, IL 60694-1687 | At Home Stores LLC | D-00007 | Service Agreement made by and between At Home Stores LLC and THOMSON REUTERS (TAX & ACCOUNTING) | | $14,784.30 |
| 553 | Ti Gotham Inc. | 1716 Locust Street, Des Moines, IA 50309 | At Home Procurement Inc. | L-00161 | License Agreement made by and between At Home Procurement Inc. and TI Gotham Inc. | 6/18/2024 | $0.00 |
| 554 | Timco Logistics Systems LLC | 197 Ovilla Road, Waxahachie, TX 78167 | At Home Procurement Inc. | L-00162 | Master Transportation Agreement made by and between At Home Procurement Inc. and Timco Logistics Systems LLC. (11/1/2023) | 11/1/2023 | $0.00 |
| 555 | Timco Logistics Systems LLC | 197 Ovilla Road, Waxahachie, TX 78167 | At Home Procurement Inc. | MSA-00230 | Amendment 1 to Master Transportation Agreement made by and between At Home Procurement Inc. and Timco Logistics Systems LLC. | 4/1/2025 | $0.00 |
| 556 | Timco Logistics Systems LLC | 197 Ovilla Road, Waxahachie, TX 78167 | At Home Procurement Inc. | MSA-00264 | Amendment 2 to Master Transportation Agreement made by and between At Home Procurement Inc. and Timco Logistics Systems LLC. | 6/2/2025 | $0.00 |
| 557 | Timco Logistics Systems LLC | 197 Ovilla Road, Waxahachie, TX 78167 | At Home Procurement Inc. | MTA-00190 | Master Transportation Agreement made by and between At Home Procurement Inc. and Timco Logistics Systems LLC (5/1/2025) | 4/1/2025 | $0.00 |
| 558 | Toshiba Global Commerce Solutions | 3901 S Miami Blvd, Durham, NC 27703 | At Home Stores LLC | NJ-0114 | Order Form made by and between At Home Stores LLC and TOSHIBA GLOBAL COMMERCE SOLUTIONS (US0010054MA) | 1/1/2023 | $0.00 |
| 559 | Toshiba Global Commerce Solutions | 3901 S MIAMI BLVD, Durham, NC 27703 | At Home Stores LLC | NJ-0115 | Customer Agreement made by and between At Home Stores LLC and TOSHIBA GLOBAL COMMERCE SOLUTIONS. | 3/1/2012 | $0.00 |
| 560 | Toshiba Global Commerce Solutions | 3901 S Miami Blvd, Durham, NC 27703 | At Home Stores LLC | NJ-0153 | Scope of Service Amendment Agreement made by and between At Home Stores LLC and TOSHIBA GLOBAL COMMERCE SOLUTIONS. | 6/1/2025 | $0.00 |
| 561 | Total Quality Logistics LLC | 4289 Ivy Pointe Blvd, Cincinnati, OH 45245 | At Home Procurement Inc. | L-00164 | General Terms and Conditions Agreement made by and between At Home Procurement Inc. and TOTAL QUALITY LOGISTICS LLC. | 7/1/2023 | $0.00 |
| 562 | Tracey London Limited | 59 Redburn Street, London, SW3 4DA, United Kingdom | At Home Stores LLC | L-00165 | License and Endorsement Agreement made by and between At Home Stores LLC and Tracey London Limited. | 12/16/2019 | $0.00 |
| 563 | Tracey London Limited | 59 Redburn Street, London, SW3 4DA, United Kingdom | At Home Stores LLC | NJ-156 | License and Endorsement Agreement (Amendment #1) made by and between At Home Stores LLC, At Home Procurement Inc., and Tracey London Limited | 12/16/2019 | $0.00 |
| 564 | Trade Area Systems, Inc. dba Kalibrate | 7301 State Highway 161, Suite 315, Irving, TX 75039 | At Home Stores LLC | L-00194 | Custom Software, Services, and Data Agreement made by and between At Home Stores and Trade Area Systems, Inc. DBA Kalibrate Dated 10/8/2024 | 10/8/2024 | $0.00 |
| 565 | Trade Area Systems, Inc. dba Kalibrate | 7301 State Highway 161, Suite 315, Irving, TX 75039 | At Home Stores LLC | L-00195 | Extension & Modification of Authorized User Agreement made by and between At Home Stores, LLC and Trade Area Systems, Inc. DBA Kalibrate Dated 10/8/2022 | 10/8/2022 | $0.00 |
| 566 | Truesource | 300B 2929 Express Dr Ste, Islandia, NY 11749 | At Home Stores LLC | FAC-56 | Service Agreement made by and between AT HOME STORES LLC and TrueSource. | 12/20/2022 | $0.00 |
| 567 | Uber Freight US LLC | 3010 Gaylord Parkway, STE 200, Frisco, TX 75034 | At Home Stores LLC | SOW-00035 | Statement of Work made by and between At Home Stores LLC and Uber Freight US LLC. | 11/8/2024 | $0.00 |
| 568 | UKG Kronos Systems LLC | PO Box 743208, Atlanta, GA 30374 | At Home Stores LLC | L-00171 | Dimensions Agreement and Order Form made by and between At Home Stores LLC and UKG Kronos Systems LLC. | 3/31/2021 | $0.00 |
| 569 | Unifyhr, LLC | 105 Decker Court, Suite 310, Irving, TX 75062 | At Home Stores LLC | HR-3 | Benefits Agreement made by and between At Home Stores LLC and UnifyHR, LLC. | 6/1/2024 | $0.00 |
| 570 | Unite Private Networks | 1511 Baltimore Ave., Floor 2, Kansas City, MO 64108 | At Home Stores LLC | NJ-0119 | Order Form (Dark Fiber Service #28492) made by and between At Home Stores LLC and Unite Private Networks. | 3/25/2022 | $5,111.87 |
| 571 | Unite Private Networks | 1511 Baltimore Ave., Floor 2, Kansas City, MO 64108 | At Home Stores LLC | NJ-0120 | Order Form (Lit Service #35688) made by and between At Home Stores LLC and Unite Private Networks. | 7/11/2022 | $0.00 |
| 572 | Verifone, Inc. | 88 West Plumeria Drive, San Jose, CA 95134 | At Home Stores LLC | L-00172 | Merchant Agreement made by and between At Home Stores LLC and Verifone, Inc. | 3/11/2024 | $0.00 |
| 573 | Verifone, Inc. | 88 West Plumeria Drive, San Jose, CA 95134 | At Home Stores LLC | L-00173 | Service Agreement made by and between At Home Stores LLC and VeriFone, Inc. | 6/13/2019 | $0.00 |
| 574 | Verizon Wireless | One Verizon Way, Basking Ridge, NJ 07920 | At Home Stores LLC | SC-00076 | Service Agreement (and amendments) made by and between At Home Stores LLC and Cellco Partnership d/b/a Verizon Wireless. | 1/30/2025 | $30,713.10 |
| 575 | Vortex Industries, LLC | FILE 1525, 1801 W OLYMPIC BLVD, Pasadena, CA 91199 | At Home Stores LLC | FAC-66 | Service Agreement made by and between At Home Stores LLC and Vortex Industries, LLC. | 2/11/2025 | $0.00 |
| 576 | W.W. Grainger, Inc. | 100 Grainger Pkwy, Lake Forest, IL 60045 | At Home Stores LLC | L-00184 | Letter of Understanding (Corporate Account Agreement) made by and between At Home Stores LLC and W.W. Grainger, Inc. Dated 2/28/2020 | 2/28/2020 | $102,295.06 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 577 | W.W. Grainger, Inc. | 100 Grainger Pkwy, Lake Forest, IL 60045 | At Home Stores LLC | L-00185 | First Amendment to Letter of Understanding made by and between At Home Stores LLC and W.W. Grainger, Inc. Dated 2/1/2023 | 2/1/2023 | $0.00 |
| 578 | W.W. Grainger, Inc. | 100 Grainger Pkwy, Lake Forest, IL 60045 | At Home Stores LLC | L-00186 | Second Amendment to Letter of Understanding made by and between At Home Stores LLC and W.W. Grainger, Inc. Dated 7/31/2023 | 7/31/2023 | $0.00 |
| 579 | Wachter Technology Solutions Inc. | 16001 West 99th Street, Lenexa, KS 66219 | At Home Stores LLC | MSA-00214 | Master Service Agreement made by and between At Home Stores LLC and WACHTER TECHNOLOGY SOLUTIONS INC. | 3/4/2025 | $0.00 |
| 580 | Walmart Inc. | 702 SW 8th Street, Bentonville, AR 72716 | At Home Stores LLC | NJ-003 | Professional Services Agreement made by and between At Home Stores LLC and Walmart Inc. | 4/24/2024 | $0.00 |
| 581 | Warehouse Solutions Inc | 999 Big Beaver Road, Troy, MI 48084 | At Home Stores LLC | L-00080 | Master Service Agreement made by and between At Home Stores LLC and Warehouse Solutions Inc. d/b/a Intelligent Audit. | 3/15/2023 | $13,921.42 |
| 582 | Warehouse Solutions Inc | 999 Big Beaver Road, Troy, MI 48084 | At Home Stores LLC | L-00081 | Statement of Work made by and between At Home Stores LLC and Warehouse Solutions Inc. d/b/a Intelligent Audit. | 3/16/2023 | $0.00 |
| 583 | Waste Management National Services, Inc. | 222 S Mill Ave., Suite 333, Tempe, AZ 85281 | At Home Stores LLC | L-00220 | Amendment 2 to Master Service Agreement made by and between At Home Stores LLC and Waste Management National Services Inc. (WMNS) | | $16,394.32 |
| 584 | Waste Management National Services, Inc. | 222 S Mill Ave., Suite 333, Tempe, AZ 85281 | At Home Stores LLC | MSA-00208 | Amendment 3 to Master Service Agreement made by and between At Home Stores LLC and Waste Management National Services, Inc. | 4/8/2025 | $0.00 |
| 585 | Waste Management National Services, Inc. | 222 S Mill Ave., Suite 333, Tempe, AZ 85281 | At Home Stores LLC | MSA-00054 | Master Service Agreement (and First Amendment) made by and between At Home Stores LLC and Waste Management National Services, Inc. | 2/1/2018 | $0.00 |
| 586 | Watterson | 5580 Monroe Street, Sylvania, OH 43560 | At Home Stores LLC | FAC-9 | Service Agreement made by and between At Home Stores LLC and Watterson. | 5/1/2025 | $0.00 |
| 587 | Webilent Technology Inc | Suite 200 1452 Hughes Rd, Grapevine, TX 76051 | At Home Stores LLC | SOW-00038 | Work Order 1 made by and between At Home Stores LLC and Webilent Technology Inc. | 11/7/2024 | $4,233.60 |
| 588 | Webilent Technology Inc | 1452 Hughes Rd, Suite 200, Grapevine, TX 76051 | At Home Stores LLC | STFA-00037 | Master Staffing Agreement made by and between At Home Stores LLC and Webilent Technology Inc. | 11/7/2024 | $0.00 |
| 589 | WGL Energy Services, Inc. | 8614 Westwood Center Drive Suite 1200, Vienna, VA 22182 | At Home Stores LLC | UTILITY-8 | Utility Agreement (Account #210001125918) made by and between At Home Stores LLC and WGL ENERGY SERVICES, INC. | 10/7/2021 | $0.00 |
| 590 | WGL Energy Services, Inc. | 8614 Westwood Center Drive Suite 1200, Vienna, VA 22182 | At Home Stores LLC | UTILITY-13 | Utility Agreement (Account #4771285070) made by and between At Home Stores LLC and WGL ENERGY SERVICES, INC. | 10/7/2021 | $0.00 |
| 591 | William Benton | Address Redacted | At Home Stores LLC | WA-00025 | Release and Liability Waiver Agreement made by and between At Home Stores LLC and WILLIAM BENTON. | 10/31/2024 | $0.00 |
| 592 | William Benton | Address Redacted | At Home Stores LLC | MKTG-32 | Service Agreement made by and between AT HOME STORES LLC and William Benton. | 3/22/2024 | $0.00 |
| 593 | Willis Towers Watson Insurance Services West, Inc | 800 North Glebe, Arlington, VA 22203 | At Home Stores LLC | SC-00125 | Addendum to Agreement by and between At Home Stores LLC and Willis Towers Watson Insurance Services West, Inc. | 2/5/2025 | $0.00 |
| 594 | Willis Towers Watson Insurance Services West, Inc | 800 North Glebe, Arlington, VA 22203 | At Home Stores LLC | SC-00040 | Business Associate Agreement made by and between At Home Stores LLC and Willis Towers Watson Insurance Services West, Inc. | 9/1/2024 | $0.00 |
| 595 | Willow Crossley Ltd | The Old Farm House, Chatterpie Lane West End, Combe, Witney, Oxfordshire OX29 8NP, United Kingdom | At Home Procurement Inc. | L-00175 | License and Endorsement Agreement made by and between At Home Procurement Inc. and Willow Crossley Ltd. | 11/15/2021 | $0.00 |
| 596 | Wilson Safe Company | 3031 Island Avenue, Philadelphia, PA 19153 | At Home Stores LLC | FAC-10 | Service Agreement made by and between At Home Stores LLC and Wilson Safe Company. | 4/30/2025 | $650.40 |
| 597 | Workfront, LLC | 345 Park Ave, San Jose, CA 95110 | At Home Stores LLC | L-00221 | Service Agreement made by and between At Home Stores LLC and WORKFRONT, LLC | | $12,474.15 |
| 598 | Workjam Inc. | 601-740 Notre-Dame St. West, Montreal, Quebec H3C 3X6, Canada | At Home Stores LLC | OF-00077 | Order Form made by and between At Home Stores LLC and Workjam Inc (2024-01) | 12/31/2024 | $0.00 |
| 599 | Workjam Inc. | 601-740 Notre-Dame St. West, Montreal, Quebec H3C 3X6, Canada | At Home Stores LLC | L-00176 | Master Software Subscription Agreement (and amendments) made by and between At Home Stores LLC and Workjam Inc. | 12/17/2019 | $0.00 |
| 600 | Workjam Inc. | 601-740 Notre-Dame St. West, Montreal, Quebec H3C 3X6, Canada | At Home Stores LLC | L-00177 | Order Form made by and between At Home Stores LLC and Workjam Inc. (2023-01) | 1/1/2023 | $0.00 |
| 601 | Wunderkind Corporation | One World Trade Center, Floor 74, New York, NY 513590 | At Home Stores LLC | MKTG-47 | Master Platform Agreement made by and between At Home Stores LLC and Wunderkind Corporation. Dated 3/30/2022 | 3/30/2022 | $0.00 |
| 602 | Wyncore, Inc. | 4080 McGinnis Ferry Rd, Suite 102, Alpharetta, GA 30005 | At Home Stores LLC | SOW-00158 | Statement of Work made by and between At Home Stores LLC and Wyncore, Inc. | 2/1/2025 | $0.00 |
| 603 | Yext, Inc. | PO Box 9509, New York, NY 10087-9509 | At Home Stores LLC | MSA-00283 | Master Service Agreement made by and between At Home Stores LLC and Yext, Inc. | 7/9/2025 | $0.00 |
| 604 | Zendesk, Inc. | 989 Market Street, San Francisco, CA 94103 | At Home Stores LLC | L-00179 | Master Service Agreement made by and between At Home Stores LLC and Zendesk, Inc. | 8/31/2022 | $0.00 |
| 605 | Employee Management Agreements | | N/A | N/A | Employee Management Agreements by and between various At Home Debtor entities | N/A | [TBD] |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Cure Amount |
|---|---|---|---|---|---|---|
| | | | | **Real Property Contracts - Assume** | | |
| 1 | Turtle Creek Limited Partnership | 1000 Turtle Creek Dr, Hattiesburg, MS 39402 | At Home Stores LLC | Lease_81 | Lease Agreement for the property located at 1000 Turtle Creek Dr, Hattiesburg, MS, 39402, Dated 04/26/2013 | $5,403.67 |
| 2 | 1401 Memorial Pkwy Huntsville, LLC | 625 Roger Williams Avenue , Highland Park, IL 60035 | At Home Stores LLC | Lease_117 | Lease Agreement for the property located at 1401 N Memorial Pkwy, Huntsville, AL, 35801, Dated 04/20/2015 | $112,403.62 |
| 3 | AEI Fund Management, Inc. | 30 E 7th St, St Paul, MN 55101 | At Home Stores LLC | Lease_13 | Lease Agreement for the property located at 11415 Carolina Pl Pkwy, Pineville, NC, 28134, Dated 03/01/1996 | $72,172.62 |
| 4 | Agree Provo UT, LLC | 32301 Woodward Avenue, Royal Oak, MI 48073 | At Home Stores LLC | Lease_128 | Lease Agreement for the property located at 1165 S University Ave, Provo, UT, 84601, Dated 05/28/2015 | $51,508.32 |
| 5 | Alpine Income Property OP, LP | 210 Route 4 E, Paramus, NJ 07652 | At Home Stores LLC | Lease_233 | Lease Agreement for the property located at 5700 Route 42 North, Turnersville, NJ, 08012, Dated 07/01/2019 | $76,836.47 |
| 6 | AR-GL & Erie LLC | 11155 Red Run Blvd, Owings Mills, MD 21117 | At Home Stores LLC | Lease_231 | Lease Agreement for the property located at 7980 Plaza Blvd, Mentor, OH, 44060, Dated 09/16/2019 | $55,320.11 |
| 7 | A-S 93 SH 130-SH 45, L.P. | 8827 W. Sam Houston Parkway N., Suite 200, Houston, TX 77040 | At Home Stores LLC | Lease_93 | Lease Agreement for the property located at SW Corner SH 130 & SH 45, Pflugerville, TX, 78660, Dated 04/04/2014 | $36,399.19 |
| 8 | At Home Route 59, LLC | One Parkview Plaza, 9th Fl, Oakbrook Terrace, IL 60181 | At Home Stores LLC | Lease_63 | Lease Agreement for the property located at 956 Illinois Rte 59, Aurora, IL, 60504, Dated 12/01/2019 | $58,135.00 |
| 9 | Balexe LLC | 17 Over Rock Lane, Westport, CT 06880 | At Home Stores LLC | Lease_74 | Lease Agreement for the property located at 16778 Interstate 45 S, Conroe, TX, 77384, Dated 11/01/2000 | $0.00 |
| 10 | Belz Investco L.P. | 100 Peabody Place, Ste 1400, Memphis, TN 38103 | At Home Stores LLC | Lease_10 | Lease Agreement for the property located at 5280 Summer Ave, Memphis, TN, 38122, Dated 08/01/1995 | $0.00 |
| 11 | BJ's Wholesale Club Inc. | 350 Campus Dr, Marlborough, MA 01752 | At Home Stores LLC | Lease_275 | Lease Agreement for the property located at 900 Metropolitan Ave, Charlotte, NC, 28204, Dated 10/26/2020 | $0.00 |
| 12 | Boulevard at Box Hill 5 LLC | 2700 Philadelphia Rd, Edgewood, MD 21040 | At Home Stores LLC | Lease_320 | Lease Agreement for the property located at 3411 Merchant Boulevard, Abingdon, MD, 21009, Dated 04/16/2021 | $74,648.14 |
| 13 | Boulevard Centre LLC | 5577 Youngstown-Warren Road, Niles, OH 44446 | At Home Stores LLC | Lease_195 | Lease Agreement for the property located at 5555 Youngstown Warren Rd, Warren, OH, 44484, Dated 03/01/2018 | $0.00 |
| 14 | Brevard Road Plaza, LLC | P.O. Box 6676, Asheville, NC 28816 | At Home Stores LLC | Lease_319 | Lease Agreement for the property located at 980 Brevard Rd, Asheville, NC, 28806, Dated 02/16/2022 | $69,487.33 |
| 15 | Brixmor Elmhurst Crossing LLC | 200 Ridge Pike, Ste 100, Conshohocken, PA 19428 | At Home Stores LLC | Lease_213 | Lease Agreement for the property located at 265 IL-83, Elmhurst, IL, 60126, Dated 05/16/2018 | $67,416.72 |
| 16 | Brixmor Laurel Square Owner, LLC | 200 Ridge Pike, Ste 100, Conshohocken, PA 19428 | At Home Stores LLC | Lease_209 | Lease Agreement for the property located at 1930 NJ-88, Brick Township, NJ, 08724, Dated 05/15/2018 | $65,038.49 |
| 17 | Brixmor Watson Glen LLC | 200 Ridge Pike, Ste 100, Conshohocken, PA 19428 | At Home Stores LLC | Lease_107 | Lease Agreement for the property located at 209 S Royal Oaks Blvd, Franklin, TN, 37064, Dated 09/02/2014 | $44,466.08 |
| 18 | BROADSTONE HOME TEXAS, LLC | 800 Clinton Square, Rochester, NY 14604 | At Home Stores LLC | Lease_73 | Lease Agreement for the property located at 4700 Green Rd, Raleigh, NC, 27604, Dated 06/19/2012 | $0.00 |
| 19 | Clermont Regional Investors, LLC | 496 S. Hunt Club Blvd, Apopka, FL 32703 | At Home Stores LLC | Lease_185 | Lease Agreement for the property located at 1002 FL-50, Clermont, FL, 34711, Dated 03/17/2018 | $53,885.67 |
| 20 | Cobblestone Square Co. II, Ltd. | 27500 Detroit Road, Ste 300, Westlake, OH 44145 | At Home Stores LLC | Lease_116 | Lease Agreement for the property located at 5223 Cobblestone Rd, Elyria, OH, 44035, Dated 01/05/2015 | $67,220.18 |
| 21 | CRICKM Lafayette Trust | 800 3rd Ave, 5th Floor, New York, NY 10022 | At Home Stores LLC | Lease_194 | Lease Agreement for the property located at 3530 IN-38, Lafayette, IN, 47905, Dated 12/21/2017 | $0.00 |
| 22 | Crown Ventures I LLC | 700 Montgomery Hwy, Birmingham, AL 35216 | At Home Stores LLC | Lease_243 | Lease Agreement for the property located at 3019 Peoples St, Johnson City, TN, 37604, Dated 04/30/2019 | $53,725.35 |
| 23 | CS West Manchester LLC, Manchester Springfield LLC, and Manchester Frankford LLC (collectively) | P.O. Box 8296, Hicksville, NY 11802 | At Home Stores LLC | Lease_148 | Lease Agreement for the property located at 1800 Loucks Rd, York, PA, 17408, Dated 01/18/2016 | $78,250.00 |
| 24 | CVJCR Ltd. LLLP | P.O. BOX 1720, Winter Park, FL 32790 | At Home Stores LLC | Lease_68 | Lease Agreement for the property located at 11100 E Colonial Dr, Orlando, FL, 32817, Dated 07/18/2011 | $0.00 |
| 25 | DANIEL G KAMIN FARMERS BRANCH LLC | 490 S. Highland Ave, Pittsburgh, PA 15206 | At Home Stores LLC | Lease_147 | Lease Agreement for the property located at 13307 Midway Rd, Dallas, TX, 75244, Dated 01/29/2016 | $91,761.33 |
| 26 | Dedham R2G Owner LLC | 500 N Broadway, Suite 201, Jericho, NY 11753 | At Home Stores LLC | Lease_190 | Lease Agreement for the property located at 300 Providence Hwy, Dedham, MA, 02026, Dated 09/05/2018 | $0.00 |
| 27 | Del/White Joint Venture | 3201 Dauphin St, Mobile, AL 36606 | At Home Stores LLC | Lease_145 | Lease Agreement for the property located at 312 Schillinger Road South, Mobile, AL, 36608, Dated 10/17/2016 | $0.00 |
| 28 | Durham (Parkway) UY, LLC | 8816 Six Forks Road, Ste 201, Raleigh, NC 27615 | At Home Stores LLC | Lease_91 | Lease Agreement for the property located at 4215 University Dr, Durham, NC, 27707, Dated 02/10/2014 | $67,417.20 |
| 29 | EPC-CW14, LLC | 1722 Routh St, Dallas, TX 75201 | At Home Stores LLC | Lease_751 | Lease Agreement for the property located at 3030 Saintsbury Street, Dallas, TX, 75019, Dated 04/10/2023 | $0.00 |
| 30 | Exeter 6 Logistics, LP | 100 Matsonford Rd, Radnor, PA 19087 | At Home Stores LLC | Lease_920 | Lease Agreement for the property located at Six Logistics Drive, Carlisle, PA, 17013, Dated 11/01/2018 | $0.00 |
| 31 | Fayette Pavilion LLC | 945 Heights Blvd, Houston, TX 77008 | At Home Stores LLC | Lease_367 | Lease Agreement for the property located at 305 Pavilion Pkwy, Fayetteville, GA, 30214, Dated 06/10/2022 | $18,887.25 |
| 32 | FUQUA BCDC Kenneth City Project Owners, LLC | 3575 Piedmont Rd NE , Suite 800, Atlanta, GA 30305 | At Home Stores LLC | Lease_278 | Lease Agreement for the property located at 4501 66th St N, St. Petersburg, FL, 33709, Dated 06/01/2022 | $0.00 |
| 33 | GCTC Property LP | 360 S Rosemary Ave, West Palm Beach, FL 33401 | At Home Stores LLC | Lease_314 | Lease Agreement for the property located at 10083 Gulf Center Dr, Fort Myers, FL, 33913, Dated 09/13/2021 | $82,011.50 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Cure Amount |
|---|---|---|---|---|---|---|
| 34 | GIV Green Tree Outparcels, LLC | 150 Great Neck Rd , 3rd Floor, Great Neck, NY 11021 | At Home Stores LLC | Lease_293 | Lease Agreement for the property located at 1500 Greentree Blvd, Clarksville, IN, 47129, Dated 07/12/2020 | $0.00 |
| 35 | Jabbel Holdings, LLC | 12879 Harbor Blvd, Ste N-1, Garden Grove, CA 92840 | At Home Stores LLC | Lease_206 | Lease Agreement for the property located at 1050 W Elliot Rd, Tempe, AZ, 85284, Dated 09/25/2019 | $87,199.90 |
| 36 | Jensen Investments, LLC | 6597 Nicholas Blvd, Unit 1006, Naples, FL 34108 | At Home Stores LLC | Lease_211 | Lease Agreement for the property located at 11501 Parkside Dr, Farragut, TN, 37934, Dated 04/01/2018 | $0.00 |
| 37 | JKS-Tyler 1044, LLC | 4727 Wilshire Blvd, Ste 610, Los Angeles, CA 90010 | At Home Stores LLC | Lease_71 | Lease Agreement for the property located at 3900 Troup Hwy, Tyler, TX, 75703, Dated 02/01/2012 | $33,316.66 |
| 38 | KB Riverdale LLC | 2743 Perimeter Parkway, Building 100, Ste 270, Augusta, GA 30909 | At Home Stores LLC | Lease_139 | Lease Agreement for the property located at 1072 W Mercury Blvd, Hampton, VA, 23666, Dated 11/04/2016 | $41,883.19 |
| 39 | Kennewick Landing, LLC | PO Box 2720, Silverdale, WA 98383 | At Home Stores LLC | Lease_277 | Lease Agreement for the property located at 867 N Columbia Center Blvd, Kennewick, WA, 99336, Dated 06/10/2019 | $0.00 |
| 40 | Kite Realty Group, L.P. | 2021 Spring Road, Ste 200 , Oak Brook, IL 60523 | At Home Stores LLC | Lease_97 | Lease Agreement for the property located at 4801 183A Toll Road, Cedar Park, TX, 78613, Dated 05/08/2014 | $31,250.75 |
| 41 | Laurie Industries Inc | 185 N.W. Spanish River Boulevard, Ste 100, Boca Raton, FL 33431 | At Home Stores LLC | Lease_124 | Lease Agreement for the property located at 3201 N Mayfair Rd, Wauwatosa, WI, 53222, Dated 07/01/2015 | $0.00 |
| 42 | Marion Delaware LLC | 4811 S. 76th Street, Ste 211, Greenfield, WI 53220 | At Home Stores LLC | Lease_143 | Lease Agreement for the property located at 4595 S 27th St, Greenfield, WI, 53221, Dated 04/28/2016 | $0.00 |
| 43 | McIntyre Square Associates | 401 Liberty Ave Ste 200, Pittsburgh, PA 15222 | At Home Stores LLC | Lease_121 | Lease Agreement for the property located at 3000 McIntyre Square Dr, Pittsburgh, PA, 15237, Dated 08/15/2016 | $65,915.78 |
| 44 | MCM Properties LTD | 4101 E. 42nd Street, Mall Office, Odessa, TX 79762 | At Home Stores LLC | Lease_142 | Lease Agreement for the property located at 4101 E 42nd St, Odessa, TX, 79762, Dated 06/06/2017 | $0.00 |
| 45 | Merrillville Broadway Center Associates, LLC | 4500 Bissonnet, Ste 200, Bellaire, TX 77401 | At Home Stores LLC | Lease_162 | Lease Agreement for the property located at 101 W Lincoln Hwy, Merrillville, IN, 46410, Dated 02/09/2017 | $0.00 |
| 46 | Mervis - CCP Leesburg, LLC | 7825 Tuckerman Ln, Potomac, MD 20854 | At Home Stores LLC | Lease_250 | Lease Agreement for the property located at 19460 Compass Creek Pkwy, Leesburg, VA, 20175, Dated 10/11/2019 | $0.00 |
| 47 | Northtown Property Owner LLC | 33 Boylston St, Suite 3000, Chestnut Hill, MA 02467 | At Home Stores LLC | Lease_321 | Lease Agreement for the property located at 3151 Sheridan Drive, Amherst, NY, 14226, Dated 01/18/2022 | $83,610.41 |
| 48 | PA - Eastway, Inc | 5577 Youngstown-Warren Road , Niles, OH 44446 | At Home Stores LLC | Lease_108 | Lease Agreement for the property located at 2088 Interchange Rd., #500, Erie, PA, 16565, Dated 01/15/2015 | $0.00 |
| 49 | Pacific Carmel Mountain Holdings, L.P. | 11455 El Camino Real, Ste 200, San Diego, CA 92130 | At Home Stores LLC | Lease_228 | Lease Agreement for the property located at 12080 Carmel Mountain Rd, San Diego, CA, 92128, Dated 02/15/2019 | $0.00 |
| 50 | Payton Property Management LLC | 10950 W 192nd Pl, Spring Hill, KS 66083 | At Home Stores LLC | Lease_232 | Lease Agreement for the property located at 4905 Thompson Pkwy, Johnstown, CO, 80534, Dated 01/04/2021 | $110,969.12 |
| 51 | PEBB PBG, LLC | 7900 Glades Rd, Boca Raton, FL 33434 | At Home Stores LLC | Lease_247 | Lease Agreement for the property located at 100 Gander Way, Palm Beach Gardens, FL, 33403, Dated 11/29/2018 | $88,992.00 |
| 52 | Phoenix AH Associates, LLC | 4500 Bissonnet Street, Ste 200 , Bellaire, TX 77401 | At Home Stores LLC | Lease_95 | Lease Agreement for the property located at 12025 N 32nd St, Phoenix, AZ, 85028, Dated 05/29/2014 | $39,566.33 |
| 53 | Pine24 Concord, LLC | 1140 Williamson Boulevard, Ste 140, Daytona Beach, FL 32114 | At Home Stores LLC | Lease_47 | Lease Agreement for the property located at 7965 Lyles Ln NW, Concord, NC, 28027, Dated 08/01/2002 | $129,154.71 |
| 54 | Randall Benderson 1993-1 Trust | 570 Delaware Avenue, Buffalo, NY 14202 | At Home Stores LLC | Lease_76 | Lease Agreement for the property located at 6085 Rivers Ave, North Charleston, SC, 29406, Dated 09/14/2012 | $35,594.85 |
| 55 | Realty Trust Group Inc. & MJM X 1, LLC | 2300 S 48th St , #1, Lincoln, NE 68506 | At Home Stores LLC | Lease_271 | Lease Agreement for the property located at 6845 S 27th St, Lincoln, NE, 68512, Dated 06/14/2019 | $0.00 |
| 56 | Retail on 41st Street, LLC | 101 S Reid St , Suite 209, Sioux Falls, SD 57103 | At Home Stores LLC | Lease_273 | Lease Agreement for the property located at 1601 W 41st St, Sioux Falls, SD, 57105, Dated 07/01/2019 | $0.00 |
| 57 | Rhino Holdings Arlington LLC | 1 Tower Ln, #400, Oakbrook Terrace, IL 60181 | At Home Stores LLC | Lease_357 | Lease Agreement for the property located at 750 E Rand Rd, Arlington Heights, IL, 60004, Dated 09/01/2022 | $278,177.22 |
| 58 | Rhino Holdings Roseville, LLC | 2200 Paseo Verde Parkway, Ste 260, Henderson, NV 89052 | At Home Stores LLC | Lease_168 | Lease Agreement for the property located at 32123 Gratiot Ave, Roseville, MI, 48066, Dated 08/21/2017 | $35,365.19 |
| 59 | ROP Eastridge Plaza, LLC | 5678 N. Mesa, El Paso, TX 79912 | At Home Stores LLC | Lease_120 | Lease Agreement for the property located at 1120 McRae Boulevard, El Paso, TX, 79925, Dated 06/27/2017 | $56,776.40 |
| 60 | RPI Chesterfield LLC | 200 Vesey Street, 25th Fl, New York, NY 10281 | At Home Stores LLC | Lease_62 | Lease Agreement for the property located at 11500 Midlothian Turnpike, Richmond, VA, 23235, Dated 06/04/2010 | $0.00 |
| 61 | RR Town Center Associates, LLC | 8140 Walnut Hill Ln, Dallas, TX 75231 | At Home Stores LLC | Lease_315 | Lease Agreement for the property located at 2855 West University Dr, Denton, TX, 76201, Dated 08/08/2023 | $224,035.75 |
| 62 | SCC Nassau Park Pavilion LLC | 3300 Enterprise Pkwy, Beachwood, OH 44122 | At Home Stores LLC | Lease_280 | Lease Agreement for the property located at 301 Nassau Park Blvd, Princeton, NJ, 08540, Dated 02/04/2020 | $0.00 |
| 63 | SFI 59 LP | 10040 Regency Circle, Ste 200, Omaha, NE 68114 | At Home Stores LLC | Lease_58 | Lease Agreement for the property located at 12990 W Center Rd, Omaha, NE, 68144, Dated 06/06/2008 | $52,456.38 |
| 64 | South Square LLC | 2851 Lakewood Village Dr, North Little Rock, AR 72116 | At Home Stores LLC | Lease_46 | Lease Agreement for the property located at 11801 Chenal Pkwy, Little Rock, AR, 72211, Dated 04/01/2002 | $0.00 |
| 65 | Spotsylvania Crossing DE, LLC | PO Box 716135, Philadelphia, PA 19171 | At Home Stores LLC | Lease_171 | Lease Agreement for the property located at 3655 Plank Rd, Fredericksburg, VA, 22407, Dated 05/15/2017 | $82,147.17 |
| 66 | Stamford United Limited Partnership | 38500 Woodward Avenue, Ste 200, Bloomfield Hills, MI 48304 | At Home Stores LLC | Lease_150 | Lease Agreement for the property located at 2101 S Telegraph Rd, Bloomfield Hills, MI, 48302, Dated 05/25/2016 | $56,303.33 |
| 67 | STJ Wisteria Shopping Center, LLC | 800 Mount Vernon Hwy NE, Ste 425, Atlanta, GA 30328 | At Home Stores LLC | Lease_119 | Lease Agreement for the property located at 2420 Wisteria Dr SW, Snellville, GA, 30078, Dated 08/17/2015 | $87,824.15 |
| 68 | The Sully Limited Partnership | 6824 Elm St, 2nd Floor, McLean, VA 22101 | At Home Stores LLC | Lease_161 | Lease Agreement for the property located at 13910 Metrotech Dr, Chantilly, VA, 20151, Dated 01/26/2017 | $0.00 |
| 69 | TKC XXXIX, LLC | 5935 Carnegie Blvd, Charlotte, NC 28209 | At Home Stores LLC | Lease_42 | Lease Agreement for the property located at 1517 Sam's Cir, Chesapeake, VA, 23320, Dated 05/01/2001 | $127,820.22 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Cure Amount |
|---|---|---|---|---|---|---|
| 70 | Tower Peoria, LLC | 250 W. Main Street, Woodland, CA 95695 | At Home Stores LLC | Lease_92 | Lease Agreement for the property located at 10140 N 91st Ave, Peoria, AZ, 85345, Dated 03/11/2014 | $43,056.26 |
| 71 | Transform Bohemia NY LLC | 3333 Beverly Rd, Hoffman Estates, IL 60179 | At Home Stores LLC | Lease_262 | Lease Agreement for the property located at 5151 Sunrise Hwy, Bohemia, NY, 11716, Dated 11/15/2021 | $12,501.13 |
| 72 | Transform Lease Opco LLC | 3333 Beverly Rd, Dept 824RE, Hoffman Estates, IL 60179 | At Home Stores LLC | Lease_316 | Lease Agreement for the property located at 8250 Day Creek Blvd, Rancho Cucamonga, CA, 91739, Dated 12/10/2021 | $123,552.64 |
| 73 | Transform Leaseco LLC | 5407 Trillium Blvd., Ste B120, Hoffman Estates, IL 60192 | At Home Stores LLC | Lease_106 | Lease Agreement for the property located at 20 O'Fallon Square, O'Fallon, MO, 63366, Dated 06/01/2015 | $57,211.04 |
| 74 | Transform Leaseco LLC | 5407 Trillium Blvd., Ste B120, Hoffman Estates, IL 60192 | At Home Stores LLC | Lease_109 | Lease Agreement for the property located at 10331 University Ave, Clive, IA, 50325, Dated 12/12/2014 | $75,000.00 |
| 75 | Transform Operating Stores LLC | 3333 Beverly Rd, Dept 824RE, Hoffman Estates, IL 60179 | At Home Stores LLC | Lease_358 | Lease Agreement for the property located at 14091 SW 88th St, Miami, FL, 33183, Dated 04/25/2022 | $132,579.57 |
| 76 | Trustees Main/270 LLC | 4300 E Fifth Avenue, Columbus, OH 43219 | At Home Stores LLC | Lease_79 | Lease Agreement for the property located at 6060 E Main St, Columbus, OH, 43213, Dated 03/08/2013 | $0.00 |
| 77 | ULAX Estates, Inc. | 40 Burton Hills Boulevard , Ste 200, Nashville, TN 37215 | At Home Stores LLC | Lease_113 | Lease Agreement for the property located at 3710 Annex Ave, Nashville, TN, 37209, Dated 11/03/2014 | $0.00 |
| 78 | University Commons, LLC | 161 E Michigan Ave, Suite 400, Kalamazoo, MI 49007 | At Home Stores LLC | Lease_85 | Lease Agreement for the property located at 4620 Stadium Dr, Kalamazoo, MI, 49008, Dated 11/22/2013 | $45,119.82 |
| 79 | US Realty 87 Lee's Summit Associates | 820 Morris Turnpike, Ste 301 , Short Hills, NJ 07078 | At Home Stores LLC | Lease_110 | Lease Agreement for the property located at 601 North M 291 Highway, Lee's Summit, MO, 64086, Dated 11/18/2014 | $29,166.67 |
| 80 | Warren Davis Properties XXVI, LLC | 1540 W Battlefield Road , Springfield, MO 65807 | At Home Stores LLC | Lease_96 | Lease Agreement for the property located at 3700 S Campbell Ave, Springfield, MO, 65807, Dated 06/23/2014 | $0.00 |
| 81 | WH ID CDA LLC | 4800 NW Camas Meadows Dr, Camas, WA 98607 | At Home Stores LLC | Lease_253 | Lease Agreement for the property located at 201 West Neider Avenue, Coeur d'Alene, ID, 83815, Dated 01/30/2019 | $53,555.51 |

**Exhibit B-2**

**Schedule of Assumed Executory Contracts and Unexpired Leases that Remain Subject to Finalization and Execution of Certain Documentation Among the Debtors and Respective Counterparties**

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Cure Amount |
|---|---|---|---|---|---|---|
| | | | | | **Real Property Contracts - Assume Subject to Deal Completion** | |
| 1 | 1323 Augusta West Parkway Leasing LLC | 911 E County Line Rd, Ste 206, Lakewood, NJ 08701 | At Home Stores LLC | Lease_200 | Lease Agreement for the property located at 1329 Augusta W Pkwy, Augusta, GA, 30909, Dated 02/08/2018 | $58,752.66 |
| 2 | 2063 Watson Blvd LLC | 9101 Alta Drive, #1003, Las Vegas, NV 89145 | At Home Stores LLC | Lease_118 | Lease Agreement for the property located at 2063 Watson Blvd, Warner Robins, GA, 31093, Dated 02/01/2015 | $35,139.24 |
| 3 | 7050 Watts Rd LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_242 | Lease Agreement for the property located at 7050 Watts Rd, Madison, WI, 53719, Dated 10/16/2018 | [TBD] |
| 4 | ARC Mesa 1944, LLC | 9120 E Talking Stick Way, Suite E1, Scottsdale, AZ 85250 | At Home Stores LLC | Lease_72 | Lease Agreement for the property located at 1944 S Greenfield Rd, Mesa, AZ, 85206, Dated 09/15/2014 | $0.00 |
| 5 | August America, LLC. | 734 Hebron Ave, Glastonbury, CT 06033 | At Home Stores LLC | Lease_291 | Lease Agreement for the property located at 376 Universal Dr, North Haven, CT, 06473, Dated 06/02/2022 | $0.00 |
| 6 | AVG Home Spokane, LLC | 9595 Wilshire Blvd, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_245 | Lease Agreement for the property located at 7619 N Division St, Spokane, WA, 99208, Dated 01/07/2019 | $43,403.86 |
| 7 | AVG Puyallup, LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_217 | Lease Agreement for the property located at 301 37th Ave SE, Puyallup, WA, 98374, Dated 07/16/2018 | $0.00 |
| 8 | Bel Larimer, LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_284 | Lease Agreement for the property located at 8585 S Yosemite St, Lone Tree, CO, 80124, Dated 01/08/2021 | $3,572.27 |
| 9 | Belk, Inc. | 2801 W Tyvola Road, Charlotte, NC 28217 | At Home Stores LLC | Lease_155 | Lease Agreement for the property located at 5036 Pinnacle Square, Trussville, AL, 35235, Dated 12/02/2016 | $52,745.33 |
| 10 | Billingsley Property Services II, Inc. | 1722 Routh St, Dallas, TX 75201 | At Home Stores LLC | Lease_750 | Lease Agreement for the property located at 9000 Cypress Waters Blvd, Dallas, TX 75019, Dated 03/01/2023 | $13,238.55 |
| 11 | Broadstone Home Texas, LLC | 800 Clinton Square, Rochester, NY 14604 | At Home Stores LLC | Lease_900 | Lease Agreement for the property located at 1600 E Plano Pkwy, Plano, TX, 75074, Dated 10/18/2013 | $0.00 |
| 12 | BT Granite Run, LP | 200 Dryden Rd, Suite 200, Dresher, PA 19025 | At Home Stores LLC | Lease_366 | Lease Agreement for the property located at 1105 W Baltimore Pike, Media, PA, 19063, Dated 11/15/2022 | [TBD] |
| 13 | Builders Palmdale LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_131 | Lease Agreement for the property located at 14230 Burnhaven Dr, Burnsville, MN, 55306, Dated 09/17/2015 | $0.00 |
| 14 | Clear Lake Center, L.P. | 4545 Bissonnet Street, Ste 100, Bellaire, TX 77401 | At Home Stores LLC | Lease_16 | Lease Agreement for the property located at 20780 Gulf Fwy, Webster, TX, 77598, Dated 11/01/1995 | $109,770.18 |
| 15 | Cole GR Stockbridge GA, LLC | 2325 E. Camelback Road, 9th Fl, Phoenix, AZ 85016 | At Home Stores LLC | Lease_22 | Lease Agreement for the property located at 5000 Mt Zion Pkwy, Stockbridge, GA, 30281, Dated 06/01/1998 | [TBD] |
| 16 | Crofton 450 LLC | 500 N Broadway, Ste 201, Jericho, NY 11753 | At Home Stores LLC | Lease_214 | Lease Agreement for the property located at 1647 Crofton Center, Crofton, MD, 21114, Dated 05/29/2018 | $41,878.95 |
| 17 | Daniel G Kamin Chattanooga LLC | P.O. Box 10234, Pittsburgh, PA 15232 | At Home Stores LLC | Lease_80 | Lease Agreement for the property located at 482 McBrien Rd, Chattanooga, TN, 37412, Dated 04/01/2013 | $0.00 |
| 18 | Daniel G. Kamin Dale City Enterprises | 490 S. Highland Ave. , Pittsburgh, PA 15206 | At Home Stores LLC | Lease_149 | Lease Agreement for the property located at 2851 Dale Blvd, Woodbridge, VA, 22193, Dated 03/07/2016 | $0.00 |
| 19 | Daniel G. Kamin Dale City Enterprises | 490 S Highland Ave, Pittsburgh, PA 15206 | At Home Stores LLC | Lease_256 | Lease Agreement for the property located at 5000 San Dario Ave, Laredo, TX, 78041, Dated 02/06/2019 | ~~$53,308.92~~ $0.00 |
| 20 | Darling Realty Inc. | 1105 Fall River Avenue, Seekonk, MA 02771 | At Home Stores LLC | Lease_163 | Lease Agreement for the property located at 1110 Fall River Ave, Seekonk, MA, 02771, Dated 03/06/2017 | $135,272.53 |
| 21 | DBB Holdings Inc. | PO Box 18087, Reno, NV 89511 | At Home Stores LLC | Lease_178 | Lease Agreement for the property located at 3000 Kirby Dr, Pearland, TX, 77584, Dated 06/22/2017 | $92,801.78 |
| 22 | Deck Oakley, LLC | 272 Sunny Acres, Cincinnati, OH 45255 | At Home Stores LLC | Lease_238 | Lease Agreement for the property located at 3055 Geier Dr, Cincinnati, OH, 45209, Dated 09/27/2018 | $0.00 |
| 23 | FHH Hamburg LLC | 200 S Michigan Ave, Chicago, IL 60604 | At Home Stores LLC | Lease_25 | Lease Agreement for the property located at 1996 Pavilion Way, Lexington, KY, 40509, Dated 06/01/1998 | [TBD] |
| 24 | FR Huntington Square Fee Owner, LLC | 500 Fifth Ave, Suite 1530, New York, NY 10110 | At Home Stores LLC | Lease_328 | Lease Agreement for the property located at 4000 Jericho Turnpike, East Northport, NY, 11731, Dated 03/22/2022 | $39,575.42 |
| 25 | GR Mesquite, LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_11 | Lease Agreement for the property located at 2727 Towne Centre Dr, Mesquite, TX, 75150, Dated 07/01/1995 | $0.00 |
| 26 | Gravois Bluffs III, L.L.C., | 9109 Watson Road, 3rd Fl, St. Louis, MO 63126 | At Home Stores LLC | Lease_44 | Lease Agreement for the property located at 665 Gravois Bluffs Blvd, Fenton, MO, 63026, Dated 06/01/2001 | [TBD] |
| 27 | Green River Plaza, LLC | PO Box 191116, Brooklyn, NY 11219 | At Home Stores LLC | Lease_198 | Lease Agreement for the property located at 49 N Green River Rd, Evansville, IN, 47715, Dated 05/01/2018 | $56,152.28 |
| 28 | Greenwood Place Phase II, LP | 117 E Washington St, Suite 300, Indianapolis, IN 46204 | At Home Stores LLC | Lease_70 | Lease Agreement for the property located at 7667 Shelby St, Indianapolis, IN, 46227, Dated 09/09/2011 | $0.00 |
| 29 | ILF-Cherry Hill, LLC | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_167 | Lease Agreement for the property located at 1376 E 70th St, Shreveport, LA, 71105, Dated 03/03/2017 | [TBD] |
| 30 | JASUE, LLC | 185 NW Spanish River Blvd, Ste 100, Boca Raton, FL 33431 | At Home Stores LLC | Lease_181 | Lease Agreement for the property located at 4480 Indian Ripple Rd, Dayton, OH, 45440, Dated 09/01/2017 | $61,847.84 |
| 31 | Jimmy Nassour, Parkview Partners, Ltd. & Parkview Partners II, Ltd. | 3839 Bee Cave Road, Ste 200, Austin, TX 78746 | At Home Stores LLC | Lease_32 | Lease Agreement for the property located at 5151 US-290, Austin, TX, 78735, Dated 05/01/1999 | $152,329.50 |
| 32 | Karlyle Eastern Properties NV, LLC | 1710 Raiders Way, #110, Las Vegas, NV 89052 | At Home Stores LLC | Lease_165 | Lease Agreement for the property located at 10405 S Eastern Ave, Henderson, NV, 89052, Dated 04/06/2017 | [TBD] |
| 33 | Karlyle Eastern Properties NV, LLC | 400 Andrews Street, Ste 500, Rochester, NY 14604 | At Home Stores LLC | Lease_166 | Lease Agreement for the property located at 989 Church Rd, Cherry Hill, NJ, 08002, Dated 09/01/2017 | $0.00 |
| 34 | Kestrel, LLC | 1008 E Hefner Rd, Oklahoma City, OK 73131 | At Home Stores LLC | Lease_279 | Lease Agreement for the property located at 2121 NW 138th St, Oklahoma City, OK, 73134, Dated 01/06/2020 | [TBD] |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Cure Amount |
|---|---|---|---|---|---|---|
| 35 | KIN, Inc. (f/k/a Kohls, Inc.; f/k/a Kohl's Illinois, Inc.) | N56w17000 Ridgewood Dr, Menomonee Falls, WI 53051 | At Home Stores LLC | Lease_135 | Lease Agreement for the property located at 2704 Central Expy, Plano, TX, 75074, Dated 03/01/2016 | $41,576.50 |
| 36 | KIR Temecula L.P. | 500 N Broadway, Jericho, NY 11753 | At Home Stores LLC | Lease_237 | Lease Agreement for the property located at 26471 Ynez Rd, Temecula, CA, 92591, Dated 02/03/2021 | $51,737.38 |
| 37 | Kmart Plaza Lancaster, PA Lp | 270 Commerce Drive, Rochester, NY 14623 | At Home Stores LLC | Lease_184 | Lease Agreement for the property located at 1890 Fruitville Pike, Lancaster, PA, 17601, Dated 01/01/2018 | [TBD] |
| 38 | KRG Sunland, LP | 30 S Meridian St, Indianapolis, IN 46204 | At Home Stores LLC | Lease_255 | Lease Agreement for the property located at 655 Sunland Park Dr, El Paso, TX, 79912, Dated 03/07/2019 | [TBD] |
| 39 | KRG Town and Country Manchester, LLC | 2021 Spring Road, Ste 200 , Oak Brook, IL 60523 | At Home Stores LLC | Lease_151 | Lease Agreement for the property located at 13907 Manchester Rd, Ballwin, MO, 63011, Dated 06/28/2016 | [TBD] |
| 40 | Lago Bello, LLC | 1215 Gessner Road, Houston, TX 77055 | At Home Stores LLC | Lease_51 | Lease Agreement for the property located at 12605 N Gessner Rd, Houston, TX, 77064, Dated 05/01/2006 | [TBD] |
| 41 | LCN ATH Gulfport (Multi) LLC | 142 W 57th Street, New York, NY 10019 | At Home Stores LLC | Lease_36 | Lease Agreement for the property located at 2650 W Interstate 20, Arlington, TX, 76018, Dated 08/08/2000 | $0.00 |
| 42 | LCN ATH Gulfport (Multi) LLC | 142 W 57th Street, New York, NY 10019 | At Home Stores LLC | Lease_82 | Lease Agreement for the property located at 15065 Creosote Rd, Gulfport, MS, 39503, Dated 06/06/2013 | $0.00 |
| 43 | LCN ATH Gulfport (Multi) LLC | 142 W 57th Street, New York, NY 10019 | At Home Stores LLC | Lease_78 | Lease Agreement for the property located at 642 S Walnut Ave, New Braunfels, TX, 78130, Dated 12/21/2012 | $0.00 |
| 44 | LCN ATH Gulfport (Multi) LLC | 142 W 57th Street, New York, NY 10019 | At Home Stores LLC | Lease_104 | Lease Agreement for the property located at 1600 W Kelly Ave, Pharr, TX, 78577, Dated 04/16/2014 | $0.00 |
| 45 | LCN ATH Gulfport (Multi) LLC | 142 W 57th Street, New York, NY 10019 | At Home Stores LLC | Lease_101 | Lease Agreement for the property located at 2244 S Reynolds Rd, Toledo, OH, 43614, Dated 03/24/2014 | $0.00 |
| 46 | LCN ATH Orange Park Multi LLC DACA | 142 W 57th Street, New York, NY 10019 | At Home Stores LLC | Lease_98 | Lease Agreement for the property located at 1919 Wells Rd, Orange Park, FL, 32073, Dated 06/05/2014 | $0.00 |
| 47 | LCN ATH Orange Park Multi LLC DACA | 888 Seventh Avenue , 4th Fl, New York, NY 10019 | At Home Stores LLC | Lease_105 | Lease Agreement for the property located at 5501 Grove Blvd, Hoover, AL, 35226, Dated 04/07/2014 | $0.00 |
| 48 | LCN ATH Orange Park Multi LLC DACA | 888 Seventh Avenue , 4th Fl, New York, NY 10019 | At Home Stores LLC | Lease_114 | Lease Agreement for the property located at 2000 E Santa Fe St, Olathe, KS, 66062, Dated 12/30/2014 | $0.00 |
| 49 | LCN ATH Orange Park Multi LLC DACA | 888 Seventh Avenue , 4th Fl, New York, NY 10019 | At Home Stores LLC | Lease_137 | Lease Agreement for the property located at 4210 Ambassador Caffery Pkwy, Lafayette, LA, 70508, Dated 12/22/2015 | $0.00 |
| 50 | LCN ATH Orange Park Multi LLC DACA | 888 Seventh Avenue , 4th Fl, New York, NY 10019 | At Home Stores LLC | Lease_133 | Lease Agreement for the property located at 621 SW 19th St, Moore, OK, 73160, Dated 09/25/2015 | $0.00 |
| 51 | LCN ATH Orange Park Multi LLC DACA | 888 Seventh Avenue , 4th Fl, New York, NY 10019 | At Home Stores LLC | Lease_123 | Lease Agreement for the property located at 301 S Towne East Mall Dr, Wichita, KS, 67207, Dated 06/06/2015 | $0.00 |
| 52 | Lomas Retail NM LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_115 | Lease Agreement for the property located at 11150 Lomas Blvd NE, Albuquerque, NM, 87112, Dated 01/19/2015 | $21,170.70 |
| 53 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_84 | Lease Agreement for the property located at 335 N Academy Blvd, Colorado Springs, CO, 80909, Dated 10/18/2013 | [TBD] |
| 54 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_86 | Lease Agreement for the property located at 3003 W Vine St, Kissimmee, FL, 34741, Dated 07/31/2013 | [TBD] |
| 55 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_60 | Lease Agreement for the property located at 7400 Douglas Blvd, Douglasville, GA, 30135, Dated 03/01/2010 | [TBD] |
| 56 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_66 | Lease Agreement for the property located at 9450 FM 1960, Humble, TX, 77338, Dated 05/01/2011 | [TBD] |
| 57 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_69 | Lease Agreement for the property located at 301 Noble Creek Dr, Noblesville, IN, 46060, Dated 08/01/2011 | [TBD] |
| 58 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_28 | Lease Agreement for the property located at 3599 Park Mill Run Dr, Hilliard, OH, 43026, Dated 05/01/1998 | [TBD] |
| 59 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_29 | Lease Agreement for the property located at 6103 Landmark Center Blvd, Greensboro, NC, 27407, Dated 12/01/1998 | [TBD] |
| 60 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_31 | Lease Agreement for the property located at 6840 Northwest Loop 410, San Antonio, TX, 78238, Dated 03/01/1999 | [TBD] |
| 61 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_24 | Lease Agreement for the property located at 1287 Central Park Dr, O'Fallon, IL, 62269, Dated 04/01/1998 | [TBD] |
| 62 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_18 | Lease Agreement for the property located at 35 Park Woodruff Dr, Greenville, SC, 29607, Dated 09/18/1996 | [TBD] |
| 63 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_220 | Lease Agreement for the property located at 1720 N Hardin Blvd, McKinney, TX, 75071, Dated 06/17/2022 | [TBD] |
| 64 | New Willow Grove PA Retail LLC | 295 Madison Ave, New York, NY 10017 | At Home Stores LLC | Lease_259 | Lease Agreement for the property located at 2620 Moreland Road, Willow Grove, PA, 19090, Dated 03/11/2019 | $97,223.85 |
| 65 | North Canton LLC | 10546 Versailles Blvd, Wellington, FL 33449 | At Home Stores LLC | Lease_249 | Lease Agreement for the property located at 4932 Portage Street, North Canton, OH, 44720, Dated 03/06/2019 | $138,936.96 |
| 66 | North Dixie E-Town LLC | 4201 Springhurst Blvd., Ste 201 , Louisville, KY 40241 | At Home Stores LLC | Lease_160 | Lease Agreement for the property located at 1807 N Dixie Hwy, Elizabethtown, KY, 42701, Dated 01/06/2017 | [TBD] |
| 67 | North River Village GEC, LLC | 5391 Lakewood Ranch Blvd , Ste 100, Sarasota, FL 34240 | At Home Stores LLC | Lease_301 | Lease Agreement for the property located at 6126 US-301, Ellenton, FL, 34222, Dated 06/14/2019 | [TBD] |
| 68 | Pacific Midway LLC | 12303 E Mississippi Ave, Unit 143, Aurora, CO 80012 | At Home Stores LLC | Lease_83 | Lease Agreement for the property located at 1660 W Midway Blvd, Broomfield, CO, 80020, Dated 07/31/2013 | [TBD] |
| 69 | PAL Associates Harrisburg LLC | 1 Wayne Hills Mall, Wayne, NJ 07470 | At Home Stores LLC | Lease_212 | Lease Agreement for the property located at 5070 Jonestown Rd, Harrisburg, PA, 17112, Dated 06/01/2018 | [TBD] |
| 70 | PL Wayne LLC | 3333 New Hyde Park Road, New Hyde Park, NY 11042 | At Home Stores LLC | Lease_180 | Lease Agreement for the property located at 6 Willowbrook Blvd, Wayne, NJ, 07470, Dated 02/12/2018 | $43,845.86 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Cure Amount |
|-----|-------------------|----------------------|---------------|-------------|----------------------|-------------|
| 71 | Polaris AH LLC | 8800 Lyra Dr, #550, Columbus, OH 43240 | At Home Stores LLC | Lease_172 | Lease Agreement for the property located at 1160 Gemini Pl, Columbus, OH, 43240, Dated 04/21/2017 | $52,083.33 |
| 72 | QR Rushmore LLC | 1445 N Loop W, Ste. 625, Houston, TX 77008 | At Home Stores LLC | Lease_141 | Lease Agreement for the property located at 2200 N Maple Ave, Rapid City, SD, 57701, Dated 04/04/2016 | $0.00 |
| 73 | R51PD-120, LLC | 761 Osage Road, Pittsburgh, PA 15243 | At Home Stores LLC | Lease_170 | Lease Agreement for the property located at 120 Mall Plaza Blvd, Monroeville, PA, 15146, Dated 04/04/2017 | $0.00 |
| 74 | RE Pecan LLC | RE Pecan LLC 7113 San Pedro Ave, Ste 198 , San Antonio, TX 78216 | At Home Stores LLC | Lease_144 | Lease Agreement for the property located at 8421 US-281, San Antonio, TX, 78216, Dated 03/03/2016 | [TBD] |
| 75 | Realty Income Properties 18, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_224 | Lease Agreement for the property located at 361 Newnan Crossing Bypass, Newnan, GA, 30265, Dated 06/27/2018 | [TBD] |
| 76 | Realty Income Properties 18, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_216 | Lease Agreement for the property located at 2301 East Rudder Freeway, College Station, TX, 77845, Dated 05/29/2018 | [TBD] |
| 77 | Realty Income Properties 18, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_203 | Lease Agreement for the property located at 300 Tanger Outlets Blvd, Pooler, GA, 31322, Dated 04/20/2018 | [TBD] |
| 78 | Realty Income Properties 18, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_205 | Lease Agreement for the property located at 3002 Firewheel Parkway, Garland, TX, 75040, Dated 03/09/2018 | [TBD] |
| 79 | Realty Income Properties 18, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_235 | Lease Agreement for the property located at 3015 W 86th St, Indianapolis, IN, 46268, Dated 12/14/2018 | [TBD] |
| 80 | Rhino Holdings Roseville, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_169 | Lease Agreement for the property located at 300 W 14 Mile Rd, Troy, MI, 48083, Dated 08/21/2017 | [TBD] |
| 81 | RPT Realty, L.P. | 500 N Broadway, Jericho, NY 11753 | At Home Stores LLC | Lease_248 | Lease Agreement for the property located at 25813 US Hwy 19 N, Clearwater, FL, 33763, Dated 06/01/2019 | $44,240.40 |
| 82 | Saginaw Landmark Partners, LLC | 21 E. Long Lake, Ste 200, Bloomfield Hills, MI 48304 | At Home Stores LLC | Lease_158 | Lease Agreement for the property located at 5417 Bay Rd, Saginaw, MI, 48604, Dated 12/05/2016 | $0.00 |
| 83 | Sandy Tech Center One LLC | 9090 Sandy Pkwy, Sandy, UT 84070 | At Home Stores LLC | Lease_138 | Lease Agreement for the property located at 203 W 9000 S, Sandy, UT, 84070, Dated 06/09/2016 | $87,854.82 |
| 84 | SDC RIVERDALE, LLC | 90 East 7200 South, Suite 200 , Midvale, UT 84047 | At Home Stores LLC | Lease_122 | Lease Agreement for the property located at 1135 W Riverdale Rd, Riverdale, UT, 84405, Dated 04/13/2015 | [TBD] |
| 85 | SFLP, LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_219 | Lease Agreement for the property located at 955 S Hover St, Longmont, CO, 80501, Dated 06/22/2018 | $0.00 |
| 86 | Sizeler North Shore General Partnership | 551 S. Powerline Road, Pompano Beach, FL 33069 | At Home Stores LLC | Lease_146 | Lease Agreement for the property located at 150 Northshore Blvd, Slidell, LA, 70460, Dated 02/08/2016 | $0.00 |
| 87 | SLJ Barry KC LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_129 | Lease Agreement for the property located at 420 NE Barry Rd, KCMO, MO, 64155, Dated 06/15/2015 | $0.00 |
| 88 | Spirit Master Funding X, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_88 | Lease Agreement for the property located at 4949 Greenwood Dr, Corpus Christi, TX, 78416, Dated 01/23/2014 | [TBD] |
| 89 | Spirit Master Funding X, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_89 | Lease Agreement for the property located at 334 Chicago Dr, Georgetown Twp, MI, 49428, Dated 10/07/2013 | [TBD] |
| 90 | Spirit Master Funding X, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_100 | Lease Agreement for the property located at 1605 Buford Hwy NE, Buford, GA, 30518, Dated 08/01/2016 | [TBD] |
| 91 | Spirit Master Funding X, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_75 | Lease Agreement for the property located at 4304 W Loop 289, Lubbock, TX, 79407, Dated 08/15/2012 | [TBD] |
| 92 | Spirit Master Funding X, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_9 | Lease Agreement for the property located at 11501 Bluegrass Pkwy, Louisville, KY, 40299, Dated 10/31/1994 | [TBD] |
| 93 | Spirit Realty LP | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_87 | Lease Agreement for the property located at 7613 N Loop 1604 E, Live Oak, TX, 78233, Dated 09/09/2013 | [TBD] |
| 94 | Spirit Realty LP | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_207 | Lease Agreement for the property located at 2160 Grand Cypress Dr, Lutz, FL, 33559, Dated 03/16/2018 | [TBD] |
| 95 | Spirit Realty LP | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_199 | Lease Agreement for the property located at 1811 Monocacy Blvd, Frederick, MD, 21701, Dated 03/19/2018 | [TBD] |
| 96 | Spirit Realty LP | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_179 | Lease Agreement for the property located at 5540 State Hwy 121, Plano, TX, 75024, Dated 12/20/2017 | [TBD] |
| 97 | Spirit Realty LP | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_187 | Lease Agreement for the property located at 602 US-287, Mansfield, TX, 76063, Dated 03/22/2018 | [TBD] |
| 98 | Spirit Realty LP | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_188 | Lease Agreement for the property located at 2520 MacArthur Rd, Whitehall, PA, 18052, Dated 10/12/2017 | [TBD] |
| 99 | Spirit Realty, LP | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_227 | Lease Agreement for the property located at 2663 Canyon Springs Pkwy, Riverside, CA, 92507, Dated 02/18/2019 | [TBD] |
| 100 | Starlight Sugar Land Texas LP | 1801 Century Park E, Ste 2101, Los Angeles, CA 90067 | At Home Stores LLC | Lease_35 | Lease Agreement for the property located at 16960 Southwest Fwy, Sugar Land, TX, 77479, Dated 10/05/1998 | $113,731.61 |
| 101 | Sterik Pavillion LP | 50 Tice Boulevard, Ste 320, Woodcliff Lake, NJ 07677 | At Home Stores LLC | Lease_126 | Lease Agreement for the property located at 1000 W Esplanade Ave, Kenner, LA, 70065, Dated 03/20/2015 | [TBD] |
| 102 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_27 | Lease Agreement for the property located at 5608 SW Loop 820, Fort Worth, TX, 76132, Dated 06/01/1998 | $0.00 |
| 103 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_20 | Lease Agreement for the property located at 2875 George Busbee Pkwy NW, Kennesaw, GA, 30144, Dated 02/01/1997 | $0.00 |
| 104 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_21 | Lease Agreement for the property located at 1887 Willow Trail Pkwy, Norcross, GA, 30093, Dated 02/01/1997 | $0.00 |
| 105 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_12 | Lease Agreement for the property located at 701 S MacArthur Blvd, Oklahoma City, OK, 73128, Dated 05/26/1995 | $0.00 |
| 106 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_15 | Lease Agreement for the property located at 11015 East 51st Street South, Tulsa, OK, 74146, Dated 10/11/1995 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Cure Amount |
|-----|-------------------|----------------------|---------------|-------------|----------------------|-------------|
| 107 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_218 | Lease Agreement for the property located at 3820 W Wisconsin Ave, Grand Chute, WI, 54914, Dated 07/17/2018 | $62,815.67 |
| 108 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_204 | Lease Agreement for the property located at 535 Pleasant Grove Rd, Mt. Juliet, TN, 37122, Dated 09/25/2019 | $81,088.01 |
| 109 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_241 | Lease Agreement for the property located at 24340 Northwest Freeway, Cypress, TX, 77429, Dated 09/25/2019 | $82,933.09 |
| 110 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_300 | Lease Agreement for the property located at 216 Gable Crossing Dr, Avon, IN, 46123, Dated 09/25/2019 | $75,136.28 |
| 111 | The Plaza at Burr Corners LLC | 150 Baker Ave. Extension, Ste 303, Concord, MA 01742 | At Home Stores LLC | Lease_197 | Lease Agreement for the property located at 1181 Tolland Turnpike, Manchester, CT, 06042, Dated 04/02/2018 | [TBD] |
| 112 | Timber Creek Owner LP | 2525 McKinnon St, Suite 700, Dallas, TX, 75201 | At Home Stores LLC | Lease_317 | Lease Agreement for the property located at 6051 Skillman St., Dallas, TX 75231, Dated 08/13/2021 | $0.00 |
| 113 | Tosca Properties LLC | 633 Tremont St, Boston, MA 02118 | At Home Stores LLC | Lease_305 | Lease Agreement for the property located at 310 Andover St, Peabody, MA, 01960, Dated 10/29/2021 | $83,655.00 |
| 114 | UE Woodmore TC LLC | 210 E State Route 4 E, Paramus, NJ 07652 | At Home Stores LLC | Lease_297 | Lease Agreement for the property located at 9100 McHugh Dr, Glenarden, MD, 20706, Dated 02/10/2021 | $50,774.00 |
| 115 | Utica Park Place, LP | 1 Towne Square, Ste 1600, Southfield, MI 48076 | At Home Stores LLC | Lease_53 | Lease Agreement for the property located at 45160 Utica Park Blvd, Utica, MI, 48315, Dated 07/15/2010 | [TBD] |
| 116 | VEREIT Real Estate, L.P. | P.O. Box 732931, Dallas, TX 75373 | At Home Stores LLC | Lease_65 | Lease Agreement for the property located at 4874 Houston Rd, Florence, KY, 41042, Dated 07/28/2011 | [TBD] |
| 117 | VEREIT Real Estate, L.P. | 814 Commerce Drive, Ste 300 , Oak Brook, IL 60523 | At Home Stores LLC | Lease_134 | Lease Agreement for the property located at 4405 Pleasant Ridge Dr NE, Blaine, MN, 55449, Dated 01/04/2016 | [TBD] |
| 118 | VEREIT Real Estate, L.P. | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_159 | Lease Agreement for the property located at 2780 Wilma Rudolph Blvd, Clarksville, TN, 37040, Dated 01/17/2017 | [TBD] |
| 119 | VEREIT Real Estate, L.P. | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_103 | Lease Agreement for the property located at 7967 Winchester Rd, Memphis, TN, 38125, Dated 06/05/2014 | [TBD] |
| 120 | VEREIT Real Estate, L.P. | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_111 | Lease Agreement for the property located at 2201 Porter Creek Dr, Fort Worth, TX, 76177, Dated 11/24/2014 | [TBD] |
| 121 | VEREIT Real Estate, L.P. | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_112 | Lease Agreement for the property located at 6360 Ridgewood Ct Dr, Jackson, MS, 39211, Dated 01/15/2016 | [TBD] |
| 122 | VEREIT Real Estate, L.P. | P.O. Box 732931, Dallas, TX 75373 | At Home Stores LLC | Lease_173 | Lease Agreement for the property located at 19411 Atrium Pl, Houston, TX, 77094, Dated 02/01/2017 | [TBD] |
| 123 | VEREIT Real Estate, L.P. | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_175 | Lease Agreement for the property located at 3551 S 27th St, Rogers, AR, 72758, Dated 04/13/2017 | [TBD] |
| 124 | VEREIT Real Estate, L.P. | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_176 | Lease Agreement for the property located at 10800 Assembly Park Dr, Wixom, MI, 48393, Dated 12/01/2016 | [TBD] |
| 125 | VEREIT Real Estate, L.P. | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_177 | Lease Agreement for the property located at 1891 E Williams Field Rd, Gilbert, AZ, 85295, Dated 10/03/2018 | [TBD] |
| 126 | Wakefern Food Corp. | 10096 Red Run Blvd , Ste 300, Owings Mills, MD 21117 | At Home Stores LLC | Lease_299 | Lease Agreement for the property located at 6716 Governor Ritchie Hwy, Glen Burnie, MD, 21061, Dated 06/04/2019 | $1,344.14 |
| 127 | Warwick Bald Hill Road, LLC | 7248 Morgan Road, Liverpool, NY 13088 | At Home Stores LLC | Lease_182 | Lease Agreement for the property located at 650 Bald Hill Rd, Warwick, RI, 02886, Dated 11/29/2017 | $0.00 |
| 128 | Washington Commons Newco LLC | 4 Clinton Square, Syracuse, NY 13202 | At Home Stores LLC | Lease_153 | Lease Agreement for the property located at 161 Washington Ave Ext, Albany, NY, 12205, Dated 08/15/2016 | $0.00 |
| 129 | Yavapai-Prescott Indian Tribe | P.O. Box 432, Prescott, AZ 86302 | At Home Stores LLC | Lease_130 | Lease Agreement for the property located at 1801 East State Route 69, Prescott, AZ, 86301, Dated 08/31/2015 | $0.00 |
| 130 | ZAM II Casteel LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_57 | Lease Agreement for the property located at 2000 Casteel Dr, Coraopolis, PA, 15108, Dated 04/30/2008 | $0.00 |
| 131 | Zam II Properties, LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_23 | Lease Agreement for the property located at 2512 S Stemmons Fwy, Lewisville, TX, 75067, Dated 08/01/1997 | $0.00 |

**Exhibit B-3**

**Redline to Previously Filed Schedule of Rejected Executory Contracts and Unexpired Leases**

## Exhibit B

### Schedules of Assumed Executory Contracts and Unexpired Leases

**Exhibit B** includes the following Schedules of Assumed Executory Contracts and Unexpired Leases:

**Exhibit B-1**:  Schedule of Assumed Executory Contracts and Unexpired Leases (Initial Schedule).[1]

**Exhibit B-2**:  Schedule of Assumed Executory Contracts and Unexpired Leases that Remain Subject to Finalization and Execution of Certain Documentation Among the Debtors and Respective Counterparties.[2]

Article V.A of the Plan, in pertinent part, provides for the following:  On the Effective Date, except as otherwise provided in the Plan, pursuant to sections 365 and 1123 of the Bankruptcy Code, each Executory Contract or Unexpired Lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically assumed *unless* such Executory Contract or Unexpired Lease:  (i) is identified on this Schedule of Rejected Executory Contracts and Unexpired Leases; (ii) previously expired or terminated pursuant to its own terms; (iii) is the subject of a motion to reject Filed on or before the Effective Date; or (iv) is an insurance policy (which shall be treated in accordance with Article V.E of the Plan); *provided* that the assumption, assumption and assignment, or rejection of all Executory Contracts and Unexpired Leases shall be subject to the consent of the Required Consenting Stakeholders (not to be unreasonably withheld, conditioned, or delayed).  Entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of all assumptions, assumptions and assignments, and rejections, including the assumption of the Executory Contracts or Unexpired Leases as provided for in the Plan, this Plan Supplement, and the Confirmation Order, pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

Except as otherwise specifically set forth in the Plan, assumptions or rejections of Executory Contracts and Unexpired Leases pursuant to the Plan are effective as of the Effective Date.  Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or by Bankruptcy Court order but not assigned to a third party before the Effective Date shall revest in and be fully enforceable by the applicable contracting Reorganized Debtor in accordance with its terms, except as such terms may have been modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption.  Any motions to assume Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by a Final Order on or after the Effective Date but may be withdrawn, settled, or otherwise prosecuted by the Reorganized Debtors.

---

[1]  The individual employment agreements with the senior management team of the Debtors will be listed on subsequent Plan Supplement Schedules.  *See* Plan, Art. IV.R.

[2]  The Executory Contracts and Unexpired Leases contained in **Exhibit B-2** are currently proposed to be assumed; *provided*, *however*, that the Debtors reserve the right to reject any Executory Contracts and/or Unexpired Leases included herein absent finalization and/or execution of certain documentation.

Except as otherwise provided in the Plan or agreed to by the Debtors and the applicable counterparty, each assumed (or assumed and assigned) Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests. Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtors during the Chapter 11 Cases shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith.

To the maximum extent permitted by Law, to the extent any provision in any Executory Contract or Unexpired Lease assumed or assumed and assigned pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption or assumption and assignment of such Executory Contract or Unexpired Lease (including any "change of control" provision), then such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto. Notwithstanding anything to the contrary in the Plan, the Debtors or the Reorganized Debtors, as applicable, reserve the right to alter, amend, modify, or supplement the Schedule of Rejected Executory Contracts and Unexpired Leases at any time through and including 45 days after the Effective Date; *provided* that such alteration, amendment, modification, or supplement shall be subject to the consent rights set forth herein.

To the extent any provision of the Bankruptcy Code or the Bankruptcy Rules requires the Debtors to assume or reject an Executory Contract or Unexpired Lease, such requirement shall be satisfied if the Debtors make an election to assume or reject such Executory Contract or Unexpired Lease prior to the deadline set forth by the Bankruptcy Code or the Bankruptcy Rules, as applicable, regardless of whether or not the Bankruptcy Court has actually ruled on such proposed assumption or rejection prior to such deadline.

Article V.D of the Plan, in pertinent part, provides for the following: The Debtors or the Reorganized Debtors, as applicable, shall pay Cures, if any, on the Effective Date or as soon as reasonably practicable thereafter in the ordinary course of business. Unless otherwise agreed upon in writing by the parties to the applicable Executory Contract or Unexpired Lease, any objection by a counterparty to a proposed assumption, including pursuant to the Plan, or related Cure amount must be Filed, served, and actually received by counsel to the Debtors and the U.S. Trustee no later than the deadline to object to Confirmation of the Plan or any other deadline that may be set by the Bankruptcy Court. Any such request that is not timely Filed shall be disallowed and forever barred, estopped, and enjoined from assertion, and shall not be enforceable against any Debtor or Reorganized Debtor, as applicable, without the need for any objection by the Debtors or Reorganized Debtors or any other party in interest or any further notice to or action, order, or approval of the Bankruptcy Court. Any Cure costs shall be deemed fully satisfied, released, and discharged upon payment by the Debtors or the Reorganized Debtors, as applicable, of the applicable Cure costs; provided, however, that nothing herein shall prevent the Reorganized Debtors from paying any Cure costs despite the failure of the relevant counterparty to File such request for payment of such Cure costs. The Reorganized Debtors also may settle any Cure costs without any further notice to or action, order, or approval of the Bankruptcy Court. Any such

2

objection will be scheduled to be heard by the Bankruptcy Court at the Confirmation Hearing or such other setting as requested by the Debtors for which such objection is timely Filed. Any counterparty to an Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption of any Executory Contract or Unexpired Lease will be deemed to have consented to such assumption.

If there is any dispute regarding any Cure costs, the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" within the meaning of section 365 of the Bankruptcy Code, or any other matter pertaining to assumption, then payment of any Cure costs shall occur as soon as reasonably practicable after (i) entry of a Final Order resolving such dispute, approving such assumption (and, if applicable, assignment) or (ii) as may be agreed upon by the Debtors or the Reorganized Debtors, as applicable, and the counterparty to the Executory Contract or Unexpired Lease. The Debtors and the Reorganized Debtors, as applicable, reserve the right at any time to move to reject any Executory Contract or Unexpired Lease based upon the existence of any such unresolved dispute. If a Cure Claim, as ruled by the Bankruptcy Court, is more than what was proposed by the Debtors, the Debtors and the Reorganized Debtors reserve the right to reject such Executory Contract or Unexpired Lease. The Debtors shall include a non-exhaustive Schedule of Assumed Executory Contracts and Unexpired Leases that will include proposed Cure costs in the Plan Supplement.

Assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise and payment of any applicable Cure cost pursuant to the Plan shall result in the full release and satisfaction of any Cures, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time prior to the effective date of assumption. **Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed in the Chapter 11 Cases, including pursuant to the Confirmation Order, and for which any Cure has been fully paid pursuant to this Article V.D, shall be deemed disallowed and expunged as of the Effective Date without the need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court.**

*        *        *        *        *

For the avoidance of doubt, the inclusion of an Executory Contract and/or Unexpired Lease on this **Exhibit B** does not constitute an admission as to the executory or non-executory nature of such Executory Contract or Unexpired Lease or as to the existence or validity of any Claims held by the counterparty or counterparties to such Executory Contract or Unexpired Lease.

Certain documents, or portions thereof, contained in this **Exhibit B** and the Plan Supplement remain subject to continuing review and discussions among the Debtors and interested parties with respect thereto. The rights of the Debtors are expressly reserved, subject to the terms and conditions set forth in the Plan (including all applicable consultation, consent, and/or approval rights contained or contemplated therein), to alter, amend, modify, or supplement the Plan Supplement and any of the documents contained therein in accordance with the terms of the Plan, or by order of the Bankruptcy Court.

3

**<u>Exhibit B-1</u>**

**Schedule of Assumed Executory Contracts and Unexpired Leases (Initial Schedule)**

| | | | | | Non-Real Property Contracts - Assume | | |
|---|---|---|---|---|---|---|---|
| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
| 1 | ,345 Park Ave, San Jose, CA 95110 | 301-887 Great Northern Way, Vancouver, BC V5T 4T5, Canada | At Home Stores LLC | FAC-22 | Service Agreement made by and between AT HOME STORES LLC and 1-800-GOT-JUNK? LLC. | 4/30/2025 | $8,707.50 |
| 2 | 1X Plastics | 4610 Milton Street, Shoreview, MN 55126 | At Home Stores LLC | L-00001 | Master Service Agreement made by and between At Home Stores LLC and Show-Me Plastics (dba 1X Plastics). | 9/25/2023 | $9,130.22 |
| 3 | A2B Cargo Logistics Inc | 636 S River Rd, Ste. 100E, Des Plaines, IL 60016 | At Home Stores LLC At Home Procurement Inc. | MSA-00281 | Master Service Agreement made by and between At Home Stores LLC Procurement Inc. and A2B CARGO LOGISTICS INC. | 2/20/2025 | $0.00 |
| 4 | Accent Graphics Inc | 523 Rock Island Road, Grand Prairie, TX 75050 | At Home Stores LLC | FAC-18 | Service Agreement made by and between AT HOME STORES LLC and Accent Graphics Inc. | 5/2/2025 | $0.00 |
| 5 | Accruent, LLC | 2050 Center Avenue Suite 100, Fort Lee, NJ 07024 | At Home Stores LLC | L-00098 | Software as a Service made by and between At Home Stores LLC and Accruent, LLC. | 5/29/2018 | $0.00 |
| 6 | Accruent, LLC | 2050 Center Avenue Suite 100, Fort Lee, NJ 07024 | At Home Stores LLC | L-00214 | Sales Order Document made by and between At Home Stores LLC and Accruent, LLC (Q-208994-1) | 5/19/2021 | $0.00 |
| 7 | Accruent, LLC | 2050 Center Avenue Suite 100, Fort Lee, NJ 07024 | At Home Stores LLC | L-00215 | Master Service Agreement made by and between At Home Stores LLC and Accruent, LLC | 5/25/2018 | $0.00 |
| 8 | Accruent, LLC | 2050 Center Avenue Suite 100, Fort Lee, NJ 07024 | At Home Stores LLC | L-00216 | Sales Order Document made by and between At Home Stores LLC and Accruent, LLC (Q-235467-1) | 4/7/2022 | $0.00 |
| 9 | Accruent, LLC | 2050 Center Avenue Suite 100, Fort Lee, NJ 07024 | At Home Stores LLC | L-00217 | Lx Subscription Service Agreement made by and between At Home Stores LLC and Accruent, LLC | 7/25/2024 | $78,128.62 |
| 10 | Accudata System, Inc. | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | L-00002 | Master Service Agreement made by and between At Home Stores LLC and Accudata Systems, LLC. | 2/3/2023 | $0.00 |
| 11 | Action Services Group Inc. | 525 Turner Industrial Way, Aston, PA 19014 | At Home Stores LLC | FAC-24 | Service Agreement made by and between AT HOME STORES LLC and Action Services Group Inc. | 5/1/2025 | $0.00 |
| 12 | Activate, Inc. | 1395 Jarvis Street, Ferndale, MI 48220 | At Home Stores LLC | SOW-00091 | Statement of Work made by and between At Home Stores LLC and ACTIVATE, INC. | 1/13/2025 | $0.00 |
| 13 | Adobe Inc. | 345 Park Avenue, San Jose, CA 95110 | At Home Stores LLC | OF-00202 | Order Form made by and between At Home Stores LLC and Adobe Inc. | 4/30/2025 | $945.21 |
| 14 | Agilence Inc. | PO Box 23677, New York, NY 10087-3677 | At Home Stores LLC | L-00003 | Statement of Work made by and between At Home Stores LLC and Agilence Inc. | 7/1/2021 | $13,591.50 $7,248.80 |
| 15 | Airgas USA, LLC | 79 Fifth Avenue, 3rd Floor, New York, NY 10003 | At Home Stores LLC | L-00004 | Master Service Agreement made by and between At Home Stores LLC and Airgas USA, LLC. | 5/31/2024 | $1,236.45 |
| 16 | Airwavz Solutions, Inc. | 79 Fifth Avenue, 3rd Floor, New York, NY 10003 | At Home Stores LLC | L-00005 | Software License Agreement made by and between At Home Stores LLC and Airwavz Solutions, Inc. | 6/2/2023 | $0.00 |
| 17 | Akamai Technolgies, Inc. | 145 Broadway Cambridge, Cambridge, MA 02142 | At Home Stores LLC | OF-00074 | Order Form made by and between At Home Stores LLC and AKAMAI TECHNOLGIES, INC. | 12/1/2024 | $54,503.23 |
| 18 | Alexia Ellesse Creative | 1010 Clove Glen, Allen, TX 75025 | At Home Stores LLC | MKTG-31 | This Service Agreement is made by and between AT HOME STORES LLC and Alexia Ellesse Creative. | 6/9/2023 | $0.00 |
| 19 | All Pro Electrical Services LLC | 13945 Overlook Lane, Forney, TX 75126 | At Home Stores LLC | FAC-25 | Service Agreement made by and between AT HOME STORES LLC and All Pro Electrical Services LLC. | 4/8/2025 | $0.00 |
| 20 | All Pump & Equipment Co | 610 N MILBY ST, Houston, TX 77003 | At Home Stores LLC | FAC-68 | Service Agreement made by and between AT HOME STORES LLC and ALL PUMP & EQUIPMENT CO. | 9/11/2024 | $0.00 |
| 21 | Alteryx Inc | 17200 Laguna Canyon Road, Stamford, CT 06901 | At Home Stores LLC | L-00222 | Order Form made by and between At Home Stores LLC and Alteryx Inc | 8/27/2024 | $0.00 |
| 21 | Amanda Brefach | Address Redacted | At Home Stores LLC | PSA-00261 | Professional Services Agreement made by and between At Home Stores LLC and Amanda Brefach. | 5/7/2025 | $0.00 |
| 22 | Amazon Logistics, Inc. | P.O. Box 81226, Seattle, WA 98108 | At Home Stores LLC | MTA-00196 | Master Transportation Agreement made by and between At Home Stores LLC and Amazon Logistics, Inc. | 4/1/2025 | $441,057.25 $396,863.61 |
| 23 | Amigo Mobility International, Inc. | 6693 Dixie Highway, Bridgeport, MI 48722 | At Home Stores LLC | FAC-8 | Service Agreement made by and between AT HOME STORES LLC and Amigo Mobility International, Inc. | 5/1/2025 | $0.00 |
| 24 | Amx Logistics Inc. | 10720 E US HWY 84, Ashford, AL 36312 | At Home Stores LLC | MSA-00223 | Master Service Agreement made by and between At Home Stores LLC and AMX Logistics Inc. | 5/16/2025 | $0.00 |
| 25 | Anderson Oxford Inc dba ThinkLP | 219 Labrador Drive, Unit 100, Waterloo, ON N2K 4M8, Canada | At Home Stores LLC | L-00160 | Order Form made by and between At Home Stores LLC and ThinkLP (Additional Salesforce Storage) | 6/27/2024 | $0.00 |
| 26 | Anderson Oxford Inc dba ThinkLP | 219 Labrador Drive, Unit 100, Waterloo, ON N2K 4M8, Canada | At Home Stores LLC | OF-00167 | Order Form made by and between At Home Stores LLC and ThinkLP (02/21/2025 - 02/20/2028) | 3/10/2025 | $0.00 |
| 27 | Andrea Morris | Address Redacted | At Home Stores LLC | MKTG-34 | This Service Agreement is made by and between AT HOME STORES LLC and Andrea Morris. | 2/7/2023 | $0.00 |
| 28 | Apollo Mechanical Contractors | 1201 W Columbia Drive, Kennewick, WA 99336 | At Home Stores LLC | FAC-27 | Service Agreement made by and between AT HOME STORES LLC and Apollo Mechanical Contractors. | 5/1/2025 | $3,450.50 |
| 29 | Applied Predictive Technologies, Inc. | 4250 North Fairfax Drive, Suite 1100, Arlington, VA 22203 | At Home Stores LLC | L-00007 | Order Form made by and between At Home Stores LLC and Applied Predictive Technologies, Inc. | 7/15/2018 | $0.00 |
| 30 | Applied Predictive Technologies, Inc. | 4250 North Fairfax Drive, Suite 1100, Arlington, VA 22203 | At Home Stores LLC | NJ-013 | Master Service Agreement made by and between At Home Stores LLC and Applied Predictive Technologies, Inc. | 7/15/2018 | $0.00 |
| 31 | Appriss Retail | 220 Progress, Suite 175, Irvine, CA 92816 | At Home Stores LLC | L-00006 | Non-Disclosure Agreement made by and between At Home Stores LLC and Appriss Retail. | 6/20/2023 | $0.00 |
| 32 | Appriss Retail | Po Box 639032, Cincinnati, OH 45263 | At Home Stores LLC | NJ-0022 | Data Processing Addendum to Master License and Service Agreement made by and between At Home Stores LLC and APPRISS RETAIL. | 1/29/2024 | $0.00 |
| 33 | Appriss Retail | 220 Progress, Ste. 175, Irvine, CA 92618 | At Home Stores LLC | NJ-0023 | Master License and Service Agreement made by and between At Home Stores LLC and APPRISS RETAIL. | 1/29/2024 | $0.00 |
| 34 | APTO Solutions Inc | 1910 MacArthur Blvd., Atlanta, GA 30318 | At Home Stores LLC | NJ-0024 | Service Agreement made by and between At Home Stores LLC and APTO SOLUTIONS INC. | 6/30/2023 | $0.00 |
| 35 | Arag Insurance Company | 500 Grand Avenue, Suite 100, Des Moines, IA 50309 | At Home Stores LLC | HR-2 | Benefits Agreement made by and between At Home Stores LLC and Arag Insurance Company. | 1/1/2025 | $0.00 |
| 36 | Arin - American | PO Box 232290, Centreville, VA 20120 | At Home Stores LLC | NJ-0025 | Service Agreement made by and between At Home Stores LLC and ARIN - AMERICAN. | 6/22/2022 | $0.00 |
| 37 | Articulate Global, LLC | 244 5th Avenue, Suite 2960, New York, NY 10001 | At Home Stores LLC | SAAS-00263 | Software as a Service made by and between At Home Stores LLC and Articulate Global, LLC. | 7/10/2025 | $0.00 |
| 38 | Artifacts Lux Photography | 8550 Sweetwood, Dallas, TX 75228 | At Home Stores LLC | CA-00289 | Consulting Agreement made by and between At Home Stores LLC and ARTIFACTS LUX PHOTOGRAPHY. | 5/7/2025 | $0.00 |
| 39 | Ashley Cole | Address Redacted | At Home Stores LLC | WA-00113 | Waivers - Financial made by and between At Home Stores LLC and Ashley Cole. | 1/24/2025 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 40 | Astound Commerce Corporation | Floor 33 30 Broad St, New York, NY 10004 | At Home Stores LLC | MSA-00179 | Master Service Agreement made by and between At Home Stores LLC and ASTOUND COMMERCE CORPORATION. . | 4/22/2025 | $0.00 |
| 41 | At Home Procurement Inc. | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Stores LLC | InterCo_3 | License Agreement made by and between At Home Stores LLC and At Home Procurement Inc. | 4/30/2017 | $0.00 |
| 42 | At Home Procurement Inc. | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Stores LLC | InterCo_5 | Product Reseller Agreement made by and between At Home Stores LLC and At Home Procurement Inc. | 4/30/2017 | $0.00 |
| 43 | At Home Procurement Inc. and At Home Stores LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home RMS Inc. | InterCo_1 | Agreement for Strategic Management, Accounting and Administrative Services made by and among At Home RMS Inc. and At Home Stores LLC and At Home Procurement Inc. | 4/30/2017 | $0.00 |
| 44 | At Home RMS Inc. | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Stores LLC | InterCo_4 | License Agreement made by and between At Home Stores LLC and At Home RMS Inc. | 4/30/2017 | $0.00 |
| 45 | At Home RMS Inc. and At Home Procurement Inc. | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Stores LLC | InterCo_1 | Agreement for Strategic Management, Accounting and Administrative Services made by and among At Home RMS Inc. and At Home Stores LLC and At Home Procurement Inc. | 4/30/2017 | $0.00 |
| 46 | At Home RMS Inc. and At Home Stores LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Procurement Inc. | InterCo_1 | Agreement for Strategic Management, Accounting and Administrative Services made by and among At Home RMS Inc. and At Home Stores LLC and At Home Procurement Inc. | 4/30/2017 | $0.00 |
| 47 | At Home RMS Inc., At Home Procurement Inc., and At Home Gift Card LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Stores LLC | InterCo_2 | Cash Management Agreement made between At Home Stores LLC, At Home RMS Inc., At Home Procurement Inc., and At Home Gift Card LLC | 4/30/2017 | $0.00 |
| 48 | At Home Stores LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Procurement Inc. | InterCo_3 | License Agreement made by and between At Home Stores LLC and At Home Procurement Inc. | 4/30/2017 | $0.00 |
| 49 | At Home Stores LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Procurement Inc. | InterCo_5 | Product Reseller Agreement made by and between At Home Stores LLC and At Home Procurement Inc. | 4/30/2017 | $0.00 |
| 50 | At Home Stores LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home RMS Inc. | InterCo_4 | License Agreement made by and between At Home Stores LLC and At Home RMS Inc. | 4/30/2017 | $0.00 |
| 51 | At Home Stores LLC, At Home Procurement Inc., and At Home Gift Card LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home RMS Inc. | InterCo_2 | Cash Management Agreement made between At Home Stores LLC, At Home RMS Inc., At Home Procurement Inc., and At Home Gift Card LLC | 4/30/2017 | $0.00 |
| 52 | At Home Stores LLC, At Home RMS Inc., and At Home Gift Card LLC | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Procurement Inc. | InterCo_2 | Cash Management Agreement made between At Home Stores LLC, At Home RMS Inc., At Home Procurement Inc., and At Home Gift Card LLC | 4/30/2017 | $0.00 |
| 53 | At Home Stores LLC, At Home RMS Inc., and At Home Procurement Inc. | 9000 Cypress Waters Blvd, Coppell, TX 75019 | At Home Gift Card LLC | InterCo_2 | Cash Management Agreement made between At Home Stores LLC, At Home RMS Inc., At Home Procurement Inc., and At Home Gift Card LLC | 4/30/2017 | $0.00 |
| 54 | AT&T | 208 S Akard St., Dallas, TX 75202 | At Home Stores LLC | NJ-0026 | Master Agreement made by and between At Home Stores LLC and AT&T. | 12/21/2018 | $25,561.30 |
| 55 | AT&T | 208 S Akard St., Dallas, TX 75202 | At Home Stores LLC | NJ-0027 | Service Agreement (ADI & Bandwidth) made by and between At Home Stores LLC and AT&T (ID: 2489670) | 7/8/2022 | $0.00 |
| 56 | AT&T | 208 S Akard St., Dallas, TX 75202 | At Home Stores LLC | NJ-0028 | Service Agreement (Bandwidth) made by and between At Home Stores LLC and AT&T (ID: 2573470) | 7/6/2022 | $0.00 |
| 57 | Ativion | 10300 SW Greenburg Rd, Suite 303, Portland, OR 97223 | At Home Stores LLC | NJ-0018 | Order Form made by and between At Home Stores LLC and Ativion. | 7/1/2025 | $0.00 |
| 58 | Aurus, Inc. | One Edgewater Drive, Suite 200, Norwood, MA 02062 | At Home Stores LLC | L-00008 | Service Agreement (Auruspay E-commerce) made by and between At Home Stores LLC and Aurus, Inc. | 10/31/2020 | $0.00 |
| 59 | Aurus, Inc. | 1 Edgewater Drive, Suite 200, Norwood, MA 02062 | At Home Stores LLC | MSA-00123 | Statement of Work (AurusPay In-store Change Request) made by and between At Home Stores LLC and Aurus, Inc. | 3/11/2025 | $0.00 |
| 60 | Aurus, Inc. | 1 Edgewater Drive, Suite 200, Norwood, MA 02062 | At Home Stores LLC | SOW-00013 | Statement of Work (Synchrony Apply & Buy) made by and between At Home Stores LLC and Aurus, Inc. | 10/22/2024 | $0.00 |
| 61 | Aurus, Inc. | 1 Edgewater Drive, Suite 200, Norwood, MA 02062 | At Home Stores LLC | SOW-00085 | Statement of Work (Aurus iFrame/JSSDK) made by and between At Home Stores LLC and Aurus, Inc. | 1/1/2025 | $0.00 |
| 62 | Aurus, Inc. | 1 Edgewater Drive, Suite 200, Norwood, MA 02062 | At Home Stores LLC | SOW-00126 | Statement of Work (Paypage URL) made by and between At Home Stores LLC and Aurus, Inc. | 2/6/2025 | $0.00 |
| 63 | Aurus, Inc. | 1 Edgewater Drive, Suite 200, Norwood, MA 02062 | At Home Stores LLC | SOW-00171 | Statement of Work (Klarna BNPL) made by and between At Home Stores LLC and Aurus, Inc. | 3/11/2025 | $0.00 |
| 64 | Aurus, Inc. | 1 Edgewater Drive, Suite 200, Norwood, MA 02062 | At Home Stores LLC | SOW-00297 | Statement of Work (Synchrony Apply & Buy with Updated Scope Items) made by and between At Home Stores LLC and Aurus, Inc. | 6/18/2025 | $0.00 |
| 65 | Autodesk Inc. | One Market Ste 400, San Francisco, CA 94105 | At Home Stores LLC | NJ-0145 | Service Agreement made by and between At Home Stores LLC and Autodesk Inc.. | 4/7/2025 | $0.00 |
| 66 | Avalara, Inc. | 255 S. King St., Suite 1800, Seattle, WA 98104 | At Home Stores LLC | L-00009 | Master Service Agreement made by and between At Home Stores LLC and Avalara, Inc. | 6/5/2020 | $0.00 |
| 67 | Avalara, Inc. | 255 S. King St., Suite 1800, Seattle, WA 98104 | At Home Stores LLC | L-00180 | Sales Order made by and between At Home Stores LLC and Avalara, Inc. Dated 10/15/2024 ECM Premium 2024-2025 | 10/15/2024 | $0.00 |
| 68 | Avalara, Inc. | 255 S. King St., Suite 1800, Seattle, WA 98104 | At Home Stores LLC | L-00181 | Sales Order made by and between At Home Stores LLC and Avalara, Inc. Dated 10/5/2024 AvaTax 2024-2025 | 10/5/2024 | $0.00 |
| 69 | Avalara, Inc. | 255 S. King St., Suite 1800, Seattle, WA 98104 | At Home Stores LLC | L-00182 | Sales Order made by and between At Home Stores LLC and Avalara, Inc. ECM Premium 2025-2026 | | $0.00 |
| 70 | Avalara, Inc. | 255 S. King St., Suite 1800, Seattle, WA 98104 | At Home Stores LLC | L-00183 | Sales Order made by and between At Home Stores LLC and Avalara, Inc. AvaTax 2025-2026 | | $0.00 |
| 71 | Axonify Inc. | 180 King Street, Suite 505, Waterloo, ON N2J 1P8 | At Home Stores LLC | L-00011 | Master Subscription Agreement made by and between At Home Stores LLC and Axonify Inc. | 6/1/2014 | $0.00 |
| 72 | Axonify Inc. | 450 Phillip St, Waterloo, ON N2L 5J2, Canada | At Home Stores LLC | OF-00108 | Order Form made by and between At Home Stores LLC and Axonify Inc. | 1/31/2025 | $0.00 |
| 73 | Baker Tilly Virchow Krause, LLP | PO Box 7398, Madison, WI 53707 | At Home Stores LLC | L-00223 | State and Local Tax Compliance and Consulting Services Agreement made by and between At Home Stores LLC and BAKER TILLY VIRCHOW KRAUSE, LLP | 5/30/2025 | $103,186.22 |
| 74 | Baker Tilly Virchow Krause, LLP | PO Box 7398, Madison, WI 53707 | At Home Stores LLC | L-00224 | State and Local Tax Consulting Services Agreement (Texas SUT Managed Audit) made by and between At Home Stores LLC and BAKER TILLY VIRCHOW KRAUSE, LLP | 5/30/2025 | $0.00 |
| 75 | Belwave Communications, Inc. | P.O. Box 121729, Fort Worth, TX 76121 | At Home Stores LLC | L-00017 | Professional Services Agreement made by and between At Home Stores LLC and BelWave Communications, Inc. | 7/18/2023 | $511.24 |
| 76 | Ben Segal | Address Redacted | At Home Stores LLC | CA-00121 | Consulting Agreement made by and between At Home Stores LLC and Ben Segal. | 1/31/2025 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|-----|-------------------|----------------------|---------------|-------------|---------------------|---------------|-------------|
| 77 | Blake Cannady | Address Redacted | At Home Stores LLC | MKTG-23 | This Service Agreement is made by and between AT HOME STORES LLC and Blake Cannady. | 4/30/2025 | $0.00 |
| 78 | Blue Cross And Blue Shield Of Texas | 1001 East Lookout Drive, Richardson, TX 75082 | At Home Stores LLC | L-00016 | Professional Services Agreement made by and between At Home Stores LLC and BLUE CROSS AND BLUE SHIELD OF TEXAS. | 1/1/2022 | $0.00 |
| 79 | Blue Yonder Inc | 15059 North Scottsdale Rd., Scottsdale, AZ 85254 | At Home Stores LLC | NJ-0055 | Cloud Services Subscription and Professional Services Agreement (Schedule 2) made by and between At Home Stores LLC and BLUE YONDER INC. | 6/28/2024 | $0.00 |
| 80 | Bluecore, Inc. | 222 Broadway, 16th Fl, New York, NY 10038 | At Home Stores LLC | MSA-00220 | Master Service Agreement made by and between At Home Stores LLC and Bluecore, Inc. | 1/17/2025 | $0.00 |
| 81 | Bluewater Advisory | 909 Hallford Street, Sykesville, MD 21784 | At Home Stores LLC | SOW-00033 | Statement of Work made by and between At Home Stores LLC and Bluewater Advisory. | 1/17/2025 | $0.00 |
| 82 | Bond Brand Loyalty ULC | 25 King Street West, Commerce Court North, 20th Floor, Toronto, Ontario M5L 2A1, Canada | At Home Stores LLC | MSA-00151 | Master Service Agreement made by and between At Home Stores LLC and Bond Brand Loyalty ULC. | 2/21/2025 | $0.00 |
| 83 | Bonded Filter Co. LLC | 545 Mainstream Drive, Suite 250, Nashville, TN 37228 | At Home Stores LLC | FAC-4 | Service Agreement made by and between At Home Stores LLC and BONDED FILTER CO. LLC. | 9/30/2024 | $4,299.02 $0.00 |
| 84 | Boomi, LP | 1400 Liberty Ridge Drive, Chesterbrook, PA 19087 | At Home Stores LLC | L-00018 | Order Form made by and between At Home Stores LLC and Boomi, LP (Q-66764) | 8/20/2022 | $0.00 |
| 85 | Boomi, LP | 1400 Liberty Ridge Drive, Chesterbrook, PA 19087 | At Home Stores LLC | L-00019 | Order Form (Premier Support & Standard Connection) made by and between At Home Stores LLC and Boomi, LP. | 4/21/2023 | $0.00 |
| 86 | Bortner Bros Inc | 160 Crossway Drive, York, PA 17402 | At Home Stores LLC | FAC-5 | Service Agreement made by and between AT HOME STORES LLC and Bortner Bros Inc. | 3/28/2023 | $0.00 |
| 87 | Bortner Bros Inc | 160 Crossway Drive, York, PA 17402 | At Home Stores LLC | FAC-30 | Service Agreement made by and between AT HOME STORES LLC and Bortner Bros Inc. | 5/21/2025 | $0.00 |
| 88 | BP Energy Retail Company LLC | 501 Westlake Park Blvd., Houston, TX 77079 | At Home Stores LLC | UTILITY-5 | Utility Agreement made by and between At Home Stores LLC and BP Energy Retail Company LLC. | 9/19/2023 | $62,425.30 |
| 89 | Bravo Technical Resources, Inc. | 4835 LBJ Freeway, Suite 1000, Dallas, TX 75244 | At Home Stores LLC | L-00020 | Professional Services Agreement (Amendment 2) made by and between At Home Stores LLC and Bravo Technical Resources, Inc. | 5/21/2020 | $0.00 |
| 90 | Bravo Technical Resources, Inc. | 4835 LBJ Freeway, Suite 1000, Dallas, TX 75244 | At Home Stores LLC | L-00021 | Service Agreement made by and between At Home Stores LLC and Bravo Technical Resources, Inc. | 11/14/2013 | $0.00 |
| 91 | Bravo Technical Resources, Inc. | 4835 LBJ Freeway, Suite 1000, Dallas, TX 75244 | At Home Stores LLC | NJ-005 | Professional Services Agreement (Addendum A) made by and between At Home Stores LLC and Bravo Technical Resources, Inc. | 2/10/2021 | $0.00 |
| 92 | Breakthroughfuel LLC | 1175 Lombardi Avenue, Green Bay, WI 54304 | At Home Stores LLC | MSA-00078 | Master Service Agreement made by and between At Home Stores LLC and BreakthroughFuel LLC. | 1/2/2025 | $0.00 |
| 93 | Breakthroughfuel LLC | 1175 Lombardi Avenue, Green Bay, WI 54304 | At Home Stores LLC | SOW-00080 | Statement of Work made by and between At Home Stores LLC and BreakthroughFuel LLC. | 2/1/2025 | $0.00 |
| 94 | Brendan Maloney | Address Redacted | At Home Stores LLC | MKTG-21 | This Service Agreement is made by and between AT HOME STORES LLC and Brendan Maloney. | 9/20/2024 | $0.00 |
| 95 | Brielle Imana | Address Redacted | At Home Stores LLC | CA-00162 | Consulting Agreement made by and between At Home Stores LLC and Brielle Imana. | 2/24/2025 | $0.00 |
| 96 | Brightedge Technologies, Inc. | 989 E. Hillsdale Blvd, Suite 300, Foster City, CA 94404 | At Home Stores LLC | L-00022 | Master Service Agreement made by and between At Home Stores LLC and BrightEdge Technologies, Inc. | 3/1/2022 | $0.00 |
| 97 | Brightedge Technologies, Inc. | 3 East Third Avenue, Suite 200, San Mateo, CA 94401 | At Home Stores LLC | OF-00014 | Order Form made by and between At Home Stores LLC and BrightEdge Technologies, Inc. | 1/17/2025 | $0.00 |
| 98 | Brink's U.S., A Division of Brink's, Incorporated | 555 Dividend Drive, Suite 100, Coppell, TX 75019 | At Home Stores LLC | L-00191 | Master Service Agreement and Statement of Work made by and between At Home Stores LLC and Brink's U.S., a Division of Brink's, Incorporated Dated 10/5/2015 | 10/5/2015 | $18,615.79 |
| 99 | Bruce Baker | Address Redacted | At Home Stores LLC | FAC-60 | Service Agreement made by and between AT HOME STORES LLC and Bruce Baker. | 6/3/2025 | $0.00 |
| 100 | Bryghtpath LLC | 79 Fifth Avenue, 3rd Floor, New York, NY 10003 | At Home Stores LLC | L-00023 | Master Service Agreement made by and between At Home Stores LLC and Bryghtpath LLC. | 11/19/2020 | $0.00 |
| 101 | BTM Global Retail Services LLC | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | L-00028 | Statement of Work #1 made by and between At Home Stores LLC and BTM Global Retail Services LLC. | 5/14/2024 | $0.00 |
| 102 | BTM Global Retail Services LLC | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | MSA-00135 | Amendment 1 to Statement of Work #2 made by and between At Home Stores LLC and BTM Global Retail Services LLC. | 2/14/2025 | $19,065.00 $0.00 |
| 103 | BTM Global Retail Services LLC | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | SOW-00211 | Amendment 2 to Statement of Work #2 made by and between At Home Stores LLC and BTM Global Retail Services LLC. | 2/14/2025 | $0.00 |
| 104 | BTM Global Retail Services LLC | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | SOW-00226 | Statement of Work #4 made by and between At Home Stores LLC and BTM Global Retail Services LLC. | 7/9/2025 | $0.00 |
| 105 | BTM Global Retail Services LLC | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | SOW-00012 | Statement of Work #2 made by and between At Home Stores LLC and BTM Global Retail Services LLC. | 7/9/2025 | $0.00 |
| 106 | BTM Global Retail Services LLC | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | SOW-00096 | Statement of Work #3 made by and between At Home Stores LLC and BTM Global Retail Services LLC. | 12/31/2024 | $0.00 |
| 107 | BTM Global Retail Services LLC | 330 South Second Avenue, Suite 450, Minneapolis, MN 55401 | At Home Stores LLC | L-00026 | Master Service Agreement made by and between At Home Stores LLC and BTM Global Retail Services, LLC. | 5/10/2024 | $0.00 |
| 108 | Buxton Company, LLC | 2651 South Polaris Drive, Fort Worth, TX 76137 | At Home Stores LLC | MSA-00136 | Master Service Agreement made by and between At Home Stores LLC and Buxton Company, LLC. | 12/3/2024 | $0.00 |
| 109 | Caine Krieger | Address Redacted | At Home Stores LLC | MKTG-22 | This Service Agreement is made by and between AT HOME STORES LLC and Caine Krieger. | 2/5/2023 | $0.00 |
| 110 | Calm.com, Inc. | 77 Geary Street, Third Floor, San Francisco, CA 94108 | At Home Stores LLC | L-00029 | Order Form made by and between At Home Stores LLC and Calm.com, Inc. | 12/29/2022 | $0.00 |
| 111 | Canteen One, LLC | PO Box 417632, Boston, MA 10003 | At Home Stores LLC | MSA-00243 | Master Service Agreement made by and between At Home Stores LLC and Canteen One, LLC. | 5/1/2025 | $7,449.40 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 112 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | L-00030 | Statement of Work 4 (Network Management POD) Order Form made by and between At Home Stores LLC and Capgemini America, Inc. | 10/6/2023 | $104,670.97 |
| 113 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | L-00031 | Master Service Agreement made by and between At Home Stores LLC and Capgemini America, Inc. | 5/11/2023 | $0.00 |
| 114 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | L-00033 | Resale Agreement made by and between At Home Stores LLC and Capgemini Technologies LLC. | 4/24/2024 | $0.00 |
| 115 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | L-00039 | Statement of Work #6 (Network Transformation & Modernization) made by and between At Home Stores LLC and Capgemini America, Inc. | 4/29/2024 | $0.00 |
| 116 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | L-00036 | Statement of Work #3 (Network Assessment) made by and between At Home Stores LLC and Capgemini America, Inc. | 5/31/2023 | $0.00 |
| 117 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | L-00034 | Statement of Work (Network Segmentation) made by and between At Home Stores LLC and Capgemini America, Inc. | 5/31/2023 | $0.00 |
| 118 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | OF-00249 | Order Form (Ingram_Palo_3 Year) made by and between At Home Stores LLC and Capgemini Technologies LLC. | 5/28/2025 | $0.00 |
| 119 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | OF-00248 | Order Form (Cisco Cloud Mgt) made by and between At Home Stores LLC and Capgemini Technologies LLC. | 5/29/2025 | $0.00 |
| 120 | Capgemini America, Inc. | 400 Broadacres Dr, Bloomfield, NJ 07003 | At Home Stores LLC | SOW-00262 | Statement of Work #7 (Firewall Modernization) made by and between At Home Stores LLC and Capgemini Technologies LLC. | 6/1/2025 | $0.00 |
| 121 | Caron & Bletzer, PLLC | 1 Librart Lane, Kingston, NH 03848 | At Home Stores LLC | SOW-00219 | Statement of Work made by and between At Home Stores LLC and Caron & Bletzer, PLLC. | 5/13/2025 | $0.00 |
| 122 | Carstens, Allen & Gourley, LLP | 111 Broadway, Suite 603, New York, NY 10006 | At Home Stores LLC | L-00040 | Master Service Agreement made by and between At Home Stores LLC and Carstens, Allen & Gourley, LLP. | 9/19/2023 | $0.00 |
| 123 | Carts And Parts, Inc. | 8525 Sw 2Nd Street, Oklahoma City, OK 73128 | At Home Stores LLC | FAC-32 | Service Agreement made by and between AT HOME STORES LLC and Carts and Parts, Inc. | 4/28/2025 | $285.54 |
| 124 | Case FMS, LLC | 356 John L Dietsch Blvd, North Attleboro, MA 02763 | At Home Stores LLC | L-00041 | Master Service Agreement made by and between At Home Stores LLC and Case FMS, LLC. | 5/16/2024 | ~~$167,907.75~~ $157,126.64 |
| 125 | Cbx Software Limited | 909 Cheung Sha Wan Road, Lai Chi Kok, Kowloon, Unit 1601-1604, Hong Kong | At Home Stores LLC | NJ-0116 | Service Agreement made by and between At Home Stores LLC and CBX Software Limited. | 6/23/2025 | $0.00 |
| 126 | CCA and B, LLC | 3350 Riverwood Parkway SE, Suite 300, Atlanta, GA 30339 | At Home Procurement Inc. | NJ-155 | License Agreement made by and between At Home Procurement and CCA and B, LLC. Dated 5/26/2022 | 5/26/2022 | $0.00 |
| 127 | Central Alert, Inc. | PO Box 810453, Dallas, TX 75381 | At Home Stores LLC | FAC-6 | Service Agreement made by and between At Home Stores LLC and Central Alert, Inc. | 1/16/2025 | $0.00 |
| 128 | Century Distribution Systems, Inc. | 303 2nd Street, South Tower, Suite 800, San Francisco, CA 94107 | At Home Procurement Inc. | L-00043 | Schedule A made by and between At Home Procurement Inc. and Century Distribution Systems, Inc. | 5/3/2023 | $0.00 |
| 129 | Century Distribution Systems, Inc. | 303 2nd Street, South Tower, Suite 800, San Francisco, CA 94107 | At Home Procurement Inc. | L-00044 | Logistics Agreement made by and between At Home Procurement Inc. and Century Distribution Systems, Inc. | 5/2/2023 | $0.00 |
| 130 | Century Distribution Systems, Inc. | 303 2nd Street, South Tower, Suite 800, San Francisco, CA 94107 | At Home Procurement Inc. | L-00045 | Logistics Agreement (Amendment 1) made by and between At Home Procurement Inc. and Century Distribution Systems, Inc. | 6/22/2023 | $0.00 |
| 131 | Century Distribution Systems, Inc. | 4860 Cox Road, Suite 210, Glen Allen, VA 23060 | At Home Procurement Inc. | SC-00075 | Addendum 1 to Logistics Agreement made by and between At Home Procurement Inc. and Century Distribution Systems, Inc. | 11/4/2024 | $0.00 |
| 132 | CenturyLink | 100 CenturyLink Drive, Monroe, LA 71201 | At Home Stores LLC | NJ-0058 | Total Advantage Agreement made by and between At Home Stores LLC and CenturyLink. | 6/29/2017 | $9,729.98 |
| 133 | CenturyLink | 100 CenturyLink Drive, Monroe, LA 71201 | At Home Stores LLC | NJ-0059 | Total Advantage Agreement (Amendment 1) made by and between At Home Stores LLC and CenturyLink. | 8/3/2018 | $0.00 |
| 134 | CenturyLink | 100 CenturyLink Drive, Monroe, LA 71201 | At Home Stores LLC | NJ-0060 | Order Form made by and between At Home Stores LLC and CenturyLink (DOC-0001053693). | 4/7/2022 | $0.00 |
| 135 | CenturyLink | 100 CenturyLink Drive, Monroe, LA 71201 | At Home Stores LLC | NJ-0061 | Order Form made by and between At Home Stores LLC and CenturyLink (DOC-0001060241). | 4/13/2022 | $0.00 |
| 136 | CenturyLink | 100 CenturyLink Drive, Monroe, LA 71201 | At Home Stores LLC | NJ-0062 | Order Form made by and between At Home Stores LLC and CenturyLink (DOC-0001086457). | 7/8/2022 | $0.00 |
| 137 | CenturyLink | 100 CenturyLink Drive, Monroe, LA 71201 | At Home Stores LLC | NJ-0063 | Order Form made by and between At Home Stores LLC and CenturyLink (DOC-0001086500). | 7/8/2022 | $0.00 |
| 138 | CenturyLink | 100 CenturyLink Drive, Monroe, LA 71201 | At Home Stores LLC | NJ-0064 | Order Form made by and between At Home Stores LLC and CenturyLink (DOC-0001087185) | 7/13/2022 | $0.00 |
| 139 | Cesar Del Rio | Address Redacted | At Home Stores LLC | MKTG-27 | This Service Agreement is made by and between AT HOME STORES LLC and Cesar Del Rio. | 3/5/2025 | $0.00 |
| 140 | Charles Grant | Address Redacted | At Home Stores LLC | MKTG-24 | This Service Agreement is made by and between AT HOME STORES LLC and Charles Grant. | 3/25/2025 | $0.00 |
| 141 | Chris Taylor | Address Redacted | At Home Stores LLC | MKTG-43 | This Service Agreement is made by and between AT HOME STORES LLC and Chris Taylor. | 5/7/2025 | $0.00 |
| 142 | Cintas Corporation No 2 | 4310 Metro Parkway, Fort Myers, FL 33916 | At Home Group Inc. | FAC-35 | Service Agreement made by and between At Home Group Inc. and Cintas Corporation No 2. | 7/19/2024 | $111,783.00 |
| 143 | Cisco Systems, Inc. | 170 West Tasman Drive, San Jose, CA 95134 | At Home Stores LLC | NJ-0030 | Enterprise Agreement made by and between At Home Stores LLC and Cisco Systems, Inc. | 5/1/2022 | $0.00 |
| 144 | City Electric Supply | P.O. Box 1006, Wilbraham, MA 01095 | At Home Stores LLC | FAC-11 | Service Agreement made by and between AT HOME STORES LLC and CITY ELECTRIC SUPPLY. | 5/15/2025 | $0.00 |
| 145 | CMA CGM S.A. | 5701 Lake Wright Drive, Norfolk, VA 23502 | At Home Procurement Inc. | MSA-00266 | Service Contract (25-0874) and Amendment 1 to Service Contract made by and between At Home Procurement Inc. and CMA CGM S.A. | 5/1/2025 | $0.00 |
| 146 | CMA CGM S.A. | 5701 Lake Wright Drive, Norfolk, VA 23502 | At Home Procurement Inc. | MSA-00267 | Amendment 2 to Service Contract (25-0874) made by and between At Home Procurement Inc. and CMA CGM S.A. | 5/30/2025 | $0.00 |
| 147 | CMA CGM S.A. | 5701 Lake Wright Drive, Norfolk, VA 23502 | At Home Procurement Inc. | MSA-00282 | Amendment 3 to Service Contract (25-0874) made by and between At Home Procurement Inc. and CMA CGM S.A. | 6/3/2025 | $0.00 |
| 148 | Codi Putnam | Address Redacted | At Home Stores LLC | WA-00153 | Waivers - Financial made by and between At Home Stores LLC and Codi Putnam. | 2/25/2025 | $0.00 |
| 149 | Cognira, LLC | P.O. Box 13415, Atlanta, GA 30324 | At Home Stores LLC | NJ-0089 | Terms and Conditions Agreement made by and between At Home Stores LLC and COGNIRA, LLC. | 8/19/2022 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 150 | Cognira, LLC | P.O. Box 13415, Atlanta, GA 30324 | At Home Stores LLC | NJ-0090 | Statement of Work made by and between At Home Stores LLC and COGNIRA, LLC. | 8/22/2022 | $0.00 |
| 151 | Comnet Communications, LLC | 1420 Lakeside Parkway, Suite 110, Flower Mound, TX 75028 | At Home Stores LLC | NJ-0031 | Service Agreement made by and between At Home Stores LLC and COMNET COMMUNICATIONS, LLC. | 1/19/2024 | $0.00 |
| 152 | Concord USA, Inc. | 509 Second Avenue South, Hopkins, MN 55343 | At Home Stores LLC | MSA-00142 | Master Service Agreement made by and between At Home Stores LLC and Concord USA, LLC. | 2/3/2025 | $67,616.00 |
| 153 | Concord USA, Inc. | 509 Second Avenue South, Hopkins, MN 55343 | At Home Stores LLC | SOW-00216 | Statement of Work made by and between At Home Stores LLC and Concord USA, LLC. | 5/1/2025 | $0.00 |
| 154 | Concur Technologies, Inc. | 62157 Collections Center Drive, Chicago, IL 60693 | At Home Stores LLC | L-00046 | Order Form made by and between At Home Stores LLC and Concur Technologies, Inc (3/29/2024) | 3/29/2024 | $0.00 |
| 155 | Concur Technologies, Inc. | 62157 Collections Center Drive, Chicago, IL 60693 | At Home Stores LLC | OF-00177 | Order Form made by and between At Home Stores LLC and Concur Technologies, Inc (3/3/2025) | 3/3/2025 | $0.00 |
| 156 | Constellation Newenergy, Inc. | 1001 Louisiana St., Constellation Suite 2300, Houston, TX 77002 | At Home Stores LLC | UTILITY-2 | Utility Agreement made by and between At Home Stores LLC and Constellation NewEnergy, Inc.. | 2/8/2023 | $0.00 |
| 157 | Constellation Newenergy, Inc. | 1001 Louisiana St., Constellation Suite 2300, Houston, TX 77002 | At Home Stores LLC | UTILITY-9 | Utility Agreement made by and between At Home Stores LLC and Constellation NewEnergy, Inc.. | 4/28/2023 | $0.00 |
| 158 | Constellation Newenergy, Inc. | 1001 Louisiana St., Constellation Suite 2300, Houston, TX 77002 | At Home Stores LLC | UTILITY-11 | Utility Agreement made by and between At Home Stores LLC and Constellation NewEnergy, Inc.. | 3/31/2023 | $0.00 |
| 159 | Constellation Newenergy, Inc. | 1001 Louisiana St., Suite 2300, Houston, TX 77002 | At Home Stores LLC | UTILITY-22 | Utility Agreement (UDC Account Number 8178095039) made by and between At Home Stores LLC and Constellation NewEnergy, Inc. | 3/17/2023 | $0.00 |
| 160 | Constellation Newenergy, Inc. | 1001 Louisiana St., Suite 2300, Houston, TX 77002 | At Home Stores LLC | UTILITY-23 | Utility Agreement made by and between At Home Stores LLC and Constellation NewEnergy, Inc. | 3/17/2023 | $0.00 |
| 161 | Constellation Newenergy, Inc. | 1001 Louisiana St., Suite 2300, Houston, TX 77002 | At Home Stores LLC | UTILITY-24 | Utility Agreement (UDC Account Number 4436011023) made by and between At Home Stores LLC and Constellation NewEnergy, Inc. | 3/17/2023 | $0.00 |
| 162 | Consumer Insights Inc. d/b/a Emicity | 5455 Corporate Dr, Troy, MI 48098 | At Home Stores LLC | MSA-00055 | Master Service Agreement made by and between At Home Stores LLC and Consumer Insights Inc. d/b/a Emicity. | 1/6/2025 | $0.00 |
| 163 | Conversant Group, LLC | 1513 Cowart Street, Chattanooga, TN 37408 | At Home Stores LLC | SOW-00056 | Statement of Work made by and between At Home Stores LLC and Conversant Group, LLC. | 1/13/2025 | $40,000.00 |
| 164 | Corsearch, Inc. | 303 2nd Street, South Tower, Suite 800, San Francisco, CA 94107 | At Home Stores LLC | L-00047 | Master Service Agreement made by and between At Home Stores LLC and Corsearch, Inc. | 3/28/2024 | $0.00 |
| 165 | CPV Retail Energy LLC | 2245 Texas Drive, Suite 400, Sugar Land, TX 77479 | At Home Stores LLC | UTILITY-6 | Utility Agreement made by and between At Home Stores LLC and CPV Retail Energy LLC. | 4/29/2024 | $0.00 |
| 166 | CPV Retail Energy LLC | 2245 Texas Drive, Suite 400, Sugar Land, TX 77479 | At Home Stores LLC | UTILITY-12 | Utility Agreement (295 N Hubbards Lane Suite 102) made by and between At Home Stores LLC and CPV Retail Energy LLC. | 3/2/2023 | $0.00 |
| 167 | CPV Retail Energy LLC | 2245 Texas Drive, Suite 400, Sugar Land, TX 77479 | At Home Stores LLC | UTILITY-14 | Utility Agreement (4932 Portage Street NW) made by and between At Home Stores LLC and CPV Retail Energy LLC. | 3/2/2023 | $0.00 |
| 168 | CRA International, Inc. | 200 Clarendon St, Boston, MA 02116 | At Home Stores LLC | MSA-00082 | Professional Services Agreement made by and between At Home Stores LLC and Charles River Associates. | 12/20/2024 | $137,387.38 |
| 169 | CRA International, Inc. | 200 Clarendon St, Boston, MA 02116 | At Home Stores LLC | SOW-00083 | Statement of Work made by and between At Home Stores LLC and Charles River Associates | 12/20/2024 | $0.00 |
| 170 | CRA International, Inc. | 200 Clarendon St, Boston, MA 02116 | At Home Stores LLC | SOW-00118 | Amendment to SOW made by and between At Home Stores LLC and Charles River Associates. | 1/31/2024 | $0.00 |
| 171 | Crosscom | 900 N Deerfield Parkway, Buffalo Grove, IL 60089 | At Home Stores LLC | L-00049 | Master Service Agreement made by and between At Home Stores LLC and CROSSCOM NATIONAL, LLC. | 3/25/2021 | $13,472.09 |
| 172 | Crosscom | 900 N Deerfield Parkway, Buffalo Grove, IL 60089 | At Home Stores LLC | L-00050 | Statement of Work made by and between At Home Stores LLC and CROSSCOM NATIONAL, LLC. | 3/25/2021 | $0.00 |
| 173 | Crst Expedited, Inc. | 3930 16th Avenue SW, Cedar Rapids, IA 52404 | At Home Stores LLC | MTA-00198 | Master Transportation Agreement made by and between At Home Stores LLC and CRST Expedited, Inc. | 5/1/2025 | $0.00 |
| 174 | Cyrusone LLC | 7301 Metropolis, Bldg 6, Austin, TX 78744 | At Home Stores LLC | NJ-0032 | Master Service Agreement made by and between At Home Stores LLC and CYRUSONE LLC. | 4/16/2015 | $25.26 |
| 175 | Cyrusone LLC | 7301 Metropolis, Bldg 6, Austin, TX 78744 | At Home Stores LLC | NJ-0033 | Order Form Renewal (O-50981) made by and between At Home Stores LLC and CYRUSONE LLC. | 11/28/2023 | $0.00 |
| 176 | Cyrusone LLC | 7301 Metropolis, Bldg 6, Austin, TX 78744 | At Home Stores LLC | NJ-0034 | Order Form Renewal (O-50983) made by and between At Home Stores LLC and CYRUSONE LLC. | 11/16/2023 | $0.00 |
| 177 | Cyrusone LLC | 7301 Metropolis, Austin, TX 78744 | At Home Stores LLC | NJ-0125 | Order Form (O-53203) made by and between At Home Stores LLC and CYRUSONE LLC. | 2/20/2024 | $0.00 |
| 178 | Daniel Mendenhall | Address Redacted | At Home Stores LLC | CA-00284 | Consulting Agreement made by and between At Home Stores LLC and Daniel Mendenhall. | 6/14/2025 | $0.00 |
| 179 | David Zambeck | Address Redacted | At Home Stores LLC | MKTG-28 | This Service Agreement is made by and between AT HOME STORES LLC and David Zambeck (Contractor). | 4/24/2024 | $0.00 |
| 180 | Dbk Concepts Inc. | 12905 S.W. 129 AVE., Miami, FL 33186 | At Home Stores LLC | NJ-0122 | Order Form (Zebra - 4500018233) made by and between At Home Stores LLC and DBK CONCEPTS INC.. | 12/6/2023 | $58,310.60 |
| 181 | Dbk Concepts Inc. | 12905 S.W. 129 AVE., Miami, FL 33186 | At Home Stores LLC | NJ-0147 | Order Form (Ivanti - P000006253) made by and between At Home Stores LLC and DBK CONCEPTS INC.. | 3/28/2025 | $0.00 |
| 182 | Delta Dental Insurance Company | 1130 Sanctuary Parkway, Alpharetta, GA 30009 | At Home Stores LLC | HR-5 | Benefits Agreement made by and between At Home Stores LLC and Delta Dental Insurance Company. | 1/1/2023 | $0.00 |
| 183 | Dematic Corp. | 507 Plymouth Avenue NE, Grand Rapids, MI 49505 | At Home Stores LLC | NJ-0038 | Director IT Upgrade Proposal Addendum made by and between At Home Stores LLC and DEX IMAGING, LLC. Dematic Corp. | 9/12/2023 | $0.00 |
| 184 | Dematic Corp. | 507 Plymouth Avenue NE, Grand Rapids, MI 49505 | At Home Stores LLC | NJ-0040 | Remote Support Program (Project 136332) and Amendment to Remote Support Program Service Agreement made by and between At Home Stores LLC and DEMATIC CORP. Corp.. | 8/25/2023 | $0.00 |
| 185 | Denise Morales | Address Redacted | At Home Stores LLC | MKTG-37 | This Service Agreement is made by and between AT HOME STORES LLC and Denise Morales (Contractor). | 12/5/2024 | $0.00 |
| 186 | Dex Imaging, LLC | 5109 W Lemon Street, Tampa, FL 33609 | At Home Stores LLC | SC-00064 | Schedule made by and between At Home Stores LLC and DEX IMAGING, LLC. | 4/1/2025 | $0.00 |
| 187 | Dex Imaging, LLC | 5109 W Lemon Street, Tampa, FL 33609 | At Home Stores LLC | MSA-00298 | Master Service Agreement made by and between At Home Stores LLC and DEX IMAGING, LLC. | 7/1/2025 | $79,948.82 |
| 188 | Dex Imaging, LLC | 5109 W Lemon Street, Tampa, FL 33609 | At Home Stores LLC | NJ-0041 | Addendum made by and between At Home Stores LLC and DEX IMAGING, LLC. | 2/17/2023 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|-----|-------------------|---------------------|---------------|-------------|---------------------|---------------|-------------|
| 189 | Dex Imaging, LLC | 5109 W Lemon Street, Tampa, FL 33609 | At Home Stores LLC | NJ-0042 | Service Agreement made by and between At Home Stores LLC and DEX IMAGING, LLC. | 2/17/2023 | $0.00 |
| 190 | Direct Energy Business, LLC | 1001 Liberty Avenue, Pittsburgh, PA 15222 | At Home Stores LLC | OF-00164 | Order Form made by and between At Home Stores LLC and Direct Energy Business, LLC. | 2/27/2025 | $0.00 |
| 191 | Direct Energy Business, LLC | 1001 Liberty Avenue, Pittsburgh, PA 15222 | At Home Stores LLC | OF-00122 | Order Form made by and between At Home Stores LLC and Direct Energy Business, LLC. | 2/5/2025 | $0.00 |
| 192 | Direct Energy Business, LLC | 1001 Liberty Ave, Pittsburgh, PA 15222 | At Home Stores LLC | UTILITY-3 | Utility Agreement made by and between At Home Stores LLC and Direct Energy Business, LLC. | 5/9/2024 | $56,496.08 |
| 193 | Direct Energy Business, LLC | 910 Louisiana Street, Houston, TX 77002 | At Home Stores LLC | UTILITY-27 | Utility Agreement made by and between At Home Stores LLC and Direct Energy Business, LLC. | 2/16/2024 | $0.00 |
| 194 | Discount Waste | 250 Scientific Dr, Peachtree Corners, GA 30092 | At Home Stores LLC | FAC-62 | Service Agreement made by and between AT HOME STORES LLC and Discount Waste. | 6/18/2025 | $1,149.00 |
| 195 | Discovery Benefits, LILC | 4321 20th Avenue South, Fargo, ND 58103 | At Home Stores LLC | HR-4 | Benefits Agreement made by and between At Home Stores LLC and Discovery Benefits, LLC. | 1/1/2020 | $0.00 |
| 196 | DM Trans, LLC | 7701 Metropolis Drive, Building 1, Austin, TX 78744 | At Home Procurement Inc. | L-00052 | Master Transportation Agreement made by and between At Home Procurement Inc. and DM Trans, LLC dba Arrive Logistics (11/1/2023) | 11/1/2023 | $0.00 |
| 197 | DM Trans, LLC | 7701 Metropolis Drive, Building 1, Austin, TX 78744 | At Home Procurement Inc. | MTA-00197 | Master Transportation Agreement made by and between At Home Procurement Inc. and DM Trans, LLC dba Arrive Logistics (5/1/2025) | 5/1/2025 | $0.00 |
| 198 | Drafthorse Solutions, LLC | PO Box 505, Richmond, VT 05477 | At Home Stores LLC | MSA-00116 | Statement of Work (SSO Implementation) made by and between At Home Stores LLC and Drafthorse Solutions, LLC. | 1/28/2025 | $0.00 |
| 199 | Drafthorse Solutions, LLC | PO Box 505, Richmond, VT 05477 | At Home Stores LLC | SOW-00006 | Statement of Work #1140 made by and between At Home Stores LLC and Drafthorse Solutions, LLC. | 9/27/2024 | $0.00 |
| 200 | Drafthorse Solutions, LLC | PO Box 505, Richmond, VT 05477 | At Home Stores LLC | OF-00011 | Statement of Work (Workhouse Subscriptions) made by and between At Home Stores LLC and Drafthorse Solutions, LLC. | 10/18/2024 | $0.00 |
| 201 | Drafthorse Solutions, LLC | P.O. Box 505, Richmond, VT 05477 | At Home Stores LLC | MKTG-50 | Statement of Work #1096 made by and between At Home Stores LLC and DRAFTHORSE SOLUTIONS. LLC. | 10/24/2022 | $0.00 |
| 202 | Drafthorse Solutions, LLC | P.O. Box 505, Richmond, VT 05477 | At Home Stores LLC | MKTG-51 | Statement of Work #1101 made by and between At Home Stores LLC and DRAFTHORSE SOLUTIONS. LLC. | 10/17/2022 | $0.00 |
| 203 | Drafthorse Solutions, LLC | P.O. Box 505, Richmond, VT 05477 | At Home Stores LLC | MKTG-52 | Master Service Agreement made by and between At Home Stores LLC and DRAFTHORSE SOLUTIONS. LLC | 10/17/2022 | $0.00 |
| 204 | Drewry Shipping Consultants Ltd | 35-41 Folgate Street, London, LON E1 6BX | At Home Stores LLC | MSA-00213 | Master Service Agreement made by and between At Home Stores LLC and DREWRY SHIPPING CONSULTANTS LTD. | 5/6/2025 | $0.00 |
| 205 | DVClean Indy, LLC | Suite 200 11 Municipal Drive, Fishers, IN 46038 | At Home Stores LLC | FAC-38 | Service Agreement made by and between AT HOME STORES LLC and DVClean indy, LLC. | 3/6/2023 | $0.00 |
| 206 | Dynegy Energy Services East, LLC | 6555 Sierra Drive, Irving, TX 75039 | At Home Stores LLC | UTILITY-15 | Utility Agreement (Q-02475595) made by and between At Home Stores LLC and Dynegy Energy Services East, LLC. | 9/7/2023 | $0.00 |
| 207 | Dynegy Energy Services East, LLC | 6555 Sierra Drive, Irving, TX 75039 | At Home Stores LLC | UTILITY-16 | Utility Agreement (Q-02474498) made by and between At Home Stores LLC and Dynegy Energy Services East, LLC. | 9/7/2023 | $0.00 |
| 208 | Dynegy Energy Services East, LLC | 6555 Sierra Drive, Irving, TX 75039 | At Home Stores LLC | UTILITY-17 | Utility Agreement (Q-02474502) made by and between At Home Stores LLC and Dynegy Energy Services East, LLC. | 9/7/2023 | $0.00 |
| 209 | Dynegy Energy Services East, LLC | 6555 Sierra Drive, Irving, TX 75039 | At Home Stores LLC | UTILITY-18 | Utility Agreement (Q-02259167) made by and between At Home Stores LLC and Dynegy Energy Services East, LLC. | 9/7/2023 | $0.00 |
| 210 | Dynegy Energy Services East, LLC | 6555 Sierra Drive, Irving, TX 75039 | At Home Stores LLC | UTILITY-19 | Utility Agreement (Q-02474506) made by and between At Home Stores LLC and Dynegy Energy Services East, LLC. | 9/7/2023 | $0.00 |
| 211 | E2Open, LLC | 5900 Balcones Drive Suite 4306, Austin, TX 78731 | At Home Procurement Inc. | L-00057 | Master Service Agreement made by and between At Home Procurement Inc. and E2open, LLC. | 8/11/2023 | $0.00 |
| 212 | E2Open, LLC | 5900 Balcones Drive Suite 4306, Austin, TX 78731 | At Home Procurement Inc. | L-00058 | Order Form made by and between At Home Procurement Inc. and E2open, LLC. | 8/11/2023 | $0.00 |
| 213 | ECM Transport LLC | 14507 Frontier Road, Omaha, NE 68138 | At Home Procurement Inc. | L-00059 | Master Transportation Agreement made by and between At Home Procurement Inc. and ECM TRANSPORT. | 11/1/2023 | $0.00 |
| 214 | ECM Transport LLC | 14507 Frontier Road, Omaha, NE 68138 | At Home Procurement Inc. | MTA-00205 | Master Transportation Agreement (Appendix F) made by and between At Home Procurement Inc. and ECM TRANSPORT LLC. | 5/1/2025 | $0.00 |
| 215 | ECM Transport LLC & Werner Enterprises, Inc. | 14507 Frontier Road, Omaha, NE 68138 | At Home Procurement Inc. | MTA-00206 | Master Transportation Agreement made by and between At Home Procurement Inc., ECM TRANSPORT LLC, and Werner Enterprises, Inc. | 5/1/2025 | $0.00 |
| 216 | ECM Transport LLC & Werner Enterprises, Inc. | 14507 Frontier Road, Omaha, NE 68138 | At Home Procurement Inc. | MSA-00276 | First Amendment to Master Transport Agreement made by and between At Home Procurement Inc., ECM Transport LLC, and Werner Enterprises, Inc. | 6/3/2025 | $0.00 |
| 217 | Elite Entrances | 30225 Tudor Way, Suite B, Magnolia, TX 77355 | At Home Stores LLC | FAC-63 | Service Agreement made by and between AT HOME STORES LLC and Elite Entrances. | 5/1/2025 | $0.00 |
| 218 | Elwood Staffing Services, Inc. | 4111 Central Ave, Columbus, IN 47203 | At Home Stores LLC | STFA-00242 | Staffing Agreement made by and between At Home Stores LLC and ELWOOD STAFFING SERVICES, INC. | 6/17/2025 | $0.00 |
| 219 | Emplifi, Inc. | 4200 Regent Street, Suite 200, Columbus, OH 43219 | At Home Stores LLC | MSA-00053 | Master Service Agreement made by and between At Home Stores LLC and Emplifi, Inc. | 12/20/2024 | $0.00 |
| 220 | Engie Resources LLC | 1360 Post Oak Blvd., Suite 400, Houston, TX 77056 | At Home Stores LLC | UTILITY-25 | Utility Agreement (Agreement #: E221RG65) made by and between At Home Stores LLC and ENGIE Resources LLC. | 3/16/2023 | $0.00 |
| 221 | Engie Resources LLC | 1360 Post Oak Blvd., Suite 400, Houston, TX 77056 | At Home Stores LLC | UTILITY-26 | Utility Agreement (Agreement #: E221RG3Z) made by and between At Home Stores LLC and ENGIE Resources LLC. | 3/16/2023 | $0.00 |
| 222 | Epsilon Data Management, LLC | 11030 Circle Point Dr, Westminster, CO 80020 | At Home Stores LLC | SOW-00300 | Service Agreement made by and between At Home Stores LLC and EPSILON DATA MANAGEMENT, LLC. | 1/7/2019 | $10,039.51 |
| 223 | Eric Holman | Address Redacted | At Home Stores LLC | SOW-00182 | Statement of Work made by and between At Home Stores LLC and ERIC HOLMAN. | 4/1/2025 | $0.00 |
| 224 | Eric Montes | Address Redacted | At Home Stores LLC | MKTG-3 | This Service Agreement is made by and between AT HOME STORES LLC and Eric Montes. | 5/8/2025 | $0.00 |
| 225 | Ernst & Young LLP | 3712 Solutions Center, Chicago, IL 60677-3007 | At Home Stores LLC | SOW-00170 | Statement of Work made by and between At Home Stores LLC and Ernst & Young LLP. | 3/10/2025 | $0.00 |
| 226 | Ethico | 8615 Cliff Cameron Dr, Ste 290, Charlotte, NC 28269 | At Home Stores LLC | MSA-00119 | Master Service Agreement made by and between At Home Stores LLC and Ethico. | 2/12/2025 | $0.00 |
| 227 | Etron Digital LLC | 1560 E Southlake Blvd, Suite 100, Southlake, TX 76092 | At Home Stores LLC | L-00060 | Master Service Agreement made by and between At Home Stores LLC and eTron Digital LLC. | 8/11/2023 | $0.00 |
| 228 | Etron Digital LLC | 1560 E Southlake Blvd, Suite 100, Southlake, TX 76092 | At Home Stores LLC | L-00062 | Statement of Work (2023 - 02) made by and between At Home Stores LLC and eTron Digital LLC. | 12/1/2023 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 229 | Etron Digital LLC | 1560 E Southlake Blvd, Suite 100, Southlake, TX 76092 | At Home Stores LLC | NJ-0043 | Statement of Work (2024 - 03) made by and between At Home Stores LLC and ETRON DIGITAL LLC. | 8/1/2024 | $0.00 |
| 230 | Etron Digital LLC | 1560 E Southlake Blvd, Suite 100, Southlake, TX 76092 | At Home Stores LLC | NJ-0044 | Statement of Work (2024 - 04) made by and between At Home Stores LLC and ETRON DIGITAL LLC. | 8/16/2024 | $0.00 |
| 231 | Etron Digital LLC | 1560 E Southlake Blvd, Suite 100, Southlake, TX 76092 | At Home Stores LLC | NJ-0045 | Statement of Work (MDxM360) made by and between At Home Stores LLC and ETRON DIGITAL LLC. | 8/14/2023 | $0.00 |
| 232 | Evergreen Air Solutions | 11414 West Park Place, Suite 202, Milwaukee, WI 53224 | At Home Stores LLC | SOW-00225 | Statement of Work made by and between At Home Stores LLC and Evergreen Air Solutions. | 4/21/2025 | ~~$30,940.26~~ $14,329.37 |
| 233 | Evergreen Shopping Agency (America) Corporation | One Evertrust Plaza, Jersey City, NJ 07302 | At Home Stores LLC | MSA-00228 | Master Service Agreement (Carlisle) made by and between At Home Stores LLC and Evergreen Shopping Agency (America) Corporation. | 5/14/2025 | $0.00 |
| 234 | Evergreen Shopping Agency (America) Corporation | One Evertrust Plaza, Jersey City, NJ 07302 | At Home Stores LLC | MSA-00227 | Master Service Agreement (Plano) made by and between At Home Stores LLC and Evergreen Shopping Agency (America) Corporation. | 5/14/2025 | $0.00 |
| 235 | Evergreen Site Solutions | Suite 300 141 New Shackle Island Rd, Hendersonville, TN 37075 | At Home Stores LLC | FAC-39 | Service Agreement made by and between AT HOME STORES LLC and EverGreen Site Solutions. | 8/9/2023 | $0.00 |
| 236 | Exactera LLC | 520 White Plains Rd, 2nd Floor, Terrytown, NY 10591 | At Home Stores LLC | L-00232 | SaaS Agreement & Addendum made by and between At Home Stores LLC and EXACTERA LLC (formerly CrossBorder Solutions) | 9/5/2023 | $30,000.00 |
| 237 | Expeditors International Of Washington, Inc. | 5300 Hwy 146, Seabrook, TX 77586 | At Home Procurement Inc. | L-00063 | Services Agreement made by and between At Home Procurement Inc. and Expeditors International of Washington, Inc. | 5/1/2023 | $0.00 |
| 238 | Expeditors Tradewin, LLC | 1015 Third Avenue, Seattle, WA 98104 | At Home Procurement Inc. | L-00166 | Master Service Agreement made by and between At Home Procurement Inc. and Expeditors Tradewin, LLC. | 7/1/2023 | $0.00 |
| 239 | Expeditors Tradewin, LLC | 1015 Third Avenue, Seattle, WA 98104 | At Home Procurement Inc. | L-00169 | Statement of Work made by and between At Home Procurement Inc. and Expeditors Tradewin, LLC. | 7/7/2023 | $0.00 |
| 240 | Fidelity Life Insurance Company | 3130 Broadway, Kansas City, MO 64111-2406 | At Home Stores LLC | HR-8 | Benefits Agreement made by and between At Home Stores LLC and Fidelity Life Insurance Company. | 1/1/2023 | $0.00 |
| 241 | First Data Merchant Services, LLC | 9444 Waples Street, San Diego, CA 92121 | At Home Stores LLC | NJ-0047 | Payeezy Addendum to the Master Service Agreement made by and between At Home Stores LLC and First Data Merchant Services, LLC. | 5/22/2019 | $0.00 |
| 242 | First Data Merchant Services, LLC | 9444 Waples Street, San Diego, CA 92121 | At Home Stores LLC | NJ-0048 | Service Agreement made by and between At Home Stores LLC and First Data Merchant Services, LLC. | 1/11/2024 | $0.00 |
| 243 | Flexengage LLC | 7803 Blue Quail LN, Orlando, FL 32835 | At Home Stores LLC | MKTG-49 | Master Service Agreement made by and between At Home Stores LLC and FLEXENGAGE LLC. Dated 5/22/2020 | 5/22/2020 | $0.00 |
| 244 | Flexential | 600 Forest Point Circle, Suite 100, Charlotte, NC 28273 | At Home Stores LLC | L-00064 | Amendment to Master Services Agreement Extension (Q-5150) made by and between At Home Stores LLC and Flexential Corp. | 12/12/2019 | $0.00 |
| 245 | Flexential | 600 Forest Point Circle, Suite 100, Charlotte, NC 28273 | At Home Stores LLC | L-00065 | Order Form (Renewal Quote Q-133539) made by and between At Home Stores LLC and FLEXENTIAL. | 1/31/2024 | $0.00 |
| 246 | Flexential | 600 Forest Point Circle, Suite 100, Charlotte, NC 28273 | At Home Stores LLC | NJ-0050 | Master Services Agreement Extension (Q-55150) made by and between At Home Stores LLC and Flexential Corp. | 11/26/2019 | $0.00 |
| 247 | Flock Freight, Inc. | 701 S Coast Hwy 101, Encinitas, CA 92024 | At Home Stores LLC | MSA-00232 | Master Service Agreement made by and between At Home Stores LLC and Flock Freight, Inc. | 5/19/2025 | $0.00 |
| 248 | Foley & Lardner LLP | 777 E Wisconsin Ave, Milwaukee, WI 53202 | At Home Stores LLC | D-00009 | Service Agreement made by and between At Home Stores LLC and FOLEY & LARDNER LLP | 6/1/2025 | $10,000.00 |
| 249 | Freepoint Energy Solutions LLC | 3050 Post Oak Blvd, Suite 1330, Houston, TX 77056 | At Home Stores LLC | UTILITY-7 | Utility Agreement made by and between At Home Stores LLC and Freepoint Energy Solutions LLC. | 3/1/2025 | $4,443.30 |
| 250 | Gabe Ortiz | Address Redacted | At Home Stores LLC | MKTG-19 | This Service Agreement is made by and between AT HOME STORES LLC and Gabriel Ortiz. | 2/8/2023 | $0.00 |
| 251 | General Datatech LP | 999 Metromedia Place, Dallas, TX 75247 | At Home Stores LLC | SOW-00051 | Statement of Work made by and between At Home Stores LLC and General Datatech, L.P. | 12/12/2024 | $0.00 |
| 252 | Geodis Transportation Solutions LLC | 1000 Abernathy Road, Suite 1400, Atlanta, GA 30328 | At Home Procurement Inc. | L-00066 | Master Transportation Agreement made by and between At Home Procurement Inc. and GeodTransportation Solutions LLC. | 7/1/2023 | $0.00 |
| 253 | Glide Rite Corporation | 21115 Oxnard Street, Woodland Hills, CA 91367 | At Home Stores LLC | FAC-19 | Service Agreement made by and between At Home Stores LLC and GLIDE RITE CORPORATION. | 1/29/2025 | $499.58 |
| 254 | Gnosis Companies, Inc. | 997 Morrison Drive, Suite 304, Charleston, SC 29403 | At Home Stores LLC | MSA-00114 | Master Service Agreement made by and between At Home Stores LLC and Gnosis Companies, Inc. | 1/31/2025 | $0.00 |
| 255 | Gnosis Companies, Inc. | 997 Morrison Drive, Suite 304, Charleston, SC 29403 | At Home Stores LLC | OF-00115 | Order Form (CLM Platform) made by and between At Home Stores LLC and Gnosis Companies, Inc. | 1/31/2025 | $0.00 |
| 256 | Gnosis Companies, Inc. | 3812 Springhill Ave, Mobile, AL 36608 | At Home Stores LLC | SOW-00117 | Scope of Services Agreement made by and between At Home Stores LLC and Gnosis Companies, Inc. | 1/31/2025 | $0.00 |
| 257 | Grace Steagall | Address Redacted | At Home Stores LLC | MKTG-5 | This Service Agreement is made by and between AT HOME STORES LLC and Grace Steagall. | 6/5/2025 | $0.00 |
| 258 | Gracie Chavez | Address Redacted | At Home Stores LLC | MKTG-1 | This Service Agreement is made by and between AT HOME STORES LLC and Gracie Chavez. | 3/10/2025 | $0.00 |
| 259 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | L-00068 | Master Service Agreement made by and between At Home Stores LLC and Granite Telecommunications, LLC. | 10/11/2019 | $81,493.68 |
| 260 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | L-00069 | Order Form made by and between At Home Stores LLC and Granite Telecommunications, LLC. | 10/7/2019 | $0.00 |
| 261 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | SC-00050 | Schedule made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 12/9/2024 | $0.00 |
| 262 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | MSA-00148 | Third Amendment to Master Service Agreement made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 3/20/2025 | $0.00 |
| 263 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | NJ-0123 | First Amendment to Master Service Agreement made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 5/26/2022 | $0.00 |
| 264 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | NJ-0137 | Service Agreement (Store 278) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 6/4/2025 | $0.00 |
| 265 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | NJ-0138 | Service Agreement (Store 288) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 6/4/2025 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|-----|-------------------|---------------------|---------------|-------------|---------------------|---------------|-------------|
| 266 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | NJ-0139 | Service Agreement (Store 291) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 6/4/2025 | $0.00 |
| 267 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | NJ-0140 | Service Agreement (Store 305) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 6/4/2025 | $0.00 |
| 268 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | NJ-0142 | Service Agreement (Store 331) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 6/4/2025 | $0.00 |
| 269 | Granite Telecommunications, LLC | 100 Newport Avenue Ext., Quincy, MA 02171 | At Home Stores LLC | NJ-0143 | Service Agreement (Store 365) made by and between At Home Stores LLC and GRANITE TELECOMMUNICATIONS, LLC. | 6/4/2025 | $0.00 |
| 270 | Groves & Company LLC | 222 West Las Colinas Blvd, Irving, TX 75039 | At Home Stores LLC | L-00070 | Master Service Agreement made by and between At Home Stores LLC and Groves & Company LLC. | 12/18/2023 | $0.00 |
| 271 | Groves & Company LLC | 222 West Las Colinas Blvd, Irving, TX 75039 | At Home Stores LLC | L-00071 | Statement of Work (Jaggaer One Implementation) made by and between At Home Stores LLC and Groves & Company LLC. | 12/19/2023 | $0.00 |
| 272 | Groves & Company LLC | Pmb902 9901 Brodie Lane Suite 160, Austin, TX 78748 | At Home Stores LLC | SOW-00199 | Statement of Work (Jaggaer Optimization) made by and between At Home Stores LLC and GROVES & COMPANY LLC. | 4/3/2025 | $0.00 |
| 273 | Gulf Winds International Inc | 222 West Las Colinas Blvd, Irving, TX 75039 | At Home Procurement Inc. | L-00072 | Master Transportation Agreement made by and between At Home Procurement Inc. and GULF WINDS INTERNATIONAL INC. | 7/1/2023 | $0.00 |
| 274 | Habitat For Humanity International | 270 Peachtree St, Ste 1300, Atlanta, GA 30265 | At Home Stores LLC | MSA-00217 | Master Service Agreement made by and between At Home Stores LLC and HABITAT FOR HUMANITY INTERNATIONAL. | 1/1/2025 | $0.00 |
| 275 | Health Care Service Corporation | 1001 E. Lookout Drive, Richardson, TX 75082 | At Home Stores LLC | HR-1 | Benefits Program Application (ASO BPA) made by and between At Home Stores LLC and Health Care Service Corporation. | 1/1/2025 | $0.00 |
| 276 | Health Care Service Corporation | 1001 E. Lookout Drive, Richardson, TX 75082 | At Home Stores LLC | HR-6 | Administrative Services Agreement made by and between At Home Stores LLC and Health Care Service Corporation. | 12/3/2019 | $0.00 |
| 277 | Heidi Adams | Address Redacted | At Home Stores LLC | MKTG-4 | This Service Agreement is made by and between AT HOME STORES LLC and Heidi Adams. | 10/21/2023 | $0.00 |
| 278 | Hilco Real Estate, LLC | 5 Revere Drive, Suite 320, Northbrook, IL 60062 | At Home Stores LLC | L-00202 | Consulting and Advisory Services Agreement made by and between At Home Stores LLC and Hilco Real Estate, LLC | 11/4/2019 | $0.00 |
| 279 | Hireright LLC | 3349 Michaelson Dr, Suite 150, Irvine, CA 92612 | At Home Stores LLC | L-00230 | Service Agreement made by and between At Home Stores LLC and HIRERIGHT LLC | 11/30/2020 | $21,859.14 |
| 280 | Hmm Co., Ltd | 50 Beale Street, Suite 600, San Francisco, CA 94105 | At Home Procurement Inc. | L-00075 | Master Transportation Agreement (US2322007 AMD0) made by and between At Home Procurement Inc. and HMM CO., LTD. | 4/20/2023 | $0.00 |
| 281 | Hmm Co., Ltd. | 50 Beale Street, Suite 600, San Francisco, CA 94105 | At Home Procurement Inc. | L-00076 | Master Transportation Agreement (US2422007 AMD0) made by and between At Home Procurement Inc. and HMM Co., Ltd. | 5/1/2024 | $0.00 |
| 282 | HO Wolding dba Bison Transport USA | 365 West Passaic Street, Suite 455, Rochelle Park, NJ 07662 | At Home Procurement Inc. | L-00077 | Master Transportation Agreement made by and between At Home Procurement Inc. and HO Wolding DBA Bison Transport USA. | 11/20/2023 | $0.00 |
| 283 | Hudson Energy Services, LLC | 5251 Westheimer Road, Suite 1000, Houston, TX 77056 | At Home Stores LLC | UTILITY-10 | Utility Agreement made by and between At Home Stores LLC and Hudson Energy Services, LLC | 7/13/2022 | $996.50 |
| 284 | IBM Corporation | PO Box 643600, Pittsburgh, PA 15264 | At Home Stores LLC | NJ-0051 | Software as a Service Agreement made by and between At Home Stores LLC and IBM CORPORATION. | 9/29/2021 | $3,939.94 |
| 285 | IBM Corporation | PO Box 643600, Pittsburgh, PA 15264 | At Home Stores LLC | NJ-0150 | Master Service Agreement made by and between At Home Stores LLC and IBM CORPORATION. | 1/23/2012 | $0.00 |
| 286 | Imperial Paving, LLC | 1058 Us Hwy 92 W, Auburndale, FL 33823 | At Home Stores LLC | FAC-40 | Service Agreement made by and between AT HOME STORES LLC and Imperial Paving, LLC (5/28/2025) | 5/28/2025 | $0.00 |
| 287 | Imperial Paving, LLC | 1058 Us Hwy 92 W, Auburndale, FL 33823 | At Home Stores LLC | FAC-41 | Service Agreement made by and between AT HOME STORES LLC and Imperial Paving, LLC (3/6/2023) | 3/6/2023 | $0.00 |
| 288 | Indeed Inc | 200 West 6th Street, Floor 36, Austin, TX 78701 | At Home Stores LLC | L-00219 | Master Service Agreement made by and between At Home Stores LLC and Indeed Inc | | $36,744.89 |
| 289 | Infovision Inc | 800 East Campbell Road, Suite 388, Richardson, TX 75081 | At Home Stores LLC | NJ-0052 | Service Agreement made by and between At Home Stores LLC and INFOVISION INC. | 4/14/2025 | $29,866.65 $0.00 |
| 290 | Insight Global | 1224 Hammond Drive, Suite 1500, Atlanta, GA 30346 | At Home Stores LLC | SOW-00019 | Exhibit A to Master Services Agreement made by and between At Home Stores LLC and Insight Global. | 10/23/2024 | $0.00 |
| 291 | Insight Global | 1224 Hammond Drive, Suite 1500, Atlanta, GA 30346 | At Home Stores LLC | NJ-0146 | Master Service Agreement made by and between At Home Stores LLC and Insight Global. | 10/2/2017 | $0.00 |
| 292 | Intelligize | 1920 Association Drive, Suite 200, Reston, VA 20191 | At Home Stores LLC | OF-00009 | Order Form made by and between At Home Stores LLC and Intelligize. | 10/20/2024 | $0.00 |
| 293 | Intelligrated Systems, LLC | 7901 Innovation Way, Mason, OH 45040 | At Home Stores LLC | NJ-0053 | Amendment to Service and Maintenance Agreement made by and between At Home Stores LLC and INTELLIGRATED SYSTEMS, LLC | 4/1/2024 | $0.00 |
| 294 | Intelligrated Systems, LLC | 7901 Innovation Way, Mason, Ohio 45040 | At Home Stores LLC | SC-00016 | Service and Maintenance Agreement made by and between At Home Stores LLC and Intelligrated Systems, LLC. | 12/9/2024 | $0.00 |
| 295 | Intralinks, Inc. | 623 3rd Avenue, 10th Floor, New York, NY 10017 | At Home Stores LLC | SC-00010 | Schedule made by and between At Home Stores LLC and INTRALINKS, INC. | 9/2/2024 | $0.00 |
| 296 | Jaggaer, LLC | 3020 Carrington Mill Blvd, Suite 100, Morrisville, NC 27560 | At Home Stores LLC | L-00082 | Main Subscription Agreement made by and between At Home Stores LLC and JAGGAER, LLC. | 12/20/2022 | $0.00 |
| 297 | Jaggaer, LLC | 3020 Carrington Mill Blvd, Suite 100, Morrisville, NC 27560 | At Home Stores LLC | L-00083 | Order Form (Q-113854) made by and between At Home Stores LLC and JAGGAER, LLC. | 2/1/2024 | $0.00 |
| 298 | Jaggaer, LLC | 3020 Carrington Mill Blvd, Suite 100, Morrisville, NC 27560 | At Home Stores LLC | OF-00097 | Order Form (Q-151712) made by and between At Home Stores LLC and JAGGAER, LLC. | 1/14/2025 | $0.00 |
| 299 | James Edwards | Address Redacted | At Home Stores LLC | PSA-00260 | Professional Services Agreement made by and between At Home Stores LLC and James Edwards. | 6/8/2025 | $0.00 |
| 300 | Jason Janik | Address Redacted | At Home Stores LLC | WA-00109 | Waivers - Financial made by and between At Home Stores LLC and Jason Janik. | 4/9/2025 | $0.00 |
| 301 | Jay Sims | Address Redacted | At Home Stores LLC | MKTG-33 | This Service Agreement is made by and between AT HOME STORES LLC and Jerry Sims. | 4/11/2025 | $0.00 |
| 302 | Jennifer Hiemke | Address Redacted | At Home Stores LLC | WA-00127 | Waivers - Financial made by and between At Home Stores LLC and Jennifer Hiemke. | 2/10/2025 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 303 | Jennifer Spurlock | Address Redacted | At Home Stores LLC | MKTG-9 | This Service Agreement is made by and between AT HOME STORES LLC and Jennifer Spurlock. | 8/27/2024 | $0.00 |
| 304 | JFDB, Ltd | 10036 Springfield Pike, Cincinnati, OH 45215-1452 | At Home Stores LLC | FAC-2 | Service Agreement made by and between At Home Stores LLC and JFDB, LTD. | 4/15/2025 | $0.00 |
| 305 | JKB & Associates, Inc. | PO Box 99, Benton, KS 67017 | At Home Stores LLC | MSA-00101 | Master Agreement made by and between At Home Stores LLC and JKB & Associates, Inc. | 1/15/2025 | $0.00 |
| 306 | Jo Mondo | Address Redacted | At Home Stores LLC | MKTG-38 | This Service Agreement is made by and between AT HOME STORES LLC and Jo Mondo. | 2/27/2023 | $0.00 |
| 307 | John Sizer | Address Redacted | At Home Stores LLC | WA-00065 | Waivers - Financial made by and between At Home Stores LLC and John Sizer. | 12/6/2024 | $0.00 |
| 308 | Jonathan Chancy Felan | Address Redacted | At Home Stores LLC | WA-00090 | Waivers - Financial made by and between At Home Stores LLC and JONATHAN CHANCY FELAN. | 1/7/2025 | $0.00 |
| 309 | Jordan Stitt | Address Redacted | At Home Stores LLC | MKTG-39 | This Service Agreement is made by and between AT HOME STORES LLC and Jordan Stitt. | 5/12/2025 | $0.00 |
| 310 | Joseph Augustine | Address Redacted | At Home Stores LLC | WA-00032 | Waivers - Financial made by and between At Home Stores LLC and Joseph Augustine. | 11/7/2024 | $0.00 |
| 311 | Juan Romero | Address Redacted | At Home Stores LLC | MSA-00278 | Master Service Agreement made by and between At Home Stores LLC and Juan Romero. | 6/14/2025 | $0.00 |
| 312 | Kara Keith | Address Redacted | At Home Stores LLC | MKTG-29 | This Service Agreement is made by and between AT HOME STORES LLC and Kara Keith. | 4/30/2025 | $0.00 |
| 313 | Katrina Parker | Address Redacted | At Home Stores LLC | MKTG-26 | This Service Agreement is made by and between AT HOME STORES LLC and Katrina Parker. | 5/5/2025 | $0.00 |
| 314 | Kaya Houston | Address Redacted | At Home Stores LLC | MKTG-11 | This Service Agreement is made by and between AT HOME STORES LLC and Kaya Houston. | 5/29/2025 | $0.00 |
| 315 | Kelly Services | PO BOX 820405, Suite 340, Philadelphia, PA 19182-0405 | At Home Stores LLC | L-00085 | Master Staffing Agreement made by and between At Home Stores LLC and Kelly Services | 2/4/2021 | $0.00 |
| 316 | Kelly Services, Inc. | PO Box 820405, Philadelphia, PA 19182-0405 | At Home Stores LLC | L-00086 | Customer Services Agreement made by and between At Home Stores LLC and Kelly Services, Inc. | 2/6/2020 | $0.00 |
| 317 | Kim Dawson Agency | 1645 N Stemmons Fray HB, Dallas, TX 75207 | At Home Stores LLC | MKTG-8 | This Service Agreement is made by and between AT HOME STORES LLC and Kim Dawson Agency. | 5/16/2023 | $0.00 |
| 318 | Klarna Inc. | 800 N High St, Suite #04121, Columbus, OH 43215 | At Home Stores LLC | PSA-00026 | Cooperation Agreement made by and between At Home Stores LLC and Klarna Inc (1/13/2025) | 1/13/2025 | $0.00 |
| 319 | Klarna Inc. | 800 N High St, Suite #04121, Columbus, OH 43215 | At Home Stores LLC | OF-00159 | Cooperation Agreement made by and between At Home Stores LLC and Klarna Inc. (3/11/2025) | 3/11/2025 | $0.00 |
| 320 | KPMG LLP | 150 John F. Kennedy Parkway, Short Hills, NJ 07078 | At Home Stores LLC | SOW-00008 | Statement of Work (Goodwill and Other Intangibles Valuation Services) made by and between At Home Stores LLC and KPMG LLP. | 9/26/2024 | $0.00 |
| 321 | KPMG LLP | 150 John F. Kennedy Parkway, Short Hills, NY 07078 | At Home Stores LLC | SOW-00018 | Statement of Work (Stock Compensation Valuation Services) made by and between At Home Stores LLC and KPMG LLP. | 11/1/2024 | $0.00 |
| 322 | Kristin Green Meyer | Address Redacted | At Home Stores LLC | NFWA-00301 | Waiver - Non Financial made by and between At Home Stores LLC and Kristin Green Meyer. | 6/29/2025 | $0.00 |
| 323 | Kronos Incorporated | 297 Billerica Road, Chelmsford, MA 01824 | At Home Stores LLC | NJ-011 | Software as a Service made by and between At Home Stores LLC and Kronos Incorporated. | 12/30/2016 | $0.00 |
| 324 | Kyriba Corp. | 4435 Eastgate Mall, Suite 200, San Diego, CA 92121 | At Home Stores LLC | SAAS-00154 | Software as a Service made by and between At Home Stores LLC and Kyriba Corp. | 2/5/2025 | $0.00 |
| 325 | Last Mile Ventures, LLC | 6009 W Parker Rd, #149-370, Plano, TX 75093 | At Home Stores LLC | MSA-00143 | Master Service Agreement made by and between At Home Stores LLC and Last Mile Ventures, LLC. | 2/5/2025 | ~~$34,272.32~~ $0.00 |
| 326 | Lee Dirksen | Address Redacted | At Home Stores LLC | MKTG-20 | This Service Agreement is made by and between AT HOME STORES LLC and Lee Dirksen. | 8/24/2023 | $0.00 |
| 327 | Life Safety Engineered Systems | 60 Sonwil Drive, Buffalo, NY 14225 | At Home Stores LLC | FAC-64 | Service Agreement made by and between AT HOME STORES LLC and Life Safety. | 6/18/2025 | $53,043.51 |
| 328 | Lindsay Weatherread | Address Redacted | At Home Stores LLC | MKTG-12 | This Service Agreement is made by and between AT HOME STORES LLC and Lindsay Weatherread. | 5/29/2025 | $0.00 |
| 329 | Linkedin Corporation | 1000 W. Maude Avenue, Sunnyvale, CA 94085 | At Home Stores LLC | L-00097 | Order Form (FLD10093042554) made by and between At Home Stores LLC and LinkedIn Corporation. | 4/12/2024 | $0.00 |
| 330 | Linkedin Corporation | 1000 W. Maude Avenue, Sunnyvale, CA 94085 | At Home Stores LLC | OF-00175 | Order Form (FLD10920561884) made by and between At Home Stores LLC and LinkedIn Corporation. | 3/21/2025 | $0.00 |
| 331 | Lipsey Logistics Worldwide LLC | 5600 Brainerd Rd, Suite E-2, Chattanooga, TN 37411 | At Home Stores LLC | MSA-00222 | Master Service Agreement made by and between At Home Stores LLC and Lipsey Logistics Worldwide LLC. | 5/16/2025 | $0.00 |
| 332 | Litmus Software, Inc. | 675 Massachusetts Avenue, 10th Floor, Cambridge, MA 02139 | At Home Stores LLC | MKTG-48 | Master Subscription Agreement made by and between At Home Stores LLC and LITMUS SOFTWARE, INC. Dated 4/30/2021 | 4/30/2021 | $0.00 |
| 333 | Liveramp, Inc. | 225 Bush St., Floor 17, San Francisco, CA 94104 | At Home Stores LLC | MSA-00210 | Master Service Agreement made by and between At Home Stores LLC and LiveRamp, Inc. | 5/30/2024 | $0.00 |
| 334 | Madison "Claire" Dick | Address Redacted | At Home Stores LLC | MKTG-30 | This Service Agreement is made by and between AT HOME STORES LLC and Madison "Claire" Dick. | 9/7/2022 | $0.00 |
| 335 | Manhattan Associates | 2300 Windy Ridge Parkway, 10th Floor, Atlanta, GA 30339 | At Home Stores LLC | NJ-0065 | Order Form (Saas Subscription) made by and between At Home Stores LLC and MANHATTAN ASSOCIATES. | 8/29/2023 | $5,863.00 |
| 336 | Manhattan Associates | P O Box 405696, Atlanta, GA 30384-5696 | At Home Stores LLC | NJ-0066 | Statement of Work (Premier Support Program) made by and between At Home Stores LLC and MANHATTAN ASSOCIATES. | 3/1/2023 | $0.00 |
| 337 | Manhattan Associates | 2300 Windy Ridge Parkway, Atlanta, GA 30339 | At Home Stores LLC | L-00100 | Security Agreement made by and between At Home Stores LLC and Manhattan Associates, Inc. | 12/16/2002 | $0.00 |
| 338 | Manhattan Associates | 2300 Windy Ridge Parkway, Atlanta, GA 30339 | At Home Stores LLC | L-00101 | Addendum to Software License Agreement made by and between At Home Stores LLC and Manhattan Associates, Inc. (12/23/2002) | 12/23/2002 | $0.00 |
| 339 | Manhattan Associates | 2300 Windy Ridge Parkway, Atlanta, GA 30339 | At Home Stores LLC | L-00102 | Addendum to Software License Agreement made by and between At Home Stores LLC and Manhattan Associates, Inc (4/14/2006) | 4/14/2006 | $0.00 |
| 340 | Manhattan Associates | 2300 Windy Ridge Parkway, Atlanta, GA 30339 | At Home Stores LLC | L-00103 | Software License Agreement made by and between At Home Stores LLC and Manhattan Associates, Inc. | 11/22/2002 | $0.00 |
| 341 | Manhattan Associates | 2300 Windy Ridge Parkway, Atlanta, GA 30339 | At Home Stores LLC | L-00104 | Amendment to Statement of Work (Premier Support) made by and between At Home Stores LLC and Manhattan Associates, Inc. | 5/18/2022 | $0.00 |
| 342 | Manhattan Associates | 2300 Windy Ridge Parkway, Atlanta, GA 30339 | At Home Stores LLC | NJ-012 | Amendment to Software as a Service Agreement made by and between At Home Stores LLC and Manhattan Associates, Inc. | 5/7/2019 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 343 | Maplebear Inc. d/b/a Instacart | 3020 Carrington Mill Blvd, Suite 100, Morrisville, NC 27560 | At Home Stores LLC | L-00079 | Professional Services Agreement made by and between At Home Stores LLC and Maplebear Inc. d/b/a Instacart. | 4/19/2023 | $0.00 |
| 344 | Marcus Stitt | Address Redacted | At Home Stores LLC | CA-00279 | Consulting Agreement made by and between At Home Stores LLC and Marcus Stitt. | 6/12/2025 | $0.00 |
| 345 | Mark Herrmann | Address Redacted | At Home Stores LLC | MKTG-40 | This Service Agreement is made by and between AT HOME STORES LLC and MARK HERRMANN. | 5/10/2025 | $0.00 |
| 346 | Mark Nelson | Address Redacted | At Home Stores LLC | MKTG-14 | This Service Agreement is made by and between AT HOME STORES LLC and Mark Nelson (Contractor). | 9/17/2024 | $0.00 |
| 347 | Marten Transport, Ltd. | 129 Marten Street, Mondovi, WI 54755 | At Home Stores LLC | MTA-00189 | Master Transportation Agreement made by and between At Home Stores LLC and Marten Transport, Ltd. | 5/1/2025 | $0.00 |
| 348 | Maruthi Technologies Inc, dba Anblicks | 14911 Quorum Drive, Suite 390, Dallas, TX 75254 | At Home Stores LLC | MSA-00020 | Master Service Agreement made by and between At Home Stores LLC and Maruthi Technologies Inc, dba Anblicks. | 11/11/2024 | $0.00 |
| 349 | Maruthi Technologies Inc, dba Anblicks | 14911 Quorum Drive, Suite 390, Dallas, TX 75254 | At Home Stores LLC | SOW-00021 | Statement of Work made by and between At Home Stores LLC and Maruthi Technologies Inc, dba Anblicks. | 11/11/2024 | $0.00 |
| 350 | Mavrck LLC dba Later Influence | 53 State Street, Suite 2105, Boston, MA 02109 | At Home Stores LLC | MSA-00247 | Master Service Agreement made by and between At Home Stores LLC and Mavrck LLC dba Later Influence. | 6/3/2025 | $0.00 |
| 351 | Mcdonald Hopkins LLC | 2100 600 Superior Avenue East Suite, Cleveland, OH 44114 | At Home Stores LLC | L-00107 | Master Service Agreement made by and between At Home Stores LLC and McDonald Hopkins LLC. | 11/21/2023 | $0.00 |
| 352 | Melissa Cherry | Address Redacted | At Home Stores LLC | MKTG-10 | This Service Agreement is made by and between AT HOME STORES LLC and Melissa Cherry. | 5/15/2025 | $0.00 |
| 353 | Meredith Jensen | Address Redacted | At Home Stores LLC | Artist_4 | Artist agreement made by and between At Home Stores LLC and Meredith Jensen. | 6/30/2025 | $0.00 |
| 354 | Merit Roofing Systems, Inc. | 500 Industry Way Suite #40, Prosper, TX 75078 | At Home Stores LLC | FAC-61 | Service Agreement made by and between AT HOME STORES LLC and MERIT ROOFING SYSTEMS, INC. | 5/8/2025 | $1,581.00 |
| 355 | Micah Smith | Address Redacted | At Home Stores LLC | MKTG-15 | This Service Agreement is made by and between AT HOME STORES LLC and Micah Smith. | 5/8/2025 | $0.00 |
| 356 | Michael Quevedo | Address Redacted | At Home Stores LLC | MKTG-2 | This Service Agreement is made by and between AT HOME STORES LLC and MICHAEL QUEVEDO. | 9/18/2024 | $0.00 |
| 357 | Microsoft Corporation | 1950 N Stemmons Fwy, Suite 5010, Dallas, TX 75207 | At Home Stores LLC | NJ-0067 | Service Agreement made by and between At Home Stores LLC and Microsoft Corporation. | 5/30/2024 | $0.00 |
| 358 | Mimecast North America, Inc. | 5505 N Cumberland Ave, Suite 307, Chicago, IL 60656 | At Home Stores LLC | NJ-0131 | Service Agreement made by and between At Home Stores LLC and Mimecast North America, Inc.. | 11/8/2024 | $0.00 |
| 359 | Mood Media | 2100 S. IH-35, Frontage Rd., Suite 201, Austin, TX 78704 | At Home Stores LLC | MSA-00132 | Master Service Agreement made by and between At Home Stores LLC and Mood Media. | 2/24/2025 | $31,433.66 |
| 360 | Motion Industries, Inc. | PO Box 1477, Birmingham, AL 35201 | At Home Stores LLC | OF-00185 | Order Form made by and between At Home Stores LLC and MOTION INDUSTRIES, INC. | 3/14/2025 | $7,074.59<br>$0.00 |
| 361 | Movable Inc Dba Movable Ink | 1065 6th Ave, 9th Floor, New York, NY 10018 | At Home Stores LLC | MKTG-53 | Order Form made by and between At Home Stores LLC and MOVABLE INC DBA MOVABLE INK. Dated 1/1/2021 | 1/1/2021 | $0.00 |
| 362 | MP2 Energy LLC | 909 Fannin Street, Suite 3500, Houston, TX 77010 | At Home Stores LLC | UTILITY-1 | Utility Agreement made by and between At Home Stores LLC and MP2 Energy LLC. | 5/6/2024 | $5,429.57<br>$5,389.61 |
| 363 | Mullenlowe U.S., Inc | 8730 Stony Point Parkway, Richmond, VA 23235 | At Home Stores LLC | L-00108 | Master Service Agreement made by and between At Home Stores LLC and MULLENLOWE U.S., INC. | 1/27/2019 | $0.00 |
| 364 | Mw Electric | 3621 Campbell St., Plainfield, IN 46168 | At Home Stores LLC | FAC-43 | Service Agreement made by and between At Home Stores LLC and MW Electric. | | $0.00 |
| 365 | Myriad360, LLC | 150 Mid-Atlantic Pkwy, West Deptford, NJ 08066 | At Home Stores LLC | MSA-00062 | Master Service Agreement made by and between At Home Stores LLC and Myriad360, LLC. | 12/10/2024 | $0.00 |
| 366 | Nanoia Baling | 200 Frank Rd, Hicksville, NY 11801 | At Home Stores LLC | FAC-44 | Service Agreement made by and between AT HOME STORES LLC and Nanoia Baling. | 7/25/2023 | $0.00 |
| 367 | Netop Tech Inc (USA) | 10300 SW Greenburg Rd, Suite 303, Portland, OR 97223 | At Home Stores LLC | MSA-00039 | Master Service Agreement made by and between At Home Stores LLC and Netop Tech Inc (USA). | 3/31/2025 | $0.00 |
| 368 | New Legend Inc | 2050 Center Ave, Suite 100, Phoenix, AZ 85043 | At Home Procurement Inc. | L-00114 | Master Transportation Agreement made by and between At Home Procurement Inc. and NEW LEGEND INC (11/1/2023) | 11/1/2023 | $0.00 |
| 369 | New Legend Inc | 811 S. 59th Ave., Phoenix, AZ 85043 | At Home Procurement Inc. | MTA-00192 | Master Transportation Agreement made by and between At Home Procurement Inc. and New Legend Inc (5/1/2025) | 5/1/2025 | $0.00 |
| 370 | Nexrev, Inc. | 601 Development Drive, Plano, TX 75074 | At Home Stores LLC | MSA-00265 | Master Service Agreement made by and between At Home Stores LLC and NEXREV, INC. | 7/11/2025 | $0.00 |
| 371 | Nexrev, Inc. | 601 Development Drive, Plano, TX 75074 | At Home Stores LLC | SOW-00168 | Statement of Work (License Renewal) made by and between At Home Stores LLC and NEXREV, INC. | 2/28/2025 | $0.00 |
| 372 | Nfi Interactive Logistics, LLC | 2 Cooper Street, Camden, NJ 08102 | At Home Procurement Inc. | MSA-00221 | Trailer Lease Agreement made by and between At Home Procurement Inc. and NFI Interactive Logistics, LLC. | 5/20/2025 | $0.00 |
| 373 | Nick Halfhill | Address Redacted | At Home Stores LLC | CA-00120 | Consulting Agreement made by and between At Home Stores LLC and Nick Halfhill. | 2/4/2025 | $0.00 |
| 374 | Nick Nicholson | Address Redacted | At Home Stores LLC | MKTG-17 | This Service Agreement is made by and between AT HOME STORES LLC and Nick Nicholson. | 4/16/2024 | $0.00 |
| 375 | Norr LLC | 150 West Jefferson Avenue, Suite 1300, Detroit, MI 48226 | At Home Stores LLC | MSA-00112 | Master Service Agreement made by and between At Home Stores LLC and NORR LLC. | 1/22/2025 | $4,003.61 |
| 376 | Northfield Telecommunications, LLC. | 20809 Kensington Boulevard, Lakeville, MN 55044 | At Home Stores LLC | MSA-00245 | Master Service Agreement made by and between At Home Stores LLC and Northfield Telecommunications, Inc. | 6/1/2025 | $8,237.61 |
| 377 | NRG Business Marketing LLC | 804 Carnegie Center, Princeton, NJ 08540 | At Home Stores LLC | OF-00166 | Order Form (Proposal Id: 68733619) made by and between At Home Stores LLC and NRG Business Marketing LLC. | 2/28/2025 | $0.00 |
| 378 | NRG Business Marketing LLC | 804 Carnegie Center, Princeton, NJ 08540 | At Home Stores LLC | OF-00165 | Order Form (Proposal Id: 68744424) made by and between At Home Stores LLC and NRG Business Marketing LLC. | 2/28/2025 | $0.00 |
| 379 | NRG Business Marketing LLC | 804 Carnegie Center, Princeton, NJ 08540 | At Home Stores LLC | UTILITY-20 | Utility Agreement (Utility Account #: 196431650015) made by and between At Home Stores LLC and NRG Business Marketing LLC. | 5/9/2024 | $3,709.83<br>$1,424.29 |
| 380 | NRG Business Marketing LLC | 804 Carnegie Center, Princeton, NJ 08540 | At Home Stores LLC | UTILITY-21 | Utility Agreement (Utility Account #: 91012172895321101153340) made by and between AT HOME Stores LLC and NRG Business Marketing LLC. | 5/9/2024 | $0.00 |
| 381 | Ohio Heating | P.O. BOX 91203, Colombus, OH 43209 | At Home Stores LLC | FAC-75 | Service Agreement made by and between AT HOME STORES LLC and Ohio Heating. | 4/9/2025 | $0.00 |
| 382 | Oksana Kaiser | Address Redacted | At Home Stores LLC | MKTG-36 | This Service Agreement is made by and between AT HOME STORES LLC and Oksana Kaiser. | 6/28/2025 | $0.00 |
| 383 | Omni Logistics, LLC | 3200 Olympus Blvd., Dallas, TX 75019 | At Home Procurement Inc. | L-00118 | Master Transportation Agreement made by and between At Home Procurement Inc. and Omni Logistics, LLC (11/1/2023) | 11/1/2023 | $0.00 |
| 384 | Omni Logistics, LLC | 3200 Olympus Blvd., Suite 300, Coppell, TX 75019 | At Home Procurement Inc. | MTA-00191 | Master Transportation Agreement made by and between At Home Procurement Inc. and Omni Logistics, LLC (5/1/2025) | 5/1/2025 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 385 | On Set Management | 5700 Llano Avenue #2, Dallas, TX 75206 | At Home Stores LLC | MKTG-16 | This Service Agreement is made by and between AT HOME STORES LLC and On Set Management. | 2/9/2023 | $0.00 |
| 386 | Opsgenie Inc | 239 Causeway Street, Suite 300, Boston, MA 02114 | At Home Stores LLC | OF-00093 | Order Form made by and between At Home Stores LLC and OPSGENIE INC. | 12/27/2016 | $0.00 |
| 387 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | OF-00134 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-3210685 - 1) | 2/15/2025 | $0.00 |
| 388 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | OF-00212 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC (CPQ-3769197 - 1) | 4/29/2025 | $0.00 |
| 389 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | OF-00234 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-3801238 - 1) | 5/30/2025 | $0.00 |
| 390 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | OF-00160 | Amendment to Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-3210685-1) | 2/24/2025 | $0.00 |
| 391 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | OF-00017 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (US-17678430) | 10/30/2024 | $0.00 |
| 392 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0072 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-2987885 - 1) | 8/23/2023 | $253,036.32 $42,015.72 |
| 393 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0073 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-2602743 - 1) | 8/12/2022 | $0.00 |
| 394 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0074 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-3435079 - 1) | 5/28/2024 | $0.00 $64,432.84 |
| 395 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0076 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-2723965 - 1) | 10/28/2022 | $0.00 $34,497.37 |
| 396 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0077 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-2762176 - 1) | 5/31/2023 | $0.00 |
| 397 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0078 | Order Form (Time & Materials Services) made by and between At Home Stores LLC and ORACLE AMERICA INC. | 11/1/2022 | $0.00 |
| 398 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0079 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (US-14567158) | 2/27/2023 | $0.00 |
| 399 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0080 | General Terms Agreement made by and between At Home Stores LLC and ORACLE AMERICA INC. | 10/31/2022 | $0.00 |
| 400 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0081 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-2630073 - 1) | 10/26/2022 | $0.00 $112,090.39 |
| 401 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0083 | Order Form made by and between At Home Stores LLC and ORACLE AMERICA INC. (CPQ-3313883 - 1) | 4/30/2024 | $0.00 |
| 402 | Oracle America Inc | 500 Oracle Parkway, Redwood Shores, CA 94065 | At Home Stores LLC | NJ-0084 | Retail Xstore Extensions Source Code Agreement made by and between At Home Stores LLC and ORACLE AMERICA INC. | 7/12/2024 | $0.00 |
| 403 | Oscar Vasquez Torres | Address Redacted | At Home Stores LLC | MKTG-25 | This Service Agreement is made by and between AT HOME STORES LLC and Oscar Vasquez Torres. | 8/4/2023 | $0.00 |
| 404 | Ovative Group, LLC | 729 Washington Ave N, Suite 1000, Minneapolis, MN 55401 | At Home Stores LLC | L-00119 | Master Service Agreement made by and between At Home Stores LLC and Ovative Group, LLC. | 1/9/2023 | $0.00 |
| 405 | Ovative Group, LLC | 729 Washington Ave N, Suite 1000, Minneapolis, MN 55401 | At Home Stores LLC | L-00120 | Statement of Work (and amendments) made by and between At Home Stores LLC and Ovative Group, LLC. | 1/1/2024 | $0.00 |
| 406 | Ovative Group, LLC | 729 Washington Avenue North,, Minneapolis, MN 55401 | At Home Stores LLC | SC-00043 | Schedule made by and between At Home Stores LLC and OVATIVE GROUP, LLC. | 12/21/2024 | $0.00 |
| 407 | P&H Low Voltage, LLC | 78 Hillsborough Dr, Collinsville, IL 62234 | At Home Stores LLC | MSA-00073 | Master Service Agreement made by and between At Home Stores LLC and P&H Low Voltage, LLC. | 12/7/2023 | $2,525.00 |
| 408 | P&H Low Voltage, LLC | 13307 Midway Rd, Farmers Branch, TX 75244 | At Home Stores LLC | SOW-00072 | Statement of Work made by and between At Home Stores LLC and P&H Low Voltage, LLC. - Farmers Branch, TX | 3/7/2025 | $0.00 |
| 409 | P&H Low Voltage, LLC | 17 Susan Court, Fairview Heights, IL 62208 | At Home Stores LLC | SOW-00087 | Statement of Work (Columbus) made by and between At Home Stores LLC and P&H Low Voltage LLC. | 12/7/2024 | $0.00 |
| 410 | P&H Low Voltage, LLC | 17 Susan Court, Fairview Heights, IL 62208 | At Home Stores LLC | SOW-00086 | Statement of Work made by and between At Home Stores LLC and P&H Low Voltage LLC. - Montgomery, AL | 12/7/2024 | $0.00 |
| 411 | Paint Folks | 105 Main Street, Hackensack, NJ 07601 | At Home Stores LLC | FAC-15 | Service Agreement made by and between AT HOME STORES LLC and PAINT FOLKS. | 5/6/2025 | $0.00 |
| 412 | Patricia A. Mccarthy | Address Redacted | At Home Stores LLC | Artist_1 | Artist agreement made by and between At Home Stores LLC and Patricia A. Mccarthy. | 6/30/2025 | $0.00 |
| 413 | Paypal, Inc. | 2211 North First Street, San Jose, CA 95131 | At Home Stores LLC | MSA-00215 | Master Service Agreement made by and between At Home Stores LLC and PayPal, Inc. | 4/1/2025 | $0.00 |
| 414 | Peak Technologies, LLC | 265 Foster St, Littleton, MA 01460 | At Home Stores LLC | OF-00174 | Order Form made by and between At Home Stores LLC and Peak Technologies, LLC. (QTE200140729) | 3/28/2025 | $0.00 |
| 415 | Peak Technologies, LLC | 265 Foster Street, Littleton, MA 01460 | At Home Stores LLC | MSA-00250 | Master Service Agreement made by and between At Home Stores LLC and Peak Technologies, LLC. | 5/23/2025 | $0.00 |
| 416 | Penny Plavidal | Address Redacted | At Home Stores LLC | WA-00111 | Waivers - Financial made by and between At Home Stores LLC and PENNY PLAVIDAL. | 1/21/2025 | $0.00 |
| 417 | Perry Roofing Company Inc | 3428 Burr Road, Springfield, TN 37172 | At Home Stores LLC | FAC-69 | Service Agreement made by and between At Home Stores LLC and Perry Roofing Company Inc. | 11/25/2024 | $0.00 |
| 418 | Peter Kao | Address Redacted | At Home Stores LLC | MKTG-6 | This Service Agreement is made by and between AT HOME STORES LLC and Peter Kao. | 2/6/2023 | $0.00 |
| 419 | Peter Sanjur | Address Redacted | At Home Stores LLC | WA-00129 | Waivers - Financial made by and between At Home Stores LLC and Peter Sanjur. | 2/5/2025 | $0.00 |
| 420 | Planet Equity Group, LLC | 800 Hillgrove Ave, #201, Western Springs, IL 60558 | At Home Stores LLC | STFA-00181 | Staffing Agreement made by and between At Home Stores LLC and Planet Equity Group, LLC. | 3/27/2025 | $0.00 |
| 421 | Pluralsight, LLC | 182 N. Union Avenue, Farmington, UT 84025 | At Home Stores LLC | NJ-0085 | Master Subscription Agreement made by and between At Home Stores LLC and Pluralsight, LLC. | 9/24/2019 | $0.00 |
| 422 | PNC Bank | 300 Fifth Avenue, Pittsburgh, PA 15222 | At Home Group Inc. | L-00122 | Assignment Agreement made by and between At Home Group Inc. and PNC Bank. | 6/4/2024 | $0.00 |
| 423 | PNC Bank | 300 Fifth Avenue, Pittsburgh, PA 15222 | At Home Group Inc. | L-00123 | Master Service Agreement made by and between At Home Group Inc. and PNC Bank. | 6/4/2024 | $0.00 |
| 424 | Powerhouse Retail Services, LLC | 812 S Crowley RD, Crowley, TX 76036 | At Home Stores LLC | L-00126 | Professional Services Agreement made by and between At Home Stores LLC and Powerhouse Retail Services, LLC. | 6/1/2024 | $0.00 |
| 425 | Powerreviews, Inc. | 290 Davidson Avenue, Somerset, NJ 08873 | At Home Stores LLC | L-00125 | Master Service Agreement made by and between At Home Stores LLC and PowerReviews, Inc. | 12/23/2019 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|-----|-------------------|---------------------|---------------|-------------|---------------------|---------------|-------------|
| 426 | Premium Blend Consulting, LLC | 1716 N Clybourn Ave, Burbank, CA 91505 | At Home Stores LLC | L-00127 | Master Service Agreement made by and between At Home Stores LLC and Premium Blend Consulting, LLC. | 2/14/2023 | $0.00 |
| 427 | Preston Taylor Collins | Address Redacted | At Home Stores LLC | CA-00292 | Consulting Agreement made by and between At Home Stores LLC and PRESTON TAYLOR COLLINS. | 5/9/2025 | $0.00 |
| 428 | Priority1 Media, Inc. | 9005 Saddlehorn Dr, Irving, TX 75063 | At Home Stores LLC | SOW-00180 | Statement of Work made by and between At Home Stores LLC and Priority1 Media, Inc. | 4/1/2025 | $0.00 |
| 429 | Prodege, LLC | 2030 E Maple Avenue Suite 200, El Segundo, CA 90245 | At Home Stores LLC | MSA-00286 | Master Service Agreement made by and between At Home Stores LLC and Prodege, LLC. | 4/30/2025 | $0.00 |
| 430 | Protection One dba as Everon | 800 E. Waterman, Wichita, KS 67202 | At Home Stores LLC | L-00187 | Master Service Agreement Renewal made by and between AT Home Stores LLC and Everon Dated 2021 - Exhibit A | 5/4/2021 | $19,974.68 |
| 431 | Protection One dba as Everon | 800 E. Waterman, Wichita, KS 67202 | At Home Stores LLC | L-00188 | Addendum to Master Service Agreement made by and between At Home and Protection One Dated 8/7/2019 | 8/7/2019 | $0.00 |
| 432 | Protection One dba as Everon | 800 E. Waterman, Wichita, KS 67202 | At Home Stores LLC | L-00189 | Master Security Services Agreement made by and between At Home Stores, LLC and Protection Once Dated 7/29/2014 | 7/29/2014 | $0.00 |
| 433 | Protection One dba as Everon | 800 E. Waterman, Wichita, KS 67202 | At Home Stores LLC | L-00190 | Master Service Agreement Renewal made by and between AT HOME and Everon Dated 5/4/2021 | 5/4/2021 | $0.00 |
| 434 | Quatro Business Support Services, Inc. | 1850 Parkway Place, Suite 1100, Marietta, GA 30067 | At Home Stores LLC | PSA-00296 | Professional Services Agreement made by and between At Home Stores LLC and Quatro Business Support Services, Inc. | 6/18/2025 | $0.00 |
| 435 | Rebecca Koehn | Address Redacted | At Home Stores LLC | CA-00294 | Consulting Agreement made by and between At Home Stores LLC and REBECCA KOEHN. | 5/9/2025 | $0.00 |
| 436 | Reliable Electric And Lighting | 6459 Nash Highway, Saranac, MI 48881 | At Home Stores LLC | FAC-16 | Service Agreement made by and between AT HOME STORES LLC and Reliable Electric And Lighting. | 5/14/2025 | $0.00 |
| 437 | Reliant Energy Retail Services LLC | 910 Louisiana Street, Houston, TX 77002 | At Home Stores LLC | UTILITY-28 | Utility Agreement made by and between At Home Stores LLC and Reliant Energy Retail Services LLC. | 3/28/2019 | $104,557.28 |
| 438 | Reliastar Insurance Company | 250 Marquette Avenue, Suite 900, Minneapolis, MN 55401 | At Home Stores LLC | HR-7 | Benefits Agreement made by and between At Home Stores LLC and ReliaStar Insurance Company. | 1/1/2025 | $0.00 |
| 439 | Retail and Hospitality Information Sharing and Analysis Center (Rh-Isac) | 8300 Boone Blvd, Suite 500, Vienna, VA 22182 | At Home Stores LLC | PSA-00203 | Professional Services Agreement made by and between At Home Stores LLC and Retail and Hospitality Information Sharing and AnalysCenter (RH-ISAC). | 5/1/2025 | $0.00 |
| 440 | Retail Consulting Partners, LLC | 100 Cambridge Street, 14th Floor, Boston, MA 02114 | At Home Stores LLC | NJ-0087 | Consulting Services Agreement and all Statement of Work made by and between At Home Stores LLC and RETAIL CONSULTING PARTNERS, LLC. | 10/13/2022 | $0.00 |
| 441 | Retail Process Engineering, LLC | 20547 Amberfield Drive, Land O' Lakes, FL 34638 | At Home Stores LLC | L-00139 | Statement of Work (Allocation Technical Upgrade) made by and between At Home Stores LLC and Retail Process Engineering, LLC. | 1/8/2024 | $0.00 |
| 442 | Retail Process Engineering, LLC | 20537 Amberfield Drive, Land O' Lakes, FL 34638 | At Home Stores LLC | NJ-0093 | Master Service Agreement made by and between At Home Stores LLC and RETAIL PROCESS ENGINEERING, LLC. | 12/27/2019 | $0.00 |
| 443 | Retail Process Engineering, LLC | 20537 Amberfield Drive, Land O' Lakes, FL 34638 | At Home Stores LLC | NJ-0095 | Statement of Work (MMS Support) made by and between At Home Stores LLC and RETAIL PROCESS ENGINEERING, LLC. | 6/24/2022 | $0.00 |
| 444 | Retail Process Engineering, LLC | 20537 Amberfield Drive, Land O' Lakes, FL 34638 | At Home Stores LLC | NJ-0096 | Statement of Work (MMS Support & Staff Augmentation) made by and between At Home Stores LLC and RETAIL PROCESS ENGINEERING, LLC. | 8/8/2023 | $0.00 |
| 445 | Retail Process Engineering, LLC | 20537 Amberfield Drive, Land O' Lakes, FL 34638 | At Home Stores LLC | NJ-0097 | Statement of Work (Schedule A) made by and between At Home Stores LLC and RETAIL PROCESS ENGINEERING, LLC. | 7/7/2021 | $0.00 |
| 446 | Renewal Process Engineering, LLC | 20537 Amberfield Drive, Land O' Lakes, FL 34638 | At Home Stores LLC | NJ-0098 | Renewal SOW (MMS Support and Staff Augmentation) made by and between At Home Stores LLC and RETAIL PROCESS ENGINEERING, LLC. | 7/18/2024 | $0.00 |
| 447 | Retail Services WIS Corporation | 1921 State Highway 121, Suite 100, Lewisville, TX 75056 | At Home Stores LLC | L-00128 | Master Inventory Services Agreement made by and between At Home Stores LLC and Retail Services WIS Corporation. | 8/1/2023 | $0.00 |
| 448 | Retail Services WIS Corporation | 1921 State Highway 121, Suite 100, Lewisville, TX 75056 | At Home Stores LLC | L-00129 | Statement of Work made by and between At Home Stores LLC and Retail Services WIS Corporation. | 8/1/2023 | $0.00 |
| 449 | Retail Tech Inc | 8600 Shelby Court, Suite 200, Chanhassen, MN 55317 | At Home Stores LLC | NJ-0099 | General Field Services Agreement made by and between At Home Stores LLC and RETAIL TECH INC. | 5/20/2024 | $0.00 |
| 450 | Retail Tech Inc | 8600 Shelby Court, Suite 200, Chanhassen, MN 55317 | At Home Stores LLC | NJ-0100 | Master Service Agreement made by and between At Home Stores LLC and RETAIL TECH INC. | 5/16/2024 | $0.00 |
| 451 | Retail Tech Inc | 8600 Shelby Court, Suite 200, Chanhassen, MN 55317 | At Home Stores LLC | NJ-0101 | Statement of Work (POS XStore Migration Project) made by and between At Home Stores LLC and RETAIL TECH INC. | 5/16/2024 | $0.00 |
| 452 | Rhonda D. Adams | Address Redacted | At Home Stores LLC | MKTG-13 | This Service Agreement is made by and between AT HOME STORES LLC and Rhonda D. Adams. | 6/2/2025 | $0.00 |
| 453 | Richard Robinson | Address Redacted | At Home Stores LLC | MKTG-45 | Service Agreement made by and between At HOME STORES LLC and Richard Robinson. Dated 5/14/2025 | 5/14/2025 | $0.00 |
| 454 | Ricky Pearson | Address Redacted | At Home Stores LLC | WA-00128 | Waivers - Financial made by and between At Home Stores LLC and Ricky Pearson. | 2/10/2025 | $0.00 |
| 455 | Rimini Street, Inc. | 7251 West Lake Mead Boulevard, Suite 300, Las Vegas, NV 89128 | At Home Stores LLC | NJ-0091 | Statement of Work #3 made by and between At Home Stores LLC and RIMINI STREET INC. | 2/2/2024 | $0.00 |
| 456 | Rimini Street, Inc. | 7251 West Lake Mead Boulevard, Suite 300, Las Vegas, NV 89128 | At Home Stores LLC | NJ-0092 | Statement of Work #5 made by and between At Home Stores LLC and RIMINI STREET INC. | 6/21/2024 | $0.00 |
| 457 | Rimini Street, Inc. | 7251 West Lake Mead Boulevard, Suite 300, Las Vegas, NV 89128 | At Home Stores LLC | L-00130 | Master Service Agreement made by and between At Home Stores LLC and Rimini Street, Inc. | 11/17/2023 | $103,564.00 |
| 458 | Rimini Street, Inc. | 7251 West Lake Mead Boulevard, Suite 300, Las Vegas, NV 89128 | At Home Stores LLC | L-00131 | Statement of Work #1 made by and between At Home Stores LLC and Rimini Street, Inc. | 11/17/2023 | $0.00 |
| 459 | Rimini Street, Inc. | 7251 West Lake Mead Boulevard, Suite 300, Las Vegas, NV 89128 | At Home Stores LLC | L-00132 | Statement of Work #2 made by and between At Home Stores LLC and Rimini Street, Inc. | 12/28/2023 | $0.00 |
| 460 | Riskified Inc. | 220 5th Avenue, 2nd Floor, New York, NY 10001 | At Home Stores LLC | OF-00250 | Order Form made by and between At Home Stores LLC and Riskified Dated 6/13/2024 | 6/13/2024 | $0.00 |
| 461 | Riskified Inc. | 220 5th Avenue, 2nd Floor, New York, NY 10001 | At Home Stores LLC | L-00196 | SaaS Agreement and Prevention Order Form made by and between At Home Stores LLC and Riskified Inc. | 2/23/2021 | $58,005.27 |
| 462 | Rite-Hite Co. LLC | 195 S Rite-Hite Way, Milwaukee, WI 53204 | At Home Stores LLC | FAC-20 | Service Agreement made by and between At Home Stores LLC and RITE-HITE CO. LLC. | 2/17/2025 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|-----|-------------------|---------------------|---------------|-------------|---------------------|---------------|-------------|
| 463 | Robert Half Finance & Accounting | PO Box 743295, Los Angeles, CA 90074-3295 | At Home Stores LLC | D-00013 | Service Agreement made by and between At Home Stores LLC and Robert Half Finance & Accounting | | $0.00 |
| 464 | Robert Lindblom | Address Redacted | At Home Stores LLC | FAC-12 | Service Agreement made by and between AT HOME STORES LLC and Robert Lindblom. | 5/1/2025 | $0.00 |
| 465 | Robust Promotions LLC | 164 S Myrtle Avenue, Suite 1, Villa Park, IL 60181 | At Home Stores LLC | MSA-00285 | Master Service Agreement made by and between At Home Stores LLC and ROBUST PROMOTIONS LLC. | 5/16/2025 | $0.00 |
| 466 | Rokt Us Corp. | 175 Varick Street, Floor 10, New York, NY 10014 | At Home Stores LLC | MSA-00231 | Master Service Agreement made by and between At Home Stores LLC and Rokt US Corp. | 5/6/2025 | $0.00 |
| 467 | Salesforce, Inc. | 415 Mission Street, 3rd Floor, San Francisco, CA 94105 | At Home Stores LLC | MKTG-54 | Order Form made by and between At Home Stores LLC and Salesforce, Inc. (Q-09037331) | 8/15/2024 | $0.00 |
| 468 | Salesforce, Inc. | 415 Mission Street, 3rd Floor, San Francisco, CA 94105 | At Home Stores LLC | MKTG-55 | Order Form made by and between At Home Stores LLC and Salesforce, Inc. (Q-10371770) | 7/22/2025 | $0.00 |
| 469 | Samantha Slone | Address Redacted | At Home Stores LLC | MKTG-7 | This Service Agreement is made by and between AT HOME STORES LLC and Samantha Slone. | 9/28/2023 | $0.00 |
| 470 | Schmidt Direct Marketing & Ecommerce Solutions LLC | 3646 Crooked Tree DR, Mason, OH 45040 | At Home Group Inc. | MKTG-44 | Service Agreement made by and between At Home Group, Inc and Schmidt Direct Marketing & Ecommerce Solutions LLC. Dated 3/7/2025 | 3/7/2025 | $0.00 |
| 471 | Seaminx Artist Managment | 9234 Peninsula Dr, Dallas, TX 75218 | At Home Stores LLC | MKTG-35 | This Service Agreement is made by and between AT HOME STORES LLC and Seaminx Artist Managment. | 2/6/2023 | $0.00 |
| 472 | Select Actuarial Services | 4400 Harding Pike, Suite 401, Nashville, TN 37205 | At Home Stores LLC | SOW-00150 | Statement of Work made by and between At Home Stores LLC and Select Actuarial Services. | 3/7/2025 | $0.00 |
| 473 | Serengeti Hotels, LLC | 3550 W. IH 635, Irving, TX 75063 | At Home Stores LLC | MSA-00102 | Master Service Agreement made by and between At Home Stores LLC and Serengeti Hotels, LLC. | 2/11/2025 | $0.00 |
| 474 | Servicechannel.Com, Inc. | 9 Albertson Ave, Suite #1, Albertson, NY 11507 | At Home Stores LLC | FAC-3 | Service Agreement made by and between At Home Stores LLC and ServiceChannel.com, Inc. | 7/19/2023 | $3,453.84 |
| 475 | Servicenow, Inc. | 2225 Lawson Lane, Santa Clara, CA 95054 | At Home Stores LLC | SLA-00069 | Software License Agreement made by and between At Home Stores LLC and ServiceNow, Inc. | 12/11/2024 | $0.00 |
| 476 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | OF-00107 | Order Form made by and between At Home Stores LLC and SHI International Corp. (#25461845) | 10/24/2024 | $0.00 |
| 477 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | OF-00161 | Order Form made by and between At Home Stores LLC and SHI International Corp. (25764516) | 1/24/2025 | $0.00 |
| 478 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | OF-00163 | Order Form made by and between At Home Stores LLC and SHI International Corp. (#25814783) | 2/28/2025 | $0.00 |
| 479 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | OF-00229 | Order Form (AD Audit Renewal) made by and between At Home Stores LLC and SHI International Corp. - 26094204 | 5/23/2025 | $0.00 |
| 480 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | OF-00184 | Order Form made by and between At Home Stores LLC and SHI International Corp. (#25989303) | 3/24/2025 | $0.00 |
| 481 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | SAAS-00244 | Order Form made by and between At Home Stores LLC and SHI International Corp. (#26130727) | 4/29/2025 | $0.00 |
| 482 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | SOW-00001 | Statement of Work made by and between At Home Stores LLC and SHI International Corp. (#25358) | 9/12/2024 | $0.00 |
| 483 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0019 | Order Form made by and between At Home Stores LLC and SHI INTERNATIONAL CORP - 4500018008 | 7/25/2023 | $0.00 |
| 484 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0020 | Order Form made by and between At Home Stores LLC and SHI INTERNATIONAL CORP. - 4500018038 | 8/9/2023 | $0.00 |
| 485 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | L-00143 | Master Professional Services Agreement made by and between At Home Stores LLC and SHI International Corp. | 7/11/2019 | $13,981.06 |
| 486 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | L-00144 | Amendment 1 to Professional Services Agreement made by and between At Home Stores LLC and SHI International Corp. | 11/15/2021 | $0.00 |
| 487 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0128 | Order Form Agreement made by and between At Home Stores LLC and SHI International Corp. (#560326720) | 10/31/2024 | $0.00 |
| 488 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0130 | Order Form made by and between At Home Stores LLC and SHI International Corp. (#S59865129) | 7/24/2024 | $0.00 |
| 489 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0132 | Order Form made by and between At Home Stores LLC and SHI International Corp. - 4500018548 | 7/22/2024 | $0.00 |
| 490 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0133 | Order Form made by and between At Home Stores LLC and SHI International Corp. (#S59861432) | 7/24/2024 | $0.00 |
| 491 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0134 | Order Form made by and between At Home Stores LLC and SHI International Corp. - 4500018543 | 7/17/2024 | $0.00 |
| 492 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0135 | Order Form made by and between At Home Stores LLC and SHI International Corp. (#560759762) | 2/12/2025 | $0.00 |
| 493 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0149 | Order Form made by and between At Home Stores LLC and SHI International Corp. - P000005875 | 3/18/2025 | $0.00 |
| 494 | SHI International Corp | PO BOX 952121, Dallas, TX 75395 | At Home Stores LLC | NJ-0152 | Order Form made by and between At Home Stores LLC and SHI International Corp. - P000004384 | 1/31/2025 | $0.00 |
| 495 | Shoppertrak RCT Corporation | 236 5th Avenue, 6th Floor, New York, NY 10001 | At Home Stores LLC | L-00145 | Purchase & Services Agreement made by and between At Home Stores LLC and ShopperTrak RCT Corporation. | 4/16/2021 | $83,130.26 $62,295.20 |
| 496 | Shoppertrak RCT Corporation | 236 5th Avenue, 6th Floor, New York, NY 10001 | At Home Stores LLC | NJ-0129 | Addendum 1 to Purchase & Services Agreement made by and between At Home Stores LLC and ShopperTrak RCT Corporation. | 4/1/2024 | $0.00 |
| 497 | Shreenie Vasan | Address Redacted | At Home Stores LLC | Artist_2 | Artist agreement made by and between At Home Stores LLC and Shreenie Vasan. | 6/30/2025 | $0.00 |
| 498 | Sierra Wireless America Inc | 400 Interstate North Parkway SE, Suite 900, Atlanta, GA 30339 | At Home Stores LLC | NJ-0102 | Service Agreement made by and between At Home Stores LLC and SIERRA WIRELESS AMERICA INC. | 4/1/2020 | $59,951.61 |
| 499 | Sirius Computer Solutions, Inc. | PO BOX 202289, Dallas, TX 75320-2289 | At Home Stores LLC | L-00042 | Managed Services Agreement made by and between At Home Stores LLC and Sirius Computer Solutions, Inc. | 3/23/2018 | $13,111.80 |
| 500 | Sirius Computer Solutions, Inc. | PO BOX 202289, Suite 500, Dallas, TX 75320-2289 | At Home Stores LLC | NJ-0056 | Service Agreement made by and between At Home Stores LLC and SIRIUS COMPUTER SOLUTIONS, INC.. Order Form made by and between At Home Stores LLC and Sirius Computer Solutions, Inc. (Q-00284859) | 8/16/2022 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 501 | Sirius Computer Solutions, Inc. | PO BOX 202289, Dallas, TX 75320-2289 | At Home Stores LLC | NJ-0148 | Order Form made by and between At Home Stores LLC and Sirius Computer Solutions, Inc. (Q-00297057) | 10/5/2022 | $0.00 |
| 502 | Sirius Computer Solutions, Inc. | PO BOX 202289, Dallas, TX 75320-2289 | At Home Stores LLC | NJ-0151 | Order Form made by and between At Home Stores LLC and Sirius Computer Solutions, Inc. (Q-00292060) | 9/14/2022 | $0.00 |
| 503 | Sirius Computer Solutions, Inc. | PO BOX 202289, Suite 500, Dallas, TX 75320-2289 | At Home Stores LLC | MSA-00133 | Order Form made by and between At Home Stores LLC and Sirius Computer Solutions, LLC (Q-00454172) | 2/28/2025 | $0.00 |
| 504 | Sirius Computer Solutions, Inc. | PO BOX 202289, Suite 500, Dallas, TX 75320-2289 | At Home Stores LLC | OF-00079 | Order Form made by and between At Home Stores LLC and Sirius Computer Solutions, LLC (Q-00453698) | 12/18/2024 | $0.00 |
| 505 | Sloan Churman | Address Redacted | At Home Stores LLC | MSA-00277 | Master Service Agreement made by and between At Home Stores LLC and SLOAN CHURMAN. | 5/26/2025 | $0.00 |
| 506 | Smartestenergy US LLC | 265 S RT 83, Elmhurst, IL 60126 | At Home Stores LLC | UTILITY-4 | Utility Agreement made by and between At Home Stores LLC and SmartestEnergy US LLC. | 5/1/2024 | $0.00 |
| 507 | Snowflake Computing, Inc. | 100 South Ellsworth Avenue #100, San Mateo, CA 94401 | At Home Stores LLC | L-00146 | Order Form made by and between At Home Stores LLC and Snowflake Computing, Inc. (Q-22415) | 8/17/2018 | $0.00 |
| 508 | Snowflake Computing, Inc. | 100 South Ellsworth Avenue #100, San Mateo, CA 94401 | At Home Stores LLC | L-00147 | Master Software as a Service made by and between At Home Stores LLC and Snowflake Computing, Inc. | 8/22/2018 | $0.00 |
| 509 | Southern Botanical | 3151 Halifax St, Suite 100, Dallas, TX 75247 | At Home Stores LLC | FAC-65 | Service Agreement made by and between AT HOME STORES LLC and Southern Botanical. | 5/1/2025 | $0.00 |
| 510 | Southern Motor Carriers Association, Inc. d/b/a "SMC3" | 653 Lexington Circle, Peachtree, City, GA 30269 | At Home Stores LLC | MSA-00029 | Master Service Agreement made by and between At Home Stores LLC and Southern Motor Carriers Association, Inc. d/b/a "SMC3". | 10/15/2024 | $0.00 |
| 511 | Stach & Liu, LLC d/b/a Bishop Fox | 3409 N. 7th Ave. Unit 2048, Phoenix, AZ 85013 | At Home Stores LLC | SOW-00084 | Statement of Work made by and between At Home Stores LLC and Stach & Liu, LLC d/b/a Bishop Fox. | 1/17/2025 | $0.00 |
| 512 | Standard Insurance Company | 900 SW Fifth Avenue, Portland, OR 97204 | At Home Stores LLC | L-00150 | Master Service Agreement made by and between At Home Stores LLC and Standard Insurance Company. | 10/1/2016 | $0.00 |
| 513 | Staples Promotional Products, a Division of Staples Contract & Commercial LLC | PO Box 88003, Milwaukee, WI 53288 | At Home Stores LLC | OF-00061 | Order Form made by and between At Home Stores LLC and Staples Promotional Products, a division of Staples Contract & Commercial LLC. | 12/3/2024 | $0.00 |
| 514 | Stephanie Jo Greenwood | Address Redacted | At Home Stores LLC | CA-00293 | Consulting Agreement made by and between At Home Stores LLC and STEPHANIE JO GREENWOOD. | 5/9/2025 | $0.00 |
| 515 | Steve Cuthbertson | Address Redacted | At Home Stores LLC | WA-00110 | Waivers - Financial made by and between AT HOME STORES LLC and STEVE CUTHBERTSON. | 1/21/2025 | $0.00 |
| 516 | Storm Water Innovative | Suite A 146 E Emerson Avenue, Orange, CA 92865 | At Home Stores LLC | FAC-52 | Service Agreement made by and between AT HOME STORES LLC and Storm Water Innovative. | 4/8/2025 | $0.00 |
| 517 | Stott and May Inc. | 9Th Floor 10 W 18Th Street, New York, NY 10011 | At Home Stores LLC | NJ-0105 | Master Service Agreement made by and between At Home Stores LLC and STOTT AND MAY INC. | 2/28/2020 | $0.00 |
| 518 | Stratus Unlimited LLC | 8959 Tyler Blvd., Mentor, OH 44060 | At Home Stores LLC | FAC-17 | Service Agreement made by and between At Home Stores LLC and Stratus. | 5/2/2025 | $1,428.99 |
| 519 | Stylitics, Inc. | PO Box 799, Milford, OH 45150 | At Home Stores LLC | L-00152 | Amendment 1 to Master Subscription Service Agreement made by and between At Home Stores LLC and Stylitics Inc. | 11/30/2023 | $0.00 |
| 520 | Stylitics, Inc. | 197 Ovilla Rd., Waxahachie, TX 75167 | At Home Stores LLC | L-00151 | Master Subscription Service Agreement made by and between At Home Stores LLC and Stylitics, Inc. | 6/21/2023 | $0.00 |
| 521 | Summit Energy Services, Inc. | 10350 Ormsby Park Place, Suite 400, Louisville, KY 40223 | At Home Stores LLC | MSA-00058 | Master Service Agreement made by and between At Home Stores LLC and Summit Energy Services, Inc. | 2/14/2025 | $0.00 |
| 522 | Summit Energy Services, Inc. | 10350 Ormsby Park Place, Suite 400, Louisville, KY 40223 | At Home Stores LLC | SOW-00081 | Statement of Work made by and between At Home Stores LLC and Summit Energy Services, Inc. | 10/1/2024 | $0.00 |
| 523 | Summit Fire National Consulting (SFNC) | 2500 Lexington Avenue S., Mendota Heights, MN 55120 | At Home Stores LLC | NJ-002 | Professional Services Agreement made by and between At Home Stores LLC and Summit Fire National Consulting (SFNC). | 7/27/2023 | $94,806.99 |
| 524 | Superclean Service Co Anc | Po Box 551802, Dallas, TX 75355 | At Home Stores LLC | FAC-54 | Service Agreement made by and between AT HOME STORES LLC and Superclean Service Co Anc. (5/28/2025) | 5/28/2025 | $8,288.05 |
| 525 | Superclean Service Co Anc | Po Box 551802, Dallas, TX 75355 | At Home Stores LLC | FAC-55 | Service Agreement made by and between AT HOME STORES LLC and Superclean Service Co Anc. (4/28/2025) | 4/28/2025 | $0.00 |
| 526 | Sutter Roofing | 8284 Vico Court, Sarasota, FL 34240 | At Home Stores LLC | FAC-7 | Service Agreement made by and between AT HOME STORES LLC and Sutter Roofing. | 5/18/2025 | $0.00 |
| 527 | Swift Transportation Services Inc | 2200 South 75th Avenue, Phoenix, AZ 85043 | At Home Procurement Inc. | L-00153 | Master Transportation Agreement made by and between At Home Procurement Inc. and SWIFT TRANSPORTATION SERVICES INC. (11/1/2023) | 11/1/2023 | $0.00 |
| 528 | Swift Transportation Services Inc | 2200 South 75th Avenue, Phoenix, AZ 85043 | At Home Procurement Inc. | MTA-00194 | Master Transportation Agreement made by and between At Home Stores LLC and SWIFT TRANSPORTATION SERVICES INC. | 4/1/2025 | $0.00 |
| 529 | Synchrony Bank | 170 Election Road, Suite 125, Draper, UT 84020 | At Home Stores LLC | NJ-017 | Master Service Agreement made by and between At Home Stores LLC and Synchrony Bank. | 9/7/2016 | $0.00 |
| 530 | Syndigo LLC | 141 W. Jackson Blvd., Suite 1220, Chicago, IL 60604 | At Home Stores LLC | NJ-0107 | Master Client Agreement and Service Agreement #1 made by and between At Home Stores LLC and SYNDIGO LLC. | 8/15/2023 | $0.00 |
| 531 | Syndigo LLC | 141 W. Jackson Blvd., Suite 1220, Chicago, IL 60604 | At Home Stores LLC | NJ-0108 | Amendment to Service Agreement #1 made by and between At Home Stores LLC and SYNDIGO LLC. | 8/17/2023 | $0.00 |
| 532 | Syndigo LLC | 141 W. Jackson Blvd., Suite 1220, Chicago, IL 60604 | At Home Stores LLC | NJ-0109 | Amendment 2 to Service Agreement #1 made by and between At Home Stores LLC and SYNDIGO LLC. | 1/1/2024 | $0.00 |
| 533 | T Merchandising Private Limited | W - 143, 3rd Floor, Greater Kailash, Part - 2, New Delhi, 110048 India | At Home Procurement Inc. | L-00210 | Sourcing Services Agreement made by and between At Home Procurement Inc. and T Merchandising Private Limited | 3/7/2019 | $0.00 |
| 534 | Talx Corporation | 4076 Paysphere Circle, Chicago, IL 60674 | At Home Stores LLC | L-00231 | Employment Verification Service Agreement made by and between At Home Stores LLC and TALX CORPORATION | 2/1/2015 | $16,488.35 |
| 535 | Tata Consultancy Services Ltd | TCS House, Raveline Street, Mumbai, Maharashtra 400001, India | At Home Stores LLC | L-00154 | Amendment to Master Service Agreement made by and between At Home Stores LLC and Tata Consultancy Services Limited. | 1/14/2022 | $0.00 |
| 536 | Tata Consultancy Services Ltd | TCS House, Raveline Street, Mumbai, Maharashtra 400001, India | At Home Stores LLC | L-00155 | Master Service Agreement made by and between At Home Stores LLC and Tata Consultancy Services Limited. | 1/28/2019 | $0.00 |
| 537 | Tata Consultancy Services Ltd | TCS House, Raveline Street, Mumbai, Maharashtra 400001, India | At Home Stores LLC | L-00156 | Statement of Work made by and between At Home Stores LLC and Tata Consultancy Services Limited. | 10/11/2021 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 538 | Tata Consultancy Services Ltd | Tcs House, Raveline Street, Mumbai, Maharashtra 400001, India | At Home Stores LLC | SOW-00005 | Amendment 5 to Statement of Work made by and between At Home Stores LLC and Tata Consultancy Services Limited. | 9/1/2024 | $0.00 |
| 539 | Tata Consultancy Services Ltd | TCS House, Raveline Street, Mumbai, Maharashtra 400001, India | At Home Stores LLC | SAAS-00241 | Software Addendum to SOW made by and between At Home Stores LLC and Tata Consultancy Services Limited. | 9/1/2024 | $0.00 |
| 540 | Tata Consultancy Services Ltd | Tcs House, Raveline Street, Mumbai, Maharashtra 400001, India | At Home Stores LLC | NJ-0037 | Amendment 3 to Statement of Work made by and between At Home Stores LLC and TATA CONSULTANCY SERVICES LTD. | 4/19/2023 | $0.00 |
| 541 | Tata Consultancy Services Ltd | Tcs House, Raveline Street, Mumbai, Maharashtra 400001, India | At Home Stores LLC | NJ-0110 | Amendment 1 to Statement of Work made by and between At Home Stores LLC and TATA CONSULTANCY SERVICES LTD. | 10/21/2022 | $0.00 |
| 542 | Tek Leaders | 4975 Preston Park Blvd, Suite 500, Plano, TX 75093 | At Home Stores LLC | NJ-0112 | Service Agreement made by and between At Home Stores LLC and Tek Leaders. | 6/21/2018 | $0.00 |
| 543 | Test Rite International Co., Ltd | 6F., No. 23, Hsin Hu 3rd Rd, Neihu District 114, Taipei City, Taiwan | At Home Procurement Inc. | L-00211 | Master Service Agreement made by and between At Home Procurement Inc. and Test Rite International Co., Ltd | 5/1/2023 | $0.00 |
| 544 | Test Rite International Co., Ltd | 6F., No. 23, Hsin Hu 3rd Rd, Neihu District 114, Taipei City, Taiwan | At Home Procurement Inc. | L-00212 | Statement of Work made by and between At Home Procurement Inc. and Test Rite International Co., Ltd | 5/1/2023 | $202,382.14 |
| 545 | TH Styling Inc. | Address Redacted | At Home Stores LLC | MKTG-46 | Service Agreement made by and between AT HOME STORES LLC and TH Styling Inc.  Dated 2/9/2023 | 3/7/2025 | $0.00 |
| 546 | The Hackett Group, Inc. | 1001 Brickell Bay DR, Suite 3000, Miami, FL 33131 | At Home Stores LLC | L-00073 | General Terms Agreement made by and between The Home Stores LLC and The Hackett Group, Inc. | 2/24/2020 | $0.00 |
| 547 | The Hackett Group, Inc. | 1001 Brickell Bay DR, Suite 3000, Miami, FL 33131 | At Home Stores LLC | L-00074 | Statement of Work (Payroll Frequency) made by and between At Home Stores LLC and The Hackett Group, Inc. | 8/21/2023 | $0.00 |
| 548 | The Hackett Group, Inc. | 1001 Brickell Bay DR, Suite 3000, Miami, FL 33131 | At Home Stores LLC | SOW-00233 | Statement of Work (Payroll Support Services) made by and between At Home Stores LLC and THE HACKETT GROUP, INC. | 6/2/2025 | $0.00 |
| 549 | The Occupancy Audit Group, Inc | 27442 Portola Parkway, Suite 170, Foothill Ranch, CA 92610 | At Home Stores LLC | NJ-154 | Service Agreement made by and between At Home Stores LLC and The Occupancy Audit Group, Inc. | 6/10/2019 | $162,998.29 |
| 550 | The Savannah College Of Art And Design, Inc. | 115 E. York St., Savannah, GA 31402 | At Home Procurement Inc. | L-00140 | Master Service Agreement made by and between At Home Procurement Inc. and The Savannah College of Art and Design, Inc. | 10/18/2023 | $0.00 |
| 551 | Thomas Tate | Address Redacted | At Home Stores LLC | MKTG-18 | This Service Agreement is made by and between AT HOME STORES LLC and Thomas Tate. | 8/27/2024 | $0.00 |
| 552 | Thomson Reuters (Tax & Accounting) | P.O. Box 71687, Chicago, IL 60694-1687 | At Home Stores LLC | D-00007 | Service Agreement made by and between At Home Stores LLC and THOMSON REUTERS (TAX & ACCOUNTING) | | $14,784.30 |
| 553 | Ti Gotham Inc. | 1716 Locust Street, Des Moines, IA 50309 | At Home Procurement Inc. | L-00161 | License Agreement made by and between At Home Procurement Inc. and TI Gotham Inc. | 6/18/2024 | $0.00 |
| 554 | Timco Logistics Systems LLC | 197 Ovilla Road, Waxahachie, TX 78167 | At Home Procurement Inc. | L-00162 | Master Transportation Agreement made by and between At Home Procurement Inc. and Timco Logistics Systems LLC. (11/1/2023) | 11/1/2024 | $0.00 |
| 555 | Timco Logistics Systems LLC | 197 Ovilla Road, Waxahachie, TX 78167 | At Home Procurement Inc. | MSA-00230 | Amendment 1 to Master Transportation Agreement made by and between At Home Procurement Inc. and Timco Logistics Systems LLC. | 4/1/2025 | $0.00 |
| 556 | Timco Logistics Systems LLC | 197 Ovilla Road, Waxahachie, TX 78167 | At Home Procurement Inc. | MSA-00264 | Amendment 2 to Master Transportation Agreement made by and between At Home Procurement Inc. and Timco Logistics Systems LLC. | 6/2/2025 | $0.00 |
| 557 | Timco Logistics Systems LLC | 197 Ovilla Road, Waxahachie, TX 78167 | At Home Procurement Inc. | MTA-00190 | Master Transportation Agreement made by and between At Home Procurement Inc. and Timco Logistics Systems LLC (5/1/2025) | 4/1/2025 | $0.00 |
| 558 | Toshiba Global Commerce Solutions | 3901 S Miami Blvd, Durham, NC 27703 | At Home Stores LLC | NJ-0114 | Order Form made by and between At Home Stores LLC and TOSHIBA GLOBAL COMMERCE SOLUTIONS (US0010054MA) | 1/1/2023 | $0.00 |
| 559 | Toshiba Global Commerce Solutions | 3901 S MIAMI BLVD, Durham, NC 27703 | At Home Stores LLC | NJ-0115 | Customer Agreement made by and between At Home Stores LLC and TOSHIBA GLOBAL COMMERCE SOLUTIONS. | 3/1/2012 | $0.00 |
| 560 | Toshiba Global Commerce Solutions | 3901 S Miami Blvd, Durham, NC 27703 | At Home Stores LLC | NJ-0153 | Scope of Service Amendment Agreement made by and between At Home Stores LLC and TOSHIBA GLOBAL COMMERCE SOLUTIONS. | 6/1/2025 | $0.00 |
| 561 | Total Quality Logistics LLC | 4289 Ivy Pointe Blvd, Cincinnati, OH 45245 | At Home Procurement Inc. | L-00164 | General Terms and Conditions Agreement made by and between At Home Procurement Inc. and TOTAL QUALITY LOGISTICS LLC. | 7/1/2023 | $0.00 |
| 562 | Tracey London Limited | 59 Redburn Street, London, SW3 4DA, United Kingdom | At Home Stores LLC | L-00165 | License and Endorsement Agreement made by and between At Home Stores LLC and Tracey London Limited. | 12/16/2019 | $0.00 |
| 563 | Tracey London Limited | 59 Redburn Street, London, SW3 4DA, United Kingdom | At Home Procurement Inc. | NJ-156 | License and Endorsement (Amendment #1) made by and between At Home Stores LLC, At Home Procurement Inc., and Tracey London Limited | 12/16/2019 | $0.00 |
| 564 | Trade Area Systems, Inc. dba Kalibrate | 7301 State Highway 161, Suite 315, Irving, TX 75039 | At Home Stores LLC | L-00194 | Custom Software, Services, and Data Agreement made by and between At Home Stores and Trade Area Systems, Inc. DBA Kalibrate Dated 10/8/2024 | 10/8/2024 | $0.00 |
| 565 | Trade Area Systems, Inc. dba Kalibrate | 7301 State Highway 161, Suite 315, Irving, TX 75039 | At Home Stores LLC | L-00195 | Extension & Modification of Authorized User Agreement made by and between At Home Stores, LLC and Trade Area Systems, Inc. DBA Kalibrate Dated 10/8/2022 | 10/8/2022 | $0.00 |
| 566 | Truesource | 300B 2929 Express Dr Ste, Islandia, NY 11749 | At Home Stores LLC | FAC-56 | Service Agreement made by and between AT HOME STORES LLC and TrueSource. | 12/20/2022 | $0.00 |
| 567 | Uber Freight US LLC | 3010 Gaylord Parkway, STE 200, Frisco, TX 75034 | At Home Stores LLC | SOW-00035 | Statement of Work made by and between At Home Stores LLC and Uber Freight US LLC. | 11/8/2024 | $0.00 |
| 568 | UKG Kronos Systems LLC | PO Box 743208, Atlanta, GA 30374 | At Home Stores LLC | L-00171 | Dimensions Agreement and Order Form made by and between At Home Stores LLC and UKG Kronos Systems LLC. | 3/31/2024-2021 | $0.00 |
| 569 | Unifyhr, LLC | 105 Decker Court, Suite 310, Irving, TX 75062 | At Home Stores LLC | HR-3 | Benefits Agreement made by and between At Home Stores LLC and UnifyHR, LLC. | 6/1/2024 | $0.00 |
| 570 | Unite Private Networks | 1511 Baltimore Ave., Floor 2, Kansas City, MO 64108 | At Home Stores LLC | NJ-0119 | Order Form (Dark Fiber Service #28492) made by and between At Home Stores LLC and Unite Private Networks. | 3/25/2022 | $5,111.87 |
| 571 | Unite Private Networks | 1511 Baltimore Ave., Floor 2, Kansas City, MO 64108 | At Home Stores LLC | NJ-0120 | Order Form (Lit Service #35688) made by and between At Home Stores LLC and Unite Private Networks. | 7/11/2022 | $0.00 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Contract Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 572 | Verifone, Inc. | 88 West Plumeria Drive, San Jose, CA 95134 | At Home Stores LLC | L-00172 | Merchant Agreement made by and between At Home Stores LLC and Verifone, Inc. | 3/11/2024 | $0.00 |
| 573 | Verifone, Inc. | 88 West Plumeria Drive, San Jose, CA 95134 | At Home Stores LLC | L-00173 | Service Agreement made by and between At Home Stores LLC and VeriFone, Inc. | 6/13/2019 | $0.00 |
| 574 | Verizon Wireless | One Verizon Way, Basking Ridge, NJ 07920 | At Home Stores LLC | SC-00076 | Service Agreement (and amendments) made by and between At Home Stores LLC and Cellco Partnership d/b/a Verizon Wireless. | 1/30/2025 | $30,713.10 |
| 575 | Vortex Industries, LLC | FILE 1525, 1801 W OLYMPIC BLVD, Pasadena, CA 91199 | At Home Stores LLC | FAC-66 | Service Agreement made by and between At Home Stores LLC and Vortex Industries, LLC. | 2/11/2025 | $0.00 |
| 576 | W.W. Grainger, Inc. | 100 Grainger Pkwy, Lake Forest, IL 60045 | At Home Stores LLC | L-00184 | Letter of Understanding (Corporate Account Agreement) made by and between At Home Stores LLC and W.W. Grainger, Inc. Dated 2/28/2020 | 2/28/2020 | $102,295.06 |
| 577 | W.W. Grainger, Inc. | 100 Grainger Pkwy, Lake Forest, IL 60045 | At Home Stores LLC | L-00185 | First Amendment to Letter of Understanding made by and between At Home Stores LLC and W.W. Grainger, Inc. Dated 2/1/2023 | 2/1/2023 | $0.00 |
| 578 | W.W. Grainger, Inc. | 100 Grainger Pkwy, Lake Forest, IL 60045 | At Home Stores LLC | L-00186 | Second Amendment to Letter of Understanding made by and between At Home Stores LLC and W.W. Grainger, Inc. Dated 7/31/2023 | 7/31/2023 | $0.00 |
| 579 | Wachter Technology Solutions Inc. | 16001 West 99th Street, Lenexa, KS 66219 | At Home Stores LLC | MSA-00214 | Master Service Agreement made by and between At Home Stores LLC and WACHTER TECHNOLOGY SOLUTIONS INC. | 3/4/2025 | $0.00 |
| 580 | Walmart Inc. | 702 SW 8th Street, Bentonville, AR 72716 | At Home Stores LLC | NJ-003 | Professional Services Agreement made by and between At Home Stores LLC and Walmart Inc. | 4/24/2024 | $0.00 |
| 581 | Warehouse Solutions Inc | 999 Big Beaver Road, Troy, MI 48084 | At Home Stores LLC | L-00080 | Master Service Agreement made by and between At Home Stores LLC and Warehouse Solutions Inc. d/b/a Intelligent Audit. | 3/15/2023 | $13,921.42 |
| 582 | Warehouse Solutions Inc | 999 Big Beaver Road, Troy, MI 48084 | At Home Stores LLC | L-00081 | Statement of Work made by and between At Home Stores LLC and Warehouse Solutions Inc. d/b/a Intelligent Audit. | 3/16/2023 | $0.00 |
| 583 | Waste Management National Services, Inc. | 222 S Mill Ave., Suite 333, Tempe, AZ 85281 | At Home Stores LLC | L-00220 | Amendment 2 to Master Service Agreement made by and between At Home Stores LLC and Waste Management National Services, Inc. (WMNS) | | $16,394.32 |
| 584 | Waste Management National Services, Inc. | 222 S Mill Ave., Suite 333, Tempe, AZ 85281 | At Home Stores LLC | MSA-00208 | Amendment 3 to Master Service Agreement made by and between At Home Stores LLC and Waste Management National Services, Inc. | 4/8/2025 | $0.00 |
| 585 | Waste Management National Services, Inc. | 222 S Mill Ave., Suite 333, Tempe, AZ 85281 | At Home Stores LLC | MSA-00054 | Master Service Agreement (and First Amendment) made by and between At Home Stores LLC and Waste Management National Services, Inc. | 2/1/2018 | $0.00 |
| 586 | Watterson | 5580 Monroe Street, Sylvania, OH 43560 | At Home Stores LLC | FAC-9 | Service Agreement made by and between At Home Stores LLC and Watterson. | 5/1/2025 | $0.00 |
| 587 | Webient Technology Inc | Suite 200 1452 Hughes Rd, Grapevine, TX 76051 | At Home Stores LLC | SOW-00038 | Work Order 1 made by and between At Home Stores LLC and Webilent Technology Inc. | 11/7/2024 | $4,233.60 |
| 588 | Webilent Technology Inc | 1452 Hughes Rd, Suite 200, Grapevine, TX 76051 | At Home Stores LLC | STFA-00037 | Master Staffing Agreement made by and between At Home Stores LLC and Webilent Technology Inc. | 11/7/2024 | $0.00 |
| 589 | WGL Energy Services, Inc. | 8614 Westwood Center Drive Suite 1200, Vienna, VA 22182 | At Home Stores LLC | UTILITY-8 | Utility Agreement (Account #210001125918) made by and between At Home Stores LLC and WGL ENERGY SERVICES, INC. | 10/7/2021 | $0.00 |
| 590 | WGL Energy Services, Inc. | 8614 Westwood Center Drive Suite 1200, Vienna, VA 22182 | At Home Stores LLC | UTILITY-13 | Utility Agreement (Account #4771285070) made by and between At Home Stores LLC and WGL ENERGY SERVICES, INC. | 10/7/2021 | $0.00 |
| 591 | William Benton | Address Redacted | At Home Stores LLC | WA-00025 | Release and Liability Waiver Agreement made by and between At Home Stores LLC and WILLIAM BENTON. | 10/31/2024 | $0.00 |
| 592 | William Benton | Address Redacted | At Home Stores LLC | MKTG-32 | Service Agreement made by and between AT HOME STORES LLC and William Benton. | 3/22/2024 | $0.00 |
| 593 | Willis Towers Watson Insurance Services West, Inc | 800 North Glebe, Arlington, VA 22203 | At Home Stores LLC | SC-00125 | Addendum to Agreement by and between At Home Stores LLC and Willis Towers Watson Insurance Services West, Inc. | 2/5/2025 | $0.00 |
| 594 | Willis Towers Watson Insurance Services West, Inc | 800 North Glebe, Arlington, VA 22203 | At Home Stores LLC | SC-00040 | Business Associate Agreement made by and between At Home Stores LLC and Willis Towers Watson Insurance Services West, Inc. | 9/1/2024 | $0.00 |
| 595 | Willow Crossley Ltd | The Old Farm House, Chatterpie Lane West End, Combe, Witney, Oxfordshire OX29 8NP, United Kingdom | At Home Procurement Inc. | L-00175 | License and Endorsement Agreement made by and between At Home Procurement Inc. and Willow Crossley Ltd. | 11/15/2021 | $0.00 |
| 596 | Wilson Safe Company | 3031 Island Avenue, Philadelphia, PA 19153 | At Home Stores LLC | FAC-10 | Service Agreement made by and between At Home Stores LLC and Wilson Safe Company. | 4/30/2025 | $650.40 |
| 597 | Workfront, LLC | 345 Park Ave, San Jose, CA 95110 | At Home Stores LLC | L-00221 | Service Agreement made by and between At Home Stores LLC and WORKFRONT, LLC | | $12,474.15 |
| 598 | Workjam Inc. | 601-740 Notre-Dame St. West, Montreal, Quebec H3C 3X6, Canada | At Home Stores LLC | OF-00077 | Order Form made by and between At Home Stores LLC and WorkJam Inc (2024-01) | 12/31/2024 | $0.00 |
| 599 | Workjam Inc. | 601-740 Notre-Dame St. West, Montreal, Quebec H3C 3X6, Canada | At Home Stores LLC | L-00176 | Master Software Subscription Agreement (and amendments) made by and between At Home Stores LLC and WorkJam Inc. | 12/17/2019 | $0.00 |
| 600 | Workjam Inc. | 601-740 Notre-Dame St. West, Montreal, Quebec H3C 3X6, Canada | At Home Stores LLC | L-00177 | Order Form made by and between At Home Stores LLC and WorkJam Inc. (2023-01) | 1/1/2023 | $0.00 |
| 601 | Wunderkind Corporation | One World Trade Center, Floor 74, New York, NY 513590 | At Home Stores LLC | MKTG-47 | Master Platform Agreement made by and between At Home Stores LLC and Wunderkind Corporation. Dated 3/30/2022 | 3/30/2022 | $0.00 |
| 602 | Wyncore, Inc. | 4080 McGinnis Ferry Rd, Suite 102, Alpharetta, GA 30005 | At Home Stores LLC | SOW-00158 | Statement of Work made by and between At Home Stores LLC and Wyncore, Inc. | 2/1/2025 | $0.00 |
| 603 | Yext, Inc. | PO Box 9509, New York, NY 10087-9509 | At Home Stores LLC | MSA-00283 | Master Service Agreement made by and between At Home Stores LLC and Yext, Inc. | 7/9/2025 | $0.00 |
| 604 | Zendesk, Inc. | 989 Market Street, San Francisco, CA 94103 | At Home Stores LLC | L-00179 | Master Services Agreement made by and between At Home Stores LLC and Zendesk, Inc. | 8/31/2022 | $0.00 |
| 605 | Employee Management Agreements | N/A | N/A | N/A | Employee Management Agreements by and between various At Home Debtor entities | N/A | [TBD] |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Cure Amount |
|---|---|---|---|---|---|---|
| | | | | | **Real Property Contracts - Assume** | |
| 1 | ~~1000 Turtle Creek Drive LLC~~ Turtle Creek Limited Partnership | 1000 Turtle Creek Dr, Hattiesburg, MS 39402 | At Home Stores LLC | Lease_81 | Lease Agreement for the property located at 1000 Turtle Creek Dr, Hattiesburg, MS, 39402, Dated 04/26/2013 | $5,403.67 |
| 2 | 1401 Memorial Pkwy Huntsville, LLC | 625 Roger Williams Avenue , Highland Park, IL 60035 | At Home Stores LLC | Lease_117 | Lease Agreement for the property located at 1401 N Memorial Pkwy, Huntsville, AL, 35801, Dated 04/20/2015 | $112,403.62 |
| 3 | AEI Fund Management, Inc. | 30 E 7th St, St Paul, MN 55101 | At Home Stores LLC | Lease_13 | Lease Agreement for the property located at 11415 Carolina Pl Pkwy, Pineville, NC, 28134, Dated 03/01/1996 | $72,172.62 |
| 4 | Agree Provo UT, LLC | 32301 Woodward Avenue, Royal Oak, MI 48073 | At Home Stores LLC | Lease_128 | Lease Agreement for the property located at 1165 S University Ave, Provo, UT, 84601, Dated 05/28/2015 | $51,508.32 |
| 5 | Alpine Income Property OP, LP | 210 Route 4 E, Paramus, NJ 07652 | At Home Stores LLC | Lease_233 | Lease Agreement for the property located at 5700 Route 42 North, Turnersville, NJ, 08012, Dated 07/01/2019 | $76,836.47 |
| 6 | AR-GL & Erie LLC | 11155 Red Run Blvd, Owings Mills, MD 21117 | At Home Stores LLC | Lease_231 | Lease Agreement for the property located at 7980 Plaza Blvd, Mentor, OH, 44060, Dated 09/16/2019 | $55,320.11 |
| 7 | A-S 93 SH 130-SH 45, L.P. | 8827 W. Sam Houston Parkway N., Suite 200, Houston, TX 77040 | At Home Stores LLC | Lease_93 | Lease Agreement for the property located at SW Corner SH 130 & SH 45, Pflugerville, TX, 78660, Dated 04/04/2014 | $36,399.19 |
| 8 | At Home Route 59, LLC | One Parkview Plaza, 9th Fl, Oakbrook Terrace, IL 60181 | At Home Stores LLC | Lease_63 | Lease Agreement for the property located at 956 Illinois Rte 59, Aurora, IL, 60504, Dated 12/01/2019 | $58,135.00 |
| 9 | Balexe LLC | 17 Over Rock Lane, Westport, CT 06880 | At Home Stores LLC | Lease_74 | Lease Agreement for the property located at 16778 Interstate 45 S, Conroe, TX, 77384, Dated 11/01/2000 | $0.00 |
| 10 | Belz Investco L.P. | 100 Peabody Place, Ste 1400, Memphis, TN 38103 | At Home Stores LLC | Lease_10 | Lease Agreement for the property located at 5280 Summer Ave, Memphis, TN, 38122, Dated 08/01/1995 | $0.00 |
| 11 | BJ's Wholesale Club Inc. | 350 Campus Dr, Marlborough, MA 01752 | At Home Stores LLC | Lease_275 | Lease Agreement for the property located at 900 Metropolitan Ave, Charlotte, NC, 28204, Dated 10/26/2020 | $0.00 |
| 12 | Boulevard at Box Hill 5 LLC | 2700 Philadelphia Rd, Edgewood, MD 21040 | At Home Stores LLC | Lease_320 | Lease Agreement for the property located at 3411 Merchant Boulevard, Abingdon, MD, 21009, Dated 09/02/2014 | $74,648.14 |
| 13 | Boulevard Centre LLC | 5577 Youngstown-Warren Road, Niles, OH 44446 | At Home Stores LLC | Lease_195 | Lease Agreement for the property located at 5555 Youngstown Warren Rd, Warren, OH, 44484, Dated 03/01/2018 | $0.00 |
| 14 | Brevard Road Plaza, LLC | P.O. Box 6676, Asheville, NC 28816 | At Home Stores LLC | Lease_319 | Lease Agreement for the property located at 980 Brevard Rd, Asheville, NC, 28806, Dated 02/16/2022 | $69,487.33 |
| 15 | Brixmor Elmhurst Crossing LLC | 200 Ridge Pike, Ste 100, Conshohocken, PA 19428 | At Home Stores LLC | Lease_213 | Lease Agreement for the property located at 265 IL-83, Elmhurst, IL, 60126, Dated 05/16/2018 | $67,416.72 |
| 16 | Brixmor Laurel Square Owner, LLC | 200 Ridge Pike, Ste 100, Conshohocken, PA 19428 | At Home Stores LLC | Lease_209 | Lease Agreement for the property located at 1930 NJ-88, Brick Township, NJ, 08724, Dated 05/15/2018 | $65,038.49 |
| 17 | Brixmor Watson Glen LLC | 200 Ridge Pike, Ste 100, Conshohocken, PA 19428 | At Home Stores LLC | Lease_107 | Lease Agreement for the property located at 209 S Royal Oaks Blvd, Franklin, TN, 37064, Dated 09/02/2014 | $44,466.08 |
| ~~17~~ | ~~Broadstone Home Texas, LLC~~ | ~~800 Clinton Square, Rochester, NY 14604~~ | ~~At Home Stores LLC~~ | ~~Lease_900~~ | ~~Lease Agreement for the property located at 1600 E Plano Pkwy, Plano, TX, 75074, Dated 10/18/2013~~ | ~~$0.00~~ |
| 18 | BROADSTONE HOME TEXAS, LLC | 800 Clinton Square, Rochester, NY 14604 | At Home Stores LLC | Lease_73 | Lease Agreement for the property located at 4700 Green Rd, Raleigh, NC, 27604, Dated 06/19/2012 | $0.00 |
| 19 | Clermont Regional Investors, LLC | 496 S. Hunt Club Blvd, Apopka, FL 32703 | At Home Stores LLC | Lease_185 | Lease Agreement for the property located at 1002 FL-50, Clermont, FL, 34711, Dated 03/17/2018 | $53,885.67 |
| 20 | Cobblestone Square Co. II, Ltd. | 27500 Detroit Road, Ste 300, Westlake, OH 44145 | At Home Stores LLC | Lease_116 | Lease Agreement for the property located at 5223 Cobblestone Rd, Elyria, OH, 44035, Dated 01/05/2015 | $67,220.18 |
| 21 | CRICKM Lafayette Trust | 800 3rd Ave, 5th Floor, New York, NY 10022 | At Home Stores LLC | Lease_194 | Lease Agreement for the property located at 3530 IN-38, Lafayette, IN, 47905, Dated 12/21/2017 | $0.00 |
| 22 | Crown Ventures I LLC | 700 Montgomery Hwy, Birmingham, AL 35216 | At Home Stores LLC | Lease_243 | Lease Agreement for the property located at 3019 Peoples St, Johnson City, TN, 37604, Dated 04/30/2019 | $53,725.35 |
| 23 | CS West Manchester LLC, Manchester Springfield LLC, and Manchester Frankford LLC (collectively) | P.O. Box 6296, Hicksville, NY 11802 | At Home Stores LLC | Lease_148 | Lease Agreement for the property located at 1800 Loucks Rd, York, PA, 17408, Dated 01/18/2016 | $78,250.00 |
| 24 | CVJCR Ltd. LLLP | P.O. BOX 1720, Winter Park, FL 32790 | At Home Stores LLC | Lease_68 | Lease Agreement for the property located at 11100 E Colonial Dr, Orlando, FL, 32817, Dated 07/18/2011 | $0.00 |
| 25 | DANIEL G KAMIN FARMERS BRANCH LLC | 490 S. Highland Ave, Pittsburgh, PA 15206 | At Home Stores LLC | Lease_147 | Lease Agreement for the property located at 13307 Midway Rd, Dallas, TX, 75244, Dated 01/29/2016 | $91,761.33 |
| 26 | Dedham R2G Owner LLC | 500 N Broadway, Suite 201, Jericho, NY 11753 | At Home Stores LLC | Lease_190 | Lease Agreement for the property located at 300 Providence Hwy, Dedham, MA, 02026, Dated 09/05/2018 | $0.00 |
| 27 | Del/White Joint Venture | 3201 Dauphin St, Mobile, AL 36606 | At Home Stores LLC | Lease_145 | Lease Agreement for the property located at 312 Schillinger Road South, Mobile, AL, 36608, Dated 10/17/2016 | $0.00 |
| 28 | Durham (Parkway) UY, LLC | 8816 Six Forks Road, Ste 201, Raleigh, NC 27615 | At Home Stores LLC | Lease_91 | Lease Agreement for the property located at 4215 University Dr, Durham, NC, 27707, Dated 02/10/2014 | $67,417.20 |
| 29 | EPC-CW14, LLC | 1722 Routh St, Dallas, TX 75201 | At Home Stores LLC | Lease_751 | Lease Agreement for the property located at 3030 Saintsbury Street, Dallas, TX, 75019, Dated Dated 04/10/2023 | $0.00 |
| 30 | Exeter 6 Logistics, LP | 100 Matsonford Rd, Radnor, PA 19087 | At Home Stores LLC | Lease_920 | Lease Agreement for the property located at Six Logistics Drive, Carlisle, PA, 17013, Dated 11/01/2018 | $0.00 |
| 31 | Fayette Pavilion LLC | 945 Heights Blvd, Houston, TX 77008 | At Home Stores LLC | Lease_367 | Lease Agreement for the property located at 305 Pavilion Pkwy, Fayetteville, GA, 30214, Dated 06/10/2022 | $18,887.25 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Cure Amount |
|---|---|---|---|---|---|---|
| 32 | FUQUA BCDC Kenneth City Project Owners, LLC | 3575 Piedmont Rd NE , Suite 800, Atlanta, GA 30305 | At Home Stores LLC | Lease_278 | Lease Agreement for the property located at 4501 66th St N, St. Petersburg, FL, 33709, Dated 06/01/2022 | $0.00 |
| 33 | GCTC Property LP | 360 S Rosemary Ave, West Palm Beach, FL 33401 | At Home Stores LLC | Lease_314 | Lease Agreement for the property located at 10083 Gulf Center Dr, Fort Myers, FL, 33913, Dated 09/13/2021 | $82,011.50 |
| 34 | GIV Green Tree Outparcels, LLC | 150 Great Neck Rd , 3rd Floor, Great Neck, NY 11021 | At Home Stores LLC | Lease_293 | Lease Agreement for the property located at 1500 Greentree Blvd, Clarksville, IN, 47129, Dated 07/12/2020 | $0.00 |
| 35 | Jabbel Holdings, LLC | 12879 Harbor Blvd, Ste N-1, Garden Grove, CA 92840 | At Home Stores LLC | Lease_206 | Lease Agreement for the property located at 1050 W Elliot Rd, Tempe, AZ, 85284, Dated 09/25/2019 | $87,199.90 |
| 36 | Jensen Investments, LLC | 6597 Nicholas Blvd, Unit 1006, Naples, FL 34108 | At Home Stores LLC | Lease_211 | Lease Agreement for the property located at 11501 Parkside Dr, Farragut, TN, 37934, Dated 04/01/2018 | $0.00 |
| 37 | JKS-Tyler 1044, LLC | 4727 Wilshire Blvd, Ste 610, Los Angeles, CA 90010 | At Home Stores LLC | Lease_71 | Lease Agreement for the property located at 3900 Troup Hwy, Tyler, TX, 75703, Dated 02/01/2012 | $33,316.66 |
| 38 | KB Riverdale LLC | 2743 Perimeter Parkway, Building 100, Ste 270, Augusta, GA 30909 | At Home Stores LLC | Lease_139 | Lease Agreement for the property located at 1072 W Mercury Blvd, Hampton, VA, 23666, Dated 11/04/2016 | $41,883.19 |
| 39 | Kennewick Landing, LLC | PO Box 2720, Silverdale, WA 98383 | At Home Stores LLC | Lease_277 | Lease Agreement for the property located at 867 N Columbia Center Blvd, Kennewick, WA, 99336, Dated 06/10/2019 | $0.00 |
| 40 | Kite Realty Group, L.P. | 2021 Spring Road, Ste 200 , Oak Brook, IL 60523 | At Home Stores LLC | Lease_97 | Lease Agreement for the property located at 4801 183A Toll Road, Cedar Park, TX, 78613, Dated 05/08/2014 | $31,250.75 |
| 41 | Laurie Industries Inc | 185 N.W. Spanish River Boulevard, Ste 100, Boca Raton, FL 33431 | At Home Stores LLC | Lease_124 | Lease Agreement for the property located at 3201 N Mayfair Rd, Wauwatosa, WI, 53222, Dated 07/01/2015 | $0.00 |
| 42 | Marion Delaware LLC | 4811 S. 76th Street, Ste 211, Greenfield, WI 53220 | At Home Stores LLC | Lease_143 | Lease Agreement for the property located at 4595 S 27th St, Greenfield, WI, 53221, Dated 04/28/2016 | $0.00 |
| 43 | McIntyre Square Associates | 401 Liberty Ave Ste 200, Pittsburgh, PA 15222 | At Home Stores LLC | Lease_121 | Lease Agreement for the property located at 3000 McIntyre Square Dr, Pittsburgh, PA, 15237, Dated 08/15/2016 | $65,915.78 |
| 44 | MCM Properties LTD | 4101 E. 42nd Street, Mall Office, Odessa, TX 79762 | At Home Stores LLC | Lease_142 | Lease Agreement for the property located at 4101 E 42nd St, Odessa, TX, 79762, Dated 06/06/2017 | $0.00 |
| 45 | Merrillville Broadway Center Associates, LLC | 4500 Bissonnet, Ste 200, Bellaire, TX 77401 | At Home Stores LLC | Lease_162 | Lease Agreement for the property located at 101 W Lincoln Hwy, Merrillville, IN, 46410, Dated 02/09/2017 | $0.00 |
| 46 | Mervis - CCP Leesburg, LLC | 7825 Tuckerman Ln, Potomac, MD 20854 | At Home Stores LLC | Lease_250 | Lease Agreement for the property located at 19460 Compass Creek Pkwy, Leesburg, VA, 20175, Dated 10/11/2019 | $0.00 |
| 47 | Northtown Property Owner LLC | 33 Boylston St, Suite 3000, Chestnut Hill, MA 02467 | At Home Stores LLC | Lease_321 | Lease Agreement for the property located at 3151 Sheridan Drive, Amherst, NY, 14226, Dated 01/18/2022 | $83,610.41 |
| 48 | PA - Eastway, Inc | 5577 Youngstown-Warren Road , Niles, OH 44446 | At Home Stores LLC | Lease_108 | Lease Agreement for the property located at 2088 Interchange Rd., #500, Erie, PA, 16565, Dated 01/15/2015 | $0.00 |
| 49 | Pacific Carmel Mountain Holdings, L.P. | 11455 El Camino Real, Ste 200, San Diego, CA 92130 | At Home Stores LLC | Lease_228 | Lease Agreement for the property located at 12080 Carmel Mountain Rd, San Diego, CA, 92128, Dated 02/15/2019 | $0.00 |
| 50 | Payton Property Management LLC | 10950 W 192nd Pl, Spring Hill, KS 66083 | At Home Stores LLC | Lease_232 | Lease Agreement for the property located at 4905 Thompson Pkwy, Johnstown, CO, 80534, Dated 01/04/2021 | $110,969.12 |
| 51 | PEBB PBG, LLC | 7900 Glades Rd, Boca Raton, FL 33434 | At Home Stores LLC | Lease_247 | Lease Agreement for the property located at 100 Gander Way, Palm Beach Gardens, FL, 33403, Dated 11/29/2018 | $88,992.00 |
| 52 | Phoenix AH Associates, LLC | 4500 Bissonnet Street, Ste 200 , Bellaire, TX 77401 | At Home Stores LLC | Lease_95 | Lease Agreement for the property located at 12025 N 32nd St, Phoenix, AZ, 85028, Dated 05/29/2014 | $39,566.33 |
| 53 | Pine24 Concord, LLC | 1140 Williamson Boulevard, Ste 140, Daytona Beach, FL 32114 | At Home Stores LLC | Lease_47 | Lease Agreement for the property located at 7965 Lyles Ln NW, Concord, NC, 28027, Dated 08/01/2002 | $129,154.71 |
| 54 | Randall Benderson 1993-1 Trust | 570 Delaware Avenue, Buffalo, NY 14202 | At Home Stores LLC | Lease_76 | Lease Agreement for the property located at 6085 Rivers Ave, North Charleston, SC, 29406, Dated 09/14/2012 | $35,594.85 |
| 55 | Realty Trust Group Inc. & MJM X 1, LLC | 2300 S 48th St , #1, Lincoln, NE 68506 | At Home Stores LLC | Lease_271 | Lease Agreement for the property located at 6845 S 27th St, Lincoln, NE, 68512, Dated 06/14/2019 | $0.00 |
| 56 | Retail on 41st Street, LLC | 101 S Reid St , Suite 209, Sioux Falls, SD 57103 | At Home Stores LLC | Lease_273 | Lease Agreement for the property located at 1601 W 41st St, Sioux Falls, SD, 57105, Dated 07/01/2019 | $0.00 |
| 57 | Rhino Holdings Arlington LLC | 1 Tower Ln, #400, Oakbrook Terrace, IL 60181 | At Home Stores LLC | Lease_357 | Lease Agreement for the property located at 750 E Rand Rd, Arlington Heights, IL, 60004, Dated 09/01/2022 | $278,177.22 |
| 58 | Rhino Holdings Roseville, LLC | 2200 Paseo Verde Parkway, Ste 260, Henderson, NV 89052 | At Home Stores LLC | Lease_168 | Lease Agreement for the property located at 32123 Gratiot Ave, Roseville, MI, 48066, Dated 08/21/2017 | $35,365.19 |
| 59 | ROP Eastridge Plaza, LLC | 5678 N. Mesa, El Paso, TX 79912 | At Home Stores LLC | Lease_120 | Lease Agreement for the property located at 1120 McRae Boulevard, El Paso, TX, 79925, Dated 06/27/2017 | $56,776.40 |
| 60 | RPI Chesterfield LLC | 200 Vesey Street, 25th Fl, New York, NY 10281 | At Home Stores LLC | Lease_62 | Lease Agreement for the property located at 11500 Midlothian Turnpike, Richmond, VA, 23235, Dated 06/04/2010 | $9,038.59 $0.00 |
| 61 | RR Town Center Associates, LLC | 8140 Walnut Hill Ln, Dallas, TX 75231 | At Home Stores LLC | Lease_315 | Lease Agreement for the property located at 2855 West University Dr, Denton, TX, 76201, Dated 08/08/2023 | $224,035.75 |
| 62 | SCC Nassau Park Pavilion LLC | 3300 Enterprise Pkwy, Beachwood, OH 44122 | At Home Stores LLC | Lease_280 | Lease Agreement for the property located at 301 Nassau Park Blvd, Princeton, NJ, 08540, Dated 02/04/2020 | $0.00 |
| 63 | SFI 59 LP | 10040 Regency Circle, Ste 200, Omaha, NE 68114 | At Home Stores LLC | Lease_58 | Lease Agreement for the property located at 12990 W Center Rd, Omaha, NE, 68144, Dated 06/06/2008 | $52,456.38 |
| 64 | South Square LLC | 2851 Lakewood Village Dr, North Little Rock, AR 72116 | At Home Stores LLC | Lease_46 | Lease Agreement for the property located at 11801 Chenal Pkwy, Little Rock, AR, 72211, Dated 04/01/2002 | $0.00 |
| 65 | Spotsylvania Crossing DE, LLC | PO Box 716135, Philadelphia, PA 19171 | At Home Stores LLC | Lease_171 | Lease Agreement for the property located at 3655 Plank Rd, Fredericksburg, VA, 22407, Dated 05/15/2017 | $82,147.17 |
| 66 | Stamford United Limited Partnership | 38500 Woodward Avenue, Ste 200, Bloomfield Hills, MI 48304 | At Home Stores LLC | Lease_150 | Lease Agreement for the property located at 2101 S Telegraph Rd, Bloomfield Hills, MI, 48302, Dated 05/25/2016 | $56,303.33 |
| 67 | STJ Wisteria Shopping Center, LLC | 800 Mount Vernon Hwy NE, Ste 425, Atlanta, GA 30328 | At Home Stores LLC | Lease_119 | Lease Agreement for the property located at 2420 Wisteria Dr SW, Snellville, GA, 30078, Dated 08/17/2015 | $87,824.15 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Cure Amount |
|---|---|---|---|---|---|---|
| 68 | The Sully Limited Partnership | 6824 Elm St, 2nd Floor, McLean, VA 22101 | At Home Stores LLC | Lease_161 | Lease Agreement for the property located at 13910 Metrotech Dr, Chantilly, VA, 20151, Dated 01/26/2017 | $0.00 |
| 69 | TKC XXXIX, LLC | 5935 Carnegie Blvd, Charlotte, NC 28209 | At Home Stores LLC | Lease_42 | Lease Agreement for the property located at 1517 Sam's Cir, Chesapeake, VA, 23320, Dated 05/01/2001 | $127,820.22 |
| 70 | Tower Peoria, LLC | 250 W. Main Street, Woodland, CA 95695 | At Home Stores LLC | Lease_92 | Lease Agreement for the property located at 10140 N 91st Ave, Peoria, AZ, 85345, Dated 03/11/2014 | $43,056.26 |
| 71 | Transform Bohemia NY LLC | 3333 Beverly Rd, Hoffman Estates, IL 60179 | At Home Stores LLC | Lease_262 | Lease Agreement for the property located at 5151 Sunrise Hwy, Bohemia, NY, 11716, Dated 11/15/2021 | $12,501.13 |
| 72 | Transform Lease Opco LLC | 3333 Beverly Rd, Dept 824RE, Hoffman Estates, IL 60179 | At Home Stores LLC | Lease_316 | Lease Agreement for the property located at 8250 Day Creek Blvd, Rancho Cucamonga, CA, 91739, Dated 12/10/2021 | $123,552.64 |
| 73 | Transform Leaseco LLC | 5407 Trillium Blvd., Ste B120, Hoffman Estates, IL 60192 | At Home Stores LLC | Lease_106 | Lease Agreement for the property located at 20 O'Fallon Square, O'Fallon, MO, 63366, Dated 06/01/2015 | $57,211.04 |
| 74 | Transform Leaseco LLC | 5407 Trillium Blvd., Ste B120, Hoffman Estates, IL 60192 | At Home Stores LLC | Lease_109 | Lease Agreement for the property located at 10331 University Ave, Clive, IA, 50325, Dated 12/12/2014 | $75,000.00 |
| 75 | Transform Operating Stores LLC | 3333 Beverly Rd, Dept 824RE, Hoffman Estates, IL 60179 | At Home Stores LLC | Lease_358 | Lease Agreement for the property located at 14091 SW 88th St, Miami, FL, 33183, Dated 04/25/2022 | $132,579.57 |
| 76 | Trustees Main/270 LLC | 4300 E Fifth Avenue, Columbus, OH 43219 | At Home Stores LLC | Lease_79 | Lease Agreement for the property located at 6060 E Main St, Columbus, OH, 43213, Dated 03/08/2013 | $0.00 |
| 77 | ULAX Estates, Inc. | 40 Burton Hills Boulevard , Ste 200, Nashville, TN 37215 | At Home Stores LLC | Lease_113 | Lease Agreement for the property located at 3710 Annex Ave, Nashville, TN, 37209, Dated 11/03/2014 | $0.00 |
| 78 | University Commons, LLC | 161 E Michigan Ave, Suite 400, Kalamazoo, MI 49007 | At Home Stores LLC | Lease_85 | Lease Agreement for the property located at 4620 Stadium Dr, Kalamazoo, MI, 49008, Dated 11/22/2013 | $45,119.82 |
| 79 | US Realty 87 Lee's Summit Associates | 820 Morris Turnpike, Ste 301 , Short Hills, NJ 07078 | At Home Stores LLC | Lease_110 | Lease Agreement for the property located at 601 North M 291 Highway, Lee's Summit, MO, 64086, Dated 11/18/2014 | $29,166.67 |
| 80 | Warren Davis Properties XXVI, LLC | 1540 W Battlefield Road , Springfield, MO 65807 | At Home Stores LLC | Lease_96 | Lease Agreement for the property located at 3700 S Campbell Ave, Springfield, MO, 65807, Dated 06/23/2014 | $0.00 |
| 81 | WH ID CDA LLC | 4800 NW Camas Meadows Dr, Camas, WA 98607 | At Home Stores LLC | Lease_253 | Lease Agreement for the property located at 201 West Neider Avenue, Coeur d'Alene, ID, 83815, Dated 01/30/2019 | $53,555.51 |

**<u>Exhibit B-2</u>**

**Schedule of Assumed Executory Contracts and Unexpired Leases that Remain Subject to Finalization and Execution of Certain Documentation Among the Debtors and Respective Counterparties**

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Cure Amount |
|---|---|---|---|---|---|---|
| | | | | | **Real Property Contracts - Assume Subject to Deal Completion** | |
| 1 | 1323 Augusta West Parkway Leasing LLC | 911 E County Line Rd, Ste 206, Lakewood, NJ 08701 | At Home Stores LLC | Lease_200 | Lease Agreement for the property located at 1329 Augusta W Pkwy, Augusta, GA, 30909, Dated 02/08/2018 | $58,752.66 |
| 2 | 2063 Watson Blvd LLC | 9101 Alta Drive, #1003, Las Vegas, NV 89145 | At Home Stores LLC | Lease_118 | Lease Agreement for the property located at 2063 Watson Blvd, Warner Robins, GA, 31093, Dated 02/01/2015 | $35,139.24 |
| 3 | 7050 Watts Rd LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_242 | Lease Agreement for the property located at 7050 Watts Rd, Madison, WI, 53719, Dated 10/16/2018 | [TBD] |
| 4 | ARC Mesa 1944, LLC | 9120 E Talking Stick Way, Suite E1, Scottsdale, AZ 85250 | At Home Stores LLC | Lease_72 | Lease Agreement for the property located at 1944 S Greenfield Rd, Mesa, AZ, 85206, Dated 09/15/2014 | $0.00 |
| 5 | August America, LLC. | 734 Hebron Ave, Glastonbury, CT 06033 | At Home Stores LLC | Lease_291 | Lease Agreement for the property located at 376 Universal Dr, North Haven, CT, 06473, Dated 06/02/2022 | $0.00 |
| 6 | AVG Home Spokane, LLC | 9595 Wilshire Blvd, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_245 | Lease Agreement for the property located at 7619 N Division St, Spokane, WA, 99208, Dated 01/07/2019 | $43,403.86 |
| 7 | AVG Puyallup, LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_217 | Lease Agreement for the property located at 301 37th Ave SE, Puyallup, WA, 98374, Dated 07/16/2018 | $0.00 |
| 8 | Bel Larimer, LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_284 | Lease Agreement for the property located at 8585 S Yosemite St, Lone Tree, CO, 80124, Dated 01/08/2021 | $3,572.27 |
| 9 | Belk, Inc. | 2801 W Tyvola Road, Charlotte, NC 28217 | At Home Stores LLC | Lease_155 | Lease Agreement for the property located at 5036 Pinnacle Square, Trussville, AL, 35235, Dated 12/02/2016 | $52,745.33 |
| 10 | Billingsley Property Services II, Inc. | 1722 Routh St, Dallas, TX 75201 | At Home Stores LLC | Lease_750 | Lease Agreement for the property located at 9000 Cypress Waters Blvd, Dallas, TX 75019, Dated 03/01/2023 | $13,238.55 |
| 10 | Boulevard Centre LLC | 5577 Youngstown-Warren Road, Niles, OH 44446 | At Home Stores LLC | Lease_195 | Lease Agreement for the property located at 5555 Youngstown Warren Rd, Warren, OH, 44484, Dated 03/01/2018 | $0.00 |
| 11 | Broadstone Home Texas, LLC | 800 Clinton Square, Rochester, NY 14604 | At Home Stores LLC | Lease_900 | Lease Agreement for the property located at 1600 E Plano Pkwy, Plano, TX, 75074, Dated 10/18/2013 | $0.00 |
| 12 | BT Granite Run, LP | 200 Dryden Rd, Suite 200, Dresher, PA 19025 | At Home Stores LLC | Lease_366 | Lease Agreement for the property located at 1105 W Baltimore Pike, Media, PA, 19063, Dated 11/15/2022 | [TBD] |
| 13 | Builders Palmdale LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_131 | Lease Agreement for the property located at 14230 Burnhaven Dr, Burnsville, MN, 55306, Dated 09/17/2015 | $0.00 |
| 14 | Clear Lake Center, L.P. | 4545 Bissonnet Street, Ste 100, Bellaire, TX 77401 | At Home Stores LLC | Lease_16 | Lease Agreement for the property located at 20780 Gulf Fwy, Webster, TX, 77598, Dated 11/01/1995 | $109,770.18 |
| 15 | Cole GR Stockbridge GA, LLC | 2325 E. Camelback Road, 9th Fl, Phoenix, AZ 85016 | At Home Stores LLC | Lease_22 | Lease Agreement for the property located at 5000 Mt Zion Pkwy, Stockbridge, GA, 30281, Dated 06/01/1998 | [TBD] |
| 16 | Crofton 450 LLC | 500 N Broadway, Ste 201, Jericho, NY 11753 | At Home Stores LLC | Lease_214 | Lease Agreement for the property located at 1647 Crofton Center, Crofton, MD, 21114, Dated 05/29/2018 | $41,878.95 |
| 17 | Daniel G Kamin Chattanooga LLC | P.O. Box 10234, Pittsburgh, PA 15232 | At Home Stores LLC | Lease_80 | Lease Agreement for the property located at 482 McBrien Rd, Chattanooga, TN, 37412, Dated 04/01/2013 | $0.00 |
| 18 | Daniel G. Kamin Dale City Enterprises | 490 S. Highland Ave. , Pittsburgh, PA 15206 | At Home Stores LLC | Lease_149 | Lease Agreement for the property located at 2851 Dale Blvd, Woodbridge, VA, 22193, Dated 03/07/2016 | $0.00 |
| 19 | Daniel G. Kamin Dale City Enterprises | 490 S Highland Ave, Pittsburgh, PA 15206 | At Home Stores LLC | Lease_256 | Lease Agreement for the property located at 5000 San Dario Ave, Laredo, TX, 78041, Dated 02/06/2019 | $53,308.92 $0.00 |
| 20 | Darling Realty Inc. | 1105 Fall River Avenue, Seekonk, MA 02771 | At Home Stores LLC | Lease_163 | Lease Agreement for the property located at 1110 Fall River Ave, Seekonk, MA, 02771, Dated 03/06/2017 | $135,272.53 |
| 21 | DBB Holdings Inc. | PO Box 18087, Reno, NV 89511 | At Home Stores LLC | Lease_178 | Lease Agreement for the property located at 3000 Kirby Dr, Pearland, TX, 77584, Dated 06/22/2017 | $92,801.78 |
| 22 | Deck Oakley, LLC | 272 Sunny Acres, Cincinnati, OH 45255 | At Home Stores LLC | Lease_238 | Lease Agreement for the property located at 3055 Geier Dr, Cincinnati, OH, 45209, Dated 09/27/2018 | $0.00 |
| 22 | Del/White Joint Venture | 3201 Dauphin St, Mobile, AL 36606 | At Home Stores LLC | Lease_145 | Lease Agreement for the property located at 312 Schillinger Road South, Mobile, AL, 36608, Dated 10/17/2016 | $0.00 |
| 23 | FHH Hamburg LLC | 200 S Michigan Ave, Chicago, IL 60604 | At Home Stores LLC | Lease_25 | Lease Agreement for the property located at 1996 Pavilion Way, Lexington, KY, 40509, Dated 06/01/1998 | [TBD] |
| 24 | FR Huntington Square Fee Owner, LLC | 500 Fifth Ave, Suite 1530, New York, NY 10110 | At Home Stores LLC | Lease_328 | Lease Agreement for the property located at 4000 Jericho Turnpike, East Northport, NY, 11731, Dated 03/22/2022 | $39,575.42 |
| 25 | GIV Green Tree Outparcels, LLC | 150 Great Neck Rd , 3rd Floor, Great Neck, NY 11021 | At Home Stores LLC | Lease_293 | Lease Agreement for the property located at 1500 Greentree Blvd, Clarksville, IN, 47129, Dated 07/12/2020 | $0.00 |
| 25 | GR Mesquite, LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_11 | Lease Agreement for the property located at 2727 Towne Centre Dr, Mesquite, TX, 75150, Dated 07/01/1995 | $0.00 |
| 26 | Gravois Bluffs III, L.L.C., | 9109 Watson Road, 3rd Fl, St. Louis, MO 63126 | At Home Stores LLC | Lease_44 | Lease Agreement for the property located at 665 Gravois Bluffs Blvd, Fenton, MO, 63026, Dated 06/01/2001 | [TBD] |
| 27 | Green River Plaza, LLC | PO Box 191116, Brooklyn, NY 11219 | At Home Stores LLC | Lease_198 | Lease Agreement for the property located at 49 N Green River Rd, Evansville, IN, 47715, Dated 05/01/2018 | $56,152.28 |
| 28 | Greenwood Place Phase II, LP | 117 E Washington St, Suite 300, Indianapolis, IN 46204 | At Home Stores LLC | Lease_70 | Lease Agreement for the property located at 7667 Shelby St, Indianapolis, IN, 46227, Dated 09/09/2011 | $0.00 |
| 29 | ILF-Cherry Hill, LLC | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_167 | Lease Agreement for the property located at 1376 E 70th St, Shreveport, LA, 71105, Dated 03/03/2017 | [TBD] |
| 30 | JASUE, LLC | 185 NW Spanish River Blvd, Ste 100, Boca Raton, FL 33431 | At Home Stores LLC | Lease_181 | Lease Agreement for the property located at 4480 Indian Ripple Rd, Dayton, OH, 45440, Dated 09/01/2017 | $61,847.84 |
| 31 | Jimmy Nassour, Parkview Partners, Ltd. & Parkview Partners II, Ltd. | 3839 Bee Cave Road Ste 200, Austin, TX 78746 | At Home Stores LLC | Lease_32 | Lease Agreement for the property located at 5151 US-290, Austin, TX, 78735, Dated 05/01/1999 | $152,329.50 |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Cure Amount |
|---|---|---|---|---|---|---|
| 32 | Karlyle Eastern Properties NV, LLC | 1710 Raiders Way, #110, Las Vegas, NV 89052 | At Home Stores LLC | Lease_165 | Lease Agreement for the property located at 10405 S Eastern Ave, Henderson, NV, 89052, Dated 04/06/2017 | [TBD] |
| 33 | Karlyle Eastern Properties NV, LLC | 400 Andrews Street, Ste 500, Rochester, NY 14604 | At Home Stores LLC | Lease_166 | Lease Agreement for the property located at 989 Church Rd, Cherry Hill, NJ, 08002, Dated 09/01/2017 | $0.00 |
| 34 | Kestrel, LLC | 1008 E Hefner Rd, Oklahoma City, OK 73131 | At Home Stores LLC | Lease_279 | Lease Agreement for the property located at 2121 NW 138th St, Oklahoma City, OK, 73134, Dated 01/06/2020 | [TBD] |
| 35 | KIN, Inc. (f/k/a Kohls, Inc.; f/k/a Kohl's Illinois, Inc.) | N56w17000 Ridgewood Dr, Menomonee Falls, WI 53051 | At Home Stores LLC | Lease_135 | Lease Agreement for the property located at 2704 Central Expy, Plano, TX, 75074, Dated 03/01/2016 | $41,576.50 |
| 36 | KIR Temecula L.P. | 500 N Broadway, Jericho, NY 11753 | At Home Stores LLC | Lease_237 | Lease Agreement for the property located at 26471 Ynez Rd, Temecula, CA, 92591, Dated 02/03/2021 | $51,737.38 |
| 37 | Kmart Plaza Lancaster, PA Lp | 270 Commerce Drive, Rochester, NY 14623 | At Home Stores LLC | Lease_184 | Lease Agreement for the property located at 1890 Fruitville Pike, Lancaster, PA, 17601, Dated 01/01/2018 | [TBD] |
| 38 | KRG Sunland, LP | 30 S Meridian St, Indianapolis, IN 46204 | At Home Stores LLC | Lease_255 | Lease Agreement for the property located at 655 Sunland Park Dr, El Paso, TX, 79912, Dated 03/07/2019 | [TBD] |
| 39 | KRG Town and Country Manchester, LLC | 2021 Spring Road, Ste 200 , Oak Brook, IL 60523 | At Home Stores LLC | Lease_151 | Lease Agreement for the property located at 13907 Manchester Rd, Ballwin, MO, 63011, Dated 06/28/2016 | [TBD] |
| 40 | Lago Bello, LLC | 1215 Gessner Road, Houston, TX 77055 | At Home Stores LLC | Lease_51 | Lease Agreement for the property located at 12605 N Gessner Rd, Houston, TX, 77064, Dated 05/01/2006 | [TBD] |
| 41 | LCN ATH Gulfport (Multi) LLC | 142 W 57th Street, New York, NY 10019 | At Home Stores LLC | Lease_36 | Lease Agreement for the property located at 2650 W Interstate 20, Arlington, TX, 76018, Dated 08/08/2000 | $0.00 |
| 42 | LCN ATH Gulfport (Multi) LLC | 142 W 57th Street, New York, NY 10019 | At Home Stores LLC | Lease_82 | Lease Agreement for the property located at 15065 Creosote Rd, Gulfport, MS, 39503, Dated 06/06/2013 | $0.00 |
| 43 | LCN ATH Gulfport (Multi) LLC | 142 W 57th Street, New York, NY 10019 | At Home Stores LLC | Lease_78 | Lease Agreement for the property located at 642 S Walnut Ave, New Braunfels, TX, 78130, Dated 12/21/2012 | $0.00 |
| 44 | LCN ATH Gulfport (Multi) LLC | 142 W 57th Street, New York, NY 10019 | At Home Stores LLC | Lease_104 | Lease Agreement for the property located at 1600 W Kelly Ave, Pharr, TX, 78577, Dated 04/16/2014 | $0.00 |
| 45 | LCN ATH Gulfport (Multi) LLC | 142 W 57th Street, New York, NY 10019 | At Home Stores LLC | Lease_101 | Lease Agreement for the property located at 2244 S Reynolds Rd, Toledo, OH, 43614, Dated 03/24/2014 | $0.00 |
| 46 | LCN ATH Orange Park Multi LLC DACA | 142 W 57th Street, New York, NY 10019 | At Home Stores LLC | Lease_98 | Lease Agreement for the property located at 1919 Wells Rd, Orange Park, FL, 32073, Dated 06/05/2014 | $0.00 |
| 47 | LCN ATH Orange Park Multi LLC DACA | 888 Seventh Avenue , 4th Fl, New York, NY 10019 | At Home Stores LLC | Lease_105 | Lease Agreement for the property located at 5501 Grove Blvd, Hoover, AL, 35226, Dated 04/07/2014 | $0.00 |
| 48 | LCN ATH Orange Park Multi LLC DACA | 888 Seventh Avenue , 4th Fl, New York, NY 10019 | At Home Stores LLC | Lease_114 | Lease Agreement for the property located at 2000 E Santa Fe St, Olathe, KS, 66062, Dated 12/30/2014 | $0.00 |
| 49 | LCN ATH Orange Park Multi LLC DACA | 888 Seventh Avenue , 4th Fl, New York, NY 10019 | At Home Stores LLC | Lease_137 | Lease Agreement for the property located at 4210 Ambassador Caffery Pkwy, Lafayette, LA, 70508, Dated 12/22/2015 | $0.00 |
| 50 | LCN ATH Orange Park Multi LLC DACA | 888 Seventh Avenue , 4th Fl, New York, NY 10019 | At Home Stores LLC | Lease_133 | Lease Agreement for the property located at 621 SW 19th St, Moore, OK, 73160, Dated 09/25/2015 | $0.00 |
| 51 | LCN ATH Orange Park Multi LLC DACA | 888 Seventh Avenue , 4th Fl, New York, NY 10019 | At Home Stores LLC | Lease_123 | Lease Agreement for the property located at 301 S Towne East Mall Dr, Wichita, KS, 67207, Dated 06/06/2015 | $0.00 |
| 52 | Lomas Retail NM LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_115 | Lease Agreement for the property located at 11150 Lomas Blvd NE, Albuquerque, NM, 87112, Dated 01/19/2015 | $21,170.70 |
| 53 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_84 | Lease Agreement for the property located at 335 N Academy Blvd, Colorado Springs, CO, 80909, Dated 10/18/2013 | [TBD] |
| 54 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_86 | Lease Agreement for the property located at 3003 W Vine St, Kissimmee, FL, 34741, Dated 07/31/2013 | [TBD] |
| 55 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_60 | Lease Agreement for the property located at 7400 Douglas Blvd, Douglasville, GA, 30135, Dated 03/01/2010 | [TBD] |
| 56 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_66 | Lease Agreement for the property located at 9450 FM 1960, Humble, TX, 77338, Dated 05/01/2011 | [TBD] |
| 57 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_69 | Lease Agreement for the property located at 301 Noble Creek Dr, Noblesville, IN, 46060, Dated 08/01/2011 | [TBD] |
| 58 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_28 | Lease Agreement for the property located at 3599 Park Mill Run Dr, Hilliard, OH, 43026, Dated 05/01/1998 | [TBD] |
| 59 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_29 | Lease Agreement for the property located at 6103 Landmark Center Blvd, Greensboro, NC, 27407, Dated 12/01/1998 | [TBD] |
| 60 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_31 | Lease Agreement for the property located at 6840 Northwest Loop 410, San Antonio, TX, 78238, Dated 03/01/1999 | [TBD] |
| 61 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_24 | Lease Agreement for the property located at 1287 Central Park Dr, O'Fallon, IL, 62269, Dated 04/01/1998 | [TBD] |
| 62 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_18 | Lease Agreement for the property located at 35 Park Woodruff Dr, Greenville, SC, 29607, Dated 09/18/1996 | [TBD] |
| 63 | National Retail Properties, INC | 450 S Orange Avenue, Ste 900, Orlando, FL 32801 | At Home Stores LLC | Lease_220 | Lease Agreement for the property located at 1720 N Hardin Blvd, McKinney, TX, 75071, Dated 06/17/2022 | [TBD] |
| 64 | New Willow Grove PA Retail LLC | 295 Madison Ave, New York, NY 10017 | At Home Stores LLC | Lease_259 | Lease Agreement for the property located at 2620 Moreland Road, Willow Grove, PA, 19090, Dated 03/11/2019 | $97,223.85 |
| 65 | North Canton LLC | 10546 Versailles Blvd, Wellington, FL 33449 | At Home Stores LLC | Lease_249 | Lease Agreement for the property located at 4932 Portage Street, North Canton, OH, 44720, Dated 03/06/2019 | $138,936.96 |
| 66 | North Dixie E-Town LLC | 4201 Springhurst Blvd., Ste 201 , Louisville, KY 40241 | At Home Stores LLC | Lease_160 | Lease Agreement for the property located at 1807 N Dixie Hwy, Elizabethtown, KY, 42701, Dated 01/06/2017 | [TBD] |
| 67 | North River Village GEC, LLC | 5391 Lakewood Ranch Blvd , Ste 100, Sarasota, FL 34240 | At Home Stores LLC | Lease_301 | Lease Agreement for the property located at 6126 US-301, Ellenton, FL, 34222, Dated 06/14/2019 | [TBD] |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Cure Amount |
|---|---|---|---|---|---|---|
| 69 | PA - Eastway, Inc | 5577 Youngstown-Warren Road ; Niles, OH 44446 | At Home Stores LLC | Lease_108 | Lease Agreement for the property located at 2088 Interchange Rd., #500, Erie, PA, 16565; Dated 01/15/2015 | $0.00 |
| 68 | Pacific Midway LLC | 12303 E Mississippi Ave, Unit 143, Aurora, CO 80012 | At Home Stores LLC | Lease_83 | Lease Agreement for the property located at 1660 W Midway Blvd, Broomfield, CO, 80020, Dated 07/31/2013 | [TBD] |
| 69 | PAL Associates Harrisburg LLC | 1 Wayne Hills Mall, Wayne, NJ 07470 | At Home Stores LLC | Lease_212 | Lease Agreement for the property located at 5070 Jonestown Rd, Harrisburg, PA, 17112, Dated 06/01/2018 | [TBD] |
| 72 | Payton Property Management LLC | 10950 W 192nd Pl, Spring Hill, KS 66083 | At Home Stores LLC | Lease_232 | Lease Agreement for the property located at 4905 Thompson Pkwy, Johnstown, CO, 80534, Dated 01/04/2021 | $110,969.12 |
| 70 | PL Wayne LLC | 3333 New Hyde Park Road, New Hyde Park, NY 11042 | At Home Stores LLC | Lease_180 | Lease Agreement for the property located at 6 Willowbrook Blvd, Wayne, NJ, 07470, Dated 02/12/2018 | $43,845.86 |
| 71 | Polaris AH LLC | 8800 Lyra Dr, #550, Columbus, OH 43240 | At Home Stores LLC | Lease_172 | Lease Agreement for the property located at 1160 Gemini Pl, Columbus, OH, 43240, Dated 04/21/2017 | $52,083.33 |
| 72 | QR Rushmore LLC | 1445 N Loop W, Ste. 625, Houston, TX 77008 | At Home Stores LLC | Lease_141 | Lease Agreement for the property located at 2200 N Maple Ave, Rapid City, SD, 57701, Dated 04/04/2016 | $0.00 |
| 73 | R51PD-120, LLC | 761 Osage Road, Pittsburgh, PA 15243 | At Home Stores LLC | Lease_170 | Lease Agreement for the property located at 120 Mall Plaza Blvd, Monroeville, PA, 15146, Dated 04/04/2017 | $0.00 |
| 74 | RE Pecan LLC | RE Pecan LLC 7113 San Pedro Ave, Ste 198 , San Antonio, TX 78216 | At Home Stores LLC | Lease_144 | Lease Agreement for the property located at 8421 US-281, San Antonio, TX, 78216, Dated 03/03/2016 | [TBD] |
| 75 | Realty Income Properties 18, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_224 | Lease Agreement for the property located at 361 Newnan Crossing Bypass, Newnan, GA, 30265, Dated 06/27/2018 | [TBD] |
| 76 | Realty Income Properties 18, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_216 | Lease Agreement for the property located at 2301 East Rudder Freeway, College Station, TX, 77845, Dated 05/29/2018 | [TBD] |
| 77 | Realty Income Properties 18, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_203 | Lease Agreement for the property located at 300 Tanger Outlets Blvd, Pooler, GA, 31322, Dated 04/20/2018 | [TBD] |
| 78 | Realty Income Properties 18, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_205 | Lease Agreement for the property located at 3002 Firewheel Parkway, Garland, TX, 75040, Dated 03/09/2018 | [TBD] |
| 79 | Realty Income Properties 18, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_235 | Lease Agreement for the property located at 3015 W 86th St, Indianapolis, IN, 46268, Dated 12/14/2018 | [TBD] |
| 80 | Rhino Holdings Roseville, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_169 | Lease Agreement for the property located at 300 W 14 Mile Rd, Troy, MI, 48083, Dated 08/21/2017 | [TBD] |
| 81 | RPT Realty, L.P. | 500 N Broadway, Jericho, NY 11753 | At Home Stores LLC | Lease_248 | Lease Agreement for the property located at 25813 US Hwy 19 N, Clearwater, FL, 33763, Dated 06/01/2019 | $44,240.40 |
| 82 | Saginaw Landmark Partners, LLC | 21 E. Long Lake, Ste 200, Bloomfield Hills, MI 48304 | At Home Stores LLC | Lease_158 | Lease Agreement for the property located at 5417 Bay Rd, Saginaw, MI, 48604, Dated 12/05/2016 | $0.00 |
| 83 | Sandy Tech Center One LLC | 9090 Sandy Pkwy, Sandy, UT 84070 | At Home Stores LLC | Lease_138 | Lease Agreement for the property located at 203 W 9000 S, Sandy, UT, 84070, Dated 06/09/2016 | $87,854.82 |
| 84 | SDC RIVERDALE, LLC | 90 East 7200 South, Suite 200 , Midvale, UT 84047 | At Home Stores LLC | Lease_122 | Lease Agreement for the property located at 1135 W Riverdale Rd, Riverdale, UT, 84405, Dated 04/13/2015 | [TBD] |
| 85 | SFLP, LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_219 | Lease Agreement for the property located at 955 S Hover St, Longmont, CO, 80501, Dated 06/22/2018 | $0.00 |
| 86 | Sizeler North Shore General Partnership | 551 S. Powerline Road, Pompano Beach, FL 33069 | At Home Stores LLC | Lease_146 | Lease Agreement for the property located at 150 Northshore Blvd, Slidell, LA, 70460, Dated 02/08/2016 | $0.00 |
| 87 | SLJ Barry KC LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_129 | Lease Agreement for the property located at 420 NE Barry Rd, KCMO, MO, 64155, Dated 06/15/2015 | $0.00 |
| 88 | Spirit Master Funding X, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_88 | Lease Agreement for the property located at 4949 Greenwood Dr, Corpus Christi, TX, 78416, Dated 01/23/2014 | [TBD] |
| 89 | Spirit Master Funding X, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_89 | Lease Agreement for the property located at 334 Chicago Dr, Georgetown Twp, MI, 49428, Dated 10/07/2013 | [TBD] |
| 90 | Spirit Master Funding X, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_100 | Lease Agreement for the property located at 1605 Buford Hwy NE, Buford, GA, 30518, Dated 08/01/2016 | [TBD] |
| 91 | Spirit Master Funding X, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_75 | Lease Agreement for the property located at 4304 W Loop 289, Lubbock, TX, 79407, Dated 08/15/2012 | [TBD] |
| 92 | Spirit Master Funding X, LLC | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_9 | Lease Agreement for the property located at 11501 Bluegrass Pkwy, Louisville, KY, 40299, Dated 10/31/1994 | [TBD] |
| 93 | Spirit Realty LP | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_87 | Lease Agreement for the property located at 7613 N Loop 1604 E, Live Oak, TX, 78233, Dated 09/09/2013 | [TBD] |
| 94 | Spirit Realty LP | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_207 | Lease Agreement for the property located at 2160 Grand Cypress Dr, Lutz, FL, 33559, Dated 03/16/2018 | [TBD] |
| 95 | Spirit Realty LP | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_199 | Lease Agreement for the property located at 1811 Monocacy Blvd, Frederick, MD, 21701, Dated 03/19/2018 | [TBD] |
| 96 | Spirit Realty LP | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_179 | Lease Agreement for the property located at 5540 State Hwy 121, Plano, TX, 75024, Dated 12/20/2017 | [TBD] |
| 97 | Spirit Realty LP | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_187 | Lease Agreement for the property located at 602 US-287, Mansfield, TX, 76063, Dated 03/22/2018 | [TBD] |
| 98 | Spirit Realty LP | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_188 | Lease Agreement for the property located at 2520 MacArthur Rd, Whitehall, PA, 18052, Dated 10/12/2017 | [TBD] |
| 99 | Spirit Realty, LP | 11995 El Camino Real, San Diego, CA 92130 | At Home Stores LLC | Lease_227 | Lease Agreement for the property located at 2663 Canyon Springs Pkwy, Riverside, CA, 92507, Dated 02/18/2019 | [TBD] |
| 100 | Starlight Sugar Land Texas LP | 1801 Century Park E, Ste 2101, Los Angeles, CA 90067 | At Home Stores LLC | Lease_35 | Lease Agreement for the property located at 16960 Southwest Fwy, Sugar Land, TX, 77479, Dated 10/05/1998 | $113,731.61 |
| 101 | Sterik Pavillion LP | 50 Tice Boulevard, Ste 320, Woodcliff Lake, NJ 07677 | At Home Stores LLC | Lease_126 | Lease Agreement for the property located at 1000 W Esplanade Ave, Kenner, LA, 70065, Dated 03/20/2015 | [TBD] |

| S/N | Counterparty Name | Counterparty Address | Debtor Entity | Contract ID | Contract Description | Cure Amount |
|---|---|---|---|---|---|---|
| 102 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_27 | Lease Agreement for the property located at 5608 SW Loop 820, Fort Worth, TX, 76132, Dated 06/01/1998 | $0.00 |
| 103 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_20 | Lease Agreement for the property located at 2875 George Busbee Pkwy NW, Kennesaw, GA, 30144, Dated 02/01/1997 | $0.00 |
| 104 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_21 | Lease Agreement for the property located at 1887 Willow Trail Pkwy, Norcross, GA, 30093, Dated 02/01/1997 | $0.00 |
| 105 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_12 | Lease Agreement for the property located at 701 S MacArthur Blvd, Oklahoma City, OK, 73128, Dated 05/26/1995 | $0.00 |
| 106 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_15 | Lease Agreement for the property located at 11015 East 51st Street South, Tulsa, OK, 74146, Dated 10/11/1995 | $0.00 |
| 107 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_218 | Lease Agreement for the property located at 3820 W Wisconsin Ave, Grand Chute, WI, 54914, Dated 07/17/2018 | $62,815.67 |
| 108 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_204 | Lease Agreement for the property located at 535 Pleasant Grove Rd, Mt. Juliet, TN, 37122, Dated 09/25/2019 | $81,088.01 |
| 109 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_241 | Lease Agreement for the property located at 24340 Northwest Freeway, Cypress, TX, 77429, Dated 09/25/2019 | $82,933.09 |
| 110 | STORE Master Funding III, LLC | 8377 E. Hartford Drive, Ste 100, Scottsdale, AZ 85255 | At Home Stores LLC | Lease_300 | Lease Agreement for the property located at 216 Gable Crossing Dr, Avon, IN, 46123, Dated 09/25/2019 | $75,136.28 |
| 111 | The Plaza at Burr Corners LLC | 150 Baker Ave. Extension, Ste 303, Concord, MA 01742 | At Home Stores LLC | Lease_197 | Lease Agreement for the property located at 1181 Tolland Turnpike, Manchester, CT, 06042, Dated 04/02/2018 | [TBD] |
| 112 | Timber Creek Owner LP | 2525 McKinnon St, Suite 700, Dallas, TX, 75201 | At Home Stores LLC | Lease_317 | Lease Agreement for the property located at 6051 Skillman St., Dallas, TX 75231, Dated 08/13/2021 | $0.00 |
| 113 | Tosca Properties LLC | 633 Tremont St, Boston, MA 02118 | At Home Stores LLC | Lease_305 | Lease Agreement for the property located at 310 Andover St, Peabody, MA, 01960, Dated 10/29/2021 | $83,655.00 |
| ~~116~~ | ~~Trustees Main/270 LLC~~ | ~~4300 E Fifth Avenue, Columbus, OH 43219~~ | ~~At Home Stores LLC~~ | ~~Lease_79~~ | ~~Lease Agreement for the property located at 6060 E Main St, Columbus, OH, 43213, Dated 03/08/2013~~ | ~~$0.00~~ |
| 114 | UE Woodmore TC LLC | 210 E State Route 4 E, Paramus, NJ 07652 | At Home Stores LLC | Lease_297 | Lease Agreement for the property located at 9100 McHugh Dr, Glenarden, MD, 20706, Dated 02/10/2021 | $50,774.00 |
| 115 | Utica Park Place, LP | 1 Towne Square, Ste 1600, Southfield, MI 48076 | At Home Stores LLC | Lease_53 | Lease Agreement for the property located at 45160 Utica Park Blvd, Utica, MI, 48315, Dated 07/15/2010 | [TBD] |
| 116 | VEREIT Real Estate, L.P. | P.O. Box 732931, Dallas, TX 75373 | At Home Stores LLC | Lease_65 | Lease Agreement for the property located at 4874 Houston Rd, Florence, KY, 41042, Dated 07/28/2011 | [TBD] |
| 117 | VEREIT Real Estate, L.P. | 814 Commerce Drive, Ste 300 , Oak Brook, IL 60523 | At Home Stores LLC | Lease_134 | Lease Agreement for the property located at 4405 Pheasant Ridge Dr NE, Blaine, MN, 55449, Dated 01/04/2016 | [TBD] |
| 118 | VEREIT Real Estate, L.P. | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_159 | Lease Agreement for the property located at 2780 Wilma Rudolph Blvd, Clarksville, TN, 37040, Dated 01/17/2017 | [TBD] |
| 119 | VEREIT Real Estate, L.P. | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_103 | Lease Agreement for the property located at 7967 Winchester Rd, Memphis, TN, 38125, Dated 06/05/2014 | [TBD] |
| 120 | VEREIT Real Estate, L.P. | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_111 | Lease Agreement for the property located at 2201 Porter Creek Dr, Fort Worth, TX, 76177, Dated 11/24/2014 | [TBD] |
| 121 | VEREIT Real Estate, L.P. | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_112 | Lease Agreement for the property located at 6360 Ridgewood Ct Dr, Jackson, MS, 39211, Dated 01/15/2016 | [TBD] |
| 122 | VEREIT Real Estate, L.P. | P.O. Box 732931, Dallas, TX 75373 | At Home Stores LLC | Lease_173 | Lease Agreement for the property located at 19411 Atrium Pl, Houston, TX, 77094, Dated 02/01/2017 | [TBD] |
| 123 | VEREIT Real Estate, L.P. | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_175 | Lease Agreement for the property located at 3551 S 27th St, Rogers, AR, 72758, Dated 04/13/2017 | [TBD] |
| 124 | VEREIT Real Estate, L.P. | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_176 | Lease Agreement for the property located at 10800 Assembly Park Dr, Wixom, MI, 48393, Dated 12/01/2016 | [TBD] |
| 125 | VEREIT Real Estate, L.P. | 2325 E Camelback Road, Ste 1100, Phoenix, AZ 85016 | At Home Stores LLC | Lease_177 | Lease Agreement for the property located at 1891 E Williams Field Rd, Gilbert, AZ, 85295, Dated 10/03/2018 | [TBD] |
| 126 | Wakefern Food Corp. | 10096 Red Run Blvd , Ste 300, Owings Mills, MD 21117 | At Home Stores LLC | Lease_299 | Lease Agreement for the property located at 6716 Governor Ritchie Hwy, Glen Burnie, MD, 21061, Dated 06/04/2019 | $1,344.14 |
| 127 | Warwick Bald Hill Road, LLC | 7248 Morgan Road, Liverpool, NY 13088 | At Home Stores LLC | Lease_182 | Lease Agreement for the property located at 650 Bald Hill Rd, Warwick, RI, 02886, Dated 11/29/2017 | $0.00 |
| 128 | Washington Commons Newco LLC | 4 Clinton Square, Syracuse, NY 13202 | At Home Stores LLC | Lease_153 | Lease Agreement for the property located at 161 Washington Ave Ext, Albany, NY, 12205, Dated 08/15/2016 | $0.00 |
| 129 | Yavapai-Prescott Indian Tribe | P.O. Box 432, Prescott, AZ 86302 | At Home Stores LLC | Lease_130 | Lease Agreement for the property located at 1801 East State Route 69, Prescott, AZ, 86301, Dated 08/31/2015 | $0.00 |
| 130 | ZAM II Casteel LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_57 | Lease Agreement for the property located at 2000 Casteel Dr, Coraopolis, PA, 15108, Dated 04/30/2008 | $0.00 |
| 131 | Zam II Properties, LLC | 9595 Wilshire Blvd, Ste 700, Beverly Hills, CA 90212 | At Home Stores LLC | Lease_23 | Lease Agreement for the property located at 2512 S Stemmons Fwy, Lewisville, TX, 75067, Dated 08/01/1997 | $0.00 |

**<u>Exhibit C</u>**

**Schedule of Retained Causes of Action**

**Schedule of Retained Causes of Action**

<u>Article IV.S</u> of the Plan provides as follows:

In accordance with section 1123(b) of the Bankruptcy Code, but subject to <u>Article VIII</u> of the Plan, the Reorganized Debtors or the Unsecured Claims Distribution Trust, as applicable, shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action of the Debtors, whether arising before or after the Petition Date, including any actions specifically enumerated in the Schedule of Retained Causes of Action, and the Reorganized Debtors' or Unsecured Claims Distribution Trust's, as applicable, rights to commence, prosecute, or settle such retained Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date or any other provision of the Plan to the contrary, other than the Causes of Action released or exculpated in the Plan by the Debtors pursuant to the releases and exculpations contained in the Plan, including in <u>Article VIII</u> thereof, which shall be deemed released and waived by the Debtors, the Reorganized Debtors, or the Unsecured Claims Distribution Trust, as applicable, as of the Effective Date.  The Schedule of Retained Causes of Action shall specify which Assigned Preference Actions shall be deemed transferred to the Unsecured Claims Distribution Trust on the Effective Date.

The Reorganized Debtors or the Unsecured Claims Distribution Trust, as applicable, may pursue such retained Causes of Action, as appropriate, in accordance with the best interests of the Reorganized Debtors or the Unsecured Claims Distribution Trustee, as applicable.  **No Entity may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Cause of Action against it as any indication that the Debtors, the Reorganized Debtors, or the Unsecured Claims Distribution Trust, as applicable, will not pursue any and all available retained Causes of Action against it.  The Debtors, the Reorganized Debtors, and the Unsecured Claims Distribution Trust, as applicable, expressly reserve all rights to prosecute any and all retained Causes of Action against any Entity, except as otherwise expressly provided in the Plan.**  The Reorganized Debtors and the Unsecured Claims Distribution Trustee, as applicable, may settle any such retained Cause of Action without further notice to or action, order, or approval of the Bankruptcy Court.  Unless any retained Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Final Order, the Debtors, the Reorganized Debtors, or the Unsecured Claims Distribution Trust, as applicable, expressly reserve all retained Causes of Action, for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such retained Causes of Action upon, after, or as a consequence of the Confirmation or Consummation.

The Reorganized Debtors and the Unsecured Claims Distribution Trust, as applicable, reserve and shall retain such Causes of Action notwithstanding the rejection or repudiation of any Executory Contract or Unexpired Lease during the

Chapter 11 Cases or pursuant to the Plan.  In accordance with section 1123(b)(3) of the Bankruptcy Code, any retained Causes of Action that a Debtor may hold against any Entity shall vest in the corresponding Reorganized Debtor or the Unsecured Claims Distribution Trust, as applicable, except as otherwise expressly provided in the Plan.  The Reorganized Debtors and the Unsecured Claims Distribution Trust, as applicable, through their authorized agents or representatives, shall retain and may exclusively enforce any and all such retained Causes of Action. The Reorganized Debtors and the Unsecured Claims Distribution Trust, as applicable, shall have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such retained Causes of Action and to decline to do any of the foregoing without the consent or approval of any third party or further notice to or action, order, or approval of the Bankruptcy Court.  For the avoidance of doubt, in no instance will any Cause of Action preserved pursuant to <u>Article IV.R</u> of the Plan include any Claim or Cause of Action against a Released Party or Exculpated Party that is subject to release or exculpation under the terms of the Plan.

The Debtors and the Reorganized Debtors, as applicable, expressly reserve all rights to prosecute any and all Causes of Action against any entity, except as otherwise expressly provided in the Plan, including Causes of Action that are not expressly identified in this **Exhibit C**.

Below are identified specific Causes of Actions expressly preserved by the Debtors, the Reorganized Debtors, and the Unsecured Claims Distribution Trust, subject to the terms of the Plan and the information provided in this **Exhibit C**.

The Debtors reserve all rights to amend, revise, or supplement this **Exhibit C** to the Plan Supplement, and any of the documents and designations contained herein, at any time before the Effective Date, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court.

Unless otherwise released under the Plan, the Debtors, the Reorganized Debtors, and the Unsecured Claims Distribution Trust, as applicable, expressly reserve all claims and Causes of Action of the kind listed on this **Exhibit C** against any entity (including, without limitation the Causes of Action listed in **Schedule C-1** and **Schedule C-2** attached hereto).  For the avoidance of doubt, the Causes of Action that will be assigned on the Effective Date to the Unsecured Claims Distribution Trust as Assigned Preference Actions are only those Causes of Action identified on **Schedule C-2**.

1.    **Contract and Leases Causes of Action**

Unless otherwise released under the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all claims and Causes of Action against any entity, based in whole or in part upon any and all contracts and leases to which any Debtor is a party.  Furthermore, all such claims and Causes of Action are reserved unless otherwise released under separate written agreement executed by the Debtors or the Reorganized Debtors, as applicable, for: (a) overpayments, back charges, duplicate payments, improper holdbacks, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) wrongful or improper termination, suspension

2

of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption or rejection, if applicable, of such contracts; (d) payments, deposits, holdbacks, reserves, or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor, or other party; (e) any liens, including mechanic's, artisan's, materialmen's, possessory, or statutory liens held by any one or more of the Debtors; (f) environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies, or suppliers of environmental services or goods; (g) counterclaims and defenses related to any contractual obligations; (h) any turnover actions arising under section 542 or 543 of the Bankruptcy Code; and (i) unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property, or any business tort claims.

## 2.    Tort Causes of Action

Unless otherwise released under the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all claims and Causes of Action against any entity based in whole or in part upon tort.  The claims and Causes of Action reserved include Causes of Action against vendors, suppliers of goods and services, or any other parties for:  (a) overpayments, back charges, duplicate payments, improper holdbacks, deductions owing or improper deductions taken, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption, assumption or assignment, or rejection, if applicable, of such contracts; (d) payments, deposits, holdbacks, reserves or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor or other party; (e) any liens, including mechanics', artisans', materialmen's, possessory or statutory liens held by any one or more of the Debtors or Reorganized Debtors, as applicable; (f) arising out of environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies or suppliers of environmental services or goods; (g) counterclaims and defenses related to any contractual obligations; and (h) unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property or any business tort claims.

## 3.    Causes of Action Related to Insurance Policies

Unless otherwise released under the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all claims and Causes of Action against any entity based in whole or in part upon any and all insurance contracts, insurance policies, occurrence policies and occurrence contracts to which any Debtor is or was a party or pursuant to which any Debtor has any rights whatsoever, including Causes of Action against current or former insurance carriers, reinsurance carriers, insurance brokers, underwriters, occurrence carriers, or surety bond issuers relating to coverage, indemnity, contribution, reimbursement, overpayment of premiums and fees, breach of contract or any other matters.

4.      **Causes of Action Related to Deposits, Adequate Assurance Postings, and Other Collateral Postings**

Unless otherwise released under the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all claims and Causes of Action against any entity based in whole or in part upon any and all postings of a security deposits, adequate assurance payment, or any other type of deposit or collateral owed by any creditor, lessor, utility, supplier, vendor, landlord, sub-lessee, assignee or other entity.

5.      **Causes of Action Related to Liens**

Unless otherwise released under the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action based in whole or in part upon any and all liens regardless of whether such lien is specifically identified in the Plan.

6.      **Causes of Action Related to Defenses, Crossclaims and Counterclaims Related to Litigation and Potential Litigation**

Unless otherwise released under the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all claims and Causes of Action against or related to all entities that are party to or that may in the future become party to litigation, arbitration, regulatory proceeding, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal or judicial or non-judicial, regardless of whether such entity is specifically identified in the Plan, the Plan Supplement, or any amendments hereto, including, without limitation, all actual or potential:  (a) contract and tort actions that may exist or may subsequently arise, (b) regulatory actions, including actions relating to environmental and product liability matters, (c) actions arising out of, or relating to, the Debtors' or the Wind-Down Debtors', as applicable, intellectual property rights, and (d) civil and regulatory investigations.  For the avoidance of doubt, nothing herein shall be read as an admission as to the validity or allowance of any claim against any Debtor, and any and all prepetition claims against the Debtors that may be identified herein shall be treated in accordance with the Plan and the Bankruptcy Code.

7.      **Causes of Action Related to Accounts Receivable and Accounts**

Unless otherwise released under the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all claims and Causes of Action against or related to all entities that owe or that may in the future owe money to the Debtors or the Reorganized Debtors, as applicable, regardless of whether such entity is expressly identified in the Plan, this Plan Supplement, or any amendments thereto.  Furthermore, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action against or related to all entities who assert or may assert that the Debtors owe money to them.

8.      **Causes of Action Related to Taxes, Fees, and Tax or Fee Refunds or Credits**

Unless otherwise released under the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all claims and Causes of Action against or related to all entities that owe or that may in the future owe money related to tax or fee refunds, credits, overpayments, recoupments, offsets, or other claims that may be due and owing to the Debtors or the Reorganized Debtors, as applicable.  Furthermore, the Debtors and the Reorganized Debtors, as applicable,

expressly reserve all Causes of Action against or related to all entities who assert or may assert that the Debtors owe tax obligations to them.

9.    **Causes of Action Related to Avoidance Actions and Assigned Preference Actions**

Unless otherwise released under the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all avoidance claims and Causes of Action against or related to all entities arising under chapter 5 of the Bankruptcy Code, including, without limitation, sections 502, 510, 542, 544, 547–553, and 724(a) of the Bankruptcy Code, solely to the extent such entity is not a Released Party. For the avoidance of doubt, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Preference Actions against Persons that are not (i) Ordinary Course Non-Insider Counterparties or (ii) Released Parties, set forth on **Schedule C-2** which shall be assigned to the Unsecured Claims Distribution Trust pursuant to the Plan.

10.    **Causes of Action Related to Disputed Claims**

Unless otherwise released under the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all rights, claims, defenses, and Causes of Action against any Holder of a Claim seeking to collect a distribution from or assert other rights against the Estate, the Reorganized Debtors, or the Unsecured Claims Distribution Trust, whether at law or equity, under any theory and of any nature whatsoever, unless and until each of such Holder's Claims become Allowed Claims.

**<u>Schedule C-1</u>**

**Additional Retained Causes of Action**

**[*To Come*]**

## Schedule C-2

**Assigned Preference Actions to the Unsecured Claims Distribution Trust**

**At Home Group Inc.**
**Schedule of Causes of Action to be Assigned to GUC (General Unsecured Claims) Trust**
**Subject to change as contract rejections are ordered**

| Creditor Name | Additional Information |
|---|---|
| **REJECTED REAL PROPERTY LEASES:** | |
| 1010 H LLC | Store 329 - Day 1 Rejection - Lease Agreement for the property located at 1010 Hawthorne Ave SE, Salem, OR, 97301-5090 |
| BRIXTON EVERETT LLC | Store 334 - Day 1 Rejection - Lease Agreement for the property located at 1302 SE Everett Mall Way, Everett, WA, 98208 |
| JSK JJ INVESTMENTS LLC | Store 307 - Day 1 Rejection - Lease Agreement for the property located at 1300 Dana Dr, Redding, CA, 96003 |
| KRAUS-ANDERSON INC. | Store 312 - Day 1 Rejection - Lease Agreement for the property located at 1450 University Ave W, St Paul, MN, 55104 |
| LONGNECKER PROPERTY LLC | Store 369 - Day 1 Rejection - Lease Agreement for the property located at 651 Sleater Kinney Rd SE, Lacey, WA, 98503 |
| BLI SUNSET SQUARE LLC | Store 234 - 8/30/2025 Rejection - Lease Agreement for the property located at 1001 E Sunset Dr, Bellingham, WA, 98226 |
| BT PLEASANT HILLS, LP | Store 331 - 8/30/2025 Rejection - Lease Agreement for the property located at 720 Clairton Blvd, Pleasant Hills, PA, 15236 |
| CHE CHEN LIU AND SHU FEN LIU | Store 223 - 8/30/2025 Rejection - Lease Agreement for the property located at 26532 Towne Centre Dr, Lake Forest, CA, 92610 |
| DBA 905 SOUTH 24TH STREET WEST OWNE | Store 281 - 8/30/2025 Rejection - Lease Agreement for the property located at 905 S 24th St W, Billings, MT, 59102 |
| DBA LOWES HOME CENTERS, LLC | Store 296 - 8/30/2025 Rejection - Lease Agreement for the property located at 750 Newhall Dr, San Jose, CA, 95110 |
| ETHAN CONRAD | Store 338 - 8/30/2025 Rejection - Lease Agreement for the property located at 1950 E 20th St, Chico, CA, 95928 |
| MANASSAS REAL ESTATE VENTURES, LLC | Store 127 - 8/30/2025 Rejection - Lease Agreement for the property located at 8300 Sudley Rd, Manassas, VA, 20109 |
| OLETA PARTNERS BISCAYNE PARCEL LLC | Store 274 - 8/30/2025 Rejection - Lease Agreement for the property located at 14585 Biscayne Blvd, North Miami, FL, 33181 |
| PEORIA NEW MALL, LLC | Store 370 - 8/30/2025 Rejection - Lease Agreement for the property located at 5203 W War Memorial Dr, Peoria, IL, 61615 |
| PERGOLA, LLC. | Store 324 - 8/30/2025 Rejection - Lease Agreement for the property located at 2820 US Hwy 63, Rochester, MN, 55904 |
| SHREWSBURY CROSSING II, LLC | Store 325 - 8/30/2025 Rejection - Lease Agreement for the property located at 571 Boston Turnpike, Shrewsbury, MA, 01545 |
| UE LEDGEWOOD LLC | Store 322 - 8/30/2025 Rejection - Lease Agreement for the property located at 461 Route 10 East, Ledgewood, NJ, 07852 |
| YAKIMA THEATRES, INC | Store 290 - 8/30/2025 Rejection - Lease Agreement for the property located at 2530 Rudkin Rd, Union Gap, WA, 98903 |
| | |
| **NON-GO FORWARD VENDORS:** | |
| BAC NINH MANUFACTURE (IMP) | Merchandise Vendor |
| BICO INTERNATIONAL CO., LTD. (IMP) | Merchandise Vendor |
| CAFFCO INTERNATIONAL LTD. | Merchandise Vendor |
| CHRISTMAS OCEAN NOVELTY CO., LIMITE | Merchandise Vendor |
| CIRCLE SALES & IMPORT USA INC | Merchandise Vendor |
| COHEN HAZAN GROUP LLC (IMPORT) | Merchandise Vendor |
| DAY HOUSE INC | Merchandise Vendor |
| DE BEUKELAER CORPORATION | Merchandise Vendor |
| DEVTARA INC | Merchandise Vendor |
| EISHO CO., LTD | Merchandise Vendor |
| FUJIAN DEHUA DONGXIN CRAFTS CO.,LTD | Merchandise Vendor |
| G A GERTMENIAN & SONS | Merchandise Vendor |
| GOLD STAR FASHION GROUP LIMITED | Merchandise Vendor |
| GUANGZHOU GLOBAL GREEN INTL GROUP L | Merchandise Vendor |
| HANGZHOU TIANYUAN PET PRODUCTS CO., | Merchandise Vendor |
| HMS MFG. CO. | Merchandise Vendor |
| HOME CREATIONS GROUP LIMITED | Merchandise Vendor |
| HOME DYNAMIX LLC - DOMESTIC | Merchandise Vendor |
| HOME ESSENTIALS BRANDS, LLC | Merchandise Vendor |
| HONGKONG EVERT CO LTD (IMPORT) | Merchandise Vendor |
| INTERNATIONAL AIM CORP. | Merchandise Vendor |
| JACENT (DOMESTIC) | Merchandise Vendor |
| JIA WEI LIFESTYLE, INC. (IMP) | Merchandise Vendor |
| JIAWEI TECHNOLOGY (HK) LIMITED IMP | Merchandise Vendor |
| KEECO, LLC | Merchandise Vendor |
| KID TOC LLC DBA VILLA IMPORTS | Merchandise Vendor |
| KUKA (HK) TRADE CO., LIMITED (IMP) | Merchandise Vendor |
| LINHAI HENGDA ARTS & CRAFTS (IMP) | Merchandise Vendor |
| LUKASIAN HOUSE LLC | Merchandise Vendor |
| NINGBO KANDY IMP. &EXP. CO. LTD. | Merchandise Vendor |
| P/KAUFMANN HOME (IMPORT) | Merchandise Vendor |
| PILLOW PERFECT INC. | Merchandise Vendor |
| PRIMACY INDUSTRIES PRIVATE LIMITED | Merchandise Vendor |
| PRO-MART INDUSTRIES, INC. (IMP) | Merchandise Vendor |
| QINGDAO LIBANG KINGTONE TRADE (IMP) | Merchandise Vendor |
| SARATHY EXPORT FABRICS | Merchandise Vendor |
| SEASONS PLUS - DIRECT IMPORT | Merchandise Vendor |
| SOPHISTIPLATE, LLC (DOMESTIC) | Merchandise Vendor |
| SP ORIAN LLC (DOMESTIC) | Merchandise Vendor |
| STERILITE CORPORATION | Merchandise Vendor |
| SUPER DESIGN MANUFACTURE CO., LTD Z | Merchandise Vendor |
| TOWN AND COUNTRY LINEN CORP | Merchandise Vendor |
| WHITE MOUNTAIN PUZZLES, INC. | Merchandise Vendor |
| WINCHOICE CO.,LTD | Merchandise Vendor |
| YIHE CRAFT & GIFT INDUSTRY CO LIMIT | Merchandise Vendor |

<u>**Exhibit D**</u>

**Restructuring Transactions Memorandum**

## Restructuring Transactions Memorandum

**Restructuring Transactions Overview**:

This Restructuring Transactions Memorandum sets forth a summary description of certain of the proposed Restructuring Transactions to be effectuated prior to or on the Effective Date in connection with the *Joint Plan of Reorganization of At Home Group Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 541] (as amended, supplemented or modified from time to time in accordance with its terms, the "Plan"). The Restructuring Transactions remain under discussion among the Debtors and other parties, and, subject to the applicable consent rights contained in the Restructuring Support Agreement and the Plan, the Debtors reserve all rights to modify, amend, supplement, or restate any part of this Restructuring Transactions Memorandum as necessary or appropriate in accordance with the terms of the Plan. Capitalized terms used but not defined herein shall have the definitions set forth in the Plan.

The Plan provides that the Confirmation Order will approve the Restructuring Transactions Memorandum and the various actions and transactions set forth in this Restructuring Transactions Memorandum (as well as any modifications or deviations from this Restructuring Transactions Memorandum, subject to the applicable consents set forth in the Restructuring Support Agreement and the Plan), and authorize the Debtors, the Reorganized Debtors, Parent (as defined herein), Intermediate (as defined herein), and Purchaser (as defined herein), as applicable, to take any and all actions as may be necessary or appropriate in their discretion (with the consent, not to be unreasonably withheld, conditioned, or delayed, of the Consenting Sponsor, if applicable, and Consenting Stakeholders prior to the Effective Date, and thereafter the New Board), to implement any action or transaction described in, contemplated by, necessary or appropriate to effectuate the Plan, the Restructuring Transactions Memorandum and the Restructuring Transactions.

The Debtors intend for the Restructuring Transactions to constitute a Taxable Transaction. As described in Article XII of the Disclosure Statement, structuring the Restructuring Transactions as a Taxable Transaction would cause Holders of Claims receiving distributions pursuant to the Plan to be treated as exchanging their Claims for the treatment specified by the Plan in a fully taxable exchange.

Specifically, pursuant to the Plan, the Debtors intend to implement the below Restructuring Transactions prior to and after the Confirmation Date. The definitive documentation necessary or appropriate to implement the Restructuring Transactions may include, among other things, merger, purchase, assignment and/or contribution agreements. The steps described within each Part of this Restructuring Transactions Memorandum shall occur in the order indicated below.

**Step 1**: Conversion of Subsidiaries

- Prior to the Effective Date, an agent for At Home Group Inc. converts At Home Holding II Inc., At Home Holding III Inc., At Home RMS Inc., and At Home Procurement Inc. to, respectively, At Home Holding II LLC, At Home Holding III LLC, At Home RMS LLC, and At Home Procurement LLC, each a Delaware limited liability company.

**Step 2:**  Formation of Parent

- Prior to the Effective Date, an agent for the creditors of At Home Group Inc. forms a new Delaware limited liability company ("<u>Parent</u>").  Parent elects to be treated as a corporation for U.S. federal income tax purposes.

**Step 3**:  Formation of Intermediate

- Prior to the Effective Date, Parent forms a new Delaware limited liability company ("<u>Intermediate</u>").  Intermediate elects to be treated as a corporation for U.S. federal income tax purposes.

**Step 4**:  Formation of Purchaser

- Prior to the Effective Date, Intermediate forms a new Delaware limited liability company ("<u>Purchaser</u>").  Purchaser elects to be treated as a corporation for U.S. federal income tax purposes.

**Step 5**:  Drop-Down of New At Home Equity

- On the Effective Date, Parent issues all of its units (the "<u>New At Home Equity</u>") to Intermediate.

- On the Effective Date, Intermediate contributes all of the New At Home Equity to Purchaser.

**Step 6**:  Exit ABL Facility

- On the Effective Date, Purchaser as Borrower enters into the Exit ABL Facility.

**Step 7**:  Merger

- At Home Group Inc. merges with and into Purchaser, with Purchaser surviving.  All existing At Home Group Inc. equity is cancelled.

- In connection with the Merger, Purchaser pays off the ABL Facility in cash.

- In connection with the Merger and in satisfaction of the Superpriority DIP Facility, Purchaser transfers cash or a portion of the New At Home Equity to the applicable lenders.

- In connection with the Merger and in satisfaction of the Term Loans, Intercompany Notes, Cayman Notes, Senior Secured Notes, and Exchange Notes, Purchaser transfers New At Home Equity to the applicable lenders.

**Step 8**:  Dissolutions

- After the Effective Date, Ambience Parent, Inc. and Ambience Intermediate, Inc. each dissolve in accordance with state law.

**Exhibit E**

**Identity of New Board**

Pursuant to <u>Article IV.K</u> of the Plan, in pertinent part, the New Board will consist of seven directors and include: (a) the CEO; and (b) six directors selected as follows, in each case, in consultation with the CEO, (i) four directors selected by Redwood Capital Management, LLC, (ii) one director selected by Anchorage Capital Advisors, L.P., and (iii) one director selected by Farallon Capital Advisors, L.L.C.  The initial members of the New Board will be identified in the Plan Supplement, to the extent known at the time of filing.  Each such member and each officer of the Reorganized Debtors shall serve from and after the Effective Date pursuant to the terms of the New Organizational Documents and other constituent documents of the Reorganized Debtors.

**<u>Exhibit F</u>**

**New Organizational Documents**

DECHERT LLP DRAFT 09/11/25

**LIMITED LIABILITY COMPANY AGREEMENT**

**OF**

**WHITE IRIS LLC**

# TABLE OF CONTENTS

**Page**

ARTICLE I DEFINED TERMS ............................................................................................. 2

    Section 1.1.    Definitions .................................................................................. 2

    Section 1.2.    Interpretation ............................................................................ 12

ARTICLE II FORMATION OF THE COMPANY ........................................................... 12

    Section 2.1.    Formation ................................................................................ 12

    Section 2.2.    Company Name ....................................................................... 13

    Section 2.3.    Term of Company ................................................................... 13

    Section 2.4.    Registered Agent and Office ................................................... 13

    Section 2.5.    Principal Place of Business .................................................... 13

    Section 2.6.    Qualification in Other Jurisdictions ....................................... 13

    Section 2.7.    Fiscal Year ............................................................................. 13

ARTICLE III PURPOSE AND POWERS OF THE COMPANY .................................... 13

    Section 3.1.    Purpose .................................................................................. 13

    Section 3.2.    Powers of the Company ......................................................... 13

    Section 3.3.    Certain Tax Matters .............................................................. 14

    Section 3.4.    Ownership of Property ........................................................... 14

ARTICLE IV MANAGEMENT ......................................................................................... 14

    Section 4.1.    Management by the Board ...................................................... 14

    Section 4.2.    Size; Initial Composition; Election of Directors; Term ..................... 14

    Section 4.3.    Observation Rights ................................................................ 16

    Section 4.4.    Board Action; Quorum .......................................................... 17

    Section 4.5.    Meetings; Actions Without Meetings ..................................... 17

    Section 4.6.    Delegation by the Board; Officers ......................................... 18

    Section 4.7.    Authority as an Equity Holder ............................................... 19

    Section 4.8.    Devotion of Time .................................................................. 19

    Section 4.9.    No Liability for Designation of Directors ............................... 19

    Section 4.10.    Reimbursement of Expenses .................................................. 19

ARTICLE V MEMBERS ................................................................................................... 19

    Section 5.1.    Interests Generally ................................................................ 19

    Section 5.2.    Member Meetings .................................................................. 21

**TABLE OF CONTENTS**
(continued)

**Page**

Section 5.3.    Business Transactions of a Member with the Company .................... 21

Section 5.4.    Business Opportunities ..................................................................... 22

Section 5.5.    Additional Members ......................................................................... 22

Section 5.6.    No Right to Bind the Company ........................................................ 23

ARTICLE VI CAPITAL CONTRIBUTIONS ................................................................. 23

Section 6.1.    Capital Contributions ....................................................................... 23

Section 6.2.    Additional Capital Contributions ..................................................... 23

Section 6.3.    Liability of Members ........................................................................ 23

ARTICLE VII REPRESENTATIONS AND WARRANTIES ........................................ 23

Section 7.1.    Representations and Warranties of the Members ............................. 23

Section 7.2.    Representations and Warranties of the Company. ............................ 25

ARTICLE VIII DISTRIBUTIONS .................................................................................. 26

Section 8.1.    Distributions ..................................................................................... 26

Section 8.2.    Distributions In Kind ....................................................................... 26

Section 8.3.    No Withdrawal of Capital ................................................................ 26

Section 8.4.    Withholding ...................................................................................... 26

Section 8.5.    Restricted Distributions ................................................................... 27

ARTICLE IX BOOKS AND RECORDS ......................................................................... 27

Section 9.1.    Books, Records and Financial Statements ........................................ 27

Section 9.2.    Filings of Returns and Other Writings ............................................. 28

Section 9.3.    Accounting Method .......................................................................... 28

Section 9.4.    Reporting ........................................................................................... 28

Section 9.5.    Confidentiality .................................................................................. 29

ARTICLE X LIABILITY, EXCULPATION AND INDEMNIFICATION ...................... 30

Section 10.1.    Liability ............................................................................................. 30

Section 10.2.    Exculpation ....................................................................................... 30

Section 10.3.    Fiduciary Duty .................................................................................. 31

Section 10.4.    Books & Records; Legal Counsel ..................................................... 31

Section 10.5.    Indemnification ................................................................................. 32

Section 10.6.    Expenses ............................................................................................ 32

## TABLE OF CONTENTS
(continued)

**Page**

| | | |
|---|---|---|
| Section 10.7. | Severability | 32 |
| Section 10.8. | Insurance | 33 |
| Section 10.9. | Fund Indemnitors | 33 |
| ARTICLE XI TRANSFERS OF INTERESTS | | 34 |
| Section 11.1. | Transfers of Units | 34 |
| Section 11.2. | Substitute Members | 36 |
| Section 11.3. | Release of Liability | 36 |
| Section 11.4. | Tag-Along Transactions | 37 |
| Section 11.5. | Drag-Along Transactions | 38 |
| Section 11.6. | Initial Public Offering; Registration Rights | 41 |
| Section 11.7. | Preemptive Rights | 42 |
| Section 11.8. | Alternative Rights | 44 |
| Section 11.9. | Preemptive Rights (Debt Issuances) | 44 |
| Section 11.10. | Assignment of Preemptive Rights. | 45 |
| ARTICLE XII DISSOLUTION, LIQUIDATION AND TERMINATION | | 46 |
| Section 12.1. | Dissolving Events | 46 |
| Section 12.2. | Dissolution and Winding-Up | 46 |
| Section 12.3. | Termination | 47 |
| Section 12.4. | Claims of the Members | 47 |
| ARTICLE XIII MISCELLANEOUS | | 47 |
| Section 13.1. | Notices | 47 |
| Section 13.2. | Successors and Assigns | 48 |
| Section 13.3. | Entire Agreement | 48 |
| Section 13.4. | Counterparts | 49 |
| Section 13.5. | Governing Law; Attorneys' Fees | 49 |
| Section 13.6. | Waiver of Jury Trial | 49 |
| Section 13.7. | Waiver of Partition | 49 |
| Section 13.8. | Waiver Generally | 49 |
| Section 13.9. | Severability | 49 |
| Section 13.10. | Further Actions | 49 |

**TABLE OF CONTENTS**
(continued)

**Page**

Section 13.11.    Amendments ........................................................................ 50

Section 13.12.    Power of Attorney .............................................................. 50

Section 13.13.    Fees and Expenses ............................................................. 51

Section 13.14.    No Third-Party Beneficiaries ............................................. 51

Section 13.15.    Injunctive Relief ................................................................. 51

Section 13.16.    Relations with Members .................................................... 51

**EXHIBITS AND SCHEDULES**

Exhibit A        -    Major Consent Matters
Exhibit B        -    Joinder
Exhibit C        -    Registration Rights

Schedule 1       -    Members
Schedule 2       -    Directors
Schedule 3       -    Officers

## LIMITED LIABILITY COMPANY AGREEMENT OF
## WHITE IRIS LLC

This Limited Liability Company Agreement (this "**Agreement**") of White Iris LLC (the "**Company**") is dated as of [●], 2025 (the "**Effective Date**"), by and among the Company and the Persons listed on the signature pages to this Agreement (such Persons, collectively with any other Person admitted as an Additional Member or Substitute Member of the Company in accordance with the terms and subject to the conditions of this Agreement, the "**Members**"). Any capitalized term used herein without definition shall have the meanings set forth in <u>Section 1.1</u>.

## RECITALS

WHEREAS, on June 16, 2025, Ambience Parent, Inc. and its direct and indirect Subsidiaries identified in the Plan (collectively, the "**Debtors**") filed voluntary petitions for relief commencing cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., before the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");[1]

WHEREAS, the Company was formed by the filing of the Certificate of Formation of the Company (the "**Certificate**") with the Secretary of State of the State of Delaware on [●], 2025;

WHEREAS, in accordance with the chapter 11 plan of reorganization filed by the Debtors with the Bankruptcy Court (as amended, supplemented or modified to date, the "**Plan**"), the Company, through an indirect subsidiary and in accordance with the transaction steps more specifically identified in the Plan, acquired, on the Effective Date, all of the outstanding equity interests of certain of the Debtors;

WHEREAS, pursuant to the Plan, certain of the Members, who are electing holders of secured and unsecured indebtedness of the Debtors, received, on the Effective Date, Units of the Company; and

WHEREAS, the Company and the Members desire to enter to this Agreement to, among other things, establish the terms and conditions upon which certain affairs of the Company shall be administered and otherwise set forth the Members' respective rights and obligations as holders of Interests.

NOW, THEREFORE, in consideration of the premises and the mutual agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

---

[1]    **Note to Draft**:  Recitals to be conformed to final transaction steps plan.

# ARTICLE I

## DEFINED TERMS

Section 1.1.    <u>Definitions</u>. For purposes of this Agreement, the following terms shall have the meanings set forth below:

"**Accredited Investor**" has the meaning assigned to such term under Regulation D promulgated pursuant to Section 4(a)(2) of the Securities Act.

"**Action**" has the meaning set forth in <u>Section 10.5</u>.

"**Additional Member**" has the meaning set forth in <u>Section 5.5</u>.

"**Affiliate**" means, with respect to any Person, any other Person directly or indirectly controlling, controlled by, or under common control with, such Person as of the date on which, or at any time during the period for which, the determination of affiliation is being made. With respect to any Member, the term "Affiliate" shall include (x) funds managed by the same investment manager or advisor and (y) funds managed by Affiliated investment managers or advisors. For purposes of this definition, the term "control" (including the correlative meanings of the terms "controlled by" and "under common control with"), as used with respect to any Person, means the possession, directly or indirectly, of the power to direct or cause the direction of the management policies of such Person, whether through the ownership of voting securities, by contract or otherwise.

"**Agreement**" has the meaning set forth in the Preamble.

"**Allotment**" has the meaning set forth in <u>Section 11.7(a)</u>.

"**Alternative Rights Notice**" has the meaning set forth in <u>Section 11.8(a)</u>.

"**Alternative Rights Offer**" has the meaning set forth in <u>Section 11.8(a)</u>.

"**Anchorage**" means Anchorage Capital Advisors, L.P.

"**Anchorage Director**" has the meaning set forth in <u>Section 4.2(a)(iii)</u>.

"**Anchorage Member**" means, collectively, Anchorage and its Affiliates and any funds or accounts, including those identified under the heading "Anchorage Member" on **Part 2** of **Schedule 1** hereto, managed or advised by Anchorage or any of its Affiliates in their capacity as investment adviser, sub-investment adviser or otherwise.

"**Applicable Law**" means, with respect to any Person, all provisions of laws, statutes, ordinances, rules, regulations, permits or certificates of any Governmental Entity applicable to

such Person or any of its assets or property, and all judgments, injunctions, orders and decrees of any Governmental Entities in Proceedings in which such Person is a party or by which any of its assets or properties are bound.

"**Aryeh**" means Aryeh Capital Management Ltd.

"**Aryeh Member**" means, collectively, Aryeh and its Affiliates and any funds or accounts, including those identified under the heading "Aryeh Member" on **Part 2** of **Schedule 1** hereto, managed or advised by Aryeh or any of its Affiliates in their capacity as investment adviser, sub-investment adviser or otherwise.

"**Bankruptcy Code**" has the meaning set forth in Section 5.1(f).

"**Bankruptcy Court**" has the meaning set forth in the Recitals.

"**Board**" has the meaning set forth in Section 4.1.

"**Business Day**" means any day of the week other than a Saturday, Sunday or a day on which the commercial banks in Dallas, Texas are not open for business.

"**Capital Contribution**" means, for any Member, the total amount of cash and cash equivalents and the Fair Market Value of any property contributed to the Company by such Member.

"**CEO Director**" has the meaning set forth in Section 4.2(a)(i).

"**Certificate**" has the meaning set forth in the Recitals.

"**Chairman of the Board**" has the meaning set forth in Section 4.2(a)(vii).

"**Change of Control**" means the first to occur of any of the following events, in each case, whether in a single transaction or series of related transactions: (a) the sale of all or substantially all of the assets of the Company and its Subsidiaries taken as a whole (including the shares of the Company's Subsidiaries), (b) the sale of all or substantially all of the issued and outstanding Securities of the Company, (c) the merger or consolidation of the Company or substantially all of the Company's Subsidiaries with one or more Persons, or (d) any plan of reorganization, recapitalization, merger or consolidation involving the Company; provided, that, the foregoing clauses (b), (c) and (d) shall not include any such sale, merger, consolidation, reorganization, or recapitalization following which Members of the Company immediately prior to such sale, merger, consolidation, reorganization, or recapitalization own directly or indirectly at least 50% of the combined voting power of the outstanding voting securities of the Company or any successor thereto or the Person resulting from such merger, consolidation, reorganization, or recapitalization. Notwithstanding anything herein to the contrary, a Change of Control shall not occur as a result of: (i) an IPO (including by way of a SPAC Transaction); (ii) any acquisition by the Company;

(iii) any acquisition by any employee benefit plan (or related trust) sponsored or maintained by the Company or any Affiliate; and (iv) any transaction described in clauses (a) or (c) above solely for equity securities of the survivor or Transferee that is publicly-traded unless the Steerco Members have sold, collectively, at least 50% of the equity securities in the survivor or the Transferee in such sale of assets, merger or other disposition.

"**Code**" has the meaning set forth in Section 7.1(i).

"**Common Units**" means a class of Interests in the Company as described in Section 5.1.

"**Company**" has the meaning set forth in the Preamble.

"**Conversion Certificate**" has the meaning set forth in the Recitals.

"**Covered Person**" means (a) a current or former Member or Director, in each case, in his, her or its capacity as such, (b) a member of the board of directors (or equivalent governing body) of any Subsidiary of the Company, (c) a current or former Affiliate of a current or former Member, or any current or former officer, director (or equivalent governing position), shareholder, partner, member, manager, controlling person, employee, advisor, representative or agent of a current or former Member, the Company or any of their respective Affiliates, or (d) any Person referred to in clauses (a) to (c) above who is serving (or served) at the request of the Company or any Subsidiary of the Company as a partner, manager, director, officer, employee, agent, trustee or representative of another Person; provided, that, for the avoidance of doubt, the Company and its Subsidiaries shall not be a "Covered Person."

"**Debt**" has the meaning set forth in Section 11.9(a).

"**Debtors**" has the meaning set forth in the Recitals.

"**Delaware Act**" means the Delaware Limited Liability Company Act, 6 Del. C. § 18-101, *et seq*.

"**Demand Notice**" has the meaning set forth in **Exhibit C**.

"**Demand Registration**" has the meaning set forth in **Exhibit C**.

"**Designator**" means, with respect to any Director, the Member (or collectively, the Members) with the right to designate such Director pursuant to Section 4.2.

"**Director**" means an individual member of the Board appointed to the Board in accordance with Section 4.2.

"**Director Vote**" has the meaning set forth in Section 4.4.

"**Distributions**" has the meaning set forth in <u>Section 8.1</u>.

"**Drag-Along Member**" has the meaning set forth in <u>Section 11.5(a)</u>.

"**Drag-Along Notice**" has the meaning set forth in <u>Section 11.5(b)</u>.

"**Drag-Along Purchaser**" has the meaning set forth in <u>Section 11.5(b)</u>.

"**Drag-Along Sale**" has the meaning set forth in <u>Section 11.5(a)</u>.

"**Drag-Along Sale Outside Date**" has the meaning set forth in <u>Section 11.5(i)</u>.

"**Dragged Seller**" has the meaning set forth in <u>Section 11.5(a)</u>.

"**Effective Date**" has the meaning set forth in the Preamble.

"**Employee Authorized Person**" means any (a) Director or Officer that is an employee of the Company, and (b) manager, director, officer or, in each case, a similar appointed position, of any Subsidiary of the Company that is also an employee of the Company or any of its Subsidiaries.

"**ERISA**" has the meaning set forth in <u>Section 7.1(i)</u>.

"**Exchange Act**" means the U.S. Securities Exchange Act of 1934, as amended from time to time, or any similar federal statute then in effect, and a reference to a particular section thereof shall be deemed to include a reference to the comparable section, if any, of any such similar federal statute.

"**Excluded Issuance**" means (i) Securities issued as of the Effective Date; (ii) New Securities issued by means of a Unit-split, dividend or pro rata distribution to all Members; (iii) Securities or other equity awards (whether granted or purchased) issued pursuant any management incentive plan or management equity plan approved by the Board and a Majority in Interest of the Members; (iv) New Securities issued upon the exercise of options, warrants or other rights, or upon the conversion or exchange of convertible securities, in each case <u>provided</u> such issuance is pursuant to the terms of such options, warrants, rights or convertible securities and such options, warrants, rights and convertible securities were issued in compliance with the terms of this Agreement; (v) New Securities issued to banks, equipment lessors or other financial institutions, or to real property lessors, pursuant to a debt financing, equipment leasing or real property leasing transaction approved by the Board; (vi) New Securities issued as acquisition consideration pursuant to the acquisition by the Company or any Subsidiary of the Company of the securities or assets of another Person by merger, consolidation, share exchange, purchase of assets or similar business combination transaction approved by the Board; (vii) New Securities issued pursuant to a bona fide joint venture, collaboration, technology license, development, marketing or other similar agreement or strategic partnership approved by the Board; (viii) New Securities issued in a bona fide settlement of litigation approved by the Board; (ix) New Securities issued in a Qualified

IPO; and (x) any capital stock or other securities issued by a Subsidiary of the Company to the Company or any of its wholly-owned Subsidiaries; provided, that any issuance pursuant to clauses (v), (vi) (vii) and (viii) above shall only be deemed an "Excluded Issuance" if the issuance is to a Person unaffiliated with the Company.

"**Excluded Registration**" has the meaning set forth in **Exhibit C**.

"**Exercise Period**" has the meaning set forth in Section 11.7(b).

"**Exercising Member**" has the meaning set forth in Section 11.7(b).

"**Fair Market Value**" means, as of any date, the fair market value of any property or Securities determined by the Board in its sole discretion, taking into account any liabilities associated therewith. The Fair Market Value as determined by the Board shall be binding and conclusive upon all parties hereto.

"**Farallon**" means Farallon Capital Management, L.L.C.

"**Farallon Director**" has the meaning set forth in Section 4.2(a)(iv).

"**Farallon Member**" means, collectively, Farallon and its Affiliates and any funds or accounts, including those identified under the heading "Farallon Member" on **Part 2** of **Schedule 1** hereto, managed or advised by Farallon or any of its Affiliates in their capacity as investment adviser, sub-investment adviser or otherwise.

"**Fund Indemnitors**" has the meaning set forth in Section 10.9.

"**GAAP**" means United States generally accepted accounting principles as in effect from time to time.

"**Glendon**" means Glendon Capital Management L.P.

"**Glendon Member**" means, collectively, Glendon and its Affiliates and any funds or accounts, including those identified under the heading "Glendon Member" on **Part 2** of **Schedule 1** hereto, managed or advised by Glendon or any of its Affiliates in their capacity as investment adviser, sub-investment adviser or otherwise.

"**Governmental Entity**" means any federal, state, local, or foreign government or political subdivision thereof, or any agency or instrumentality of such government or political subdivision, or any self-regulated organization or other non-governmental regulatory authority or quasi-governmental authority (to the extent that the rules, regulations, or orders of such organization or authority have the force of law), or any arbitrator, court, or tribunal of competent jurisdiction.

"**Initiating Members**" has the meaning set forth in **Exhibit C**.

"**Initiating Tag Member**" has the meaning set forth in <u>Section 11.4(a)</u>.

"**Interest**" means the interest in the Company of each Member in and to the profits and losses of the Company and such Member's right to receive distributions of the Company's assets, on the terms and subject to the conditions set forth in this Agreement.

"**IPO**" has the meaning set forth in <u>Section 11.6(a)</u>.

"**IPO Issuer**" has the meaning set forth in <u>Section 11.6(a)</u>.

"**Joinder**" has the meaning set forth in <u>Section 11.1(b)</u>.

"**Loss**" has the meaning set forth in <u>Section 10.5</u>.

"**Majority in Interest**" means, as of any given date, the holders of a majority of the outstanding Units or class (or, if applicable, series) of Units held by the applicable Members as of such date.

"**Member**" has the meaning set forth in the Preamble.

"**Member Group**" has the meaning set forth in <u>Section 7.1(j)</u>.

"**National Securities Exchange**" means a securities exchange that has registered with the Securities and Exchange Commission under Section 6 of the Securities Exchange Act of 1934, as amended.

"**New Debt Transaction**" has the meaning set forth in <u>Section 11.9(a)</u>.

"**New Securities**" means, collectively, (i) any Units, (ii) any options, warrants or other rights to acquire any Units, (iii) any Securities that are directly or indirectly convertible into or exchangeable for any Units, including convertible debt instruments; (iv) any equity securities of any of the Company's direct or indirect Subsidiaries, and (v) any options, warrants or other rights to acquire any of the foregoing or that are convertible or exchangeable into any of the foregoing.

"**New Securities Issuance Transaction**" has the meaning set forth in <u>Section 11.7(a)</u>.

"**Non-Exercising Member**" has the meaning set forth in <u>Section 11.7(b)</u>.

"**Observer**" has the meaning set forth in <u>Section 4.3</u>.

"**Officers**" has the meaning set forth in <u>Section 4.6(b)</u>.

"**Other Member**" means any Member other than the Steerco Members (or any of their respective Transferees, successors or assigns).

"**Over-Allotment Debt**" has the meaning set forth in <u>Section 11.9(b)</u>.

"**Over-Allotment Exercise Notice**" has the meaning set forth in <u>Section 11.7(b)</u>.

"**Over-Allotment Exercise Period**" has the meaning set forth in <u>Section 11.7(b)</u>.

"**Over-Allotment New Securities**" has the meaning set forth in <u>Section 11.7(b)</u>.

"**Over-Allotment Notice**" has the meaning set forth in <u>Section 11.7(b)</u>.

"**Participating Tag-Along Seller**" has the meaning set forth in <u>Section 11.4(b)</u>.

"**Permitted Transferee**" has the meaning set forth in **<u>Exhibit C</u>**.

"**Person**" means any individual, corporation, association, partnership (general or limited), joint venture, trust, estate, limited liability company, or other legal entity or organization.

"**Plan**" has the meaning set forth in the Recitals.

"**Plan Accounts**" has the meaning set forth in <u>Section 7.1(i)</u>.

"**Preemptive Debt Allotment**" has the meaning set forth in <u>Section 11.9(a)</u>.

"**Preemptive Debt Exercise Period**" has the meaning set forth in <u>Section 11.9(b)</u>.

"**Preemptive Debt Exercising Member**" has the meaning set forth in <u>Section 11.9(b)</u>.

"**Preemptive Debt Non-Exercising Member**" has the meaning set forth in <u>Section 11.9(b)</u>.

"**Preemptive Debt Over-Allotment Exercise Notice**" has the meaning set forth in <u>Section 11.9(b)</u>.

"**Preemptive Debt Over-Allotment Exercise Period**" has the meaning set forth in <u>Section 11.9(b)</u>.

"**Preemptive Debt Over-Allotment Notice**" has the meaning set forth in <u>Section 11.9(b)</u>.

"**Preemptive Debt Purchaser**" has the meaning set forth in <u>Section 11.9(a)</u>.

"**Preemptive Purchaser**" has the meaning set forth in <u>Section 11.7(a)</u>.

"**Preemptive Rights Notice**" has the meaning set forth in <u>Section 11.7(a)</u>.

"**Preemptive Rights Offer**" has the meaning set forth in <u>Section 11.7(a)</u>.

"**Pro Rata Share**" means a fraction, (i) the numerator of which is the number of then-issued and outstanding Units owned by a Member on a fully diluted basis, and (ii) the denominator of which is the total number of the then-issued and outstanding Units held by all Members on a fully diluted basis. "**Fully diluted basis**" means on a basis as if all options, warrants, other rights or convertible or exchangeable securities that are exercisable or exchangeable for or convertible into Units directly or indirectly, have been so exercised, exchanged or converted by a Member, or by all Members, as the case may be.

"**Proceeding**" means any actual, threatened, pending or complete action, suit, proceeding, demand or investigation, whether civil, criminal, administrative, investigative, or an alternative dispute resolution proceeding.

"**Public Offering**" shall mean any sale, whether primary or secondary, of shares made in a public distribution on a National Securities Exchange pursuant to a prospectus, offering document or registration statement prepared in accordance with applicable regulations.

"**Qualified IPO**" means a firm commitment underwritten IPO pursuant to an effective registration statement under the Securities Act covering the offer and sale of the Company's Securities, provided, that such offering results in (i) aggregate gross proceeds to the Company of at least $100 million and (ii) the Company's Securities being listed on a National Securities Exchange.

"**Redwood**" means Redwood Capital Management, LLC.

"**Redwood Director**" has the meaning set forth in Section 4.2(a)(ii).

"**Redwood Member**" means, collectively, Redwood and its Affiliates and any funds or accounts, including those identified under the heading "Redwood Member" on **Part 2** of **Schedule 1** hereto, managed or advised by Redwood or any of its Affiliates in their capacity as investment adviser, sub-investment adviser or otherwise.

"**Registrable Securities**" has the meaning set forth in **Exhibit C**.

"**Registration Notice**" has the meaning set forth in **Exhibit C**.

"**Removal Date**" has the meaning set forth in Section 4.2(a)(i).

"**Removed Redwood Director**" has the meaning set forth in Section 4.2(a)(ii).

"**Replacement Director**" has the meaning set forth in Section 4.2(a)(ii).

"**SEC**" means the United States Securities and Exchange Commission.

"**Securities**" means, collectively, (i) Units, (ii) New Securities, (iii) any options, warrants or other securities or rights (including convertible debt securities), in each case, convertible or exchangeable into Units, New Securities or other equity or equity equivalents of the Company, and (iv) any securities issued as a dividend in kind with respect to any of the foregoing and any securities of the Company, as the case may be, issued in exchange therefor or upon any reclassification thereof. Whenever any determination is required hereunder as to any percentage of any Securities or as to the proportionate interest or rights of any Securities, the following principles shall apply unless the context clearly requires otherwise: (a) if such determination relates to options or like securities, such determination shall in the first instance be made on an as-converted or as-exercised basis (it being understood that nothing herein shall relieve the holder of its obligation to pay the pertinent exercise or strike price); and (b) any such determination shall be made on the basis of rights to share in distributions on liquidation of the Company following a sale of all of its assets for Fair Market Value and, in the case of securities described in clause (a), following such as-converted or as-exercised determination.

"**Securities Act**" means the U.S. Securities Act of 1933, as amended from time to time, or any similar federal statute then in effect, and a reference to a particular section thereof shall be deemed to include a reference to the comparable section, if any, of any such similar federal statute.

"**Silver Rock**" means Silver Rock Financial LP.

"**Silver Rock Member**" means, collectively, Silver Rock and its Affiliates, including Silver Rock Management LLC, and any funds or accounts, including those identified under the heading "Silver Rock Member" on **Part 2** of **Schedule 1** hereto, managed or advised by Silver Rock or any of its Affiliates, including Silver Rock Management LLC, in their capacity as investment adviser, sub-investment adviser or otherwise.

"**Similar Law**" has the meaning set forth in Section 7.1(i).

"**SPAC Transaction**" has the meaning set forth in Section 11.6(a).

"**Steerco Member**" means any of the Anchorage Member, the Aryeh Member, the Farallon Member, the Glendon Member, the Redwood Member and the Silver Rock Member. With respect to each Steerco Member, the Steerco Member Representative of such Steerco Member shall represent each entity comprising such Steerco Member for purposes of this Agreement and the Company shall be entitled to interact solely with such Steerco Member Representative for all purposes of this Agreement regarding and on behalf of such Steerco Member and any entity included in such Steerco Member (e.g., all notices or other communications, all information and all offers otherwise due to any Member comprising such Steerco Member shall be due solely to the Steerco Member Representative for such Steerco Member). No Steerco Member or any entity included in such Steerco Member shall have any right to object, dissent, protest, or otherwise contest the same. The Company and each other Member shall be entitled to rely on any action or

omission taken by any Steerco Member Representative on behalf of its respective Steerco Member or any entity included in such Steerco Member.

"**Steerco Member Representative**" means Anchorage for the Anchorage Member, Aryeh for the Aryeh Member, Farallon for the Farallon Member, Glendon for the Glendon Member, Redwood for the Redwood Member, and Silver Rock for the Silver Rock Member.

"**Subsidiary**" means, with respect to any Person, any corporation, partnership, limited liability company, joint venture or other legal entity or organization of which such Person (either alone or through or together with any one or more other Subsidiaries) (a) owns, directly or indirectly, 50% or more of the stock, partnership interests, limited liability company interests, voting securities or other equity interests which are generally entitled to vote for the election of the board of directors or other governing body of such corporation, partnership, limited liability company, joint venture or other legal entity or organization, or (b) possesses, directly or indirectly, control over the direction of management or policies of such corporation, partnership, limited liability company, joint venture or other legal entity or organization (whether through ownership of voting securities, by agreement or otherwise).

"**Substitute Member**" has the meaning set forth in Section 11.2.

"**Supermajority in Interest**" means, as of any given date, the holders of a at least 66.6% of the Units held by the Steerco Members as of such date.

"**Tag-Along Notice**" has the meaning set forth in Section 11.4(a).

"**Tag-Along Purchaser**" has the meaning set forth in Section 11.4(a).

"**Tag-Along Response Notice**" has the meaning set forth in Section 11.4(b).

"**Tag-Along Seller**" has the meaning set forth in Section 11.4(a).

"**Tag-Along Transaction**" has the meaning set forth in Section 11.4(a).

"**Tag-Along Transaction Outside Date**" has the meaning set forth in Section 11.4(f).

"**Transfer**" means to, directly or indirectly, sell, transfer, convey, assign, pledge, mortgage, encumber, hypothecate, bequeath, gift or otherwise dispose of, whether with or without consideration, whether voluntarily or involuntarily, by operation of law (including by way of merger, amalgamation, consolidation or other business combination) or otherwise (including by creation of any share appreciation right or other phantom equity or derivative or synthetic interest, by way of intestacy, will, gift, bankruptcy, receivership, levy, execution, charging order or other similar sale or seizure or by legal process), and the terms "**Transferor**," "**Transferee**," "**Transferring**" and "**Transferred**" shall have correlative meanings.

"**Underwritten Offering**" has the meaning set forth in **Exhibit C**.

"**Units**" has the meaning set forth in Section 5.1.

Section 1.2.   Interpretation. Whenever the feminine, masculine, neuter, singular or plural shall be used in this Agreement, such construction shall be given to such words or phrases as shall impart to this Agreement a construction consistent with the interest of the Members entering into this Agreement. As used herein, (a) "or" shall mean "and/or", (b) "including" or "include" shall mean "including without limitation" and (c) "hereof" or "herein" shall refer to this Agreement as a whole (rather than to any particular section or subsection of this Agreement). The headings and captions herein are inserted for convenience of reference only and are not intended to govern, limit or aid in the construction of any term or provision hereof, and unless otherwise specified, references herein to Sections, Articles, Schedules and Exhibits are references to the Sections, Articles, Schedules and Exhibits of this Agreement. It is the intention of the parties that every covenant, term, and provision of this Agreement shall be construed simply according to its fair meaning and not strictly for or against any party (notwithstanding any rule of law requiring an Agreement to be strictly construed against the drafting party), it being understood that the parties to this Agreement are sophisticated and have had adequate opportunity and means to retain counsel to represent their interests and to otherwise negotiate the provisions of this Agreement. Whenever payments are to be made or an action is to be taken on a day which is not a Business Day, such payment shall be made or such action shall be taken on and not later than the next succeeding Business Day. Each reference in this Agreement to any law or legal requirement shall be deemed to include such law or legal requirement and all rules and regulations made under it, in effect at the time in question and, as it or they may have been or may from time to time hereafter be amended, re-enacted, replaced, supplemented or modified and, as applicable, is to corresponding provisions of any successor law or legal requirement, unless such treatment would be contrary to the express terms of this Agreement. Unless otherwise expressly indicated to the contrary herein, masculine gender shall also include the feminine and neutral genders, and vice versa. Any reference to any agreement or contract referenced herein shall be a reference to such agreement or contract, as it may have been, or may from time to time be, amended, modified, supplemented, novated or waived, and include all schedules and exhibits to it. Any reference to "$" or "dollars" means the legal tender of the United States. A reference to a period of days shall be deemed to be the relevant number of calendar days unless Business Days is specified, and with respect to the determination of any period of time, the word "from" means "from and including" and the words "to" and "until" each means "to but excluding."

## ARTICLE II

## FORMATION OF THE COMPANY

Section 2.1.   Formation. The Company was formed upon the filing of the Conversion Certificate and the Certificate with the Secretary of State of the State of Delaware pursuant to the Delaware Act [on or immediately prior to the Effective Date]. All acts undertaken in the formation

of the Company are hereby ratified. The rights and liabilities of the Members shall be as provided for in the Delaware Act if not otherwise expressly provided for in this Agreement.

Section 2.2.    Company Name. The name of the Company is White Iris LLC. The business of the Company shall be conducted under such name or any other names as the Board may from time to time designate.

Section 2.3.    Term of Company. The term of the Company shall continue indefinitely until the Company is dissolved as provided under Article XII.

Section 2.4.    Registered Agent and Office. The Company's registered agent and office in the State of Delaware shall be c/o [Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808]. The Board may designate another registered agent and/or registered office from time to time in accordance with the then applicable provisions of the Delaware Act and any other Applicable Laws.

Section 2.5.    Principal Place of Business. The principal place of business of the Company shall be located at such place as designated by the Board. The location of the Company's principal place of business may be changed by the Board from time to time in accordance with the then applicable provisions of the Delaware Act and any other Applicable Law.

Section 2.6.    Qualification in Other Jurisdictions. Any authorized Person of the Company shall execute, deliver and file any certificates (and any amendments and/or restatements thereof) necessary for the Company to qualify to do business in a jurisdiction in which the Company may wish to conduct business.

Section 2.7.    Fiscal Year. The fiscal year of the Company for financial accounting purposes shall end on [December 31], or such other date as may be designated by the Board from time to time.

## ARTICLE III

## PURPOSE AND POWERS OF THE COMPANY

Section 3.1.    Purpose. The purposes of the Company are, and the nature of the business to be conducted and promoted by the Company is, engaging in any lawful act or activity for which limited liability companies may be formed under the Delaware Act and engaging in all acts or activities as the Board deems necessary, advisable or incidental to the furtherance of the foregoing.

Section 3.2.    Powers of the Company. The Company shall have the power and authority to take any and all actions that are necessary, appropriate, advisable, desirable, convenient or incidental to or for the furtherance of the purposes set forth in Section 3.1.

Section 3.3.  <u>Certain Tax Matters</u>. The parties hereto intend that the Company shall elect to be treated as an association taxable as a corporation for U.S. federal, and applicable state and local, tax purposes. Neither the Members nor the Company shall, absent a contrary decision by the Board, make any election to treat the Company as an entity other than an association taxable as a corporation for U.S. federal, and applicable state and local, income tax purposes.

Section 3.4.  <u>Ownership of Property</u>. Legal title to all assets, rights and property, whether real, personal or mixed, conveyed to or held by the Company shall reside in the Company, and shall be conveyed only in the name of the Company, and no Member or any other Person shall have any ownership of such assets, rights or property.

## ARTICLE IV

## MANAGEMENT

Section 4.1.  <u>Management by the Board</u>. There shall be a board of directors of the Company (the "**Board**"). Except as otherwise expressly provided in this Agreement, the Board shall exclusively possess, enjoy and exercise any and all of the rights, powers and authority of a "manager" as provided in or under the Delaware Act, and shall have the exclusive right and full power and authority to manage and control the business and affairs of the Company and to take any action deemed necessary or desirable by it in connection with the business of the Company.

Section 4.2.  <u>Size; Initial Composition; Election of Directors; Term</u>.

(a)  The authorized number of Directors on the Board shall be seven, subject to increase or reduction from time to time as determined by a Majority in Interest of the Members in accordance with this Agreement. As of the date hereof, the Board shall consist of the individuals set forth on **Schedule 2**, and the appointment of such Directors is hereby ratified and affirmed in all respects. Directors shall be designated as follows:

(i)  One Director shall be the Chief Executive Officer of the Company at any given time (with any such Director being the "**CEO Director**").

(ii)  Four Directors shall be designated by the Redwood Member (with any such Director being so designated by the Redwood Member pursuant to this <u>Section 4.2(a)(ii)</u> being a "**Redwood Director**"); <u>provided</u>, that if at any time the Redwood Member ceases to hold at least 25% of the Units on a fully-diluted basis, then (x) the Redwood Member shall have the right to designate three Directors and (y) the holders holding a majority of the Units, other than the Units held by the Redwood Member, shall designate a Director (the "**Replacement Director**") to replace the Removed Redwood Director (as defined below). To the extent the Redwood Member loses the right to designate one Director pursuant to the foregoing sentence, the Redwood Member, in its sole discretion, shall determine which Redwood Director shall be removed (such Director, the "**Removed**

**Redwood Director**") and shall deliver written notice of such determination to the Company not later than 10 Business Days following the date on which the Redwood Member ceases to hold at least 25% of the Units on a fully-diluted basis. The removal of the Removed Redwood Director shall be effective as of the date of delivery of such notice to the Company and the applicable Board seat shall remain vacant until the Replacement Director is designated in accordance with this Section 4.2(a)(ii).

(iii)    One Director shall be designated by the Anchorage Member (with any such Director so designated by the Anchorage Member pursuant to this Section 4.2(a)(iii) being the "**Anchorage Director**"); provided, that in the event the Anchorage Member ceases to hold at least five percent of the Units on a fully-diluted basis, then the Anchorage Member shall not have any right to designate a Director. To the extent the Anchorage Member loses the right to designate the Anchorage Director, the Anchorage Director shall continue to serve in accordance with the terms of this Agreement until the Chairman of the Board notifies the Anchorage Member that the Anchorage Director shall be removed (the date of such notification, the "**Removal Date**"), at which time the Anchorage Director shall be automatically removed from the Board without any further action by any Person, effective as of the Removal Date. Following such removal, the size of the Board shall be automatically reduced by one member; provided, that, if such reduction in the size of the Board would result in an even number of Directors, the size of the Board shall not be so reduced and (x) if, as of the Removal Date, the Redwood Member holds at least 40% of the issued and outstanding Units, the Redwood Member shall designate a Director to replace the Anchorage Director and (y) if, as of the Removal Date, the Redwood Member holds less than 40% of the issued and outstanding Units, the holders holding a majority of the Units, other than the Units held by the Redwood Member, shall designate a Director to replace the Anchorage Director.

(iv)    One Director shall be designated by the Farallon Member (with any such Director so designated by the Farallon Member pursuant to this Section 4.2(a)(iv) being the "**Farallon Director**"); provided, that in the event the Farallon Member ceases to hold at least five percent of the Units on a fully-diluted basis, then the Farallon Member shall not have any right to designate a Director. To the extent the Farallon Member loses the right to designate the Farallon Director, the Farallon Director shall continue to serve in accordance with the terms of this Agreement until the Chairman of the Board notifies the Farallon Member that the Farallon Director shall be removed, at which time the Farallon Director shall be automatically removed from the Board without any further action by any Person, effective as of the Removal Date. Following such removal, the size of the Board shall be automatically reduced by one member; provided, that, if such reduction in the size of the Board would result in an even number of Directors, the size of the Board shall not be so reduced and (x) if, as of the Removal Date, the Redwood Member holds at least 40% of the issued and outstanding Units, the Redwood Member shall designate a Director to replace the Farallon Director and (y) if, as of the Removal Date, the Redwood Member holds less than 40% of the issued and outstanding Units, the holders holding a majority of

the Units, other than the Units held by the Redwood Member, shall designate a Director to replace the Farallon Director.

(v)    If a Designator fails to designate an individual to the Board, then such Board seat shall remain vacant until such time as such Designator invokes its rights to fill such vacancy. For the avoidance of doubt, a Designator shall be permitted to elect to keep a Board seat vacant and none of the Board or any other Member (other than the Designator) shall have the ability to fill such seat.

(vi)    Upon written notice to the Company, a Designator may remove, or cause the Members to remove, (with or without cause) one or more of its designated Directors. Any vacancies caused by the removal of a designated Director (with or without cause) shall be filled by the Designator with respect to such designated Director.

(vii)    The Redwood Member may, at its sole discretion, designate one Director, who may or may not be a Redwood Director, to serve as the chair of the Board (the "**Chairman of the Board**").

(viii)    Each Member covenants to vote any and all of its Units in a manner to give effect to the foregoing clauses (i) through (vii), to the extent any such right to vote may exist.

(b) Except as set forth above, each Director shall serve until their respective successor is elected and qualified, or until their earlier death, resignation, incapacity or removal.

Section 4.3.    <u>Observation Rights</u>. If (i) (x) the Anchorage Member shall lose the right to designate the Anchorage Director pursuant to <u>Section 4.2(a)(iii)</u> or (y) the Anchorage Director is not an employee of or otherwise affiliated with the Anchorage Member or any of its Affiliates or (ii) (x) the Farallon Member shall lose the right to designate the Farallon Director pursuant to <u>Section 4.2(a)(iv)</u> or (y) the Farallon Director is not an employee of or otherwise affiliated with the Farallon Member or any of its Affiliates, then the Anchorage Member or the Farallon Member, as applicable, shall have the right to designate one representative reasonably acceptable to the Company (each such representative, an "**Observer**") to attend all meetings, in a non-voting observer capacity but with full rights to participate in discussions, of the Board or any committee of the Board (<u>provided</u>, <u>however</u>, that such right and obligation shall not extend to informal communications between the Company and members of the Board outside of meetings of the Board). The Company shall provide each such Observer with the notices of meetings and final materials provided at or in advance of any such meeting that it provides, and at the same time and in the same manner as it provides them, to the Board; <u>provided</u>, that such Observer shall agree to hold in confidence and treat all information so provided in accordance with the terms of <u>Section 9.5</u>.  Notwithstanding the foregoing, the Company reserves the right to exclude the Observer from access to the relevant portion of any materials or meetings to the extent (a) such exclusion is necessary to preserve the attorney-client privilege, (b) the materials or meetings regard a matter

that, in the reasonable determination of the Board, would reasonably be expected to have a conflict of interest between the interests of the Company and the interests of such Member or Observer or (c) materials or meetings relate to an actual or pending transaction in which the Member designating such Observer has a conflict of interest. The Member designating each such Observer pursuant to the first sentence of this <u>Section 4.3</u> shall have the right to change its designation at any time on written notice to the Company, <u>provided</u>, such designee is reasonably acceptable to the Company.

Section 4.4.    <u>Board Action; Quorum</u>. Each Director attending a meeting of the Board (in person or by telephone or other electronic means) shall have the right to cast, on each vote taken at such meeting, one vote (each such vote, a "**Director Vote**"). Except as expressly provided in this Agreement, (a) at all meetings of the Board, the presence in person or by telephone (or through such other means as allows each Director to hear and be heard by each other Director) of the Directors that have, in the aggregate, the right to cast at least a majority of the Director Votes on matters considered at such meeting shall constitute a quorum for the transaction of business; <u>provided</u>, that at least one Redwood Director must be present at any such meeting, and (b) at any Board meeting at which a quorum is present, the act of Directors having a majority of the Director Votes of all Directors present at such meeting shall constitute the act of the Board. To the extent that any Director is an Employee Authorized Person, such Director shall, at the request of the Board, be recused from any sessions or meetings of the Board, or any Director Vote, in each case with respect to any matters relating to such Director's employment or engagement by the Company or any of its Subsidiaries.

Section 4.5.    <u>Meetings; Actions Without Meetings</u>.

(a) The Board may hold meetings as determined by the Board. Each Director shall be entitled to participate in any meeting by means of conference telephone or other communications equipment by means of which all Persons participating in the meeting can hear each other. Meetings of the Board may be called by, or at the request of, any two Directors or the Chairman of the Board. Meetings of the Board shall be preceded by at least 24 hours' advance notice of the date, time and place (including means for participating telephonically or by other communications equipment) of the meeting. A Director may waive any notice required by this Agreement before or after the date and time stated in the notice. The waiver shall be in writing, signed by the Director entitled to the notice, and filed with the minutes of the Company's records; <u>provided</u>, that the attendance of a Director in person or by telephone (or other communications equipment) at a meeting shall constitute waiver of notice of such meeting unless the Director attends the meeting for the express purpose of objecting, at the beginning of such meeting, to the transaction of any business at such meeting because the meeting is not properly called or convened. In any matter that is to be voted on by Directors, (i) the Directors may vote in person or by proxy and such proxy may be granted in writing or by electronic transmission, or (ii) in the event that any Redwood Director is unable to attend any meeting of the Board, any other Redwood Director present at such meeting may exercise the absent Redwood Director's Director Votes.

(b) Any action required or permitted to be taken at a Board meeting may be taken without a meeting if a written consent is signed by the number of Directors necessary to take such action at a meeting of the Board with all Directors present; provided, that the Company shall provide each Director with at least 24 hours' advance written notice of the taking of any such action by written consent (such notice to reasonably describe the action to be taken pursuant to such written consent); and provided, further that a Director's execution of a written consent shall constitute waiver of the foregoing notice requirement. Reasonably prompt notice of the taking of any action without a meeting by less than unanimous written consent, together with a copy of the related written consent, shall be given to those Directors who have not consented in writing to such action.

Section 4.6.    Delegation by the Board; Officers.

(a) Delegation by the Board. The Board shall have the power and authority to delegate to one or more other Persons (including to any committee, officer, or authorized Person of the Company) the Board's rights and powers to manage and control the business and affairs of the Company, except to the extent prohibited by the Delaware Act or otherwise prohibited by this Agreement. Any delegation pursuant to this Section 4.6 may be revoked at any time by the Board. The Board may authorize any Person (including any Member or Officer) to enter into and perform under any document on behalf of the Company or its Subsidiaries. In addition, subject to Section 5.3, the Board is authorized to employ, engage and dismiss, on behalf of the Company, any Person, including a Member or an Affiliate of any Member, to perform services for, or furnish goods to, the Company or any of its Subsidiaries.

(b) Officers. The Board may appoint from time to time, as it deems advisable, officers of the Company (collectively, the "**Officers**") and assign such officers titles (including Chief Executive Officer, President, Chief Financial Officer, Vice President, Secretary and Treasurer). Unless the Board decides otherwise, if the title is one commonly used for officers of a business corporation formed under the Delaware General Corporation Law, the assignment of such title shall constitute the delegation to such person of the authorities and duties (including the authority to open bank or brokerage accounts, and to execute agreements on behalf of the Company) that are normally associated with that office. With respect to all matters within the ordinary course of business of the Company, third parties dealing with the Company may rely conclusively upon any certificate of any Officer to the effect that such Officer is acting on behalf of the Company. Except as otherwise provided in any services or employment agreement between an Officer and the Company or any Subsidiary of the Company that employs such individual (as an employee, consultant or otherwise), (i) any Officer may be removed with or without cause by the Board, and (ii) any Officer may resign at any time by giving written notice to the Board, and such resignation shall take effect at the time specified in such notice or, if not so specified, immediately upon receipt of such notice by the Board (provided, however, that unless otherwise specified in the notice, the acceptance of resignation shall not be necessary to make it effective). A vacancy in any office because of death, incapacity, resignation, removal or otherwise shall be filled in the manner prescribed in this Agreement for regular appointments to that office. Subject to the terms of any services or employment agreement between an Officer and the Company or its Subsidiaries, the

Officers shall be entitled to receive compensation from the Company as determined by the Board. No Officer need be a Member or a Director. An individual can be appointed to more than one office. The current Officers of the Company as of the date hereof are set forth on **Schedule 3**, and the appointment of such officers is hereby ratified and confirmed in all respects.

(c) Committees of the Board. The Board may establish committees of the Board, in its discretion, with such powers and duties that it determines appropriate.

Section 4.7.    Authority as an Equity Holder. Each Member agrees that the Board, on behalf of the Company, shall have the exclusive right to vote (or cause to vote) or execute (or cause to execute) consents with respect to securities issued by other Persons held by the Company, directly or indirectly, on any matter to be voted upon at any meeting of the holders of such securities or in connection with any proposed action by written consent of the holders of such securities.

Section 4.8.    Devotion of Time. No Director (other than any employee of the Company or its Subsidiaries, in which case, such Person's employment agreement shall prevail) is obligated to devote all or any specified portion of her or his time or business efforts to the affairs of the Company and its Subsidiaries.

Section 4.9.    No Liability for Designation of Directors. Without limiting the liability of any Director or Officer (in the Director's or Officer's capacity as such), no Member, nor any Affiliate of any Member, shall have any liability as a result of designating a Director or for any act or omission by such Director in his or her capacity as a Director, nor shall any Member have any liability as a result of voting for any such designee in accordance with the provisions of this Agreement.

Section 4.10.    Reimbursement of Expenses. The Company shall reimburse each Director for the reasonable out-of-pocket costs and expenses incurred by such Director in performing his or her services as a Director of the Company, including reasonable travel and ancillary expenses incurred in connection with attendance at in-person meetings of the Board, subject to the Company's policies, if any, with respect to reimbursement of travel expenses.

## ARTICLE V

## MEMBERS

Section 5.1.    Interests Generally. The Interests in the Company shall be denominated in Units. As of the date hereof, the Company has one class of authorized Interests: Common Units (referred to herein, collectively with the units of any new class(es) or series of Interests issued from time to time, as the "**Units**"). Units shall be uncertificated, unless otherwise determined by the Board. Other than in accordance with Section 11.8, the Company shall not issue any Units or

other equity or debt securities of the Company without the consent of a Majority in Interest of the Members.

(a) Common Units.

(i)    General. The holders of Common Units will have the rights with respect to profits and losses of the Company and distributions from the Company as are set forth herein. Common Units may be issued in separate series of Common Units, as determined by the Board, each with the same rights and preferences set forth herein with respect to each other Common Unit. The number of Common Units of each Member as of any given time shall be set forth on **Schedule 1**, as it may be updated from time to time in accordance with this Agreement.

(ii)    Price. The payment terms and schedule for the Capital Contributions applicable to the issuance of any Common Unit will be determined by the Board upon issuance of such Common Unit.

(b) Schedule 1. The Company (or any designee thereof, including the Company's transfer agent, if applicable) shall cause **Schedule 1** to be updated from time to time as necessary to accurately reflect the information required to be included therein (including to reflect any issuances of Units to any Additional Members or Transfer of Units to any Substitute Members, in each case, pursuant to the terms and subject to the conditions of this Agreement). Any amendment or revision to **Schedule 1** made in accordance with this Agreement shall not be deemed an amendment, modification or supplement to this Agreement. Any reference in this Agreement to **Schedule 1** shall be deemed to be a reference to **Schedule 1** as in effect from time to time. No Other Member shall have any right to receive a copy of **Schedule 1**.

(c) Voting. The Members shall have the voting rights expressly set forth in this Agreement. Each Member shall have one vote for each Common Unit held by such Member. Except as expressly set forth herein, the affirmative vote, consent, or agreement of a Majority in Interest of the issued and outstanding Common Units shall be the act of the Members of the Company.

(d) Major Consent Matters. Notwithstanding anything to the contrary in this Agreement, the Company shall not take any of the actions set forth under the heading "Major Consent Matters" on **Exhibit A** hereto (and each Member agrees not to vote, or cause to be voted, any Units owned by such Member, or over which such Member has voting control (including those held by such Member's portfolio companies and managed fund vehicles) in favor of any such action) unless approved by a Majority in Interest of the Members or a Supermajority in Interest of the Steerco Members, as applicable, as set forth on **Exhibit A**.

(e) Adjustment upon Change in Capitalization. If and to the extent necessary or appropriate to reflect any Unit distribution, extraordinary distribution, Unit split or Unit combination or any recapitalization, merger, consolidation, exchange of Units, spin-off, liquidation or dissolution of

the Company or other similar transaction affecting the Units, including an IPO and any reorganization transactions that occur in connection with an IPO, the Board shall make such substitution, revision or other provisions or take such other actions with respect to any outstanding Units or the holder or holders thereof, in each case as it determines in its sole discretion to be equitable.

(f) <u>Non-Voting Equity Securities</u>. The Company shall not issue any non-voting equity securities to the extent prohibited by Section 1123(a)(6) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") as in effect on the date of this Agreement; <u>provided</u>, <u>however</u>, that the foregoing restriction: (i) shall have such force and effect only for so long as Section 1123 of the Bankruptcy Code is in effect and applicable to the Company or any of its Subsidiaries, (ii) shall not have any further force or effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, and (iii) may be amended or eliminated in accordance with Applicable Law as from time to time may be in effect.

Section 5.2.   <u>Member Meetings</u>. Meetings of the Members shall be held at such times and places as the Board or the holders of a Majority in Interest of the outstanding Units fix from time to time. No annual, regular or special meetings of Members are required, but if such meetings are held, they shall be noticed, held and conducted pursuant to the Delaware Act. Members may participate in any meeting through the use of conference telephones or other communications equipment as long as all Members participating can be heard and hear one another or otherwise interactively communicate with each other. A Member so participating is deemed to be present in person at the meeting. Any action which may be taken by the Members at a meeting may also be taken without a meeting, if a consent in writing setting forth the action so taken is signed by Members having not less than the minimum votes that would be necessary to authorize that action at a meeting of the Members duly called and noticed.

Section 5.3.   <u>Business Transactions of a Member with the Company</u>. The Company and its Subsidiaries may enter into any agreement, understanding or contract, or any other transaction, with any Member (or any Affiliate thereof) without the prior approval of any Member; <u>provided</u> that such agreement, understanding, contract or transaction is (x) on terms that would be no less favorable to the Company or its applicable Subsidiary than would be obtained in an arms'-length transaction and (y) approved by the disinterested members of the Board in good faith. For the avoidance of doubt, the Director(s) appointed by a Member will be deemed interested in any proposed agreement, understanding, contract or transaction between such Member and any of its Affiliates and the Company or any of its Subsidiaries. In addition to, and without limitation of, the foregoing, prior to the Company entering into any agreement, understanding or contract, or any other transaction, in each case that is material (either individually or in the aggregate) with any Member, the Member shall first present the terms of such agreement, understanding or contract, or other transaction, to the disinterested members of the Board for prior approval by a majority of such disinterested Directors. Each of the Members acknowledges that the Company and its Subsidiaries may enter into, and hereby irrevocably consents to such entry into, any agreement in form and substance consistent with the terms set forth in <u>Section 11.6</u> and irrevocably consents to

the performance of the transactions contemplated thereby. Notwithstanding anything herein to the contrary, nothing contained in this Agreement shall affect, limit or impair the rights and remedies of any party to this Agreement (or its Affiliates) in its capacity as a lender to the Company or any of its Subsidiaries pursuant to any agreement under which the Company or any of its Subsidiaries has borrowed money; provided, that such transactions are on arm's length terms as determined by the disinterested members of the Board in good faith. Without limiting the generality of the foregoing, no such lender (or its Affiliates), in exercising its (or their) rights as a lender, including making its (or their) decision on whether to foreclose on any collateral security, shall have any duty to consider (a) its status as a direct or indirect equity holder of the Company or any of its Subsidiaries, (b) the interests of the Company or any of its Subsidiaries, or (c) any duty it may have to any other direct or indirect equity holder of the Company, except as may be required under the applicable loan documents or by Applicable Law.

Section 5.4.    Business Opportunities. The Company renounces any interest or expectancy of the Company in, or in being offered an opportunity to participate in, business opportunities that are from time to time presented to any Member or Director, other than any Member or Director that is an employee, officer or consultant of the Company or any of its Subsidiaries. No Member or Director (other than any Member or Director who is an employee, consultant or officer of the Company or any of its Subsidiaries) who acquires knowledge of a potential transaction, agreement, arrangement or other matter that may be an opportunity for the Company shall have any duty to communicate or offer such opportunity to the Company, and such Member or Director shall not be liable to the Company or to the Members for breach of any fiduciary or other duty by reason of the fact that such Member or Director pursues or acquires such opportunity, or directs such opportunity to another Person or does not communicate such opportunity or information to the Company. No amendment or repeal of this Section 5.4 shall apply to or have any effect on the liability or alleged liability of any Member or Director for or with respect to any opportunities of which any such Member or Director becomes aware prior to such amendment or repeal.

Section 5.5.    Additional Members. Subject to the other terms of this Agreement, the Board may admit one or more additional Members (each an "**Additional Member**") upon the acquisition of Units by such Person from the Company or as a result of a valid Transfer. Each Person shall be admitted as an Additional Member upon the approval of the Board, and at the time such Person (a) executes a Joinder, and (b) has delivered such additional documentation as the Board shall require to so admit such Additional Member. Simultaneously with or as soon as practicable following such admission, the Additional Member shall be named as a Member in **Schedule 1** hereto. The Board may designate any such Additional Member within a category or class of Members created by the Board (subject to the provisions of Section 13.11), with such rights and obligations as the Board may specify. The Company (or any designee of the Company) is authorized and directed to amend **Schedule 1** to reflect any such admission, as well as the Capital Contribution made by the Additional Member (if any), and the Units acquired by such Additional Member, without the consent of any Member. At the request of the Company, any Member who is a natural person shall deliver a written waiver of their spouse's interest in and to (including but

not limited to rights with respect to the disposition, voting or control of) such Member's Units, in a form acceptable to the Company.

Section 5.6.    No Right to Bind the Company. No Member, in his, her or its capacity as such, shall have any power or authority act for, sign for, or do any act that would to bind the Company or have any rights or powers to conduct the business or affairs of the Company. Any act of a Member in contravention of this Section 5.6 shall be null and void ab initio.

## ARTICLE VI

## CAPITAL CONTRIBUTIONS

Section 6.1.    Capital Contributions. Each Member set forth on **Schedule 1** has made a Capital Contribution in the amount, and effective as of the effective date, set forth opposite each such Member's name on **Schedule 1**. Any contributions of property after the date hereof shall be valued at their Fair Market Value. Each Member acknowledges that its Capital Contribution is subject to the claims of any and all creditors of the Company to the extent provided by the Delaware Act and other Applicable Law.

Section 6.2.    Additional Capital Contributions.

(a) No Member shall be required to make any additional Capital Contribution to the Company in respect of the Units then owned by such Member or otherwise.

(b) Members shall have the right (but not the obligation) to make additional Capital Contributions to the Company, with the written consent of the Board.

Section 6.3.    Liability of Members. No Member shall be liable for any debts or losses of the Company or any of its Subsidiaries or be required to guarantee the liabilities or obligations of the Company or any of its Subsidiaries. No Member shall be required to contribute or lend funds to the Company or any of its Subsidiaries.

## ARTICLE VII

## REPRESENTATIONS AND WARRANTIES

Section 7.1.    Representations and Warranties of the Members. Each Member makes the representations and warranties set forth below to the Company with respect to itself only (and not with respect to any other Member), effective upon such Member's execution and delivery of this Agreement or a counterpart hereof or Joinder hereto, and thereafter, upon such Member's acquisition or receipt of any Units, in addition to any other representations and warranties set forth in any other document required by the Board with respect to such acquisition or receipt:

(a) If such Member is not a natural person, then it is duly incorporated or formed, validly existing, and in good standing under the laws of its jurisdiction of incorporation or organization.

(b) Such Member has the requisite authority (corporate or otherwise) and, in the case of a Member who is an individual, full legal capacity, to enter into and perform his, her or its obligations under this Agreement.

(c) The execution, delivery and performance of this Agreement by such Member has been duly and validly authorized by all necessary action of such Member, and this Agreement has been duly executed and delivered by such Member, or an authorized representative of such Member, and constitutes a legal, valid, and binding obligation of such Member, enforceable against such Member in accordance with the terms hereof.

(d) No consent, waiver, approval, or authorization of, or filing, registration or qualification with, or notice to, any Governmental Entity or any other Person is required to be made, obtained or given by such Member in connection with the execution, delivery and performance of this Agreement.

(e) Such Member is acquiring Units for its own account, for investment and not with a view to the distribution thereof or any interest therein in violation of the Securities Act or applicable state securities laws.

(f) Such Member (i) is an "accredited investor" as defined in Rule 501(a) of Regulation D promulgated under the Securities Act, or (ii) has such knowledge and experience in financial and business matters that he, she or it is capable of evaluating the merits and risks of the investment in the Units.

(g) Such Member understands that the Units have not be registered for offer or sale under any Federal or state or other applicable securities law and must be held indefinitely unless subsequently registered or an exemption from such registration is available.

(h) Such Member has performed its own due diligence with respect to the nature of the investment in the Company, the speculative and financial risks thereby assumed, and the uncertainty with respect to the timing and amounts of distributions, if any, to be made to the Company, and such Member does not desire any further information which may be available with respect to these matters and has had sufficient opportunity to review the matters that it believes to be important in deciding whether to acquire Units.

(i) To the extent such Member constitutes assets of any (A) employee benefit plan within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), that is subject to Title I of ERISA, (B) plan subject to Section 4975 of the Internal Revenue Code of 1986, as amended (the "**Code**"), (C) "governmental plan" (within the meaning of Section 3(32) of ERISA) or "church" plan (within the meaning of Section 3(33) of ERISA) that is subject to any Applicable Law similar to Section 406 of ERISA or Section 4975 of the Code

("**Similar Law**"), or (D) Person deemed to constitute the assets of one or more such employee benefit plans or plans, including by reason of 29 CFR 2510.3-101, as modified by Section 3(42) of ERISA, or governmental or church plans subject to Similar Law (such Persons and entities in clauses (A), (B), (C), and (D) being referred to herein as "**Plan Accounts**"): (1) the entering into and performance of this Agreement and the transactions contemplated hereby do not and will not result in a nonexempt prohibited transaction under Section 406 of ERISA or Section 4975 of the Code or, in the case of a Person constituting the assets of any governmental or church plan, a violation of Similar Law and (2) the Person making the decision on behalf of the Plan Account to enter into this Agreement and perform such actions on behalf of the Plan Account as contemplated hereby is independent of, and is not relying on any advice of the Company or any other Person associated with the Company and such Person acting on behalf of the Plan Account represents, warrants and agrees that none of the Company, any of the Steerco Members or any other Person associated with the Company is otherwise acting as a fiduciary (including within the meaning of Section 3(21) of ERISA) with respect to the entering into or performance of this Agreement or the transactions contemplated hereby, or the activities of the Company and its Subsidiaries.

(j)  No more than 25% of (x) such Member's and (y) such Member's Affiliated Members' (for this purpose, including any investment funds or accounts that are managed by or advised or under the control of the same investment manager or advisor) ((x) and (y), the "**Member Group**") assets invested in the Company currently constitute or will at any time such Member Group holds any Units constitute Plan Accounts.

Section 7.2.    Representations and Warranties of the Company. The Company represents and warrants to the Members as of the date hereof, as follows:

(a)  The Company has all necessary power and authority to enter into this Agreement and perform its obligations hereunder.

(b)  The participation by the Company in this Agreement and the performance of its obligations hereunder have been duly authorized by all necessary actions on the part of the Company. No other proceedings on the part of the Company, and no other votes or written consents or actions or proceedings by or on behalf of the Company, are necessary to authorize this Agreement or the performance of the Company's obligations hereunder.

(c)  This Agreement constitutes the valid and binding obligation of the Company, enforceable in accordance with its terms (except as limited by applicable bankruptcy, insolvency, reorganization, moratorium, fraudulent conveyance and other laws relating to or affecting creditors' rights generally and the effect and application of general principles of equity and the availability of equitable remedies).

(d)  Except for the express representations and warranties of the Company set forth in this Section 7.2, the Company makes no express or implied representation or warranty with respect to the Company or any of its Subsidiaries or otherwise in connection with or otherwise arising out of

this Agreement or the transactions contemplated hereby, and in making its determination to execute this Agreement, each Member has relied, is relying, and will rely solely on such representations and warranties and has not relied on, is not relying on, and will not rely on any information, statements, disclosures, documents, projections, forecasts or other material, in each case, whether written or oral, made available or provided by any Person to such Member or any of its Affiliates or advisors or representatives, or any failure of any of the foregoing to disclose or contain any information.

# ARTICLE VIII

## DISTRIBUTIONS

Section 8.1.    Distributions. This section provides for the distribution of available cash or other assets ("**Distributions**") to the Members. Distributions, including pursuant to any Change of Control, shall be made at such times and in such amounts as the Board determines in its sole discretion (with any hold-backs or reserves to be provided for as the Board determines in its sole discretion); provided, however, that none of the following shall be a Distribution: (x) any redemption or repurchase by the Company of any Units, (y) any recapitalization or exchange of securities of the Company, and (z) any subdivision (by any Unit split or otherwise) or any combination (by reverse Unit split or otherwise) of any outstanding Units. If, as and when made, Distributions shall be distributed to the Members holding Common Units pro rata based on the number of Common Units held by each such Member as of the time of such distribution.

Section 8.2.    Distributions In Kind. In the event of a distribution of Company property, such property shall for all purposes of this Agreement be deemed to have been sold at its Fair Market Value at the time of Distribution and the proceeds of such sale shall be deemed to have been distributed to the Members. In the event of a distribution of Company property in kind, such property shall be distributed to the Members in proportion to their respective shares of the proposed Distribution as provided in Section 8.1 or Section 12.2, as the case may be, except to the extent that a disproportionate distribution of property is necessary in order to avoid distributing fractional shares.

Section 8.3.    No Withdrawal of Capital. Except as otherwise expressly provided in this Article VIII or in Article XII, no Member shall have the right to withdraw all or any part of such Member's Capital Contribution from the Company, or to receive any distribution or return of such Member's Capital Contributions or Units.

Section 8.4.    Withholding.

(a) Each Member shall, to the fullest extent permitted by Applicable Law, indemnify and hold harmless each Person who is or who is deemed to be the responsible withholding agent for U.S. federal, state or local income tax purposes against all claims, liabilities and expenses of whatever nature (but, in each case, excluding any penalties and accrued interest that results from

such Person's fraud, willful misconduct, gross negligence or willful breach of this Agreement) solely relating to such Person's obligation to withhold and to pay over any U.S. federal, state, or local income taxes imposed on such Member and the employee's share of social security, Medicare, and federal unemployment taxes imposed on such Member.

(b) Notwithstanding any other provision of this Article VIII, (i) each Member hereby authorizes the Company to withhold and to pay over, or otherwise pay, any withholding or other taxes payable by the Company or any of its Affiliates with respect to such Member or as a result of such Member's participation in the Company and (ii) if and to the extent that the Company shall be required to withhold or pay any such taxes (including any amounts withheld from amounts payable to the Company to the extent attributable, in the judgment of the Board, to such Member's Interest), such Member shall be deemed for all purposes of this Agreement to have received a payment from the Company as of the time such withholding or tax is required to be paid, which payment shall be deemed to be a distribution with respect to such Member's Interest to the extent that the Member (or any successor to such Member's Interest) is then entitled to receive a distribution. To the extent that the aggregate of such payments to a Member for any period exceeds the Distributions to which such Member is entitled for such period, such Member shall make a prompt payment to the Company of such amount.

(c) If the Company makes a distribution in kind and such distribution is subject to withholding or other taxes payable by the Company on behalf of any Member, such Member shall make a prompt payment to the Company of the amount of such withholding or other taxes by wire transfer.

Section 8.5.    Restricted Distributions. Notwithstanding any provision to the contrary contained in this Agreement, the Company shall not make a Distribution to any Member on account of its Interest in the Company if such Distribution would violate the Delaware Act or other Applicable Law.

## ARTICLE IX

## BOOKS AND RECORDS

Section 9.1.    Books, Records and Financial Statements. At all times during the continuance of the Company, the Company shall maintain, at its principal place of business, separate books of account for the Company that shall show an accurate record of all activities and transactions of the Company. Such books of account, together with a copy of this Agreement and the Certificate, shall at all times be maintained at the principal place of business of the Company. Notwithstanding any provision of this Agreement to the contrary, the Board may, to the maximum extent permitted by Applicable Law, keep confidential from the Members any information the disclosure of which the Board believes is not in the best interest of the Company or is adverse to the interests of the Company or which the Company or the Board is required by Applicable Law or by an agreement with any Person to keep confidential.

Section 9.2.   <u>Filings of Returns and Other Writings</u>. The Company shall timely file all Company tax returns and shall timely file all other writings required by any governmental authority having jurisdiction to require such filing.

Section 9.3.   <u>Accounting Method</u>. For both financial and tax reporting purposes, the books and records of the Company shall be kept on the accrual method of accounting applied in a consistent manner and shall reflect all Company transactions and be appropriate and adequate for the Company's business.

Section 9.4.   <u>Reporting</u>.

(a)  Except as otherwise determined by the Board, the Company shall furnish or caused to be furnished to each Member:

    (i)    for each fiscal year, as soon as available, and in any event within [120] days after the end of each fiscal year, consolidated financial statements of the Company and its Subsidiaries for such fiscal year, including a consolidated balance sheet of the Company and its Subsidiaries as at the end of such fiscal year and the related consolidated statements of income or operations and cash flows for the Company and its Subsidiaries as at the end of such fiscal year, all prepared in accordance with GAAP, audited and accompanied by a report and opinion of an independent registered public accounting firm of internationally recognized standing, which report and opinion shall be prepared in accordance with generally accepted auditing standards; and

    (ii)    for the first three fiscal quarters of each year, as soon as available, and in any event within [45] days after the end of each such fiscal quarter, (x) a consolidated balance sheet of the Company and its Subsidiaries as at the end of such fiscal quarter, and the related consolidated statements of income or operations of the Company and its Subsidiaries for such fiscal quarter and (y) a consolidated balance sheet of the Company and its Subsidiaries for the portion of the fiscal year then ended, and the related consolidated statements of income or operations of the Company and its Subsidiaries for the portion of the fiscal year then ended.

(b)  In addition to the information required to be provided to each Member pursuant to <u>Section 9.4(a)</u>, unless otherwise determined by the Board, the Company shall furnish to each Steerco Member:

    (i)    within [10] days of the end of each calendar month, (x) a consolidated balance sheet of the Company and its Subsidiaries as at the end of such calendar month, and the related consolidated statements of income or operations of the Company and its Subsidiaries for such calendar month and (y) a consolidated balance sheet of the Company and its Subsidiaries for the portion of the fiscal year then ended, and the related

consolidated statements of income or operations of the Company and its Subsidiaries for the portion of the fiscal year then ended;

(ii)     as soon as practicable, but in any event no later than 60 days after the end of a fiscal year of the Company, the draft annual budget for the next fiscal year; and

(iii)     any information reasonably requested by such Steerco Member, promptly following such request.

(c) No Member or Steerco Member who is (or whose Affiliate is) engaged in activities competitive or potentially competitive with, or detrimental or potentially detrimental to, the Company or any of its Subsidiaries or who is in breach of any material agreement by such Member or Steerco Member with, or obligation of such Member or Steerco Member to, the Company or any of its Subsidiaries or any of their respective Affiliates, in each case as determined in the sole discretion of the Board (excluding the vote of any Director designated by the Member or Steerco Member at issue), shall be entitled to any information pursuant to this Section 9.4. Notwithstanding the foregoing, the Glendon Member's (or its applicable Affiliate's) board observer rights under the applicable governing documents of the Container Store Group, Inc. (or its applicable Affiliate) shall not be deemed a competitive or potentially competitive activity for purposes of this Section 9.4(c).

(d) Notwithstanding anything to the contrary in this Section 9.4, a Member may elect not to receive any of the information set forth in Section 9.4(a) or Section 9.4(b) by providing written notice (which may be a standing notice) to the Company at least 10 Business Days before the end of the period to which such information would relate.

(e) Notwithstanding anything to the contrary in this Agreement, by execution of this Agreement or a Joinder hereto, each Other Member hereby expressly waives the access and information rights granted under § 18-305 of the Delaware Act, and acknowledges that no Other Member, solely in its capacity as such, shall be entitled to obtain information pursuant to or otherwise in reliance upon such provisions of the Delaware Act.

Section 9.5.     Confidentiality. Each Member agrees that, except as otherwise consented to by the Board, all confidential information regarding the Company and its Subsidiaries (including this Agreement) and all information furnished to such Member pursuant to this Agreement (including the information furnished pursuant to Section 9.4) will be kept confidential and will not be disclosed by such Member, or by any of such Member's agents, representatives or employees, in any manner, in whole or in part, except that (a) each Member shall be permitted to disclose such information to such Member's Affiliates, and the Member's and its Affiliates' respective agents, representatives, officers, employees, directors and advisors who need to be familiar with such information in connection with such Member's investment in the Company and who have an obligation of confidentiality with respect to such information, (b) each Member shall be permitted to disclose such information to such Member's partners and equity holders, and any proposed

purchaser of such Member's interest (provided, that a Member shall not be permitted to disclose any such information to any such partner, equity holder or proposed purchaser that is (x) a direct or indirect competitor of the Company or any of its Subsidiaries or (y) subject to sanctions or other material regulatory restrictions), in each case, so long as they agree in writing (on customary terms) to keep such information confidential, (c) each Member shall be permitted to disclose information to the extent required by Applicable Law, so long as such Member shall have, to the extent permitted by Applicable Law, first provided the Company a reasonable opportunity to contest the necessity of disclosing such information, (d) each Member shall be permitted to disclose information to the extent necessary for the enforcement of any right of such Member arising under this Agreement in a proceeding before a Governmental Entity (provided, that such Member shall take reasonable steps to ensure the confidentiality of the information so disclosed) and (e) each Member shall be permitted to disclose information generally available to or known by the public (other than as a result of disclosure in violation of this Agreement or any other agreement to which such Member is bound). Notwithstanding anything in this Agreement to the contrary, the Company acknowledges that the Members' and their respective Affiliates' businesses may include the analysis of, and investment in, securities, instruments, businesses and assets, and the review of the confidential information given to the Members will serve to give each Member a deeper overall knowledge and understanding in a way that cannot be separated from such Member's other knowledge, and accordingly, and without in any way limiting such Member's or its Affiliates' obligations under this Agreement, the Company agrees that this Agreement shall not restrict a Member's use of such overall knowledge and understanding solely for such Member's own internal investment analysis purposes, including the purchase, sale, consideration of, and decisions related to, other investments.

## ARTICLE X

## LIABILITY, EXCULPATION AND INDEMNIFICATION

Section 10.1.  Liability. Except as otherwise provided by the Delaware Act, the debts, obligations and liabilities of the Company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company, and no Covered Person shall be obligated personally for any such debt, obligation or liability of the Company solely by reason of being a Member, Director, Officer or other Covered Person.

Section 10.2.  Exculpation. To the fullest extent permitted by Applicable Law, and except as otherwise expressly provided herein, no Covered Person (other than an Employee Authorized Person) shall be liable to the Company or any other Covered Person for any loss, damage, liability, expense (including attorney's fees and expenses and costs of investigation), cost or claim incurred by reason of, or arising out of, any act or omission performed or omitted by such Covered Person in good faith on behalf of the Company or in connection with the Company's operations and in a manner believed to be within the scope of authority conferred on such Covered Person by this Agreement, except that a Covered Person shall be liable for any such loss, damage, liability, cost

or claim incurred by reason of such Covered Person's bad faith violation of the implied contractual covenant of good faith and fair dealing.

Section 10.3.   <u>Fiduciary Duty</u>. To the fullest extent permitted by Applicable Law and notwithstanding any other provision of this Agreement or any other agreement contemplated herein or applicable provisions of law or equity or otherwise, the parties hereto hereby agree that pursuant to the authority of Sections 18-1101(c) – (e) of the Delaware Act, the parties hereto hereby eliminate any and all duties (including fiduciary duties) of a Covered Person (other than an Employee Authorized Person) to the Company or to any other Covered Person and hereby agree that no Covered Person (other than an Employee Authorized Person) shall have any duty (including any fiduciary duty) to the Company or any Covered Person that would otherwise apply at law or in equity; <u>provided</u> that (a) the foregoing shall not eliminate the obligation of each Covered Person to act in compliance with the express terms of this Agreement, (b) the foregoing shall not be deemed to eliminate any violation of the implied contractual covenant of good faith and fair dealing and (c) the Officers of the Company or its Subsidiaries shall be subject to the fiduciary duties that are imposed on the officers of a corporation formed under the laws of the State of Delaware. The Members expressly intend, acknowledge and agree that no Covered Person (other than an Employee Authorized Person) in his, her or its capacity as such, is under any obligation to consider the separate interests of the Company, the Members or any other Person in deciding whether to take or approve (or decline to take or approve) any actions, and that no Covered Person (other than an Employee Authorized Person), in his, her or its capacity as such, shall be liable, at law or in equity, for any losses sustained, liabilities incurred or benefits not derived by the Company, its Affiliates, any Member or any other Person in connection with such decisions. A Covered Person acting under this Agreement shall not be liable to the Company or to any other Covered Person for its good faith reliance on the provisions of this Agreement.

Section 10.4.   <u>Books & Records; Legal Counsel</u>.

(a)   A Covered Person shall be fully protected in relying in good faith upon the records of the Company and upon such information, opinions, reports or statements presented to the Company by any Person as to matters such Covered Person believes are within such other Person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Company, including information, opinions, reports or statements as to the value and amount of assets, liabilities, profits or losses or any other facts pertinent to the existence and amount of assets from which Distributions to Members might be properly paid.

(b)   Any Director or Member may consult with legal counsel selected by it, and any act or omission by such Person on behalf of the Company or in furtherance of the interests of the Company in good faith reliance upon and in accordance with the advice of such legal counsel, as to matters the Director or Member, as the case may be, reasonably believes are within such legal counsel's professional or expert competence, shall be full justification for any such act or omission, and the Director or Member shall be fully protected in so acting or omitting to act.

Section 10.5.   Indemnification. To the fullest extent permitted by Applicable Law, the Company shall indemnify, defend and hold harmless each Covered Person who is or was a party to or is or was threatened to be made a party to or is or was otherwise involved in any action, suit, demand, claim, investigation, or proceeding, whether civil, criminal, administrative or investigative (each, an "**Action**") for any loss, claim, demand, liability, damage, claim, cost, expense (including reasonable attorneys' fees and expenses and amounts paid in settlement and costs of investigation), judgment, fine, settlement, and other amount, of any nature whatsoever, whether known or unknown, liquidated or unliquidated (the foregoing, each a "**Loss**"), in each case, incurred by such Covered Person arising from, related to or in connection with the operation of the business of the Company and by reason of the fact that such person is or was a Covered Person, or by reason of the fact that such Covered Person is or was serving at the request of the Company as a partner, manager, director, officer, employee, agent, trustee or representative of another Person, except that no Covered Person shall be entitled to be indemnified in respect of any Loss with respect to which a court of competent jurisdiction has issued a final, nonappealable judgment that such Covered Person incurred by reason of such Covered Person's gross negligence, willful misconduct, fraud or willful breach of this Agreement; provided, that any indemnity under this Section 10.5 shall be provided out of and to the extent of Company assets only (including insurance), and no other Covered Person shall have any personal liability on account thereof. The indemnification under this Section 10.5 shall continue as to a Covered Person who has ceased to serve in the capacity which initially entitled such Covered Person to indemnification hereunder.

Section 10.6.   Expenses. To the fullest extent permitted by Applicable Law, expenses (including reasonable attorneys' fees, disbursements, fines and amounts paid in settlement and costs of investigation) incurred by a Covered Person in defending any Action that is subject to indemnification in Section 10.5 shall, from time to time, be advanced by the Company prior to the final disposition of such Action upon receipt by the Company of a written undertaking by or on behalf of the Covered Person to repay such amount in full if it shall ultimately be determined by a court of competent jurisdiction that the Covered Person is not entitled to be indemnified as authorized in Section 10.5.

Section 10.7.   Severability. To the fullest extent permitted by Applicable Law, if any portion of this Article X shall be invalidated on any ground by any court of competent jurisdiction, then the Company shall nevertheless indemnify each Covered Person as to costs, charges and expenses (including reasonable attorneys' fees), judgments, fines and amounts paid in settlement with respect to any action, suit or proceeding, whether civil, criminal, administrative or investigative, including an action by or in the right of the Company, to the fullest extent permitted by any applicable portion of this Article X that shall not have been invalidated. If any provision of Section 10.2 or Section 10.3 is held to be invalid, illegal or unenforceable, the duties and personal liability of any Covered Person shall be eliminated to the greatest extent permitted under the Delaware Act. Each Covered Person shall be a third-party beneficiary of this Agreement solely for purposes of this Article X. Notwithstanding anything contained herein to the contrary, (i) the rights and benefits conferred on a Covered Person under this Article X shall be liberally construed and considered a contract right and shall not be retroactively abrogated or restricted without the written

consent of the Covered Person affected by the proposed abrogation or restriction, and (ii) no repeal, amendment, modification or termination of any provision of this Agreement shall adversely affect any right or protection of any Covered Person with respect to such indemnification and exculpation rights existing at the time of such repeal, amendment, modification or termination. It is expressly acknowledged that the indemnification provided in Section 10.5 could involve indemnification for negligence or other theories of strict liability.

Section 10.8.   Insurance. The Company may purchase and maintain insurance on behalf of one or more Covered Persons against any liability which may be asserted against, or expense which may be incurred by, any such Person in connection with the Company's activities, whether or not the Company would have the power to indemnify such Person against liability under the provisions of this Agreement. The Board shall cause the Company and its Subsidiaries to maintain customary directors and officers' liability insurance, with coverage in an amount and scope no less than the amount and scope held by the Subsidiaries of the Company immediately prior to the date hereof.

Section 10.9.   Fund Indemnitors. The foregoing right to the indemnity and advancement of expenses set forth in this Article X shall be in addition to any rights that Covered Persons may have at common law, pursuant to contract or otherwise, and shall remain in full force and effect and continue as to any Person who has ceased to be a Covered Person (or a successor or assignee of a Covered Person). Each of the parties hereto acknowledges that certain Covered Persons who are Affiliated with investment funds have certain rights to indemnification, advancement of expenses, and/or insurance provided by such investment funds and/or their Affiliates (excluding the Company and its Subsidiaries, collectively, the "**Fund Indemnitors**") and hereby agrees that (a) the Company is the indemnitor of first resort (it being understood, for the avoidance of doubt, that the obligations of the Company hereunder to the Covered Persons are primary and any obligation of the Fund Indemnitors to advance expenses or to provide indemnification or insurance (including through director and officer insurance policies) for the same Losses incurred by the Covered Persons are secondary), (b) the Company shall be required to advance the full amount of expenses incurred by such Covered Persons and shall be liable for the full amount of all expenses, judgments, penalties, fines and amounts paid in settlement to the extent legally permitted and as required by the terms of this Agreement (or any other agreement between the Company and such Covered Persons), without regard to any rights such Covered Persons may have against the Fund Indemnitors, and (c) the Company irrevocably waives, relinquishes and releases the Fund Indemnitors from any and all claims against the Fund Indemnitors for contribution, subrogation, or any other recovery of any kind in respect thereof. The Company further agrees that no advancement or payment by the Fund Indemnitors on behalf of any Covered Person with respect to any Action for which such Covered Person has sought indemnification from the Company shall affect the foregoing and the Fund Indemnitors shall have a right of contribution and/or be subrogated to the extent of such advancement or payment to all of the rights of recovery of such Covered Person against such party. The Company and the Covered Persons agree that the Fund Indemnitors are express third party beneficiaries of the terms of this Section 10.9.

# ARTICLE XI

# TRANSFERS OF INTERESTS

Section 11.1.  <u>Transfers of Units</u>.

(a) <u>Restrictions on Transfer</u>.

(i)      Subject to Applicable Law and the other provisions of this <u>Article XI</u>, nothing in this Agreement shall be construed as a restriction on the ability of a Member to Transfer his, her or its Units to any Person.

(ii)      Notwithstanding anything to the contrary in this Agreement, no Transfer of Units by a Member shall be made (A) in violation of the Securities Act, any applicable U.S. federal or state securities laws or the securities laws of any foreign jurisdiction (nor shall any such Transfer be made if it would require the Company to prepare a prospectus or similar offering document or register such Units under Section 12(g) of the Exchange Act or any foreign equivalent); (B) in violation of any Applicable Laws, including anti-trust, anti-money laundering, anti-bribery, anti-corruption, counter terrorist financing or counter proliferation financing laws; (C) to any Person identified on a list of prohibited or restricted parties maintained by the United States government, including but not limited to the Specially Designated Nationals and Blocked Persons List maintained by the United States Department of Treasury's Office of Foreign Assets Control (OFAC); (D) to any Person that is a "bad actor" under Rule 506 of Regulation D under the Securities Act; (E) to any Person who is not an Accredited Investor; (F) to any Person who lacks the legal right, power, or capacity to own such Units; (G) if it would, in the Board's determination, subject the Company or any of its Subsidiaries to increased regulation, compliance or antitrust oversight, requirements, notifications, consents approvals or other restrictions or would otherwise have an adverse regulatory impact on the Company; (H) if such Transfer would occur within 180 days prior to any IPO; (I) if it is prohibited by any agreement governing vesting with respect to such Units or (J) to a Person that is a Plan Account, where deemed reasonably appropriate by the Company to avoid the assets of the Company or any of its Subsidiaries from constituting "plan assets" subject to Title I of ERISA or Section 4975 of the Code or otherwise becoming subject to Similar Law.

(b)  <u>Notice of Transfer</u>. In connection with any Transfer of Units, the Member proposing to make such Transfer shall:

(i)      notify the Company in writing of such Transfer (including the identity of the prospective Transferee) at least three Business Days prior to the consummation of such Transfer;

(ii)     other than in connection with any Transfer to another Member, deliver to the Company a joinder agreement to this Agreement in substantially the form attached hereto as **Exhibit B** (a "**Joinder**"), duly executed by the prospective Transferee, together with any other documents or instruments required under this Agreement;

(iii)     if requested by the Company, facilitate such Transfer through the Company's transfer agent;

(iv)     provide any other information or documentation reasonably requested by the Company in connection with such Transfer; and

(v)     pay, or cause the prospective Transferee to pay, to the Company a transfer fee in an amount sufficient to cover the reasonable expenses incurred by the Company in connection with the evaluation of any proposed Transfer and the admission of the prospective Transferee as a Member (including filing and recording fees, fees of counsel and accountants and other costs and expenses incurred by the Company as a result of such Transfer).

(c)     <u>Prohibited Transfers Void</u>. Except as otherwise determined by the Board, any Transfer or attempted Transfer of Units in violation of any provision of this Agreement shall be void ab initio and of no effect, and the Company shall not, and shall cause its transfer agent not to, record such Transfer on its books or treat any purported Transferee of such Units as the owner of such Units for any purpose. To the extent the board has the right to approve any Transfer hereunder, the approval of any such Transfer by the Board in any one or more instances shall not limit or waive the requirement for such approval in any other or future instance. Any purported Transferee must (and the Member attempting to Transfer to a potential or purported Transferee shall ensure that such potential or purported Transferee shall) cooperate with any reasonable requests by the Company.

(d)     <u>Legends</u>.

(i)     All certificates evidencing Units, if any, shall conspicuously bear the following legend:

THE SECURITIES REPRESENTED BY THIS CERTIFICATE ARE SUBJECT TO VARIOUS CONDITIONS, INCLUDING CERTAIN RESTRICTIONS ON SALE, DISPOSITION OR OTHER TRANSFER AS SET FORTH IN THE COMPANY'S LIMITED LIABILITY COMPANY AGREEMENT. NO REGISTRATION OR TRANSFER OF SUCH SECURITIES WILL BE MADE ON THE BOOKS OF THE COMPANY UNLESS AND UNTIL SUCH RESTRICTIONS SHALL HAVE BEEN COMPLIED WITH. THE COMPANY WILL FURNISH WITHOUT CHARGE TO EACH HOLDER OF RECORD OF THE SECURITIES

REPRESENTED BY THIS CERTIFICATE A COPY OF THE LIMITED LIABLITY COMPANY AGREEMNT OF THE COMPANY CONTAINING THE ABOVE-REFERENCED RESTRICTIONS ON TRANSFERS OF SECURITIES, UPON WRITTEN REQUEST TO THE COMPANY AT ITS PRINCIPAL PLACE OF BUSINESS.

THE SECURITIES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR ANY OTHER APPLICABLE SECURITIES LAWS AND MAY NOT BE SOLD, PLEDGED OR OTHERWISE TRANSFERRED EXCEPT IN ACCORDANCE WITH THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT OF 1933, AS AMENDED, OR AN EXEMPTION THEREFROM.

(ii)    If the Company shall issue any uncertificated Units, then, in lieu of the legends set forth in Section 11.1(d)(i), the Company shall, or shall cause its transfer agent to, make appropriate notation of the applicable restrictions on Transfer in the securities register maintained by the Company for registering Transfer of the relevant Units and, within a reasonable time after the issuance or Transfer of uncertificated Units, the registered owner thereof shall be given notice, in writing or by electronic transmission, of such restrictions on Transfer (which shall be deemed satisfied if such owner has a copy of this Agreement).

(e) Update to Records. The Company shall promptly amend **Schedule 1** to reflect any permitted Transfers of Units pursuant to this Article XI.

(f) Express Overriding Provisions. All Transfers permitted under this Article XI are subject to this Section 11.1, Section 11.2 and Section 11.3.

Section 11.2.   Substitute Members. In the event any Member Transfers all or a portion of its Units in compliance with the other provisions of this Article XI, the Transferee thereof shall have the right to become a substitute Member (a "**Substitute Member**"). A Substitute Member shall have all of the rights and be bound by all of the obligations of the Member from whom such Substitute Member acquired Units; provided, that, a Substitute Member shall not be entitled to any rights under Section 4.2(a)(iii) or Section 4.2(a)(iv).

Section 11.3.   Release of Liability. In the event any Member shall sell such Member's entire Interest in the Company (other than in connection with a Change of Control) in compliance with the provisions of this Agreement, without retaining any interest therein, directly or indirectly, then the selling Member shall, to the fullest extent permitted by Applicable Law, be relieved of any further liability arising hereunder for events occurring from and after the date of such Transfer to the extent the Transferee assumes such obligations and liabilities, provided, however, that, no

such Transfer shall relieve any Member of his, her or its obligations arising prior to or in connection with the consummation of such Transfer.

Section 11.4.   Tag-Along Transactions.

(a) Tag-Along Rights. Prior to a Qualified IPO, in the event that at any time the Redwood Member (for purposes of this Section 11.4, the "**Initiating Tag Member**") proposes to Transfer Units constituting more than 30% of the then issued and outstanding Units of the Company to one or more Persons in one transaction or a series of transactions (other than Transfers (i) to any of its Affiliates, its direct or indirect investors, or to any current investors or limited partners of the foregoing, including any investment funds or accounts that are managed by the same investment manager and/or advisor as the Redwood Member or an Affiliate thereof, (ii) pursuant to Section 11.5 or (iii) in an IPO) (a "**Tag-Along Transaction**"), the Initiating Tag Member shall give each other Steerco Member (for purposes of this Section 11.4, each, a "**Tag-Along Seller**") written notice of such proposed Transfer (a "**Tag-Along Notice**"). The Tag-Along Notice shall be delivered in accordance with Section 13.1 and contain a description of the material terms and conditions of the Tag-Along Transaction, including the identities of the parties to the Tag-Along Transaction and the proposed amount and form of the consideration per Unit to be paid by the purchaser in the Tag-Along Transaction (the "**Tag-Along Purchaser**").

(b) Each Tag-Along Seller may, by written notice (a "**Tag-Along Response Notice**") to the Company and the Initiating Tag Member (or its designated representative) delivered within 10 Business Days after receipt of the Tag-Along Notice, elect to sell Units in such Tag-Along Transaction, on the terms and conditions set forth in the Tag-Along Notice, which terms and conditions shall be the same as those on which the Initiating Tag Member's Securities are to be sold, and in an amount as shall be equal to the lesser of (i) the number of Units specified in the Tag-Along Response Notice and (ii) the product of (x) the total number of Units to be acquired by the Tag-Along Purchaser and (y) a fraction equal to (A) the number of Units owned by such Tag-Along Seller (a "**Participating Tag-Along Seller**") divided by (B) the total number of Units owned in the aggregate by the Initiating Tag Member and all Participating Tag-Along Sellers.

(c) In connection with any Tag-Along Transaction, no Participating Tag-Along Seller shall be required to make any representations or warranties, except as they relate to such Participating Tag-Along Seller's ownership of and authority to sell its Units, or to provide any indemnity, except for (i) indemnification related to breaches of such Participating Tag-Along Seller's representations and warranties as aforesaid, and (ii) any other indemnity agreed to by the Initiating Tag Member (other than relating to a breach of representations, warranties or covenants by such Initiating Tag Member); provided, that (A) in the case of clause (ii) above, each Participating Tag-Along Seller's obligation shall be on a pro rata basis in proportion to the number of Units that it owns compared with the total number of Units owned by the Initiating Tag Member and the Participating Tag-Along Sellers in the aggregate, and (B) in no event shall any Participating Tag-Along Seller be liable under either or both clause (i) or (ii) above for an amount in excess of the net proceeds actually received by such Participating Tag-Along Seller in connection with such Tag-Along

Transaction. The liability of the Participating Tag-Along Sellers shall be several and not joint, and no Participating Tag-Along Seller shall have any liability to the Company or any other Member for any breaches of the representations, warranties or covenants of any other Member.

(d) The election by any Tag-Along Seller to sell or not to sell all or any portion of such Tag-Along Seller's Units in any Tag-Along Transaction shall not adversely affect such Tag-Along Seller's right to participate in any future Tag-Along Transaction.

(e) Upon consummation of the sale of Units in a Tag-Along Transaction, the Initiating Tag Member and each Participating Tag-Along Seller shall deliver at the closing thereof, against payment of the purchase price therefor, certificates (if any) or other documentation governing the terms of any such Units (or other evidence thereof reasonably acceptable to the Tag-Along Purchaser) representing its Units to be sold, evidence of good title to the Units to be sold, the absence of liens, encumbrances and adverse claims with respect thereto and such other documents as are deemed reasonably necessary by the Initiating Tag Member and the Company for the proper Transfer of such Units on the books of the Company.

(f) Subject to the provisions of this Section 11.4, the Initiating Tag Member shall have complete discretion over whether to consummate or abandon a Tag-Along Transaction, and the terms and conditions of such Tag-Along Transaction, including price, payment terms, conditions to closing, representations, warranties and indemnification; provided, that the Initiating Tag Member shall not consummate a Tag-Along Transaction unless each Participating Tag-Along Seller shall be permitted to participate in such Tag-Along Transaction as provided in this Section 11.4. If (i) the Initiating Tag Member has not consummated the Tag-Along Transaction within 180 days of the delivery of the related Tag-Along Notice (the "**Tag-Along Transaction Outside Date**") (for any reason other than the failure of a Participating Tag-Along Seller to sell its Units under this Section 11.4) or (ii) the principal terms and conditions of the Tag-Along Transaction shall change, in any material respect, from those in the Tag-Along Notice, then any Tag-Along Response Notice shall be null and void and it shall be necessary for a separate Tag-Along Notice to be furnished and the terms and provisions of this Section 11.4 separately complied with, in order to subsequently consummate such proposed Tag-Along Transaction; provided, that if a Tag-Along Transaction shall not have been consummated by the Tag-Along Transaction Outside Date as a result of not having received any required regulatory approval, the Tag-Along Transaction Outside Date shall automatically extend to five Business Days after receipt of any required regulatory approval, provided, that such extension shall only continue for so long as the Company is actively pursuing receipt of such regulatory approval. To the fullest extent permitted by Applicable Law, the Company and the Initiating Tag Member shall have no liability if any such Tag-Along Transaction is not consummated for any reason.

Section 11.5.  Drag-Along Transactions.

(a) Prior to a Qualified IPO, if the Steerco Members holding at least 50% of the issued and outstanding Units (collectively, a "**Drag-Along Member**") propose to transfer at least 50% of

the issued and outstanding Units (other than to an Affiliate of any such Drag-Along Member or in connection with a Qualified IPO), or to otherwise effect a Change of Control, in each case to an unaffiliated third party purchaser or acquirer, such Drag-Along Member may require each Member (a "**Dragged Seller**") to participate in such transaction (a "**Drag-Along Sale**") if a majority of the Board has approved the Drag-Along Sale.

(b)    If a Drag-Along Member seeks to effect a Drag-Along Sale, the Company or the Drag-Along Member (or a designated representative acting on behalf of the Drag-Along Member) shall deliver written notice thereof (a "**Drag-Along Notice**") to all Dragged Sellers no less than 10 Business Days prior to the closing of such Drag-Along Sale. Such written notice shall be delivered in accordance with Section 13.1 and shall contain a description of the material terms and conditions of the Drag-Along Sale, including the identity of the purchaser (the "**Drag-Along Purchaser**") and the amount and form of the consideration per Unit to be paid by the Drag-Along Purchaser in the Drag-Along Sale.

(c)    If the Drag-Along Sale shall involve a Transfer of 100% of the Units held by the Drag-Along Member, then 100% of the Units held by the Dragged Sellers shall be Transferred to the Drag-Along Purchaser for the same type and amount of consideration per Unit and on the same terms and conditions as the Drag-Along Member, upon consummation of the Drag-Along Sale, free and clear of any liens. In the case of a Drag-Along Sale involving less than 100% of the Units held by the Drag-Along Member, each of the Dragged Sellers shall Transfer in the Drag-Along Sale a portion of its Units, which shall be in the same ratio to the total number of Units that such Dragged Seller owns as the ratio of the Units held by the Drag-Along Member that are proposed to be included in such Drag-Along Sale bears to the total number of Units such Drag-Along Member owns; provided, that, in the discretion of the Drag-Along Member, a Dragged Seller may be may be required to include all of its Units in such Drag-Along Sale if such Dragged Seller, together with its Affiliates, holds less than five percent of the issued and outstanding Units held by all Members.

(d)    In connection with a Drag-Along Sale, each Dragged Seller (i) will consent to, vote in favor of, raise no objection to and will refrain from exercising any appraisal or dissenter's rights claim or any claim of fiduciary breach (but not any claim that such Drag-Along Sale is not being effected in accordance with the terms set forth in this Agreement), (ii) hereby waives any such appraisal or dissenters' rights claim or claim of fiduciary breach, and (iii) will obtain any required consents and take any and all reasonably necessary action in furtherance of the Drag-Along Sale at the Company's expense.

(e)    No Dragged Seller shall be required to make any representations or warranties, except customary fundamental representations and warranties, including related to such Dragged Seller's ownership of and authority to sell or Transfer its Units, or to provide any indemnity, except for (i) indemnification related to breaches of such Dragged Seller's representations and warranties as aforesaid, and (ii) any other indemnity agreed to by the Drag-Along Member (other than relating to a breach of representations, warranties or covenants by such Drag-Along Member); provided,

that (A) in the case of clause (ii) above, each Dragged Seller's obligation shall be on a pro rata basis in proportion to the number of Units that it is selling in the Drag-Along Sale compared with the total number of Units being sold in such Drag-Along Sale, and (B) in no event shall any Dragged Seller be liable under either or both clause (i) or (ii) above for any amount in excess of the net proceeds received by such Dragged Seller in connection with such Drag-Along sale. The liability of the Dragged Sellers shall be several and not joint, and no Dragged Seller shall have any liability to the Company or any other Member for any breaches of the representations, warranties or covenants of any other Member.

(f)    Each of the Drag-Along Member and the Dragged Sellers shall receive a portion of the aggregate consideration from the Drag-Along Sale in such proportion as the number of Units being sold in such Drag-Along Sale by it bears to the total number of Units being sold in such Drag-Along Sale, with appropriate adjustment to account for the treatment of any outstanding options, warrants or other rights, on a fully diluted basis, whose holders are entitled to participate in such consideration in accordance with their terms. If the Drag-Along Member or any of such Drag-Along Member's Affiliates or representatives (other than any such Person who is an employee of the Company or any of its Subsidiaries), directly or indirectly, receives any consideration from the Drag-Along Purchaser or any of Drag-Along Purchaser's Affiliates in connection with, or pursuant to oral or written agreements entered into substantially contemporaneously with, a Drag-Along Sale (including any payment for non-compete covenants, consulting arrangements or advisory or transaction services) other than (i) the consideration that is received by the Dragged Sellers on a pro rata basis as part of the Drag-Along Sale in accordance with this Section 11.5 and (ii) consideration that is received by any Drag-Along Member for bona fide services rendered to the Company for periods commencing following the closing of a Drag-Along Sale on an arms-length basis, then the Drag-Along Members shall cause each of the Dragged Sellers to receive their pro rata share, determined by reference to the respective amounts of consideration otherwise payable to each Member (including the Drag-Along Members) as part of the Drag-Along Sale, of such consideration. Except as provided in Section 11.5(c), all Members shall receive the same form of consideration per Share in connection with a Drag-Along Sale (or if any holder is given an option as to the form of consideration to be received, all other Members shall be given the same option on the same terms).

(g)    Each Drag-Along Member and Dragged Seller shall bear its pro rata share (based upon the number of Units Transferred by such Member (including any Units rolled over by any Member)) of the costs of any Drag-Along Sale, to the extent such costs are incurred for the benefit of all such Members and are not otherwise paid by the Company or the Drag-Along Purchaser, which costs shall be deducted from the aggregate consideration paid in such Drag-Along Sale. Costs incurred by such Members on their own behalf will not be considered costs of the Drag-Along Sale.

(h)    The Company shall use commercially reasonable efforts to cause its officers, employees, agents, contractors and others under its control to cooperate in any proposed Drag-Along Sale and shall not take any action which reasonably would be expected to impede any such

Drag-Along Sale. Without limiting the foregoing, at the request of the Drag-Along Member, the Board shall authorize and direct the Company and any existing or hereafter created Subsidiary of the Company to execute such agreements, documents, applications, authorizations, registration statements and instruments as it may deem necessary or appropriate in connection with any Drag-Along Sale.

(i)    Subject to the provisions of this <u>Section 11.5</u>, the Drag-Along Member, in exercising its rights under this <u>Section 11.5</u>, shall have complete discretion over whether to consummate or abandon a Drag-Along Sale, and the terms and conditions of any Drag-Along Sale effected thereby, including price, payment terms, conditions to closing, representations, warranties, affirmative covenants, negative covenants, indemnification, holdbacks and escrows. To the fullest extent permitted by Applicable Law, the Company and the Drag-Along Members shall have no liability if any such Drag-Along Sale is not consummated for any reason. If the Drag-Along Member has not completed the Drag-Along Sale within 180 calendar days following the delivery of the Drag-Along Notice (the "**Drag-Along Sale Outside Date**"), then no Dragged Seller shall have any further obligation with respect to the Drag-Along Sale set forth in such Drag-Along Notice and it shall be necessary for a separate Drag-Along Notice to be furnished and the terms and provisions of this <u>Section 11.5</u> separately complied with, in order to subsequently consummate such proposed Drag-Along Sale; <u>provided</u>, that (i) if a Drag-Along Sale shall not have been completed by the Drag-Along Sale Outside Date as a result of not having received any required regulatory approval, the Drag-Along Sale Outside Date shall automatically extend to five Business Days after receipt of any required regulatory approval; <u>provided</u>, that such extension shall only continue for so long as the Company is actively pursuing receipt of such regulatory approval, and (ii) the provisions of this <u>Section 11.5</u> shall apply to any subsequent Drag-Along Notice.

Section 11.6.    <u>Initial Public Offering; Registration Rights</u>.

(a)    In connection with an initial public offering (or any similar public markets transaction, including a business combination with a special purpose acquisition company (a "**SPAC Transaction**")) of the Units (or of equity interests in any other vehicle (such vehicle, the "**IPO Issuer**") selected by the Board to effectuate any such initial public offering or similar public markets transaction with respect to the business conducted by the Company or its Subsidiaries) approved by the Board (each, an "**IPO**"), the Company and the Members will enter into or adopt such restructuring, voting, registration rights or similar agreements and documents as will be reasonably necessary or appropriate to effectuate such IPO, including to cause the business conducted directly or indirectly by the Company to be held by a corporation (or facilitate such initial public offering through another vehicle domiciled in such jurisdiction as determined by the Board), as determined by the Board.

(b)    In addition, the Members agree to take such actions as are requested by the Company or as requested by the managing underwriter or underwriters of the IPO in connection with or in order to consummate the IPO (or any IPO of an entity that is a Subsidiary of the Company) or other applicable transaction. From and after the consummation of an IPO, (i) the IPO Issuer shall

grant the registration rights described in **Exhibit C** hereto to the applicable Members and the Members shall be bound by and subject to the lock-up provisions and the other covenants and agreements described in **Exhibit C** hereto in connection with and following an IPO and (ii) at the written request of the Company, the Members and the Company shall, and the Company shall cause the IPO Issuer and any of its Affiliates (as applicable) to, promptly (and in any event within the time period requested by the Company) enter into one or more agreements that provide for the registration rights, lock-up provisions and other covenants described in **Exhibit C** and such other terms and conditions that are customary for an agreement of such type or otherwise necessary or desirable to give effect to such rights, lock-up provisions and other covenants, in each case, as determined by the Company; provided, that, unless otherwise determined by the Company, no such registration rights shall be granted to or may be exercised by any Member unless and until such Member directly holds securities of the IPO Issuer that are listed on a National Securities Exchange and were received in respect of his, her or its Units.

(c)  If the Company enters into any negotiation or transaction for which SEC Rule 506 (or any similar rule then in effect) may be available with respect to such negotiation or transaction (including a merger, consolidation or other reorganization), the Members who are not "accredited investors" (as such term is defined in SEC Rule 501) shall, at the request of the Company, appoint a "purchaser representative" (as such term is defined in SEC Rule 501) reasonably acceptable to the Company. If any such Member appoints a purchaser representative designated by the Company, the Company shall pay the reasonable fees of such purchaser representative, but if any Member declines to appoint the purchaser representative designated by the Company, such Member shall appoint another purchaser representative (who shall be reasonably acceptable to the Company), and such Member shall be responsible for the fees and expenses of the purchaser representative so appointed.

Section 11.7.  Preemptive Rights (Equity Issuances).

(a)  Prior to a Qualified IPO, the Company shall not sell or otherwise issue to any Person (including any then-current Member) (a "**Preemptive Purchaser**"), in one transaction or a series of related transactions, any New Securities, other than pursuant to an Excluded Issuance (each such sale or issuance a "**New Securities Issuance Transaction**"), unless the Company (x) first delivers written notice (the "**Preemptive Rights Notice**") to each Steerco Member identifying the terms of the New Securities (including the price, number or aggregate principal amount and type of securities, and all other material terms) and (y) offers (a "**Preemptive Rights Offer**") to each Steerco Member the opportunity to purchase its Pro Rata Share of such New Securities (which shall be equal to (i) the total number of New Securities subject to the New Securities Issuance Transaction multiplied by (ii) such Steerco Member's Pro Rata Share) (each such Steerco Member's Pro Rata Share of such New Securities, its "**Allotment**") on terms and conditions, including price, not less favorable to the Steerco Member than those on which the Company proposes to sell or issue the New Securities to the Preemptive Purchaser.

(b)   The Company's offer to a Steerco Member shall remain open for a period of 10 Business Days after the Preemptive Rights Notice is delivered in accordance with Section 11.7(a) (the "**Exercise Period**") during which time the Steerco Member may accept such offer by written notice to the Company setting forth the number of such New Securities to be purchased by such Steerco Member, up to a maximum amount equal to such Steerco Member's Allotment, as determined in accordance with Section 11.7(a). No later than five Business Days following the expiration of the Exercise Period, the Company shall notify each Steerco Member in writing of the number of New Securities that each Steerco Member has elected to purchase (including if that number is zero) (such notice, the "**Over-Allotment Notice**"). Each Steerco Member exercising its right to purchase its Allotment in full (each, an "**Exercising Member**") shall have a right of over-allotment such that if any other Steerco Member fails to exercise its right under this Section 11.7 to purchase its Allotment in full (such Steerco Member, a "**Non-Exercising Member**"), such Exercising Member may purchase all or any portion of the Non-Exercising Member's Allotment not purchased by such Non-Exercising Member (the "**Over-Allotment New Securities**") by giving written notice to the Company, within five Business Days of receipt of the Over-Allotment Notice (the "**Over-Allotment Exercise Period**"), setting forth the number of Over-Allotment New Securities such Exercising Member is willing to purchase (the "**Over-Allotment Exercise Notice**"). Such Exercising Member's election to purchase Over-Allotment New Securities shall be binding and irrevocable. If more than one Exercising Member elects to exercise its right of over-allotment as set forth in this Section 11.7(b), each Exercising Member shall have the right to purchase that number of Over-Allotment New Securities set forth in its Over-Allotment Exercise Notice; provided, that if the Over-Allotment New Securities are oversubscribed, each Exercising Member shall purchase its pro rata portion of the Over-Allotment New Securities based upon the relative Pro Rata Shares of all Exercising Members that have exercised their right of over-allotment as set forth in this Section 11.7(b).

(c)   The Company shall be free to complete the New Securities Issuance Transaction with respect to any New Securities not elected to be purchased pursuant to this Section 11.7 in accordance with the terms and conditions set forth in the Preemptive Rights Notice (except that the amount of New Securities to be issued or sold by the Company may be reduced) so long as such issuance or sale is closed within 180 days of delivery of the Preemptive Rights Notice. If, at the end of such 180 day period, the Company shall not have completed the New Securities Issuance Transaction, then any acceptance by a Steerco Member shall be null and void and it shall be necessary for the Company to issue a separate Preemptive Rights Notice that complies with the terms and provisions of this Section 11.7 in order for the Company to subsequently consummate such proposed New Securities Issuance Transaction.

(d)   References in this Section 11.7 and in Section 11.8 to issuances of New Securities by the Company shall include issuances of New Securities (other than New Securities issued pursuant to an Excluded Issuance) by any wholly-owned Subsidiary of the Company, and the Company shall cause any Subsidiary that proposes to issue any New Securities (other than New Securities issued pursuant to an Excluded Issuance) to comply with the provisions of this Section 11.7 and in Section 11.8 to the same extent as applicable to the Company.

Section 11.8.   <u>Alternative Rights</u>.

(a)   Anything to the contrary in <u>Section 11.7</u> notwithstanding, if the Company proposes to engage in a New Securities Issuance Transaction, then, in lieu of complying with <u>Section 11.7</u> in respect thereof, the Company may, no later than 10 Business Days after the date on which such New Securities Issuance Transaction is finally consummated, deliver written notice (the "**Alternative Rights Notice**") to each Steerco Member identifying the terms of the New Securities (including the price, number or aggregate principal amount and type of securities, and all other material terms) and (y) offer (the "**Alternative Rights Offer**") to each Steerco Member the opportunity to purchase New Securities, on terms and conditions, including price, not less favorable to the Steerco Member than those on which the Company sold New Securities in the New Securities Issuance Transaction, in an amount such that, after taking account of all New Securities issued in the New Securities Issuance Transaction and pursuant to the Alternative Rights Offer, including the New Securities issued to such Steerco Member and all other Steerco Members, the Pro Rata Share of such Steerco Member would remain unchanged.

(b)   All other terms of an Alternative Rights Offer shall be the same as the terms of a Preemptive Rights Offer, as set forth in <u>Section 11.8</u>, *mutatis mutandis*.

Section 11.9.   <u>Preemptive Rights (Debt Issuances)</u>.

(a)   The Company shall not issue to any Member (a "**Preemptive Debt Purchaser**"), in one transaction or a series of related transactions, any indebtedness for borrowed money ("**Debt**", and each such issuance a "**New Debt Transaction**"), unless the Company (x) first delivers a Preemptive Rights Notice to each Steerco Member identifying the terms of such New Debt Transaction (including the identity of the Preemptive Debt Purchaser, aggregate principal amount, interest rate, maturity date, and all other material terms of such Debt) and (y) gives to each Steerco Member a Preemptive Rights Offer to purchase such Steerco Member's Pro Rata Share (which shall be equal to (i) the aggregate amount of Debt proposed to be issued in the New Debt Transaction multiplied by (ii) such Steerco Member's Pro Rata Share) (each such Steerco Member's Pro Rata Share of such Debt, its "**Preemptive Debt Allotment**") on terms and conditions not less favorable to the Steerco Member than those on which the Company proposes to issue such Debt to the Preemptive Debt Purchaser in such New Debt Transaction.

(b)   The Company's offer to a Steerco Member pursuant to <u>Section 11.9(a)</u> shall remain open for a period of 10 Business Days after the Preemptive Rights Notice is delivered in accordance with <u>Section 11.9(a)</u> (the "**Preemptive Debt Exercise Period**"), during which time such Steerco Member may accept such offer by written notice to the Company setting forth the amount of Debt to be purchased by such Steerco Member, up to a maximum amount equal to such Steerco Member's Pro Rata Share of such Debt, as determined in accordance with <u>Section 11.9(a)</u>. No later than five Business Days following the expiration of the Preemptive Debt Exercise Period, the Company shall notify each Steerco Member in writing of the amount of Debt that each Steerco Member has elected to purchase (including if that number is zero) pursuant to the foregoing

sentence (such notice, the "**Preemptive Debt Over-Allotment Notice**"). Each Steerco Member exercising its right to purchase its Preemptive Debt Allotment in full (each, a "**Preemptive Debt Exercising Member**") shall have a right of over-allotment such that if any other Steerco Member fails to exercise its right under this <u>Section 11.9(b)</u> to purchase its Preemptive Debt Allotment in full (such Steerco Member, a "**Preemptive Debt Non-Exercising Member**"), such Preemptive Debt Exercising Member may purchase all or any portion of the Preemptive Debt Non-Exercising Member's Preemptive Debt Allotment not purchased by such Preemptive Debt Non-Exercising Member (the "**Over-Allotment Debt**") by giving written notice to the Company, within five Business Days of delivery of the Preemptive Debt Over-Allotment Notice (the "**Preemptive Debt Over-Allotment Exercise Period**"), setting forth the amount of Over-Allotment Debt such Preemptive Debt Exercising Member is willing to purchase (the "**Preemptive Debt Over-Allotment Exercise Notice**"). Such Preemptive Debt Exercising Member's election to purchase Over-Allotment Debt shall be binding and irrevocable. If more than one Preemptive Debt Exercising Member elects to exercise its right of over-allotment as set forth in this <u>Section 11.9(b)</u>, each Preemptive Debt Exercising Member shall have the right to purchase the amount of Over-Allotment Debt set forth in its Preemptive Debt Over-Allotment Exercise Notice; <u>provided</u>, that if the Over-Allotment Debt is oversubscribed, each Preemptive Debt Exercising Member shall purchase its pro rata portion of the Over-Allotment Debt based upon the relative Pro Rata Shares of all Preemptive Debt Exercising Members that have exercised their right of over-allotment as set forth in this <u>Section 11.9(b)</u>.

(c)    The Company shall be free to complete the New Debt Transaction with respect to any Debt not elected to be purchased pursuant to this <u>Section 11.9</u> in accordance with the terms and conditions set forth in the Preemptive Rights Notice (except that the amount of Debt to be sold by the Company may be reduced) so long as such sale is closed within 180 days following the delivery of the Preemptive Rights Notice. If, at the end of 180 calendar days following the delivery of the Preemptive Rights Notice pursuant to <u>Section 11.9(a)</u>, the Company shall not have completed the New Debt Transaction, then any acceptance by a Steerco Member shall be null and void and it shall be necessary for the Company to issue a separate Preemptive Rights Notice that complies with the terms and provisions of this <u>Section 11.9(a)</u> in order for the Company to subsequently consummate such proposed New Debt Transaction.

Section 11.10. <u>Assignment of Preemptive Rights</u>. With respect to any particular New Securities Issuance Transaction or New Debt Transaction, a Steerco Member shall be permitted to assign its rights under <u>Section 11.7</u>, <u>Section 11.8</u> and <u>Section 11.9</u> to participate in such transaction to any Affiliate of such Steerco Member, including any investment funds or accounts that are managed by the same investment manager and/or advisor as such Steerco Member or an Affiliate thereof.

## ARTICLE XII

## DISSOLUTION, LIQUIDATION AND TERMINATION

Section 12.1.  <u>Dissolving Events</u>. The Company shall be dissolved and its affairs shall be wound up on the first to occur of the following:

(a)  upon the determination by the Board, with the consent of a Majority in Interest of the Members, to dissolve the Company;

(b)  the entry of a decree of judicial dissolution of the Company under section 18-802 of the Delaware Act; and

(c)  at any time there are no members of the Company, unless the business of the Company is continued in accordance with the Delaware Act.

Except as provided in this Agreement, the death, retirement, resignation, expulsion, incapacity, bankruptcy or dissolution of a Member, or the occurrence of any other event that terminates the continued membership of a Member in the Company, shall not in and of itself cause a dissolution of the Company, and the Company shall continue in existence subject to the terms and conditions of this Agreement.

Section 12.2.  <u>Dissolution and Winding-Up</u>. Upon the dissolution of the Company, the assets of the Company shall be liquidated or distributed under the direction of and to the extent determined by the Board and the business of the Company shall be wound up. The Board shall have the power to employ, engage and dismiss, on behalf of the Company, any Person to assist in such wind-up. Within a reasonable time after the effective date of dissolution of the Company, the Company's assets shall be distributed in the following manner and order:

<u>First</u>, to creditors in satisfaction of indebtedness (other than any loans or advances that may have been made by any of the Members to the Company), whether by payment or the making of reasonable provision for payment, and the expenses of liquidation, whether by payment or the making of reasonable provision for payment, including the establishment of reasonable reserves (which may be funded by a liquidating trust) determined by the Board or the liquidating trustee, as the case may be, to be reasonably necessary for the payment of the Company's expenses, liabilities and other obligations (whether fixed, conditional, unmatured or contingent);

<u>Second</u>, to the payment of loans or advances that may have been made by any of the Members to the Company; and

<u>Third</u>, to the Members in accordance with <u>Article VIII</u>, taking into account any amounts previously distributed under <u>Article VIII</u>;

provided that no payment or distribution in any of the foregoing categories shall be made until all payments in each prior category shall have been made in full or adequate reserves have been established therefor, and provided, further, that if the payments due to be made in any of the foregoing categories exceed the remaining assets available for such purpose, such payments shall be made to the Persons entitled to receive the same *pro rata* in accordance with the respective amounts due to them.

Section 12.3.  Termination. On completion of the distribution of Company assets as provided herein, the Company shall be terminated, and a certificate of cancellation shall be filed with the Secretary of State of the State of Delaware, and any other filings made shall be cancelled and the Board shall take such other actions as may be necessary to terminate the Company.

Section 12.4.  Claims of the Members. The Members and former Members shall look solely to the Company's assets for the return of their Capital Contributions, and if the assets of the Company remaining after payment of or due provision for all debts, liabilities and obligations of the Company are insufficient to return such Capital Contributions, the Members and former Members shall have no recourse against the Company or any other Member.

# ARTICLE XIII

## MISCELLANEOUS

Section 13.1.  Notices. Any notices or other communications required or permitted hereunder to a party shall be sufficiently given if in writing and (w) personally delivered, (x) sent by registered or certified mail, return receipt requested, postage prepaid, (y) sent by reputable overnight delivery service (such as DHL), or (z) sent by electronic mail, and, in each case, addressed as specified below (or to such other address as may be specified in writing by the party giving notice in accordance with this Section 13.1). All such notices and other communications shall be deemed to have been given and received (i) if by personal delivery, on the day of such delivery, (ii) if by registered or certified mail, on the fifth Business Day after the mailing thereof, (iii) if by reputable overnight delivery service (such as DHL), on the next Business Day, and (iv) if by electronic mail, on the date sent (provided no "bounce back" or other notice of non-delivery is received by the sender within two hours of sending). Such notices shall be addressed as follows:

(a)    If to the Company:

White Iris LLC
[_____]
[_____]
Attention: [_____]
Email:  [_____]

with a copy to (which shall not constitute notice) to:

Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Attention:     Stephen Zide; Jonathan Stott
Email:          stephen.zide@dechert.com;
                jonathan.stott@dechert.com

(b)    If to (i) a Member, at the address set forth opposite such Member's name on **Part 1** of **Schedule 1** attached hereto, or at such other address as such Member may hereafter designate by written notice to the Company, or (ii) a Steerco Member, at the address set forth opposite such Steerco Member's name on **Part 2** of **Schedule 1** attached hereto, or at such other address as such Steerco Member may hereafter designate by written notice to the Company.

Rejection or other refusal to accept such notice, request, demand, waiver or other communication because of changed address for which no notice was given, shall be deemed to be receipt of such notice, request, demand, waiver or other communication as of the date of such rejection, refusal, or inability to deliver.

Section 13.2.   <u>Successors and Assigns</u>. Subject to <u>Section 11.1</u>, all of the terms and provisions of this Agreement shall inure to the benefit of and be binding upon each of the parties hereto and their respective Transferees permitted under this Agreement, if any; <u>provided</u>, that no party hereto may Transfer his, her or its Units (or any portion thereof or any beneficial interest therein) or its rights or obligations hereunder except in accordance with the terms of this Agreement.

Section 13.3.   <u>Entire Agreement</u>. This Agreement constitutes the entire agreement among the Members with respect to the subject matter hereof and supersedes any prior agreement or understanding among them with respect to such subject matter. There are no representations, warranties, promises, inducements, covenants or undertakings relating to the Units, other than those expressly set forth or referred to in this Agreement.

Section 13.4.   <u>Counterparts</u>. This Agreement may be executed in several counterparts (including via facsimile and other electronic transmission), each of which shall be deemed an original and all of which shall together constitute one and the same instrument.

Section 13.5.   <u>Governing Law; Attorneys' Fees</u>. This Agreement shall be governed in all respects, including as to validity, interpretation and effect, by the internal laws of the State of Delaware, without giving effect to the conflict of laws rules thereof. The substantially prevailing party in any action or proceeding relating to this Agreement shall be entitled to receive an award of, and to recover from the other party or parties, any fees or expenses incurred by him, her or it (including reasonable attorneys' fees and disbursements) in connection with any such action or proceeding.

Section 13.6.   <u>Waiver of Jury Trial</u>. EACH MEMBER HEREBY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS AGREEMENT, OR THE BREACH, TERMINATION OR VALIDITY OF THIS AGREEMENT, OR THE TRANSACTIONS CONTEMPLATED HEREBY.

Section 13.7.   <u>Waiver of Partition</u>. Except as may otherwise be provided by law in connection with the winding-up, liquidation and dissolution of the Company, each Member hereby irrevocably waives any and all rights that it may have to maintain an action for partition of any of the Company's property.

Section 13.8.   <u>Waiver Generally</u>. Waiver by any party hereto of any breach or default by any other party of any of the terms of this Agreement shall not operate as a waiver of any other breach or default, whether similar to or different from the breach or default waived. No waiver of any provision of this Agreement shall be implied from any course of dealing between the parties hereto or from any failure by any party hereto to assert its or his rights hereunder on any occasion or series of occasions.

Section 13.9.   <u>Severability</u>. If any provision of this Agreement is inoperative or unenforceable for any reason, such circumstances shall not have the effect of rendering the provision in question inoperative or unenforceable in any other case or circumstance, or of rendering any other provision or provisions herein contained invalid, inoperative, or unenforceable to any extent whatsoever, so long as this Agreement, taken as a whole, still expresses the material intent of the parties hereto. The invalidity of any one or more phrases, sentences, clauses, Sections or subsections of this Agreement shall not affect the remaining portions of this Agreement.

Section 13.10.   <u>Further Actions</u>. Each Member shall execute and deliver such other certificates, agreements and documents, and take such other actions, as may reasonably be requested by the Company in connection with the continuation of the Company and the achievement of its purposes, including (a) any documents that the Company deems necessary or appropriate to continue the Company in all jurisdictions in which the Company or its Subsidiaries

conduct or plan to conduct business and (b) all such agreements, certificates, tax statements and other documents as may be required to be filed in respect of the Company.

Section 13.11. <u>Amendments</u>. This Agreement may not be amended, modified or supplemented except by a written instrument approved by (a) the Board and (b) a Majority in Interest of the Members; <u>provided</u>, that any amendment that materially, adversely and disproportionately affects the rights or obligations of any Steerco Member as compared to all Steerco Members generally shall require the consent of such Steerco Member if such amendment does not, by its terms, materially, adversely and disproportionately affect the rights or obligations of all Steerco Members in a substantially similar manner; and <u>provided</u>, <u>further</u>, that any amendment of <u>Section 9.4</u> (Reporting) in a manner that impacts any Steerco Member, <u>Section 11.4</u> (Tag-Along Transactions), <u>Section 11.6</u> (Registration Rights), <u>Section 11.7</u> (Preemptive Rights), <u>Section 11.8</u> (Alternative Rights), <u>Section 11.9</u> (Preemptive Rights (Debt Issuances)), <u>Section 11.10</u> (Assignment of Preemptive Rights) and this <u>Section 13.11</u> (Amendments) shall require the approval of a Supermajority in Interest of the Steerco Members. In furtherance, and not in limitation of the foregoing, the Board may, without obtaining the consent of any Member or class of Members, (x) pursuant to <u>Section 5.1</u>, <u>Section 5.5</u>, <u>Section 11.1</u>, <u>Section 11.7</u> and <u>Section 11.8</u> make such modifications to this Agreement, including **Schedule 1**, as are necessary to issue permitted additional Units or permitted classes of Units at such prices and on such terms and conditions as the Board may determine or admit Additional Members and (y) in the event that a Change of Control is structured as a Transfer of Units by the Members (including as a merger, amalgamation, consolidation or other business combination) rather than a sale of the Company's assets and a distribution of proceeds thereof, make such modifications to this Agreement as are necessary to achieve the economic result that would have been attained under <u>Article VIII</u> had the Change of Control been structured as a sale of the Company's assets and a distribution of proceeds thereof. The Board shall notify all Members after any such amendment, modification or supplement, other than any amendments to **Schedule 1**, as permitted herein, has taken effect. Any reference in this Agreement to **Schedule 1** shall be deemed to be a reference to **Schedule 1** as amended and in effect from time to time. Notwithstanding anything in this Agreement to the contrary, the Board may vary the terms and conditions set forth in this Agreement that would be applicable to a Member by a separate written agreement with such Member.

Section 13.12. <u>Power of Attorney</u>.

(a)  By executing this Agreement or an agreement that incorporates this Agreement by reference, each Member irrevocably appoints the Company, and, separately, each of its Officers from time to time, as its lawful attorney, with full power to appoint substitutes, to execute, acknowledge, swear to, deliver, record and file any documents on behalf of each Member and in its name any deed, agreement, certificate, instrument or other document that the Company considers appropriate to carry out the provisions of <u>Section 11.5</u> (Drag-Along Transactions), <u>Section 11.6</u> (Initial Public Offering; Registration Rights) and <u>Section 13.10</u> (Amendments) of this Agreement; <u>provided</u>, that, the foregoing power of attorney shall apply if and only if such Member

is in material breach of any such provision, which breach has not been cured on five Business Days' written notice by the Company to such Member.

(b)   This power of attorney is irrevocable except with the consent of the Company.

Section 13.13. <u>Fees and Expenses</u>. The Company shall pay all legal, formation, transaction and related expenses incurred by the Company (including all such expenses incurred by the Board on behalf of the Company). Subject in each case to <u>Section 5.3</u>, the Company is also authorized to pay compensation for accounting, administrative, legal, technical, management and other services rendered to the Company or any Subsidiary of the Company. All other fees and expenses incurred by any Member in connection with its investments in Units of the Company (including in connection with such Member's negotiation of this Agreement) shall be borne by the respective Member incurring such expenses.

Section 13.14. <u>No Third-Party Beneficiaries</u>. Except as otherwise provided herein, this Agreement is not intended to confer upon any Person, except for the parties hereto, any rights or remedies hereunder.

Section 13.15. <u>Injunctive Relief</u>. Each party to this agreement agrees that money damages may not be a sufficient remedy for any material breach of the provisions of this Agreement. Each of the Members therefore agrees that, in the event of a breach of any provision of this Agreement, the aggrieved party may elect to institute and prosecute proceedings in any court of competent jurisdiction to enforce specific performance or to enjoin the continuing breach of this Agreement. Such remedies shall, however, be cumulative and not exclusive, and shall be in addition to any other remedy which the Company or any Member may have. Each Member hereby irrevocably submits to the non-exclusive jurisdiction of the state and federal courts in Delaware for the purposes of any suit, action or other proceeding arising out of, or based upon, this Agreement or the subject matter hereof. Each Member hereby consents to service of process shall be effective if made in accordance with <u>Section 13.1</u> (<u>provided</u>, that nothing contained in this Agreement shall affect the right to serve process in any other manner permitted by law).

Section 13.16. <u>Relations with Members</u>. If a Member is not a natural Person, neither the Company nor any Member shall (i) be required to determine the authority of the individual signing this Agreement to make any commitment or undertaking on behalf of such entity or to determine any fact or circumstance bearing upon the existence of the authority of such individual, or (ii) be responsible for the application or distribution of proceeds paid or credited to individuals signing this Agreement on behalf of such entity. Unless named in this Agreement as a Member, or unless admitted to the Company as an Additional Member or a Substitute Member as provided in this Agreement, no Person shall be considered a Member.

*[Signature Pages Follow]*

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date first above written.

**COMPANY:**

**WHITE IRIS LLC**

By: _____
Name:
Title:

**MEMBER (IF AN ENTITY):**

Name of Member: _____

By: _____
Name:
Title:

**MEMBER (IF AN INDIVIDUAL):**

_____
Name:

**Schedule 1**

**<u>Members</u>**

*Part 1 – Members*

| Name of Member | Address | Email Address | Capital Contribution | Units |
|---|---|---|---|---|
| [To come.] | | | | |

*Part 2 – Steerco Members*

| Steerco Member | Members |
|---|---|
| Anchorage Member<br><br>Address:  [_____]<br>[_____]<br>Email: [_____] | |
| Aryeh Member<br><br>Address:  [_____]<br>[_____]<br>Email: [_____] | |
| Farallon Member<br><br>Address:  [_____]<br>[_____]<br>Email: [_____] | |
| Glendon Member<br><br>Address:  [_____]<br>[_____]<br>Email: [_____] | |
| Redwood Member | |

| Steerco Member | Members |
|---|---|
| Address:  [_____]<br>[_____]<br>Email: [_____] | |
| Silver Rock Member<br><br>Address:  [_____]<br>[_____]<br>Email: [_____] | |

**Schedule 2**

**Directors**

| Name | Designator |
|------|-----------|
|  | N/A (CEO Director) |
|  | Redwood Member |
|  | Redwood Member |
|  | Redwood Member |
|  | Redwood Member |
|  | Anchorage Member |
|  | Farallon Member |

**Schedule 3**

**<u>Officers</u>**

| Name | Title |
|------|-------|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**Exhibit A**

**Major Consent Matters**

| | MATTERS REQUIRING MAJORITY IN INTEREST APPROVAL | MATTERS REQUIRING SUPERMAJORITY IN INTEREST APPROVAL |
|---|---|---|
| **Bankruptcy / Liquidation / Dissolution** | Any voluntary dissolution, liquidation or bankruptcy of the Company or any of its Subsidiaries. | -- |
| **Conversion of the Company or any of its Subsidiaries** | Conversion of the Company or any of its Subsidiaries to another form of entity. | -- |
| **Redemptions and Repurchases** | -- | Any redemption or repurchase of equity or debt securities the Company other than (x) pursuant to a pro rata offer to all Members or (y) of equity securities owned by employees of the Company or any of its Subsidiaries in connection with termination of employment. |
| **Change in Tax Elections / Jurisdiction** | Any election of the Company or any of its Subsidiaries to be taxed in a different manner (including any change to any such Person's jurisdiction of organization). | -- |
| **Equity / Securities Issuances** | The issuance of equity securities, options or other rights to acquire such equity securities, or convertible/exchangeable indebtedness, of the Company or any of its Subsidiaries; provided, that notwithstanding anything to the contrary herein, such issuance shall be subject to Section 11.7 (Preemptive Rights) and Section 11.8 (Alternative Rights) of this Agreement. | -- |
| **Change in Size, Voting or Composition of Board** | Changes in the size, voting or composition of the Board. | -- |
| **Debt** | Incurring material debt (greater than $[●] in a single transaction or series of related transactions), including any guarantees, incurrence or prepayment thereof by the Company or any of its Subsidiaries (other than drawdown of revolving debt previously approved and trade debt incurred in the ordinary course of business). | -- |

| | MATTERS REQUIRING MAJORITY IN INTEREST APPROVAL | MATTERS REQUIRING SUPERMAJORITY IN INTEREST APPROVAL |
|---|---|---|
| **IPO** | Consummation of any public offering with respect to the Company or any of its Subsidiaries. | -- |
| **Acquisitions and Dispositions** | 1. Any disposition of the Company or any of its Subsidiaries (including any change in control of the majority of voting interests in any member of any such Person) or any disposition of all or substantially all of the assets or business of the Company or any of its Subsidiaries or the Company and its Subsidiaries, taken as a whole.<br><br>2. Any acquisition or disposition of assets or liabilities, or merger, consolidation, share exchange, business combination, joint venture or similar transaction involving the Company or any of its Subsidiaries outside the ordinary course of business, in a transaction that involves consideration (including assumed debt) or investments in excess of [20]% of the consolidated total assets of the Company and its Subsidiaries, taken as a whole. | -- |
| **Management Incentive Plans** | Adopting, approving or revising any equity incentive plan or management incentive plan, as applicable. | -- |
| **Business Transactions with a Member** | -- | Any agreement, understanding or contract, or any other transaction between the Company or any Subsidiary of the Company and any Member (or any Affiliate thereof) that does not comply with the terms of Section 5.3. |

**Exhibit B**

**Form of Joinder Agreement**

[DATE]

To the Board of Directors of
**White Iris LLC**

Re:    Joinder to Limited Liability Company Agreement

Ladies and Gentlemen,

Reference is made to that certain Limited Liability Company Agreement of White Iris LLC (the "**Company**"), dated as of [●], 2025 (as amended, the "**Agreement**"), by and among the Company and the Members (as defined in the Agreement). Capitalized terms used in this Joinder Agreement (this "**Joinder**") but not otherwise defined herein have the meanings set forth in the Agreement.

The undersigned acknowledges that it has received and reviewed a complete copy of the Agreement and hereby agrees, upon execution of this Joinder, to become a party to the Agreement and to be bound by the terms and provisions of the Agreement applicable to Members and be included within the term "Members" (as defined in the Agreement).

The address and email address to which notices may be sent to the undersigned pursuant to Section 13.1 of the Agreement are as follows:

Address: _____

_____

Email Address: _____

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned have executed this Joinder as of the date first written above.

**WHITE IRIS LLC** (on its own behalf and as attorney-in-fact on behalf of all existing Members)

By: _____
Name:
Title:

**(IF AN ENTITY):**

Name of Member:

By: _____
Name:
Title:

**(IF AN INDIVIDUAL):**

_____
Name:

**Exhibit C**

**Registration Rights**

1. <u>Defined Terms</u>:  Terms not otherwise defined in this **<u>Exhibit C</u>** have the meanings set forth in the Agreement.

2. <u>Registration Rights</u>:

    a. <u>Form S-1 Registration</u>:  After the date of an IPO (but subject to any lock-up agreements executed in connection with such IPO and the "coordinated sale" provision below) and at such time as the IPO Issuer is ineligible to file a registration statement on Form S-3, one or more Members holding Securities of the IPO Issuer that are "restricted securities" or "control securities" under Rule 144 ("**Registrable Securities**") that hold, in the aggregate, Registrable Securities that constitute at least [50]% of the Registrable Securities (the "**Initiating Members**"), may demand, by written notice to the Company (a "**Demand Notice**"), that the IPO Issuer file a registration statement under the Securities Act on Form S-1 (or similar or successor form) covering any or all of the Registrable Securities held by such Members. On receipt of the Demand Notice, the Company shall: (x) within 10 days of the date of the Demand Notice, give notice thereof to all Members other than the Initiating Members (the "**Registration Notice**"); and (y) as soon as practicable, and in any event within 60 days after the date of the Demand Notice, file a Form S-1 under the Securities Act covering all Registrable Securities that the Initiating Members requested to be registered and any additional Registrable Securities requested to be included in such registration by any other Members, as specified by notice given by each such Member to the Company within 20 days of the date of the Demand Notice, and in each case, subject to the limitations of <u>Section 2(c)</u> and <u>Section 2(d)</u> below. The Initiating Members may (at their option) request that such Registrable Securities be sold in an underwritten offering or a block trade. The demand right described in this <u>Section 2(a)</u> includes the right to require the filing of a shelf registration statement for sales of Registrable Securities on a delayed or continuous basis pursuant to Rule 415 under the Securities Act (or any applicable successor provisions) and/or to conduct an unlimited number of shelf takedowns off of such shelf registration statement, including for an underwritten offering or a block trade of Registrable Securities, subject to customary proposed size of offering and demands per year limitations.

    b. <u>Form S-3 Registration</u>. At such time as the IPO Issuer is eligible to file a registration statement on Form S-3, the Initiating Members may demand, by delivering a Demand Notice to the Company, that the IPO Issuer file a shelf registration statement under the Securities Act on Form S-3 (or similar or successor form), covering any or all of the Registrable Securities held by such Members for sales on a delayed or continuous basis pursuant to Rule

415 under the Securities Act. On receipt of such Demand Notice, the Company shall (i) within 10 days of the date of such Demand Notice, give written notice to all Members other than the Initiating Members and (ii) as soon as practicable, and in any event within 45 days of such Demand Notice, file a Form S-3 registration statement under the Securities Act covering all Registrable Securities requested to be included in such registration by any other Members, as specified by notice given by each such Member to the Company within 20 days of such Demand Notice, and in each case, subject to the limitations of <u>Section 2(c)</u> and <u>Section 2(d)</u> below. The demand right described in this <u>Section 2(b)</u> includes the right to conduct an unlimited number of shelf takedowns off of such shelf registration statement, including for an underwritten offering or block trade of Registrable Securities, subject to customary proposed size of offering and demands per year limitations, as reasonably determined by the Company.

c.   Notwithstanding the foregoing obligations, if the Company furnishes to the Members requesting a registration pursuant to this <u>Section 2</u> a certificate signed by an executive officer or chairperson (or equivalent) of the Board stating that in the good faith judgment of the Company it would be materially detrimental to the Company and the Members for such registration statement to either become effective or remain effective for as long as such registration statement otherwise would be required to remain effective, because such action would (i) materially interfere with a significant acquisition, corporate reorganization, or other similar transaction involving the Company and its Subsidiaries; (ii) require premature disclosure of material information that the Company or any of its Subsidiaries has a bona fide business purpose for preserving as confidential; or (iii) render the Company unable to comply with requirements under the Securities Act or the Exchange Act, then the Company shall have the right to defer taking action with respect to such filing, and any time periods with respect to filing or effectiveness thereof shall be tolled correspondingly, for a period of not more than 60 days; <u>provided</u>, <u>however</u>, that the Company may not invoke this right more than once in any 12 month period; and <u>provided</u>, <u>further</u> that the Company shall not register any securities for its own account or that of any other Member during such 60 day period other than an Excluded Registration. "**Excluded Registration**" means (i) a registration relating to the sale or grant of Securities to employees of the Company or any of its Subsidiaries pursuant to a stock option, stock purchase, equity incentive or similar plan; (ii) a registration relating to an SEC Rule 145 transaction; (iii) a registration on any form that does not include substantially the same information as would be required to be included in a registration statement covering the sale of Registrable Securities; or (iv) a registration in which the only Securities being registered are Securities issuable upon conversion of debt securities that are also being registered.

d.  <u>Piggyback Registration Rights</u>:  In connection with an IPO, the Company, the IPO Issuer and the Steerco Members shall enter into a customary registration rights agreement, which shall include customary piggyback registration rights. Such registration rights agreement will (i) provide that such piggyback registration rights shall be available with respect to all Registrable Securities and to all Steerco Members, (ii) provide that the rights to piggyback registration may be exercised on an unlimited number of occasions and (iii) include such reasonable exceptions and limitations as shall be agreed among the parties thereto.

e.  <u>Priority</u>. If any of the Registrable Securities proposed to be registered pursuant to <u>Section 2(a)</u> or <u>Section 2(b)</u> (a "**Demand Registration**") above are to be sold in a firm commitment registration in which securities of the Company are sold to an underwriter for reoffering to the public (an "**Underwritten Offering**") and the managing underwriter or underwriters of such Demand Registration advise the Company and the holders of such Registrable Securities in writing that in its or their reasonable opinion the total number of Securities proposed to be sold in such Demand Registration exceeds the maximum number of Securities specified by the managing underwriter or underwriters that may be distributed by the party requesting such Demand Registration, the Company or any holder of Registrable Securities requested to be included in such offering without adversely affecting the price, timing or distribution of the Securities, then the Company shall include in such registration only such maximum number of Registrable Securities which, in the reasonable opinion of such underwriter or underwriters can be sold, in the following order of priority:  (i) first, the Registrable Securities requested to be included in such Demand Registration held by the party or parties requesting such Demand Registration and such party's or parties' Transferees permitted under the Agreement ("**Permitted Transferees**"), <u>provided</u> that such amount shall be allocated among such Members on a pro rata basis based upon their respective percentage of ownership of the total number of Securities then outstanding; (ii) second, Securities to be offered by the Company in such Demand Registration; and (iii) third, Securities requested to be included in such Demand Registration held by all other Members. To the extent that Securities to be included in the Demand Registration must be allocated among the holders of Registrable Securities pursuant to the preceding sentence, such Securities shall be allocated pro rata among the holders of Registrable Securities based upon the number of Securities that Members have requested to be included in such Demand Registration pursuant to <u>Section 2(a)</u> or <u>Section 2(b)</u> above. Notwithstanding the foregoing, if a Demand Registration is an Underwritten Offering, the managing underwriter or underwriters may select shares for inclusion, or exclude shares completely, in such Demand Registration on a basis other than a pro rata basis if, in the reasonable opinion of such underwriter or underwriters,

selection on such other basis, or inclusion of such shares, would be material to the success of the offering.

3.   Lock-up:

    a.  In connection with the consummation of an IPO, unless otherwise determined by the Company, each Member holding 1% or more of the issued and outstanding public equity securities of the IPO Issuer following the consummation of the IPO will be subject to a 180-day lock-up period (or such other lock-up period agreed to by and applicable to the Steerco Members (as determined by the Steerco Members owning a majority of the voting power of all Steerco Members)) with respect to any public equity securities in the IPO Issuer directly or indirectly held by him, her or it.

    b.  In connection with the consummation of any subsequent underwritten offering, unless otherwise determined by the Company, each Member holding 5% or more of the issued and outstanding public equity securities of the IPO Issuer prior to such offering will also be subject to a 90-day lock-up period (or such other lock-up period agreed to by and applicable to the Steerco Members (as determined by the Steerco Members owning a majority of the voting power of all Steerco Members)) with respect to any public equity securities of the IPO Issuer directly or indirectly held by him, her or it.

4.   Coordinated Sale Provision:  The Members (other than the Steerco Members) will be subject to a "coordinated sale" provision determined by the Board.

5.   General:

    c.  The rights, covenants, agreements and obligations provided in this **Exhibit C** may be supplemented, amended or modified by the Company, in its sole discretion, in connection with the consummation of a SPAC Transaction; provided, that if any such supplement, modification or amendment would not treat ratably all Members with the underlying rights, covenants, agreements and/or obligations described in this **Exhibit C** that are so supplemented, modified or amended, and would adversely affect in any material respect such Member(s) that are not treated ratably, then such non-ratable supplement, modification or amendment shall also require the written consent of such Member or a majority in interest of such group of Members so adversely affected, as applicable.

    d.  The rights, covenants and agreements described in this **Exhibit C** may be supplemented, modified or amended as necessary or desirable in order to give effect to any new structure following the consummation of an IPO (including to apply to any Permitted Transferees or Affiliates of any

Members that hold public equity securities of the IPO Issuer), in each case, as determined by the Company.

e.   The rights, covenants and agreements described in this **<u>Exhibit C</u>** may be supplemented, modified or amended as necessary or desirable (as determined by the Company) in the case of any listing outside of the United States.

**DECHERT LLP DRAFT 09/11/2025**

## [●] AMENDED AND RESTATED BYLAWS
## OF
## [●] INC.

### (Effective [●], 2025)

### ARTICLE ONE
### OFFICES

1.1.    <u>Registered Office</u>.  The registered office and registered agent of [●] Inc., a Delaware corporation (the "**Corporation**") shall be as set forth in the Amended and Restated Certificate of Incorporation of the Corporation (as amended from time to time, the "**Certificate**").  The Corporation may also have offices in such other places as the board of directors of the Corporation (the "**Board**") may, from time to time, determine or as the business of the Corporation may require as determined by any officer of the Corporation.

### ARTICLE TWO
### STOCKHOLDERS

2.1.    <u>Meetings</u>.

2.1.1.    <u>Place</u>.  Meetings of the stockholders shall be held at such place as may be designated by the Board.

2.1.2.    <u>Annual Meeting</u>.  An annual meeting of the stockholders for the election of directors and for other business shall be held on such date and at such time as may be fixed by the Board.

2.1.3.    <u>Special Meetings</u>.  Special meetings of the stockholders may be called at any time by the President or Secretary, or the Board, or the holders of a majority of the outstanding shares of stock of the Corporation entitled to vote at the meeting.

2.1.4.    <u>Quorum</u>.  The presence, in person or by proxy, of the holders of a majority of the outstanding shares of stock of the Corporation entitled to vote on a particular matter shall constitute a quorum for the purpose of considering such matter.

2.1.5.    <u>Voting Rights</u>.  Except as otherwise provided herein, in the Certificate or by law, every stockholder shall have the right at every meeting of stockholders to one vote for every share standing in the name of such stockholder on the books of the Corporation which is entitled to vote at such meeting.  Every stockholder may vote either in person, by proxy or by unanimous written consent.

### ARTICLE THREE
### BOARD OF DIRECTORS

3.1.    <u>Corporate Power and Authority</u>.  All corporate powers shall be exercised by or under the authority of, and the business and affairs of the Corporation managed by or under the direction of the Board, subject to any limitation set forth in the Delaware General Corporation Law (the "**DGCL**") or the Certificate, as the same are now enacted or hereafter amended.

3.2.    <u>Qualifications and Number</u>.

> 3.2.1.    Directors shall be natural persons who are at least eighteen years of age.

> 3.2.2.    A director need not be a stockholder, a citizen of the United States, or a resident of the State of Delaware.

> 3.2.3.    The Board shall have authority to determine the number of directors that constitute the Board.  The Board shall initially be comprised of two directors.

3.3.    <u>Election and Term</u>.

> 3.3.1.    Each director shall hold office until the next annual meeting of stockholders and until their respective successors are elected and qualified, or until their earlier death, resignation or removal.

> 3.3.2.    A director may resign at any time by giving written notice to the Corporation.  Any such resignation shall take effect at the time specified in such notice or, if not so specified, immediately upon receipt of such notice by the Corporation.

3.4.    <u>Meetings</u>.

> 3.4.1.    <u>Place</u>.  Meetings of the Board shall be held at such place as may be designated by the Board or in the notice of the meeting.

> 3.4.2.    <u>Regular Meetings</u>.  Regular meetings of the Board shall be held at such times as the Board may designate.  Notice of regular meetings need not be given.

> 3.4.3.    <u>Special Meetings</u>.  Special meetings of the Board may be called by the President, Secretary or any two members of the Board on three days' notice to each director, either personally or by mail (including electronic mail), telegram, telephone or facsimile transmission.

> 3.4.4.    <u>Quorum</u>.  Subject to the Certificate, a majority of all the directors in office shall constitute a quorum for the transaction of business at any meeting of the Board.

> 3.4.5.    <u>Voting</u>.  Except as otherwise provided herein, in the Certificate or by law, the vote of a majority of the directors present at any meeting at which a quorum is present shall constitute the act of the Board.

> 3.4.6.    <u>Committees</u>.  The Board may, by resolution adopted by a majority of the whole Board, designate one or more committees, each committee to consist of one or more directors and such alternate members (also directors) as may be designated by the Board.  Unless otherwise provided herein, in the absence or disqualification of any member of a committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not such member or members constitute a quorum, may unanimously appoint another director to act at the meeting in the place of any such absent or disqualified member.  Except as otherwise provided herein, in the Certificate or by law, any such committee shall have and may exercise the powers of the full Board to the extent provided in the resolution of the Board directing the committee.

3.5.    <u>Action Without Meeting</u>.  Unless the Certificate provides otherwise, any action required or permitted by the DGCL to be taken at any meeting of the Board may be taken without a meeting, if all members of the Board consent thereto in writing and any consent may be documented, signed and delivered in

any manner permitted by Section 116 of the DGCL. After an action is taken, the consent or consents relating thereto shall be filed with the minutes of proceedings of the Board or committee in the same paper or electronic form as the minutes are maintained.

## ARTICLE FOUR
## OFFICERS

4.1.    <u>Election</u>.  At its first meeting after each annual meeting of the stockholders, the Board shall elect a President, a Vice President and Secretary and such other officers as it deems advisable.  As of the date hereof, the following persons shall hold the following titles:

| <u>Name</u> | <u>Title</u> |
|---|---|
| [●] | President |
| [●] | Vice President and Secretary |

4.2.    <u>Authority, Duties and Compensation</u>.  The officers shall have such authority, perform such duties and serve for such compensation as may be determined by resolution of the Board.  Except as otherwise expressly set forth in these bylaws or provided by the resolution of the Board, (i) the President of the Corporation, shall have general supervision over the business and operations of the Corporation, may perform any act and execute any instrument for the conduct of such business and operations and shall preside at all meetings of the Board and stockholders, (ii) the other officers shall have the duties customarily related to their respective offices and (iii) any other officer determined by the Board shall, in the absence of the President, have the authority and perform the duties of the President.

## ARTICLE FIVE
## INDEMNIFICATION

5.1.    <u>Right to Indemnification</u>.

5.1.1.    To the fullest extent permitted by applicable law, the Corporation shall indemnify, defend and hold harmless each current and former (i) stockholder and any affiliate of the foregoing, (ii) controlling person, director, officer and agent (upon the consent of the Board) of the Corporation and each person set forth in the forgoing clause (i), and (iii) person referred to in the foregoing clauses (i) and (ii) who is or was serving at the request of the Corporation as a partner, manager, director, officer, employee, agent, trustee or representative of another person (each of the persons in the foregoing clauses (i) through (iii), a "**Covered Person**," and collectively the "**Covered Persons**") , in each case, who is or was a party to or is or was threatened to be made a party to or is or was otherwise involved in any action, suit, demand, claim, investigation, or proceeding, whether civil, criminal, administrative or investigative (each, an "**Action**"), arising from, related to or in connection with the operation of the business of the Corporation and by reason of the fact that such person is or was a Covered Person, against any losses, claims, damages, liabilities, expenses (including reasonable and documented legal fees and reasonable fees of investigation), judgments, fines and amounts paid in settlement ("**Indemnified Costs**") reasonably incurred by such Covered Person in connection with such Action, except that (x) no Covered Person shall be entitled to be indemnified by the Corporation in respect of any Indemnified Costs which result from such Covered Person's fraud, bad faith, gross negligence or willful misconduct, and (y) no Covered Person who is an employee or officer of the Corporation or any of its subsidiaries shall be entitled to be indemnified by the Corporation in respect of any Action initiated, commenced or threatened by such person against a Covered Person (unless and to the extent such Action is to seek Indemnified Costs in accordance with this <u>Section 5.1</u> in respect of an Action not initiated, commenced or threatened by such person).  Any indemnity under this <u>Section 5.1</u> by the Corporation shall be provided out of and to the extent of Corporation assets only, and no Covered Person shall have personal liability on account

3

thereof.  The indemnification under this <u>Section 5.1</u> shall continue as to a Covered Person who has ceased to serve in the capacity which initially entitled such Covered Person to indemnification hereunder.

5.1.2.    Expenses that constitute Indemnified Costs incurred by a Covered Person in defending or participating in an Action referred to in this <u>Section 5.1</u> shall be paid by the Corporation in advance of the final disposition of such Action; *provided*, *however*, that such expenses shall be advanced only upon delivery to the Corporation of a written undertaking by or on behalf of such Covered Person to repay such amount in full if it shall ultimately be determined by a court of competent jurisdiction that such Covered Person is not entitled to be indemnified by the Corporation as authorized in this <u>Section 5.1</u> or otherwise. Indemnified Costs incurred by other persons hereunder may be advanced upon such terms and conditions as the Board deems appropriate.  Any obligation to reimburse the Corporation for expense advances shall be unsecured and no interest shall be charged thereon.

5.1.3.    The Covered Persons may also have certain rights to indemnification and advancement by current or former direct and indirect equity holders of the Corporation and/or any of their respective affiliates and/or insurance provided by such equity holders or affiliates (excluding the Corporation and its subsidiaries, the "**Fund Indemnitors**").  Each of the Corporation and the stockholder agrees and acknowledges that the Corporation and its subsidiaries, jointly and severally, are the indemnitors of first resort (it being understood, for the avoidance of doubt, that the obligations of the Corporation hereunder to the Covered Persons are primary, and any obligation of the Fund Indemnitors to indemnify, advance expenses or to provide indemnification or insurance (including through director and officer insurance policies) to the Covered Persons are secondary), and that the Corporation shall be required to advance the full amount of Indemnified Costs incurred by such Covered Persons and shall be liable for the full amount of all Indemnified Costs to the extent legally permitted and as required by the terms of these bylaws (or any other agreement between the Corporation and any such Covered Person), without regard to any rights such Covered Persons may have against the Fund Indemnitors.  Each of the Corporation and, to the fullest extent permitted by law, its subsidiaries irrevocably waives, relinquishes and releases the Fund Indemnitors from any and all Actions against the Fund Indemnitors for contribution, subrogation or any other recovery of any kind in respect of advancements or other payments (including any Indemnified Costs).  Each of the Corporation and, to the fullest extent permitted by law, its subsidiaries further agrees that no advancement or other payment by the Fund Indemnitors on behalf of any Covered Person with respect to any Action for which such Covered Person has sought indemnification or advancement or insurance from the Corporation or any of its subsidiaries shall affect the foregoing, and the Fund Indemnitors shall have a right of contribution and/or be subrogated to the extent of such advancements or other payments.  Nothing in the foregoing shall be deemed a limitation on a Covered Person's right to indemnification.

5.1.4.    The foregoing provisions of this <u>Section 5.1</u> shall survive termination of these bylaws.

5.2.    <u>Advance of Expenses</u>.  Expenses incurred by a director or officer of the Corporation (acting in his capacity as such) in defending a proceeding shall be paid by the Corporation in advance of the final disposition of such proceeding subject to the provisions of any applicable statute.

5.3.    <u>Procedure for Determining Permissibility</u>.  To determine whether any indemnification or advancement of expenses under this <u>Article 5</u> is permissible, the Board by a majority vote of a quorum consisting of directors not parties to such proceeding may, and on request of any person seeking indemnification or advancement of expenses shall be required to, determine in each case whether the applicable standards in any applicable statute have been met, or such determination shall be made by independent legal counsel if such quorum is not obtainable, or, even if obtainable, a majority vote of a quorum of disinterested directors so directs, provided that, if there has been a change in control of the Corporation between the time of the action or failure to act giving rise to the claim for indemnification or advancement of

4

expenses and the time such claim is made, at the option of the person seeking indemnification or advancement of expenses, the permissibility of indemnification or advancement of expenses shall be determined by independent legal counsel.  The reasonable expenses of any director or officer in prosecuting a successful claim for indemnification, and the fees and expenses of any special legal counsel engaged to determine permissibility of indemnification or advancement of expenses, shall be borne by the Corporation.

5.4.    Contractual Obligation.  The obligations of the Corporation to indemnify a director or officer under this Article 5, including the duty to advance expenses, shall be considered a contract between the Corporation and such director or officer, and no modification or repeal of any provision of this Article 5 shall affect, to the detriment of the director or officer, such obligations of the Corporation in connection with a claim based on any act or failure to act occurring before such modification or repeal.

5.5.    Indemnification Not Exclusive; Inuring of Benefit.  The indemnification and advancement of expenses provided by this Article 5 shall not be deemed exclusive of any other right to which one indemnified may be entitled under any statute, provision of the Certificate, these bylaws, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding such office, and shall inure to the benefit of the heirs, executors and administrators of any such person.

5.6.    Insurance and Other Indemnification.  The Board shall have the power to (i) authorize the Corporation to purchase and maintain, at the Corporation's expense, insurance on behalf of the Corporation and on behalf of others to the extent that power to do so has not been prohibited by statute, (ii) create any fund of any nature, whether or not under the control of a trustee, or otherwise secure any of its indemnification obligations, and (iii) give other indemnification to the extent permitted by statute.

5.7.    Director's or Officer's Expenses as a Witness.  This Article 5 does not limit the Corporation's power to pay or reimburse expenses incurred by a director or officer in connection with such director's or officer's appearance as a witness in a proceeding at a time when such director or officer is not a party.

## ARTICLE SIX
## SHARE CERTIFICATES AND TRANSFER

6.1.    Share Certificates.  The shares of the Corporation shall be uncertificated shares.  The Corporation shall, within a reasonable time after the issuance or transfer of uncertificated shares, send to the registered owner of the uncertificated shares a written notice containing the information required to be set forth or stated on share certificates as required by law or the Certificate.  No share shall be issued until the consideration therefor, fixed as provided by law, has been fully paid.

6.2.    Transfers of Shares.  Shares of the Corporation shall be transferable in the manner prescribed by law and in these bylaws.  Transfers of shares of the Corporation shall be made on the books of the Corporation only by the registered holder thereof or by such other person as may under law be authorized to endorse such shares for transfer, or by such stockholder's attorney thereunto authorized by power of attorney duly executed and filed with the secretary, transfer agent or other authorized officer of the Corporation.

## ARTICLE SEVEN
## AMENDMENTS

Subject to the terms expressly set forth herein, these bylaws may be amended or repealed at any regular or special meeting of the Board by vote of a majority of all directors in office or at any annual or special meeting of stockholders by vote of holders of a majority of the outstanding stock entitled to vote.

**ARTICLE EIGHT**
**MISCELLANEOUS**

8.1.    <u>Appointment of Agents</u>.  The chief executive officer and chief financial officer or any other officer authorized by the Board shall be authorized and empowered, to and only to the extent consistent with, the direction of the Board, in the name and as the act and deed of the Corporation to name and appoint general and special agents, representatives, and attorneys to represent the Corporation in the United States or in any foreign country or countries and to name and appoint attorneys and proxies to vote any shares of stock in any other corporation at any time owned or held of record by the Corporation, and to prescribe, limit, and define the powers and duties of such agents, representatives, attorneys, and proxies and to make substitution, revocation, or cancellation in whole or in part of any power or authority conferred on any such agent, representative, attorney, or proxy.  All powers of attorney or instruments under which such agents, representatives, attorneys, or proxies shall be so named and appointed shall be signed and executed by the President, Vice President, Secretary, or any other officer designated by the Board.  Any substitution, revocation, or cancellation shall be signed in like manner.  Any agent, representative, attorney, or proxy, when so authorized by the instrument appointing such person, may substitute or delegate such person's powers in whole or in part and revoke and cancel such substitutions or delegations.  No special authorization by the Board shall be necessary in connection with the foregoing, and this bylaw shall be deemed to constitute full and complete authority to the officers above designated to do all the acts and things as they deem necessary or incidental thereto or in connection therewith.

* * *

**DECHERT LLP DRAFT 09/11/2025**

## AMENDED AND RESTATED
## CERTIFICATE OF FORMATION
## OF
## [●] LLC

This Amended and Restated Certificate of Formation of [●] LLC (the "**LLC**"), dated as of [●], 2025, has been duly executed and is being filed by the undersigned authorized person in accordance with the provisions of 6 Del. C. §18-208, to amend and restate the original Certificate of Formation of the LLC which was filed on [●] in the original name of [●] LLC, with the Secretary of State of the State of Delaware, as heretofore amended (the "**Certificate**"), to form a limited liability company under the Delaware Limited Liability Company Act (6 Del. C. §18-101, *et seq*.).

The Certificate is hereby amended and restated in its entirety to read as follows:

A.    <u>Name</u>.  The name of the limited liability company formed and continued hereby is [●] LLC.

B.    <u>Registered Office</u>.  The address of the registered office of the LLC in the State of Delaware is c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, DE  19801.

C.    <u>Registered Agent</u>.  The name and address of the registered agent for service of process on the LLC in the State of Delaware is The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, DE  19801.

IN  WITNESS  WHEREOF,  the undersigned has executed this Amended and Restated Certificate of Formation as of the date first-above written.

_____
[●]
Authorized Person

DECHERT LLP DRAFT 09/11/2025

**AMENDED AND RESTATED
CERTIFICATE OF INCORPORATION
OF
[●] INC.**

[●] Inc., a corporation organized and existing under the General Corporation Law of the State of Delaware (the "**Corporation**"),

DOES HEREBY CERTIFY THAT:

FIRST:  The present name of the Corporation is "[●] Inc."  [The original name of the Corporation was [●].]  The date of filing of the original Certificate of Incorporation of the Corporation with the Secretary of State of the State of Delaware was [●].

SECOND:  This Amended and Restated Certificate of Incorporation (this "**Amended and Restated Certificate**") amends and restates in its entirety the Certificate of Incorporation of the Corporation.  [This Amended and Restated Certificate has been duly adopted and approved by the board of directors of the Corporation by unanimous written consent in lieu of a meeting thereof in accordance with the provisions of Sections 141(f), 242 and 245 of the General Corporation Law of the State of Delaware (as amended from time to time, the "**DGCL**") and by written consent of the stockholders of the Corporation given in accordance with the provisions of Sections 141 and 228 of the DGCL, with written notice to those stockholders who did not consent as provided in Section 228 of the DGCL.]

THIRD:  This Amended and Restated Certificate shall become effective immediately upon its filing with the Secretary of State of the State of Delaware.

FOURTH:  Upon the filing with the Secretary of State of the State of Delaware of this Amended and Restated Certificate, the Certificate of Incorporation of the Corporation shall be amended and restated in its entirety to read as set forth on **<u>Exhibit A</u>** attached hereto.

IN WITNESS WHEREOF, the Corporation has caused this Amended and Restated Certificate to be executed by a duly authorized officer as of [●], 2025.

By: _____
Name:
Title:

EXHIBIT A

**AMENDED AND RESTATED
CERTIFICATE OF INCORPORATION
OF
[●] INC.**

1.   <u>Name</u>.  The name of the corporation is [●] Inc. (the "**Corporation**").

2.   <u>Registered Office and Agent</u>.  The address of the Corporation's registered office in the State of Delaware is 1209 Orange Street, Wilmington, New Castle County, DE 19801.  The name of the Corporation's registered agent at such address is The Corporation Trust Company.

3.   <u>Purpose</u>.  The purposes for which the Corporation is formed are to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware (as amended from time to time, the "**DGCL**") and to possess and exercise all of the powers and privileges granted by such law and any other law of the State of Delaware.

4.   <u>Authorized Capital</u>.  The aggregate number of shares of stock which the Corporation shall have authority to issue is [●] shares, all of which are of one class and are designated as Common Stock and each of which has a par value of $.0001.

5.   <u>Bylaws</u>.  The board of directors of the Corporation (the "**Board**") is authorized to adopt, amend or repeal the bylaws of the Corporation, except as otherwise specifically provided therein.

6.   <u>Elections of Directors</u>.  Elections of directors need not be by written ballot unless the bylaws of the Corporation shall so provide.

7.   <u>Right to Amend</u>.  The Corporation reserves the right to amend any provision contained in this Amended and Restated Certificate of Incorporation as the same may from time to time be in effect in the manner now or hereafter prescribed by law, and all rights conferred on stockholders or others hereunder are subject to such reservation.

8.   <u>Limitation on Liability</u>.  The directors of the Corporation shall be entitled to the benefits of all limitations on the liability of directors generally that are now or hereafter become available under the DGCL.  Without limiting the generality of the foregoing, no director of the Corporation shall be liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the DGCL, or (iv) for any transaction from which the director derived an improper personal benefit.  Any repeal or modification of this <u>Section 8</u> shall be prospective only, and shall not affect, to the detriment of any director, any limitation on the personal liability of a director of the Corporation existing at the time of such repeal or modification.

2

9.      Indemnification.  To the fullest extent permitted by applicable law, the Corporation shall indemnify, defend and hold harmless each current and former (i) stockholder and any affiliate of the foregoing, (ii) controlling person, director, officer and agent (upon the consent of the Board) of the Corporation and each person set forth in the forgoing clause (i), and (iii) person referred to in the foregoing clauses (i) and (ii) who is or was serving at the request of the Corporation as a partner, manager, director, officer, employee, agent, trustee or representative of another person (each of the persons in the foregoing clauses (i) through (iii), a "**Covered Person**," and collectively the "**Covered Persons**"), in each case, who is or was a party to or is or was threatened to be made a party to or is or was otherwise involved in any action, suit, demand, claim, investigation, or proceeding, whether civil, criminal, administrative or investigative (each, an "**Action**"), arising from, related to or in connection with the operation of the business of the Corporation and by reason of the fact that such person is or was a Covered Person, against any losses, claims, damages, liabilities, expenses (including reasonable and documented legal fees and reasonable fees of investigation), judgments, fines and amounts paid in settlement ("**Indemnified Costs**") reasonably incurred by such Covered Person in connection with such Action, except that (x) no Covered Person shall be entitled to be indemnified by the Corporation in respect of any Indemnified Costs which result from such Covered Person's fraud, bad faith, gross negligence or willful misconduct, and (y) no Covered Person who is an employee or officer of the Corporation or any of its subsidiaries shall be entitled to be indemnified by the Corporation in respect of any Action initiated, commenced or threatened by such person against a Covered Person (unless and to the extent such Action is to seek Indemnified Costs in accordance with this Section 9 in respect of an Action not initiated, commenced or threatened by such person). Any indemnity under this Section 9 by the Corporation shall be provided out of and to the extent of Corporation assets only, and no Covered Person shall have personal liability on account thereof.  The indemnification under this Section 9 shall continue as to a Covered Person who has ceased to serve in the capacity which initially entitled such Covered Person to indemnification hereunder.  Expenses that constitute Indemnified Costs incurred by a Covered Person in defending or participating in an Action referred to in this Section 9 shall be paid by the Corporation in advance of the final disposition of such Action; provided, however, that such expenses shall be advanced only upon delivery to the Corporation of a written undertaking by or on behalf of such Covered Person to repay such amount in full if it shall ultimately be determined by a court of competent jurisdiction that such Covered Person is not entitled to be indemnified by the Corporation as authorized in this Section 9 or otherwise.  Indemnified Costs incurred by other persons hereunder may be advanced upon such terms and conditions as the Board deems appropriate.  Any obligation to reimburse the Corporation for expense advances shall be unsecured and no interest shall be charged thereon.

10.     Business Combinations with Interested Stockholders.  The Corporation elects not to be governed by Section 203 of the DGCL.

11.     Non-Voting Securities.  The Corporation shall not issue any non-voting equity securities to the extent prohibited by Section 1123(a)(6) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") as in effect date of the filing of this Certificate with the Secretary of State of the State of Delaware; *provided, however,* that the foregoing restriction: (i) shall have such force and effect only for so long as Section 1123 of the Bankruptcy Code is in effect and applicable to the Corporation or any of its affiliates, (ii) shall not have any further force or effect beyond that required under Section 1123(a)(6) of the

3

Bankruptcy Code, and (iii) may be amended or eliminated in accordance with applicable law as from time to time may be in effect.

[●] **AMENDED AND RESTATED**

**LIMITED LIABILITY COMPANY AGREEMENT**

**OF**

[●] **LLC**

This [●] Amended and Restated Limited Liability Company Agreement (the "**Agreement**") of [●] LLC (the "**Company**") is adopted and entered into by the sole member of the Company named herein (the "**Sole Member**") effective as of [●], 2025 (the "**Effective Time**").

WHEREAS, the Company was initially formed as a limited liability company in accordance with the Delaware Limited Liability Company Act (6 Del. C. §18-101, et seq.) (as amended from time to time, the "**Act**") by the filing of the Certificate of Formation of the Company (the "**Certificate**") with the Delaware Secretary of State;

WHEREAS, the Company and the Sole Member entered into that certain [Amended and Restated] Limited Liability Company Agreement of the Company, dated [●] (the "**Prior Agreement**");

WHEREAS, on June 16, 2025, the Company and certain of its affiliates (collectively, the "**Debtors**") filed voluntary petitions for relief commencing cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., before the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and

WHERAS, in accordance with the chapter 11 plan of reorganization filed by the Debtors with the Bankruptcy Court, the Company and the Sole Member desire to amend and restate the Prior Agreement in its entirety on the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Sole Member, intending to be legally bound, hereby agrees as follows:

1.      Formation. The Company was formed upon the filing of the Certificate with the Secretary of State of the State of Delaware pursuant to the Act. All acts undertaken in the formation of the Company are hereby ratified. The rights and liabilities of the Sole Member shall be as provided for in the Delaware Act if not otherwise expressly provided for in this Agreement. Upon the execution of this Agreement, the Sole Member and each Managing Director (as defined herein) is hereby designated as an "authorized person" of the Company and shall continue as a designated "authorized person" of the Company within the meaning of the Act.

2.      Name. The name of the Company is "[●] LLC".

3.      Purpose. The purpose of the Company, and the nature of the business to be conducted and promoted by the Company, is engaging in any lawful act or activity for which limited liability companies may be formed under the Act and engaging in any and all activities necessary, advisable or incidental to the foregoing.

4.      Powers of the Company. Subject to any limitations set forth in this Agreement, the Company shall have the power and authority to take any and all actions necessary, appropriate, proper, advisable, incidental or convenient to or for the furtherance of the purposes set forth in Section 3, including without limitation the power to borrow money and issue evidences of indebtedness in furtherance of the purposes of the Company.

5.      Registered Office. The address of the registered office of the Company in the State of Delaware shall be located at the location provided in the Certificate. The Company may also have

offices at such other places within or without the State of Delaware as the Sole Member may from time to time designate or the business of the Company may require.

6.      Registered Agent. The name and address of the registered agent of the Company for service of process on the Company in the State of Delaware shall be located at the location provided in the Certificate.

7.      Ownership of Property. Legal title to all assets, rights and property, whether real, personal or mixed, conveyed to or held by the Company shall reside in the Company, and shall be conveyed only in the name of the Company, and no member or any other person shall have any ownership of such assets, rights or property.

8.      Term. The term of the Company shall continue until the Company is dissolved as provided in Section 23.

9.      Fiscal Year. The fiscal year of the Company shall end on [December 31[1]], or such other date as may be designated by the Sole Member from time to time.

10.      Sole Member. The name and the mailing address of the Sole Member is as follows:

Name:              [●]

Address:           [●]

11.      Ownership of Property. Legal title to all assets, rights and property, whether real, personal or mixed, conveyed to or held by the Company shall reside in the Company, and shall be conveyed only in the name of the Company, and no member or any other person shall have any ownership of such assets, rights or property.

12.      Management. The Sole Member is the Manager of the Company (as such term is defined in the Act), and the business and affairs of the Company shall be managed exclusively by and under the direction of the Sole Member. The Sole Member shall have the power to do any and all acts necessary or convenient to or in furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by the Sole Member under the laws of the State of Delaware. Notwithstanding any other provision of this Agreement, the Sole Member may execute, deliver and perform any agreements, documents or other instruments on behalf of the Company.

13.      Officers. The Sole Member may appoint individuals, with such titles as the Sole Member may select, as officers of the Company (each an "**Authorized Person**", collectively, the "**Authorized Persons**") to act on behalf of the Company, with such power, authority, duties and responsibilities as the Sole Member may delegate from time to time to any such person. No such delegation shall cause the Sole Member to cease to be the Manager of the Company as such term is defined in the Act. Each Authorized Person shall have the authority to bind the Company through the exercise of such powers (including, without limitation, by the execution and delivery of documents in the name and on behalf of the Company) subject to, and only to the extent consistent with, the direction of the Sole Member. Any such Authorized Persons may be appointed or removed by the Sole Member at any time and from time to time, with or without cause, and shall serve until the earlier of his or her death, resignation or removal. The Sole Member hereby appoints each of the following individuals effective immediately upon the execution of this Agreement to the office set forth opposite such individual's name below (for purposes of this Agreement, each such person a "**Managing Director**", and collectively, the "**Managing Directors**"), which such Managing Directors shall be responsible for the day-to-day business, operations and affairs of the Company:

---

[1]      **Note to Draft**: Debtors to confirm fiscal year for all subsidiaries.

| Name | Title |
|------|-------|
| [●] | President |
| [●] | Vice President and Secretary |

14.    Capital Contributions. No loan made to the Company by the Sole Member shall constitute a capital contribution to the Company for any purpose. The Sole Member is not required to make any capital contributions to the Company. The Sole Member shall have the right, but not the obligation, to make an initial capital contribution and/or additional capital contributions to the Company.

15.    Membership Interest. A "**Membership Interest**" means a member's entire limited liability company interest in the Company at any date of determination, including the right of such member to any and all benefits to which a member may be entitled as provided under the Act, the Certificate, or this Agreement, together with the obligations of such member to comply with all of the terms and provisions of this Agreement, the Certificate and the Act. As of the date hereof, the Sole Member holds 100% of the Membership Interests in the Company.

16.    Allocation of Profits and Losses. The Company's profits and losses shall be allocated solely to the Sole Member.

17.    Distributions. Distributions shall be made to the Sole Member at the times and in the aggregate amounts determined by the Sole Member. Notwithstanding anything to the contrary contained herein, the Company shall not make a distribution to the Sole Member on account of the interest of the Sole Member in the Company if such distribution would violate the Act or other applicable law.

18.    Assignments. The Sole Member shall be permitted to transfer all or part of its Membership Interest in the Company to any person or entity that assumes all or such portion of the Sole Member's obligations under this Agreement. If the Sole Member assigns all or part of its Membership Interest in the Company pursuant to this Section 18, the assignee shall be admitted to the Company upon its execution of an instrument signifying its agreement to be bound by the terms and conditions of this Agreement. Such admission shall be deemed effective immediately prior to the assignment, and, if the Sole Member assigns all of its Membership Interests in the Company, then immediately following such admission, the assigning member shall cease to be a member of the Company.

19.    Resignation. The Sole Member may only resign from the Company if it has transferred all of its Membership Interest in the Company to another person or entity.

20.    Admission of Additional Members. In the sole discretion of the Sole Member, the Company may admit any person as an additional member of the Company. Prior to the admission of any additional members to the Company, including any additional member admitted pursuant to Section 18, the Sole Member may amend this Agreement to make such changes as the Sole Member shall determine to reflect that fact that the Company shall have such additional member(s). Each additional member shall be admitted upon its execution and delivery of a counterpart to this Agreement or other instrument pursuant to which it agrees to be bound by this Agreement.

21.    Liability of Member; Exculpation.

(a)    Except as otherwise provided by the Act, the debts, obligations and liabilities of the Company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company, and no Released Party shall be obligated personally for any such debt, obligation or liability of the Company solely by reason of being a member, manager, or officer of the Company.

(b)    To the fullest extent permitted by law (including Section 18-1101(c) and (e) of

3

the Act):

(i)        Notwithstanding any duty otherwise existing at law or in equity, or any other provision of this Agreement, neither the Sole Member (or any additional member admitted pursuant to <u>Section 20</u>) (nor any person or entity controlling the Sole Member or such member) nor any Managing Director or Authorized Person (each a of the foregoing a "**Released Party**") shall owe any duty (including fiduciary duties) to the Company, or any other person or entity that is a party to or is otherwise bound by this Agreement; *provided, however,* that this <u>Section 21(b)</u> shall not eliminate the implied contractual covenant of good faith and fair dealing;

(ii)       No Released Party shall have any personal liability to the Company, the Sole Member or any other person or entity that is a party to or is otherwise bound by this Agreement for monetary damages in connection with any act or failure to act, or breach, whether hereunder or otherwise; *provided, however,* that this <u>Section 21(b)(ii)</u> shall not limit or eliminate liability for any act or omission that constitutes a bad faith violation of the implied contractual covenant of good faith and fair dealing.

(c)        If any provision of this <u>Section 21</u> is held to be invalid, illegal or unenforceable, the duties and personal liability of any Released Party or any other person or entity that is a party to or is otherwise bound by this Agreement shall be eliminated to the greatest extent permitted under the Act.

22.    <u>Indemnification.</u>

(a)        To the fullest extent permitted by applicable law, the Company shall indemnify, defend and hold harmless each current and former (i) member and any affiliate of the foregoing, (ii) controlling person, director, officer and agent (upon the consent of the Sole Member) of the Company and each person set forth in the forgoing clauses (i), and (iii) person referred to in the foregoing clauses (i) and (ii) who is or was serving at the request of the Company as a partner, manager, director, officer, employee, agent, trustee or representative of another person (each of the persons in the foregoing clauses (i) through (iii), a "**Covered Person**," and collectively the "**Covered Persons**"), in each case, who is or was a party to or is or was threatened to be made a party to or is or was otherwise involved in any action, suit, demand, claim, investigation, or proceeding, whether civil, criminal, administrative or investigative (each, an "**Action**"), arising from, related to or in connection with the operation of the business of the Company and by reason of the fact that such person is or was a Covered Person, against any losses, claims, damages, liabilities, expenses (including reasonable and documented legal fees and reasonable fees of investigation), judgments, fines and amounts paid in settlement ("**Indemnified Costs**") reasonably incurred by such Covered Person in connection with such Action, except that (x) no Covered Person shall be entitled to be indemnified by the Company in respect of any Indemnified Costs which result from such Covered Person's fraud, bad faith, gross negligence or willful misconduct, and (y) no Covered Person who is an employee or officer of the Company or any of its subsidiaries shall be entitled to be indemnified by the Company in respect of any Action initiated, commenced or threatened by such person against a Covered Person (unless and to the extent such Action is to seek Indemnified Costs in accordance with this <u>Section 22</u> in respect of an Action not initiated, commenced or threatened by such person). Any indemnity under this <u>Section 22</u> by the Company shall be provided out of and to the extent of Company assets only, and no Covered Person shall have personal liability on account thereof. The indemnification under this <u>Section 22</u> shall continue as to a Covered Person who has ceased to serve in the capacity which initially entitled such Covered Person to indemnification hereunder.

(b)        Expenses that constitute Indemnified Costs incurred by a Covered Person in defending or participating in an Action referred to in this <u>Section 22</u> shall be paid by the Company in advance of the final disposition of such Action; *provided, however*, that such expenses shall be advanced only upon delivery to the Company of a written undertaking by or on behalf of such Covered Person to repay such amount in full if it shall ultimately be determined by a court of competent jurisdiction that such Covered Person is not entitled to be indemnified by the Company as authorized in this <u>Section 22</u> or otherwise. Indemnified Costs incurred by other persons hereunder may be advanced upon such terms

4

and conditions as the Sole Member deems appropriate. Any obligation to reimburse the Company for expense advances shall be unsecured and no interest shall be charged thereon.

(c)     The Covered Persons may also have certain rights to indemnification and advancement by current or former direct and indirect equity holders of the Company and/or any of their respective affiliates and/or insurance provided by such equity holders or affiliates (excluding the Company and its subsidiaries, the "**Fund Indemnitors**"). Each of the Company and the Sole Member agrees and acknowledges that the Company and its subsidiaries, jointly and severally, are the indemnitors of first resort (it being understood, for the avoidance of doubt, that the obligations of the Company hereunder to the Covered Persons are primary, and any obligation of the Fund Indemnitors to indemnify, advance expenses or to provide indemnification or insurance (including through director and officer insurance policies) to the Covered Persons are secondary), and that the Company shall be required to advance the full amount of Indemnified Costs incurred by such Covered Persons and shall be liable for the full amount of all Indemnified Costs to the extent legally permitted and as required by the terms of this Agreement (or any other agreement between the Company and any such Covered Person), without regard to any rights such Covered Persons may have against the Fund Indemnitors. Each of the Company and, to the fullest extent permitted by law, its subsidiaries irrevocably waives, relinquishes and releases the Fund Indemnitors from any and all Actions against the Fund Indemnitors for contribution, subrogation or any other recovery of any kind in respect of advancements or other payments (including any Indemnified Costs). Each of the Company and, to the fullest extent permitted by law, its subsidiaries further agrees that no advancement or other payment by the Fund Indemnitors on behalf of any Covered Person with respect to any Action for which such Covered Person has sought indemnification or advancement or insurance from the Company or any of its subsidiaries shall affect the foregoing, and the Fund Indemnitors shall have a right of contribution and/or be subrogated to the extent of such advancements or other payments. Nothing in the foregoing shall be deemed a limitation on a Covered Person's right to indemnification.

(d)     The foregoing provisions of this Section 22 shall survive termination of this Agreement.

23.     Dissolution and Winding Up.

(a)     Events of Dissolution. The Company shall be dissolved upon the first to occur of any of the following events:

(i)     the written consent of the Sole Member; or

(ii)     at any time there are no members of the Company unless the Company is continued without dissolution in accordance with the Act; or

(iii)     the entry of a decree of judicial dissolution of the Company under the Act.

(b)     The bankruptcy (as defined at Sections 18-101(1) and 18-304 of the Act) of the Sole Member shall not cause the Sole Member to cease to be a member of the Company and upon the occurrence of such an event, the Company shall continue without dissolution.

(c)     In the event of dissolution, the Company shall conduct only such activities as are necessary to wind up its affairs (including the sale of the assets of the Company in an orderly manner), and the assets of the Company shall be applied in the manner, and in the order of priority, set forth in Section 18-804 of the Act.

(d)     The Company shall terminate when (i) all of the assets of the Company, after payment of or due provision for all debts, liabilities and obligations of the Company, shall have been distributed to the Sole Member in the manner provided for in this Agreement and (ii) the Certificate of the Company shall have been canceled in the manner required by the Act.

24.    <u>Waivers and Amendments.</u> This Agreement may not be amended or supplemented, and no waiver of or consent to departures from the provisions hereof shall be effective, unless set forth in a writing signed by the Sole Member.

25.    <u>Counterparts.</u> This Agreement may be executed in several counterparts (including facsimile and electronic transmission), each of which shall be deemed an original and all of which shall together constitute one and the same instrument.

26.    <u>Governing Law.</u> THIS AGREEMENT SHALL BE GOVERNED IN ALL RESPECTS, INCLUDING AS TO VALIDITY, INTERPRETATION AND EFFECT, BY THE INTERNAL LAWS OF THE STATE OF DELAWARE, WITHOUT GIVING EFFECT TO THE CONFLICT OF LAWS RULES THEREOF.

27.    <u>Tax Matters</u>. The Company and the Manager shall comply with all requirements of the United States Internal Revenue Code of 1986, as amended, with respect to the Company. In this regard, the Company shall be a disregarded entity for federal tax purposes as an entity separate from the Sole Member as provided in U.S. Treasury Regulations Section 301.7701-3 (and all analogous applicable provisions of U.S. state and local tax law, but only to the extent consistent with such laws).

28.    <u>Non-Voting Securities</u>. The Company shall not issue any non-voting equity securities to the extent prohibited by Section 1123(a)(6) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") as in effect on the date of this Agreement; *provided, however,* that the foregoing restriction: (i) shall have such force and effect only for so long as Section 1123 of the Bankruptcy Code is in effect and applicable to the Company or any of its affiliates, (ii) shall not have any further force or effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, and (iii) may be amended or eliminated in accordance with applicable law as from time to time may be in effect.

*[Signature page follows]*

**IN WITNESS WHEREOF** the undersigned, intending to be legally bound, has caused this [●] Amended and Restated Limited Liability Company Agreement of [●] LLC to be duly executed effective as of the Effective Time.

SOLE MEMBER:

**[●]**

By: _____
       Name:
       Title:

DECHERT LLP DRAFT 09/11/2025

**AMENDED AND RESTATED**
**ARTICLES OF ORGANIZATION**
**OF**
**[●] LLC**

The undersigned, on behalf of [●], a limited liability company organized and existing under the Virginia Limited Liability Company Act (the "**Company**"), pursuant to Title 13.1, Chapter 12, Article 2 of the Code of Virginia, states as follows:

1.      The name of the Company is [●].

2.      The text of the Amended and Restated Articles of Organization (the "**Amended and Restated Articles**") is attached hereto as <u>**Exhibit A**</u>.

3.      The Amended and Restated Articles contain an amendment and restatement of the Articles of Organization of the Company.

4.      The Amended and Restated Articles were adopted by the Company on [●], 2025 and approved by the vote of the sole member of the Company in accordance with the Virginia Limited Liability Company Act.

IN WITNESS WHEREOF, the Company has caused Amended and Restated Articles to be executed by the undersigned, a person authorized by the sole member to execute this instrument, as of [●], 2025.

By: _____
Name:


SCC ID No.:

**EXHIBIT A**

**AMENDED AND RESTATED**
**ARTICLES OF ORGANIZATION**
**OF**
**[●] LLC**

      1.      <u>Name</u>.  The name of the limited liability company is [●] (the "**LLC**").

      2.      <u>Principal Address</u>:  The principal address of the LLC is [●].

      3.      <u>Registered Agent</u>.   The name of the LLC's registered agent is C T Corporation System, a domestic or foreign stock or nonstock corporation, limited liability company or registered limited liability partnership authorized to transact business in the Commonwealth of Virginia.

      4.      <u>Registered Office</u>.   The address of the LLC's registered office in the Commonwealth of Virginia is 4701 Cox Road, Suite 285, Glen Allen, Henrico County, VA 23060.

[●] AMENDED AND RESTATED
LIMITED LIABILITY COMPANY OPERATING AGREEMENT
OF
[●] LLC

This [●] Amended and Restated Limited Liability Company Operating Agreement (the "**Agreement**") of [●] LLC (the "**Company**") is adopted and entered into by the sole member of the Company named herein (the "**Sole Member**") effective as of [●], 2025 (the "**Effective Time**").

WHEREAS, the Company was initially formed as a limited liability company in accordance with the Virginia Limited Liability Company Act (as amended from time to time, the "**Act**") by the filing of the Articles of Organization of the Company (the "**Articles**") with the Commonwealth of Virginia State Corporation Commission ("**SCC**");

WHEREAS, the Company and the Sole Member entered into that certain [Amended and Restated] Limited Liability Company Operating Agreement of the Company, dated [●] (the "**Prior Agreement**");

WHEREAS, on June 16, 2025, the Company and certain of its affiliates (collectively, the "**Debtors**") filed voluntary petitions for relief commencing cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., before the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and

WHERAS, in accordance with the chapter 11 plan of reorganization filed by the Debtors with the Bankruptcy Court, the Company and the Sole Member desire to amend and restate the Prior Agreement in its entirety on the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Sole Member, intending to be legally bound, hereby agrees as follows:

1.    Formation. The Company was formed upon the filing of the Articles with the SCC pursuant to the Act. All acts undertaken in the formation of the Company are hereby ratified. The rights and liabilities of the Sole Member shall be as provided for in the Act if not otherwise expressly provided for in this Agreement.

2.    Name. The name of the Company is "[●] LLC".

3.    Purpose. The purpose of the Company, and the nature of the business to be conducted and promoted by the Company, is engaging in any lawful act or activity for which limited liability companies may be formed under the Act and engaging in any and all activities necessary, advisable or incidental to the foregoing.

4.    Powers of the Company. Subject to any limitations set forth in this Agreement, the Company shall have the power and authority to take any and all actions necessary, appropriate, proper, advisable, incidental or convenient to or for the furtherance of the purposes set forth in this Section 4, including without limitation the power to borrow money and issue evidences of indebtedness in furtherance of the purposes of the Company.

5.    Registered Office. The address of the registered office of the Company in the Commonwealth of Virginia shall be located at the location provided in the Articles. The Company may also have offices at such other places within or without the Commonwealth of Virginia as the Sole Member may from time to time designate or the business of the Company may require.

6.  <u>Registered Agent.</u> The name and address of the registered agent of the Company for service of process on the Company in the Commonwealth of Virginia shall be located at the location provided in the Articles.

7.  <u>Ownership of Property</u>. Legal title to all assets, rights and property, whether real, personal or mixed, conveyed to or held by the Company shall reside in the Company, and shall be conveyed only in the name of the Company, and no member or any other person shall have any ownership of such assets, rights or property.

8.  <u>Term.</u> The term of the Company shall continue until the Company is dissolved as provided in <u>Section 23</u>.

9.  <u>Fiscal Year.</u> The fiscal year of the Company shall end on [December 31[1]], or such other date as may be designated by the Sole Member from time to time.

10. <u>Sole Member.</u> The name and the mailing address of the Sole Member is as follows:

Name:                    [●]

Address:                 [●]

11. <u>Ownership of Property</u>. Legal title to all assets, rights and property, whether real, personal or mixed, conveyed to or held by the Company shall reside in the Company, and shall be conveyed only in the name of the Company, and no member or any other person shall have any ownership of such assets, rights or property.

12. <u>Management.</u> The Company shall be member-managed (as such term is used in the Act). The business and affairs of the Company shall be managed exclusively by and under the direction of the Sole Member. The Sole Member shall have the power to do any and all acts necessary or convenient to or in furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by the Sole Member under the laws of the Commonwealth of Virginia. Notwithstanding any other provision of this Agreement, the Sole Member may execute, deliver and perform any agreements, documents or other instruments on behalf of the Company.

13. <u>Officers.</u> The Sole Member may appoint individuals, with such titles as the Sole Member may select, as officers of the Company (each an "**Authorized Person**", collectively, the "**Authorized Persons**") to act on behalf of the Company, with such power, authority, duties and responsibilities as the Sole Member may delegate from time to time to any such person. No such delegation shall cause the Sole Member to cease to be the managing member of the Company. Each Authorized Person shall have the authority to bind the Company through the exercise of such powers (including, without limitation, by the execution and delivery of documents in the name and on behalf of the Company) subject to, and only to the extent consistent with, the direction of the Sole Member. Any such Authorized Persons may be appointed or removed by the Sole Member at any time and from time to time, with or without cause, and shall serve until the earlier of his or her death, resignation or removal. The Sole Member hereby appoints each of the following individuals effective immediately upon the execution of this Agreement to the office set forth opposite such individual's name below (for purposes of this Agreement, each such person a "**Managing Director**", and collectively, the "**Managing Directors**"), which such Managing Directors shall be responsible for the day-to-day business, operations and affairs of the Company:

Name                        Title

[●]                         President

---

[1]  **Note to Draft**:  Debtors to confirm current fiscal year for all subsidiaries.

[●]                                    Vice President and Secretary

14.    Capital Contributions. No loan made to the Company by the Sole Member shall constitute a capital contribution to the Company for any purpose. The Sole Member is not required to make any capital contributions to the Company. The Sole Member shall have the right, but not the obligation, to make an initial capital contribution and/or additional capital contributions to the Company.

15.    Membership Interest. A "**Membership Interest**" means a member's entire limited liability company interest in the Company at any date of determination, including the right of such member to any and all benefits to which a member may be entitled as provided under the Act, the Articles, or this Agreement, together with the obligations of such member to comply with all of the terms and provisions of this Agreement, the Articles and the Act. As of the date hereof, the Sole Member holds 100% of the Membership Interests in the Company.

16.    Allocation of Profits and Losses. The Company's profits and losses shall be allocated solely to the Sole Member.

17.    Distributions. Distributions shall be made to the Sole Member at the times and in the aggregate amounts determined by the Sole Member. Notwithstanding anything to the contrary contained herein, the Company shall not make a distribution to the Sole Member on account of the interest of the Sole Member in the Company if such distribution would violate the Act or other applicable law.

18.    Assignments. The Sole Member shall be permitted to transfer all or part of its Membership Interest in the Company to any person or entity that assumes all or such portion of the Sole Member's obligations under this Agreement. If the Sole Member assigns all or part of its Membership Interest in the Company pursuant to this Section 18, the assignee shall be admitted to the Company upon its execution of an instrument signifying its agreement to be bound by the terms and conditions of this Agreement. Such admission shall be deemed effective immediately prior to the assignment, and, if the Sole Member assigns all of its Membership Interests in the Company, then immediately following such admission, the assigning member shall cease to be a member of the Company.

19.    Resignation. The Sole Member may only resign from the Company if it has transferred all of its Membership Interest in the Company to another person or entity.

20.    Admission of Additional Members. In the sole discretion of the Sole Member, the Company may admit any person as an additional member of the Company. Prior to the admission of any additional members to the Company, including any additional member admitted pursuant to Section 18, the Sole Member may amend this Agreement to make such changes as the Sole Member shall determine to reflect that fact that the Company shall have such additional member(s). Each additional member shall be admitted upon its execution and delivery of a counterpart to this Agreement or other instrument pursuant to which it agrees to be bound by this Agreement.

21.    Liability of Member; Exculpation.

(a)    Except as otherwise provided by the Act, the debts, obligations and liabilities of the Company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company, and no Released Party shall be obligated personally for any such debt, obligation or liability of the Company solely by reason of being a member, manager, or officer of the Company.

(b)    To the fullest extent permitted by law (including Section § 13.1-1025 of the Act):

(i)    Notwithstanding any duty otherwise existing at law or in equity, or any other provision of this Agreement, neither the Sole Member (or any additional member admitted

3

pursuant to Section 20) (nor any person or entity controlling the Sole Member or such member) nor any Managing Director or Authorized Person (each a of the foregoing a "**Released Party**") shall owe any duty (including fiduciary duties) to the Company, or any other person or entity that is a party to or is otherwise bound by this Agreement; *provided, however,* that this Section 21(b) shall not eliminate the implied contractual covenant of good faith and fair dealing;

(ii)     No Released Party shall have any personal liability to the Company, the Sole Member or any other person or entity that is a party to or is otherwise bound by this Agreement for monetary damages in connection with any act or failure to act, or breach, whether hereunder or otherwise; *provided, however,* that this Section 21(b)(ii) shall not limit or eliminate liability for any act or omission that constitutes a bad faith violation of the implied contractual covenant of good faith and fair dealing, willful misconduct or violation of criminal law.

(c)     If any provision of this Section 21 is held to be invalid, illegal or unenforceable, the duties and personal liability of any Released Party or any other person or entity that is a party to or is otherwise bound by this Agreement shall be eliminated to the greatest extent permitted under the Act.

22.    Indemnification.

(a)     To the fullest extent permitted by applicable law, the Company shall indemnify, defend and hold harmless each current and former (i) member and any affiliate of the foregoing, (ii) controlling person, director, officer and agent (upon the consent of the Sole Member) of the Company and each person set forth in the forgoing clause (i), and (iii) person referred to in the foregoing clauses (i) and (ii) who is or was serving at the request of the Company as a partner, manager, director, officer, employee, agent, trustee or representative of another person (each of the persons in the foregoing clauses (i) through (iii), a "**Covered Person**," and collectively the "**Covered Persons**"), in each case, who is or was a party to or is or was threatened to be made a party to or is or was otherwise involved in any action, suit, demand, claim, investigation, or proceeding, whether civil, criminal, administrative or investigative (each, an "**Action**"), arising from, related to or in connection with the operation of the business of the Company and by reason of the fact that such person is or was a Covered Person, against any losses, claims, damages, liabilities, expenses (including reasonable and documented legal fees and reasonable fees of investigation), judgments, fines and amounts paid in settlement ("**Indemnified Costs**") reasonably incurred by such Covered Person in connection with such Action, except that (x) no Covered Person shall be entitled to be indemnified by the Company in respect of any Indemnified Costs which result from such Covered Person's fraud, bad faith, gross negligence or willful misconduct, and (y) no Covered Person who is an employee or officer of the Company or any of its subsidiaries shall be entitled to be indemnified by the Company in respect of any Action initiated, commenced or threatened by such person against a Covered Person (unless and to the extent such Action is to seek Indemnified Costs in accordance with this Section 22 in respect of an Action not initiated, commenced or threatened by such person). Any indemnity under this Section 22 by the Company shall be provided out of and to the extent of Company assets only, and no Covered Person shall have personal liability on account thereof. The indemnification under this Section 22 shall continue as to a Covered Person who has ceased to serve in the capacity which initially entitled such Covered Person to indemnification hereunder.

(b)     Expenses that constitute Indemnified Costs incurred by a Covered Person in defending or participating in an Action referred to in this Section 22 shall be paid by the Company in advance of the final disposition of such Action; *provided, however*, that such expenses shall be advanced only upon delivery to the Company of a written undertaking by or on behalf of such Covered Person to repay such amount in full if it shall ultimately be determined by a court of competent jurisdiction that such Covered Person is not entitled to be indemnified by the Company as authorized in this Section 22 or otherwise. Indemnified Costs incurred by other persons hereunder may be advanced upon such terms and conditions as the Sole Member deems appropriate. Any obligation to reimburse the Company for expense advances shall be unsecured and no interest shall be charged thereon.

4

(c)      The Covered Persons may also have certain rights to indemnification and advancement by current or former direct and indirect equity holders of the Company and/or any of their respective affiliates and/or insurance provided by such equity holders or affiliates (excluding the Company and its subsidiaries, the "**Fund Indemnitors**"). Each of the Company and the Sole Member agrees and acknowledges that the Company and its subsidiaries, jointly and severally, are the indemnitors of first resort (it being understood, for the avoidance of doubt, that the obligations of the Company hereunder to the Covered Persons are primary, and any obligation of the Fund Indemnitors to indemnify, advance expenses or to provide indemnification or insurance (including through director and officer insurance policies) to the Covered Persons are secondary), and that the Company shall be required to advance the full amount of Indemnified Costs incurred by such Covered Persons and shall be liable for the full amount of all Indemnified Costs to the extent legally permitted and as required by the terms of this Agreement (or any other agreement between the Company and any such Covered Person), without regard to any rights such Covered Persons may have against the Fund Indemnitors. Each of the Company and, to the fullest extent permitted by law, its subsidiaries irrevocably waives, relinquishes and releases the Fund Indemnitors from any and all Actions against the Fund Indemnitors for contribution, subrogation or any other recovery of any kind in respect of advancements or other payments (including any Indemnified Costs). Each of the Company and, to the fullest extent permitted by law, its subsidiaries further agrees that no advancement or other payment by the Fund Indemnitors on behalf of any Covered Person with respect to any Action for which such Covered Person has sought indemnification or advancement or insurance from the Company or any of its subsidiaries shall affect the foregoing, and the Fund Indemnitors shall have a right of contribution and/or be subrogated to the extent of such advancements or other payments. Nothing in the foregoing shall be deemed a limitation on a Covered Person's right to indemnification.

(d)      The foregoing provisions of this Section 22 shall survive termination of this Agreement.

23.      Dissolution and Winding Up.

(a)      Events of Dissolution. The Company shall be dissolved upon the first to occur of any of the following events:

(i)      the written consent of the Sole Member; or

(ii)      at any time there are no members of the Company unless the Company is continued without dissolution in accordance with the Act; or

(iii)      automatic or involuntary cancellation by the SCC; or

(iv)      the entry of a decree of judicial dissolution of the Company under the Act.

(b)      The bankruptcy of the Sole Member shall not cause the Sole Member to cease to be a member of the Company and upon the occurrence of such an event, the Company shall continue without dissolution.

(c)      Upon dissolution of the Company, the Company shall immediately commence to wind up its affairs and the Sole Member shall promptly liquidate the business of the Company. During the period of the winding up of the affairs of the Company, the rights and obligations of the Sole Member under this Agreement shall continue.

(d)      In the event of dissolution, the Company shall conduct only such activities as are necessary to wind up its affairs (including the sale of the assets of the Company in an orderly manner), and the assets of the Company shall be applied as follows: (i) first, to creditors, to the extent otherwise permitted by law, in satisfaction of liabilities of the Company (whether by payment or the making of reasonable provision for payment thereof); and (ii) second, to the Sole Member.

(e)    As soon as practicable after the Company is dissolved, the Sole Member shall file articles of cancellation in accordance with the LLCA.

24.    <u>Waivers and Amendments.</u> This Agreement may not be amended or supplemented, and no waiver of or consent to departures from the provisions hereof shall be effective, unless set forth in a writing signed by the Sole Member.

25.    <u>Counterparts.</u> This Agreement may be executed in several counterparts (including facsimile and electronic transmission), each of which shall be deemed an original and all of which shall together constitute one and the same instrument.

26.    <u>Governing Law.</u> THIS AGREEMENT SHALL BE GOVERNED IN ALL RESPECTS, INCLUDING AS TO VALIDITY, INTERPRETATION AND EFFECT, BY THE INTERNAL LAWS OF THE COMMONWEALTH OF VIRGINIA, WITHOUT GIVING EFFECT TO THE CONFLICT OF LAWS RULES THEREOF.

27.    <u>Tax Matters.</u> The Company and the Sole Member shall comply with all requirements of the United States Internal Revenue Code of 1986, as amended, with respect to the Company. In this regard, the Company shall be a disregarded entity for federal tax purposes as an entity separate from the Sole Member as provided in U.S. Treasury Regulations Section 301.7701-3 (and all analogous applicable provisions of U.S. state and local tax law, but only to the extent consistent with such laws).

28.    <u>Non-Voting Securities.</u> The Company shall not issue any non-voting equity securities to the extent prohibited by Section 1123(a)(6) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") as in effect on the date of this Agreement; *provided, however*, that the foregoing restriction: (i) shall have such force and effect only for so long as Section 1123 of the Bankruptcy Code is in effect and applicable to the Company or any of its affiliates, (ii) shall not have any further force or effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, and (iii) may be amended or eliminated in accordance with applicable law as from time to time may be in effect.

*[Signature page follows]*

**IN WITNESS WHEREOF** the undersigned, intending to be legally bound, has caused this [●] Amended and Restated Limited Liability Company Operating Agreement of [●] LLC to be duly executed effective as of the Effective Time.

<u>SOLE MEMBER</u>:

**[●]**

By: _____
     Name:
     Title:

**<u>Exhibit G</u>**

**Exit ABL Facility Documents**

[*To Come*]

**Exhibit H**

**Unsecured Claims Distribution Trust Agreement**

*K&E Draft 9.11.2025; Subject to Ongoing Review and Revisions*

**[AT HOME UNSECURED CLAIMS DISTRIBUTION TRUST AGREEMENT AND DECLARATION OF TRUST][1]**

This Unsecured Claims Distribution Trust Agreement and Declaration of Trust (this "Agreement"),[2] dated as of October __, 2025, is made by and among At Home Group Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors", and on and after the Effective Date, the "Reorganized Debtors")[3] in the Chapter 11 Cases, and _____, not individually but solely in its capacity as trustee (the "Trustee," and together with the Debtors, the "Parties," and each, a "Party").

**RECITALS**

1.      On June 16, 2025 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered under the caption *In re At Home Group Inc., et al.*, Case No. 25-11120 (JKS) (Bankr. D. Del.).

2.      On June 27, 2025, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") to represent the interests of all general unsecured creditors in the Chapter 11 Cases and filed the *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 197].

3.      On _____, 2025, the Bankruptcy Court entered an order [Docket No. ___] (the "Confirmation Order") confirming the *Joint Plan of Reorganization of At Home Group Inc.*

---

[1]   **[NTD:** This draft Agreement remains subject to further review and comment in all respects.]
[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or Confirmation Order (each as defined herein).
[3]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/AtHome.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  9000 Cypress Waters Blvd, Coppell, Texas 75019.

*and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 541] (as amended, supplemented, or otherwise modified from time to time, the "Plan").[4]

4.      Article IV.H of the Plan provides for the creation of the Unsecured Claims Distribution Trust (the "Trust") on the Effective Date.

5.      The Trust is to be established in accordance with the Plan, pursuant to the Confirmation Order, for the purpose of receiving, holding, administering, distributing, and liquidating the Unsecured Claims Distribution Trust Assets (the "Trust Assets") to and for the benefit of the Unsecured Claims Distribution Trust Beneficiaries (the "Trust Beneficiaries"), in accordance with the terms and conditions of this Agreement, the Plan, and the Confirmation Order, and with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the Plan and purpose of the Trust.

6.      The Trustee shall:  (a) be the exclusive administrator of the Trust Assets, including the Assigned Preference Actions, and (b) have the sole power and authority to (i) reconcile Class 9 General Unsecured Claims other than any Class 9 General Unsecured Claims expressly Allowed pursuant to the Plan or prior order of the Court, including the First Lien Deficiency Claims, including asserting any objections thereto (other than to the First Lien Deficiency Claims); (ii) prosecute, fund, settle, or otherwise resolve Assigned Preference Actions; and (iii) distribute the Trust Assets net of the Unsecured Claims Distribution Trust Fees and Expenses (the "Trust Fees and Expenses") in accordance with the terms of the Plan and this Agreement, with no objective or authority to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary, and consistent with, the purpose of the Trust.  The Trust is intended to qualify as a liquidating trust pursuant to Treasury Regulation section 301.7701-4(d), other than any Trust

---

2

Disputed Claims Reserve (as defined herein) treated as a Disputed Ownership Fund ("DOF") or other separate entity.

7.      The powers, authority, responsibilities, and duties of the Trustee shall be governed by the Plan, the Confirmation Order, and this Agreement.

8.      [Pursuant to the Plan, for all United States federal income tax purposes, all parties shall treat the transfer of the Trust Assets to the Trust for the benefit of the Holders of Allowed Class 9 General Unsecured Claims who are Trust Beneficiaries, whether their Claims are Allowed on or after the Effective Date, including any amounts or other assets subsequently transferred to the Trust (but only at such time as actually transferred) as (i) a transfer of the Trust Assets (subject to any obligations relating to such Trust Assets, including, but not limited to, the Trust Fees and Expenses) to the Trust Beneficiaries and, to the extent the Trust Assets are allocable to Disputed Class 9 General Unsecured Claims of any Trust Beneficiary (any such Trust Assets allocable to, or retained on account of, Disputed Class 9 General Unsecured Claims, the "Trust Disputed Claims Reserve") that are the responsibility of the Trust, acting by and through its agents and representatives, to resolve, to the Trust Disputed Claims Reserve, followed by [(ii) the transfer by the Trust Beneficiaries of their Class 9 General Unsecured Claims as Trust Assets (other than the Trust Assets allocable to the Trust Disputed Claims Reserve) to the Trust in exchange for their non-certified Unsecured Claims Distribution Trust Beneficial Interests (the "Trust Interests") that will entitle the respective holder thereof to its *pro rata* share of the Trust Interests in accordance with the Plan.][5]  Accordingly, the Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective shares of the Trust Assets (other than such Trust Assets as are allocable to the Trust Disputed Claims Reserve). The foregoing

---

[5]     [**NTD**:  Subject to ongoing review in all respects.]

treatment shall also apply, to the extent permitted by applicable law, for applicable United States, state and local income tax purposes.][6]

9.      The Trust is further intended to be exempt, pursuant to section 1145 of the Bankruptcy Code, from the requirements of (i) the Securities Exchange Act of 1933, as amended, and any applicable state and local laws requiring registration of securities, and (ii) the Investment Company Act of 1940, as amended, pursuant to sections 7(a) and 7(b) of that Act.

**NOW, THEREFORE**, in accordance with the Plan and the Confirmation Order, and in consideration of the promises, and the mutual covenants and agreements of the Parties contained in the Plan and herein, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereto hereby agree and declare as follows:

### DECLARATION OF TRUST

The Debtors and the Trustee enter into this Agreement to effectuate the distribution of the Trust Assets to the Trust Beneficiaries pursuant to the Plan and the Confirmation Order.

Pursuant to Article IV.H of the Plan and Section 2.3.2 of this Agreement, on the Effective Date (or such later date as provided in the Confirmation Order or the Plan), all the Trust Assets shall automatically be transferred to, and irrevocably vest in or deem to be vested in, the Trust free and clear of all Claims, Liens, Interests, encumbrances, and contractually imposed restrictions except as otherwise expressly provided in the Plan, the Confirmation Order, or this Agreement.

**TO HAVE AND TO HOLD** unto the Trustee and its successors in trust; and

**IT IS HEREBY FURTHER COVENANTED AND DECLARED**, that the Trust Assets, are to be held by the Trust and applied on behalf of the Trust by the Trustee [(such Trustee to be a "United States person" within the meaning of Internal Revenue Code section 7701(a)(30) and established within

---

[6]    [**NTD**: Subject to ongoing tax review.]

the United States)][7] on the terms and conditions set forth herein and the Plan, solely for the benefit

of the Trust Beneficiaries, as more fully set forth in the Plan, the Confirmation Order, and this

Agreement, and for no other party.

# ARTICLE I
## RECITALS, PLAN DEFINITIONS, OTHER DEFINITIONS, INTERPRETATION, AND CONSTRUCTION

1.1    Recitals. The Recitals are incorporated into and are terms of this Agreement.

1.2    Definitions. All terms used in this Agreement, unless otherwise defined herein,

shall have the meanings set forth in the Plan or the Confirmation Order, as applicable.  For the

avoidance of doubt, "Unsecured Claims Distribution Trust Assets" shall mean collectively, (a) all

of the Debtors' right, title, and interest in the Assigned Preference Actions set forth on the Schedule

of Retained Causes of Action, including the proceeds thereof, and (b) $3.9 million in Cash *plus*

the difference (which may be a positive or negative number) calculated by subtracting (x) the

amount of the Allowed fees and expenses of the Committee and its Professionals from (y) the

amount set forth for such fees and expenses in the Approved Budget (as defined in the DIP Orders)

(the "Fee Differential").

1.3    Conflict Among Plan Documents. In the event of any inconsistency between the

Plan, the Confirmation Order, and/or this Agreement, each such document shall have controlling

effect in the following rank order: (i) first the Confirmation Order, (ii) then the Plan, and (iii) then

this Agreement; *provided*, *however*, that to the extent the Plan and the Confirmation Order are

silent as to a particular issue, the terms of this Agreement shall control so long as not otherwise

inconsistent with the intent of the Plan and/or the Confirmation Order.

# ARTICLE II
## ESTABLISHMENT OF TRUST

---

[7]    [**NTD**: Subject to ongoing tax review.]

2.1    <u>Effectiveness of Agreement; Name of Trust</u>. The Debtors and the Trustee, pursuant to the Plan and in accordance with Bankruptcy Code, hereby create the Trust in furtherance of the compromises and agreements more fully set forth in the Plan.  The Trust shall come into existence and this Agreement shall become effective on the Effective Date. The Trust shall be officially known as the "<u>At Home Unsecured Claims Distribution Trust</u>."

2.2    <u>Purpose of Trust</u>. Further to the establishment and purpose of the Trust as declared in Recitals 4 and 5 of this Agreement, the Trust is established for the primary purpose of (i) collecting, holding, administering, distributing, and liquidating the Trust Assets for the benefit of the Trust Beneficiaries in accordance with the terms and conditions of this Agreement and the Plan and Confirmation Order, (ii) investigating, pursuing (as appropriate), and collecting any proceeds of Assigned Preference Actions; and (iii) reconciling, seeking to subordinate, compromising, or settling any or all General Unsecured Claims (other than any General Unsecured Claims expressly Allowed pursuant to the Plan or prior order of the Court, including the First Lien Deficiency Claims); and with no objective or authority to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the purpose of the Trust.

2.3    <u>Transfer of Trust Assets</u>.

2.3.1    <u>Conveyance of Trust Assets</u>. Pursuant to the Plan, the Debtors hereby grant, release, assign, transfer, convey, deliver and disburse, on behalf of the Trust Beneficiaries, all of such Debtors' rights, title, and interest in and to the Trust Assets, including the Assigned Preference Actions, free and clear of all Liens, Claims, encumbrances, Interests, contractually-imposed restrictions, and other interests, except as specifically provided in the Plan or this Agreement, to the Trust as of the Effective Date to be held in trust for the

benefit of the Trust Beneficiaries, and such Trust Assets shall be administered, used, and distributed as specified in this Agreement and the Plan. Notwithstanding the foregoing, the Fee Differential, if any, shall be transferred to the Trust by the Reorganized Debtors (or fee escrow agent, if applicable) as provided in 2.3.2 hereof. The transfer of the Trust Assets to the Trust shall be exempt from any stamp, transfer, recording, sales, use or similar tax. Upon the transfer of the Trust Assets to the Trust in accordance with the Plan and this Agreement, none of the Debtors or Reorganized Debtors shall have any further obligations with respect to the General Unsecured Claims in Class 9 who are Trust Beneficiaries under the Plan, or the distribution or payment of any proceeds of the Trust Assets to any of the Trust Beneficiaries.  The Reorganized Debtors shall, from time to time, (i) execute and deliver or cause to be executed and delivered any such documents (in recordable form where necessary or appropriate) and (ii) take or cause to be taken such further commercially reasonable action, in each case as the Trustee may reasonably deem necessary or appropriate to vest in or confirm to the Trustee title to and possession of the Trust Assets; *provided* that neither the Debtors nor the Reorganized Debtors shall be required to incur any unreimbursed liability for any fees or expenses (including any indemnification obligations) in connection with such actions. The Trustee shall have no duty to arrange for any of the transfers contemplated under this Agreement or by the Plan or to ensure their compliance with the terms of the Plan and/or the Confirmation Order and shall be conclusively entitled to rely on the legality and validity of such transfers by the Debtors or third parties, if any.  Under no circumstance shall the Debtors, the Reorganized Debtors, or any other party be required to contribute any additional assets to or for the benefit of the

Trust other than the Trust Assets, and under no circumstances will Trust Fees and Expenses be paid or reimbursed by the Debtors or the Reorganized Debtors.

2.3.2    Transfer of Trust Initial Funding and Fee Differential.  On the Effective Date, the Debtors or Reorganized Debtors, as applicable, shall disburse and transfer the $3.9 million in Cash to the Trust (the "Initial Funding").  Within 5 business days after the final Allowance of the Committee's Professionals' Allowed Professional Fee Claims, the Debtors or the Reorganized Debtors, as applicable, (i) shall pay in Cash (from the Professional Fee Escrow Account or otherwise) the unpaid amount of the Committee's Professionals' Allowed Professional Fee Claims provided that the total amount paid by the Debtors or the Reorganized Debtors on account of the Committee's Professionals' Allowed Professional Fee Claims shall not exceed the amount budgeted for such Professional Fee Claims in the Approved Budget (as defined in the Final DIP Order) and (ii) shall calculate the Fee Differential.  In the event the Fee Differential is a positive number, the Debtors or the Reorganized Debtors, as applicable, shall pay the Fee Differential in Cash to the Trust within 5 business days of such determination.  In the event the Fee Differential is a negative number, the Trustee shall pay the Fee Differential to the applicable Committee Professionals from the Cash received in the Initial Funding in satisfaction of such Professionals' remaining unpaid Allowed Professional Fee Claims.  Upon the satisfaction of their obligations under this Section 2.3.2, none of the Debtors or Reorganized Debtors, as applicable, shall have any further obligations with respect to the payment of any Professional Fee Claims of Committee Professionals.

2.3.3    Title to Trust Assets. Pursuant to the Plan, all of the Debtors' rights, title, and interest in and to the Trust Assets, including all such assets held or controlled by third

parties (if any), are hereby transferred and disbursed to, and automatically vested or deemed to be vested in, the Trust on the Effective Date free and clear of all Liens, Claims, encumbrances, Interests, contractually-imposed restrictions, and other interests, except as specifically provided in the Plan or this Agreement, and such transfer is on behalf of the Trust Beneficiaries to establish the Trust. The Trust shall be authorized, among other things, to (i) obtain possession or control of, liquidate, and collect all of the Trust Assets and (ii) assert and/or exercise any and all rights of setoff and recoupment and defenses of the Debtors, their Estates, or the Reorganized Debtors, as applicable, to any Holders of Disputed General Unsecured Claims. Without limiting the generality of the foregoing, the Trust shall have the right to invoke section 542 of the Bankruptcy Code to pursue turnover of Trust Assets. On the Effective Date (or such date that the Trust Assets are transferred to the Trust in accordance with the Plan and this Agreement), the Trust shall be substituted for the Debtors for all purposes solely with respect to the Trust Assets and administration of the Trust Interests, subject to the terms of the Plan and this Agreement. To the extent any law or regulation prohibits the transfer of ownership of any of the Trust Assets from the Debtors to the Trust and such law is not superseded by the Bankruptcy Code, the Trust's interest in such Trust Assets shall be a Lien upon, and security interest in, such Trust Assets, in trust, nevertheless, for the sole use and purposes set forth in Section 2.2 of this Agreement, and this Agreement shall be deemed a security agreement granting such interest thereon without need to file financing statements or mortgages. By executing this Agreement, the Trustee on behalf of the Trust hereby accepts all of such property as Trust Assets, to be held in trust for the Trust Beneficiaries, subject to the terms of this Agreement and the Plan.

2.4    <u>Capacity of Trust</u>. Notwithstanding any state or federal law to the contrary or anything herein, the Trust shall itself have the capacity, in its own right and name, to act or refrain from acting, including the capacity to sue and be sued and to enter into contracts. The Trust may alone be the named movant, respondent, party plaintiff or defendant, or the like in all adversary proceedings, contested matters, and other state or federal proceedings brought by or against it, and may settle and compromise all such matters in its own name.

2.5    <u>Mutual Cooperation</u>.

2.5.1    The Reorganized Debtors shall provide commercially reasonable access to the Trustee and any professionals retained by the Trust to retrieve or access data reasonably necessary to reconcile Class 9 General Unsecured Claims and to investigate and pursue the Assigned Preference Actions (at the sole cost and expense of the Trust and payable as Trust Fees and Expenses); *provided* that the Reorganized Debtors shall not be required to incur any liability for any out-of-pocket fees or expenses (including any indemnification obligations) that may result from the provision of any such access to the Trustee and any professionals retained by the Trust and any third party service providers reasonably needed by the Reorganized Debtors to provide such data and information shall come at the sole cost and expense of the of the Trust and payable as Trust Fees and Expenses; *provided further* that the Reorganized Debtors shall not have any obligation or duty to investigate any Claims, issues, or other matters concerning any Class 9 General Unsecured Claim or any Assigned Preference Actions for the benefit of the Trust; *provided further*, however, that the foregoing shall not require any of the Reorganized Debtors, unless otherwise ordered by a court of competent jurisdiction after reasonable notice to the affected party and an opportunity to be heard, to (i) waive, or take any action with effect of waiving, its

10

attorney-client privilege or any confidentiality obligation to which it is bound with respect thereto, or (ii) disclose any information to the Trustee if such disclosure would contravene any applicable law or fiduciary duty. The Trustee may request an updated Claims Register of General Unsecured Claims from the claims and noticing agent within thirty (30) days after the Effective Date and, upon request, the Reorganized Debtors shall instruct the claims and noticing agent to make such register available to the Trustee.

2.5.2    The Trustee and its professionals shall use commercially reasonable efforts to cooperate with Reorganized Debtors and their professionals in connection with implementing certain provisions of the Plan including, but not limited to, the issuance of distributions pursuant to the Plan, reporting requirements, the exchange of information in the investigation and prosecution of the Assigned Preference Actions and the prosecution of objections to Class 9 General Unsecured Claims (other than the First Lien Deficiency Claims) to the extent necessary, and any other reasonably requested information or assistance.  To the extent the Trustee and its professionals receive documents, information, or communications from the Debtors or the Reorganized Debtors in connection with the administration of the Trust, the receipt of such documents, information, or communications shall not constitute a waiver of any privilege that may be asserted by the Debtors or the Reorganized Debtors in respect of such documents, information, or communications and all privileges shall remain in the control of the Debtors or the Reorganized Debtors, as applicable.  The Debtors or the Reorganized Debtors, as applicable, retain the sole right to waive any such privilege in respect of such documents, information, or communications. The Trustee and its professionals shall keep confidential and shall not disclose any such documents, information, or communications to any person absent the written consent (such

consent not to be unreasonably withheld) of the Debtors or the Reorganized Debtors, as applicable, provided that the foregoing obligation to keep confidential information received from the Debtors shall not apply to information that: (a) is, was, or becomes available to the public other than as a result of a disclosure by the Trustee or its professionals in violation of this Agreement; (b) is, was, or becomes available to the Trustee or its professionals from a source other than the Debtors or Reorganized Debtors, as applicable, if such source is not known by the Trustee or its professionals after reasonable inquiry at the time of the disclosure to be bound by any contractual, legal, or fiduciary obligation of confidentiality to, the Debtors or Reorganized Debtors, as applicable with respect to such information; or (c) is already within the Trustee or its professionals' possession without violation of this Agreement or any legal obligation owed by a third-party to Debtors or the Reorganized Debtors, as applicable, in each case, as of the Effective Date.

2.6    <u>No Retention of Excess Cash</u>. Notwithstanding anything in this Agreement to the contrary, under no circumstances shall the Trust retain Cash or Cash equivalents in excess of a reasonable amount to meet claims, expenses, and contingent liabilities, to maintain the value of the Trust Assets during administration of the Trust, or to fund the reserves established in accordance with the Plan and/or pursuant to this Agreement, and shall distribute all amounts not required to be retained for such purposes to the Trust Beneficiaries as promptly as reasonably practicable in accordance with the Plan, the Confirmation Order, and this Agreement.

2.6.1    The Reorganized Debtors and their professionals shall use commercially reasonable efforts to cooperate with the Trustee and its professionals in connection with the prosecution of claim objections by the Reorganized Debtors against the Holders of

unclassified Claims or Claims in any Classes other than Class 9 (General Unsecured Claims) (collectively, the "Non-GUC Claims") in the event the Reorganized Debtors seek to reclassify any Non-GUC Claims as Class 9 Claims.  The Reorganized Debtors will not seek or agree to reclassify a Non-GUC Claim as a Class 9 Claim without first seeking the consent of the Trustee (whose consent will not be unreasonably withheld), and if such consent cannot be obtained, then seeking an order of the Bankruptcy Court on notice to the Trustee.

2.7     Appointment of Trustee. _____ is hereby appointed to serve as the Trustee, and hereby accepts this appointment and agrees to serve in such capacity effective upon the Effective Date and pursuant to the terms of the Plan, the Confirmation Order, and this Agreement.  A successor Trustee shall be appointed as set forth in Article 8.5 hereof in the event the Trustee is removed or resigns or if the Trustee otherwise vacates the position.

## ARTICLE III
### ADMINISTRATION OF TRUST

3.1     Rights, Powers, and Privileges of Trustee, Generally. Except as otherwise provided in this Agreement, the Plan, or the Confirmation Order, as of the Effective Date, the Trustee, on behalf of the Trust, may control and exercise authority over the Trust Assets, over the acquisition, management, and disposition thereof, and over the management and conduct of the affairs of the Trust in accordance with the Plan, the Confirmation Order, and this Agreement. In administering the Trust Assets, the Trustee shall, among other things, in an expeditious but commercially reasonable manner, (i) investigate, assert, litigate or settle, at the sole discretion of the Trustee, the Assigned Preference Actions, (ii) make timely distributions in accordance with this Agreement and the Plan, and (iii) exercise reasonable business judgment and not unduly prolong the Trust's duration except as necessary to monetize the Assigned Preference Actions. Notwithstanding

13

anything in the Plan, the Confirmation Order, or this Agreement to the contrary, the Trustee shall always act consistently with, and not contrary to, the purposes of the Trust as set forth in this Agreement and the Plan.

3.2    <u>Power to Contract</u>. In furtherance of the purpose of the Trust, and except as otherwise specifically restricted in the Plan, the Confirmation Order, or this Agreement, the Trustee shall have the right and power on behalf of the Trust, and also may cause the Trust, to enter into any covenants or agreements binding the Trust, and to execute, acknowledge, and deliver any and all instruments that are necessary or deemed by the Trustee to be consistent with, and advisable in, furthering the purpose of the Trust.  The Trustee shall have the power to retain professionals to assist it in effectuating the duties and purposes of the Trust, including but not limited to legal, accounting, and other financial or industry-specific consultants, payable as Trust Fees and Expenses.

3.3    <u>Ultimate Right to Act Based on Advice of Counsel or Other Professionals</u>. Nothing in this Agreement shall be deemed to prevent the Trustee from taking or refraining to take any action on behalf of the Trust that, based upon the advice of counsel or other professionals, the Trustee determines it is obligated to take or to refrain from taking in the performance of any duty that the Trustee may owe the Trust Beneficiaries or any other Person under the Plan, the Confirmation Order, or this Agreement.

3.4    <u>Powers of Trustee</u>. Without limiting the generality of the above Section 3.1, in addition to the powers granted in the Plan, at the sole cost and expense of the Trust, the Trustee shall have the power to take the following actions on behalf of the Trust and any powers reasonably incidental thereto that the Trustee, in its reasonable discretion, deems necessary or appropriate to fulfill the purpose of the Trust, without need for further approval by the Bankruptcy Court, except

14

as specifically set forth herein, unless otherwise specifically limited or restricted by the Plan, the Confirmation Order, or this Agreement:

3.4.1    hold legal title to the Trust Assets and to any and all rights of the Debtors (including as Reorganized Debtors) and the Trust Beneficiaries in or arising from the Trust Assets;

3.4.2    receive, possess, control, maintain, conserve, supervise, prosecute, collect, settle, manage, adjust, invest, protect, enforce, and, where appropriate, cause the Trust to abandon the Trust Assets, including causing the Trust to invest any moneys held as Trust Assets in accordance with the terms of Section 3.8 hereof;

3.4.3    open and maintain bank accounts on behalf of, or in the name of, the Trust, draw checks and drafts on such accounts on the sole signature of the Trustee, and terminate or close such accounts;

3.4.4    establish and maintain a separate account for paying Trust Fees and Expenses;

3.4.5    cause the Trust to enter into any agreement or execute any document or instrument required by or consistent with the Plan, the Confirmation Order, or this Agreement, and to perform all obligations thereunder;

3.4.6    collect any and all of the Trust Assets;

3.4.7    protect and enforce the rights to the Trust Assets vested in the Trust and the Trustee by this Agreement by any method deemed appropriate, including, without limitation, by judicial proceedings or otherwise;

3.4.8    investigate the Assigned Preference Actions and cause the Trust to seek the examination of any Person pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or other applicable rules;

3.4.9    consistent with Article VII of the Plan, review, investigate reconcile, compromise, settle, or object to General Unsecured Claims (other than any General Unsecured Claims expressly Allowed pursuant to the Plan or prior order of the Court, including the First Lien Deficiency Claims) as set forth in the Plan, and cause the Trust to seek the examination of any Person pursuant to Bankruptcy Rule 2004;

3.4.10    cause the Trust to employ or retain professionals, including without limitation, a distribution agent, and other agents, attorneys, financial advisors, independent contractors, and third parties pursuant to this Agreement and pay the reasonable compensation thereof as Trust Fees and Expenses;

3.4.11    cause the Trust to enter into any contingency fee agreements as may be necessary in the Trustee's reasonable discretion to liquidate the Assigned Preference Actions, *provided however*, as set forth in the Plan, any such contingency fee agreement must be on market terms and subject to Court approval, which request for court approval may, at the discretion of the Trustee, be filed under seal or in redacted form as authorized by the Court;

3.4.12    cause the Trust to enter into any litigation funding agreements as may be necessary in the Trustee's reasonable discretion to liquidate the Assigned Preference Actions, *provided however*, as set forth in the Plan, any such financing must be on market terms, subject to Bankruptcy Court approval, which request for court approval may, at the discretion of the Trustee, be filed under seal or in redacted form as authorized by the Court;

16

3.4.13  cause the Trust to pay all of its lawful expenses, debts, charges, taxes, and other liabilities, and make all other payments relating to the Trust Assets as Trust Fees and Expenses, from the account set up for the purposes of paying the Trust Fees and Expenses;

3.4.14  calculate, authorize, and make all distributions to the Trust Beneficiaries, as provided for in and contemplated by the Plan, the Confirmation Order, and this Agreement;

3.4.15  establish, adjust, and maintain the Disputed Unsecured Claims Reserve;

3.4.16  cause the Trust to withhold from the amount distributable to any Person the maximum amount needed to pay any tax or other charge that the Trustee has determined, in good faith and based upon the advice of its agents and/or professionals, may be required to be withheld from such distribution under the income tax or other laws of the United States or of any state or political subdivision thereof;

3.4.17  in reliance upon the Debtors' Schedules and the official Claims Register maintained in the Chapter 11 Cases, review, and, where appropriate, cause the Trust to Allow or object to, Class 9 General Unsecured Claims (other than any General Unsecured Claims expressly Allowed pursuant to the Plan or prior order of the Court, including the First Lien Deficiency Claims), and supervise and administer the Trust's commencement, prosecution, settlement, compromise, withdrawal, or resolution of all objections to the Disputed General Unsecured Claims required to be administered by the Trust in accordance with the Plan;

3.4.18  in reliance upon the Debtors' Schedules and the official Claims Register maintained in the Chapter 11 Cases, maintain a register evidencing the Trust Interests held by Holders of Allowed General Unsecured Claims;

17

3.4.19  without limiting, and as set forth in Section 3.4.13 of this Agreement, cause the Trust to administer all tax obligations, including to make all tax withholdings, file tax information returns, file and prosecute tax refund claims, make tax elections by and on behalf of the Trust, and file tax returns for the Trust as a grantor trust under IRC section 671 and Treasury Regulation section 1.671-4 pursuant to and in accordance with the Plan and Article VII hereof (subject to the treatment of any portion of the Trust as a DOF or other separate entity), and pay taxes, if any, payable for and on behalf of the Trust, *provided*, *however*, neither the Trust nor the Trustee shall have any responsibility or liability in any capacity whatsoever for the filing of Debtors or Reorganized Debtors' income tax returns for any period either prior to or after the Effective Date;

3.4.20  cause the Trust to abandon or deposit into the registry of the Bankruptcy Court any Trust Assets that the Trustee determines to be too impractical to distribute to the Trust Beneficiaries or of inconsequential value to the Trust and the Trust Beneficiaries;

3.4.21  cause the Trust to send annually to Trust Beneficiaries, in accordance with the applicable tax laws, a separate statement stating a Trust Beneficiary's interest in the Trust and its share of the Trust's income, gain, loss, deduction, or credit, and to instruct all such Trust Beneficiaries to report such items on their United States federal tax returns, as applicable;

3.4.22  cause the Trust to seek a determination of tax liability or refund of the Trust (including any Trust Disputed Claims Reserve treated as a DOF (if elected) or other separate entity) under section 505 of the Bankruptcy Code;

3.4.23  cause the Trust to establish such reserves for taxes, assessments, and other Trust Fees and Expenses as may be necessary and appropriate for the proper operation of matters incident to the Trust;

3.4.24  cause the Trust to purchase and carry all insurance policies that the Trustee deems reasonably necessary or advisable and to pay all associated insurance premiums and costs as Trust Fees and Expenses;

3.4.25  undertake all administrative functions of the Trust, including overseeing the winding down and termination of the Trust;

3.4.26  exercise, implement, enforce, and discharge all of the applicable and relevant terms, conditions, powers, duties, and other provisions of the Plan, the Confirmation Order, and this Agreement;

3.4.27  distribute net proceeds received, if any, from the Assigned Preference Actions pursuant to the Plan and this Agreement;

3.4.28  if deemed necessary and appropriate by the Trustee under the circumstances, seek relief from (i) the Bankruptcy Court prior to the close of the Chapter 11 Cases pursuant to section 350(a), or, (ii) following the close of the Chapter 11 Cases, a court of competent jurisdiction, in order to take actions necessary to implement the provisions of the Plan, Confirmation Order, and this Agreement; and

3.4.29  take all other actions consistent with the provisions of the Plan that the Trustee deems reasonably necessary or desirable to administer the Trust.

3.5     Abandonment. Notwithstanding the foregoing, if, in the Trustee's reasonable judgment, any Trust Asset cannot be monetized or resolved in a commercially reasonable manner or the Trustee believes in good faith that such property has inconsequential value to the Trust or

19

the Trust Beneficiaries, the Trustee shall have the right to cause the Trust to abandon or otherwise dispose of such property, including donating any *de minimis* remaining amount of cash to a qualified IRC 501(c)(3) charitable organization.

3.6     <u>Exclusive Authority to Pursue Assigned Preference Actions</u>. The Trust shall have the exclusive right, power, and interest to pursue, settle, waive, release, abandon, or dismiss the Assigned Preference Actions. The Trust shall be the sole representative of the Estates under section 1123(b)(3) of the Bankruptcy Code with respect to the Trust Assets including, but not limited to, the Assigned Preference Actions. The Trust shall be vested with and entitled to assert all setoffs and defenses of the Debtors or the Trust to any counterclaims that may be asserted by any defendant with respect to any Assigned Preference Actions. The Trust shall also be vested with and entitled to assert all the Debtors' and the Estates' rights with respect to any such counterclaims under section 558 of the Bankruptcy Code.

3.7     <u>Responsibility for Administration of Claims</u>. From and after the Effective Date, the Trust shall be solely responsible for administering and paying distributions to the Trust Beneficiaries in accordance with and as set forth in the Plan.  With regard to Holders of Class 9 General Unsecured Claims who are Trust Beneficiaries, the Trust, acting by and through the Trustee, shall have the exclusive authority to object to the allowance of any such General Unsecured Claim (other than any General Unsecured Claims expressly Allowed pursuant to the Plan or prior order of the Court) on any ground, to file, withdraw, or litigate to judgment objections to such General Unsecured Claims, to settle or compromise any Disputed General Unsecured Claims without any further notice to or action, order or approval by the Bankruptcy Court, and to assert all defenses of the Debtors and their Estates with respect to such General Unsecured Claims; *provided* that noting in this Agreement shall be construed to limit or modify the rights of the

Debtors or Reorganized Debtors as set forth in the Plan. Except as set forth herein or in the Plan, the Trust, acting by and through the Trustee, shall also be entitled to assert all of the Debtors' and their Estates' rights under, without limitation, section 558 of the Bankruptcy Code with respect to such General Unsecured Claims, and may seek estimation of any General Unsecured Claims (other than any General Unsecured Claims expressly Allowed pursuant to the Plan or prior order of the Court, including the First Lien Deficiency Claims) under and subject to section 502(c) of the Bankruptcy Code.

      3.8   <u>Agents and Professionals</u>. The Trustee may, but shall not be required to, consult with and retain attorneys, financial advisors, accountants, appraisers, and other professionals the Trustee believes have qualifications necessary to assist in the administration of the Trust, including professionals previously retained by the Debtors or the Committee.  For the avoidance of doubt, and without limitation of applicable law, nothing in this Agreement shall limit the Trustee from engaging counsel or other professionals, including Professionals retained during the Chapter 11 Cases, the Trustee itself, or the Trustee's firm or their affiliates, to do work for the Trust. The professionals engaged by the Trustee need not be "disinterested" as that term is defined in the Bankruptcy Code.  The Trustee may pay the reasonable salaries, fees, and expenses of such Persons as Trust Fees and Expenses from the Trust Assets, in the ordinary course of business without the need for Bankruptcy Court approval. Neither the Debtors nor the Reorganized Debtors shall be responsible for payment of any Trust Fees and Expenses; *provided however*, that as set forth in Section 3.13, herein, the Statutory Fees due and payable to the United States Trustee pursuant to 28 U.S.C. § 1930 on account of the disbursements made to create and/or fund the Trust consisting of the Initial Funding and the Fee Differential, will be the sole responsibility of the Debtors or the Reorganized Debtors, as applicable.

3.9     Safekeeping and Investment of the Trust Assets. All moneys and other assets received by the Trustee shall, until distributed or paid over as provided herein and in the Plan, be held in trust for the benefit of the Trust Beneficiaries.  Neither the Trust nor the Trustee shall have any liability for interest or producing income on any moneys received by them and held for distribution on account of applicable the Trust Beneficiaries or payment to the Trust Beneficiaries, except as such interest shall actually be received by the Trust or the Trustee, which shall be distributed as provided in the Plan. Except as otherwise provided by the Plan, the powers of the Trustee to invest any moneys held by the Trust, other than those powers reasonably necessary to maintain the value of the assets and to further the Trust's purpose, shall be limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as treasury bills; *provided*, *however*, that the scope of permissible investments shall be limited to include only those investments that a "liquidating trust," within the meaning of Treasury Regulation section 3.01.7701-4(d), may be permitted to hold pursuant to the Treasury Regulations, or any IRS guidelines, whether set forth in IRS rulings, IRS pronouncements, or otherwise. For the avoidance of doubt, the provisions of section 11-2.3 of the Estates, Powers, and Trusts Law of New York shall not apply to this Agreement.

3.10     Maintenance and Disposition of Trust and Debtors' Records. The Trustee shall maintain accurate records of the administration of the Trust Assets, including receipts and disbursements and other activity of the Trust. The Trust may (at its sole cost and expense), but has no obligation to, engage a claims agent (including, but not limited to, the Debtors' claims and noticing agent) to continue to maintain and update the Claims Register maintained in the Chapter 11 Cases throughout the administration of the Trust. To the extent of any Trust Beneficiaries who

are Holders of Class 9 General Unsecured Claims reflected on the Claims Register, the Claims Register may serve as the Trustee's register of Trust Interests. The fees and costs associated with maintaining and updating the Claims Register shall be the sole responsibility of the Trust and payable as Trust Fees and Expenses. The books and records maintained by the Trustee and any records of the Debtors transferred to the Trust shall be held subject to the terms of the Agreement and may be disposed of without order of the Bankruptcy Court by the Trustee in accordance with such agreements at the later of (a) such time as the Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Trust or the Trust Beneficiaries, with the consent of the Reorganized Debtors or, if such consent cannot be obtained, the approval of the Bankruptcy Court, and (b) upon the termination and completion of the winding down or dissolution of the Trust.

3.11    <u>Preservation of Privilege</u>. As provided in Article IV.G of the Plan and Confirmation Order, any attorney-client privilege, work-product privilege, or other privilege of immunity of any Debtor (but no other person) attaching to any documents or communications (whether written or oral) transferred to the Trust with respect to General Unsecured Claims or Assigned Preference Actions shall be retained by the Debtors and Reorganized Debtors and the Debtors or the Reorganized Debtors, as applicable, retain the sole right to waive their own privileges. The receipt by the Trustee or its professionals of any documents, information, or communications from the Debtors or Reorganized Debtors shall not of constitute a waiver of any privilege that may be asserted by the Debtors or the Reorganized Debtors in respect of such documents, information, or communications and the Trust. The Trust, the Trustee, and its professionals shall preserve and protect all applicable privileges attaching to any such documents, information, or communications. in accordance with the terms of this Agreement and any confidentiality agreement executed

between the Trustee and the Debtors or Reorganized Debtors, as applicable. To the extent there is overlap of supporting documents, claims, defenses, legal theories or analyses between the Assigned Preference Actions, on the one hand, and any Causes of Action, defenses, claims or counterclaims retained by, or asserted against, the Reorganized Debtors, on the other hand, the Trustee shall cooperate with each party pursuant to principles of common interest with respect to privileges. Nothing herein shall be deemed to constitute a waiver of any privilege or any shared, joint, or common interest privilege or immunity, and all such privileges and immunities are expressly preserved.

      3.12   <u>Reporting Requirements</u>. The Trustee shall not have any reporting obligations, except as otherwise required by applicable law.

      3.13   <u>Reports to be Provided by the Trustee and Reimbursement of Statutory Fees</u>. Pursuant to Article II.E of the Plan and the Confirmation Order, until entry of a final decree closing the last of the Chapter 11 Cases, the Trustee shall provide the Reorganized Debtors with a schedule of disbursements made by the Trust from the monetization of the Assigned Preference Actions, if any, during each quarterly period after the Effective Date for inclusion in the Reorganized Debtors' post-confirmation quarterly reports required by the Office of the United States Trustee. The Trustee only shall be responsible for payment of Statutory Fees payable on account of disbursements made by the Trustee from the monetization of the Assigned Preference Actions. The Debtors and Reorganized Debtors, as applicable, shall be solely liable to pay Statutory Fees on account of the disbursements made to create and/or fund the Trust, consisting of the Initial Funding and the Fee Differential, and no further Statutory Fees will be due and payable by the Debtors or Reorganized Debtors, as applicable, upon any subsequent disbursements made by the Trust from the Trust Assets.

3.14    No Bond Required; Procurement of Insurance. Notwithstanding any state or other applicable law to the contrary, the Trustee (including any successor Trustee) shall be exempt from giving any bond or other security in any jurisdiction and shall serve hereunder without bond. The Trustee is hereby authorized, but not required, to obtain all reasonable insurance coverage for itself, its agents, representatives, employees, or independent contractors, including, without limitation, coverage with respect to the liabilities, duties, and obligations of the Trustee and its agents, representatives, employees, or independent contractors under this Agreement. The cost of any such insurance coverage shall be an expense of the Trust, constitute Trust Fees and Expenses, and be paid out of the account established for payment of Trust Fees and Expenses.

3.15    Fiduciary and Other Duties. Notwithstanding anything in the Plan or this Agreement to the contrary, the Trustee shall always act in the best interests of the Trust Beneficiaries and in furtherance of the purposes of the Trust as set forth in the Plan and this Agreement. The Trustee shall have fiduciary duties to the Trust Beneficiaries consistent with the fiduciary duties that a member of an official committee appointed pursuant to section 1102 of the Bankruptcy Code has to the creditor constituents represented by such committee and shall exercise his, her, or its responsibilities accordingly. Except for obligations expressly imposed on the Trustee by this Agreement, to the extent that, at law or in equity, the Trustee has duties (including fiduciary duties) to the Trust Beneficiaries or to any other person that is a party to or is otherwise bound by this Agreement, such duties are hereby eliminated by this Agreement to the fullest extent permitted by applicable law; *provided*, *however*, that this Agreement does not eliminate the implied contractual covenant of good faith and fair dealing.

3.16    No Suit Against Released Parties. The Trustee shall not pursue any Causes of Action released or waived pursuant to the Plan including, without limitation, any and all Causes of Action against any Released Party under the Plan.

**ARTICLE IV**
**DISTRIBUTIONS**

4.1    Distribution and Reserve of Trust Assets. Following the transfer of the Trust Assets to the Trust, the Trustee shall make continuing efforts on behalf of the Trust to collect, liquidate, and distribute all Trust Assets, subject to the reserves required under the Plan or this Agreement or deemed necessary by the Trustee pursuant to this Agreement, in accordance with the Plan.

4.1.1    Distributions. The Trustee shall make distributions only in accordance with the terms of the Plan, the Confirmation Order, and this Agreement to Trust Beneficiaries from the Trust in accordance with the Plan. The timing of distributions to the Trust Beneficiaries shall be determined by the Trustee in its sole and reasonable discretion. Subject to the terms of this Agreement, the Trust may retain an amount of net income and other Trust Assets (x) to maintain the Trust Disputed Claims Reserve, (y) to maintain the value of the Trust Assets pending their liquidation during the term of the Trust, or (z) that are determined to be necessary to pay reasonably incurred or anticipated Trust Fees and Expenses, and the retention of any such amounts may preclude distributions to Trust Beneficiaries in accordance with the Plan. The Trust may engage disbursing agents and other Persons to assist in making such distributions.

4.1.2    Reserves; Pooling of Reserved Funds. Before any distribution can be made, the Trustee shall, in its reasonable discretion, establish, supplement, and maintain reserves for Trust Fees and Expenses in an amount sufficient to meet any and all expenses and liabilities of the Trust, including attorneys' fees and expenses, the fees and expenses of

other professionals, and fees, if any, owed the U.S. Trustee.   In accordance with Section [3.4.15] of this Agreement, the Trust may also maintain as necessary a Disputed Unsecured Claim Reserve with respect to Claims required to be administered by the Trust. For the avoidance of doubt, the Trustee may withhold any distribution pending the Trust's determination of whether to object to any General Unsecured Claim.   Any such withheld distribution shall become part of the Trust's Disputed Unsecured Claim Reserve and shall be distributed to the appropriate claimant no later than the first Distribution Date after a decision is made not to object to the pertinent Claim or the Claim becomes Allowed.   The Trustee need not maintain the Trust's reserves in segregated bank accounts and may pool funds in the reserves with each other and other funds of the Trust; *provided, however,* that the Trust shall treat all such reserved funds as being held in a segregated manner in its books and records.

4.1.3   <u>Trust Expense Budget; Excess Trust Expenses</u>. The Trustee shall prepare a reasonably detailed narrative budget, based on the reasonably expected Trust Fees and Expenses needed for the operation of the Trust, including the monetization of the Assigned Preference Actions (the "<u>Budget</u>").

4.1.4   <u>Distributions Net of Trust Fees and Expenses</u>. Distributions shall be made net of Trust Fees and Expenses in accordance with the Plan.

4.1.5   <u>Right to Rely on Professionals</u>. Without limiting the generality of Section 6.6 of this Agreement, in determining the amount of any distribution or reserves, the Trustee may rely on, and shall be fully protected in relying on the advice and opinion of, the Trust's attorneys, financial advisors, accountants, or other professionals.

4.2    <u>Legal Proceedings</u>. If any Assigned Preference Action is asserted and if such claim or any other legal proceeding is initiated or prosecuted against any General Unsecured Creditor pursuant to the Plan, Confirmation Order, or this Agreement, or asserted as an objection to any Claim, then notwithstanding anything to the contrary contained in the Plan or Confirmation Order, until such proceeding or contested matter is finally resolved and all payments to the Estates or the Trust, as applicable, required by such resolution have been made, such General Unsecured Creditor shall only receive distributions under the Plan or Confirmation Order to the extent that the distributions to which such General Unsecured Creditor is otherwise entitled exceed the maximum liability of such General Unsecured Creditor to the Estates or the Trust, as applicable, asserted in such proceedings.

4.3    <u>Claims Objection Deadline</u>. On and after the Effective Date, the Trustee shall be entitled to file objections to all General Unsecured Claims (other than any Class 9 General Unsecured Claims expressly Allowed pursuant to the Plan or prior order of the Court, including the First Lien Deficiency Claims) that are otherwise not deemed Allowed Claims, including General Unsecured Claims listed on the Debtors' Schedules, under the Plan, or otherwise. Pursuant to Article VII.F of the Plan, any objections to General Unsecured Claims shall be filed on or before the Claims Objection Deadline, which is the later or (i) 180 days after the Effective Date or (ii) such other date approved by the Bankruptcy Court upon a motion by the Debtors or the Reorganized Debtors.

4.4    <u>Setoff</u>. The Trustee, pursuant to the Bankruptcy Code (including section 553 of the Bankruptcy Code), applicable bankruptcy or non-bankruptcy law, may, but shall not be required to, set off against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Allowed Claim (before any distribution is to be made on account of such Allowed

Claim), any claims of any nature whatsoever that the Debtors or the Trust may have against the Holder of such Allowed Claim, *provided, however*, that neither the failure to effect such a setoff nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Trustee of any such claim the Debtors may have against the Holder of such Claim.

4.5     <u>Withholding from Distributions</u>. The Trustee, in its reasonable discretion, may cause the Trust to deduct and withhold from amounts distributable from the Trust to any Trust Beneficiaries any and all amounts as may be sufficient to pay the maximum amount of any tax or other charge that has been or might be assessed or imposed by any law, regulation, rule, ruling, directive, or other governmental requirement on such Trust Beneficiary or the Trust, including with respect to the amount to be distributed to such Trust Beneficiary, any amounts received by, collections of, or earnings of the Trust and any proceeds from the Trust Assets. The Trustee shall determine such maximum amount to be withheld by the Trust in its sole, reasonable discretion and shall cause the Trust to distribute to the applicable Trust Beneficiary any excess amount withheld. The Trustee may, if necessary or appropriate to comply with applicable withholding requirements, withhold the entire distribution due to any Trust Beneficiary until such Trust Beneficiary provides the necessary information to comply with any withholding requirements of any governmental unit. All such amounts deducted or withheld and timely paid to the appropriate taxing authority shall be treated as amounts distributed to such Trust Beneficiaries for all purposes of the Plan and this Agreement, to the extent permitted by applicable law.

4.6     <u>IRS Forms</u>. The Trustee may require any Trust Beneficiary to, and each such Trust Beneficiary shall, properly complete and execute the appropriate IRS Form W-8 (including any supporting documents) or IRS Form W-9, or such other documentation, as a prerequisite to receiving any distribution under the Plan or this Agreement. If a Trust Beneficiary does not provide

to the Trustee within ninety (90) days of first written request with all documentation that in the Trustee's reasonable business judgment is necessary to determine the tax withholding and reporting requirements for the Claim of such Trust Beneficiary, then any current or future distribution on such Claim shall be deemed forfeited, the underlying Claim of such Trust Beneficiary shall be disallowed and expunged in its entirety and the funds in respect of such present and future distribution(s) shall revert to the Trust for all purposes, including but not limited to, redistribution to other Trust Beneficiaries, in accordance with the terms of the Confirmation Order, the Plan, and this Agreement. No additional ninety (90) day period shall be required to pass before such distributions become unrestricted funds of the Trust.

   4.7 <u>Unclaimed and Undeliverable Distributions</u>. Unclaimed property (including, but not limited to, uncashed checks), together with any distributions to Trust Beneficiaries returned as undeliverable, shall be held by the Trustee in an unclaimed property reserve (the "<u>Unclaimed Property Reserve</u>") until ninety (90) days from the date of first issuance and may be released by the Trustee upon the expiration such time period if presentation of proper proof by such Trust Beneficiary of its entitlement thereto is presented to the Trustee. After the expiration of the applicable time period set forth in this Section 4.7, all unclaimed property or interest in property otherwise payable to the Holder or its successors shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and revert to the Trust for all purposes including, but not limited to, for redistribution in accordance with the terms of the Plan, the Confirmation Order, and this Agreement. Upon such revesting, the Claim of such Trust Beneficiary or its successors with respect to such property shall be cancelled, released, discharged, and forever barred, and the Claim of such Trust Beneficiary to such property or interest in property shall be discharged and forever barred notwithstanding any applicable federal, state, or provincial, or local government escheat,

30

abandoned, or unclaimed property laws, or any provisions in any document governing the distribution that is an unclaimed distribution to the contrary.

4.8    <u>No Responsibility to Attempt to Locate Trust Beneficiaries</u>. If a distribution is returned to the Trust as undeliverable, or otherwise remains unclaimed, no further distribution shall be made to such Trust Beneficiary unless and until such Trust Beneficiary notifies the Trustee of such Trust Beneficiary's then-current address and taxpayer identification number.  The Trustee may, in its sole discretion, attempt to determine a Trust Beneficiary's current address or otherwise locate such Trust Beneficiary, but nothing in this Agreement or the Plan shall require the Trustee to do so.

4.9    <u>Inapplicability of Escheat, Abandoned or Unclaimed Property Laws</u>. Unclaimed property held by the Trust shall be treated in accordance with this Agreement and shall not be subject to the escheat, abandoned, or unclaimed property laws of the United States, or any state, provincial, or local governmental unit.

4.10    <u>Request for Reissuance</u>. Distribution checks shall be null and void if not negotiated within ninety (90) days after the date of issuance thereof. Distribution checks not cashed within such 90-day period shall be treated as unclaimed property that has been held in the Unclaimed Property Reserve as set forth above in Section 4.7. Requests for reissuance of any check shall be made in writing directly to the Trustee by the Trust Beneficiary that was originally issued such check. All such requests shall be made promptly and in time for the check to be reissued and cashed before the funds for the checks become unrestricted Trust Assets under Section 4.7 of this Agreement. The Trust Beneficiary shall bear all the risk that, and shall indemnify and hold the Trust and the Trustee harmless against any loss that may arise if, the Trustee does not reissue a check promptly after receiving a request for its reissuance.

31

4.11    Conflicting Claims. If any conflicting claims or demands are made or asserted with respect to the Trust Interest of a Trust Beneficiary, or if there is any disagreement between the assignees, transferees, heirs, representatives, or legatees succeeding to all or a part of such an interest resulting in adverse claims or demands being made in connection with such interest, then, in any of such events, the Trustee shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands.

4.11.1  The Trustee may elect to cause the Trust to make no payment or distribution with respect to the Trust Interest subject to the conflicting claims or demand, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have continuing jurisdiction over resolution of such conflicting claims or demands. Neither the Trust nor the Trustee shall be or become liable to any of such parties for their refusal to comply with any such conflicting claims or demands, nor shall the Trust or Trustee be liable for interest on any funds which may be so withheld.

4.11.2  The Trustee shall be entitled to refuse to act until either (a) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction adjudicating the matter or (b) all differences have been resolved by a valid written agreement among all such parties to the satisfaction of the Trustee, which agreement shall include a complete release of the Trust and Trustee. Until the Trustee receives written notice that one of the conditions of the preceding sentence is met, the Trustee may deem and treat as the absolute owner under this Agreement of the Trust Interest in the Trust the Trust Beneficiary identified as the owner of that interest in the books and records maintained by the Trustee. The Trustee may deem and treat such Trust Beneficiary as the absolute owner for purposes of receiving distributions and any

payments on account thereof for federal and state income tax purposes, and for all other purposes whatsoever.

4.12    <u>Limitation on Liability</u>. In acting or refraining from acting under and in accordance with this the Agreement, the Trustee shall be fully protected and incur no liability to any purported claimant or any other Person pursuant to Article IV of this Agreement.

4.13    <u>Priority of Expenses of Trust</u>. The Trust shall pay or reserve for all necessary Trust Fees and Expenses before making any distributions, including but not limited to, any distribution to Trust Beneficiaries.

4.14    <u>Minimum Distributions</u>. If any Distribution under the Plan to the Holder of an Allowed Class 9 General Unsecured Claim would be less than $250.00, the Trust may hold such Distribution until the time of a subsequent or final Distribution. If the final Distribution under the Plan to the Holder of an Allowed Class 9 General Unsecured Claim would be less than $250.00, the Trust may cancel such Distribution. Any cancelled Distributions pursuant to this Section 4.14 shall revert to the Trust for all purposes, including Distributions to other Holders of Allowed Class 9 General Unsecured Claims.

### ARTICLE V
### <u>TRUST BENEFICIARIES</u>

5.1    <u>Interest Beneficial Only</u>. The ownership of a Trust Interest shall not entitle any Trust Beneficiary to any title in or to the Trust Assets or to any right to call for a partition or division of such assets or to require an accounting.

5.2    <u>Ownership of Trust Beneficial Interests Hereunder</u>. Each Trust Beneficiary shall own a Trust Interest herein in accordance with the Plan, and shall be entitled to a distribution in the amounts, and at the times, set forth in the Plan, the Confirmation Order, and this Agreement.

5.3     Evidence of Trust Beneficial Interest. Ownership of a Trust Interest shall not be evidenced by any certificate, security, or receipt, or in any other form or manner whatsoever, except as maintained on the books and records of the Trust by the Trustee.

5.4     No Right to Accounting. Except as otherwise provided in this Agreement or the Plan, neither the Trust Beneficiaries nor their respective successors, assigns, creditors, nor any other Person shall have any right to an accounting by the Trustee, and the Trustee shall not be obligated to provide any accounting to any Person. Nothing in this Agreement is intended to require the Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Trust or as a condition for making any advance, payment, or distribution out of proceeds of Trust Assets.

5.5     No Standing. Except as expressly provided in this Agreement, a Trust Beneficiary shall not have standing to direct or to seek to direct the Trust or Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person upon or with respect to the Trust Assets; *provided*, *however*, that, for the avoidance of doubt, this Section 5.5 shall not prevent a Trust Beneficiary from seeking any appropriate or necessary relief from the Bankruptcy Court.  Trust Beneficiaries shall have no voting rights with respect to their Trust Interests.

5.6     Requirement of Undertaking. In any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Trustee for any action taken or omitted by it as Trustee, the Trustee may request the Bankruptcy Court to require the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; *provided*, *however*, that the provisions of this Section 5.6 shall not apply to any suit brought by the Trust or Trustee.

5.7     <u>Limitation on Transferability</u>. It is understood and agreed that the Trust Interests shall be non-transferable and non-assignable during the term of this Agreement except by operation of law. An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Trustee, and the Trustee may continue to cause the Trust to pay all amounts to or for the benefit of the assigning Trust Beneficiaries until receipt of proper notification and proof of assignment by operation of law. The Trustee may rely upon such proof without the requirement of any further investigation.

5.8     <u>Exemption from Registration</u>. The rights of the Trust Beneficiaries arising under this Agreement may be deemed "securities" under applicable law. However, such rights have not been defined as "securities" under the Plan because (a) the parties hereto intend that such rights shall not be securities and (b) if the rights arising under this Agreement in favor of the Trust Beneficiaries are deemed to be "securities," the exemption from registration under section 1145 of the Bankruptcy Code is intended to be applicable to such securities. No Party to this Agreement shall make a contrary or different contention.

5.9     <u>Delivery of Distributions</u>. Subject to the terms of this Agreement, the Trustee shall cause the Trust to make distributions to Trust Beneficiaries in the manner provided in the Plan and in this Agreement.

5.10     <u>Limited Liability</u>. No provision of this Agreement, the Plan, or the Confirmation Order, and no mere enumeration herein of the rights or privileges of any Trust Beneficiary, shall give rise to any liability of such Trust Beneficiary solely in its capacity as such, whether such liability is asserted by any Debtor, creditors, successors, representatives, employees, or Holders of Interests of any Debtor, or by any other person. Trust Beneficiaries are deemed to receive the Trust Assets in accordance with the provisions of this Agreement, the Plan, and the Confirmation Order

35

in exchange for their Allowed Claims as set forth in the Plan without further obligation or liability of any kind, but subject to the provisions of this Agreement.

## ARTICLE VI
### THIRD-PARTY RIGHTS AND LIMITATION OF LIABILITY

6.1     Parties Dealing With the Trustee. In the absence of actual knowledge to the contrary, any Person dealing with the Trust or the Trustee shall be entitled to rely on the authority of the Trustee or any of the Trustee's agents in regard to any decision, act, consent, approval or instruction of the Trustee given or made in connection with this Agreement and/or the Trust Assets which shall constitute a decision, act, consent, approval or instruction of the Trust and the Trust Beneficiaries. There is no obligation of any Person dealing with the Trustee to inquire into the validity or expediency or propriety of any transaction by the Trustee or any agent of the Trustee.

6.2     Limitation of Trustee Liability. In exercising the rights granted herein, the Trustee shall exercise the Trustee's best judgment in accordance with its fiduciary duties, to the end that the affairs of the Trust shall be properly managed and the interests of all of the Trust Beneficiaries safeguarded. However, notwithstanding anything herein to the contrary, neither the Trustee nor any of its respective firms, companies, affiliates, partners, officers, directors, members, employees, designees, professionals, advisors, attorneys, representatives, disbursing agents, or agents, and none of such Person's successors and assigns, shall incur any responsibility or liability by reason of any error of law or fact or of any matter or thing done or suffered or omitted to be done under or in connection with this Agreement, whether sounding in tort, contract, or otherwise, except for fraud, gross negligence, or willful misconduct that is found by a Final Order of the Bankruptcy Court (or such other court having jurisdiction over the Trustee and Trust) to be the direct and primary cause of loss, liability, damage, or expense suffered by the Trust. In no event shall the Trustee be liable for indirect, punitive, special, incidental, or consequential damage or loss

(including, but not limited to, lost profits) whatsoever, even if the Trustee has been informed of the likelihood of such loss or damages and regardless of the form of action. Without limiting the foregoing, the Trustee shall be entitled to the benefits of any limitation of liability provisions under the Plan and Confirmation Order.

6.3    <u>Limitation of Debtors' Liability</u>. The Debtors or their respective successors shall have no liabilities or obligations to the Trust Beneficiaries, the Trust, or the Trustee (each in its capacity as such), other than the liabilities and obligations expressly contemplated by this Agreement and the Plan.

6.4    <u>No Liability for Acts of Other Persons</u>. None of the Persons identified in the immediately preceding Section 6.2 of this Agreement shall be liable for the act or omission of any other Person identified in that Section.

6.5    <u>No Liability for Acts of Predecessors</u>. No successor Trustee shall be in any way responsible for the acts or omissions of any Trustee in office prior to the date on which such successor becomes the Trustee, unless a successor Trustee expressly assumes such responsibility.

6.6    <u>No Liability for Good Faith Error of Judgment</u>. The Trustee shall not be liable for any error of judgment made in good faith, unless it shall be finally determined by a Final Order of the Bankruptcy Court that the Trustee was grossly negligent.

6.7    <u>Reliance by Trustee on Documents and Advice of Counsel or Other Persons</u>. Except as otherwise provided herein, the Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by them to be genuine and to have been signed or presented by the proper party or parties. The Trustee also may engage and consult with its respective legal counsel and other agents and advisors, and shall not be liable for any action taken, omitted, or

suffered in good faith reliance upon the advice of such counsel, agents, or advisors to the extent permitted by law.

6.8    <u>No Liability For Acts Approved by Bankruptcy Court</u>. The Trustee shall have the right at any time to seek an order from the Bankruptcy Court concerning the administration or disposition of the Trust, Class 9 General Unsecured Claims, the Trust Interests, or Trust Assets. Following the entry of any such order of the Bankruptcy Court, the Trustee shall not be liable for any act or omission expressly taken in accordance with, and not inconsistent with, such order, and all such actions or omissions shall be deemed not to constitute fraud, gross negligence, or willful misconduct.

6.9    <u>No Personal Obligation for Trust Liabilities</u>. Persons dealing with the Trustee shall have recourse only to the Trust Assets to satisfy any liability incurred by the Trustee to any such Person in carrying out the terms of this Agreement, and the Trustee shall have no personal, individual obligation to satisfy any such liability.

6.10    <u>Indemnification</u>. The Trustee and each of its respective accountants, agents, assigns, attorneys, consultants, directors, employees, executors, financial advisors, transfer agents, independent contractors, managers, members, officers, partners, predecessors, principals, professional persons, the employees of the Trust, and their respective agents, employees, officers, directors, professionals, attorneys, accountants, advisors, representatives, affiliates, employer and successors and principals (each, an "<u>Indemnified Party</u>") shall be indemnified, and defended and held harmless against, by the Trust solely from the Trust Assets, for any losses, liability, claims, damages, judgment, fine, penalty, claim, demand, settlement, cost, or expenses occurring on or after the Effective Date (including reasonable attorneys' fees and expenses which the Indemnified Party may incur in connection therewith) actually incurred without gross negligence, willful

misconduct, or fraud on the part of the applicable Indemnified Party (which gross negligence, willful misconduct, or fraud, if any, must be determined by a Final Order of a court of competent jurisdiction) for any act or omission in their capacity as, or on behalf of, the Trust or Trustee in connection with the acceptance, administration, exercise, and performance of their duties under the Plan or this Agreement, as applicable so long as the applicable Indemnified Party acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interest of the Trust or the Trust Beneficiaries. An act or omission taken by the Trustee pursuant to Section 6.7 of this Agreement will be deemed not to constitute gross negligence, willful misconduct, or fraud. The amounts necessary for the indemnification provided in this Section (including, but not limited to, any costs and expenses incurred in enforcing the right of indemnification in this Section) constitute Trust Fees and Expenses and shall be paid by the Trustee out of the account established for payment of Trust Fees and Expenses; *provided*, *however*, that the Trust shall not be liable to indemnify any Indemnified Party for any act or omission arising out of such Indemnified Party's respective gross negligence, fraud or willful misconduct as determined by a Final Order of the Bankruptcy Court. The Indemnified Parties shall be entitled to obtain advances from the Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of an Indemnified Party in its capacity as such, except for any actions or omissions arising from their own respective willful misconduct, fraud or gross negligence; *provided*, *however*, that the Indemnified Parties receiving such advances shall repay the amounts so advanced to the Trust immediately upon the entry of a final, non-appealable judgment or order finding that such Indemnified Parties were not entitled to any indemnity under the provisions of this Section of this Agreement.  Nothing contained in this Section 6.9 shall implicate the Debtors or the Reorganized Debtors.

6.11    <u>Expense of Trust; Limitation on Source of Payment of Indemnification</u>. All indemnification liabilities of the Trust under Section 6.9 shall be expenses of the Trust and constitute Trust Fees and Expenses. The amounts necessary for such indemnification and reimbursement shall be paid by the Trust solely out of an account established and maintained by the Trust for payment of Trust Fees and Expenses after reserving for all other actual and anticipated Trust Fees and Expenses of the Trust. The Trustee shall not be personally liable for the payment of any Trust Fees and Expenses or claim or other liability of the Trust, and no Person shall look to the Debtors or the Reorganized Debtors or the Trustee or other Indemnified Parties personally for the payment of any such Trust Fees and Expenses or liability.

6.12    <u>Confirmation of Survival of Provisions</u>. Without limitation in any way of any provision of this Agreement, the provisions of this Article VI shall survive the death, dissolution, liquidation, incapacity, resignation, replacement, or removal, as may be applicable, of the Trustee or, as it relates to Section 6.9, an Indemnified Party, or the termination of the Trust or this Agreement, and shall inure to the benefit of the Trustee's and the Indemnified Parties' heirs and assigns.

## ARTICLE VII
## [TAX MATTERS][8]

7.1    <u>Tax Treatment of Trust</u>. Pursuant to and in accordance with the Plan, including, but not limited to, <u>Article IV.H</u> of the Plan, for all United States federal income tax purposes, the Debtors and Reorganized Debtors shall treat (a) the Trust as a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d) and guidance promulgated in respect thereof, including IRS Revenue Procedure 94-45, 1994-2 C.B. 684, and, thus, as a "grantor trust" within the meaning of IRC sections 671 through 677 consistent with the terms of the Plan and

---

[8]    [**NTD**:  Subject to ongoing tax review.]

(b) the transfer of the Trust Assets to the Trust as a transfer of the Trust Assets (subject to any obligations relating to such Trust Assets) by the U.S. Debtors to the Trust Beneficiaries in satisfaction of the Claims of the Trust Beneficiaries (other than any Trust Disputed Claims Reserve), followed by a transfer of such Trust Assets by such Trust Beneficiaries to the Trust in exchange for their *pro rata* Trust Interests. The Trust Beneficiaries shall be treated as the grantors and owners of the Trust for United States federal income tax purposes.

7.2     Annual Reporting and Filing Requirements. Pursuant to and in accordance with the terms of the Plan and this Agreement, the Trustee shall file tax returns (including applicable state, local and foreign tax returns, if any) for the Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) to the extent required by applicable law and subject to the treatment of the Trust Disputed Claims Reserve as a DOF or other separate entity.

7.3     Tax Treatment of Reserves for Disputed Claims. The Trustee may, in the Trustee's sole discretion, determine the best way to report for United States tax purposes with respect to the Trust Disputed Claims Reserve, if applicable, including (a) filing a tax election to treat the Trust Disputed Claims Reserve as a Disputed Ownership Fund ("DOF") or other separate entity within the meaning of Treasury Regulation section 1.468B-9 for federal income tax purposes rather than to tax such reserve as a part of the Trust (and, to the extent permitted by applicable law, report consistently with the foregoing for United States federal, state, and local income tax purposes) or (b) electing to report as a separate trust or sub-trust or other entity. If an election is made to report the Trust Disputed Claims Reserve as a DOF or other separate entity, the Trust shall comply with all federal and state tax reporting and tax compliance requirements of the DOF or other separate entity, including, but not limited to, the filing of a separate federal tax return for the DOF or other separate entity and the payment of federal and/or state income tax due.

41

7.3.1    If an election is made to report the Trust Disputed Claims Reserve as a DOF or other separate entity, all parties (including the Trust, the Trustee, and the Trust Beneficiaries) shall be bound by such election and report for United States federal, state, and local income tax purposes consistently with the foregoing. The Trustee shall be responsible for payment, out of the Trust Assets, of any taxes (including with respect to earned interest, if any) imposed on the Trust or the Trust Assets, including the Trust Disputed Claims Reserve. In the event, and to the extent, any Cash retained on account of a Disputed Claim in the Trust Disputed Claims Reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, such Disputed Claims, the Trustee may, in its discretion, (i) sell any non-Cash assets relating to such Claim (including any assets distributable as a result of disallowance of such Claim) to pay such taxes or (ii) reimburse the Trust for the payment of such taxes from any subsequent Cash amounts allocable to, or retained on account of such Disputed Claim (including any Cash distributable by the Trustee as a result of disallowance of such Disputed Claim).

7.4    <u>Valuation of Trust Assets</u>. As soon as practicable following the Effective Date, but in no event later than the due date for timely filing of the Trust's first United States federal income tax return (taking into account applicable tax filing extensions), the Trustee shall determine the fair market value of the Trust Assets as of the Effective Date, based on the Trustee's good faith determination and subject in all respects to this Section 7.4, and establish appropriate means to apprise, in writing, the Trust Beneficiaries of such valuation, from time to time as relevant for tax reporting purposes. The valuation shall be used consistently by all parties (including, without limitation, the Debtors, Reorganized Debtors, and the Trust Beneficiaries) for all applicable United

States federal, state and local income tax purposes; *provided*, *however*, that such valuation shall not be binding on the Trustee or any other party for any other purposes, including without limitation in regard to the liquidation of the Trust Assets, whether by disposition, liquidation, litigation, settlement, or otherwise. Any such valuation shall be inadmissible in any proceeding concerning the Assigned Preference Actions.

7.5     In the event that the Trustee determines that the Trust may be required to withhold from amounts distributable from the Trust pursuant to Article 4.25 above, it shall endeavor to promptly notify the relevant Trust Beneficiary.

7.6     Allocations of Trust taxable income among the Trust Beneficiaries shall be determined by reference to the manner in which an amount of Cash representing such taxable income would be distributed (were such cash permitted to be distributed at such time) if, immediately prior to such deemed distribution, the Trust had distributed all its assets (valued at their tax book value) to the holders of the Trust Interests, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Trust. Similarly, taxable loss of the Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating distribution of the remaining Trust Assets. The tax book value of the Trust Assets for purposes of this Section 7.6 shall equal their fair market value on the Effective Date, or, if later, the date such assets were acquired by the Trust, adjusted in accordance with tax accounting principles prescribed by the IRC, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

## ARTICLE VIII
### SELECTION, REMOVAL, REPLACEMENT, AND COMPENSATION OF TRUSTEE

8.1     <u>Initial Trustee</u>. The Trustee has been selected by the Committee and the Debtors, is appointed effective as of the Effective Date, and shall serve as the trustee of the Trust. The initial

trustee shall be the Trustee, subject to the requirement that the Trustee (including any successor trustee, Supplemental Trustee (as defined herein), and assignee of any of the foregoing) be a "United States person" within the meaning of IRC Section 7701(a)(30).

8.2    <u>Term of Service</u>. The Trustee shall serve until the earliest of (a) the completion of the administration of the Trust Assets and the Trust, including the winding up of the Trust, in accordance with this Agreement and the Plan, (b) termination and dissolution of the Trust in accordance with the terms of this Agreement and the Plan, or (c) the Trustee's resignation, death, dissolution, incapacity, liquidation, or removal. In the event that the Trustee's appointment terminates by reason of resignation, death, dissolution, incapacity, liquidation, or removal, except as provided in Section 8.3 of this Agreement, the Trustee shall be immediately compensated for all reasonable fees and expenses accrued but unpaid through the effective date of termination, whether or not previously invoiced. The provisions of Article VI of this Agreement shall survive the resignation or removal of any Trustee.

8.3    <u>Removal of Trustee</u>. Any party in interest, on notice and hearing before the Bankruptcy Court, may seek removal of the Trustee for cause. If a Trustee is removed for cause, such Trustee shall not be entitled to any accrued but unpaid fees, reimbursements, or other compensation under this Agreement or otherwise. For purposes of this Article, the term "cause" shall mean (a) the Trustee's actual fraud, gross negligence, reckless or willful misconduct, willful disregard of its duties under the Plan, the Confirmation Order, or this Agreement, or material breach of the Agreement, or (b) the Trustee's misappropriation or embezzlement of any Trust Assets or the proceeds thereof. The Bankruptcy Court shall hear and finally determine any dispute arising out of this Section.

8.4     <u>Resignation of Trustee</u>. The Trustee may resign at any time on written notice to the Reorganized Debtors, the U.S. Trustee and the Bankruptcy Court. The resignation shall be effective on the later of (a) the date specified in the notice of resignation and (b) the date that is thirty (30) days after the date such notice is filed with the Bankruptcy Court. In the event of a resignation, the resigning Trustee shall file a full and complete accounting of moneys and assets received, disbursed, and held during the term of that Trustee.

8.5     <u>Appointment of Successor Trustee</u>. Upon the resignation, death, dissolution, incapacity, liquidation, or removal of a Trustee, any party in interest (including, in the case of resignation, the Trustee) may file a motion in the Bankruptcy Court to appoint a successor trustee. In the event no party in interest seeks the appointment of a successor Trustee, the Bankruptcy Court may do so on its own motion.  The appointment of any successor Trustee (a) shall be effective upon the successor Trustee's consent to and acceptance of his, her, or its appointment as successor Trustee, which may be done by email or through acquiescence in not objecting to a motion for approval of his, her, or its appointment as successor Trustee, and (b) the successor Trustee shall not have any liability or responsibility for the acts or omissions of any predecessor(s). Any successor Trustee may be appointed to serve only on an interim basis.

8.6     <u>Powers and Duties of Successor Trustee</u>. A successor Trustee shall have all the rights, privileges, powers, and duties of his, her, or its predecessor under this Agreement, the Plan, and the Confirmation Order.  Unless impossible by reason of death, a predecessor Trustee shall, when requested in writing by the successor Trustee, execute and deliver any reasonable instrument or instruments conveying and transferring to such successor Trustee all the estates, properties, rights, powers, and trusts of such predecessor Trustee.

8.7    <u>Trust Continuance</u>.    The resignation, death, dissolution, incapacity, liquidation, or removal of the Trustee shall not terminate the Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Trustee.

8.8    <u>Compensation of Trustee and Costs of Administration</u>. The Trustee shall receive fair and reasonable compensation for its services in accordance with the terms and conditions of this Agreement (as approved in the Confirmation Order), which shall be a charge solely against, and solely paid out of, the account established for paying Trust Fees and Expenses as Trust Fees and Expenses.  In consideration for the services of the Trustee under this Agreement, the Trustee's initial compensation will be [TBD].    All reasonable and documented costs, expenses, and obligations incurred by the Trustee (or professionals who may be employed by the Trustee in administering the Trust, in carrying out their other responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid by the Trust solely from the account established for paying Trust Fees and Expenses prior to any distribution to any Trust Beneficiaries.

8.9    <u>Appointment of Supplemental Trustee</u>. If the Trustee has a conflict or any of the Trust Assets are situated in any state or other jurisdiction in which the Trustee is not qualified to act as trustee, the Trustee shall nominate and appoint a Person duly qualified to act as trustee (the "<u>Supplemental Trustee</u>") with respect to such conflict, or in such state or jurisdiction, and require from each such Supplemental Trustee such security as may be designated by the Trustee in its discretion. In the event the Trustee is unwilling or unable to appoint a disinterested Person to act as Trustee to handle any such matter, the Bankruptcy Court, on notice and hearing, may do so. The Trustee or the Bankruptcy Court, as applicable, may confer upon such Supplemental Trustee any or all of the rights, powers, privileges, and duties of the Trustee hereunder, subject to the conditions and limitations of this Agreement, except as modified or limited by the laws of the applicable state

or other jurisdiction (in which case, the laws of the state or other jurisdiction in which such Supplemental Trustee is acting shall prevail to the extent necessary). To the extent the Supplemental Trustee is appointed by the Trustee, the Trustee shall require such Supplemental Trustee to be answerable to the Trustee for all moneys, assets, and other property that may be received in connection with the administration of all property. The Trustee or the Bankruptcy Court, as applicable, may remove such Supplemental Trustee, with or without cause, and appoint a successor Supplemental Trustee at any time by executing a written instrument declaring such Supplemental Trustee removed from office and specifying the effective date and time of removal.

### ARTICLE IX
### DURATION OF TRUST

9.1 <u>Duration</u>. Once the Trust becomes effective upon the Effective Date, the Trust and this Agreement shall remain and continue in full force and effect until the Trust is terminated in accordance with the terms hereof and the Plan, which provides that the duration of the Trust will be no later than the fifth anniversary of the Effective Date (unless extended by order of the Bankruptcy Court).

9.2 <u>Termination on Payment of Trust Fees and Expenses and Distribution of Trust Assets</u>. Upon the payment of all Trust Fees and Expenses, and the distribution of all Trust Assets in accordance with the provisions of the Plan, the Confirmation Order, and this Agreement, the Trust shall automatically terminate and dissolve and the Trustee shall have no further responsibility in connection therewith except as may be required to effectuate such termination under relevant law.

9.3 <u>Termination after Five Years Unless Extended</u>. If the Trust has not been previously terminated and dissolved pursuant to Section 9.2 hereof, no later than five (5) years from the Effective Date (the "<u>Termination Date</u>"), unless the Trust term has been extended by order of the

Bankruptcy Court, the Trustee shall distribute all of the Trust Assets, after payment or reserve for all Trust Fees and Expenses, to the Trust Beneficiaries, abandon, or donate any *de minimis* amounts, all pursuant to the terms of the Plan and this Agreement, and immediately thereafter the Trust shall dissolve and terminate and the Trustee shall have no further responsibility in connection therewith except to the limited extent set forth in Section 9.5 of this Agreement; *provided* that the Termination Date may be extended if the Bankruptcy Court, upon motion made by a party in interest within the six (6) month period prior to such fifth (5th) anniversary (and, in the event of further extension, at least six (6) months prior to the end of any extension period), determines that a fixed period extension is necessary to facilitate or complete the recovery on and liquidation of the Trust Assets.

9.4    <u>No Termination by Trust Beneficiaries</u>. The Trust may not be terminated and dissolved at any time by the Trust Beneficiaries.

9.5    <u>Continuance of Trust for Winding Up; Discharge and Release of Trustee</u>. After the termination of the Trust and solely for the purpose of liquidating and winding up the affairs of the Trust, the Trustee shall continue to act as such until its responsibilities have been fully performed. Except as otherwise specifically provided herein, upon the distribution of the Trust Assets, including all excess reserves, the Trustee and the Trust's professionals and agents shall be deemed discharged and have no further duties or obligations hereunder. In connection with the foregoing, upon a motion by the Trustee, the Bankruptcy Court may enter an order relieving the Trustee and its employees, professionals, and agents of any further duties, discharging and releasing the Trustee and its employees, professionals, and agents from all liability related to the Trust.

9.6    <u>Diligent Administration</u>. The Trustee shall (a) not unduly prolong the duration of the Trust and (b) effect the liquidation of the Trust Assets and distribution to the Trust Beneficiaries in accordance with the terms of the Plan, the Confirmation Order, and this Agreement.

**ARTICLE X**
**M**ISCELLANEOUS

10.1    <u>Cumulative Rights and Remedies</u>. The rights and remedies provided in this Agreement are cumulative and not exclusive of any rights and remedies under law or in equity.

10.2    <u>Notices</u>. All notices to be given to Trust Beneficiaries may be given by email, ordinary mail, or may be delivered personally, at the addresses for such Trust Beneficiaries appearing on the books kept by the Trustee. Any notice or other communication which may be or is required to be given, served, or sent to the Trustee shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by email, hand delivery, or facsimile (if receipt is confirmed) addressed as follows:

If to the Trust or the Trustee:

[TBD]

With a copy to:

[Counsel for Trustee]

If to the Reorganized Debtors:

At Home Group Inc.
Meredith Hampton, General Counsel

with copies to:

Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Attention: Nicole Greenblatt, P.C.
          Matthew Fagen, P.C.
          Elizabeth Jones

49

E-mail:    nicole.greenblatt@kirkland.com
           matthew.fagen@kirkland.com
           elizabeth.jones@kirkland.com

-and-

Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801
Attention: Robert S. Brady
           Joseph M. Mulvihill
           Timothy R. Powell
E-mail:    rbrady@ycst.com
           jmulvihill@ycst.com
           tpowell@ycst.com

or to such other address as may from time to time be provided in written notice by the Trustee.

10.3    <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to rules governing the conflict of laws.

10.4    <u>Successors and Assigns</u>. This Agreement shall inure to the benefit of and shall be binding upon the Parties and their respective successors and assigns.

10.5    <u>Particular Words</u>. Reference in this Agreement to any Article or Section is, unless otherwise specified, to such Article or Section, as applicable, under this Agreement. The words "hereof," "herein," and similar terms shall refer to this Agreement and not to any particular Article or Section of this Agreement.

10.6    <u>Execution</u>. All funds in the Trust shall be deemed *in custodia legis* until such times as the funds have actually been paid to or for the benefit of a Trust Beneficiary, and no Trust Beneficiary or any other Person can execute upon, garnish or attach the Trust Assets or the Trustee in any manner or compel payment from the Trust except by Final Order of the Bankruptcy Court. Payments will be solely governed by the Plan, the Confirmation Order and this Agreement.

10.7    <u>Amendment</u>. This Agreement may be amended (i) by written agreement of the Trustee and the Reorganized Debtors; *provided*, *however*, that such amendment may not be inconsistent with the Plan or the Confirmation Order, or (ii) by order of the Bankruptcy Court.

10.8    <u>No Waiver</u>. No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

10.9    <u>No Relationship Created</u>. Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership or joint venture of any kind, nor shall the Trustee or the Trust Beneficiaries be deemed to be or treated in any way whatsoever to be liable or responsible hereunder as partners or joint venturers.

10.10    <u>Severability</u>. If any term, provision, covenant, or restriction contained in this Agreement, or the application thereof to any Person or circumstance, is finally held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable, or against its regulatory policy, the remainder of the terms, provisions, covenants, and restrictions contained in this Agreement, or the application of such provision to any Persons or circumstances other than those as to which it is held invalid or unenforceable or in any other jurisdiction, shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

10.11    <u>Further Assurances</u>. Without limitation of the generality of Section 2.5 of this Agreement and subject to the provisions thereof, the Parties agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes and provide for the full implementation of this Agreement and the pertinent provisions of the Plan and to consummate the transactions contemplated hereby.

10.12   Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

10.13   Jurisdiction.    The Bankruptcy Court shall have jurisdiction regarding the Debtors, the Reorganized Debtors, the Trust, the Trustee, and the Trust Assets, including, without limitation, the determination of all disputes arising out of or related to administration of the Trust. The Bankruptcy Court shall have continuing jurisdiction and venue to hear and finally determine all disputes and related matters among the Parties arising out of or related to this Agreement or the administration of the Trust. The Parties expressly consent to the Bankruptcy Court hearing and exercising such judicial power as is necessary to finally determine all such disputes and matters. If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under, or related to the Chapter 11 Cases, including the matters set forth in this Agreement, of if the Chapter 11 Cases have been closed pursuant to section 350(a) of the Bankruptcy Code, the provisions of this Agreement shall have no effect on and shall not control, limit, or prohibit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter, and all applicable references in this Agreement to an order or decision of the Bankruptcy Court shall instead mean an order or decision of such other court of competent jurisdiction.

IN WITNESS WHEREOF, the Parties have or are deemed to have executed this Agreement as of the day and year written above.

**AH DEBTORS [LIST ALL D SIG PAGES]**

By: _____

Name: _____

Title: _____

**TRUSTEE**

_____

By:
Name:
Title:

## <u>Exhibit I</u>

**Identity of the Unsecured Claims Distribution Trustee**

[*To Come*]