## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### DECLARATION OF JEREMY AGUILAR, CHIEF
### FINANCIAL OFFICER OF AT HOME GROUP INC.
### AND CERTAIN OF ITS AFFILIATES, IN SUPPORT
### OF THE DEBTORS' OBJECTION TO CERTAIN CLAIMS
### FILED BY LAURA ANDERSON ON GROUNDS THAT SUCH
### CLAIMS ARE (I) CLAIMS FILED AGAINST THE WRONG DEBTORS,
### (II) DUPLICATE CLAIMS, AND (III) INSUFFICIENTLY SUPPORTED CLAIMS

I, Jeremy Aguilar, Chief Financial Officer of At Home Group Inc., a Delaware corporation (collectively, with its Debtor affiliates, the "Debtors" and, together with their non-Debtor affiliates, "At Home" or the "Company"), hereby declare under penalty of perjury:[2]

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). The location of the Debtors' service address for purposes of these chapter 11 cases is:  9000 Cypress Waters Blvd, Coppell, Texas 75019.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection and the *Joint Plan of Reorganization of At Home Group Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 541] (as may be amended, modified, or supplemented from time to time, the "Plan"), as applicable.

1.      I am the Chief Financial Officer of the Company.  I joined At Home as Chief Financial Officer in December 2024, with over 19 years of experience in the retail space.  Prior to my tenure with At Home, I worked as Chief Financial Officer at Trinity Solar, Inc. for approximately 11 months.  Before that, I worked as Chief Financial Officer at Bob's Discount Furniture, LLC from July 2016 to June 2023.  Additionally, I held Chief Financial Officer roles at The Sports Authority, Inc. from January 2014 to July 2016 and at H. H. Gregg from February 2009 to January 2014, where I originally began as Vice President in August 2005.  I began my career working as a Manager for KPMG US.  I hold a Bachelor's Degree in Accounting and Computer Information Systems from Indiana University, Kelley School of Business.

2.      As Chief Financial Officer, I am generally familiar with the Debtors' business and financial affairs, day-to-day operations, Schedules and Statements, and Books and Records.  Such documents reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors as of the Petition Date.  Except as otherwise indicated, all facts set forth in this declaration (this "Declaration") are based on my personal knowledge, my discussions with other members of the Debtors' management team, employees, and advisors, my review of relevant documents, or my opinion based on my experience, knowledge, and information concerning the Debtors' operations and financial condition.  Any references to the Bankruptcy Code, the chapter 11 process, and related legal matters herein reflect my understanding of such matters based on the explanations and advice provided by counsel to the Debtors.  I submit this Declaration in support of the *Debtors' Objection to Certain Claims Filed by Laura Anderson on Grounds that Such Claims Are (I) Claims Filed Against the Wrong Debtors, (II) Duplicate Claims, and (III) Insufficiently Supported Claims,* filed contemporaneously herewith.  If I were called upon to

testify, I could and would testify competently to the facts set forth herein.  I am authorized to submit this Declaration on behalf of the Debtors.

3.      The Debtors and their advisors have reviewed the Proofs of Claim Filed in these Chapter 11 Cases and have identified two Proofs of Claim (together, the "Disputed Claims") Filed by Claimant that are subject to the Objection.  After reviewing the Disputed Claims, the Debtors do not believe that such claims accurately represent the potential liability, if any, of Ambience and its estate, or At Home Group and its estate, for the Disputed Claims asserted therein.

4.      I understand that Claimant has erroneously asserted Proofs of Claim against Ambience and At Home Group based on an injury that Claimant alleges happened at one of the Debtors' stores in Media, Pennsylvania in 2024.  No complaint has been Filed to initiate any litigation with respect to the Disputed Claims against Ambience, At Home Group, or any other Debtor.  Importantly, neither Ambience nor At Home Group are party to any leases or lease guarantee agreements with stores located in Media, Pennsylvania and neither Ambience nor At Home Group operate any such stores.  The only Debtors party to such lease and lease guarantee agreements are Stores and Debtor At Home Holding III Inc., respectively.

