**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AT HOME GROUP, INC., *et al.*,<br><br>                            Debtors. | **Chapter 11**<br><br>**Case No. 25-11120 (JKS)**<br><br>**(Jointly Administered)**<br><br>**Hearing Date: September 30, 2025 at 9:00 AM**<br>**Objection Date: September 18, 2025 at 4:00 AM**<br><br>**Docket Nos. 541 & 611** |

**ORACLE AMERICA, INC.'S CURE OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTORS' JOINT PLAN OF REORGANIZATION OF AT HOME GROUP INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE ("RIGHTS RESERVATION")**

Oracle America, Inc. ("**Oracle**"), a creditor and contract counter-party in the above-captioned Chapter 11 cases, submits this Rights Reservation in response to the proposed assumption of Oracle's contracts in connection with the *Joint Plan of Reorganization of At Home Group, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 541] ("Plan") filed by At Home Group, Inc., et. al. ("**Debtors**"). In support of the Rights Reservation, Oracle states:

**I.      INTRODUCTION**

1.      Through the Plan, the Debtors seek Bankruptcy Court authority to, among other things, assume the multiple executory contracts between the Debtors and Oracle. As discussed herein, Oracle objects to the proposed assumption of its agreements solely because the Debtors have neither cured all outstanding amounts owed under the contracts, nor provided adequate assurance that such amounts will be paid. Accordingly, on this limited basis, Oracle objects and reserves all of its rights regarding the Debtors' proposed assumption of Oracle's contracts.

## II.     FACTUAL BACKGROUND

2. The above captioned case was filed on June 16, 2025 ("**Petition Date**"), and an order directing joint administration was entered shortly thereafter. The Debtors continue to operate as debtors in possession.

3. Oracle is a licensor of computer software and, pursuant to agreements, provides software-related products, technical support, maintenance, educational materials, and programs, as well as cloud-based and point of sale services, which Oracle often customizes for the customer's specific needs. Prior to the Petition Date, Oracle and the Debtors entered into several agreements for cloud, database, and hospitality services ("**Oracle Agreements**").

4. On August 19, 2025, the Debtors filed the Plan, which provides for assumption of all executory contracts (unless specifically assumed, assumed and assigned or rejected). The Plan states as follows:

> On the Effective Date, except as otherwise provided in this Plan, pursuant to sections 365 and 1123 of the Bankruptcy Code, each Executory Contract or Unexpired Lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically assumed *unless* such Executory Contract or Unexpired Leases: (i) is identified on the Schedule of Rejected Executory Contracts and Unexpired Leases, (ii) previously expired or terminated pursuant to its own terms; (iii) is the subject of a motion to reject Filed on or before the Effective Date; or (iv) is an insurance policy (which shall be treated in accordance with Article V.E); *provided* that the assumption, assumption and assignment, or rejection of all Executory Contracts and Unexpired Leases shall be subject to the consent of the Required Consenting Stakeholders (not to be unreasonably withheld, conditioned, or delayed). Entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of all assumptions, assumptions and assignments, and rejections, including the assumption of the Executory Contracts or Unexpired Leases as provided for in this Plan, the Plan Supplement, and the Confirmation Order, pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

Plan Art. V.A.

5. On September 12, 2025, the Debtors filed a *First Amended Plan Supplement for the Joint Plan of Reorganization of At Home Group Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 611] ("**Plan Supplement**"). Exhibit B-1 to the Plan Supplement lists the Initial Schedule of assumed contracts. It identifies numerous Oracle

Agreements between Oracle and At Home Stores, LLC.  No Oracle Agreements are identified for rejection. Therefore, Oracle concludes that the Debtors intend to assume their entire contractual relationship with Oracle through the Plan.

