# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AT HOME GROUP INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-11120 (JKS)<br>(Jointly Administered)<br><br>**Objection Deadline: September 19, 2025 at 4:00 p.m., E.T. (by agreement)**<br>**Hearing Date:  September 30, 2025 at 9:00 a.m. (E.T.)**<br><br>**Ref. Docket Nos. 531, 532** |

## LIMITED OBJECTION OF CERTAIN LANDLORDS TO CONFIRMATION OF JOINT CHAPTER 11 PLAN OF AT HOME GROUP INC. AND ITS DEBTOR AFFILIATES

5Rivers CRE, LLC, Brixmor Property Group Inc., Benderson Development Company LLC, Brookfield Properties Retail, Inc., Kite Realty Group, NNN REIT, Inc., Realty Income Corporation, SITE Centers Corp., TLM Realty Holdings LLC, Petty Partners, LLC, and Oleta Partners Biscayne Parcel LLC (each, a "<u>Landlord</u>" and, collectively, the "<u>Landlords</u>"), by and through their undersigned counsel, Kelley Drye & Warren LLP and Law Office of Susan E. Kaufman, LLC, hereby submit this limited objection (the "<u>Limited Objection</u>") to the *Chapter 11*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (N/A); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (N/A); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). The location of the Debtors' service address for purposes of these chapter 11 cases is: 9000 Cypress Waters Blvd, Coppell, Texas 75019.

*Plan of Reorganization - Joint Plan of Reorganization of At Home Group Inc. and its Debtor Affiliates* (the "Plan")[2] proposed by the above-captioned debtors (collectively, "Debtors"). In support of this Limited Objection, Landlords respectfully state as follows:

## PRELIMINARY STATEMENT

1. Landlords file this Limited Objection to reserve their rights under the Confirmation Order, which has not yet been filed. Among other things, for the Debtors to satisfy their burdens under sections 363, 553, and 365 of the Bankruptcy Code, the Confirmation Order must provide that: (i) the reorganized tenant will comply with all provisions of the Leases to be assumed on a go-forward basis; (ii) the Debtors will remain responsible for timely payment of all amounts due under the Leases until they are assumed, assumed and assigned, or rejected; (iii) the Landlords' setoff and recoupment rights are fully preserved; (iv) the Exit ABL Facility Documents[3] shall not grant liens on leasehold interests or provide expanded collateral access rights in violation of the terms of the Leases; and (v) any guaranty of a Lease that is assumed pursuant to the Plan shall be reaffirmed by the applicable reorganized Debtor entity and remain in full force and effect as of the Effective Date, unless otherwise agreed in writing by the Debtors and the applicable counterparty.

2. Additionally, in order to assume the Leases pursuant to the Plan, the Debtors must provide the Landlords with adequate assurance of future performance.

3. Finally, because the Debtors intend to amend the Schedules of Assumed Executory Contracts and Unexpired Leases and Schedules of Rejected Executory Contracts and Unexpired Leases after the deadline to file this Objection, the Landlords object to any attempt by the Debtors to sever master leases.

---

[2] Docket No. 531.
[3] As defined in the Plan.

4.       The Landlords hope to resolve the issues raised in this Limited Objection with the Debtors consensually but reserve the right to argue these issues at the hearing to the extent they are not incorporated into the Confirmation Order and/or otherwise resolved.

## BACKGROUND

5.       Landlords are the owners or managing agents for the owners of numerous industrial, retail, distribution, and shopping center properties located throughout the United States leased by the Debtors pursuant to written leases (each, a "Lease," and, collectively, the "Leases") at the locations listed on **Exhibit 1**, attached hereto (collectively, the "Leased Premises"). Many of the Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of title 11 of the United States Code (the "Bankruptcy Code"). *See, e.g., In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

6.       On June 16, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code with this Court. The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

7.       The Debtors filed the initial version of the Plan on July 7, 2025,[4] and the current version of the Plan on August 19, 2025.[5] On September 5, 2025, the Debtors filed *the Plan Supplement for The Joint Plan of Reorganization Of At Home Group Inc. and Its Debtor Affiliates Pursuant to Chapter 11 Of the Bankruptcy Code* (as amended, the "Plan Supplement")[6] which identified contracts that may be assumed by the Debtors in connection with confirmation of the

---

[4]      Docket No. 249.
[5]      Docket No. 531.
[6]      Docket No. 601.

