**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No. 25-11120 (JKS) |
| At Home Group, Inc., *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| Debtors. | ) | |

**OBJECTION TO PLAN AND RESERVATION OF RIGHTS OF CATHERYN BOWERSOX TO THE JOINT PLAN OF REORGANIZATION OF AT HOME GROUP INC. AND ITS DEBTOR AFFILIATES PURSUANT TO <u>CHAPTER 11 OF THE BANKRUPTCY CODE</u>**

Catheryn Bowersox ("Bowersox"), by and through her undersigned counsel, hereby files this objections U hereby files this objection and reservation of rights (the "<u>Objection</u>") to the *Plan Supplement for the Joint Plan of Reorganization of At Home Group Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 601] and the *First Amended Plan Supplement for the Joint Plan of Reorganization of At Home Group Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 611].[2] In support of this Objection, Bowersox states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). The location of the Debtors' service address for purposes of these chapter 11 cases is: 9000 Cypress Waters Blvd, Coppell, Texas 75019.

**Background**

1. On June 16, 2025 (the "Petition Date"), the Debtor and its debtor affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Petition Date, Bowersox filed a personal injury action (the "Complaint") against Debtor At Home Stores, LLC (the "Debtor") in the District Court of Harris County, Texas, 125th Judicial District (the "Texas Action"). The Complaint was originally filed eighteen months prior to the Petition Date, on December 13, 2023, and assigned Case No. 202385505.

3. On August 19, 2025, the Debtors filed the Joint Plan of Reorganization of At Home Group Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 541] (the "Plan").[2]

4. On September 5, 2025, the Debtors filed the *Plan Supplement for the Joint Plan of Reorganization of At Home Group Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 601] and on September 12, 2025, the Debtors filed the *First Amended Plan Supplement for the Joint Plan of Reorganization of At Home Group Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 611] (together, the "Plan Supplement").

5. On September 8, 2025, Bowersox, timely filed proof of claim for unsecured, unliquidated amounts pursuant to the pending personal injury litigation located in Harris County, Texas. Specifically, Bowersox filed a claim, identified as Claim No. 242 on the claims register, asserting not less than one million dollars ($1,000,000.00).

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan Supplement and the Plan (as subsequently defined herein).

6.      On July 16, 2025, Bowersox filed a Motion for Relief from Stay [Docket 318] to allow Bowersox to pursue the Texas Action to the extent that insurance proceeds are available to redress her injuries and without claim to any assets of the estate.

7.      On August 7, 2025, Debtor's filed an objection to the motion for relief [Docket 484] indicating that the requiring the insurance policy contains a self-insured retention (the "SIR") provision requiring the debtor to bear the costs of the SIR prior to the insurance carrier paying any sums and therefore, allowing relief from stay would fail to protect the estate assets.

8.      Despite Bowersox first learning of the SIR when the objection to the MFR was filed, Bowersox's request for relief from stay "to the extent that insurance proceeds are available to redress her injuries" and the fact that the insurance proceeds, if any, are not an asset of the estate, Debtor's plan seeks to treat personal injury claimants in the same manner as all general unsecured creditors.

## Objection and Reservation of Rights

9.      Bowersox does not generally object to the Plan but objects to the treatment of unliquidated personal injury claims in the same manner as general unsecured claims. (*See* D.I. 541, p. 13, Definitions 105. "General Unsecured Claims mean….(iii) Unsecured claims resulting from litigation against one of more of the Debtors…").

10.     To the extent that the SIR requires the Debtor's to pay out of pocket prior to any insurance proceeds paying any amount over the SIR, Bowersox does not object to the Plan which purports to treat the amount of her Claim equal to the SIR amount as a general unsecured claim. However, to the extent the Debtor has insurance coverage above the amount of the SIR, the Plan should permit Bowersox to pursue and collect those amounts.

11. Debtor objects to those portions of the Plan which deny Bowersox the ability to pursue her personal injury claim, or which quash her ability to pursue her personal injury claim for redress within policy limits above the amount of the SIR, following confirmation.

12. Debtor's insurance policy purports to obligate itself to pay personal injury claims in excess of the SIR stating, "the bankruptcy of insolvency of the insured or of the insured's estate will not relieve us of our obligations to pay damage in excess of the Self-Insured amounts under this Coverage Part."  And this is consistent with bankruptcy law which confirms an insurer is bond to perform its obligations under an SIR policy even if a Debtor has not fully funded the SIR.  *See In re FF Acquisition Corp.,* 422 B.R. 64, 67 (N.D. Miss. 2009) (citing *Eastern Retailers Serv. Corp. v. Ames Dept. Stores, Inc.,* 1995 WL 311764 (S.D.N.Y. 1995); *see, also, Beloit Liquidating Trust v. United Ins. Co.,* 287 B.R. 904 (N.D. Ill. 2002); *In re Federal Press Co.,* 104 B.R. 56 (Bankr.N.D. Ind.1989).

13. Bowersox reserves the right to amend or supplement this Objection from time to time and at any time, and requests that the Debtors allow for, among other things: (a) carving out a separate distribution system for personal injury claimants to allow for recovery under insurance policy limits, and (b) retaining, as a general unsecured claim, that portion of Bowersox's claim which Debtor is contractual obligated to pay, if a judgment is awarded, pursuant to a self-insured retention provision.

14. Nothing in this Objection is intended to be, or should be construed as, a waiver by Bowersox of any of her rights under the Bankruptcy Code, Texas law, the right to receive proceeds from the insurance carrier, or applicable law. Bowersox expressly reserves all such rights, including, without limitation, the right to: (a) supplement or amend this Objection and to assert any additional objections with respect to the treatment of personal injury claimants seeking

insurance policy limits as general unsecured creditors on any and all grounds; (b) assert claims against the estate pursuant to the limits of the self-insured retention provision of the applicable insurance policy; (c) assert any rights for payment by the insurance carrier; and (d) assert her full claim against the estate if the insurance carrier denies coverage.

**WHEREFORE**, Bowersox respectfully requests that this Court enter an order: (a) sustaining this Objection; (b) requiring that the Debtor carve out treatment for personal injury claimant Bowersox to pursue her personal injury claim and seek redress through sums within Debtor's insurance policy limits; and (c) granting Bowersox such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: September 19, 2025                CONNOLLY GALLAGHER LLP

/s/ *Lisa R. Hatfield*
Lisa R. Hatfield (#4967)
1201 N. Market Street, 20th Floor
Wilmington, DE  19081
Telephone: (302) 757-7300
lhatfield@connollygallagher.com

Counsel for Catheryn Bowersox