# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING MOTION OF MARIA PECILLO FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) OF THE BANKRUPTCY CODE**

Upon consideration of the Motion of Maria Pecillo (the "Movant") for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code (the "Motion"), it is hereby ORDERED that:

1. The Motion is Granted as set forth herein.

2. The Movant is granted relief from the Automatic Stay for the sole purpose of allowing the Movant, on or after the earlier of emergence or November 3, 2025, to proceed with the liquidation of her alleged claim through prosecution of the State Court Action[2] against the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119). The location of the Debtors' service address for purposes of these chapter 11 cases is: 9000 Cypress Waters Blvd, Coppell, Texas 75019.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Debtors and any other individuals or entities, including any subsequent appeals, and may enforce any judgment, including any alternative dispute resolution award or settlement obtained in the State Court Action, solely against available proceeds under the Debtors' applicable insurance policies (such policies, as applicable, the "Insurance Policies").

3. Nothing in this Order is intended or shall be deemed to: (i) impair, modify, limit or expand the rights and duties of the Movant or the Debtors, if any, under the Insurance Policies; (ii) alter, amend or otherwise modify the terms and conditions of the Insurance Policies or any related agreements; (iii) relieve the Debtors of any of their obligations to any insurer under the Insurance Policies and any related agreements; (iv) create or permit a direct right of action by the Movant against any of the Debtors' insurers under the Insurance Policies; (v) preclude or limit, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under the Insurance Policies or to otherwise assert any defenses to coverage; (vi) constitute a determination or admission that coverage exists with respect to the State Court Action; (vii) be a stipulation, agreement, warranty, or admission by the Debtors or their estates that (a) the Debtors or their estates are liable to the Movant for any amount or (b) the asserted claim and any related damages asserted by the Movant are covered, in whole or in part, under any of the Insurance Policies; or (viii) create a duty or obligation on the part of the Debtors and their estates, and any agents, attorneys, employees or other representatives thereof, to defend against the State Court Action or to incur any costs (including, without limitation, on account of any self insured retentions under the Insurance Policies) in connection therewith.

4. Except as provided for herein, the provisions of section 362 of the Bankruptcy Code, including, without limitation, the provisions thereof prohibiting execution, enforcement or collection of any Judgment, shall remain in full force and effect. Neither the Movant, nor any of

the Movant's agents, attorneys, employees or other representatives or any person or entity claiming by or through the Movant, shall ever attempt to cause any action to be taken to collect any portion of any Judgment from the assets or properties of the Debtors and their estates other than from any available proceeds under the Insurance Policies. The Movant waives and releases any rights to recover from the assets or property of the Debtors and their estates other than from any available proceeds under the Insurance Policies, and any proofs of claim filed by the Movant in the Debtors' chapter 11 cases shall be deemed withdrawn without the need for any further action on the part of the Debtors and their estates, the Movant or this Court, and the claims agent in these chapter 11 cases is authorized to reflect such withdrawal in the claims register maintained in these proceedings. Notwithstanding anything herein to the contrary, the withdrawal of any proofs of claim filed by the Movant in these proceedings as provided for herein shall not impair, prejudice, waive or otherwise affect the rights of the Movant under this Order to prosecute the State Court Action and to recover or receive payment on account of the asserted claim against the Debtors and their estates in the State Court Action, in each case as provided for herein.

5. This Order shall become effective immediately upon entry by the Court and is not subject to the fourteen-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

6. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: September 22nd, 2025
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE