## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
|  | ) |  |
| Reorganized Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Ref. Docket Nos. 833, 836 & 838** |
|  | ) |  |

**CERTIFICATION OF COUNSEL REGARDING MOTION OF REORGANIZED DEBTORS FOR ENTRY OF AN ORDER AND FINAL DECREE (I) CLOSING CERTAIN OF THE CHAPTER 11 CASES; (II) MODIFYING THE CASE CAPTION AND DIRECTING ADMINISTRATION IN THE REMAINING CASE; (III) WAIVING CERTAIN REPORTING REQUIREMENTS; (IV) MODIFYING BANKRUPTCY RULE 2002 SERVICE LIST; AND (V) GRANTING RELATED RELIEF**

On October 31, 2025, the above-captioned reorganized debtors and debtors in possession (collectively, the "Reorganized Debtors") filed the *Motion of Reorganized Debtors for Entry of an Order and Final Decree (I) Closing Certain of the Chapter 11 Cases; (II) Modifying the Case Caption and Directing Administration in the Remaining Case; (III) Waiving Certain Reporting Requirements; (IV) Modifying Bankruptcy Rule 2002 Service List; and (V) Granting Related Relief* [Docket No. 833] (the "Motion") seeking entry of the proposed order attached thereto as

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119).  The location of the Reorganized Debtors' service address for purposes of these chapter 11 cases is:  9000 Cypress Waters Blvd, Coppell, Texas 75019.

Exhibit A (the "<u>Proposed Order</u>").  The deadline for filing any responses or objections to the Motion was November 13, 2025, at 4:00 p.m. (ET) (the "<u>Objection Deadline</u>").

Prior to the Objection Deadline, the Reorganized Debtors received informal comments from the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>"). Following discussions with the U.S. Trustee, the Reorganized Debtors agreed to make certain revisions to the Proposed Order resolving the U.S. Trustee's informal comments.  Accordingly, the Reorganized Debtors hereby file a revised proposed order reflecting the U.S. Trustee's comments attached hereto as **<u>Exhibit 1</u>** (the "<u>Revised Proposed Order</u>").

For the convenience of the Court and parties in interest, a blackline comparing the Revised Proposed Order to the Proposed Order is attached hereto as **<u>Exhibit 2</u>**.  The Revised Proposed Order was circulated to the U.S. Trustee prior to submission, and the U.S. Trustee does not object to entry of the Revised Proposed Order.

The Reorganized Debtors submit that the Revised Proposed Order is appropriate and consistent with the Motion.  Accordingly, the Reorganized Debtors respectfully request that the Court enter the Revised Proposed Order at its earliest convenience without further notice or a hearing.

Dated:  November 14, 2025
Wilmington, Delaware

/s/ Timothy R. Powell
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (DE Bar No. 2847)
Joseph M. Mulvihill (DE Bar No. 6061)
Timothy R. Powell (DE Bar No. 6894)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:         rbrady@ycst.com
               jmulvihill@ycst.com
               tpowell@ycst.com

*Co-Counsel for the Reorganized Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Elizabeth H. Jones (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:         nicole.greenblatt@kirkland.com
               matthew.fagen@kirkland.com
               elizabeth.jones@kirkland.com

*Co-Counsel for the Reorganized Debtors*

## <u>EXHIBIT 1</u>

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
|  | ) |  |
| Reorganized Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 833** |

**FINAL DECREE AND ORDER**
**(I) CLOSING CERTAIN OF THE CHAPTER 11 CASES;**
**(II) MODIFYING THE CASE CAPTION AND DIRECTING**
**ADMINISTRATION IN THE REMAINING CASE; (III) WAIVING**
**CERTAIN REPORTING REQUIREMENTS; (IV) MODIFYING BANKRUPTCY**
**RULE 2002 SERVICE LIST; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtors and debtors

in possession (collectively, the "Reorganized Debtors" and, before the Effective Date of the Plan,

the "Debtors) for entry of an order and final decree (this "Order") (a) authorizing the Reorganized

Debtors to close all of the Reorganized Debtors' jointly administered chapter 11 cases other than

---

[1]     The Reorganized Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119).  The location of the Reorganized Debtors' service address for purposes of these chapter 11 cases is:  9000 Cypress Waters Blvd, Coppell, Texas 75019.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Remaining Case, (b) providing that, subsequent to entry of the Order, any pending or future matters regarding the Closing Cases shall be addressed in the Remaining Case, (c) waiving certain reporting requirements, (d) amending the case caption, (e) modifying Bankruptcy Rule 2002, and (f) granting related relief, all as set forth more fully in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to section 350 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, the chapter 11 cases detailed on Exhibit B to the Motion (the "Closing Cases") are

hereby closed, effective as of the date of entry of this Order; *provided* that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Order.