5.      Additionally, I understand that Claimant Filed her Proofs of Claim without any supporting documentation establishing a Claim at Ambience or At Home Group.  There is also nothing in Ambience's or At Home Group's Books and Records to indicate that either Ambience or At Home Group have any liability for the tort claims asserted in the Disputed Claims.  To the extent any contingent liability for the tort claims asserted in the Disputed Claims appears on At Home Group's Books and Records, such contingent liability belongs to Stores.  Contingent liabilities belonging to Stores only appear in At Home Group's Books and Records because Stores is an indirect subsidiary of At Home Group, and Stores' financial results, along with other direct

3

and indirect subsidiaries of At Home Group, are consolidated monthly at At Home Group as the "parent entity" through the Debtors' financial reporting process and systems.

6.      I understand that Ambience is a "Named Insured" on the Debtors' general liability insurance policy (the "GL Policy"),[3] but I do not believe this is an indication that Ambience is liable for all personal injury claims asserted against any Debtor entity.  Importantly, the GL Policy has a Broad Form Named Insured Endorsement that includes as Named Insureds "any other organization (except for a partnership or joint venture) incorporated or organized under the laws of the United States . . . while the first Named Insured or any of the Named Insureds shown in the Declarations Extension Schedule (Named Insured) directly or indirectly owns, during the policy period, an interest therein of 50% or more."  Ambience indirectly owned at least 50% of Stores during the policy period.

7.      If the Objection is not sustained, the Claimant will be able to pursue her claims against entities that have no liability with respect to the Disputed Claims.  I therefore believe the Disputed Claims should be disallowed solely with respect to Ambience and At Home Group.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: September 12, 2025

*/s/ Jeremy Aguilar*
Jeremy Aguilar
Chief Financial Officer

---

[3]     The GL Policy's Form Named Insured Endorsement and Declarations Extension Schedule are attached to this Declaration as **Exhibit A**.

## EXHIBIT A

GL Policy Form Named Insured Endorsement and Declarations Extension Schedule

Policy Number  EB7-691-451697-033
Issued by        LIBERTY INSURANCE CORPORATION

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**BROAD FORM NAMED INSURED**

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART
    EXCESS COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The term Named Insured includes: the person or organization designated in the Declarations as the first Named Insured; the person(s) or organization(s) shown in the Declarations Extension Schedule (Named Insured); and any other organization (except for a partnership or joint venture) incorporated or organized under the laws of the United States of America or its states, territories or possessions; Puerto Rico; or Canada or its provinces, but only while the first Named Insured or any of the Named Insureds shown in the Declarations Extension Schedule (Named Insured) directly or indirectly owns, during the policy period, an interest therein of 50% or more. But:

None of the persons or organizations described in Paragraph **A.** is a Named Insured with respect to:

**(1)**  "Bodily injury" or "property damage" that occurred; or

**(2)**  "Personal and advertising injury" caused by an offense or a series of related offenses committed

prior to the ownership interests described above.

**B.** Paragraph **3.** of **Section II – Who Is An Insured** is deleted.

**C.** The final paragraph of **Section II – Who Is An Insured** is replaced by the following:

A partnership or joint venture is not a Named Insured unless it is shown in the Declarations or in the Declarations Extension Schedule (Named Insured). No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations or in the Declarations Extension Schedule (Named Insured) or for any limited liability company that is not a Named Insured.

**D.** The first Named Insured is authorized to act and agrees to act on behalf of all persons or organizations insured under this policy with respect to all matters pertaining to the insurance afforded by the policy.

## DECLARATIONS EXTENSION SCHEDULE – CLASSIFICATION DESCRIPTIONS

Policy number EB7-691-451697-033

| Class Code | Description |
|---|---|
| 52950 | Retail Stores - All Other |