6. The Debtors must pay all sums owed in cure, including any post-petition amounts which may have come due under the Oracle Agreements.  The Debtors identify a cure amount of $253,036.32 ("Cure Amount"), which amount is associated with several Oracle Agreements.  The Cure Amount appears to relate to the amounts highlighted in the chart below.  However, additional invoices have or will come due prior to the plan confirmation hearing which also must be paid.  Therefore, as of filing this Rights Reservation, Oracle is owed not less than $1,141,897.87, as follows:

| Invoice No. | Invoice Date | Original Amount | Amount Due |
|---|---|---|---|
| 101942313 | 20-May-2025 | 148,671.02 | 42,015.72 |
| 101946958 | 23-May-2025 | 434,350.27 | 112,090.39 |
| 101956189 | 29-May-2025 | 348,695.39 | 64,432.84 |
| 101958948 | 30-May-2025 | 188,856.46 | 32,844.60 |
| 101959779 | 30-May-2025 | 10,137.00 | 1,652.77 |
| 101972915 | 31-May-2025 | 25,647.60 | 25,647.60 |
| 102073730 | 06-Aug-2025 | 34,059.01 | 34,059.01 |
| 102096050 | 25-Aug-2025 | 434,350.23 | 434,350.23 |
| 102103913 | 29-Aug-2025 | 348,695.39 | 348,695.39 |
| 102105813 | 29-Aug-2025 | 9,845.60 | 9,845.60 |
| 102107429 | 31-Aug-2025 | 10,137.00 | 10,137.00 |
| 102127883 | 08-Sep-2025 | 26,126.72 | 26,126.72 |

### III. ARGUMENT

**A. The Debtors May Not Assume the Oracle Agreements Absent Oracle's Consent Because The Agreements Pertain To One Or More Licenses Of Intellectual Property.**

7. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume <u>or</u> assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

11 U.S.C. § 365(c).

8. Federal law makes non-exclusive intellectual property licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

9. The Oracle Agreements are, or pertain to, non-exclusive licenses of copyrighted software. Therefore, the Debtors must obtain Oracle's consent before seeking to assume the Oracle Agreements. At this time, for the limited reasons discussed, Oracle does not consent to Debtors' assumption of the Oracle Agreements.

### B. To Assume the Oracle Agreements, the Debtors Must Cure All Arrearages.

10. Before assuming an unexpired executory contract, a debtor must (1) cure (or provide adequate assurance of a prompt cure of) any defaults under the subject contracts, and (2) provide adequate assurance of future performance under the contract. See 11 U.S.C. § 365(b)(1). Absent the foregoing, a debtor may not assume an executory contract.

11. At present, Oracle believes that the cure amount is not less than $1,141,897.87. Absent Debtors' cure of the outstanding amounts due Oracle, the Debtors may not assume Oracle's agreements.

### C. Unless the Debtors Provide Adequate Assurance of Future Performance, the Court Should Not Permit Assumption of Oracle's Contracts.

12. In addition to requiring that defaults be cured, Section 365(b)(2) of the Bankruptcy Code obligates a debtor to provide adequate assurance of future performance under the contract before the executory contract may be assumed. *See* 11 U.S.C. § 365(b)(2). In light of the Debtors' failure to provide either adequate assurance of prompt payment of the cure or future performance under the contract, Oracle is unable to determine whether Debtors have complied, or will comply, with all of the requirements of section 365(b) of the Bankruptcy Code. Accordingly, Oracle reserves its rights to be heard regarding all assumption and cure issues.

### IV. CONCLUSION

13. For the reasons set forth above, Oracle respectfully requests that the Court deny the Debtors' request for authority to assume any Oracle contract absent cure of all outstanding amounts due and owing to Oracle, and provision of adequate assurance regarding the proposed assumptions.

Dated: September 17, 2025  
Wilmington, Delaware

**MARGOLIS EDELSTEIN**

By:    /s/ James E. Huggett  
James E. Huggett, Esq. (#3956)  
300 Delaware Avenue, Suite 800  
Wilmington, Delaware 19801  
Telephone: (302) 888-1112  
E-mail: jhuggett@margolisedelstein.com

Mark F. Magnozzi, Esq.  
Benjamin Rachelson, Esq.  
**THE MAGNOZZI LAW FIRM P.C.**  
23 Green Street, Suite 302  
Huntington, New York 11743  
Telephone: (631) 923-2858  
E-mail: mmagnozzi@magnozzilaw.com

Shawn M. Christianson, Esq.  
**BUCHALTER, A Professional Corporation**  
425 Market Street, Suite 2900  
San Francisco, California 94105  
Telephone: (415) 227-0900  
E-mail: schristianson@buchalter.com

Peggy Bruggman, Esq.  
Alice Miller, Esq.  
**ORACLE AMERICA, INC.**  
500 Oracle Parkway  
Redwood City, California 94065  
Telephone: (650) 506-5200  
Facsimile: (650) 506-7114

**Attorneys for Oracle**