Plan, along with Debtors' proposed cure amount for each of the contracts within the Schedules of Rejected Executory Contracts and Unexpired Leases. On September 9, 2025, the Debtors filed their *First Amended Plan Supplement for the Joint Plan of Reorganization of At Home Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* which identified additional contracts that may be assumed by the Debtors in connection with confirmation of the Plan, along with Debtors' proposed cure amount for each of the additional contracts (the "Cure Notice").[7] Simultaneously herewith, the Landlords have filed an objection to the proposed cure amounts set forth in the Cure Notice.

8. On August 18, 2025, the Court entered *an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Voting Procedures with Respect to Confirmation of the Debtors' Joint Chapter 11 Plan, (III) the Form of Ballot and Notices in Connection Therewith, (IV) Certain Dates and Deadlines with Respect Thereto, and (V) Granting Related Relief*,[8] which established September 18, 2025 at 4:00 p.m. (ET) as the deadline to object to confirmation of the Plan, and scheduled the plan confirmation hearing for September 30, 2025 at 10:00 a.m. (ET).

9. The Landlords have reached out to the Debtors regarding their concerns, and are attempting to resolve the issues raised in this Limited Objection consensually. However, since a resolution on all matters has not yet been reached at this point, the Landlords file this Limited Objection to preserve their rights should any order of the Court confirming the Plan (the "Confirmation Order") fail to include the provisions outlined herein, or the Debtors fail to provide adequate assurance of future performance as required by the Bankruptcy Code.

---

[7] Docket No. 611.
[8] Docket No. 536.

4

**ARGUMENT**

**I.     Debtors Must Provide Evidence of Adequate Assurance of Future Performance for Shopping Center Leases**

10.     Shopping center landlords receive heightened statutory protections under the Bankruptcy Code in connection with the assumption and assignment of leases in the form of adequate assurance of future performance. *Joshua Slocum*, 922 F.2d at 1086; *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002).

> 1.     Section 365(b)(1) of the Bankruptcy Code provides:
>
> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee–
>
> (A)     cures, or provides adequate assurance that the trustee will promptly cure, such default…;
>
> (B)     compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such party resulting from such default; and
>
> (C)     provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

> 2.     In connection with a shopping center lease, adequate assurance of future performance includes adequate assurance:
>
> (A)     of the source of rent… due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee … shall be similar to the financial condition and operating performance of the debtor … as of the time the debtor became the lessee under the lease;
>
> (B)     that any percentage rent due under such lease will not decline substantially;
>
> (C)     that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to)

provisions such as a radius, location, use, or exclusivity provision…, and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

.S.C. § 365(b)(3).

11. Debtors bear the burden of proving adequate assurance of future performance in connection with the potential assumption of the Leases. *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309–10 (5th Cir. 1985); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

12. To determine whether the requirements of adequate assurance of future performance will be satisfied, at a minimum, Landlords and their attorneys must receive the following information (collectively, the "Adequate Assurance Information"):

a. The ownership and management structure of the reorganized Debtors;

b. Cash flow projections for the reorganized Debtors;

c. The most recent business plan;

d. If management is changing, a summary of new management's experience operating retail stores;

e. The reorganized Debtors' and any guarantor's 2025 and 2026 business plans, including sales and cash flow projections;

f. Any financial projections, calculations, and/or financial *pro-formas* prepared in contemplation of emergence;

g. A statement setting forth the reorganized Debtors' intended use of the premises; and

h. The number of retail locations the reorganized Debtors intend to operate and all trade names intended to be used.

13. Unless and until Landlords receive all of this information, have been given ample time to review, and have been provided the opportunity to object to any insufficiency of such

information, Debtors have not satisfied their burden pursuant to 11 U.S.C. § 365(b)(3), and the Plan cannot be confirmed.

## II. The Leases Must be Assumed *Cum Onere*

14. The Debtors may only assume the Leases in their entirety, *cum onere*, with all of the obligations and burdens thereunder. *In re G-I Holdings, Inc.*, 580 B.R. 388, 420–21 (Bankr. D.N.J. 2018) ("Once an executory contract is properly assumed, the debtor is bound to assume all of its terms *cum onere*—with all of its benefits and burdens.").