3.  The Clerk of the Court shall enter this Order individually on the docket of each of the Closing Cases, and thereafter such dockets shall be marked as "Closed."  In addition, a notation shall be put on the docket in each of the Closing Cases as follows:  "An order has been entered in accordance with rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware closing the chapter 11 case of:  [DEBTOR NAME].  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the chapter 11 case of Ambience Parent, Inc., Case No. 25-11148 (JKS)."

4.  The Remaining Case of Ambience Parent, Inc., Case No. 25-11148 (JKS) shall remain open pending the entry of a final decree by this Court closing the Remaining Case and shall be administered under the following amended caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMBIENCE PARENT, INC., *et al.*,[1] | Case No. 25-11148 (JKS) |
| Reorganized Debtor. | |

---

[1]  The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Ambience Parent, Inc. (6231).  The Post-Effective Date Debtor's mailing address is 9000 Cypress Waters Blvd, Coppell, Texas 75019.

5.  All matters, whether or not they pertain to the Remaining Case or the Closing Cases, including any claim objections with respect to claims filed against the Debtors in the chapter 11 cases, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen the Closing Cases.  Any objections to claims against, or interests in, the Debtors or

3

the Reorganized Debtors, as applicable, may be filed, administered, and adjudicated in the Remaining Case.

6.      The final report required under Local Rule 3022-1(a)(ii) with respect to the Closing Cases shall be included as part of a consolidated report for all of the Debtors and filed in connection with the closure of the Remaining Case.

7.      All further reporting concerning the administration of the assets and liabilities of the Reorganized Debtors shall occur only in the Remaining Case.

8.      The Reorganized Debtors or the Unsecured Claims Distribution Trustee (as applicable, in accordance with the Plan) shall pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6) with respect to disbursements made in connection with the Closing Cases on the date that such fees are due.  Entry of this Order is without prejudice to the rights of the U.S. Trustee to reopen the chapter 11 cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6).

9.      Neither the Reorganized Debtors nor the Unsecured Claims Distribution Trustee shall be obligated to pay quarterly fees pursuant to 28 U.S.C. § 1930(a) with respect to the Closing Cases for any period after the date of the entry of this Order.

10.     Parties in interest must file a renewed request to receive pleadings and other documents filed in the Remaining Case pursuant to Bankruptcy Rule 2002.  Within 30 days of entry of this Order, the list of parties receiving documents pursuant to Bankruptcy Rule 2002 shall be limited to those who have filed renewed requests; *provided* that the U.S. Trustee shall not be required to file a renewed request to receive documents pursuant to Bankruptcy Rule 2002.

11.     Notwithstanding anything to the contrary in this Order, all of the terms and conditions of this Order shall be immediately effective and enforceable.

12.     The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Reorganized Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Reorganized Debtors or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Reorganized Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the rights of the Reorganized Debtors, or any other parties in interest under the Bankruptcy Code or any other applicable law.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**<u>EXHIBIT 2</u>**

**Blackline**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AT HOME GROUP INC., *et al.*,[1] | ) | Case No. 25-11120 (JKS) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 833** |

### FINAL DECREE AND ORDER
### (I) CLOSING CERTAIN OF THE CHAPTER 11 CASES;
### (II) MODIFYING THE CASE CAPTION AND DIRECTING
### ADMINISTRATION IN THE REMAINING CASE; (III) WAIVING
### CERTAIN REPORTING REQUIREMENTS; (IV) MODIFYING BANKRUPTCY
### RULE 2002 SERVICE LIST; AND (V) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtors and debtors

in possession (collectively, the "Reorganized Debtors" and, before the Effective Date of the Plan,

the "Debtors) for entry of an order and final decree (this "Order") (a) authorizing the