15. Bankruptcy courts have described the assumption of an unexpired lease as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g.*, *In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003); *In re Thane, Ltd.*, 586 B.R. 540, 546-49 (Bankr. D. Del. 2018). In addition, section 365(b)(3)(C) of the Bankruptcy Code provides that the assumption of a shopping center lease "is subject to all the provisions thereof…". 11 U.S.C. § 365(b)(3)(C).

   i. <u>Guaranties and Letters of Credit Should Be Reaffirmed</u>

16. As part of the requirement to assume leases *cum onere*, any guaranty or letter of credit related to a lease that is assumed through the Plan, the Confirmation Order, or any other order of the Court should be reaffirmed by the applicable Reorganized Debtor and remain in full force and effect as of the Effective Date, unless otherwise agreed in writing by the Debtors and the applicable counterparty. As it currently reads, the proposed Plan does not provide for these protections.

   ii. <u>Indemnification Obligations Continue Post-Effective Date</u>

17. Furthermore, the Debtors must be required to comply with all contractual obligations to indemnify and hold Landlords harmless for events which occurred before assumption, but which were not known to Landlords as of the date of the assumption. This

includes, but is not limited to, (i) claims for personal injury that occurred at the Leased Premises, (ii) damage and destruction to the Leased Premises or property by Debtors or their agents, and (iii) environmental damage or clean-up. To cure possible pre-assumption, non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Leases, either (a) Debtors must be required to satisfy any and all such claims, notwithstanding anything to the contrary contained in a plan or any court order, or (b) Debtors must be required to demonstrate or obtain adequate insurance (by purchase of "tail" coverage or otherwise) in order to satisfy potential indemnification obligations based on events or occurrences that occurred prior to the effective date of an assumption. Such claims for indemnity could include claims for personal injury occurring at the Leased Premises where the applicable Landlord is joined as a party to a lawsuit or for damage and destruction of property by Debtors or their agents or employees.

 iii. <u>The Plan and Confirmation Order Cannot Modify Leases</u>

  18. Additionally, the Plan and Confirmation Order cannot purport to modify the terms of the Leases. Currently, the "Treatment of Executory Contracts and Unexpired Leases" in the proposed Plan provides for the assumption of the Leases "except as such terms may have been modified by the provisions of this Plan or any order of the Bankruptcy Court authorizing and providing for its assumption," and that change in control provisions will be "deemed modified." The Leases must be assumed *cum onere*, including any change of control provisions, and cannot be modified unilaterally by the Bankruptcy Court or Debtors.

 iv. <u>Master Leases Must Be Assumed In Full</u>

  19. Certain of the Leases are leased pursuant to master leases covering multiple properties. The Debtors' intentions with respect to these master leases are not clear from the Cure

Notice, but the Landlords object to any attempt to sever the master leases without consent of the applicable landlord.

20. Many of the Landlords' locations subject to master leases are listed as "TBD" in the Cure Notice. To the extent that the Debtors will seek to assume any of the Landlords' locations subject to a master lease, they must assume the entire agreement covering all of the properties subject to the master lease.

  v. <u>Change of Control Restrictions Are Valid Post-Assumption</u>

21. Finally, via the Restructuring Transactions (as defined in the Plan), the Debtors may assign the Leases to other debtor entities, without providing the information required under section 365(b)(3) of the Bankruptcy Code. The Plan and Confirmation Order must be clarified to ensure that this does not occur.

22. The Confirmation Order should require that (i) assumption of the Leases may only be *cum onere*; (ii) Debtors must reaffirm guaranties and letters of credit; and (iii) the Debtors to indemnify the Landlords as required by the Bankruptcy Code, or else the Plan is in violation of the Bankruptcy Code and therefore unconfirmable.

**III. Debtors Must Be Responsible For Timely Payment Of All Post-Petition Rent And Additional Rent Due Under The Leases Until They Are Assumed, Assumed And Assigned, or Rejected**

23. Section 365(d)(3) of the Bankruptcy provides, in pertinent part:

> The [debtor] shall timely perform all the obligations of the debtor…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [the Bankruptcy Code].

11 U.S.C. § 365(d)(3).

24. Landlords request that the assumption of the Leases be conditioned upon Debtors' timely performance of all obligations arising under the Leases before the Leases are assumed,

assumed and assigned, or rejected pursuant to section 365(d)(3) of the Bankruptcy Code, including, without limitation, the payment in full of rent and additional rent on the first day of each month.