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  At Home Group Inc. (9563); Ambience Parent, Inc. (6231); Ambience Intermediate, Inc. (0692); At Home Holding II Inc. (9755); At Home Holding III Inc. (9930); At Home Companies LLC (6921); At Home Stores LLC (4961); At Home RMS Inc. (5235); At Home Gift Card LLC (0357); At Home Procurement Inc. (1777); At Home Properties LLC (2759); At Home Assembly Park Drive Condominium Association (N/A); 1600 East Plano Parkway, LLC (4757); 1944 South Greenfield Road LLC (4377); 2301 Earl Rudder Frwy S LLC (N/A); 3551 S 27th Street LLC (9350); 300 Tanger Outlet Blvd LLC (N/A); 3002 Firewheel Parkway LLC (2759); 2016 Grand Cypress Dr LLC (N/A); 8651 Airport Freeway LLC (0523); Transverse II Development LLC (8595); Rhombus Dev, LLC (4783); 1000 Turtle Creek Drive LLC (9177); 19000 Limestone Commercial Dr, LLC (3711); 4801 183A Toll Road, LLC (3909); 7050 Watts Rd LLC (N/A); 4700 Green Road LLC (9049); 361 Newnan Crossing Bypass LLC (N/A); 4304 West Loop 289 LLC (4302); 10460 SW Fellowship Way LLC (N/A); 1720 N Hardin Blvd LLC (N/A); Compass Creek Parkway LLC (N/A); 10800 Assembly Park Dr LLC (6145); Nodal Acquisitions, LLC (N/A); 15255 N Northsight Blvd LLC (N/A); 3015 W 86th St LLC (N/A); 9570 Fields Ertel Road LLC (N/A); 1376 E. 70th Street LLC (9942); 11501 Bluegrass Parkway LLC (3626); 12990 West Center Road LLC (9396); 334 Chicago Drive, LLC (2864); and 4200 Ambassador Caffery Pkwy LLC (5119).  The location of the Reorganized Debtors' service address for purposes of these chapter 11 cases is:  9000 Cypress Waters Blvd, Coppell, Texas 75019.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.



1

Reorganized Debtors to close all of the Reorganized Debtors' jointly administered chapter 11 cases other than the Remaining Case, (b) providing that, subsequent to entry of the Order, any pending or future matters regarding the Closing Cases shall be addressed in the Remaining Case, (c) waiving certain reporting requirements, (d) amending the case caption, (e) modifying Bankruptcy Rule 2002, and (f) granting related relief, all as set forth more fully in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.



2. ~~The~~Pursuant to section 350 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, the chapter 11 cases detailed on <u>Exhibit B</u> to the Motion (the "<u>Closing Cases</u>") are hereby closed, effective as of the date of entry of this Order; *provided* that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Order.

3. The Clerk of the Court shall enter this Order individually on the docket of each of the Closing Cases, and thereafter such dockets shall be marked as "Closed." In addition, a notation shall be put on the docket in each of the Closing Cases as follows: "~~This case is closed. For any post-Effective Date matters please refer to the docket of the remaining open~~An order has been entered in accordance with rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware closing the chapter 11 case of: [DEBTOR NAME]. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the chapter 11 case of Ambience Parent, Inc., Case No. 25-11148 (JKS)."

4. The Remaining Case of Ambience Parent, Inc., Case No. 25-11148 (JKS) shall remain open pending the entry of a final decree by this Court closing the Remaining Case and shall be administered under the following amended caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMBIENCE PARENT, INC., *et al.*,[1] | ) | Case No. 25-11148 (JKS) |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |
| | ) | |

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Ambience Parent, Inc. (6231). The Post-Effective Date Debtor's mailing address is 9000 Cypress Waters Blvd, Coppell, Texas 75019.



5.      All matters, whether or not they pertain to the Remaining Case or the Closing Cases, including any claim objections with respect to claims filed against the Debtors in the chapter 11 cases, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen the Closing Cases.  Any objections to claims against, or interests in, the Debtors or the Reorganized Debtors, as applicable, may be filed, administered, and adjudicated in the Remaining Case.

6.      The final report required under Local Rule 3022-1(a)(ii) with respect to the Closing Cases shall be included as part of a consolidated report for all of the Debtors and filed in connection with the closure of the Remaining Case.

7.      All further reporting concerning the administration of the assets and liabilities of the Reorganized Debtors shall occur only in the Remaining Case.

8.      The Reorganized Debtors or the Unsecured Claims Distribution Trustee (as applicable, in accordance with the Plan) shall pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6) with respect to disbursements made in connection with the Closing Cases on the date that such fees are due.  Entry of this Order is without prejudice to the rights of the U.S. Trustee to reopen the chapter 11 cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6).

9.      Neither the Reorganized Debtors nor the Unsecured Claims Distribution Trustee shall be obligated to pay quarterly fees pursuant to 28 U.S.C. § 1930(a) with respect to the Closing Cases for any period after the date of the entry of this Order.

10.     Parties in interest must file a renewed request to receive pleadings and other documents filed in the Remaining Case pursuant to Bankruptcy Rule 2002.  Within 30 days of entry of this Order, the list of parties receiving documents pursuant to Bankruptcy Rule 2002



shall be limited to those who have filed renewed requests; *provided* that the U.S. Trustee shall not be required to file a renewed request to receive documents pursuant to Bankruptcy Rule 2002.

11.     Notwithstanding anything to the contrary in this Order, all of the terms and conditions of this Order shall be immediately effective and enforceable.

12.     The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Reorganized Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Reorganized Debtors or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Reorganized Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the rights of the Reorganized Debtors, or any other parties in interest under the Bankruptcy Code or any other applicable law.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