**IV.     The Confirmation Order Must Preserve Creditors' Setoff and Recoupment Rights**

25. Confirmation of the Plan cannot and should not abrogate a creditor's setoff rights. According to section 553(a) of the Bankruptcy Code, "[e]xcept as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset" mutual pre-petition debts. 11 U.S.C. § 553(a). Section 553 takes precedence over the discharge provided by section 1141 and confirmation of a chapter 11 plan does not abrogate a party's setoff rights. *In re De Laurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1274-1277 (9th Cir. 1992); *see also In re Luongo*, 259 F.3d 323, 333 (5th Cir. 2001); *In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir. 1990). Notwithstanding the language of section 553, certain courts have held that a right of setoff can be waived by failure to object to a plan of reorganization that specifically seeks to prohibit the exercise of setoff. *See, e.g.*, *In re Continental Airlines, Inc.*, 134 F.3d 536, 542 (3d Cir. 1998).

26. As such, the Confirmation Order should include the following language:

> Notwithstanding anything to the contrary, nothing shall modify the rights, if any, of any holder of Claims or any current or former party to an Executory Contract or Unexpired Lease, to assert any right of setoff or recoupment such party may have under applicable bankruptcy or non-bankruptcy law, including, but not limited to, (i) the ability, if any, of such parties to setoff or recoup a security deposit held pursuant to the terms of their unexpired lease(s) with the Debtors, or any successors to the Debtors, under the Plan; (ii) assertion of rights of setoff or recoupment, if any, in connection with Claims reconciliation; or (iii) assertion of setoff or recoupment as a defense, if any, to any claim or action by the Debtors or any successors of the Debtors.

## V. The Exit Facility Documents Should Not Impose Liens That Are Prohibited or Restricted by the Terms of the Leases

27. The Landlords object to the terms of the Exit ABL Facility Documents to the extent they would place any liens directly on the Leases, where such liens are restricted or prohibited by the Leases. Retail leases typically prohibit the tenant from mortgaging their leasehold interest, and a direct lien on the Leases may cause Landlords to be in default with their lenders if the leasehold interest is encumbered.

28. As previously stated herein, "[t]he law is clear that a debtor who assumes a lease or other executory contract assumes the contract *cum onere*, without any diminution in its obligations or impairment of the rights of the lessor in the present or the future." *In re Texaco, Inc.*, 254 B.R. 536, 550 (Bankr. S.D.N.Y. 2000), citing *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531 (1984) ("Should the debtor-in-possession elect to assume the executory contract . . . it assumes the contract *cum onere*."); *see also In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003) ("This election [to assume] is an all-or-nothing proposition – either the whole contact [or lease] is assumed or the entire contract [or lease] is rejected."). To the extent the Exit ABL Facility Documents purport to impose any lien on Debtors' leasehold interests, unless explicitly allowed under the terms of such Leases, the proposed assumption of such lease is contrary to the terms thereof.

29. The Landlords respectfully request that the Confirmation Order limit the Exit ABL Facility liens to the proceeds of the sale or disposition of the Debtors' real property leases and not attach directly to the leases by including the following language:

> Notwithstanding anything to the contrary herein, the Exit ABL Facility Documents shall be limited to the proceeds of the sale or disposition of real property leases and shall not grant a lien or other security interest that attached directly to the leasehold interests.

11

30. The Landlords also object to any enhanced collateral access rights for the Exit ABL Facility Lenders other than those allowed under separate agreements with the Landlords, permitted by applicable non-bankruptcy law, or as approved by the Court pursuant to separate motion and order.

## RESERVATION OF RIGHTS

31. The Landlords reserve their respective rights to further object to any amendments or modifications proposed to the Proposed Plan, and the proposed assumption or assignment of the Leases in connection therewith, based upon any new information provided by Debtors or upon any different relief requested by Debtors.

## CONCLUSION

**WHEREFORE**, Landlords respectfully request that the Court (i) condition confirmation of the Plan on incorporation into the Confirmation Order of the revisions required herein; (ii) condition assumption of the Leases on provision of adequate assurance of future performance; (iii) prohibit severance of any master leases; and (iv) grant such other and further relief as the Court deems just and proper.

[*signature page follows*]

Dated: September 19, 2025

                    **LAW OFFICE OF SUSAN E. KAUFMAN, LLC**

                    By: */s/ Susan E. Kaufman*
                        Susan E. Kaufman (DE Bar No. 3381)
                        919 N. Market Street, Suite 460
                        Wilmington, DE 19801
                        Tel: (302) 472-7420
                        Fax: (302) 792-7420
                        Email: skaufman@skaufmanlaw.com

                                  -and-

                    **KELLEY DRYE & WARREN LLP**
                        Robert L. LeHane
                        Jennifer D. Raviele
                        Allison B. Selick
                        3 World Trade Center
                        175 Greenwich Street
                        New York, New York 10007
                        Tel: (212) 808-7800
                        Fax: (212) 808-7897
                        Email:  rlehane@kelleydrye.com
                                       jraviele@kelleydrye.com
                                       aselick@kelleydrye.com

# Exhibit 1[1]

### 5Rivers CRE, LLC

| Store No. | Mall / Property Name | Location | Tenant |
|---|---|---|---|
| 367 | Fayette Pavilion | Fayetteville, GA | At Home Stores LLC |

### Benderson Development Company

| Store No. | Mall / Property Name | Location | Tenant |
|---|---|---|---|
| 267 | 1075 Shaw Ave | Clovis, CA | At Home Stores LLC dba At Home |
| 76 | Aviation Square (6185 Rivers Ave) | North Charleston, SC | At Home Stores LLC dba Garden Ridge |

### Brixmor Property Group Inc.

| Store No. | Mall / Property Name | Location | Tenant |
|---|---|---|---|
| 213 | Elmhurst Crossing | Elmhurst, IL | At Home Stores LLC |
| 209 | Laurel Square | Brick, NJ | At Home Stores LLC |
| 342 | Middletown Plaza (1361 NJ-35) | Middletown, NJ | At Home Stores LLC |
| 266 | Rivercrest Shopping Center (13180 S Cicero Ave) | Crestwood, IL | At Home Stores LLC |
| 107 | Watson Glen Shopping Center | Franklin, TN | At Home Stores LLC |

### Brookfield Properties Retail, Inc.

| Store No. | Mall / Property Name | Location | Tenant |
|---|---|---|---|
| 810 | Chesterfield Towne Center | North Chesterfield, VA | At Home Stores LLC |

---

[1] "*" indicates store location included on master lease.

**Kite Realty Group**

| Store No. | Mall / Property Name | Location | Tenant |
|---|---|---|---|
| 97 | Cedar Park Town Center | Williamson County, TX | At Home Stores LLC (183A Toll Road LLC) |
| 151 | Manchester Meadows | Town and Country, MO | At Home Stores LLC |
| 255 | Sunland Towne Centre | El Paso, TX | At Home Stores LLC |

**NNN REIT, Inc.**

| Store No. | Mall / Property Name | Location | Tenant |
|---|---|---|---|
| 24* | 1287 Central Park Drive | O'Fallon, IL | At Home Stores LLC |
| 86 | 3003 West Vine St. | Kissimmee, FL | At Home Stores LLC |
| 69 | 301 Noble Creek Blvd. | Noblesville, IN | At Home Stores LLC |
| 84* | 335 North Academy Blvd. | Colorado Springs, CO | At Home Stores LLC |
| 18 | 35 Park Woodruff Dr. | Greenville, SC | At Home Stores LLC |
| 28 | 3599 Park Mill Run Drive | Hilliard, OH | At Home Stores LLC |
| 29 | 6103 Landmark Center Blvd. | Greensboro, NC | At Home Stores LLC |
| 31 | 6840 Loop 410 NW | San Antonio, TX | At Home Stores LLC |
| 60 | 7400 Douglas Blvd. | Douglasville, GA | At Home Stores LLC |
| 66 | 9450 FM 1960 Bypass | Humble, TX | At Home Stores LLC |
| 20 | McKinney, TX | McKinney, TX | At Home Stores LLC |
| 69 | 1287 Central Park Drive | O'Fallon, IL | At Home Stores LLC |

**Petty Partners, LLC**

| Store No. | Mall / Property Name | Location | Tenant |
|---|---|---|---|
| 128 | 1165 S University Ave, Provo, UT 84601 | Provo, UT | At Home Stores LLC |

**Oleta Partners Biscayne Parcel LLC**

| Store No. | Mall / Property Name | Location | Tenant |
|---|---|---|---|
| 274 | 14585 Biscayne Blvd | North Miami, FL | At Home Stores LLC |

**Realty Income Corporation**

| Store No. | Mall / Property Name | Location | Tenant |
|---|---|---|---|
| 176* | 10800 Assembly Park Dr | Wixom, MI | At Home Stores, LLC |
| 9 | 11501 Bluegrass Pkwy | Louisville, KY | 11501 Bluegrass Parkway LLC |
| 167* | 1376 East 70th St | Shreveport, LA | At Home Stores, LLC |
| 100* | 1605 Buford Hwy | Buford, GA | At Home Stores, LLC |
| 199* | 1811 Monocacy Blvd | Frederick, MD | At Home Stores, LLC |
| 177* | 1891 Williams Field Road | Gilbert, AZ | At Home Stores, LLC |
| 173 | 19420 Katy Freeway | Katy, TX | At Home Stores, LLC |
| 169 | 200 W 14 Mile Rd | Troy, MI | At Home Stores, LLC |
| 207* | 2160 Grand Cypress Dr | Lutz, FL | At Home Stores, LLC |
| 111* | 2201 Porter Creek Drive | Fort Worth, TX | At Home Stores, LLC |
| 216* | 2301 Earl Rudder Freeway | College Station, TX | At Home Stores, LLC |

Ex. 1-3

| Store No. | Mall / Property Name | Location | Tenant |
|---|---|---|---|
| 188* | 2520 MacArthur Blvd | Whitehall, PA | At Home Stores, LLC |
| 227 | 2663 Canyon Springs Pkwy | Riverside, CA | At Home Stores, LLC |
| 159* | 2780 Wilma Rudolph Blvd | Clarksville, TN | At Home Stores, LLC |
| 203* | 300 Tanger Outlets Blvd | Pooler, GA | At Home Stores, LLC |
| 205* | 3002 Firewheel Parkway | Garland, TX | At Home Stores, LLC |
| 235* | 3015 W. 86th St | Indianapolis, IN | At Home Stores, LLC |
| 89* | 335 Chicago Dr | Jenison, MI | At Home Stores, LLC |
| 175* | 3551 South 27th St | Rogers, AR | At Home Stores, LLC |
| 224* | 361 Newnan Crossing Bypass | Newnan, GA | At Home Stores, LLC |
| 75 | 4304 W. Loop 289 | Lubbock, TX | 4304 West Loop 289 LLC |
| 134* | 4405 NE Pheasant Ridge Drive | Blaine, MN | At Home Stores, LLC |
| 65 | 4874 Houston Rd | Florence, KY | At Home Stores, LLC |
| 88* | 4949 Greenwood Dr | Corpus Christi, TX | At Home Stores, LLC |
| 22 | 5000 Mount Zion Parkway | Stockbridge, GA | At Home Stores, LLC |
| 179* | 5540 State Highway 121 | Plano, TX | At Home Stores, LLC |
| 187* | 602 Highway 287 S | Mansfield, TX | At Home Stores, LLC |
| 112* | 6360 Ridgewood Court Dr | Jackson, MS | At Home Stores, LLC |
| 242* | 7050 Watts Rd | Madison, WI | At Home Stores, LLC |
| 87* | 7613 N Loop 1604 E | Live Oak, TX | At Home Stores, LLC |
| 103* | 7697 Winchester Rd | Memphis, TN | At Home Stores, LLC |
| 302-4 (or 257) | 8320 Delta Shores Cir S | Sacramento, CA | At Home Stores, LLC |

**SITE Centers Corp.**

| Store No. | Mall / Property Name | Location | Tenant |
|---|---|---|---|
| 280 | Nassau Park Pavilion | Princeton, NJ | At Home Stores LLC |

**TLM Realty Holdings LLC**

| Store No. | Mall / Property Name | Location | Tenant |
|---|---|---|---|
| 259 | 2620 W. Moreland Rd | Willow Grove, PA | At Home Stores LLC |

**Oleta Partners Biscayne Parcel LLC**

| Store No. | Mall / Property Name | Location | Tenant |
|---|---|---|---|
| 274 | 14585 Biscayne Blvd | North Miami, FL | At Home Stores LLC |